*Hearing Date: October 19, 2021*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>PB LIFE AND ANNUITY CO. LTD, et al.,<br><br>    Debtors in Foreign Bankruptcy Proceeding. | Chapter 15<br><br>Case No. 20-12791-lgb<br>(Jointly Administered) |
| UNIVERSAL LIFE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>GLOBAL GROWTH HOLDINGS, INC, et al.,<br><br>    Defendants. | Adv. Proc. No. 21-01169-lgb |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
HUTCHISON PLLC'S MOTION TO DISMISS COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(b)(6), 9(b) AND 8(a)(2)**

McCORMICK & O'BRIEN, LLP
9 East 40th Street, Fourth Floor
New York, New York 10016
(212) 320-8972 x700
*lobrien@mcoblaw.com*
*Attorneys for Defendant Hutchison PLLC*
*i/s/h/a Hutchison Law Group, PLLC*

On the Brief:
Liam O'Brien, Esq.

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... iii

PRELIMINARY STATEMENT ............................................................................................... 1

COMPLAINT ALLEGATIONS ............................................................................................... 2

LEGAL ARGUMENT ............................................................................................................... 3

    POINT I ................................................................................................................................ 3

    PLAINTIFF'S COMPLAINT MUST BE DISMISSED FOR FAILURE TO MEET THE
    PLEADING STANDARD OF FED. R. CIV. P. 8(a)(2) ............................................................. 3

    POINT II ............................................................................................................................... 6

    PLAINTIFF'S COMPLAINT MUST BE DISMISSED PURSUANT TO FED. R. CIV. P.
    12(b)(6) FOR FAILURE TO STATE A CLAIM AGAINST HUTCHISON .......................... 6

    POINT III .............................................................................................................................. 8

    PLAINTIFF'S FRAUD COUNT AND FRAUD-BASED CLAIMS MUST BE DISMISSED
    PURSUANT TO FED. R. CIV. P. 9(b) FOR FAILURE TO PLEAD WITH
    PARTICULARITY ................................................................................................................. 8

CONCLUSION .......................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Cases**

*Abdullahi v. Pfizer, Inc.*, 562 F.3d 163, 169 (2d Cir. 2009) .......................................................... 5

*Amron v. Morgan Stanley Inv. Advisors Inc.,* 464 F.3d 338, 344 (2d Cir.2006) ........................... 8

*Ashcroft v. Iqbal*, 556 U.S. 662, 682 (2009) ......................................................................... 4, 5, 7

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) .................................................. 4, 5, 7

*Brass v. Am. Film Techs., Inc.,* 987 F.2d 142, 150 (2d Cir. 1993) ................................................ 7

*Byrd v. City of New York*, 2005 WL 1349876 (2d Cir. June 8, 2005) .......................................... 6

*Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152–53 (2d Cir. 2002) ........................................ 7

*Decker v. Massey–Ferguson, Ltd.,* 681 F.2d 111, 116 (2d Cir. 1982) .......................................... 9

*Ellison v. American Image Motor Co.,* 36 F.Supp.2d 628, 640 (S.D.N.Y.1999) ........................ 10

*Excevarria v. Dr Pepper Snapple Grp., Inc.*, 764 F. App'x 108, 109 (2d Cir. 2019) .................... 5

*Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016) ................................................................. 6

*Gross v. Diversified Mortgage Investors,* 431 F.Supp. 1080, 1087 (S.D.N.Y.1977), *aff'd,* 636
   F.2d 1201 (2d Cir. 1980) ........................................................................................................... 9

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) ............................................................................ 7

*Hinds Cty., Miss. v. Wachovia Bank N.A.*, 620 F. Supp. 2d 499, 511 (S.D.N.Y. 2009) ............. 7, 8

*In re Elevator Antitrust Litig.*, 502 F.3d 47, 50-51 (2d Cir. 2007) ................................................ 8

*In re Thelen LLP*, 736 F.3d 213, 219 (2d Cir. 2013) .................................................................... 6

*Johnson v. Priceline.com, Inc.*, 711 F.3d 271, 275 (2d Cir. 2013) ................................................ 7

*Madonna v. United States*, 878 F.2d 62, 66 (2d Cir. 1989) .......................................................... 9

*Menaker v. Hofstra Univ.*, 935 F.3d 20, 30 (2d Cir. 2019) ........................................................... 4

*O'Brien v. Nat'l Prop. Analysts Partners,* 936 F.2d 674 (2d Cir. 1991) ....................................... 9

*Odyssey Re (London) Ltd. v. Stirling Cooke Brown Holdings Ltd.*, 85 F. Supp. 2d 282, 293–94
   (S.D.N.Y. 2000), *aff'd*, 2 F. App'x 109 (2d Cir. 2001) ............................................................. 9

*Pallickal v. Technology International, Ltd.,* No. 94 Civ. 5738, 1996 WL 153699 (S.D.N.Y. Apr. 3, 1996) .................................................................................................................................. 10

*Shields v. Citytrust Bancorp, Inc.,* 25 F.3d 1124, 1128 (2d Cir. 1994) ......................................... 9

*Sterling v. Deutsche Bank Nat'l Tr. Co.*, 2019 WL 5722320 (S.D.N.Y. Aug. 16, 2019) ........... 6, 8

*U.S. Bank Nat. Ass'n v. Ables & Hall Builders*, 582 F. Supp. 2d 605, 606 (S.D.N.Y. 2008) ........ 5

*Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008) ................................................................................................................................................. 5

## **Rules**

Fed. R. Bankr. P. 7008 ................................................................................................................... 3

Fed. R. Bankr. P. 7012(b) .............................................................................................................. 6

Fed. R. Civ. P. 12(b)(6) .................................................................................................................. 6

Fed. R. Civ. P. 12(d) ...................................................................................................................... 7

Fed. R. Civ. P. 8(a)(2) ............................................................................................................ 3, 4, 5

Fed. R. Civ. P. 9(b) ........................................................................................................................ 8

*Hearing Date: October 19, 2021*

**PRELIMINARY STATEMENT**

Defendant Hutchison PLLC ("Hutchison") submits this Memorandum of Law, together with the Declaration of Liam O'Brien, in support of its motion to dismiss the amended complaint filed in this adversary proceeding by plaintiff Universal Life Insurance Company ("Plaintiff" or "ULICO").

As detailed below, Plaintiff alleges in the amended complaint that it is a creditor of debtor Private Bankers Life & Annuity Co., Ltd. ("PBLA"), and that it has an unsatisfied judgment against PBLA. Plaintiff further alleges that that PBLA oversaw a trust on behalf of Plaintiff, that PBLA was ultimately owned by Greg E. Lindberg ("Lindberg"), and that Lindberg conspired with others to transfer millions of dollars of trust assets to Lindberg-controlled limited liability companies and corporations.

Plaintiff named 93 defendants in its adversary complaint, including movant Hutchison. Hutchison is a law firm located in North Carolina. The complaint contains six causes of action, including: voidable transfer; unjust enrichment; conversion; constructive trust; fraud; and breach of fiduciary duty. However, <u>the complaint does not contain a single substantive allegation with respect to Hutchison</u>. Instead, the complaint groups Hutchison together with dozens of corporate or commercial defendant entities which are alleged to have been alter egos of Lindberg.

It is respectfully submitted that, as addressed in Point I below, dismissal of the amended complaint is required pursuant to Fed. R. Civ. P. 8(a)(2), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7008, based on Plaintiff's failure to allege facts which may entitle Plaintiff to relief against Hutchison.

As addressed in Point II below, dismissal of the amended complaint is required pursuant to Fed. R. Civ. P. 12(b)(6), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7012(b), because the complaint contains no allegations specific to Hutchison with respect to the

1

asserted causes of action, and Plaintiff has therefore failed to state any claims against Hutchison upon which relief can be granted.

As addressed in Point III below, dismissal of the amended complaint is required pursuant to Fed. R. Civ. P. 9(b), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7009, based on Plaintiff's failure to state with particularity the circumstances constituting any fraud purportedly committed by Hutchison. Pursuant to Fed. R. Civ. P. 9(b), fraud claims must be alleged with specificity as to each particular defendant, and must advise the defendant of the specific fraudulent acts or omissions in which the defendant purportedly participated.

Plaintiff's amended complaint clearly fails to satisfy these requirements with respect to movant Hutchison and it must therefore be dismissed.

## **COMPLAINT ALLEGATIONS**

This adversary proceeding arises out of a Chapter 15 bankruptcy matter involving debtor Private Bankers Life & Annuity Co., Ltd. ("PBLA"). See Declaration of Liam O'Brien ("O'Brien Decl."), Exhibit A, ¶¶ 2, 11-13. Plaintiff initiated this adversary proceeding on or about July 6, 2021, and filed a First Amended Complaint on July 30, 2021 (the "complaint"). See O'Brien Decl., ¶¶ 4-5.

Plaintiff alleges in the complaint that it is a creditor of debtor PBLA, and that it has an unsatisfied judgment against PBLA in the amount of $524,009,051.26. See O'Brien Decl., ¶ 6. Plaintiff further alleges that: PBLA oversaw a trust on behalf of Plaintiff; that PBLA was ultimately owned by Greg E. Lindberg ("Lindberg"); and that Lindberg orchestrated a scheme to transfer hundreds of millions of dollars of trust assets to Lindberg-controlled limited liability companies and corporations which were alter egos of Lindberg. See O'Brien Decl., Ex. A, ¶¶ 1-

5. Plaintiff asserts six causes of action in the complaint, namely: voidable transfer[1]; unjust enrichment; conversion; constructive trust; fraud; and breach of fiduciary duty. See O'Brien Decl., ¶ 8.

Hutchison is a regional law firm with two offices in North Carolina and one in Georgia. See O'Brien Decl., ¶ 9. The complaint contains a single reference to Hutchison, stating:

> Defendant Hutchison Law Group, PLLC is a North Carolina professional limited liability company located at 3110 Edwards Mill Road, Suite 300, Raleigh, NC 27612. It has no members who are citizens of Puerto Rico.
>
> [O'Brien Decl., Ex. A, ¶ 69].

The complaint contains no substantive allegations with respect to Hutchison. Rather, Hutchison is grouped together with the dozens of corporate or commercial defendant entities which were alleged alter egos of Lindberg, and which are referred to collectively in the complaint as the "Lindberg Affiliates". See O'Brien Decl., ¶ 11 (stating, "[t]he above listed Defendants are all affiliates of Lindberg ("Lindberg Affiliates") and alter egos of Lindberg, each other, and other corporate entities owned and controlled by Lindberg").

The complaint does not identify or allege any tortious acts or omissions by Hutchison.

## LEGAL ARGUMENT

### POINT I

**PLAINTIFF'S COMPLAINT MUST BE DISMISSED FOR FAILURE TO MEET THE PLEADING STANDARD OF FED. R. CIV. P. 8(a)(2)**

Dismissal of the complaint is required pursuant to Fed. R. Civ. P. 8(a)(2), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7008, based on Plaintiff's failure to allege facts which may entitle Plaintiff to relief against Hutchison.

---

[1] The claim for voidable transfer does not reference the statutory basis for the relief sought.

3

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal, the complaint must set forth facts that raise a "plausible inference" that the defendant inflicted a legally cognizable harm upon the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 682 (2009). Determining plausibility is a "context-specific task" that requires the court to "draw on its judicial experience and common sense." *Id*. at 664.

As noted by the Supreme Court, under Rule 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although factual allegations must be accepted as true on a motion to dismiss, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (the complaint must plead "a claim to relief that is plausible on its face."

That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Menaker v. Hofstra Univ.*, 935 F.3d 20, 30 (2d Cir. 2019).

Additionally, the Court need not accept legal conclusions, inferences, or arguments drawn from the facts. *Id.* As the United States Court of Appeals for the Second Circuit has explained, while "we must assume all well-pleaded facts to be true [for the purpose of resolving a motion to dismiss], . . . [t]hat tenet "is inapplicable to legal conclusions." *Excevarria v. Dr*

4

*Pepper Snapple Grp., Inc.*, 764 F. App'x 108, 109 (2d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678).

Further, while "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed me accusation." *Iqbal*, 556 U.S. at 678. "Rule 8 does not empower respondent to plead the bare elements of his cause of action, affix the label 'general allegation,' and expect his complaint to survive a motion to dismiss." *Id.* at 687. Instead, a "pleading that offers 'legal conclusions' of 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). Thus, "[w]hile legal conclusions can provide the framework of a complaint, *they must be supported by factual allegations*." *Id.* at 679 (emphasis added).

As the Supreme Court instructed in *Iqbal*, where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged but it has not shown that the pleader is entitled to relief. *Id.* at 665. A complaint must do more than allege a plaintiff's entitlement to relief – it must show such an entitlement with its facts. *Abdullahi v. Pfizer, Inc.*, 562 F.3d 163, 169 (2d Cir. 2009); *Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008); *U.S. Bank Nat. Ass'n v. Ables & Hall Builders*, 582 F. Supp. 2d 605, 606 (S.D.N.Y. 2008).

Application of the foregoing standard leads to the conclusion that Plaintiff has not stated a plausible claim for relief against Hutchison. Indeed, given that the complaint fails to include any substantive allegations whatsoever with respect to Hutchison, it is inescapable that the complaint fails to satisfy the pleading requirements of Fed. R. Civ. P. 8(a)(2). While the complaint ostensibly lumps Hutchison together with dozens of commercial entities which were alleged alter egos of Lindberg, that grouping is irreconcilable with the fact that Hutchison is the

5

only law firm defendant identified in the complaint, and there are no allegations made against it. As it stands, the complaint fails to assert any claim to relief with respect to Hutchison that is plausible on its face, and it must be dismissed.

### POINT II

**PLAINTIFF'S COMPLAINT MUST BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(b)(6) FOR FAILURE TO STATE A CLAIM AGAINST HUTCHISON**

Dismissal of the amended complaint is required pursuant to Fed. R. Civ. P. 12(b)(6), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7012(b), because the complaint contains no allegations specific to Hutchison with respect to the asserted causes of action, and Plaintiff has therefore failed to state any claims against Hutchison upon which relief can be granted.

"A party may assert by motion failure to state a claim upon which relief can be granted." *Sterling v. Deutsche Bank Nat'l Tr. Co.*, 2019 WL 5722320 (S.D.N.Y. Aug. 16, 2019), citing Fed. R. Civ. P. 12(b)(6). "In adjudicating a motion to dismiss, a court may consider only the complaint, any written instrument attached to the complaint as an exhibit, any statements or documents incorporated in it by reference, and any document upon which the complaint heavily relies." *In re Thelen LLP*, 736 F.3d 213, 219 (2d Cir. 2013). "[I]n some cases, a document not expressly incorporated by reference in the complaint is nevertheless 'integral' to the complaint and, accordingly, a fair object of consideration on a motion to dismiss. A document is integral to the complaint 'where the complaint relies heavily upon its terms and effect.'" *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016)(citation omitted). See also *Byrd v. City of New York*, 2005 WL 1349876 (2d Cir. June 8, 2005)(" A court may, without converting the motion into one for summary judgment, consider documents that are attached to, incorporated by reference in, or

6

integral to the complaint; and it may also consider matters that are subject to judicial notice"), citing *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152–53 (2d Cir. 2002); *Brass v. Am. Film Techs., Inc.,* 987 F.2d 142, 150 (2d Cir. 1993). "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).

"To survive a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a complaint must allege sufficient facts, taken as true, to state a plausible claim for relief." *Johnson v. Priceline.com, Inc.*, 711 F.3d 271, 275 (2d Cir. 2013), citing *Bell Atl. Corp. v. Twombly,* 550 U.S. at 555–56. Moreover, a complaint must set forth factual allegations that are sufficient "to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. When ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, "although 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' 'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). "'Second, only a complaint that states a plausible claim for relief survives a motion to dismiss,' and '[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (quoting *Iqbal*, 129 S.Ct. at 1950).

Here, given again that the complaint fails to include any allegations with respect to Hutchison, it is inescapable that the complaint fails to satisfy the pleading requirements of Fed. R. Civ. P. 12(b)(6). See *Hinds Cty., Miss. v. Wachovia Bank N.A.*, 620 F. Supp. 2d 499, 511 (S.D.N.Y. 2009)(dismissing complaint with respect to joint defendants against whom no specific allegations were made); *Sterling v. Deutsche Bank Nat'l Tr. Co.*, 2019 WL 5722320 (S.D.N.Y.

7

Aug. 16, 2019)(dismissing complaint on the grounds of failure to state a claim for relief, under Fed. R. Civ. P. 12(b)(6), where "[a]part from identifying the defendants in the section styled "Parties," the complaint [was] devoid of any allegations" against the defendants).

As succinctly stated by the district court in *Hinds*:

> A complaint that enumerates "basically every type of conspiratorial activity that one could imagine" and that lists "in entirely general terms without any specification of any particular activities by any particular defendant" is "nothing more than a list of theoretical possibilities, which one could postulate without knowing any facts whatever."
>
> [*Hinds,* 620 F. Supp. 2d at 513, quoting *In re Elevator Antitrust Litig.*, 502 F.3d 47, 50-51 (2d Cir. 2007)].

See also *Amron v. Morgan Stanley Inv. Advisors Inc.,* 464 F.3d 338, 344 (2d Cir.2006)(concluding that, in resisting a motion to dismiss, "bald assertions and conclusions of law will not suffice"). The complaint at issue here suffers from precisely the same defects with respect to Hutchison. Accordingly, the complaint must be dismissed.

## POINT III

**PLAINTIFF'S FRAUD COUNT AND FRAUD-BASED CLAIMS MUST BE DISMISSED PURSUANT TO FED. R. CIV. P. 9(b) FOR FAILURE TO PLEAD WITH PARTICULARITY**

The complaint's cause of action for fraud, and related causes of action arising out of or implicating fraud, fail to include the specificity required by Fed. R. Civ. P. 9(b), thereby requiring dismissal.

Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." To satisfy the pleading requirements of Rule 9(b), a complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were

8

made, and (4) explain why the statements were fraudulent." *Shields v. Citytrust Bancorp, Inc.,* 25 F.3d 1124, 1128 (2d Cir. 1994).

As explained by the Second Circuit in *O'Brien v. Nat'l Prop. Analysts Partners,* 936 F.2d 674 (2d Cir. 1991):

> The purpose of Rule 9(b) is threefold—it is designed to provide a defendant with fair notice of a plaintiff's claim, to safeguard a defendant's reputation from improvident charges of wrongdoing, and to protect a defendant against the institution of a strike suit. Thus, although Rule 9(b) permits knowledge to be averred generally, we have repeatedly required plaintiffs to plead the factual basis which gives rise to a strong inference of fraudulent intent. Essentially, while Rule 9(b) permits scienter to be demonstrated by inference, this must not be mistaken for license to base claims of fraud on speculation and conclusory allegations. An ample factual basis must be supplied to support the charges.

[*Id*. at 676 (internal citations omitted)].

An additional salient purpose of Rule 9(b) is to discourage the filing of complaints "as a pretext for discovery of unknown wrongs." *Gross v. Diversified Mortgage Investors,* 431 F.Supp. 1080, 1087 (S.D.N.Y.1977), *aff'd,* 636 F.2d 1201 (2d Cir. 1980). See *Madonna v. United States*, 878 F.2d 62, 66 (2d Cir. 1989)(dismissing fraud claims and they were not pled with particularity, stating "[plaintiff's] contention, that discovery will unearth information tending to prove his contention of fraud, is precisely what Rule 9(b) attempts to discourage"); *Decker v. Massey–Ferguson, Ltd.,* 681 F.2d 111, 116 (2d Cir. 1982)("Rule 9(b) [fails] in its purpose if conclusory generalizations such as these will permit a plaintiff to set off on a long and expensive discovery process in the hope of uncovering some sort of wrongdoing").

Critically, "[w]hen fraud is alleged against multiple defendants, a plaintiff must plead with particularity by setting forth separately the acts or omissions complained of by each defendant." *Odyssey Re (London) Ltd. v. Stirling Cooke Brown Holdings Ltd.*, 85 F. Supp. 2d 282, 293–94 (S.D.N.Y. 2000), *aff'd*, 2 F. App'x 109 (2d Cir. 2001), citing *Ellison v. American*

9

*Image Motor Co.,* 36 F.Supp.2d 628, 640 (S.D.N.Y.1999). See also *Pallickal v. Technology International, Ltd.,* No. 94 Civ. 5738, 1996 WL 153699 (S.D.N.Y. Apr. 3, 1996)("[w]here there are multiple defendants, a complaint must identify which defendant is responsible for which act").

Applying the foregoing standards, requirements and principles here, it is clear that Plaintiff's complaint must be dismissed as to Hutchison. The complaint does not contain any particular allegations against Hutchison which relate to the fraud cause of action, or any other related cause of action. Simply stated, Plaintiff has failed to allege, with the particularity required by Rule 9(b), that Hutchison committed a fraud against Plaintiff. Accordingly, the complaint must be dismissed.

## CONCLUSION

For all of the foregoing reasons, it is respectfully submitted that defendant Hutchison PLLC's motion to dismiss the complaint must be granted.

**McCORMICK & O'BRIEN, LLP**

BY: _____
Liam O'Brien, Esq.
9 East 40th Street, Fourth Floor
New York, New York 10016
(212) 320-8972 x700
*lobrien@mcoblaw.com*
*Attorneys for Defendant Hutchison PLLC i/s/h/a Hutchison Law Group, PLLC*

Dated: October 1, 2021