| | |
|---|---|
| WESTERMAN BALL EDERER MILLER ZUCKER & SHARFSTEIN, LLP<br>1201 RXR Plaza<br>Uniondale, New York 11556<br>Telephone: (516) 622-9200<br>Jay S. Hellman, Esq.<br>*Counsel to Atkinson, LLC, Begonia Eight, LLC, Blue Daffodil, LLC, Blue Violet, LLC, Carnation Three, LLC, Chrysanthemum Two, LLC, Dahlia Ten, LLC, Daisy Seven, LLC, Epping, LLC, Flowery Branch, LLC, Forsyth, LLC, Geranium Two, LLC, Hookset, LLC, Lilac Six, LLC, Macon LLC, Red Begonia, LLC, Somersworth, LLC Weare, LLC, Yellow Lotus, LLC, and Yellow Sunflower, LLC* | **Hearing Date**: October 28, 2021<br>**Time**: 10:00 a.m.<br>**Objection Deadline**: October 18, 2021 |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X

| | |
|---|---|
| In re:<br><br>PB LIFE AND ANNUITY CO., LTD., et al.,<br><br>          Debtors in Foreign Proceedings. | Chapter 15<br><br>Case No. 20-12791 (LGB)<br>(Jointly Administered) |

-----------------------------------------------------------------X

| | |
|---|---|
| UNIVERSAL LIFE INSURANCE COMPANY,<br><br>          Plaintiff,<br><br>          -v-<br><br>GREG E. LINDBERG, individually, CHRIS HERWIG, individually, AAPC HOLDINGS, LLC, ACADEMY FINANCIAL ASSETS, LLC, AGH PARENT, LLC, ALPINE CAPITAL, LLC, ASIM HOLDINGS, LLC, ASL HOLDINGS, LLC, ATKINSON, LLC, ATLANTIC COAST LIFE INSURANCE COMPANY, ATLAS FINANCIAL INVESTMENTS, LLC, AUGUSTA ASSET MANAGEMENT, INC., BEGONIA EIGHT, LLC, BLH CAPITAL, LLC, BLUE DAFFODIL, LLC, BLUE VIOLET, LLC, CAPITAL ASSETS FUND I, LLC, CAPITAL ASSETS FUND II, LLC, CAPITAL ASSET MANAGEMENT I, LLC, CAPITAL ASSETS MANAGEMENT II, LLC, CAPITAL ASSETS MANAGEMENT III, LLC, CARNATION | <br><br><br><br>Adv. Proc. No. 21-01169 |

THREE, LLC, CHATSWORTH ASSET MANAGEMENT, LLC, CHRYSANTHEMUM TWO, LLC, CSI INTERCO, LLC, DAHLIA TEN, LLC, DAISY SEVEN, LLC, DRUMMOND GROUP, LLC, DUNHILL HOLDINGS, LLC, ELI GLOBAL, LLC, ENGLERT HOLDINGS, LLC, EPPING, LLC, ERIE PROPERTIES, LLC, FLAGSHIP HOLDINGS, LLC, FLEET ASSIST INTERCO LIMITED, FLOWERY BRANCH, LLC, FORSYTH, LLC, FORTREX, LLC, GBIG CAPITAL, LLC, GBIG HOLDINGS, INC., GBI GROUP, LLC, GERANIUM TWO, LLC, GILFORD ASSET MANAGEMENT, LLC, GLOBAL BANKERS INSURANCE GROUP, LLC, GLOBAL GROWTH HOLDINGS, INC., GLOBAL INSURANCE CAPITAL, LLC, GREENFIELD CAPITAL, LLC, HAMPTON ASSET MANAGEMENT, INC., HANSEN AEROSPACE, LLC, HEALTHLINK HOLDINGS, LLC, HOOKSETT, LLC, HUTCHISON LAW GROUP, PLLC, INTEGRITY EMR HOLDINGS, LLC, INTEGRITY EMR, LLC, IRON CITY ASSET MANAGEMENT, INC., ITECH FUNDING, LLC, JACKSON ASSET MANAGEMENT, INC., KITE ASSET MANAGEMENT, INC., LILAC SIX, LLC, MACON, LLC, MORNING MOUNTAIN HOLDINGS, LLC, NETHERLANDS INSURANCE HOLDINGS, INC., NEW ENGLAND CAPITAL, LLC, NIH CAPITAL, LLC, NOM GB 2018 I, LLC, PARADIGM PARK HOLDINGS, LLC, PARALLEL CAPITAL ASSETS, LLC, PERSHING, LLC, RED BEGONIA, LLC, REVOLVERCAP PARTNERS FUND, LP, SATORI WATERS, LLC, SEDWICK, LLC, SENTINEL SECURITY LIFE INSURANCE COMPANY, SOMERSWORTH, LLC, STANDARD ADVISORY SERVICES, LTD, STANDARD FINANCIAL LIMITED, STANDARD INVESTMENT CAPITAL, LTD, TREATMENT RESOURCES OF MARGATE, INC., TRITON FINANCIAL LIMITED, TUX HOLDINGS, LLC, TYBEE ISLAND ASSET MANAGEMENT, LLC, UKAT HOLDINGS, LLC, UKAT INVESTMENT LIMITED, VERDESIAN LIFE SCIENCES, LLC, WEARE, LLC, YELLOW LOTUS, LLC, YELLOW SUNFLOWER, LLC, UBS FINANCIAL SERVICES, INC., GOLDMAN SACHS LENDING PARTNERS, LLC, CREDIT SUISSE AG CAYMAN ISLANDS

2

BRANCH, GOLDMAN SACHS BANK USA,
MORGAN STANLEY SENIOR FUNDING, INC.,
THE BRYN MAWR TRUST COMPANY, and
DOES 1 through 10, inclusive
                                                    Defendants.
-------------------------------------------------------------------X

**MOTION OF ATKINSON, LLC, BEGONIA
EIGHT, LLC, BLUE DAFFODIL, LLC, BLUE VIOLET, LLC,
CARNATION THREE, LLC, CHRYSANTHEMUM TWO, LLC, DAHLIA
TEN, LLC, DAISY SEVEN, LLC, EPPING, LLC, FLOWERY BRANCH, LLC,
FORSYTH, LLC, GERANIUM TWO, LLC, HOOKSET, LLC, LILAC SIX, LLC,
MACON, LLC, RED BEGONIA, LLC, SOMERSWORTH, LLC, WEARE, LLC,
YELLOW LOTUS, LLC, AND YELLOW SUNFLOWER, LLC, TO DISMISS THE
COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND FED R. BANKR. P. 7012**

Atkinson, LLC ("Atkinson"), Begonia Eight, LLC ("Begonia"), Blue Daffodil, LLC ("Daffodil"), Blue Violet, LLC ("Violet"), Carnation Three, LLC ("Carnation"), Chrysanthemum Two, LLC ("Chrysanthemum"), Dahlia Ten, LLC ("Dahlia"), Daisy Seven, LLC ("Daisy"), Epping, LLC ("Epping"), Flowery Branch, LLC ("Branch"), Forsyth, LLC ("Forsyth"), Geranium Two, LLC ("Geranium"), Hookset, LLC ("Hookset"), Lilac Six, LLC ("Lilac"), Macon, LLC ("Macon"), Red Begonia, LLC ("Red Begonia"), Somersworth, LLC ("Somersworth"), Weare, LLC ("Weare"), Yellow Lotus, LLC ("Lotus"), and Yellow Sunflower, LLC ("Sunflower" and together with Atkinson, Begonia, Daffodil, Violet, Carnation, Chrysanthemum, Dahlia, Daisy, Epping, Branch, Forsyth, Geranium, Hookset, Lilac, Macon, Red Begonia, Somersworth, Weare, and Lotus, collectively the "Defendants") respectfully submit this motion for an Order, pursuant to Federal Rule of Civil Procedure 12(b)(6), as incorporated by Rule 7012 of the Federal Rules of Bankruptcy Procedure, dismissing the amended complaint herein for failure to state a claim against the Defendants. In support of their Motion, the Defendants respectfully represent as follows:

3

## PRELIMINARY STATEMENT

1. On September 18, 2020, the Bermuda Monetary Authority presented a petition to the Supreme Court of Bermuda to, inter alia, wind up PB Life & Assurance Co. (the "Debtor" or "PBLA") and to appoint Joint Provisional Liquidators (the "Bermuda Proceeding").

2. By Order dated September 25, 2020, the Supreme Court of Bermuda appointed Rachelle Frisby and John Johnson as Joint Provisional Liquidators and the duly authorized foreign representatives of the Debtor.

3. On December 3, 2020 (the "Petition Date"), the Joint Provisional Liquidators commenced a Chapter 15 case against the Debtors by filing a Verified Petition for relief under title 11, chapter 15, United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

4. On January 5, 2021, the Court entered an order granting recognition of the Bermuda Proceeding as a foreign main proceeding under Bankruptcy Code §1517.

## THE COMPLAINT

5. On July 6, 2021, the Universal Life Insurance Company ("ULICO" or the "Plaintiff") commenced the within adversary proceeding by the filing of a complaint against certain named defendants.

6. On July 30, 2021, ULICO filed an Amended Complaint (the "Complaint") to add additional defendants.

7. The Complaint asserts that PBLA[1] was contractually obligated to reinsure certain insurance policy responsibilities of ULICO, which obligations were collateralized through a Trust. Complaint ¶¶120-122.

---

[1] Capitalized terms not defined herein have the same meaning ascribed to them in the Complaint.

4

8. According to the Complaint, PBLA was entitled to invest the Trust assets (Complaint ¶122), but because PBLA invested certain of those assets by making loans to various special purpose entities in which defendant Greg Lindberg purportedly had some unspecified interest, ULICO now baldly contends that those loans were somehow fraudulent despite the fact that the loans were made pursuant to Loan and Security Agreements. Complaint ¶¶123-134.

9. With respect to ULICO's intentionally fraudulent transfer claims, ULICO alleges that:

> … PBLA under the direction of Lindberg, siphoned off more than $500 million of funds from the Trust … to Lindberg and his affiliated entities in an effort to hinder, defraud and delay recovery to creditors, including ULICO (Complaint ¶124);
>
> PBLA engaged in those transactions with the specific intent of defrauding, hindering, and delaying its creditors, which consisted principally, or entirely, of ULICO (Complaint ¶126);
>
> For example, several transactions were initiated on July 7, 2017, under the guise of Loan and Security Agreements with various Lindberg affiliated entities … [in which] PBLA acted as a lender to loan money to certain entities, whereby funds for the loans were withdrawn directly from the Trust (Complaint ¶127); and
>
> All of the transactions, including those [examples] stated above,[2] were conducted with the actual and specific intent to hinder, delay, and defraud ULICO and any related creditors (Complaint ¶ 143).

10. With respect to ULICO's constructively fraudulent transfer claims, ULICO alleges that:

---

[2] ULICO asserts that (i) on July 7, 2017 PBLA made a loan (pursuant to Loan and Security Agreements) to each of Carnation (in the purported sum of $18,000,000.00), Forsyth (in the purported sum of $16,394,024.11), and Branch (in the purported sum of $10,129,912.33) (Complaint ¶¶127 and 137), and (ii) on November 3, 2017 PBLA made a loan (pursuant to a Loan and Security Agreement) to Daisy (in the purported sum of $15,779,788.30) (Complaint ¶¶ 129 and 138), and (iii) on December 28, 2017 PBLA made a loan (pursuant to a Loan and Security Agreement) to Begonia (in the purported sum of $8,981,250.00) (Complaint ¶¶ 132 and 141). None of the "examples" included *any* transfers to *any* of the other Defendants. *See* Complaint ¶¶127-134 and 137-142.

5

> For each of the hundreds of transactions,[3] ULICO did not receive reasonably equivalent value in exchange for the transfer,[4] and PBLA was engaged in a transaction for which the remaining assets of the Trust were unreasonably small capital in relation to the transaction and should have reasonably believed at the time of each transaction that such transactions were beyond PBLA's ability to pay as such obligations became due (Complaint ¶144).[5]

11. The Complaint asserts the following six (6) claims for relief: (i) Voidable Transfer (as to all defendants), (ii) Unjust Enrichment (as to all defendants), (iii) Conversion (as to the "Lindberg Affiliates"),[6] (iv) Constructive Trust (as to all defendants), (v) Fraud (as to the Lindberg Affiliates), and (vi) Breach of Fiduciary Duty (as to the Lindberg Affiliates). The claims for relief, however, do nothing more than recite, in formulaic fashion, the elements for each of those claims.

## RELIEF REQUESTED

12. As set forth more fully in the accompanying Memorandum of Law, which is incorporated in its entirety herein by reference, there are absolutely no allegations concerning any transfers that PBLA allegedly made to any of Atkinson, Daffodil, Violet, Chrysanthemum, Dahlia, Epping, Geranium, Hookset, Lilac, Macon, Red Begonia, Somersworth, Weare, Lotus and/or Sunflower (the "Non-Transferee Defendants").

---

[3] The Complaint does not specify the "hundreds of transactions," nor does the Complaint contain any schedule detailing any of those transactions.

[4] Presumably, Plaintiff meant to assert that **PBLA** did not receive reasonably equivalent value in exchange for the transfers. In that regard, ULICO appears to be pursuing the claims against the Defendants on its *own* behalf and not on behalf of PBLA. *See* Complaint at ¶¶157 and 175, wherein ULICO alleges that it is the "equitable owner of the Trust Proceeds," and asks that damages be awarded to **ULICO**, and not the Debtor's estate. Accordingly, and as set forth in the accompanying Memorandum of law, despite the Complaint's allegations concerning the Court's "related to' jurisdiction (Complaint ¶114) subject matter jurisdiction is lacking.

[5] These are the *only* allegations regarding insolvency in the Complaint.

[6] The term "Lindberg Affiliates" is defined in the Complaint to include the Defendants. But the Complaint does not allege why this Court has either general or specific personal jurisdiction over any of the Defendants, either on the basis of their "continuous corporate operations" in New York or because their "suit-related conduct" creates a substantial connection with New York.

13. In fact, each of the Non-Transferee Defendants are addressed only twice in the Complaint – once in the caption, and once in the section identifying the parties.[7] There is not a single allegation concerning what was transferred to any of the Non-Transferee Defendants.

14. The Complaint, which is founded upon a "group pleading," fails to state the actual fraud claims against any of the Defendants (whether asserted under the applicable fraudulent conveyance statutes or as a claim under the applicable common law) with the particularity required by Fed. R. Civ. P. 9(b), as incorporated by Bankruptcy Rule 7009.

15. In addition, the claims for constructive fraudulent conveyance against all the Defendants do not satisfy the plausibility standards under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009).

16. Indeed, the Complaint merely consists of formulaic recitations of the elements for fraudulent conveyance without providing *any* supporting factual information with regard to any of the Defendants (including the alleged transferees Carnation, Forsyth, Branch, Daisy, or Begonia – the "Alleged Transferee Defendants"), including when any particular transfers were allegedly made, how any of those transfers were made, why those transfers are alleged to have been made without PBLA's receipt of reasonably equivalent value in exchange, and/or PBLA's then-existing or resulting insolvency at the time the transfers were allegedly made.

17. With respect to those Defendants for whom dates and dollar amounts are stated in the Complaint (Carnation, Forsyth, Branch, Daisy, and Begonia) the transfers are not avoidable under 11 U.S.C § 548 because ULICO's claims are time-barred. The original complaint was filed July 6, 2021 seeking to avoid transfers that were purportedly made in July, November and December 2017.

---

[7] Complaint ¶¶ 26, 32, 33, 41, 43, 49, 59, 68, 76, 77, 86, 91, 102, 103, and 104, respectively.

18.  Finally, the unjust enrichment, conversion and breach of fiduciary duty claims should also be dismissed against (i) all the Defendants for failure to state a claim under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009), and (ii) the Alleged Transferee Defendants because those claims are time-barred under applicable state law.[8]

19.  For the reasons set forth herein and in the accompanying Memorandum of Law, the Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), as incorporated by Fed. R. Bankr. P. 7012.

20.  No prior request for the relief sought herein has been made to this or any other Court.

## **CONCLUSION**

The Defendants respectfully request that the Court grant the Motion and dismiss the Complaint for failure to state a claim against them under Fed. R. Civ. P. 12(b)(6), as incorporated by Fed. R. Bankr. P. 7012, together with such other relief as this Court deems just and proper.

*[SIGNATURE PAGE FOLLOWS]*

---

[8] Separately, under North Carolina law, a claim for the imposition of a constructive trust is not recognized as a distinct cause of action and, therefore, that claim for relief should be dismissed, as well.

Dated: Uniondale, New York
      October 1, 2021

**WESTERMAN BALL EDERER MILLER ZUCKER & SHARFSTEIN, LLP**

By:   */s/ Jay S. Hellman*
      Jay S. Hellman, Esq.
1201 RXR Plaza
Uniondale, New York 11556
(516) 622-9200
*Counsel to Atkinson, LLC, Begonia Eight, LLC, Blue Daffodil, LLC, Blue Violet, LLC, Carnation Three, LLC, Chrysanthemum Two, LLC, Dahlia Ten, LLC, Daisy Seven, LLC, Epping, LLC, Flowery Branch, LLC, Forsyth, LLC, Geranium Two, LLC, Hookset, LLC, Lilac Six, LLC, Macon LLC, Red Begonia, LLC, Somersworth, LLC Weare, LLC, Yellow Lotus, LLC, and Yellow Sunflower, LLC*

2461541