**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 15 |
| | |
| PB LIFE AND ANNUITY CO., LTD., et al., | Case No. 20-12791 (LGB) |
| | (Jointly Administered) |
| Debtors in Foreign Proceedings. | |

-------------------------------------------------------------------X

| | |
|---|---|
| UNIVERSAL LIFE INSURANCE COMPANY, | |
| | |
| Plaintiff, | |
| | |
| -v- | Adv. Proc. No. 21-01169 |

GREG E. LINDBERG, individually, CHRIS
HERWIG, individually, AAPC HOLDINGS, LLC,
ACADEMY FINANCIAL ASSETS, LLC, AGH
PARENT, LLC, ALPINE CAPITAL, LLC, ASIM
HOLDINGS, LLC, ASL HOLDINGS, LLC,
ATKINSON, LLC, ATLANTIC COAST LIFE
INSURANCE COMPANY, ATLAS FINANCIAL
INVESTMENTS, LLC, AUGUSTA ASSET
MANAGEMENT, INC., BEGONIA EIGHT, LLC,
BLH CAPITAL, LLC, BLUE DAFFODIL, LLC,
BLUE VIOLET, LLC, CAPITAL ASSETS FUND I,
LLC, CAPITAL ASSETS FUND II, LLC, CAPITAL
ASSET MANAGEMENT I, LLC, CAPITAL
ASSETS MANAGEMENT II, LLC, CAPITAL
ASSETS MANAGEMENT III, LLC, CARNATION
THREE, LLC, CHATSWORTH ASSET
MANAGEMENT, LLC, CHRYSANTHEMUM
TWO, LLC, CSI INTERCO, LLC, DAHLIA TEN,
LLC, DAISY SEVEN, LLC, DRUMMOND GROUP,
LLC, DUNHILL HOLDINGS, LLC, ELI GLOBAL,
LLC, ENGLERT HOLDINGS, LLC, EPPING, LLC,
ERIE PROPERTIES, LLC, FLAGSHIP HOLDINGS,
LLC, FLEET ASSIST INTERCO LIMITED,
FLOWERY BRANCH, LLC, FORSYTH, LLC,
FORTREX, LLC, GBIG CAPITAL, LLC, GBIG
HOLDINGS, INC., GBI GROUP, LLC, GERANIUM
TWO, LLC, GILFORD ASSET MANAGEMENT,
LLC, GLOBAL BANKERS INSURANCE GROUP,
LLC, GLOBAL GROWTH HOLDINGS, INC.,
GLOBAL INSURANCE CAPITAL, LLC,
GREENFIELD CAPITAL, LLC, HAMPTON ASSET

MANAGEMENT, INC., HANSEN AEROSPACE,
LLC, HEALTHLINK HOLDINGS, LLC,
HOOKSETT, LLC, HUTCHISON LAW GROUP,
PLLC, INTEGRITY EMR HOLDINGS, LLC,
INTEGRITY EMR, LLC, IRON CITY ASSET
MANAGEMENT, INC., ITECH FUNDING, LLC,
JACKSON ASSET MANAGEMENT, INC., KITE
ASSET MANAGEMENT, INC., LILAC SIX, LLC,
MACON, LLC, MORNING MOUNTAIN
HOLDINGS, LLC, NETHERLANDS INSURANCE
HOLDINGS, INC., NEW ENGLAND CAPITAL,
LLC, NIH CAPITAL, LLC, NOM GB 2018 I, LLC,
PARADIGM PARK HOLDINGS, LLC, PARALLEL
CAPITAL ASSETS, LLC, PERSHING, LLC, RED
BEGONIA, LLC, REVOLVERCAP PARTNERS
FUND, LP, SATORI WATERS, LLC, SEDWICK,
LLC, SENTINEL SECURITY LIFE INSURANCE
COMPANY, SOMERSWORTH, LLC, STANDARD
ADVISORY SERVICES, LTD, STANDARD
FINANCIAL LIMITED, STANDARD
INVESTMENT CAPITAL, LTD, TREATMENT
RESOURCES OF MARGATE, INC., TRITON
FINANCIAL LIMITED, TUX HOLDINGS, LLC,
TYBEE ISLAND ASSET MANAGEMENT, LLC,
UKAT HOLDINGS, LLC, UKAT INVESTMENT
LIMITED, VERDESIAN LIFE SCIENCES, LLC,
WEARE, LLC, YELLOW LOTUS, LLC, YELLOW
SUNFLOWER, LLC, UBS FINANCIAL SERVICES,
INC., GOLDMAN SACHS LENDING PARTNERS,
LLC, CREDIT SUISSE AG CAYMAN ISLANDS
BRANCH, GOLDMAN SACHS BANK USA,
MORGAN STANLEY SENIOR FUNDING, INC.,
THE BRYN MAWR TRUST COMPANY, and
DOES 1 through 10, inclusive

Defendants.

---------------------------------------------------------------------------X

**MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO
DISMISS THE COMPLAINT PURSUANT TO
FED. R. CIV. P. 12(b)(6) AND FED R.  BANKR.
P. 7012 BY DEFENDANTS ATKINSON, LLC, BEGONIA
EIGHT, LLC, BLUE DAFFODIL, LLC, BLUE VIOLET, LLC,
CARNATION THREE, LLC, CHRYSANTHEMUM TWO, LLC
DAHLIA TEN, LLC, DAISY SEVEN, LLC, EPPING, LLC, FLOWERY
BRANCH, LLC, FORSYTH, LLC, GERANIUM TWO, LLC, HOOKSET,
LLC, LILAC SIX, LLC, MACON, LLC, RED BEGONIA, LLC, SOMERSWORTH,
LLC, WEARE, LLC, YELLOW LOTUS, LLC, AND YELLOW SUNFLOWER, LLC**

**WESTERMAN BALL EDERER MILLER
ZUCKER & SHARFSTEIN, LLP**
1201 RXR Plaza, 12th Floor
Uniondale, New York 11556
(516) 622-9200
*Counsel to Atkinson, LLC, Begonia Eight, LLC,
Blue Daffodil, LLC, Blue Violet, LLC, Carnation
Three, LLC, Chrysanthemum Two, LLC, Dahlia
Ten, LLC, Daisy Seven, LLC, Epping, LLC,
Flowery Branch, LLC, Forsyth, LLC, Geranium
Two, LLC, Hookset, LLC, Lilac Six, LLC, Macon
LLC, Red Begonia, LLC, Somersworth, LLC
Weare, LLC, Yellow Lotus, LLC, and Yellow
Sunflower, LLC*

## TABLE OF CONTENTS

**Page No.**

Preliminary Statement.................................................................................................... 1

Plaintiff's Allegations .................................................................................................. 3

Argument ...................................................................................................................... 5

   I.  THE APPLICABLE STANDARDS ................................................................... 5

     A.    Fed. R. Civ. P. 9(b)................................................................................ 5

     B.    Fed R. Civ. P. 8(a) ................................................................................ 7

     C.    The Iqbal/Twombly Standards On a Motion to Dismiss ........................... 7

   II.  THE CLAIMS SOUNDING  IN FRAUD SHOULD BE DISMISSED ............................. 8

   III.  THE CLAIMS AGAINST THE ALLLEGED  TRANSFEREE DEFENDANTS ARE
TIME-BARRED UNDER 11 U.S.C. § 548.................................................................. 12

   IV.  THE REMAINING CLAIMS SHOULD BE DISMISSED ........................................... 13

     A.    Unjust Enrichment................................................................................ 13

     B.    Conversion............................................................................................ 16

     C.    Breach of Fiduciary Duty ..................................................................... 17

Conclusion ................................................................................................................... 18

# TABLE OF AUTHORITIES

CASES                                                                    PAGE(S)

*Ashcroft v. Iqbal*,
    556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) ................................................... passim

*Azure Dolphin, LLC v. Barton*,
    371 N.C. 579, 821 S.E.2d 711 (N.C. 2018) ................................................................ 17

*Barker v. Naik*,
    2018 WL 3824376 (S.D. W.Va. Aug. 10, 2018) ........................................................ 14

*Barry v. Covich*,
    332 Mass. 338, 124 N.E.2d 921 (Mass. 1955) ............................................................ 3

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) ................................... 1, 3, 7, 16

*Buchwald Capital Advisors LLC v. JP Morgan Chase Bank et al. (In re M. Fabikant & Sons, Inc.)*,
    447 B.R. 170 (S.D.N.Y. 2011) ................................................................................ 7, 9

*Chisum v. Campagna*,
    2017 WL 5161978 (N.C. Super. Nov. 7, 2017) .................................................... 13, 14

*Cook v. Roberts (In re Yahweh Center, Inc.)*, 2019 WL 1325032 (E.D. N.C. March 22, 2019) ............................................. 8, 11

*Daimler AG v. Bauman*,
    571 U.S. 117, 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014) ............................................ 6

*DiVittorio v. Equidyne Extractive Indus., Inc.*,
    822 F.2d 1242 (2d Cir. 1987) ................................................................................ 6

*French Broad Place, LLC v. Asheville Sav. Bank, S.S.B.*,
    259 N.C. App. 769, 816 S.E.2d 886 (N.C. Ct. App. 2018) ...................................... 17

*Housecalls Home Health Care, Inc. v. State, Dep't of Health & Hum. Servs.*,
    200 N.C. App. 66, 682 S.E.2d 741 (N.C. Ct. App. 2009) ..................................... 15, 16

*Hydrogen Master Rts., Ltd. v. Weston*,
    228 F. Supp. 3d 320 (D. Del. 2017) ...................................................................... 14

ii

*In re Caremerica, Inc.*,
   409 B.R. 737 (E.D. N.C. 2009) ................................................................... 10, 11

*In re Johns–Manville Corp.*,
   517 F.3d 52 (2d Cir. 2008) ................................................................................ 5

*Intercollegiate Women's Lacrosse Coaches Ass'n v. Corrigan Sports Enterprises, Inc.*,
   2020 WL 4227546 (M.D. N.C. July 23, 2020) ................................................. 16

International Shoe,
   326 U.S., 66 S. Ct. 154 ...................................................................................... 6

*Ivey v. Swofford (In re Whitley)*,
   463 B.R. 775 (M.D. N.C. 2012) ................................................................. 6, 7, 9

*Mkt. Choice, Inc. v. New England Coffee Co.*,
   2009 WL 2590651 (W.D. N.C. Aug. 18, 2009) ............................................... 16

*Official Committee of Unsecured Creditors v. Leucadia Nat'l Corp. (In re Vivaro Corp.)*,
   524 B.R. 536 (S.D.N.Y. 2015) ............................................................... 5, 8, 12

*Oliver v. Cooper (In re Bateman)*,
   2012 WL 1110080 (E.D. N.C. April 2, 2012) ............................................... 9, 10

*O'Toole v. Kontes, et al. (In re Trinsum Group, Inc.)*,
   460 B.R. 379 (S.D.N.Y. 2011) ............................................................... 6, 8, 15

*Rabinowitz v. Suvillaga*,
   2019 WL 386853 (N.C. Super. Jan. 28, 2019) ................................................. 3

*Ramos v. Bank of America*,
   2012 WL 5928732 (D. Md. 2012) ............................................................. 7, 11, 14

*Roche v. Morgan Collection, Inc.*,
   882 F. Supp. 2d 247 (D. Mass. 2012) .............................................................. 14

*Scherie Murray for Congress v. Shannon*,
   No. 20-CV-2285, 2021 WL 4480573 (E.D.N.Y. Sept. 30, 2021) ........................ 6

*See also Glob. Textile All., Inc. v. TDI Worldwide, LLC*,
   2018 WL 2721987 (N.C. Super. June 5, 2018) .................................................. 3

*Stratton v. Royal Bank of Canada*,
   211 N.C. App. 78, 712 S.E.2d 211 (N.C. Ct. App. 2011).............................. 15, 17

*Terry v. Terry*,
   302 N.C. 77, 273 S.E.2d 674 (N.C. 1981) ...................................................... 11

iii

*Town of Belhaven, NC v. Pantego Creek, LLC,*
    250 N.C. App. 459, 793 S.E.2d 711 (N.C. Ct. App. 2016) ........................................ 11

*VGS, Inc. v. Castiel,*
    2003 WL 723285 (Del. Ch. Feb. 28, 2003) ............................................................... 3

*Walden v. Fiore,*
    571 U.S. 277 (2014) .................................................................................................. 6

Statutes

11 U.S.C. § 544(b) ........................................................................................................ 12

11 U.S.C. § 548 ...................................................................................................... passim

N.C. Gen. Stat. §1-52 ............................................................................................... 15, 16

N.C. Gen. Stat. § 39-23.4 ........................................................................................... 9, 10

N.C. Gen Stat. §1-52(4) ................................................................................................ 17

Title 11, United States Code (the "Bankruptcy Code") § 548 .................................. 12, 13

Rules

Fed. R. Civ. P. 9(b)5 .............................................................................................. passim

FED. R. CIV. P. 12(b)(6) ............................................................................................ 1, 19

Fed R. Civ. P. 8(a)7 ............................................................................................. 1, 7, 10

Federal Rule of Bankruptcy Procedure 7009 ............................................................. 5, 6

Rule 8 ........................................................................................................................... 11

Rule 7012(b) of the Federal Rules of Bankruptcy Procedure ......................................... 1

Defendants Atkinson, LLC ("Atkinson"), Begonia Eight, LLC ("Begonia"), Blue Daffodil, LLC ("Daffodil"), Blue Violet, LLC ("Violet"), Carnation Three, LLC ("Carnation"), Chrysanthemum Two, LLC ("Chrysanthemum"), Dahlia Ten, LLC ("Dahlia"), Daisy Seven, LLC ("Daisy"), Epping, LLC ("Epping"), Flowery Branch, LLC ("Branch"), Forsyth, LLC ("Forsyth"), Geranium Two, LLC ("Geranium"), Hookset, LLC ("Hookset"), Lilac Six, LLC ("Lilac"), Macon, LLC ("Macon"), Red Begonia, LLC ("Red Begonia"), Somersworth, LLC ("Somersworth"), Weare, LLC ("Weare"), Yellow Lotus, LLC ("Lotus"), and Yellow Sunflower, LLC ("Sunflower" and together with Atkinson, Begonia, Daffodil, Violet, Carnation, Chrysanthemum, Dahlia, Daisy, Epping, Branch, Forsyth, Geranium, Hookset, Lilac, Macon, Red Begonia, Somersworth, Weare, and Lotus, collectively the "Defendants") respectfully submit this memorandum of law pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), as incorporated by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), in support of their motion (the "Motion") to dismiss the amended complaint (the "Complaint").  The plaintiff, Universal Life Insurance Company ("ULICO" or "Plaintiff") has failed to state a claim against the Defendants and, additionally, in the case of Carnation, Forsyth, Branch, Daisy, and Begonia, ULICO's claims are, in whole or in part, time barred.

## PRELIMINARY STATEMENT

The allegations in the Complaint are woefully deficient under both (i) Fed. R. Civ. P. 9(b), as incorporated by Bankruptcy Rule 7009, with respect to the actual fraud claims, and (ii) Fed. R. Civ. P. 8(a), as incorporated by Bankruptcy Rule 7008, and as interpreted by the seminal cases of *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929

(2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009), with respect to the constructive fraud and other common law claims.

There are absolutely ***no allegations*** concerning ***any*** transfers that PB Life and Annuity Co., Ltd. ("PBLA" or the "Debtor") allegedly made to any of Atkinson, Daffodil, Violet, Chrysanthemum, Dahlia, Epping, Geranium, Hookset, Lilac, Macon, Red Begonia, Somersworth, Weare, Lotus and/or Sunflower (the "Non-Transferee Defendants").  In fact, each of the Non-Transferee Defendants are addressed only ***twice*** in the Complaint – once in the caption, and once at the paragraphs wherein ULICO identifies the Non-Transferee Defendants as entities existing under either the laws of Delaware (Atkinson, Hookset and Somersworth),[1] or Massachusetts (Weare),[2] or North Carolina (Daffodil, Violet, Chrysanthemum, Dahlia, Epping, Geranium, Lilac, Macon, Red Begonia, Lotus and Sunflower).[3]  There is not a single allegation concerning what was transferred to any of the Non-Transferee Defendants.  Moreover, there are no allegations with regard to ***any*** of the Defendants (including the alleged transferees Carnation, Forsyth, Branch, Daisy, or Begonia) concerning when any particular transfers were allegedly made, how any of those transfers were made, and/or why those transfers are alleged to have been made without PBLA's receipt of reasonably equivalent value in exchange.

Moreover, the Complaint merely (and impermissibly) regurgitates the statutory language of fraudulent conveyance without providing any specifics concerning the alleged intentional and/or constructive fraudulent transfers, and/or PBLA's then-existing or resulting insolvency at the time the transfers were allegedly made.

---

[1] Complaint at ¶¶ 26, 68, and 91, respectively.

[2] Complaint ¶ 102.

[3] Complaint ¶¶ 32, 33, 41, 43, 49, 59, 76, 77, 86, 103, and 104, respectively.

2

With respect to those Defendants for whom dates and dollar amounts are stated in the Complaint (Carnation, Forsyth, Branch, Daisy, and Begonia – the "Alleged Transferee Defendants"), the transfers are not avoidable under 11 U.S.C § 548 because ULICO's claims are time-barred.

Finally, the unjust enrichment, conversion and breach of fiduciary duty claims should also be dismissed against (i) all Defendants for failure to state a claim under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009), and (ii) the Alleged Transferee Defendants because those claims are time-barred under applicable state law.[4]

Under these circumstances, the Complaint should be dismissed as against all Defendants.

## PLAINTIFF'S ALLEGATIONS

The Complaint does not contain any detailed information with regard to any transfers for which it seeks to hold the Defendants liable and, in the case of the Non-Transferee Defendants, the Complaint does not contain ***any*** information ***at all***.

The Complaint asserts that PBLA was contractually obligated to reinsure certain insurance policy responsibilities of ULICO, which obligations were collateralized through a Trust.[5]   Complaint ¶¶120-122.  According to the Complaint, PBLA was entitled to invest the

---

[4] Separately, under North Carolina law, a claim for the imposition of a constructive trust is not recognized as a distinct cause of action and, therefore, that claim for relief should be dismissed, as well.  "A constructive trust is not a standalone claim for relief or cause of action." *Rabinowitz v. Suvillaga*, 2019 WL 386853, at *12 (N.C. Super. Jan. 28, 2019).  *See also Glob. Textile All., Inc. v. TDI Worldwide, LLC*, 2018 WL 2721987, at *10 (N.C. Super. June 5, 2018) ("A claim for a constructive trust is not an independent cause of action …"). *See also VGS, Inc. v. Castiel*, 2003 WL 723285 (Del. Ch. Feb. 28, 2003)(noting that a claim for a constructive trust is a remedy and not a cause of action and, therefore, does not provide an independent basis for recovery) and *Barry v. Covich*, 332 Mass. 338, 342-343, 124 N.E.2d 921 (Mass. 1955) (holding that constructive trust is an equitable remedy and not an independent cause of action).

[5] Capitalized terms not defined herein have the same meaning ascribed to them in the Complaint.

3

Trust assets (Complaint ¶122), but because PBLA invested certain of those assets by making loans to various special purpose entities in which defendant Greg Lindberg purportedly had some heretofore unspecified interest, ULICO now baldly contends that those loans were somehow fraudulent despite the fact that the loans were made pursuant to Loan and Security Agreements.  Complaint ¶¶123-134.

With respect to ULICO's intentionally fraudulent transfer claims, ULICO alleges that:

> … PBLA under the direction of Lindberg, siphoned off more than $500 million of funds from the Trust … to Lindberg and his affiliated entities in an effort to hinder, defraud and delay recovery to creditors, including ULICO (Complaint ¶124);
>
> PBLA engaged in those transactions with the specific intent of defrauding, hindering, and delaying its creditors, which consisted principally, or entirely, of ULICO (Complaint ¶126);
>
> For example, several transactions were initiated on July 7, 2017, under the guise of Loan and Security Agreements with various Lindberg affiliated entities … [in which] PBLA acted as a lender to loan money to certain entities, whereby funds for the loans were withdrawn directly from the Trust  (Complaint ¶127);[6] and
>
> All of the transactions, including those [examples] stated above, were conducted with the actual and specific intent to hinder, delay, and defraud ULICO and any related creditors (Complaint ¶ 143).

With respect to ULICO's constructively fraudulent transfer claims, ULICO alleges that:

> For each of the hundreds of transactions,[7] ULICO did not receive reasonably equivalent value in exchange for the transfer,[8] and

---

[6] ULICO asserts that (i) on July 7, 2017 PBLA made a loan (pursuant to Loan and Security Agreements) to each of Carnation (in the purported sum of $18,000,000.00), Forsyth (in the purported sum of $16,394,024.11), and Branch (in the purported sum of $10,129,912.33) (Complaint ¶¶127and 137), and (ii) on November 3, 2017 PBLA made a loan (pursuant to a Loan and Security Agreement) to Daisy (in the purported sum of $15,779,788.30) (Complaint ¶¶ 129 and 138), and (iii) on December 28, 2017 PBLA made a loan (pursuant to a Loan and Security Agreement) to Begonia (in the purported sum of $8,981,250.00) (Complaint ¶¶ 132 and 141).  None of the "examples" included *any* transfers to *any* of the other Defendants.  *See* Complaint ¶¶127-134 and 137-142.

[7] The Complaint does not specify the "hundreds of transactions," nor does the Complaint contain any schedule detailing any of those transactions.

[8] Presumably, Plaintiff meant to assert that ***PBLA*** did not receive reasonably equivalent value in exchange for the transfers. .  In that regard, ULICO appears to be pursuing the claims against the Defendants on its ***own*** behalf and not on behalf of PBLA.  *See* Complaint at ¶¶157 and 175, wherein ULICO alleges that it is the "equitable owner of

4

PBLA was engaged in a transaction for which the remaining assets of the Trust were unreasonably small capital in relation to the transaction, and should have reasonably believed at the time of each transaction that such transactions were beyond PBLA's ability to pay as such obligations became due (Complaint ¶144).[9]

Based upon the foregoing allegations, the Complaint asserts the following six (6) claims for relief: (i) Voidable Transfer (as to all defendants), (ii) Unjust Enrichment (as to all defendants), (iii) Conversion (as to the "Lindberg Affiliates"),[10] (iv) Constructive Trust (as to all defendants), (v) Fraud (as to the Lindberg Affiliates), and (vi) Breach of Fiduciary Duty (as to the Lindberg Affiliates). The claims for relief, however, do nothing more than recite, in formulaic fashion, the elements for each of those claims and, in several instances, are untimely.

## ARGUMENT

## I.

## THE APPLICABLE STANDARDS

**A.**   **Fed. R. Civ. P. 9(b)**

"For claims sounding in fraud, a plaintiff 'must state with particularity the circumstances constituting fraud or mistake.'" *Official Committee of Unsecured Creditors v. Leucadia Nat'l Corp. (In re Vivaro Corp.)*, 524 B.R. 536, 547 (S.D.N.Y. 2015). "Federal Rule of Civil Procedure 9(b), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7009, is grounded in the purpose 'to protect the defending party's reputation, to discourage meritless accusations, and to provide detailed notice of fraud claims to defending

---

the Trust Proceeds," and asks that damages be awarded to ***ULICO***, and not the Debtor's estate. Accordingly, and despite the Complaint's allegations concerning the Court's "related to' jurisdiction (Complaint ¶114), subject matter jurisdiction is lacking. "[A] third-party action does not create 'related to' jurisdiction when the asset in question is not property of the estate and the dispute has no effect on the estate." *In re Johns–Manville Corp.*, 517 F.3d 52, 65 (2d Cir. 2008) *rev'd on other grounds by Travelers Indem. Co. v. Bailey*, 557 U.S. 137 (2009).

[9] These are the ***only*** allegations regarding insolvency in the Complaint.

[10] The term "Lindberg Affiliates" is defined in the Complaint to include the Defendants.

parties.'"  *Id.* (internal citations omitted).  "To satisfy this heightened pleading requirement, a complaint cannot rely on 'conclusory allegations that defendant's conduct was fraudulent or deceptive….'"  *Id.*  Moreover, "group pleading" allegations like those in the Complaint are not permissible.  *See Scherie Murray for Congress v. Shannon*, No. 20-CV-2285, 2021 WL 4480573 (E.D.N.Y. Sept. 30, 2021) ("Group pleading is impermissible: 'Where multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of his alleged participation in the fraud.'") quoting *DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987)).

North Carolina law is in accord.[11]  *See Ivey v. Swofford (In re Whitley)*, 463 B.R. 775, 784 (M.D. N.C. 2012) ("A claim for actual fraudulent transfer … must satisfy Rule 9(b), which requires that averments of fraud be pleaded with particularity.").  "To adequately plead a claim to recover actual fraudulent transfers … the Complaint must state with particularity the factual circumstances constituting fraud under Rule 9(b)."  *Id.*  "To do this, the Complaint must allege

---

[11] Although the Complaint is barren of any specific information concerning the transfers, it is presumed here that the law of North Carolina will apply given that the Alleged Transferee Defendants are all alleged to be domiciled in North Carolina with their principal places of business there. *See O'Toole v. Kontes, et al. (In re Trinsum Group, Inc.)*, 460 B.R. 379, 389 (S.D.N.Y. 2011) ("When performing a choice-of-law analysis, a court should follow the choice-of law rules of the forum state … In New York, 'the law of the jurisdiction with the most significant contacts to the relevant transfers and relevant parties applies to a state constructive fraudulent transfer claim brought under section 544(b) of the Code.  Contacts to be considered include the domicile, residence, place of incorporation and place of business of the parties; the place of injury; and the place of injury-causing conduct.").

In that regard, the Complaint does not allege *why* this Court has either general or specific personal jurisdiction over the Defendants. *Daimler AG v. Bauman*, 571 U.S. 117, 126, 134 S. Ct. 746, 754, 187 L. Ed. 2d 624 (2014). General jurisdiction may be exercised when a corporation's "continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities." *Id.* (quoting *International Shoe*, 326 U.S., at 318, 66 S. Ct. 154.). "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Id.* at 119. Specific jurisdiction may be exercised when the "in-state activities of the corporate defendant ha[d] not only been continuous and systematic, but also g[a]ve rise to the liabilities sued on." *Id.* "For a State to exercise [specific] jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). Moreover, specific jurisdiction "must arise out of contacts that the "defendant *himself* creates with the forum State." *Id.* at 284 (emphasis in original). In the present case, the Complaint is devoid of any allegations regarding personal jurisdiction over the Defendants.

(1) the property subject to the transfer, (2) the timing and, if applicable, frequency of the transfer, and (3) the consideration paid with respect thereto." *Id.* (holding that the complaint adequately alleged the debtor-transferor's fraudulent intent because the Complaint included "particulars as to the identity of the transfers sought to be avoided, including a date, transferor, transferee, method of transfer, and amount of each alleged transfer.").

**B.    Fed R. Civ. P. 8(a)**

Unlike claims sounding in actual fraud, "[c]laims for constructive fraudulent transfer need only satisfy the less rigorous requirements of Rule 8(a)," and "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Buchwald Capital Advisors LLC v. JP Morgan Chase Bank et al. (In re M. Fabikant & Sons, Inc.)*, 447 B.R. 170, 185 (S.D.N.Y. 2011).   However, under Fed. R. Civ. P. 8(a) and, concomitantly, Bankruptcy Rule 7008, a complaint "'… still requires a 'showing' rather than a blanket assertion of entitlement to relief.'"   *Ramos v. Bank of America*, 2012 WL 5928732 (D. Md. 2012) citing *Twombly* 550 U.S. at 555 n. 3.

**C.    The Iqbal/Twombly Standards On a Motion to Dismiss**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Iqbal*, 129 S. Ct., at 1949.   In deciding a motion to dismiss, *Iqbal* outlined a two-step process:

> First, the court should begin by 'identifying pleadings that, because they are no more than [legal] conclusions, are not entitled to the assumption of truth.'   Threadbare recitals of the elements of a cause of action supported by conclusory statements are not factual.

> Second, the court should give all 'well pleaded factual allegations' an assumption of veracity and determine whether, together, they plausibly give rise to an entitlement to relief.'

*M. Fabrikant & Sons*, supra, at 185, citing *Iqbal*, 129 S. Ct. at 1949-50.

"Plausibility requires more than a 'sheer possibility' of wrongdoing – the plaintiff must plead sufficient factual content to allow the court to 'draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* citing *Iqbal*, at 1949. "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Official Committee of Unsecured Creditors v. Leucadia Nat'l Corp. (In re Vivaro Corp.)*, 524 B.R. 536, 547 (S.D.N.Y. 2015). *See O'Toole v. Kontes et al. (In re Trinsum Group, Inc.)*, 460 B.R. 379, 389 (S.D.N.Y. 2011) citing *Iqbal*, at 1949-50 ("A court is not bound to accept as true [any] legal conclusion couched as a factual allegation."). *See also Cook v. Roberts (In re Yahweh Center, Inc.)*, 2019 WL 1325032 at *4 (E.D. N.C. March 22, 2019) (citing *Iqbal*, and stating that "… dismissal under Rule 12(b) is proper when, from the face of the complaint, it is clear that the plaintiff's claims are not supported by law, that one or more facts necessary to assert a valid claim have not been pled, or that facts exist that necessarily defeat plaintiff's claims.").

It is against these standards that the Complaint against the Defendants must be examined.

## II.

### THE CLAIMS SOUNDING
### IN FRAUD SHOULD BE DISMISSED

ULICO's fraud claims, whether asserted in the context of the alleged actual or constructive fraudulent transfers (Count I) or common law fraud (Count V), must be dismissed.

The Complaint is totally devoid of any factual allegations against the Defendants, let alone the particulars of any actual fraud claims that could satisfy the specificity requirements of Fed. R. Civ. P. Rule 9(b).

8

With respect to the actual fraudulent transfer claims, aside from listing loan amounts paid pursuant to Loan and Security Agreements with respect to only five (5) of the twenty (20) Defendants – *i.e.*, the Alleged Transferee Defendants -- the Complaint fails to set forth the subject transfers with any degree of specificity.  With respect to all Defendants, the Complaint fails to set forth the precise timing and, if applicable, frequency of the transfers, the consideration paid with respect thereto, and/or why the consideration (in this case, a Loan and Security Agreement) was less than reasonably equivalent value sufficient to satisfy the actual fraudulent conveyance claims. *See e.g. Ivey v. Swofford (In re Whitley)*, 463 B.R. at 784 and *Buchwald Capital Advisors LLC v. JP Morgan Chase Bank et al. (In re M. Fabikant & Sons, Inc.)*, 447 B.R. at 186.  Moreover, and as to the constructively fraudulent conveyance claims, the Complaint not only fails to set forth the particulars of the transfers, but also fails to set forth any facts that tend to show that PBLA was insolvent at the time any purported transfer was made.  "To avoid a transfer [as fraudulent], the debtor must be insolvent on the date that such transfer was made." *Oliver v. Cooper (In re Bateman)*, 2012 WL 1110080 at *2 (E.D. N.C. April 2, 2012). "'To fully satisfy N.C. Gen. Stat. § 39-23.4,[12] the plaintiff must … show that the transaction left the debtor undercapitalized.'" *Id.* at *3.

The *Oliver* case is particularly instructive because there, as here, the complaint baldly alleged that: (i) the transfer was intended to hinder, delay, or defraud creditors; (ii) the debtor

---

[12] North Carolina General Statute § 39–23.4 is similar to Bankruptcy Code § 548, and provides:

(a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
(1) With intent to hinder, delay, or defraud any creditor of the debtor; or
(2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
a. Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
b. Intended to incur, or believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.

became insolvent as a result of the transfer to the defendants; (iii) the transfer represented a transfer by the debtor to insiders; and (iv) the debtor received less than the reasonable equivalent value in exchange for the transfer and as a result debts were incurred beyond the debtor's ability to pay as they became due. *Id*. at *3.

As the *Oliver* Court correctly held:

> Although the complaint recites the elements [of fraudulent conveyance], it fails to provide factual support of these allegations … The complaint does not provide sufficient facts showing the Debtor's actual assets and liabilities as they stood on the date the Property was transferred or shortly thereafter. These are the facts the Trustee should have pled in regard to the essential element of insolvency. Here, the statement that "the Debtor became insolvent as a result of the transfer of the Property to the Defendants" is a "conclusory statement [that] 'fail[s] to satisfy the requirements under *Iqbal*." (Internal citations omitted).

The Oliver Court went on to conclude that:

> [T]he complaint fails to allege sufficient facts to draw a reasonable inference that the Debtor was insolvent on the date of the transfer or became insolvent as a result of the transfer. Further, the complaint fails to set forth sufficient facts supporting the allegation that the transfer was intended to hinder, delay or defraud creditors. Accordingly, the allegations made with respect to N.C. Gen. Stat. § 39–23.4 fail to satisfy the pleading requirements of Fed. R. Civ. Pro. 8(a).

*See also* In re Caremerica, Inc.*, 409 B.R. 737, 756 (E.D. N.C. 2009)*, where the Court

held:

> Under *Iqbal,* it follows that claims to avoid constructively fraudulent transfers must assert factual allegations which show that relief is plausible. The Amended Complaint alleges that, with respect to transfers alleged to be fraudulent, the transferors 'received less than reasonably equivalent value in exchange from the defendant for such fraudulent transfer.' The Amended Complaint also alleges that these transferors were 'insolvent on the date of each fraudulent transfer or became insolvent as a result of the fraudulent transfer.' The court finds that the trustee's allegations mirror the elements of [a fraudulent conveyance].

However, the trustee fails to support such allegations with factual assertions other than dates, amounts, and names of transferees included in Exhibit B. Missing from the Amended Complaint is an identification of the consideration received by each transferor, information as to why the value of such consideration was less than the amount transferred, and facts supporting the debtors' insolvency at the time of the transfer. In the absence of such factual assertions, the trustee's claims based on constructive fraud fail to meet the Rule 8 pleading standard.[13]

Because the Complaint in this case is virtually devoid of any factual allegations and instead merely recites in a formulaic manner the elements of fraudulent conveyance law, the Complaint should be dismissed.

In addition to the fraudulent transfer allegations, the claims for common law fraud against the Defendants (Count V) are wholly lacking and should also be dismissed.

Once again, the Complaint fails to allege any particulars concerning the Defendants' purported fraud, including the "time, place, or content of [any of their] allegedly deceptive actions." *Ramos v. Bank of America*, N.A. 2012 WL 5928732 at *4 (D. Md. Nov. 26, 2012). *See also Terry v. Terry*, 302 N.C. 77, 85, 273 S.E.2d 674, 678–79 (N.C. 1981) ("In pleading actual fraud, the particularity requirement is met by alleging time, place and content of the fraudulent representation, identity of the person making the representation and what was obtained as a result of the fraudulent acts or representations…"), and *Town of Belhaven, NC v. Pantego Creek, LLC*, 250 N.C. App. 459, 469–70, 793 S.E.2d 711, 718 (N.C. Ct. App. 2016) ("the well-recognized elements of fraud are 1) a false representation or concealment of a material fact, 2) reasonably calculated to deceive, 3) made with intent to deceive, 4) which does in fact deceive, and which 5) results in damage to the injured party … Dismissal of a claim for

---

[13] *See also Cook v. Roberts (In re Yahweh Center, Inc.)*, 2019 WL 1325032 at *5, citing *Caremerica* and dismissing the complaint because " … [it] simply includes conclusory allegations mirroring the elements of a constructively fraudulent transfer, without sufficient detail to state a plausible claim that the debtor did not receive reasonably equivalent value for the bank fee obligations."

failure to plead with particularity is proper where there are no facts whatsoever setting forth the time, place, or specific individuals who purportedly made the misrepresentations.").

The Complaint in this case is completely devoid of any such allegations against any of the Defendants.  Accordingly, the Complaint should be dismissed.

### III.

### THE CLAIMS AGAINST THE ALLLEGED
### TRANSFEREE DEFENDANTS ARE TIME-BARRED UNDER 11 U.S.C. § 548

Although ULICO has not clearly delineated which law it is relying upon (*i.e.*, whether 11 U.S.C § 548 or applicable state law under 11 U.S.C. § 544(b), or both), and aside from the other infirmities discussed above that doom the Complaint, the Complaint should also be dismissed based on the expiration of the two (2) year limitations period under title 11, United States Code (the "Bankruptcy Code") § 548.

The only "transfers" alleged in the Complaint (albeit deficiently so, under the *Iqbal/Twombly* standard), are those loans purportedly made by PBLA to (i) Carnation, Forsyth, and Branch, on July 7, 2017, (ii) Daisy, on November 3, 2017, and (iii) Begonia, on December 28, 2017.  But because the original complaint was not filed until July 6, 2021, the claims against the Alleged Transferee Defendants should be dismissed under Bankruptcy Code § 548.

Under Bankruptcy Code § 548, "[a] claim to avoid a fraudulent conveyance … may only be asserted against transfers that were 'made or incurred [by the debtor] within 2 years before the date of the filing of the petition.'" *Official Committee of Unsecured Creditors v. Leucadia Nat'l Corp. (In re Vivaro Corp.), supra*, 524 B.R. at 548.

In the present case, by ULICO's own admissions, on September 18, 2020 the Bermuda Monetary Authority petitioned the Supreme Court of Bermuda to appoint joint provisional liquidators (the "JPLs").  Complaint ¶11. The Bermuda Court entered an order on September

25, 2020 appointing the JPLs and, on December 3, 2020 (the "Petition Date") the JPLs commenced this case pursuant to chapter 15 of the Bankruptcy Code. Complaint ¶12. Accordingly, ULICO's claims to avoid any alleged fraudulent transfers prior to December 3, 2018 are time-barred under Bankruptcy Code § 548.

Based on the foregoing, the transfers alleged to have taken place on July 7, 2017 (Carnation, Forsyth, and Branch), November 3, 2017 (Daisy), and December 28, 2017 (Begonia), each more than two (2) years prior to the Petition Date, are all time-barred under Bankruptcy Code § 548.

Under these circumstances, all of the claims asserted in the Complaint that seek to avoid the purported transfers to the Alleged Transferee Defendants should be dismissed to the extent those claims are reliant upon Bankruptcy Code § 548.

## IV.

## THE REMAINING CLAIMS SHOULD BE DISMISSED

The remaining claims for unjust enrichment, conversion, and breach of fiduciary duty should also be dismissed.[14]

### A.   Unjust Enrichment

To recover on a claim of unjust enrichment under North Carolina law, a "[p]laintiff must prove: (1) that it conferred a benefit on another party (2) that the other party consciously accepted the benefit; and (3) that the benefit was not conferred gratuitously or by an interference in the affairs of the other party. *Chisum v. Campagna*, 2017 WL 5161978, at *11 (N.C. Super. Nov. 7, 2017). "The doctrine of unjust enrichment was devised by equity to

---

[14] As set forth in fn. 4, *supra*, the constructive trust claim is not an independent cause of action and should, therefore, also be dismissed.

exact the return of, or payment for, benefits received under circumstances where it would be unfair for the recipient to retain them without the contributor being repaid or compensated." *Id.*

In the present case, the Complaint once again merely recites the elements (albeit incorrectly under the laws of North Carolina) for unjust enrichment without setting forth any facts to state a plausible claim for relief against the Defendants.  Accordingly, dismissal is warranted.  *See Ramos v. Bank of Am., N.A.*, 2012 WL 5928732, at *4 (D. Md. Nov. 26, 2012) ("the conclusory allegations in support of Plaintiff's unjust enrichment claim—*i.e.,* that Defendants unjustly received a benefit at Plaintiff's expense by engaging in deceptive conduct (*id.* ¶¶ 34–40)—are insufficient to state a plausible claim for relief under *Twombly* and *Iqbal.* Hence, the amended complaint is also subject to dismissal for failing to meet the applicable pleading standards"); *Barker v. Naik,* 2018 WL 3824376, at *5 (S.D. W.Va. Aug. 10, 2018) ("Plaintiffs fail to sufficiently allege facts to meet any of the elements necessary to maintain a claim of unjust enrichment. All Plaintiffs offer are four threadbare allegations which fall well short of the requirements of *Twombly* and *Iqbal.* Accordingly, the Court must **GRANT** Defendants' motion to dismiss as to Plaintiffs' claim of unjust enrichment") (emphasis in original); *Hydrogen Master Rts., Ltd. v. Weston*, 228 F. Supp. 3d 320, 337 (D. Del. 2017) ("merely a recitation of these elements … is not sufficient to state a claim" and "vague and conclusory allegations, which incorporated by reference the preceding paragraphs of the complaint, did not state a claim for unjust enrichment."); and *Roche v. Morgan Collection, Inc.,* 882 F. Supp. 2d 247, 259 (D. Mass. 2012)(finding dismissal warranted because plaintiff did "not plead any facts specific to a claim of unjust enrichment. Rather, she simply state[d] that she 'conferred a benefit upon Defendants by performing her work for them,' that 'Defendants had an appreciation or knowledge of the benefit,' that 'Defendants accepted

14

and retained the benefit,' and that '[u]nder the circumstances, it is inequitable for Defendant[s] to retain the benefit without payment to Plaintiff.' Again, such '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'").[15]

In addition, any unjust enrichment claims asserted against the Alleged Transferee Defendants are barred by the applicable three (3) year statute of limitations under N.C. Gen. Stat. §1-52.  Specifically, "[u]nder [N.C. Gen. Stat. § 1-52], the statute of limitations for bringing a cause of action for breach of contract, conversion, or unjust enrichment is three years … [and for] tort claims, 'the period of the statute of limitations begins to run when the plaintiff's right to maintain an action for the wrong alleged accrues. The cause of action accrues when the wrong is complete, even though the injured party did not then know the wrong had been committed.'" *Housecalls Home Health Care, Inc. v. State, Dep't of Health & Hum. Servs.*, 200 N.C. App. 66, 70–71, 682 S.E.2d 741, 744 (N.C. Ct. App. 2009), *writ denied, review denied*, 363 N.C. 802, 690 S.E.2d 697 (N.C. 2010) (internal citations omitted).  *See also Stratton v. Royal Bank of Canada*, 211 N.C. App. 78, 85, 712 S.E.2d 211, 228 (N.C. Ct. App. 2011) ("A claim for unjust enrichment must be brought within three years of accrual under subsection 1 of section 1-52.").

In the present case, the original complaint filed by ULICO on July 6, 2021 asserts that the Alleged Transferee Defendants received the purported fraudulent transfers on July 7, 2017

---

[15] *See also O'Toole v. Kontes et. al., (In re Trinsum Grp., Inc.)*, 460 B.R. 379, 395–96 (Bankr. S.D.N.Y. 2011) ("In order to raise the claim to the level of plausibility required by *Twombly*, the [plaintiff] must adequately plead all the elements for unjust enrichment set forth under New York law. The Amended Complaints, however, do not allege enough facts to support this cause of action and instead contain just legal conclusions. No evidence is put forth pointing to the fact that the Defendants were "enriched," and it cannot be inferred from the Amended Complaints that the Debtors' transferring of cash to the Defendants was unjust … The Amended Complaints, therefore, do not include much more than a 'formulaic recitation' of the required elements and for this reason do not survive the Motions to Dismiss.").

(Carnation, Forsyth, and Branch), November 3, 2017 (Daisy), and December 28, 2017, (Begonia), all well outside the three (3) year period of limitations under N.C. Gen. Stat. §1-52.

Accordingly, in addition to the pleading infirmities, the unjust enrichment claims are time-barred and should be dismissed.

**B.** **Conversion**

"A conversion claim is a tort that North Carolina courts have defined as 'an unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of an owner's rights.' The Supreme Court of North Carolina has defined the tort as having two elements: (1) 'ownership in the plaintiff' and (2) 'wrongful possession or conversion by the defendant.'" *Intercollegiate Women's Lacrosse Coaches Ass'n v. Corrigan Sports Enterprises, Inc.*, 2020 WL 4227546, at *5 (M.D. N.C. July 23, 2020) (internal citations omitted).

Once again, the Complaint in the present case recites the elements for a claim of conversion but lacks any factual detail concerning what property the Alleged Transferee Defendants have purportedly converted. Allegations for conversion that "barely rise[] above the level of a mere recitation of the elements and [are] not supported by any additional facts to show a plausible claim for relief" are subject to dismissal. *Mkt. Choice, Inc. v. New England Coffee Co.*, 2009 WL 2590651, at *9 (W.D. N.C. Aug. 18, 2009) citing *Iqbal,* 129 S. Ct. at 1949 (noting that "a complaint [does not] suffice if it tenders naked assertion[s] devoid of further factual enhancement"); Twombly, 550 U.S. at 570.

And, like the unjust enrichment claims, the conversion claims are also time-barred. *See Housecalls Home Health Care, Inc. v. State, Dep't of Health & Hum. Servs.*, 200 N.C. App. 66, 70–71, 682 S.E.2d 741, 744 (N.C. Ct. App. 2009), *writ denied, review denied*, 363 N.C. 802,

690 S.E.2d 697 (N.C. 2010) (internal citations omitted), and *Stratton v. Royal Bank of Canada*, 211 N.C. App. 78, 83, 712 S.E.2d 211, 227 (N.C. Ct. App. 2011) ("Conversion claims are subject to a three-year limitation period under subsection 4. N.C. Gen Stat. §1-52(4). As a general rule, the claim accrues, and the statute of limitations begins to run, when the unauthorized assumption and exercise of ownership occurs – ***not*** when the plaintiff discovers the conversion.") (emphasis supplied).

Under these circumstances, the conversion claims lack specificity and are time-barred. The Complaint should be dismissed.

### C.   Breach of Fiduciary Duty

"To establish a claim for breach of a fiduciary duty, claimants are 'required to produce evidence that (1) defendants owed them a fiduciary duty of care; (2) defendants ... violat[ed] ... their fiduciary duty; and (3) this breach of duty was a proximate cause of injury to plaintiffs.'" *French Broad Place, LLC v. Asheville Sav. Bank, S.S.B.*, 259 N.C. App. 769, 787, 816 S.E.2d 886, 899 (N.C. Ct. App. 2018).

Consistent with its general theme, the Complaint simply recites the elements of a breach of fiduciary duty but fails to allege any facts to show that the Defendants owed a fiduciary duty of care to ULICO, that Defendants violated that duty, and that the purported violation was the proximate cause of ULICO's injury. "[A]s is required by well-established North Carolina law, detailed factual allegations, rather than mere conclusory assertions, are necessary to demonstrate the existence of a fiduciary relationship as a matter of fact." *Azure Dolphin, LLC v. Barton*, 371 N.C. 579, 600, 821 S.E.2d 711, 726 (N.C. 2018).

Under these circumstances, the Complaint against the Defendants should be dismissed.

17

## **CONCLUSION**

The Complaint should be dismissed as against each of Atkinson, LLC, Begonia Eight, LLC, Blue Daffodil, LLC, Blue Violet, LLC, Carnation Three, LLC, Chrysanthemum Two, LLC, Dahlia Ten, LLC, Daisy Seven, LLC, Epping, LLC, Flowery Branch, LLC, Forsyth, LLC, Geranium Two, LLC, Hookset, LLC, Lilac Six, LLC, Macon, LLC, Red Begonia, LLC, Somersworth, LLC, Weare, LLC, Yellow Lotus, LLC, and Yellow Sunflower, LLC.   The Complaint is completely devoid of any allegations concerning ***any*** transfers that PBLA supposedly made to fifteen (15) of the twenty (20) Defendants.   In fact, those fifteen (15) Defendants are only named in two places in the Complaint – once in the caption, and once in the section identifying the parties.

The allegations concerning actual fraudulent conveyance and/or common law fraud should also be dismissed because they lack any modicum of the specificity required under Fed. R. Civ. P. 9(b).

The allegations concerning constructive fraudulent conveyance do not set forth the necessary information concerning any transfers to the Defendants and, further, the Complaint does not set forth any factual information concerning PBLA's insolvency at the time of each of the alleged transfers or resulting from those transfers.

Finally, with respect to the fraudulent transfer claims asserted against five (5) of the twenty (20) Defendants (for whom at least a purported date and a dollar amount has been identified in the Complaint), those claims are time-barred to the extent they rely upon Bankruptcy Code § 548.

Similarly, the claims for unjust enrichment, conversion, and breach of fiduciary duty do not set forth any facts that show how or why the Defendants are allegedly liable.

18

In addition, the unjust enrichment and conversion claims are time-barred. And because constructive trust is not an independent claim for relief, that claim should also be dismissed.

Under the well-settled pleading requirements of Fed. R. Civ. P. 9(b) and 8(a) as interpreted by *Iqbal* and *Twombly*, the Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) and Bankruptcy Rule 7012, and the Court should grant the Defendants herein such other and further relief as it deems just and proper.

Dated: Uniondale, New York
        October 1, 2021

**WESTERMAN BALL EDERER MILER
ZUCKER & SHARFSTEIN, LLP**

By_____*/s/ Jay S. Hellman*_____
        Jay S. Hellman, Esq.
        1201 RXR Plaza
        Uniondale, New York 11556
        (516) 622-9200
        *Counsel to Atkinson, LLC, Begonia Eight, LLC,*
        *Blue Daffodil, LLC, Blue Violet, LLC, Carnation*
        *Three, LLC, Chrysanthemum Two, LLC, Dahlia*
        *Ten, LLC, Daisy Seven, LLC, Epping, LLC,*
        *Flowery Branch, LLC, Forsyth, LLC, Geranium*
        *Two, LLC, Hookset, LLC, Lilac Six, LLC, Macon,*
        *LLC, Red Begonia, LLC, Somersworth, LLC,*
        *Weare, LLC, Yellow Lotus, LLC, and Yellow*
        *Sunflower, LLC*

2460224