**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------- X
                                                                     :
In re                                                                :
                                                                     :                          Chapter 15
PB LIFE AND ANNUITY CO. LTD, et al,                                  :
                                                                     :                     Case No. 20-12791-LGB
                          Debtor in Foreign Proceeding.              :                     (Jointly Administered)
-------------------------------------------------------------------- :
UNIVERSAL LIFE INSURANCE COMPANY,

                          *Plaintiff*,                                                  Adv. Proc. No. 21-01169-lgb

v.

GREG E. LINDBERG, individually, et al.,

                          *Defendants*.


## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Aaron Z. Tobin (*pro hac vice in the main case*)
atobin@condontobin.com
Jared T.S. Pace (*pro hac vice in the main case*)
jpace@condontobin.com
J. Seth Moore *(pro hac vice in the main case)*
smoore@condontobin.com
Forrest Colby Roberts *(pro hac vice in the main case)*
croberts@condontobin.com
**CONDON TOBIN SLADEK THORNTON NERENBERG, PLLC**
8080 Park Lane, Suite 700
Dallas, Texas 75231
Telephone:  (214)265-3800
--and--
Charles A. Gruen (CG5456)
cgruen@gruenlaw.com
**LAW OFFICES OF CHARLES A. GRUEN**
381 Broadway, Suite 300
Westwood, New Jersey 07675
Telephone:  201-342-1212

*Counsel for Moving Defendants*

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ................................................................................... 2

ARGUMENT ............................................................................................................... 3

1.    The Court lacks personal jurisdiction. ...................................................... 3

2.    The Court lacks subject matter jurisdiction. ............................................. 5

3.    The Court should abstain from hearing this case. ..................................... 7

4.    Plaintiff has failed to state a claim upon which relief may be granted. ..................... 8

(a)    Plaintiff states no claim for fraudulent transfers based on actual fraud ............... 10

(b)    Plaintiff states no claim for fraudulent transfers based on constructive fraud ...... 12

(c)    Plaintiff states no claim for unjust enrichment ................................... 13

(d)    Plaintiff states no claim for conversion. ........................................... 15

(e)    Plaintiff states no claim for constructive trust .................................... 16

(f)    Plaintiff fails to state a claim for fraud ............................................. 17

(g)    Plaintiff states no claim for breach of fiduciary duty ........................... 17

(h)    Plaintiff does not plead an alter ego theory ....................................... 18

5.    Alternatively, the Court should require Plaintiff to re-plead. ................... 20

PRAYER .................................................................................................................... 20

27523259v3 92132.127.05

## TABLE OF AUTHORITIES

**Cases**

*47 E. 34th St. (NY), L.P. v. BridgeStreet Worldwide, Inc.*, No. 20-CV-9978 (LJL),
2021 WL 2012296, at *9 (S.D.N.Y. May 20, 2021)...................................................... 7

*Abercrombie v. Andrew Coll.,* 438 F.Supp.2d 243, 274 (S.D.N.Y.2006)..................................... 18

*Airlines Reporting Corp. v. Aero Voyagers, Inc.*, 721 F. Supp. 579, 582 (S.D.N.Y. 1989)......... 17

*Alnwick v. European Micro Holdings, Inc*., 281 F.Supp.2d 629, 646 (E.D.N.Y.2003) .............. 10

*Am. Federated Title Corp. v. GFI Mgmt. Servs.*, No. 13-CV-6437, 2015 U.S. Dist.
LEXIS 113787 at *30 (S.D.N.Y. Aug. 28, 2015)................................................................ 19, 20

*AMF Inc. v. Algo Distribs., Ltd*., 48 A.D.2d 352, 356–57, 369 N.Y.S.2d 460,
(N.Y.App.Div. 2d Dep't 1975)...................................................................................... 15

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ............................................................................ 8, 9

*Boccardi Capital Systems, Inc. v. D.E. Shaw Laminar Portfolios, LLC,*
355 Fed.Appx. 516, 519 (2d Cir.2009)......................................................................... 18

*Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.,* 373 F.3d 296, 306 (2d Cir.2004)...................... 13

*Chambers v. Time Warner, Inc*., 282 F.3d 147, 152 (2d Cir. 2002) .............................................. 9

*Clark v. Daby*, 300 A.D.2d 732, 732, 751 N.Y.S.2d 622 (3d Dep't 2002) .................................. 13

*Cohen v. S.A.C. Trading Corp*., 711 F.3d 353, 364 (2d Cir. 2013) (emphasis added)................ 14

*Daimler AG v. Bauman,* 571 U.S. 117, 126, 134 S. Ct. 746, 754, 187 L. Ed. 2d 624 (2014).... 4, 5

*Dekom v. Fannie Mae*, 846 F. App'x 14, 21 (2d Cir. 2021) ........................................................ 17

*Diaz v. Diaz*, 130 A.D.3d 560, 561, 13 N.Y.S.3d 455 ................................................................ 16

*DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir.1990)........................................................ 9

*DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987)................. 11

*Ehrlich v. Howe*, 848 F. Supp. 482, 492 (S.D.N.Y.1994) .......................................................... 15

*Eurycleia Partners, LP v. Seward & Kissel, LLP*, 12 N.Y.3d 553, 559,
883 N.Y.S.2d 147, 910 N.E.2d 976 (2009).................................................................... 17

*Ewart v. Ewart*, 78 A.D.3d 992, 993, 912 N.Y.S.2d 265) ......................................................... 16

*Flannigan v. Vulcan Power Grp.*, L.L.C., 712 F. Supp. 2d 63, 67 (S.D.N.Y. 2010) .................. 10

*Fraternity Fund Ltd. v. Beacon Hill Asset Mgmt. LLC*, 479 F.Supp.2d 349, 359–60
(S.D.N.Y.2007)............................................................................................................. 10

*Gaymar Indus., Inc. v. FirstMerit Bank, N.A.*, No. 06-CV-70S, 2007 WL 894217, at *3
(W.D.N.Y. Mar. 21, 2007)............................................................................................ 3

*Goldman v. Rio*, 788 F. App'x 82, 84 (2d Cir. 2019).................................................................. 18

*Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989) .............................................................. 8

27523259v3 92132.127.05

*Grynberg v. Eni S.p.A.*, Case No. 06-civ-6495, 2007 WL 2584727, at *3
   (S.D.N.Y. Sept. 5, 2007) ................................................................................... 14

*Henning v. Henning*, 103 A.D.3d 778, 779–780, 962 N.Y.S.2d 189) ......................................... 16

*In re Actrade Fin. Techs. Ltd.*, 337 B.R. 791, 802 (Bankr. S.D.N.Y. 2005) ................................ 12

*In re Bernard L. Madoff Inv. Sec. LLC*, 561 B.R. 334, 345 (Bankr. S.D.N.Y. 2016) ................... 6

*In re Brizinova*, 554 B.R. 64, 85 (Bankr. E.D.N.Y. 2016) ............................................................ 15

*In re Harvard Knitwear, Inc.*, 153 B.R. 617, 624 (Bankr.E.D.N.Y.1993) .................................... 15

*In re Initial Pub. Offering Sec. Litig.*, 241 F.Supp.2d 281, 327 (S.D.N.Y.2003) .......................... 9

*In re Johns–Manville Corp.*, 517 F.3d 52, 65 (2d Cir. 2008) ...................................................... 6, 7

*In re M. Fabrikant & Sons, Inc.*, 480 B.R. 480, 491 (S.D.N.Y. 2012), *aff'd*,
   541 F. App'x 55 (2d Cir. 2013) .......................................................................................... 10

*In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003) ............................... 3

*In re Musicland Holding Corp.*, 386 B.R. 428, 440 (S.D.N.Y.2008) ........................................... 15

*In re Parmalat Securities Litigation*, 501 F.Supp.2d 560, 573 (S.D.N.Y.2007) ........................... 9

*In re Try the World, Inc.*, No. 18-11764-JLG, 2021 WL 3502607, at *18
   (Bankr. S.D.N.Y. Aug. 9, 2021) ........................................................................................ 10

*In re Turner*, 724 F.2d 338, 341 (2d Cir. 1983) ............................................................................ 6

*In re Victory Markets Inc.*, 263 B.R. 9, 15 (Bankr. N.D.N.Y. 2000) ............................................. 6

*Ingrami v. Rovner*, 45 A.D.3d 806, 808, 847 N.Y.S.2d 132 (2d Dep't 2007) .............................. 14

*International Shoe Co. v. Washington*, 326 U.S. 310 (1945) ....................................................... 4

*J.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004) ........................................................ 5

*Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 184 (2d Cir. 1998) ............................................ 3

*Kaprov v. Stalinsky*, 145 A.D.3d 869, 870, 44 N.Y.S.3d 123 ..................................................... 16

*Kaye v. Grossman,* 202 F.3d 611, 616 (2d Cir.2000) ................................................................. 13

*Kermanshah v. Kermanshah*, 580 F. Supp.2d 247, 261 (S.D.N.Y. 2008) .................................. 14

*Krys v. Butt,* 486 Fed.Appx. 153, 154 (2d Cir.2012) ................................................................... 18

*Lia v. Saporito,* 909 F.Supp.2d 149, 167 (E.D.N.Y. 2012); ........................................................ 14

*Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2d Cir. 2012) .................................... 3

*Litvinoff v. Wright*, 150 A.D.3d 714, 715, 54 N.Y.S.3d 22 (2017) ............................................... 18

*Loengard v. Santa Fe Indus., Inc.,* 514 N.E.2d 113, 519 N.Y.S.2d 801,
   70 N.Y.2d 262, 266 (1987) ................................................................................................ 14

*Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000) .................................................................... 5

*Marini v. Lombardo*, 79 A.D.3d 932, 933, 912 N.Y.S.2d 693 ..................................................... 16

27523259v3 92132.127.05

*Meese v. Miller*, 79 A.D.2d 237, 242–43, 436 N.Y.S.2d 496
(N.Y.App.Div. 4th Dep't 1981)............................................................................... 15

*Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996) ........................... 4

*MWH Int'l, Inc. v. Inversora Murten, S.A.*, No. 1:11-cv-2444, 2015 U.S. Dist.
LEXIS 24129 at *38 (S.D.N.Y. Feb. 11, 2015)......................................................... 19

*Novak v. Kasaks*, 216 F.3d 300, 314 (2d Cir. 2000) .......................................................... 9

*Old Republic Natl. Title Ins. Co. v. Cardinal Abstract Corp.,* 14 A.D.3d 678, 680,
790 N.Y.S.2d 143 (2d Dep't 2005) ........................................................................ 13

*Pacor, Inc. v. Higgins* (*In re Pacor, Inc.*), 743 F.2d 984, 994 (3d Cir.1984) .............................. 6

*Publicker Indus. Inc. v. United States* (*In re Cuyahoga Equip. Corp.*), 980 F.2d 110,
114 (2d Cir. 1992)................................................................................................. 6

*Ray v. Ray*, No. 18 CIV. 7035 (GBD), 2019 WL 1649981, at *7 (S.D.N.Y. Mar. 28, 2019),
aff'd, 799 F. App'x 29 (2d Cir. 2020)..................................................................... 13

*Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994) .............................. 5

*Ross v. Bolton*, 904 F.2d 819, 823 (2d Cir.1990)............................................................... 9

*Safety-Kleen Sys., Inc. v. Silogram Lubricants Corp.*, No. 12-CV-4849 ENV CLP,
2013 WL 6795963, at *7 (E.D.N.Y. Dec. 23, 2013) ............................................... 12

*Scherie Murray for Congress v. Shannon*, No. 20-CV-2285, 2021 WL 4480573
(E.D.N.Y. Sept. 30, 2021) ................................................................................... 11

*Sharp Int'l Corp. v. State Street Bank and Trust Co. (In re Sharp Int'l Corp.)*,
403 F.3d 43, 56 (2d Cir.2005)......................................................................... 9, 10

*Sharp v. Kosmalski*, 40 N.Y.2d 119, 121, 386 N.Y.S.2d 72, 351 N.E.2d 721 ........................... 16

*Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir.1994) .................................. 9, 10

*Silvester v. Selene Fin., LP*, No. 18-CV-02425 (PMH), 2021 WL 861080, at *2
(S.D.N.Y. Mar. 8, 2021) ..................................................................................... 17

*Sokola v. Weinstein*, No. 20-CV-0925 (LJL), 2020 WL 3605578, at *16
(S.D.N.Y. July 2, 2020) ........................................................................................ 6

*SPV OSUS, Ltd. v. UBS AG*, 882 F.3d 333, 342 (2d Cir. 2018) ......................................... 3

*Thayil v. Fox Corp.,* No . 11 Civ. 4791(SAS), 2012 WL 364034, at *6
(S.D.N.Y. Feb. 2, 2012) ...................................................................................... 18

*Things Remembered, Inc. v. Petrarca,* 516 U.S. 124, 124–25, 116 S.Ct. 494,
133 L.Ed.2d 461 (1995)......................................................................................... 6

*Travelers Indem. Co. v. Bailey*, 557 U.S. 137 (2009).................................................... 6

*Tyree v. Henn*, 109 A.D.3d 906, 907, 971 N.Y.S.2d 319 ................................................ 16

*United Feature Syndicate, Inc. v. Miller Features Syndicate, Inc.*, 216 F.Supp.2d 198,
221 (S.D.N.Y.2002)........................................................................................... 10

*United States v. Chestman,* 947 F.2d 551, 568 (2d Cir.1991) ...................................................... 18

*Waite v. Schoenbach*, No. 10 CIV. 3439 RMB, 2010 WL 4456955, at *7
    (S.D.N.Y. Oct. 29, 2010) ...................................................................................... 12

*Walden v. Fiore*, 571 U.S. 277, 284 (2014) ............................................................................ 4, 5

**Statutes**

11 U.S.C.A. § 548(a)(1)(B) ..................................................................................... 10, 12

28 U.S.C.A. § 1334(c)(1)......................................................................................... 7

**Other Authorities**

N.Y. DEBT. & CRED. LAW § 274 ......................................................................... 12

**Rules**

FED. R. CIV. P. 12(b)(2)........................................................................................ 3

FED. R. CIV. P. 12(b)(1) ....................................................................................... 5

FED. R. CIV. P. 12(e) .......................................................................................... 20

FED. R. CIV. P. 9(b) ........................................................................................ 9, 17

27523259v3 92132.127.05

Pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(1), 12(b)(2), and 12(b)(6), made applicable by Federal Rule of Bankruptcy Procedure 7009 and 7012, Defendants Greg Lindberg, Academy Financial Assets, LLC, Alpine Capital, LLC, Atlas Financial Investments, LLC, Augusta Asset Management, LLC, Capital Assets Management I, LLC[1], Capital Assets Management II, LLC, Capital Assets Management III, LLC, CSI Interco, LLC, Eli Global, LLC, GBI Group, LLC, GBIG Capital, LLC, GBIG Holdings, LLC[2], Global Insurance Capital, LLC, Hampton Asset Management, LLC[3], Iron City Asset Management, LLC[4], Jackson Assets Management, LLC[5], Kite Asset Management, LLC[6], New England Capital, LLC, Parallel Capital Assets, LLC,  Tybee Island Asset Management, LLC[7], AGH Parent, LLC, ASiM Holdings, LLC, ASL Holdings, LLC, BLH Capital, LLC, Capital Assets Fund I, LLC, Capital Assets Fund II, LLC, Chatsworth Asset Management, LLC, Drummond Group, LLC, Dunhill Holdings, LLC, Englert Holdings, LLC, Flagship Holdings, LLC, Fortrex, LLC, Gilford Asset Management, LLC, Global Growth Holdings, Inc., Greenfield Capital, LLC, Healthlink Holdings, LLC, Integrity EMR Holdings, LLC, Integrity EMR, LLC, iTech Funding, LLC, Netherlands Insurance Holdings, Inc., NIH Capital, LLC, Sedwick, LLC, and UKAT Holdings, LLC, ("Moving Defendants") file this Memorandum of Law in Support of Their Motion to Dismiss Plaintiff's First Amended Complaint ("Motion"), as follows:

---

[1] Moving Defendants assert that this entity appears to be misidentified in Plaintiff's First Amended Complaint.

[2] Moving Defendants assert that this entity is incorrectly identified as a corporation in Plaintiff's First Amended Complaint.

[3] Moving Defendants assert that this entity is incorrectly identified as a corporation in Plaintiff's First Amended Complaint.

[4] Moving Defendants assert that this entity is incorrectly identified as a corporation in Plaintiff's First Amended Complaint.

[5] Moving Defendants assert that this entity is incorrectly identified as a corporation in Plaintiff's First Amended Complaint.

[6] Moving Defendants assert that this entity is incorrectly identified as a corporation in Plaintiff's First Amended Complaint.

[7] Moving Defendants assert that this entity is incorrectly identified as a corporation in Plaintiff's First Amended Complaint.

1

**I.**

**PRELIMINARY STATEMENT**

1.      The Court has a menu of options for dismissing ULICO's First Amended Complaint. To begin, ULICO states no basis for the Court's personal jurisdiction over the Moving Defendants. Indeed, the Amended Complaint contains no allegation that the Court *does* have personal jurisdiction over the Moving Defendants. The entirety of the Amended Complaint should be dismissed on that basis alone.

2.      Likewise, while the Amended Complaint alleges the Court has subject matter jurisdiction, the allegations and circumstances confirm that it does not. ULICO's claims have nothing to do with the bankruptcy estate. Indeed, none of the Debtors, PB Life and Annuity Company, Ltd. ("PBLA"), Northstar Financial Services (Bermuda) Ltd., Omnia, Ltd., or PB Investment Holdings, Ltd. are a party to this adversary proceeding, nor are the Joint Provisional Liquidators (JPLs") who have been appointed as the Debtors' representatives and who, by ULICO's admission, declined to pursue this action. This is an action by a non-debtor, against non-debtors, to recover damages for a creditor, not the estate. It does not fit within the Court's limited subject matter jurisdiction and should be dismissed for that reason as well.

3.      But even if the Court had jurisdiction over the Moving Defendants and this action, it should abstain from hearing this case that is so attenuated to the main bankruptcy. Weighing the permissive abstention factors present here, the Court would be well within its discretion not to take this case even if it had jurisdiction.

4.      Assuming further that the Court had jurisdiction and chose not to abstain, the Amended Complaint should still be dismissed because it emphatically fails to state any claim. Substantively, ULICO has made virtually no effort to substantiate its claims with factual assertions necessary to survive a Rule 12(b)(6) motion. Instead, ULICO relies almost exclusively on vague

2

"group pleading" – clustering dozens of Defendants together without distinction – and conclusory recitations of legal elements. The Amended Complaint comes nowhere close to meeting the applicable pleading requirements for any one of its claims.

5.     For any one or all of these reasons, the Court should dismiss ULICO's case in its entirety or abstain from hearing it. Alternatively, the vagueness of ULICO's Amended Complaint makes it impossible for each of the Moving Defendants to reasonably respond, and therefore, ULICO should at minimum be required to re-plead a more definite statement.

## II.
## ARGUMENT

### 1.     The Court lacks personal jurisdiction.

6.     Rule 12(b)(2) requires a court to dismiss a plaintiff's complaint if the court lacks personal jurisdiction over a defendant. FED R. CIV. P. 12(b)(2). On a motion to dismiss for lack of personal jurisdiction, the "plaintiff bears the burden of showing that the court has jurisdiction over the defendant." *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003). To meet this burden, the complaint "must include an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant." *SPV OSUS, Ltd. v. UBS AG*, 882 F.3d 333, 342 (2d Cir. 2018); *Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2d Cir. 2012)  "A plaintiff may meet this burden 'by pleading in good faith ... legally sufficient allegations of jurisdiction, i.e., by making a 'prima facie showing' of jurisdiction.'" *Gaymar Indus., Inc. v. FirstMerit Bank, N.A.*, No. 06-CV-70S, 2007 WL 894217, at *3 (W.D.N.Y. Mar. 21, 2007) (quoting *175 Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 184 (2d Cir. 1998)). "A plaintiff can make such a prima facie showing through affidavits and supporting material containing sufficient facts which, if credited, would establish personal jurisdiction over the

defendant." *Id.* (citing *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996)).

7.    Unless a defendant consents to jurisdiction, the U.S. Constitution allows a court to exercise personal jurisdiction only if there are sufficient "minimum contacts" between the defendant and the forum state—the state in which the court is located. *International Shoe Co. v. Washington*, 326 U.S. 310 (1945). There are two categories of personal jurisdiction: general and specific. *Daimler AG v. Bauman,* 571 U.S. 117, 126, 134 S. Ct. 746, 754, 187 L. Ed. 2d 624 (2014). The first category, general jurisdiction, is found where a corporation's "continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities." *Id*. (quoting *International Shoe*, 326 U.S., at 318, 66 S.Ct. 154.). "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Id*. at 119.

8.    The second category, specific jurisdiction, grants jurisdiction when the "in-state activities of the corporate defendant ha[d] not only been continuous and systematic, but also g[a]ve rise to the liabilities sued on." *Id*. "For a State to exercise [specific] jurisdiction consistent with due process, the defendant's *suit-related conduct* must create a *substantial connection* with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (emphasis added). Moreover, as the Supreme Court emphasized in *Walden*, specific jurisdiction "must arise out of contacts that the "defendant *himself* creates with the forum State." *Id.* at 284 (emphasis in original). The "mere injury to a forum resident is not a sufficient connection to the forum." *Walden*, 571 U.S. at 289-

90. ("The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way.").

9.    Here, the Amended Complaint contains *no* allegation that the Court has personal jurisdiction over the Moving Defendants, much less factual assertions that would allow the Court to make a determination as to whether general or specific jurisdiction exists. There is no allegation that any of the Moving Defendants are "at home" in the State of New York, thus there is no general jurisdiction. *See Bauman*, 571 U.S. at 119. To the contrary, the Amended Complaint alleges that the Moving Defendants are residents of various states other than New York. [ECF. No. 14, ¶¶ 18, 21-25, 28-29, 31, 34-38, 40, 42, 45-48, 51, 55, 56-58, 61-65, 67, 70-75, 79-80, 84, 89, 98-99.] Likewise, Plaintiff has failed to establish specific jurisdiction because there are no allegations that the Moving Defendants' "suit-related conduct" created a substantial connection with New York. *See Walden*, 571 U.S. at 284. The Amended Complaint should be dismissed in its entirety against the Moving Defendants for lack of personal jurisdiction.

### 2.    The Court lacks subject matter jurisdiction.

10.    The Amended Complaint should likewise be dismissed in its entirety because the Court lacks subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000). When considering a motion to dismiss for lack of subject matter jurisdiction, a court may consider materials outside of the pleadings and need not draw inferences favorable to the plaintiff. *J.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004), *cert. denied*, 544 U.S. 968 (2005). The party asserting jurisdiction bears the burden of proving it by a preponderance of the evidence. *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994); *Makarova*, 201 F.3d at 113.

27523259v3 92132.127.05

11.     Here, ULICO contends that the Court has "related to" jurisdiction. [ECF 14, ¶ 114].

For a bankruptcy court to have "related to" jurisdiction, the claims must have a "significant

connection" with the bankruptcy case. *In re Turner*, 724 F.2d 338, 341 (2d Cir. 1983); *see also*

*Publicker Indus. Inc. v. United States* (*In re Cuyahoga Equip. Corp.*), 980 F.2d 110, 114 (2d Cir.

1992) (no "related to" jurisdiction over proceedings that have no effect on the debtor's

estate).   "An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities,

options, or freedom of action (either positively or negatively) and which in any way impacts upon

the handling and administration of the bankrupt estate." *In re Bernard L. Madoff Inv. Sec. LLC*,

561 B.R. 334, 345 (Bankr. S.D.N.Y. 2016) (quoting *Pacor, Inc. v. Higgins* (*In re Pacor, Inc.*), 743

F.2d 984, 994 (3d Cir.1984); *overruled in part on other grounds by Things Remembered, Inc. v.*

*Petrarca,* 516 U.S. 124, 124–25, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995)).

12.     Although related to jurisdiction is broad, "the scope of a bankruptcy court's 'related

to' jurisdiction is further limited where non-debtor third parties are involved." *In re Victory*

*Markets Inc.*, 263 B.R. 9, 15 (Bankr. N.D.N.Y. 2000) (the Second Circuit has limited 'related to'

jurisdiction to 'significant' relation and not simply a remote connection."). Likewise, Courts in

the Second Circuit has held that a bankruptcy court's jurisdiction is limited to third-party non-

debtor claims that directly affect the *res* of the bankruptcy estate. *See e.g, Sokola v. Weinstein*, No.

20-CV-0925 (LJL), 2020 WL 3605578, at *16 (S.D.N.Y. July 2, 2020). In other words, "a third-

party action does not create 'related to' jurisdiction when the asset in question is not property of

the estate and the dispute has no effect on the estate." *In re Johns–Manville Corp.*, 517 F.3d 52,

65 (2d Cir. 2008) *rev'd on other grounds by Travelers Indem. Co. v. Bailey*, 557 U.S. 137 (2009).

"Shared facts between the third-party action and a debtor-creditor conflict do not in and of

themselves suffice to make the third-party action 'related to' the bankruptcy." *Id*.

27523259v3 92132.127.05

13.     No Debtor is a party to the instant action. Rather, this case involves a creditor's claims against a host of third parties. While the case allegedly arises from reinsurance and trust agreements between ULICO and Debtor PBLA, the claims do not concern property of the bankruptcy estate where ULICO is not requesting that allegedly fraudulently transferred funds be returned to the bankruptcy estate, but instead requesting that the Court order Defendants to "repay *ULICO* for each voidable transaction" and award *ULICO* "damages in excess of $524,009,051.26." *Id.*, at ¶ 131 (emphasis added). In other words, this is a third-party action between non-debtors, which "does not create related to jurisdiction". *See In re Johns–Manville Corp.*, 517 F.3d at 65. Accordingly, the Court should dismiss all of ULICO's claims.

**3.     The Court should abstain from hearing this case.**

14.     Even if the Court had jurisdiction over the Moving Defendants and this case, it should abstain from adjudicating this proceeding nonetheless. This Court can abstain from hearing a case on any equitable ground. *See* 28 U.S.C.A. § 1334(c)(1).

> In determining whether to exercise permissive abstention under Section 1334(c), courts consider the following factors: (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C.A. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted 'core' proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden on the court's docket, (10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.*47 E. 34th St. (NY), L.P. v. BridgeStreet Worldwide, Inc.*, No. 20-CV-9978 (LJL), 2021 WL 2012296, at *9 (S.D.N.Y. May 20, 2021).

15.     Application of the above factors weighs in favor of abstention. First, neither the Plaintiff, ULICO, nor any of the Defendants are Debtors in the bankruptcy. The property which

has allegedly been wrongfully transferred is not property of the bankruptcy estate. ULICO alleges

that it is the "equitable owner of the Trust Proceeds," and requests that damages be awarded to

ULICO, not the estate. [ECF 14, ¶¶ 157, 175]. Moreover, each of ULICO's claims sound in state

law and may invoke a variety of jurisdictions.

16.    Likewise, there is another proceeding pending between ULICO and one of the

defendants in this case – Greg Lindberg – in the United States District Court for the Middle District

of North Carolina, in an action titled *Universal Life Insurance Company v. Greg E. Lindberg*, Civil

Action No. 1:20-CV-00681-LCB-JEP. In that case, ULICO seeks to recover the same

$524,009,051.26 in damages it seeks here and Mr. Lindberg has demanded a jury in that case.

*Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989) (holding that a fraudulent conveyance

claim was a "private" common law claim, akin to a claim for breach of contract, and therefore that

the Seventh Amendment affords a fraudulent transfer defendant the right to a jury trial.").

17.    Furthermore, by ULICO's own admission, the "JPLs have declined to pursue" the

claims pursued by ULICO. [ECF 14, ¶ 9]. For all of these reasons, the Court should exercise its

discretion and abstain from hearing the case.

**4.    Plaintiff has failed to state a claim upon which relief may be granted.**

18.    Even if the Court had personal and subject matter jurisdiction *and* opted not to

abstain, it should still dismiss the Amended Complaint because its allegations are insufficient to

state a claim.

19.    To survive a Rule 12(b)(6) motion**,** "a complaint must contain sufficient factual

matter . . . to state a claim that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

In considering the sufficiency of the complaint, the court "accept[s] all [well-pleaded] factual

allegations in the complaint as true, and draw[s] all reasonable inferences in the plaintiff's favor,"

27523259v3 92132.127.05

*Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002), but need not credit "[t]hreadbare

recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556

U.S. at 678.

20.     Claims of fraud must be "stated with particularity." Fed. R. Civ. P. 9(b). "The

purpose of Rule 9(b) is to protect the defending party's reputation, discourage meritless

accusations, and to provide detailed notice of fraud claims to defending parties." *Shields v.

Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir.1994). The plaintiff must specifically describe

the acts alleged to be fraudulent and provide some factual basis that creates a plausible inference

of fraudulent intent. *See generally Sharp Int'l Corp. v. State Street Bank and Trust Co. (In re Sharp

Int'l Corp.)*, 403 F.3d 43, 56 (2d Cir.2005) (finding the details and purposes of an alleged

fraudulent transfer to be inadequately pled). This heightened pleading standard requires a

complaint to state "the who, what, when, where, and how" of the alleged fraud. *In re Initial Pub.

Offering Sec. Litig.*, 241 F.Supp.2d 281, 327 (S.D.N.Y.2003) (quoting *DiLeo v. Ernst & Young*,

901 F.2d 624, 627 (7th Cir.1990)). Particularity is necessary to provide the defendant "fair notice

of the plaintiff's claim and the factual ground upon which it is based." *Novak v. Kasaks*, 216 F.3d

300, 314 (2d Cir. 2000) (quoting *Ross v. Bolton*, 904 F.2d 819, 823 (2d Cir.1990)).

21.     Under Rule 9(b), "[m]alice, intent, knowledge, and other conditions of mind of a

person may be averred generally." "[N]evertheless, [the rule] requires a plaintiff to allege facts

that give rise to a 'strong inference' of the defendant's culpable state of mind. This may be done

by alleging facts that the defendant had both motive and opportunity to commit or assist fraud, or

facts that constitute strong circumstantial evidence of the defendant's conscious misbehavior or

recklessness." *In re Parmalat Securities Litigation*, 501 F.Supp.2d 560, 573 (S.D.N.Y.2007)

(quoting *Fraternity Fund Ltd. v. Beacon Hill Asset Mgmt. LLC*, 479 F.Supp.2d 349, 359–60

(S.D.N.Y.2007)); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir.1994).

      (a)      <u>*Plaintiff states no claim for fraudulent transfers based on actual fraud*</u> .[8]

22.      Allegations of intentional fraudulent transfers are subject to Rule 9(b)'s heightened specificity requirements. *Sharp Int'l Corp. v. State Street Bank & Trust Co. (In re Sharp Int'l Corp.)*, 403 F.3d 43, 56 (2d Cir. 2005); *see also In re Try the World, Inc.*, No. 18-11764-JLG, 2021 WL 3502607, at *18 (Bankr. S.D.N.Y. Aug. 9, 2021). To avoid dismissal, a "party asserting an intentional fraudulent transfer claim must specify the property that was allegedly conveyed, the timing and frequency of those allegedly fraudulent conveyances, and the consideration paid."[9] *Flannigan v. Vulcan Power Grp.*, L.L.C., 712 F. Supp. 2d 63, 67 (S.D.N.Y. 2010); *see also United Feature Syndicate, Inc. v. Miller Features Syndicate, Inc.*, 216 F.Supp.2d 198, 221 (S.D.N.Y.2002); accord *Alnwick v. European Micro Holdings, Inc.*, 281 F.Supp.2d 629, 646 (E.D.N.Y.2003) (dismissing intentional fraudulent transfer claim that failed to identify the assets that were transferred and identified the date of the transfer as "on or about 2001"). Indeed, "failure to identify . . . the dates and amounts of particular transfers alleged to be fraudulent is fatal to any claim for intentional fraudulent conveyance." *In re M. Fabrikant & Sons, Inc.*, 480 B.R. 480, 491 (S.D.N.Y. 2012), *aff'd*, 541 F. App'x 55 (2d Cir. 2013).

23.      Here, ULICO does not identify the specific transfers it seeks to avoid, let alone the "who, what, when, where, and how" required by Rule 9(b). Instead, ULICO alleges vaguely that

---

[8] ULICO fails to plead whether its "Voidable Transfer" claim [ECF 14, ¶¶ 135-149] arises under state law or the Bankruptcy Code. To the extent that ULICO is asserting a claim under 11 U.S.C.A. § 548, such claims are time barred. See 11 U.S.C.A. § 548 ("The trustee of a partnership debtor may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition."); [ECF 14, ¶134] (noting that the allegedly fraudulent transactions began on "July 7, 2017 and continued through December 31, 2018").

[9] Moving Defendants assume for purposes of this motion only that New York law governs ULICO's claims, but do not waive any argument that there are other potentially applicable jurisdictions whose laws should apply, including without limitation, Nevada, Puerto Rico, Bermuda, North Carolina, Delaware, Wyoming, the United Kingdom, Arizona, Florida, Utah, Malta, Ireland, Massachusetts, Switzerland, or Pennsylvania.

"Lindberg, his associates, and a large number of affiliated corporate entities conspired to transfer hundreds of millions of dollars." [ECF 14, ¶ 1]. "Group pleading" allegations like this simply do not pass muster. *See Scherie Murray for Congress v. Shannon*, No. 20-CV-2285, 2021 WL 4480573 (E.D.N.Y. Sept. 30, 2021) ("Group pleading is impermissible: 'Where multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of his alleged participation in the fraud.'") (quoting *DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987)). Indeed, ULICO fails to identify *any* transfer to any one of the following Moving Defendants:

- Greg Lindberg
- Academy Financial Assets, LLC
- Alpine Capital, LLC
- Atlas Financial Investments, LLC
- Capital Assets Management I LLC
- Capital Assets Management II, LLC
- Capital Assets Management III, LLC
- CSI Interco, LLC
- Eli Global, LLC
- GBI Group, LLC
- GBIG Capital, LLC
- GBIG Holdings, LLC
- Global Insurance Capital, LLC
- Hampton Asset Management, LLC
- Iron City Asset Management, LLC
- Jackson Assets Management, LLC
- Kite Asset Management, LLC
- Parallel Capital Assets, LLC
- Tybee Island Asset Management, LLC
- AGH Parent, LLC
- UKAT Holdings, LLC

- ASiM Holdings, LLC
- ASL Holdings, LLC
- BLH Capital, LLC
- Capital Assets Fund I, LLC
- Capital Assets Fund II, LLC
- Chatsworth Asset Management, LLC
- Drummond Group, LLC
- Dunhill Holdings, LLC
- Englert Holdings, LLC
- Flagship Holdings, LLC
- Fortrex, LLC
- Gilford Asset Management, LLC
- Global Growth Holdings, Inc.
- Greenfield Capital, LLC
- Healthlink Holdings, LLC
- Integrity EMR Holdings, LLC
- Integrity EMR, LLC
- iTech Funding, LLC
- Netherlands Insurance Holdings, Inc.
- NIH Capital, LLC
- Sedwick, LLC

ULICO's failure to specifically identify the allegedly voidable transfers is fatal to its first count for voidable transfers based on actual fraud.

(b)   <u>Plaintiff states no claim for fraudulent transfers based on constructive fraud.</u>

24.     Likewise, ULICO's first count for voidable transfers based on constructive fraud

fails. The party asserting a constructive fraudulent transfer must establish the debtor "received less

than a reasonably equivalent value in exchange for such a transfer or obligation; and was insolvent

on the date that such transfer was made or such obligation was incurred, or became insolvent as a

result of such transfer or obligation." 11 U.S.C.A. § 548(a)(1)(B); *see also In re Actrade Fin.*

*Techs. Ltd.*, 337 B.R. 791, 802 (Bankr. S.D.N.Y. 2005) ("The cause of action is based on the

transferor's financial condition, the value given in exchange for the transfer, and the terms and

conditions of the transaction"); N.Y. DEBT. & CRED. LAW § 274 (providing for the same elements

under New York's version of the Uniform Voidable Transaction Act.)

25.      "In cases finding that allegations of constructive fraudulent transfers are sufficient

to meet Rule 8's pleading requirements, the plaintiff must still, at the very least, allege a minimum

of facts that demonstrate the basis for the claim that a fraudulent transfer has occurred; thus more

than a mere recitation of the statutory language is required." *Safety-Kleen Sys., Inc. v. Silogram*

*Lubricants Corp.*, No. 12-CV-4849 ENV CLP, 2013 WL 6795963, at *7 (E.D.N.Y. Dec. 23,

2013); *see also Waite v. Schoenbach*, No. 10 CIV. 3439 RMB, 2010 WL 4456955, at *7 (S.D.N.Y.

Oct. 29, 2010) ("Plaintiff's allegations that the 'transfers were made without fair consideration'

and 'rendered Defendants insolvent' are conclusory allegations that are insufficient to withstand a

motion to dismiss.").

26.     The Amended Complaint does not allege facts sufficient to support the elements of

a fraudulent transfer claim based on constructive fraud. Nowhere does ULICO allege that transfers

occurred within two years of the Debtors' bankruptcy filing, and to the contrary, ULICO contends

that transfers occurred in 2017. [ECF 14, ¶ 134]. Likewise, the word "insolvent" appears nowhere

in the Amended Complaint, much less factual assertions that would support the notion that Debtor

PBLA was insolvent or rendered insolvent by the alleged transfers. Instead, ULICO asserts in

conclusory fashion that PBLA "should have reasonably believed at the time of each transaction

that such transactions were beyond PBLA's ability to pay as such obligations became due." [ECF

14, ¶ 144]. In the same way, ULICO merely recites the "reasonably equivalent value" element of

a fraudulent transfer claim without any supporting factual assertions. *See* [ECF 14, ¶ 144]. These

allegations, without a scintilla of factual support, are insufficient to state a claim for constructive

fraudulent transfer. *See Ray v. Ray*, No. 18 CIV. 7035 (GBD), 2019 WL 1649981, at *7 (S.D.N.Y.

Mar. 28, 2019), aff'd, 799 F. App'x 29 (2d Cir. 2020).

<div align="center">(c)    <em><u>Plaintiff states no claim for unjust enrichment.</u></em></div>

27.    The second count of ULICO's Amended Complaint must likewise be dismissed.

To state a claim for unjust enrichment, the plaintiff must plead that "(1) defendant was enriched,

(2) at plaintiff's expense, and (3) equity and good conscience militate against permitting defendant

to retain what plaintiff is seeking to recover." *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.,* 373

F.3d 296, 306 (2d Cir.2004); *Kaye v. Grossman,* 202 F.3d 611, 616 (2d Cir.2000). A plaintiff's

allegation that a defendant received benefits, standing alone, is insufficient to establish a cause of

action to recover damages for unjust enrichment. *Old Republic Natl. Title Ins. Co. v. Cardinal

Abstract Corp.,* 14 A.D.3d 678, 680, 790 N.Y.S.2d 143 (2d Dep't 2005). The plaintiff has the

burden to demonstrate not only that a benefit was conferred upon the defendants, but also that the

defendants should have to compensate the plaintiff for the benefit conferred.  *Clark v. Daby,* 300

A.D.2d 732, 732, 751 N.Y.S.2d 622 (3d Dep't 2002).

28.    In this case, ULICO simply fails to plead any of the elements of an unjust

enrichment claim beyond mere labels and conclusions. Which Defendants were enriched? What

benefit did ULICO confer and on which Defendants? Which Defendants are prohibited by equity and good conscience from retaining the unidentified benefits that ULICO conferred? As for nearly all Defendants, the Amended Complaint begs all of these questions and more. ULICO's second count for unjust enrichment must be dismissed.

29.    Moreover, in the few instances where the Amended Complaint alleges specific transfers, ULICO's unjust enrichment claim is time-barred. Under New York law, the statute of limitations applicable to an unjust enrichment claim depends on the nature of the substantive remedy the plaintiff seeks. *See Loengard v. Santa Fe Indus., Inc.,* 514 N.E.2d 113, 519 N.Y.S.2d 801, 70 N.Y.2d 262, 266 (1987) The limitations period is six years where a plaintiff seeks an equitable remedy, but three years where a plaintiff seeks monetary damages, like ULICO does in this case. *See Ingrami v. Rovner*, 45 A.D.3d 806, 808, 847 N.Y.S.2d 132 (2d Dep't 2007); *Lia v. Saporito,* 909 F.Supp.2d 149, 167 (E.D.N.Y. 2012); *Kermanshah v. Kermanshah*, 580 F. Supp.2d 247, 261 (S.D.N.Y. 2008); *Grynberg v. Eni S.p.A*., Case No. 06-civ-6495, 2007 WL 2584727, at *3 (S.D.N.Y. Sept. 5, 2007). The applicable limitations period begins "upon the occurrence of the wrongful act giving rise to a duty of restitution and *not from the time the facts constituting the fraud are discovered*." *Cohen v. S.A.C. Trading Corp*., 711 F.3d 353, 364 (2d Cir. 2013) (emphasis added).

30.    Thus, to the extent ULICO claims Defendants New England Capital, LLC and Augusta Asset Management, LLC were unjustly enriched by transfers made to them on November 7, 2017 and December 6, 2017 respectively, such claims are barred. [ECF 14, ¶¶ 130-131, 150-155]. Both of these transfers occurred more than three years prior to ULICO's filing of this suit on July 7, 2021, and the Court should dismiss ULICO's unjust enrichment claim for that reason as well.

14

(d)     *Plaintiff states no claim for conversion.*

31.     In order to state a claim for conversion, a plaintiff must allege that "(1) the plaintiff had title to the property in question or had a right to its possession (2) the defendant converted a specifically identified property (3) the defendant exercised unauthorized dominion over the identified property; and (4) the plaintiff was damaged by reason of the alleged conversion." *In re Harvard Knitwear, Inc.*, 153 B.R. 617, 624 (Bankr.E.D.N.Y.1993). *See Meese v. Miller*, 79 A.D.2d 237, 242–43, 436 N.Y.S.2d 496 (N.Y.App.Div. 4th Dep't 1981); *AMF Inc. v. Algo Distribs., Ltd.*, 48 A.D.2d 352, 356–57, 369 N.Y.S.2d 460, (N.Y.App.Div. 2d Dep't 1975).

32.     In pleading the first element, ULICO is required to (1) describe the converted proceeds in such a manner to "be distinguished as specific chattel;" (2) identify where the proceeds were deposited; and (3) how and when the proceeds were transferred to the defendants. *In re Brizinova*, 554 B.R. 64, 85 (Bankr. E.D.N.Y. 2016). Indeed, "it is well-settled ... that an action for the conversion of monies is insufficient as a matter of law unless it is alleged that the money converted was in specific tangible funds of which the claimant was the owner and entitled to immediate possession." *In re Musicland Holding Corp.*, 386 B.R. 428, 440 (S.D.N.Y.2008) (quoting *Ehrlich v. Howe*, 848 F. Supp. 482, 492 (S.D.N.Y.1994)).

33.     ULICO's Amended Complaint comes nowhere close to pleading a conversion claim. As set forth above, ULICO has not even identified specific transfers to nearly all of the Defendants. Even for the eight of the supposedly "hundreds" of transfers, ULICO has failed to describe the funds so as to identify them as specific chattel, nor has ULICO identified where or how the funds were deposited with the Defendants. Instead, ULICO merely recites the element of a conversion claim, without providing factual allegations to support the elements of its conversion

claim against any Defendant. [*See* ECF No. 14, at ¶¶ 156-162.] That is not sufficient to survive a 12(b) motion.

<div align="center">(e) <u>*Plaintiff states no claim for constructive trust.*</u></div>

34.    ULICO's fourth count for constructive trust should be dismissed because (1) it is a remedy, not a cognizable claim, and (2) ULICO fails to plead the legal requisites for allowing constructive trust as a remedy.

35.    "A constructive trust is an equitable remedy and its purpose is to prevent unjust enrichment." *Marini v. Lombardo*, 79 A.D.3d 932, 933, 912 N.Y.S.2d 693; *see Tyree v. Henn*, 109 A.D.3d 906, 907, 971 N.Y.S.2d 319; *Henning v. Henning*, 103 A.D.3d 778, 779–780, 962 N.Y.S.2d 189). To obtain the remedy of a constructive trust, a party is generally required to establish four elements by clear and convincing evidence: (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment flowing from the breach of the promise. *See Sharp v. Kosmalski*, 40 N.Y.2d 119, 121, 386 N.Y.S.2d 72, 351 N.E.2d 721; *Kaprov v. Stalinsky*, 145 A.D.3d 869, 870, 44 N.Y.S.3d 123; *Diaz v. Diaz*, 130 A.D.3d 560, 561, 13 N.Y.S.3d 455; *Tyree v. Henn*, 109 A.D.3d at 907, 971 N.Y.S.2d 319; *Ewart v. Ewart*, 78 A.D.3d 992, 993, 912 N.Y.S.2d 265).

36.    For the reasons set forth throughout this motion, ULICO has failed to plead that a fiduciary or special relationship existed with any of the Defendants. *See infra*, § 4(g). ULICO has not pled a misrepresentation or promise by any Defendant. *Infra*, §4(f). And, ULICO does not state a claim for unjust enrichment. *Supra*, § 4(c). As such, ULICO has not alleged facts that would entitle it to the extraordinary remedy of a constructive trust, and its fourth count should be dismissed.

(f)      *Plaintiff fails to state a claim for fraud.*

37.      ULICO's fifth count – for fraud – fails because it does not meet Rule 9(b)'s

heightened pleading requirements. Fed. R. Civ. P. 9(b). To state a claim for fraud, a plaintiff must

allege "a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance,

justifiable reliance by the plaintiff and damages." *Dekom v. Fannie Mae*, 846 F. App'x 14, 21 (2d

Cir. 2021) (quoting *Eurycleia Partners, LP v. Seward & Kissel, LLP*, 12 N.Y.3d 553, 559, 883

N.Y.S.2d 147, 910 N.E.2d 976 (2009). When fraudulent representations are alleged, the complaint

must establish that a fraudulent misrepresentation was made, who made it, and when it was made.

*See Silvester v. Selene Fin., LP*, No. 18-CV-02425 (PMH), 2021 WL 861080, at *2 (S.D.N.Y.

Mar. 8, 2021) ("Specifically, '[i]n alleging fraud or mistake, a party must state with particularity

the circumstances constituting fraud or mistake . . . the who, what, when, where, and how: the first

paragraph of any newspaper story."). General allegations and parroting of the elements will result

in dismissal. *Airlines Reporting Corp. v. Aero Voyagers, Inc.*, 721 F. Supp. 579, 582 (S.D.N.Y.

1989) ("These allegations represent nothing more than a recitation of the essential elements of

a fraud cause of action and therefore lack the degree of particularity Rule 9(b) requires.").

38.      Here, ULICO fails to plead the elements of a fraud claim, much less with the

heightened particularity required by Rule 9(b). The Amended Complaint does not identify, with

particularity, any misrepresentation made by Mr. Lindberg or any of the Moving Defendants.

Indeed, ULICO's fraud allegations are nothing more than mere recitation of the elements of a fraud

claim. [ECF No. 14, ¶¶ 168-171.] This is insufficient to survive dismissal.

(g)      *Plaintiff states no claim for breach of fiduciary duty.*

39.      To state a claim for breach of fiduciary duty, a plaintiff must plead "(1) the

existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly

17

caused by the defendant's misconduct." *Goldman v. Rio*, 788 F. App'x 82, 84 (2d Cir. 2019) (quoting *Litvinoff v. Wright*, 150 A.D.3d 714, 715, 54 N.Y.S.3d 22 (2017)). "A fiduciary relationship exists between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation." *Krys v. Butt,* 486 Fed.Appx. 153, 154 (2d Cir.2012). "At the heart of the fiduciary relationship lies reliance, and de facto control and dominance.'" *Id.* (quoting *United States v. Chestman,* 947 F.2d 551, 568 (2d Cir.1991)); *Boccardi Capital Systems, Inc. v. D.E. Shaw Laminar Portfolios, LLC,* 355 Fed.Appx. 516, 519 (2d Cir.2009).

40.     Here, Plaintiff has failed to allege any facts which suggest that a fiduciary relationship existed between Plaintiff and any of the Defendants. In fact, Plaintiff has failed to allege that it had any relationship at all with the "Lindberg Affiliates," with the exception of Debtor PBLA, which is not a party to this action. ULICO's bald assertion that unspecified Defendants "were recipients of such transfers from the Trust" is simply not enough to establish the fiduciary relationship, even at the pleading stage. [ECF 14, ¶ 125]; *Thayil v. Fox Corp.,* No . 11 Civ. 4791(SAS), 2012 WL 364034, at *6 (S.D.N.Y. Feb. 2, 2012) (granting motion to dismiss where plaintiff did not "ple[ad] facts that would allow [the][c]ourt to infer that a fiduciary relationship exists as a matter of law"); *Abercrombie v. Andrew Coll.,* 438 F.Supp.2d 243, 274 (S.D.N.Y.2006) ("[A]bsent an allegation of a special relationship, mere assertions of 'trust and confidence' are insufficient to support a claim of a fiduciary relationship.").

(h)     *Plaintiff does not plead an alter ego theory.*

41.     While ULICO's Amended Complaint contains no separate count for alter ego, the Court should rule that the Amended Complaint does not sufficiently plead a basis to pierce the corporate veils of any of the Defendants.

27523259v3 92132.127.05

42.     Courts in this jurisdiction do not disregard lightly a corporate entity's separate legal existence. "It is well settled that New York courts are reluctant to disregard the corporate entity." *MWH Int'l, Inc. v. Inversora Murten, S.A.*, No. 1:11-cv-2444, 2015 U.S. Dist. LEXIS 24129 at *38 (S.D.N.Y. Feb. 11, 2015) (Woods, J.); *see also Am. Federated Title Corp. v. GFI Mgmt. Servs.*, No. 13-CV-6437, 2015 U.S. Dist. LEXIS 113787 at *30 (S.D.N.Y. Aug. 28, 2015) ("New York courts have made clear that the veil-piercing standard is demanding."). "The Court of Appeals has repeatedly emphasized that those seeking to pierce a corporate veil bear a heavy burden." *Am. Federated Title Corp.*, 2015 U.S. Dist. LEXIS 113787 at *30 (collecting cases). "These refrains reflect a measure of judicial concern about impinging on legitimately advantageous uses of the corporate form." *Id.* "It is well established that a business can be incorporated for the very purpose of enabling its proprietor to escape personal liability for the business operations, even though the proprietor continues to benefit from the business's success." *Id.* "New York's demanding veil-piercing standard serves in part to ensure that courts do not mistake that type of permissibly advantageous incorporation for inequitable abuse." *Id.*

"Because a decision whether to pierce the corporate veil in a given instance necessarily depends on the attendant facts and equities, the New York cases may not be reduced to definitive rules governing the varying circumstances when the power may be exercised." *MWH Int'l, Inc.*, 2015 U.S. Dist. LEXIS 24129 at *38. "Generally, however, New York law requires the party seeking to pierce a corporate veil to make a two-part showing: (i) that the owner exercised complete domination over the corporation with respect to the transaction at issue; and (ii) that such domination was used to commit a fraud or wrong that injured the party seeking to pierce the veil." *Id.* With respect to the first prong, courts consider the following ten factors, which are neither exhaustive nor universally relevant: "(1) the absence of the formalities and paraphernalia that are

19

part and parcel of the corporate existence, *i.e.*, issuance of stock, election of directors, keeping corporate records and the like, (2) inadequate capitalization, (3) whether funds are put in and taken out of the corporation for personal rather than corporate purposes, (4) overlap in ownership, officers, directors, and personnel, (5) common office space, address, and telephone numbers of corporate entities, (6) the amount of business discretion displayed by the allegedly dominated corporation, (7) whether the related corporations deal with the dominated corporation at arm's length, (8) whether the corporations are treated as profit centers, (9) the payment or guarantee of debts of the dominated corporation by the other corporations in the group, and (10) whether the corporation in question had property that was used by other of the corporations as if it were its own." *Am. Federated Title Corp.*, 2015 U.S. Dist. LEXIS 113787 at \*32

43.    ULICO pleads no facts to support its alter ego theory. Instead, ULICO makes conclusory allegations that the Moving Defendants are the "alter ego" of Lindberg. [ECF No.14, ¶¶ 7, 105.] Those allegations are hardly sufficient to survive dismissal.

**5.    Alternatively, the Court should require Plaintiff to re-plead.**

44.    As written, the Amended Complaint is so vague and ambiguous that each Moving Defendant could not reasonably prepare a responsive pleading. Therefore, if the Court does not dismiss the Amended Complaint or abstain from hearing it, the Court should require ULICO to file another amended complaint with a more definite statement of its claims. *See* Fed. R. Civ. P. 12(e).

**III.**
**PRAYER**

45.    For all of these reasons, the Moving Defendants respectfully request that the Court grant this motion and enter an order dismissing ULICO's First Amended Complaint. Alternatively, the Moving Defendants respectfully request that the Court abstain from hearing this proceeding.

20

Alternatively, the Moving Defendants respectfully request that the Court enter an order requiring

ULICO to amend its First Amended Complaint to provide a more definite statement of its claims.

Dated this 1ˢᵗ day of October 2021.

<div style="margin-left:40%">

Respectfully submitted,

**CONDON TOBIN SLADEK THORNTON NERENBERG, PLLC**

*/s/ Aaron Z. Tobin*
Aaron Z. Tobin (*pro hac vice in the main case*)
atobin@condontobin.com
Jared T.S. Pace (*pro hac vice in the main case*)
jpace@condontobin.com
J. Seth Moore (*pro hac vice in the main case*)
smoore@condontobin.com
Forrest Colby Roberts (pro hac vice in the main case)
croberts@condontobin.com
8080 Park Lane, Suite 700
Dallas, Texas 75231
Telephone:  (214)265-3800
Facsimile:  (214)691-6311

and

Charles A. Gruen (CG5456)
cgruen@gruenlaw.com
**LAW OFFICES OF CHARLES A. GRUEN**
381 Broadway, Suite 300
Westwood, New Jersey 07675
Telephone:  201-342-1212

*Counsel for Moving Defendants*

</div>

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the clerk of Court using the CM/ECF system which will send electronic notification of such filing to all other parties who have filed a notice of appearance.

Signed this the 1ˢᵗ day of October 2021.

<div style="margin-left:40%">

*/s/ Aaron Z. Tobin*
Aaron Z. Tobin

</div>

22