**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| PB LIFE AND ANNUITY CO., LTD., et al. | Case No. 20-12791 (LGB) |
| | (Jointly Administered) |
| Debtors in Foreign Proceeding. | |
| UNIVERSAL LIFE INSURANCE COMPANY, | Adv. Proc. No. 21-01169 |
| Plaintiff, | |
| v. | |
| GLOBAL GROWTH HOLDINGS, INC., et al., | |
| Defendants. | |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Luis E. Orengo, Jr. (NY Bar No. 958583)
LOrengo@carltonfields.com
**CARLTON FIELDS, P.A.**
Corporate Center Three at Int'l Plaza
4221 West Boy Scout Blvd., Suite 1000
Tampa, FL  33607-5780
(T) 813.223.7000

*Attorneys for Atlantic Coast Life Insurance Company*
*and Sentinel Security Life Insurance Company*

127458380.5

# TABLE OF CONTENTS

I.   PRELIMINARY STATEMENT ...........................................................................................1

II.   ARGUMENT .................................................................................................................2

  A.   Plaintiff has failed to plead with particularity for claims sounding in fraud....................2

    i.   Plaintiff has failed to plead a claim for fraudulent transfers. ..........................................3

    ii.   Plaintiff has failed to plead a claim for fraud...........................................................6

  B.   Plaintiff has failed to allege facts sufficient to make its claims plausible......................8

    i.   Plaintiff has failed to plead unjust enrichment. ............................................................8

    ii.   Plaintiff has failed to plead conversion. ...................................................................9

    iii.   Plaintiff has failed to plead constructive trust........................................................11

    iv.   Plaintiff has failed to plead breach of fiduciary duty. ................................................12

  C.   Plaintiff has failed to allege facts regarding Movants affiliation with Lindberg...........13

  D.   In the alternative, Plaintiff must re-plead...................................................................15

III.   CONCLUSION ...........................................................................................................15

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re 50 Pine Co., LLC*,
317 B.R. 276 (Bankr. S.D.N.Y. 2004) .................................................................5

*Am. Federated Title Corp. v. GFI Mgmt. Servs.*,
No. 13-CV-6437, 2015 U.S. Dist. LEXIS 113787 (S.D.N.Y. Aug. 28, 2015) .......... 13, 14, 15

*Ashcroft v. Iqbal*,
556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) ................................. 1, 8, 9

*Baldwin v. Burton*,
850 P.2d 1188 (Utah 1993)...........................................................................7

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) ................................. 1, 2, 3

*Brown v. Goodman Mfg. Co., L.P.*,
2015 WL 1006319 (D.S.C. Mar. 5, 2015)..........................................................9

*Colavito v. New York Organ Donor Network, Inc.*,
8 N.Y.3d 43, 827 N.Y.S.2d 96, 860 N.E.2d 713 [2006] ..................................10

*Davis v. Citimortgage, Inc.*,
2016 WL 4040084 (D.S.C. July 28, 2016)..........................................................7

*Davis v. Greenwood Sch. Dist. 50*,
620 S.E.2d 65 (S.C. 2005) ............................................................................12

*Desert Miriah, Inc v. B & L Auto, Inc.*,
2000 UT 83 ...................................................................................................9

*In re Ducane Gas Grills, Inc.*,
320 B.R. 324 (Bankr. D.S.C. 2004) ................................................................10

*In re Enron Corp.*,
367 B.R. 384 (Bankr. S.D.N.Y. 2007) ..............................................................6

*Frattarola v. Swartz*,
53 Misc.3d 1215(A), (Sup.Ct. N.Y. 2016) ......................................................11

*Goldman v. Rio*,
788 F. App'x 82 (2d Cir. 2019)......................................................................12

*Graham v. Welch, Roberts, & Amburn, LLP*,
    404 S.C. 235 (S.C. Ct. App. 2013).................................................................. 10, 13

*In re Hydrogen, LLC*,
    431 B.R. 337 (Bankr. S.D.N.Y. 2010) ....................................................................4

*In re J.R. Deans Co.*,
    249 B.R. 121 (Bankr. D.S.C. 2000) .........................................................................4

*Krause v. Forex Exch. Mkt., Inc.*,
    356 F.Supp.2d 332 (S.D.N.Y. 2005).........................................................................3

*Lawrence v. Intermountain, Inc.*,
    243 P.3d 508 (Utah Ct. App. 2010)........................................................................10

*In re Lyondell Chemical Co.*,
    543 B.R. 428 (Bankr. S.D.N.Y. 2016) ......................................................................3

*In re Musicland Holding Corp.*,
    398 B.R. 761 (Bankr. S.D.N.Y. 2008) ......................................................................6

*MWH Int'l, Inc. v. Inversora Murten, S.A.*,
    No. 1:11-cv-2444, 2015 U.S. Dist. LEXIS 24129 (S.D.N.Y. Feb. 11, 2015)
    (Woods, J.)......................................................................................................... 13, 14

*O'Connell v. Penson Fin. Services, Inc.* (*In re Arbco Capital Mgmt., LLP*),
    498 B.R. 32 (Bankr. S.D.N.Y. 2013) ....................................................................4, 5

*Ockey v. Lehmer*,
    2008 UT 37 .............................................................................................................10

*Pelman ex rel. Pelman v. McDonald's Corp.*,
    396 F.Supp.2d 439 (S.D.N.Y. 2005)........................................................................15

*Ray v. Ray*,
    No. 18 CIV. 7035 (GBD), 2019 WL 1649981 (S.D.N.Y. Mar. 28, 2019), affd,
    799 F. App'x 29 (2d Cir. 2020)..................................................................................6

*Regions Bank v. Wingard Props., Inc.*,
    394 S.C. 241 (Ct. App. 2011) ....................................................................................8

*RFT Mgmt. Co., L.L.C. v. Tinsley & Adams L.L.P.*,
    732 S.E.2d 166 (S.C. 2012) .....................................................................................12

*Scherie Murray for Congress v. Shannon*,
    No. 20-CV-2285, 2021 WL 4480573 (E.D.N.Y. Sept. 30, 2021) .............................6

*Sharp v. Kosmalski*,
    40 N.Y.2d 119, 386 N.Y.S.2d 72, 351 N.E.2d 721 ............................................................11

*Shaw Resources v. Pruitt, Gushee & Bachtell*,
    2006 UT App 313, 142 P.3d 560 ......................................................................................12

*SSI Med. Servs., Inc v. Cox*,
    301 S.C. 493 (1990) ........................................................................................................11

*Sumsion v. Bay Harbor Farm*,
    427 P.3d 511 (Ct. App. Utah 2018)....................................................................................9

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    551 U.S. 308, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007) ....................................................2

*Territorial Sav. & Loan Ass'n v. Baird*,
    781 P.2d 452 (Utah Ct.App. 1989) ....................................................................................5

*In re Try The World, Inc.*,
    2021 WL 3502607 (Bankr. S.D.N.Y. Aug. 9, 2021) ...........................................................3

*United Feature Syndicate, Inc. v. Miller Features Syndicate, Inc.*,
    216 F. Supp. 2d 198 (S.D.N.Y. 2002)................................................................................4

*United Park City Mines Co. v. Greater Park City Co.*,
    870 P.2d 880 (Utah 1993)................................................................................................13

*Wilcox v. Anchor Wate Co.*,
    164 P.3d 353 (Utah 2007)................................................................................................11

**Statutes**

Bankruptcy Code Section 548(a)(1)(B) .....................................................................................3, 4

**Rules**

FED. R. CIV. P. 8(a) ……………………………………………………………………………..1

FED. R. CIV. P. 9(b).........................................................................................................*passim*

FED. R. CIV. P. Rule 12(b)(6) ....................................................................................................2

FED. R. CIV. P. 12(e) ................................................................................................................15

Defendants Atlantic Coast Life Insurance Company ("Atlantic Coast") and Sentinel Security Life Insurance Company ("Sentinel Security") (together, "Movants") file this Memorandum of Law in support of their Motion to Dismiss Plaintiff's First Amended Complaint ("Motion"), as follows:

## I.    PRELIMINARY STATEMENT

1.    Universal Life Insurance Company's ("ULICO" or "Plaintiff") First Amended Complaint (the "Amended Complaint")[1] fails to meet basic pleading requirements. Rather than allege any meaningful facts as to Movants, Plaintiff instead makes sweeping but extraordinarily serious legal conclusions. Those conclusions are not mere $10,000 preference claims. Instead, Plaintiff accuses Movants of being alter egos of Lindberg, breaching fiduciary duties, and committing fraud. The lone alleged fact specific to Movants supporting these allegations is the state Movants operate in. Before drafting this Motion, Movants sought from Plaintiff any factual allegation as to Movants so they could understand the factual basis of the claims. Plaintiff refused, thus leaving Movants, like nearly all other Defendants, left to guess as to what factual basis, if any, underlies Plaintiff's extraordinary allegations in this Court. This Court should not tolerate such a gunshot pleading approach.

2.    The Court should dismiss the Amended Complaint for a number of reasons. First, Plaintiff failed to plead its fraud and fraudulent transfer claims with particularity as required by Federal Rule of Civil Procedure 9(b). Second, Plaintiff failed to allege facts sufficient to support plausible claims for unjust enrichment, conversion, constructive trust, and breach of fiduciary duty. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) (interpreting Rule 8(a)); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009).

---

[1] All capitalized terms not defined herein shall have the meaning ascribed to them in the Amended Complaint.

Third, Plaintiff failed to allege facts demonstrating Movants' affiliation with Defendant Greg Lindberg ("Lindberg") and any support for its purported alter ego theory, which serves as the central basis for Plaintiffs claims against Movants under the Amended Complaint. Fourth, most of Plaintiff's claims are time-barred by the applicable statutes of limitations.

3.      Additionally, Plaintiff's conclusory allegations utterly fail to provide sufficient notice to Movants as to what, when, where, and how the Movants purportedly acted in a way which would entitle Plaintiff to any claims for relief. Movants are mentioned twice in the 32 page Amended Complaint and those references merely name the Movants and the state in which they each hold their principal place of business. These scant allegations fall woefully short of supporting the serious and extraordinary conclusory determinations that Movants are affiliates ***and*** alter egos of Lindberg. That is because those assertions are just not true.

4.      Further, because Plaintiff's Amended Complaint is devoid of any specific factual support for claims against Movants, Movants cannot meaningfully respond to the claims alleged.

5.       Finally, Plaintiff's claims are barred under all potential applicable law. Because Plaintiff does not state what law support its claims, leaving Defendants to guess what law (and facts) are applicable, Movants will address all potential state law standards.[2]

## II.      ARGUMENT

### A.      Plaintiff has failed to plead its fraud claims with particularity.

6.      On a motion to dismiss a complaint under Rule 12(b)(6), a court must accept all factual allegations in the complaint as true even if the allegations are doubtful in fact. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 127 S.Ct. 2499, 2509, 168 L.Ed.2d 179 (2007); *Bell*

---

[2] Atlantic Coast is allegedly a South Carolina entity and Sentinel Security is allegedly a Utah entity, thus, in addition to New York law, the legal standards for each claim will include South Carolina and Utah law.

*Atl. Corp.*, 127 S.Ct. at 1965.  However, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

7.    When a claim is premised on fraud—such as Plaintiff's claim for fraudulent transfers in Count I, to the extent the claim is for actual fraudulent transfer, and for fraud in Count V—Rule 9(b) imposes a heightened pleading standard. *In re Lyondell Chemical Co.*, 543 B.R. 428, 440 (Bankr. S.D.N.Y. 2016).  Even where fraud is not an element of the claim, the allegations must satisfy Rule 9(b) if the claim is based on fraudulent conduct. *Krause v. Forex Exch. Mkt., Inc.,* 356 F.Supp.2d 332, 338 n. 49 (S.D.N.Y. 2005).  The stringent standard of Rule 9(b) is twofold:  (1) it requires a plaintiff to plead "with *particularity*, the circumstances constituting fraud or mistake," and (2) it requires a plaintiff to "establish the defendant's mental state." *In re Lyondell Chemical Co.*, 543 B.R. at 440.

### i.    Plaintiff has failed to state a claim for fraudulent transfers.

8.    "Where . . . the Amended Complaint includes claims seeking to avoid transfers of estate property as actual fraudulent conveyances . . . those claims must satisfy the additional pleading requirements of Rule 9(b)." *In re Try The World, Inc.*, 2021 WL 3502607, at *6 (Bankr. S.D.N.Y. Aug. 9, 2021).  As an initial matter, the Plaintiff fails to allege whether its fraudulent transfer claims are brought under Section 548 (relying on federal law) or Section 544 (relying on applicable state law) of the Bankruptcy Code.  Because Plaintiff's claims are unclear, Movants address below the requirements for fraudulent transfer claims under both federal and applicable state law.

9.    "[T]o state an actual fraudulent transfer claim with Rule 9(b) particularity, a party must ordinarily allege: (i) the property that was conveyed; (ii) the timing and, if applicable, frequency of the transfer; and (iii) the consideration (if any) paid for the transfer. . . . In addition to specifically identifying the transfers to be avoided, a party must also sufficiently plead the

3

element of fraudulent intent required by Rule 9(b)." *O'Connell v. Penson Fin. Services, Inc.* (*In re Arbco Capital Mgmt., LLP*), 498 B.R. 32, 40–41 (Bankr. S.D.N.Y. 2013). The party asserting a fraudulent transfer claim must "specify the property that was allegedly conveyed, the timing and frequency of those allegedly fraudulent conveyances, [and] the consideration paid." *United Feature Syndicate, Inc. v. Miller Features Syndicate, Inc.*, 216 F. Supp. 2d 198, 221 (S.D.N.Y. 2002).

10.    A constructive fraudulent transfer claim under Section 548(a)(1)(B) of the Bankruptcy Code requires a showing that:  (1) the debtor transferred an interest in property; (2) the debtor (a) was insolvent at the time of the transfer or became insolvent as a result of the transfer, (b) was engaged in business or was about to engage in business for which the debtor's remaining property constituted unreasonably small capital; or (c) intended to incur or believed that it would incur debts beyond its ability to pay as they matured; and (3) the debtor received less than reasonably equivalent value in exchange for such transfer. *See In re Hydrogen, LLC,* 431 B.R. 337, 352-53 (Bankr. S.D.N.Y. 2010) (citing *In re M. Fabrikant & Sons, Inc.*, 394 B.R. 721, 735 (Bankr. S.D.N.Y. 2008)).

11.    Under South Carolina law, an existing creditor may avoid a constructively fraudulent transfer if it can establish that:  (1) the transferor was indebted to the creditor at the time of the transfer; (2) the conveyance was voluntary; and (3) the transferor failed to retain sufficient property to pay the indebtedness to the creditor in full—not merely at the time of the transfer, but in the final analysis when the creditor seeks to collect its debt. *In re J.R. Deans Co.*, 249 B.R. 121, 130 (Bankr. D.S.C. 2000).

12.    Under Utah law, to state a claim for constructively fraudulent transfer, a plaintiff bears the burden of demonstrating by clear and convincing evidence that (1) it was a creditor; (2)

the debtor was insolvent or rendered insolvent by the transfer; and (3) the transfer was made without fair consideration. *Territorial Sav. & Loan Ass'n v. Baird*, 781 P.2d 452 (Utah Ct.App. 1989). Under New York law, the elements of a constructive fraudulent transfer claim consist of: "(1) a transfer of the debtor's property, (2) while the debtor was insolvent or which rendered the debtor insolvent (3) . . . fair consideration." *In re 50 Pine Co., LLC,* 317 B.R. 276, 286 (Bankr. S.D.N.Y. 2004).

13.     Here, Plaintiff fails to satisfy any element under any applicable law.   Indeed, Plaintiff does not even identify a single transfer involving Movants. Plaintiff does not allege the "(i) property that was conveyed; (ii) the timing and, if applicable, frequency of the transfer; and (iii) the consideration (if any) paid for the transfer." *O'Connell v. Penson Fin. Services, Inc.* (*In re Arbco Capital Mgmt., LLP*), 498 B.R. at 40–41.   "In addition to specifically identifying the transfers to be avoided, a party must also sufficiently plead the element of fraudulent intent required by Rule 9(b)." *Id.*   Instead, Plaintiff ambiguously alleges that "Lindberg, his associates, and a large number of affiliated corporate entities conspired to transfer hundreds of millions of dollars" and that "[a]t one point each of the Lindberg Affiliates [which purportedly includes Movants] received disbursements from the Trust, as directed by PBLA."   Amended Complaint ¶ 1, 106.

14.     Plaintiff does not allege facts to support the notion that Debtor PBLA was insolvent or rendered insolvent by the alleged transfers.   Instead, Plaintiff asserts in conclusory fashion that PBLA "should have reasonably believed at the time of each transaction that such transactions were beyond PBLA's ability to pay as such obligations became due."   Amended Complaint, ¶ 144. Plaintiff merely recites the "reasonably equivalent value" element of a constructively fraudulent transfer claim without any supporting factual assertions. *See* Amended Complaint, ¶ 144.   These

allegations, without any factual support, are insufficient to state a claim for constructive fraudulent transfer. *See Ray v. Ray*, No. 18 CIV. 7035 (GBD), 2019 WL 1649981, at *7 (S.D.N.Y. Mar. 28, 2019), affd, 799 F. App'x 29 (2d Cir. 2020).

15.     Rather than providing specific facts as to the property that was transferred to Movants, the timing and frequency of the transfers to Movants, and the consideration paid by Movants for such alleged transfers, Plaintiff merely engages in "group pleading." *See* Amended Complaint ¶ 105. "Group pleading is impermissible: 'Where multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of his alleged participation in the fraud.'" *See Scherie Murray for Congress v. Shannon*, No. 20-CV-2285, 2021 WL 4480573 (E.D.N.Y. Sept. 30, 2021). Therefore, Plaintiff failed to state a claim for fraudulent transfers as to the Movants.

**ii.**     Plaintiff has failed to state a claim for fraud.

16.     To satisfy Rule 9(b), a fraud claim must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *In re Musicland Holding Corp.*, 398 B.R. 761, 782-83 (Bankr. S.D.N.Y. 2008) (citing to *Mills v. Polar Molecular Corp.,* 12 F.3d 1170, 1175 (2d Cir. 1993)). "Averments of fraud must be accompanied by the 'who, what, when, where, and how' of the alleged misconduct." *In re Enron Corp.*, 367 B.R. 384, 399 (Bankr. S.D.N.Y. 2007).

17.     As with its fraudulent transfer claim, Plaintiff's fraud claim contains no real facts, and instead only conclusory allegations. In so doing, Plaintiff falls far short of satisfying Rule 9(b)'s heightened pleading standard. Plaintiff alleges that "Lindberg, *acting in concert with each of the Lindberg Affiliates*, represented to ULICO that PBLA would undertake its commitments under the Reinsurance Agreement and Trust Agreement . . . knowing that their true intent was to

6

induce ULICO to place the trust assets under the control of the Lindberg Affiliates, so the Lindberg Affiliates could convert them to their own use." Amended Complaint, ¶ 169. Plaintiff fails to state with particularity the purported statements made, that such statements were made by *Movants*, when and where *Movants* made such statements, or that any such statements were made by *Movants* with intent to deceive Plaintiff. Instead, Plaintiff broadly concludes that Movants were "acting in concert with each of the Lindberg Affiliates" and then attributes Lindberg's alleged actions to Movants. This does not satisfy Rule 9(b)'s heightened pleading standard.

18.    Further, Plaintiff's fraud claim is time-barred. "[T]he three-year statute of limitations for fraud begins to run from the time the person entitled to the property knows, or by reasonable diligence and inquiry should know, the relevant facts of the fraud perpetrated against him." *Baldwin v. Burton,* 850 P.2d 1188, 1196 (Utah 1993). Similarly, fraud claims have a three-year statute of limitations under South Carolina law. *Davis v. Citimortgage, Inc.*, 2016 WL 4040084 (D.S.C. July 28, 2016). In the Amended Complaint, the only allegations of activity that would trigger a statute of limitations were with respect to transactions in 2017 that did not involve Movants. Besides these 2017 transaction, Plaintiff has not alleged any facts regarding the timing of the purported fraudulent actions giving rise to its fraud claim, or that Plaintiff only recently became aware of the purported fraudulent actions giving rise to its claim. Amended Complaint, ¶¶ 137-41. Plaintiff states that the fraudulent activity set forth in the foregoing paragraphs of the Amended Complaint are mere examples of several fraudulent actions that continued through December 31, 2018. Notwithstanding, Plaintiff fails to allege specific activity within the three-year statute of limitations of the Amended Complaint's July 30, 2021 filing date.

**B.      Plaintiff has failed to allege facts sufficient to state claims that are plausible on their face.**

19.      "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Iqbal*, 129 S. Ct., at 1949.   In deciding a motion to dismiss, *Iqbal* requires courts to engage in a two-step approach.  *Id.*  First, the court should begin by "identifying pleadings that, because they are no more than [legal] conclusions, are not entitled to the assumption of the truth." *Iqbal,* 129 S.Ct. at 1950.  Threadbare recitals of the elements of a cause of action supported by conclusory statements are not entitled to the assumption of truth.  *See id.* at 1949.  Second, the court should give all "well-pleaded factual allegations" an assumption of veracity and determine whether, together, they plausibly give rise to an entitlement of relief.  *Id.* at 1950.  Plausibility requires more than a "sheer possibility" of wrongdoing—the plaintiff must plead sufficient factual content to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 1949.  Determining whether a claim is plausible is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 1950.

**i.      Plaintiff has failed to state a claim for unjust enrichment.**

20.      Given the dearth of facts alleged in the Amended Complaint, this Court should dismiss Plaintiff's unjust enrichment claim.

21.      Under South Carolina law, the elements to recover for unjust enrichment are: (1) a benefit conferred by the plaintiff upon the defendant; (2) realization of that benefit by the defendant; and (3) retention of the benefit by the defendant under circumstances that make it inequitable for the defendant to retain the benefit without paying its value.  *Regions Bank v. Wingard Props., Inc.*, 394 S.C. 241, 256-57 (Ct. App. 2011).  Under Utah law, a claim for relief based upon unjust enrichment must contain three elements:  (1) there must be a benefit conferred

8

on one person by another; (2) the conferee must appreciate or have knowledge of the benefit; (3) there must be the acceptance or retention by the conferee of the benefit under such circumstances as to make it inequitable for the conferee to retain the benefit without payment of its value. *Desert Miriah, Inc v. B & L Auto, Inc.*, 2000 UT 83, ¶ 13.

22.     Plaintiff's bare-bone allegations for unjust enrichment should be dismissed.  In support of its unjust enrichment claim, Plaintiff alleges that Movants, as purported affiliates of Lindberg, received a benefit from the transfer of Trust Proceeds which allegedly belong to Plaintiff, and that it is against equity and good conscience to permit Movants to retain the Trust Proceeds.  Amended Complaint, ¶¶ 106, 125, 151-53.  Plaintiff's allegations merely track the elements of the claim, are conclusory, and provide no factual support.  This is a textbook example of an insufficiently pled claim under *Iqbal* and therefore must be dismissed as to Movants.

23.     Further, Plaintiff's unjust enrichment claim is likely time-barred, at least as against Atlantic Coast[3].  An action for unjust enrichment is governed by a three-year statute of limitations. *Brown v. Goodman Mfg. Co., L.P.*, 2015 WL 1006319, at *7 (D.S.C. Mar. 5, 2015).  Again, Plaintiff has not alleged specific facts of when Movants, by virtue of PBLA (via Lindberg), were allegedly unjustly enriched. To the extent Plaintiff is relying on certain events in 2017 which are referenced in the Amended Complaint, such actions fall outside the three-year statute of limitations.

**ii.**     <u>Plaintiff has failed to state a claim for conversion.</u>

24.     Plaintiff fails to allege any facts that would make its conversion claim plausible on its face and therefore the claim must be dismissed.

---

[3] Under Utah law, which would govern the claim against Sentinel Security, a claim for unjust enrichment is subject to a four-year statute of limitations.  *Sumsion v. Bay Harbor Farm*, 427 P.3d 511, 520 (Ct. App. Utah 2018).

25.     Under South Carolina law, to sustain a cause of action for conversion, a plaintiff must prove (1) an interest by the plaintiff in the thing converted; (2) the defendant converted the property to its own use; and (3) the use was without the plaintiff's permission.  *In re Ducane Gas Grills, Inc.*, 320 B.R. 324 (Bankr. D.S.C. 2004).  Under Utah law, a conversion is an act of willful interference with a chattel, done without lawful justification, by which the person entitled to use and possession of the chattel is deprived of such use and possession.  *Lawrence v. Intermountain, Inc.*, 243 P.3d 508, 514 (Utah Ct. App. 2010).  "Two key elements of conversion are (1) plaintiff's possessory right or interest in the property and (2) defendant's dominion over the property or interference with it, in derogation of plaintiff's rights."  *Colavito v. New York Organ Donor Network, Inc.*, 8 N.Y.3d 43, 50, 827 N.Y.S.2d 96, 860 N.E.2d 713 [2006].

26.     In support of its conversion claim, Plaintiff states,

[t]he Lindberg Affiliates are alter-egos of Lindberg, have unlawfully and without authorization assumed and exercised dominion and control over the Trust Proceeds to the exclusion of the Trust and inconsistent with its right as the rightful owner[;] . . . The Lindberg Affiliates' exercise of dominion and control over the Trust Proceeds has unjustifiably denied the Trust the right to use, consume, exploit, and profit from same[;] ULICO has demanded return of the Trust Proceeds[;] The Lindberg Affiliates have refused to return the Trust Proceeds to the Trust[;] By reason of the foregoing, ULICO, as the equitable owner of the Trust, is entitled to an order from this Court instructing Lindberg Affiliates to turn over the Trust Proceeds immediately.

Amended Complaint, ¶¶ 158-62.   Again, Plaintiff's claim contains absolutely no factual allegations that Movants are the alter ego of Lindberg.  *See* Amended Complaint, ¶ 105.   Thus, Plaintiff's conversion claim which explicitly relies on Plaintiff's alter ego theory must be dismissed.

27.     As with other claims, Plaintiff's conversion claim is likely time-barred.  Under Utah, South Carolina, and New York law, the statute of limitations for conversion is three years.  *Ockey v. Lehmer*, 2008 UT 37, ¶ 35; *Graham v. Welch, Roberts, & Amburn, LLP*, 404 S.C. 235

(S.C. Ct. App. 2013); *Frattarola v. Swartz*, 53 Misc.3d 1215(A), at *5 (Sup.Ct. N.Y. 2016).

Plaintiff has not provided specific facts regarding the timeline of when Movants, by virtue of

PBLA (via Lindberg), allegedly converted Trust Proceeds.  Again, the only dates referenced are

as to actions in 2017 which fall outside the three-year statute of limitations.

      **iii.**      <u>Plaintiff has failed to state a claim for constructive trust.</u>

      28.      Plaintiff fails to allege any facts that make its claim for constructive trust plausible

on its face. The claim must therefore be dismissed.

      29.      Under New York law, to obtain the remedy of a constructive trust, a party is

generally required to establish four elements by clear and convincing evidence: (1) a confidential

or fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment

flowing from the breach of the promise.  *See Sharp v. Kosmalski*, 40 N.Y.2d 119, 121, 386

N.Y.S.2d 72, 351 N.E.2d 721.  Under South Carolina law, a constructive trust arises whenever a

party has obtained money which does not equitably belong to it and which it cannot in good

conscience retain or withhold from another who is beneficially entitled to it as where money has

been paid by accident, mistake of fact, or fraud, or has been acquired through a breach of trust or

the violation of a fiduciary duty.  *See SSI Med. Servs., Inc v. Cox*, 301 S.C. 493, 500 (1990).  Under

Utah law, courts recognize a constructive trust as a matter of equity where there has been (1) a

wrongful act, (2) unjust enrichment, and (3) specific property that can be traced to the wrongful

behavior.  *Wilcox v. Anchor Wate Co.,* 164 P.3d 353, 362 (Utah 2007).

      30.      Plaintiff's constructive trust claim must be dismissed since Plaintiff fails to allege

facts demonstrating a fiduciary relationship between Movants and Plaintiff, such that Movants

could unlawfully retain any property allegedly transferred to them.  Instead, Plaintiff lumps

Movants into this claim by relying on its bare assertion that Movants were the alter egos of

Lindberg.  As previously stated, that legal conclusion is not supported by any facts in the Amended Complaint.

**iv.**        <u>Plaintiff has failed to state a claim for breach of fiduciary duty.</u>

31.        Plaintiff fails to allege facts to demonstrate that its claim for breach of fiduciary duty is plausible on its face. Indeed, here Plaintiff has failed to even assert the elements of such a claim.  The claim must be dismissed.

32.        Under New York law, to state a claim for breach of fiduciary duty, a plaintiff must plead "(1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct."  *Goldman v. Rio*, 788 F. App'x 82, 84 (2d Cir. 2019) (quoting *Litvinoff v. Wright*, 150 A.D.3d 714, 715, 54 N.Y.S.3d 22 (2017)).  Under South Carolina law, to establish a claim for breach of fiduciary duty, a plaintiff must prove:  (1) the existence of a fiduciary duty; (2) a breach of that duty owed to the plaintiff by the defendant; and (3) damages proximately resulting from the wrongful conduct of the defendant.  *RFT Mgmt. Co., L.L.C. v. Tinsley & Adams L.L.P.*, 732 S.E.2d 166, 173 (S.C. 2012).  "A confidential or fiduciary relationship exists when one imposes a special confidence in another, so that the latter, in equity and good conscience is bound to act in good faith and with due regard to the interests of the one imposing the confidence."  *Davis v. Greenwood Sch. Dist. 50*, 620 S.E.2d 65, 68 (S.C. 2005).  Under Utah law, a claim for breach of fiduciary duty requires proof of four elements:  (1) a fiduciary relationship; (2) breach of the fiduciary's duty; (3) causation, both actual and proximate; and (4) damages.  *Shaw Resources v. Pruitt, Gushee & Bachtell,* 2006 UT App 313, ¶ 22, 142 P.3d 560.

33.        Perhaps most illustrative of Plaintiff's shotgun, pleading style in the Amended Complaint, is its claim for breach of fiduciary duty against Movants.  In support of its claim, Plaintiff alleges,

> **PBLA**, acting as the alter-ego of Lindberg (the owner of PBLA) entered into the Reinsurance Agreement, which required PBLA to act as a fiduciary for the Trust, and to maintain the trust for the benefit of ULICO[;] **PBLA**, as the alter-ego of Lindberg, breached its fiduciary duty by engaging in self-dealing transactions with Lindberg and failing to protect the Trust and ULICO's interest[;] [a]s a result, ULICO has suffered substantial damages.

Amended Complaint, ¶¶ 173-75 (emphasis added). Movants are baselessly lumped into the definition of "Lindberg Affiliates" without any factual support, while Plaintiff's allegations are aimed at entities other than Movants. Plaintiff fails to allege any facts to support a fiduciary relationship between Movants and Plaintiff, and even fails to allege all the elements of a breach of fiduciary duty claim. The breach of fiduciary duty claim must be dismissed.

34.     Further, Plaintiff's claims for breach of fiduciary duty is likely time-barred. In Utah, the statute of limitations for breach of fiduciary duty claims is three years. *United Park City Mines Co. v. Greater Park City Co.*, 870 P.2d 880, 884-85 (Utah 1993). Under South Carolina law, breach of fiduciary duty claims are also governed by a three-year statute of limitations. *Graham v. Welch, Roberts, & Amburn, LLP*, 404 S.C. 235 (S.C. Ct. App. 2013). Again, Plaintiff has not alleged any specific facts regarding the timeline of when Movants, by virtue of PBLA (via Lindberg), allegedly breached its fiduciary duties to Plaintiff besides transactions in 2017 in which Movants were not involved and which fall outside the three-year statute of limitations.

**C.     Plaintiff has failed to allege facts demonstrating any affiliation between Movants and Lindberg.**

35.     Plaintiff's claims against Movants are in premised on a theory that Movants are the alter ego of Lindberg must be dismissed since those claims lack any factual allegations.

36.     "It is well settled that New York courts are reluctant to disregard the corporate entity." *MWH Int'l, Inc. v. Inversora Murten, S.A.*, No. 1:11-cv-2444, 2015 U.S. Dist. LEXIS 24129 at *38 (S.D.N.Y. Feb. 11, 2015) (Woods, J.); *see also Am. Federated Title Corp. v. GFI Mgmt. Servs.*, No. 13-CV-6437, 2015 U.S. Dist. LEXIS 113787 at *30 (S.D.N.Y. Aug. 28, 2015)

("New York courts have made clear that the veil-piercing standard is demanding."). "The Court of Appeals has repeatedly emphasized that those seeking to pierce a corporate veil bear a heavy burden." *Am. Federated Title Corp.*, 2015 U.S. Dist. LEXIS 113787 at *30 (collecting cases). "These refrains reflect a measure of judicial concern about impinging on legitimately advantageous uses of the corporate form." *Id*. "It is well established that a business can be incorporated for the very purpose of enabling its proprietor to escape personal liability for the business operations, even though the proprietor continues to benefit from the business's success." *Id*. "New York's demanding veil-piercing standard serves in part to ensure that courts do not mistake that type of permissibly advantageous incorporation for inequitable abuse." *Id*.

37.    "Because a decision whether to pierce the corporate veil in a given instance necessarily depends on the attendant facts and equities, the New York cases may not be reduced to definitive rules governing the varying circumstances when the power may be exercised." *MWH Int'l, Inc.*, 2015 U.S. Dist. LEXIS 24129 at *38.

38.    "Generally, however, New York law requires the party seeking to pierce a corporate veil to make a two-part showing: (i) that the owner exercised complete domination over the corporation with respect to the transaction at issue; and (ii) that such domination was used to commit a fraud or wrong that injured the party seeking to pierce the veil." *Id*.  Courts consider the following factor with respect to the first element: "(1) the absence of the formalities and paraphernalia that are part and parcel of the corporate existence, i.e., issuance of stock, election of directors, keeping corporate records and the like, (2) inadequate capitalization, (3) whether funds are put in and taken out of the corporation for personal rather than corporate purposes, (4) overlap in ownership, officers, directors, and personnel, (5) common office space, address, and telephone numbers of corporate entities, (6) the amount of business discretion displayed by the allegedly

14

dominated corporation, (7) whether the related corporations deal with the dominated corporation at arm's length, (8) whether the corporations are treated as profit centers, (9) the payment or guarantee of debts of the dominated corporation by the other corporations in the group, and (10) whether the corporation in question had property that was used by other of the corporations as if it were its own." *Am. Federated Title Corp.*, 2015 U.S. Dist. LEXIS 113787 at *32.

39.    The Amended Complaint merely asserts: "[t]he above listed Defendants are all affiliates of Lindberg ("Lindberg Affiliates"). and alter egos of Lindberg, each other, and other corporate entities owned and controlled by Lindberg."  Amended Complaint, ¶ 105 (typo in original).  These allegations do not provide any factual support.  The Amended Complaint must be dismissed since Plaintiff fails to support any alter ego theory of liability as to Movants.

**D.    In the alternative, Plaintiff must re-plead the Amended Complaint.**

40.    The Amended Complaint is so vague that Movants cannot reasonably be required to frame a responsive pleading.  "[A] [Rule] 12(e) motion is proper when a complaint pleads a viable legal theory, but is so unclear that the opposing party cannot respond to the complaint." *Pelman ex rel. Pelman v. McDonald's Corp.*, 396 F.Supp.2d 439, 443 (S.D.N.Y. 2005).  If the Court does not dismiss the Amended Complaint, it should order Plaintiff to further amend its complaint to provide a more definite statement of its claims which specifically identify Movants' precise involvement and liability for such claims, so that Movants have adequate notice of the specific allegations they must respond to in order to reasonably defend themselves.  *See* Fed. R. Civ. P. 12(e).

## III.    CONCLUSION

41.    For the aforementioned reasons, Movants respectfully request that the Court grant this Motion and enter an order dismissing Plaintiff's First Amended Complaint.  Alternatively, Movants respectfully request that the Court enter an order requiring Plaintiff to amend its First

15

Amended Complaint to provide a more definite statement of its claims such that Movants can reasonably respond and defend themselves.

Dated this 11th day of October, 2021.

Respectfully submitted,

**CARLTON FIELDS, P.A.**

*/s/ Luis E. Orengo, Jr.*
Luis E. Orengo, Jr. (NY Bar No. 958583)
Corporate Center Three at Int'l Plaza
4221 West Boy Scout Blvd., Suite 1000
Tampa, FL  33607-5780
(T) 813.223.7000
(E) LOrengo@carltonfields.com

*Attorneys for Atlantic Coast Life Insurance Company and Sentinel Security Life Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the clerk of Court using the CM/ECF system which will send electronic notification of such filing to all other parties who have filed a notice of appearance.

Signed this the 11th day of October 2021.

*/s/ Luis E. Orengo, Jr.*
Luis E. Orengo, Jr.