**DORSEY & WHITNEY LLP**
Courina Yulisa
51 West 52nd Street
New York, NY 10019-6119
Tel: 212-415-9200
Fax: 212-953-7201

Steven T. Waterman (*pro hac vice*)
Milo Steven Marsden (*pro hac vice*)
111 South Main Street, Suite 2100
Salt Lake City, UT 84111-2176
Telephone: 801-933-7360
Fax: 801-933-7373

*Attorneys for AAPC Holdings, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re:<br><br>PB LIFE AND ANNUITY CO., LTD., *et. al.*,[1]<br><br>    Debtors in Foreign Proceedings. | Chapter 15<br><br>Case No. 20-12791 (LGB)<br>(Jointly Administered) |
| UNIVERSAL LIFE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>GREG E. LINDBERG, individually, CHRIS HERWIG, individually, AAPC HOLDINGS, LLC, ACADEMY FINANCIAL ASSETS, LLC, AGH PARENT, LLC, ALPINE CAPITAL, LLC, ASIM HOLDINGS, LLC, ASL HOLDINGS, LLC, ATKINSON, LLC, ATLANTIC COAST LIFE INSURANCE COMPANY, ATLAS FINANCIAL INVESTMENTS, LLC, AUGUSTA ASSET MANAGEMENT, INC., BEGONIA EIGHT, LLC, | Adv. Proc. No. 21-01169 |

---

[1] PB Life and Annuity Co., Ltd., Northstar Financial Services (Bermuda) Ltd., Omnia Ltd. and PB Investment Holdings Ltd., foreign Debtors, are Bermuda limited companies which each have a registered address in Bermuda c/o Deloitte Ltd., Corner House, 20 Parliament Street, Hamilton HM 12, Bermuda, and are Jointly Administered for procedural purposes, by Order of this Court entered on April 2, 2021, ECF No. 42.

BLH CAPITAL, LLC, BLUE DAFFODIL, LLC,
BLUE VIOLET, LLC, CAPITAL ASSETS FUND I,
LLC, CAPITAL ASSETS FUND II, LLC, CAPITAL
ASSET MANAGEMENT I, LLC, CAPITAL
ASSETS MANAGEMENT II, LLC, CAPITAL
ASSETS MANAGEMENT III, LLC, CARNATION
THREE, LLC, CHATSWORTH ASSET
MANAGEMENT, LLC, CHRYSANTHEMUM
TWO, LLC, CSI INTERCO, LLC, DAHLIA TEN,
LLC, DAISY SEVEN, LLC, DRUMMOND GROUP,
LLC, DUNHILL HOLDINGS, LLC, ELI GLOBAL,
LLC, ENGLERT HOLDINGS, LLC, EPPING, LLC,
ERIE PROPERTIES, LLC, FLAGSHIP HOLDINGS,
LLC, FLEET ASSIST INTERCO LIMITED,
FLOWERY BRANCH, LLC, FORSYTH, LLC,
FORTREX, LLC, GBIG CAPITAL, LLC, GBIG
HOLDINGS, INC., GBI GROUP, LLC, GERANIUM
TWO, LLC, GILFORD ASSET MANAGEMENT,
LLC, GLOBAL BANKERS INSURANCE GROUP,
LLC, GLOBAL GROWTH HOLDINGS, INC.,
GLOBAL INSURANCE CAPITAL, LLC,
GREENFIELD CAPITAL, LLC, HAMPTON ASSET
MANAGEMENT, INC., HANSEN AEROSPACE,
LLC, HEALTHLINK HOLDINGS, LLC,
HOOKSETT, LLC, HUTCHISON LAW GROUP,
PLLC, INTEGRITY EMR HOLDINGS, LLC,
INTEGRITY EMR, LLC, IRON CITY ASSET
MANAGEMENT, INC., ITECH FUNDING, LLC,
JACKSON ASSET MANAGEMENT, INC., KITE
ASSET MANAGEMENT, INC., LILAC SIX, LLC,
MACON, LLC, MORNING MOUNTAIN
HOLDINGS, LLC, NETHERLANDS INSURANCE
HOLDINGS, INC., NEW ENGLAND CAPITAL,
LLC, NIH CAPITAL, LLC, NOM GB 2018 I, LLC,
PARADIGM PARK HOLDINGS, LLC, PARALLEL
CAPITAL ASSETS, LLC, PERSHING, LLC, RED
BEGONIA, LLC, REVOLVERCAP PARTNERS
FUND, LP, SATORI WATERS, LLC, SEDWICK,
LLC, SENTINEL SECURITY LIFE INSURANCE
COMPANY, SOMERSWORTH, LLC, STANDARD
ADVISORY SERVICES, LTD, STANDARD
FINANCIAL LIMITED, STANDARD
INVESTMENT CAPITAL, LTD, TREATMENT
RESOURCES OF MARGATE, INC., TRITON
FINANCIAL LIMITED, TUX HOLDINGS, LLC,
TYBEE ISLAND ASSET MANAGEMENT, LLC,

UKAT HOLDINGS, LLC, UKAT INVESTMENT
LIMITED, VERDESIAN LIFE SCIENCES, LLC,
WEARE, LLC, YELLOW LOTUS, LLC, YELLOW
SUNFLOWER, LLC, UBS FINANCIAL SERVICES,
INC., GOLDMAN SACHS LENDING PARTNERS,
LLC, CREDIT SUISSE AG CAYMAN ISLANDS
BRANCH, GOLDMAN SACHS BANK USA,
MORGAN STANLEY SENIOR FUNDING, INC.,
THE BRYN MAWR TRUST COMPANY, and DOES
1 through 10, inclusive,

     Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
OR ALTERNATIVELY TO SEVER AND CHANGE VENUE
<u>OF THE ADVERSARY PROCEEDING AS AGAINST AAPC HOLDINGS, LLC</u>**

# TABLE OF CONTENTS

                                                                                        **Page**

PRELIMINARY STATEMENT ............................................................................1

PROCEDURAL BACKGROUND.....................................................................3

ALLEGATIONS IN THE AMENDED COMPLAINT .............................................5

ARGUMENT .............................................................................................6

I.      ULICO Lacks Standing to Bring this Action...................................................6

II.     This Court Lacks Personal Jurisdiction to Hear This Action Under Rule 12(b)(2)
        With Respect to AAPC ..........................................................................8

III.    This Court Lacks "Related to" Jurisdiction to Hear This Action Under 28 U.S.C. §
        1334(b) and § 157(a)...........................................................................10

IV.     ULICO Fails to Join a Necessary Party, the Trust or its Trustee......................13

V.      ULICO Fails to State a Claim Upon Which Relief Can Be Granted Pursuant to
        Rule 12(b)(6) With Respect to AAPC .....................................................14

        A.      Legal Standard ........................................................................14

        B.      ULICO Fails to State a Claim for Voidable Transfer Against AAPC..................15

        C.      ULICO Fails to State a Claim for Unjust Enrichment Against AAPC.................17

        D.      ULICO Fails to State a Claim for Conversion Against AAPC...........................18

        E.      ULICO Fails to State a Claim for Constructive Trust Against AAPC ................19

        F.      ULICO Fails to State a Claim for Fraud Against AAPC......................................19

        G.      ULICO Fails to State a Claim for Breach of Fiduciary Duty Against
                AAPC....................................................................................21

VI.     Alternatively, the Claims Against AAPC Should be Severed in the Event
        Dismissal is not Granted. .......................................................................22

VII.    The Action Against AAPC Should be Removed to Utah, AAPC's Principal Place
        of Business ......................................................................................24

CONCLUSION...........................................................................................26

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................ *passim*

*Basile v. Walt Disney Co.*,
    717 F. Supp. 2d 381 (S.D.N.Y. 2010) ......................................................................24

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ..................................................................................................14

*Bent v. Zounds Hearing Franchising, LLC*,
    2016 U.S. Dist. LEXIS 3617 (S.D.N.Y. Jan. 12, 2016) ...........................................25

*Blank v. TriPoint Glob. Equities, LLC*,
    338 F. Supp. 3d 194 (S.D.N.Y. 2018) .......................................................................19

*Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*,
    373 F.3d 296 (2d Cir. 2004) ......................................................................................17

*Burrell v. State Farm and Cas. Co.*,
    226 F. Supp. 2d 427 (S.D.N.Y. 2002) .......................................................................16

*Canosa v. Ziff*,
    No. 18-cv-4115, 2018 U.S. Dist. LEXIS 128972 (S.D.N.Y. Aug. 1, 2018) ............11

*Celotex Corp. v. Edwards*,
    514 U.S. 300 (1995) ..................................................................................................10

*Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*,
    494 U.S. 558 (1990) ....................................................................................................7

*Chiste v. Hotels.com L.P.*,
    756 F. Supp. 2d 382 (S.D.N.Y. 2010) .......................................................................25

*Cohen v. BMW Invs. L.P.*,
    668 F. App'x 373 (2d Cir. 2016) ...............................................................................17

*Corsello v. Verizon New York, Inc.*,
    18 N.Y.3d 777 (2012) ................................................................................................17

*In re Cuyahoga Equip. Corp.*,
    980 F.2d 110 (2d Cir. 1992) ......................................................................................10

4893-4348-6464\6

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014)....................................................................................................8

*Diana Allen Life Ins. Tr. v. BP P.L.C.*,
  333 F. App'x 636 (2d Cir. 2009) ..............................................................................7

*In re Ditech Holding Corp.*,
  2021 Bankr. LEXIS 1753 (Bankr. S.D.N.Y. June 25, 2021)...................................15

*In re Ditech Holding Corp.*,
  606 B.R. 544 (Bankr. S.D.N.Y. 2019)....................................................................10

*Epstein v. Haas Securities Corp.*,
  731 F. Supp. 1166 (S.D.N.Y. 1990).......................................................................21

*Erausquin v. Notz, Stucki Mgmt. (Berm.)*,
  806 F. Supp. 2d 712 (S.D.N.Y. 2011).....................................................................23

*In re Gans*,
  75 B.R. 474 (Bankr. S.D.N.Y. 1987) ........................................................................7

*Halebian v. Berv*,
  644 F.3d 122 (2d Cir. 2011)....................................................................................14

*Hicks v. Leslie Feely Fine Art, LLC*,
  No. 1:20-cv-1991(ER), 2021 U.S. Dist. LEXIS 49212 (S.D.N.Y. Mar. 16,
  2021) .......................................................................................................................18

*Hyland v. Navient Corp.*,
  No. 18cv9031 (DLC), 2019 U.S. Dist. LEXIS 113038 (S.D.N.Y. July 8, 2019)...................21

*I.B. Trading, Inc. v. Tripoint Glob. Equities, LLC*,
  280 F. Supp. 3d 524 (S.D.N.Y. 2017).....................................................................19

*ICICI Bank Ltd. v. Essar Glob. Fund Ltd.*,
  565 B.R. 241 (S.D.N.Y. 2017).................................................................................24

*K I C Chems. v. ADCO Chem. Co.*,
  1996 U.S. Dist. LEXIS 3244 (S.D.N.Y. Mar. 19, 1996) ........................................18

*United States ex rel. Ladas v. Exelis, Inc.*,
  824 F.3d 16 (2d Cir. 2016)......................................................................................20

*Lawyers' Fund for Client Protection of the State of New York v. Gateway State
  Bank*,
  658 N.Y.S.2d 705 (App. Div. 1997) ........................................................................18

4893-4348-6464\6

*Lehman Bros. Holdings, Inc. v. 1st Advantage Mortg., LLC* (*In re Lehman Bros. Holdings, Inc.*),
   594 B.R. 33 (Bankr. S.D.N.Y. 2018) .......................................................................24

*Lerner v. Fleet Bank, N.A.*,
   459 F.3d 273 (2d Cir. 2006) ...................................................................................20

*Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*,
   797 F.3d 160 (2d Cir. 2015) ..............................................................................19, 20

*Marsh USA Inc. v. Osterhage*,
   No. 18-cv-3439(AJN), 2019 U.S. Dist. LEXIS 51924 (S.D.N.Y. Mar. 26, 2019) ......................................................................................................................13

*Matsumura v. Benihana National Corp.*,
   542 F. Supp. 2d 245 (S.D.N.Y. 2008) ....................................................................15

*In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*,
   247 F.R.D. 420 (S.D.N.Y. 2007) ............................................................................22

*Mills v. Polar Molecular Corp.*,
   12 F.3d 1170 (2nd Cir. 1993) .................................................................................21

*Modjeska v. Greer*,
   649 N.Y.S.2d 734 (App. Div. 1996) .......................................................................19

*Montagne v. Ag Venture Fin. Servs. (In re Montagne)*,
   Nos. 08-10916, 08-1022, 2009 Bankr. LEXIS 1074 (Bankr. D. Vt. Mar. 26, 2009) ..................................................................................................................22, 23

*Natowitz v. Mehlman*,
   542 F. Supp. 674 (S.D.N.Y. 1982) .........................................................................21

*In re Ocana*,
   151 B.R. 670 (S.D.N.Y. 1993) ...............................................................................11

*Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.*,
   639 F.3d 572 (2d Cir. 2011) ...................................................................................10

*Penguin Grp. (USA) Inc. v. Am. Buddha*,
   609 F.3d 30 (2d Cir. 2010) .......................................................................................8

*POSVEN v. Liberty Mut. Ins. Co.*,
   303 F. Supp. 2d 391 (S.D.N.Y. 2004) ....................................................................25

*Robertson v. Cartinhour*,
   No. 10 Civ. 8442 (LTS), 2011 U.S. Dist. LEXIS 126030, 2011 WL 5175597 (S.D.N.Y. Oct. 28, 2011) .......................................................................................24

iv

*In re Rubin*,
    160 B.R. 269 (Bankr. S.D.N.Y. 1993) .................................................................................11

*Shawmut Bank Conn., N.A. v. Key Components*,
    1994 U.S. Dist. LEXIS 8370 (S.D.N.Y. June 23, 1994).......................................................21

*Shields v. Citytrust Bancorp, Inc.*,
    25 F.3d 1124 (2d Cir. 1994)..................................................................................................15

*Sikkenga v. Regence Bluecross Blueshield of Utah*,
    472 F.3d 702 (10th Cir. 2006) ..............................................................................................15

*Simonds v. Simonds*,
    45 N.Y.2d 233 (1978) ...........................................................................................................19

*Spinelli v. NFL*,
    903 F.3d 185 (2d Cir. 2018)..................................................................................................21

*SPV OSUS, Ltd. v. UBS AG*,
    882 F.3d 333 (2d Cir. 2018)................................................................................................8, 9

*Stern v. Marshall*,
    564 U.S. 462 (2011).................................................................................................................1

*Thole v. U.S. Bank N.A.*,
    140 S. Ct. 1615 (2020)............................................................................................................7

*Viacom Int'l, Inc. v. Kearney*,
    212 F.3d 721 (2d Cir. 2000) (abrogated on other grounds as stated in *Merrill
    Lynch & Co. v. Allegheny Energy, Inc.*, 500 F.3d 171 (2d Cir. 2007)) ..................................13

*Walden v. Fiore*,
    571 U.S. 277 (2014).................................................................................................................8

*Wyndham Assocs. v. Bintliff*,
    398 F.2d 614 (2d Cir. 1968)..................................................................................................23

*Yashiro Co. v. Falchi (In re Falchi)*,
    1998 Bankr. LEXIS 622 (Bankr. S.D.N.Y. May 26, 1998).............................................12, 21

*Yukos Capital S.A.R.L. v. Feldman*,
    977 F.3d 216 (2d Cir. 2020)..................................................................................................21

**Statutes**

28 U.S.C. § 157(a) .......................................................................................................1, 10, 26

28 U.S.C. § 362.............................................................................................................................6

v

28 U.S.C. § 1334(b) ...............................................................................................1, 10, 26

28 U.S.C. § 1404(a) .....................................................................................................1, 24

N.Y. Debt. & Cred. Law § 270 ...........................................................................................7

N.Y. Debt. & Cred. Law § 273-a ......................................................................................16

N.Y. Debt. & Cred. Law § 276 .........................................................................................16

N.Y. Est. Powers & Trusts Law § 7-2.1 ...........................................................................18

**Other Authorities**

Fed. R. Bankr. P. 7008 ...........................................................................................1, 2, 26

Fed. R. Bankr. P. 7009 ..................................................................................................1, 2

Fed. R. Bankr. P. 7012 .....................................................................................................1

Fed. R. Bankr. P. 7017 .....................................................................................................1

Fed. R. Bankr. P. 7021 .....................................................................................................1

Fed. R. Civ. P. 8 ........................................................................................................15, 26

Fed. R. Civ. P. 8(a) ...............................................................................................1, 2, 12

Fed. R. Civ. P. 9(b) ................................................................................................. *passim*

Fed. R. Civ. P. 12(b)(1) ..............................................................................................1, 10

Fed. R. Civ. P. 12(b)(2) ................................................................................................1, 8

Fed. R. Civ. P. 12(b)(6) ......................................................................................1, 14, 26

Fed. R. Civ. P. 12(b)(7) ............................................................................................1, 13

Fed. R. Civ. P. 17 .............................................................................................................6

Fed. R. Civ. P. 17(a) ....................................................................................................1, 6

Fed. R. Civ. P. 19 ...........................................................................................................13

Fed. R. Civ. P.  19(a) .....................................................................................................13

Fed. R. Civ. P. 21 ......................................................................................................1, 22

Defendant AAPC Holdings, LLC ("**AAPC**"), by and through counsel, respectfully submits this memorandum of law in support of its motion, pursuant to Federal Rules of Civil Procedure 8(a), 9(b), 12(b)(1), 12(b)(2), 12(b)(6), 12(b)(7), and 17(a), made applicable by Federal Rules of Bankruptcy Procedure 7008, 7009, 7012, and 7017 (the "**Motion**"), and 28 U.S.C. §§ 1334(b) and 157(a) for an order dismissing the amended complaint (the "**Amended Complaint**") filed by Universal Life Insurance Company ("**ULICO**") as against AAPC in the above-captioned adversary proceeding (the "**Action**"), or alternatively to sever the claims against AAPC from all other defendants and to change venue to Utah, AAPC's principal place of business in the United States, pursuant to 28 U.S.C. § 1404(a) and Federal Rules of Civil Procedure 21, made applicable by Federal Rules of Bankruptcy Procedure 7021.  In furtherance thereof, AAPC respectfully states, as follows:

## PRELIMINARY STATEMENT

ULICO's Action must be dismissed because ULICO lacks standing to bring this Action, this Court lacks jurisdiction, and the Amended Complaint is devoid of substantive factual allegations as to the time, manner and amount of any transfer, or applicable law.  As this adversary proceeding is a noncore proceeding, AAPC does not consent to entry of final orders or judgment by the bankruptcy court pursuant to Federal Rules of Bankruptcy Rule 7008 in the unlikely event that ULICO's claims survive a dismissal.  *See Stern v. Marshall*, 564 U.S. 462 (2011) (finding that the bankruptcy court did not have constitutional authority to issue a final decision over non-core proceedings without the parties' consent).

First, ULICO has failed to allege and establish its standing to assert claims.  ULICO alleges it is the equitable owner of the Trust (defined below) but equitable ownership does not grant standing for the claims asserted.  ULICO is not a creditor of the Trust; ULICO alleges it is a creditor of PBLA but the Trust property is not property of PBLA.

1

Second, this Court lacks personal jurisdiction over AAPC. ULICO fails to allege any transfer to AAPC or that AAPC has any connections and contacts with New York and the Action substantial enough to establish general and specific personal jurisdiction. Indeed, even the general allegation that the defendants received some sort of transfer from the Trust fails to describe AAPC's involvement with the forum and the Action.

Third, this Court lacks "related to" jurisdiction and ULICO has alleged no other jurisdiction before this Court. ULICO excludes the Foreign Debtors from this Action, seeks to recover assets that are outside of the property of the estate or the Foreign Debtors' assets, and seeks recovery only for itself, not for the benefit of PBLA's (defined below) creditors. With respect to AAPC, there is simply no outcome from this Action that would have a conceivable effect on PBLA's estate, and, as such, this Action must be dismissed for lack of subject-matter jurisdiction.

Fourth, ULICO has not joined a necessary party – the Trust or its trustee. The crux of the Amended Complaint is that transfers were made "at one time" to defendants from the Trust yet the Trust is not joined as a party. Clearly, the Trust has an interest and defendants are exposed to substantial risk without joinder of the Trust.

Fifth, notwithstanding the jurisdictional deficiencies, ULICO's "short and plain statement" is so plain that it fails to show any entitlement to relief. ULICO's Amended Complaint contains merely broad conclusory statements against 90-plus defendants without any factual allegations against AAPC, thereby failing the standards set forth in Rules 8(a) and 9(b) of the Federal Rules of Civil Procedure, as incorporated under Rules 7008 and 7009 of the Federal Rules of Bankruptcy. ULICO lumps together over 90 defendants purportedly alleging the same culpability and involvement but only lists seven or eight specific transactions, none of which include AAPC. The substantial deficiencies of the Amended Complaint make it impossible for AAPC to fully consider

4893-4348-6464\6

its rights and defenses without knowing the details of the "who, what, when, where and how", including the choice of law to be applied to ULICO's claims. Such threadbare allegations are legally fatal and the claims must be dismissed.

Sixth, in the event the Amended Complaint is not dismissed as to AAPC, then alternatively the claims against AAPC are separate and distinct of claims against other defendants and should be severed.

Seventh, along with severance of the claims against AAPC, venue should be moved to Utah, which is the principal place of business for AAPC in the United States.

## PROCEDURAL BACKGROUND

As alleged in the Amended Complaint, Plaintiff ULICO is an insurance company incorporated in Puerto Rico with its principal place of business in Puerto Rico. Am. Compl. (Dkt. No. 14) ¶ 17.

AAPC is a limited liability company organized in North Carolina with its principal place of business in Salt Lake City, Utah. AAPC provides training and credentialing services for the healthcare business.

The debtors in the jointly-administered foreign proceedings ("**Foreign Debtors**") are companies incorporated in Bermuda with ties to Greg Lindberg, a defendant in this Action. One of the Foreign Debtors is PB Life and Annuity Co., Ltd., *fka* Private Bankers and Annuity Co., Ltd., ("**PBLA**"), a member of the Global Growth family of companies founded by Greg Lindberg. Am. Compl. ¶ 18.

On September 18, 2020, the Bermuda Monetary Authority presented a petition to the Supreme Court of Bermuda to wind up the Foreign Debtors (the "**Bermuda Proceedings**") and to appoint Rachelle Frisby and John Johnston of Deloitte as joint provisional liquidators of the Foreign Debtors (the "**JPLs**"). *See* Case No. 20-12791 (Dkt. No. 2) ¶ 1. On September 25, 2020,

3

the Bermuda court entered an order granting the appointment of the JPLs for the Foreign Debtors. *See id.*

On December 3, 2020, at the direction of the JPLs the Foreign Debtors filed Chapter 15 petitions for foreign recognition in the Southern District of New York Bankruptcy Court. The bankruptcy court granted recognition of the Foreign Debtor's Bermuda Proceedings as jointly-administered foreign main proceedings on January 5, 2021, and recognized the JPLs as their foreign representatives in the Chapter 15 ("Recognition Order"). Case No. 20-12791, Dkt No. 33.

On July 6, 2021, ULICO commenced this Action against Greg Lindberg and a host of other defendants (the "**Defendants**") but excludes the Foreign Debtors from this Action. Case No. 21-01169, Dkt. No. 33. ULICO filed its Amended Complaint adding AAPC as a co-defendant and others on July 30, 2021. Dkt. No. 14. In total, the Amended Complaint is asserted against 93 Defendants. Am. Compl. ¶¶ 18-104, 107-112.

The Amended Complaint alleges that ULICO entered into reinsurance and trust agreements on June 30, 2017 with PBLA as the grantor and the Bank of New York Mellon acting as the trustee (the "**Trust**"). Am. Compl. ¶ 120. The Amended Complaint further alleges that pursuant to the agreements, PBLA was authorized to manage the investment of the trust assets, subject to investment guidelines. *Id.* ¶ 122. PBLA was "required to inject assets into the trust in the event that it was unsuccessful in maintaining the requisite premium over the reserve requirements." *Id.* ¶ 3. In short, the Amended Complaint alleges that PBLA was responsible for ensuring that adequate funds were at all times available in the Trust in return for the ability to earn the proceeds from investing the trust assets that exceeded the amounts that were required to be in the Trust. *Id.* ¶ 122. ULICO alleges that after it transferred funds to the Trust, "monies were transferred out of

4893-4348-6464\6

the Trust to affiliates owned by Lindberg and his various other corporate entities." *Id.* ¶¶ 5, 121-123.

As of the time of the filing of the Amended Complaint, ULICO has a final judgment against PBLA in the amount of $524,009,051.26 plus interest.  Am. Compl. ¶ 8.

Although none of the Foreign Debtors or the JPLs are not named as parties in the Amended Complaint, ULICO filed this Action as "related to" the Foreign Debtors' Chapter 15 proceedings. Am. Compl. ¶ 114.

## ALLEGATIONS IN THE AMENDED COMPLAINT

As noted above, the premise of the action is based on allegations that Defendant Mr. Lindberg and "co-conspirators" perpetrated a "massive fraudulent scheme" by "conspir[ing] to transfer hundreds of millions of dollars." Am. Compl. ¶ 1.

Specific to AAPC, ULICO merely alleges that it is "a North Carolina limited liability company with a principal place of business located at 2222 Sedwick Road, Durham, NC 27713-4446," that it "has no members who are citizens of Puerto Rico," and that "[t]he 2021 annual report that is filed with the state of North Carolina lists Lindberg as Chairman and secretary." *Id.* ¶ 20.

After listing the remaining Defendants, ULICO then makes a conclusory allegation that "[t]he above listed Defendants are all affiliates of Lindberg ('Lindberg Affiliates') and alter egos of Lindberg, each other, and other corporate entities owned and controlled by Lindberg," that "[a]t one point each of the Lindberg Affiliates received disbursements from the Trust, as directed by PBLA," and that "each of the named Defendants were recipients of such transfers from the Trust." *Id.* ¶¶ 105-106, 125.  Other than these conclusory statements, ULICO provides no factual allegations as to AAPC.  *See generally* Am. Compl. (lacking any such factual allegations).  For example, ULICO alleges that "PBLA under the direction of Lindberg, siphoned off more than $500 million of funds from the Trust (referred to as 'Trust Proceeds') to Lindberg and his affiliated

5

entities in an effort to hinder, defraud and delay recovery to creditors, including ULICO" and that "PBLA engaged in those transactions with the specific intent of defrauding, hindering, and delaying its creditors, which consisted principally, or entirely, of ULICO." *Id.* ¶¶ 124, 126.

ULICO also purports to allege that seven loans to defendants *other than AAPC and without participation by AAPC* were "disguised" as loans but were "fraudulent transfers" where PBLA acted as the lender, Lindberg signed for the transfers, and the funds were drawn from the Trust. *Id.* ¶¶ 127-133 (noting eight loans to other defendants Carnation, Forsyth, Flowery Branch, Daisy Seven, LLC, New England Capital, LLC, Augusta Asset Management, Inc., and Colorado Bankers Life Insurance Company). But, absolutely no facts, much less conclusions about "disguised" loans, are alleged concerning AAPC. *See generally id.* (lacking the same). That is, by simply listing seven or eight loans with *other* defendants and making conclusory statements that those seven or eight loans were fraudulent transfers (without *any* requisite factual support), ULICO purports to allege fraud, conversion, unjust enrichment, constructive trust, breach of fiduciary duty, and a voidable transfer claim *against AAPC* in excess of $500 million.

## **ARGUMENT**

### I.    **ULICO Lacks Standing to Bring this Action**[2]

Rule 17 dictates that every civil action must be prosecuted in the name of the real party in interest. Fed. R. Civ. P. 17(a). ULICO, as a Trust beneficiary and PBLA's creditor, lacks standing to bring this Action:

> A trust involves a duty of the fiduciary to deal with particular property for the benefit of another. The beneficiary of the trust has an equitable interest in the trust property and is, in fact, its equitable owner. The debtor-creditor relationship, on the

---

[2] ULICO also lacks standing to bring this Action due to the Recognition Order's application of the automatic stay under 28 U.S.C. § 362 staying creditor actions. Dkt. No. 33, ¶¶ 3-4. ULICO fails to allege how AAPC is affiliated with the Foreign Debtors. Thus, the automatic stay applies to enjoin ULICO from bringing this Action against AAPC.

4893-4348-6464\6

other hand, involves only the obligation to pay money; it endows the creditor with merely a personal claim against the debtor."

*In re Gans*, 75 B.R. 474, 490 (Bankr. S.D.N.Y. 1987) (citing *In re Nova Real Estate Inv. Tr.*, 23 B.R. 62, 66-67 (Bankr. E.D. Va. 1982)). Typically, "a trustee has the exclusive authority to sue third parties who injure the beneficiaries' interest in the trust." *Diana Allen Life Ins. Tr. v. BP P.L.C.*, 333 F. App'x 636, 638 (2d Cir. 2009) (citing *Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry,* 494 U.S. 558, 567 (1990). "[A] trust beneficiary can sue to enforce a contract entered into on his behalf by the trustee only if the trustee 'improperly refuses or neglects to bring an action against the third person.'" *Chauffeurs,* 494 U.S. at 568 (1990) (citing Restatement (Second) of Trusts § 282(2) (1959)). A beneficiary's equitable interest, which ULICO alleges it maintains, merely allows it to maintain suit to complete, enjoin, or remove the trustee in relation to the trustee's duty to the trust. *Thole v. U.S. Bank N.A.*, 140 S. Ct. 1615, 1626 (2020) (internal quotations and citations omitted).

First, ULICO asserts that it has standing to bring this Action as a creditor of PBLA due to a judgment it obtained against PBLA for $524,009,051.26. *See* Am. Compl. ¶ 8. However, the asset that it is seeking to recover in this Action is not the Foreign Debtors' assets. Rather, the funds transferred to Defendants are assets of the Trust and should be brought by its trustee. Since ULICO is a creditor of PBLA, it can only assert its claim against the Foreign Debtors for PBLA's assets, not against the transferees of the Trust proceeds, as those proceeds belong to the Trust. Assuming *arguendo* that ULICO's choice of law is New York, section 270 of the Debtor and Creditor Law only affords standing for a  debtor's creditor to bring a claim for the debtor's or transferor's own assets, not another entity's property or assets such as a trust. *See* N.Y. Debt. & Cred. § 270 (repealed effective April 4, 2020). Thus, as PBLA's judgment creditor, ULICO only has standing to pursue assets that are or were PBLA's.

Second, ULICO fails to allege that it has standing to bring this Action as a beneficiary of the Trust. The trustee for the Trust has such standing, and nothing in the Amended Complaint alleges that the trustee has improperly refused or neglected to bring this claim on behalf of the Trust. Therefore, neither ULICO's status as PBLA's creditor nor its status as a beneficiary of the Trust are sufficient to establish standing to bring this Action. Based on the foregoing, this Action must be dismissed for lack of standing.

## II.    This Court Lacks Personal Jurisdiction to Hear This Action Under Rule 12(b)(2) With Respect to AAPC

Pursuant to Rule 12(b)(2), ULICO's Amended Complaint must be dismissed for lack of personal jurisdiction over AAPC. "In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a *prima facie* showing that jurisdiction exists." *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34-35 (2d Cir. 2010). "Specific jurisdiction exists when a State exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum; a court's general jurisdiction, on the other hand, is based on the defendant's general business contacts with the forum state and permits a court to exercise its power in a case where the subject matter of the suit is unrelated to those contacts." *SPV OSUS, Ltd. v. UBS AG,* 882 F.3d 333, 343 (2d Cir. 2018) (internal quotation marks omitted). "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Daimler AG v. Bauman,* 571 U.S. 117, 119 (2014). "For a State to exercise [specific] jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). In the Second Circuit, "the standard applied depends on the relationship among the defendant, the forum, and the litigation: [w]here the

8

defendant has had only limited contacts with the state it may be appropriate to say that he will be subject to suit in that state *only if* the plaintiff's injury was proximately caused by those contacts." *SPV OSUS,* 882 F.3d at 344 (internal citations omitted) (emphasis added).

Here, ULICO's allegations are woefully deficient to sufficiently plead general jurisdiction over AAPC.  AAPC is incorporated in North Carolina with its principal place of business in Utah.  ULICO fails to allege how or even if AAPC has sufficient continuous and systematic affiliations with New York.  Indeed, it fails to allege whether AAPC had *any* dealings in New York, distinct from the generalized and conclusory allegation of receiving a transfer that it imputes on all Defendants.

Likewise, ULICO fails to allege specific jurisdiction over AAPC.  Nowhere in the Amended Complaint does ULICO allege that AAPC's contacts in New York, if any, proximately caused the injury alleged in the Action, thereby creating a substantial connection with New York.  The relationship between AAPC, New York, and the Action is too tenuous as ULICO fails to even allege any contacts AAPC has with New York and the Action.  *See SPV OSUS*, 882 F. 3d at 345 (finding that the contacts alleged between the defendants, the forum and the litigation amounting to a handful of communications and a transfer of funds to be insufficient for the court to exercise specific personal jurisdiction).  The only allegation that may come close is the alleged transfers made "at one time" from the Trust to the Defendants.  Am. Compl. ¶ 125.  However, this generalized allegation still fails to establish specific personal jurisdiction over AAPC based on the standards set forth in the Second Circuit and by the U.S. Supreme Court.  Therefore, this Court lacks personal jurisdiction with respect to AAPC and the Amended Complaint must be dismissed as against AAPC.

4893-4348-6464\6

III.     **This Court Lacks "Related to" Jurisdiction to Hear This Action Under 28 U.S.C. § 1334(b) and § 157(a)**

Despite ULICO's assertion that this Court has "related to" jurisdiction over this Action (Am. Compl. ¶ 114), this Court lacks subject-matter jurisdiction and dismissal is appropriate pursuant to Rule 12(b)(1).

28 U.S.C. §§ 1334(b) and 157(a) confer jurisdiction on bankruptcy courts over proceedings "related to" bankruptcy matters.  *See* 28 U.S.C. §§ 157(a), 1334(b).  In the Second Circuit, "a civil proceeding is related to a title 11 case if the action's outcome might have any conceivable effect on the bankrupt estate." *In re Cuyahoga Equip. Corp*., 980 F.2d 110, 114 (2d Cir. 1992). "If that question is answered affirmatively, the litigation falls within the 'related to' jurisdiction of the bankruptcy court." *Id*. Furthermore, "[a]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Celotex Corp. v. Edwards*, 514 U.S. 300, 308, (1995).

There are generally three types of situations where "related to" jurisdiction has been found: (i) cases in which the action will directly impact the amount of any distribution payable to creditors, such as when the bankruptcy trustee sues to recover damages on behalf of the estate[3]; (ii) in cases where courts enjoin third-party non-debtor claims that directly affect the *res* of the bankruptcy estate, such as when the court enjoins a creditor from suing a third party in order to keep in place the debtor's reorganization plan[4]; and (iii) cases in which there is a "reasonable legal

---

[3] *See Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.,* 639 F.3d 572, 579 (2d Cir. 2011) ("If either Bondi or PCFL is successful in their [state law] claims against Grant Thornton, the funds they recover will benefit the respective bankruptcy estates.").

[4] *See In re Ditech Holding Corp.*, 606 B.R. 544, 626 (Bankr. S.D.N.Y. 2019) (concluding that third-party claims which are the subject of the third party releases provision in the plan could have a conceivable effect on the property of the debtors' estates).

10

basis" for a claim by a third-party defendant against the debtor for indemnification or contribution.[5]  This Action fails to fall within any of the three situations described above that would confer "related to" jurisdiction of this Court.

First, there is no allegation that this Action will impact the amount of distribution of the Foreign Debtors' "estate" to the creditors.  The portion of the Trust where ULICO is allegedly entitled to proceeds as a beneficiary is not part of the Foreign Debtors' estate.  Indeed, where a chapter 15 foreign recognition proceeding involves a reinsurance trust, what constitutes as property of the foreign debtor or property of the bankruptcy estate is the portion of the reversionary interest of such debtor in the trust proceeds, and this would depend on a determination by the foreign proceeding under foreign law as to what the entitlement of such trust funds would be as to the debtor and the beneficiaries.  *See In re Rubin*, 160 B.R. 269, 277 (Bankr. S.D.N.Y. 1993) (holding that the bankruptcy court could not order the turnover of the trust's corpus until after a determination is made by the foreign judicial liquidation proceeding of how the trust is divided among the debtor and the trustee of the reinsurance trust); *In re Ocana*, 151 B.R. 670, 673 (S.D.N.Y. 1993) (finding that "[t]he part retained by the Trustee under the terms of the [reinsurance] trust for use to compensate its beneficiaries is not the debtor's property" where the reinsurance company was involved in a Panamanian reorganization).  Notwithstanding any determination by the Bermuda court in relation to what amount of the Trust would be property of the Foreign Debtors or property of ULICO as a beneficiary, the portion of the Trust ULICO is ultimately entitled to would not be the Foreign Debtors' property.  ULICO has not alleged otherwise in its Amended Complaint.  Thus, ULICO seeks recovery that does not affect the distribution of the Foreign Debtors' estate, as any recovery from this Action would not be

---

[5] See *Canosa v. Ziff*, No. 18-cv-4115, 2018 U.S. Dist. LEXIS 128972, at *4 (S.D.N.Y. Aug. 1, 2018) (finding removal by non-debtor defendants proper because the defendants were indemnified by the debtor).

4893-4348-6464\6

considered property of the estate and would not be a part of the distribution to other creditors.  An

asset that never belonged to a debtor could not affect the distribution of the debtor's own assets to

its creditors.

Second, based on the preceding argument that the trust proceeds where ULICO holds an

equitable interest is not property of the Foreign Debtors' estate, the outcome of this Action would

not affect the *res* of the bankruptcy estate.  There is also no indication that it would affect the

Foreign Debtors' Bermuda Proceedings, as the Foreign Debtors are not included as a defendant in

this Action, nor have the JPLs intervened to assert their rights or object in any way due to their

limited powers in a Chapter 15.

Third, ULICO has not established a "reasonable basis" for AAPC to assert any indemnity

or contribution claims against the Foreign Debtors, whether contingent or not.  ULICO has not

even asserted any transactions between PBLA, Mr. Lindberg, the Trust, and AAPC, nor any

amounts involved.  *See generally* Am. Compl. (lacking the same).  Even if ULICO had alleged

facts that would meet Rules 8(a) and 9(b) standards, AAPC still cannot sue the Foreign Debtors in

a way that would have a "conceivable effect" on the estate, as the Trust proceeds are not part of

the estate.

Lastly, recovery that is only payable to the non-debtor plaintiff does not affect a debtor's

estate because it is only payable to that party.  *See Yashiro Co. v. Falchi (In re Falchi)*, 1998 Bankr.

LEXIS 622, at *19 (Bankr. S.D.N.Y. May 26, 1998) (holding that plaintiff's breach of contract

and fraud claims will not affect the debtor's estate because it will be payable to plaintiff only).

Here, ULICO seeks recovery only for ULICO and not for the Foreign Debtors' estate or creditors.

Am. Compl. at 29.  A non-debtor third party suing other third parties without involving the debtor

and the bankruptcy estate for an award that only benefits such third party simply has no relation to

the bankruptcy. Indeed, even if ULICO is a creditor of the Foreign Debtors due to a judgment, ULICO indicates that this recovery will not affect that judgment by excluding PBLA in this Action. Since this Action would have no conceivable effect on the Foreign Debtors' estate, ULICO's Amended Complaint should be dismissed for lack of "related to" jurisdiction.

## IV.    ULICO Fails to Join a Necessary Party, the Trust or its Trustee

A Rule 12(b)(7) motion to dismiss for failure to join a party under Rule 19 entails a two-step analysis. "First, the court must determine whether an absent party . . . qualifies as a 'necessary' party under Rule 19(a)." *Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721, 724 (2d Cir. 2000) (abrogated on other grounds as stated in *Merrill Lynch & Co. v. Allegheny Energy, Inc.*, 500 F.3d 171, 179 (2d Cir. 2007)). A necessary party to a suit is defined as "[p]ersons having an interest in the controversy, and who ought to be made parties[.]" *Id.* (quoting *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 124 (1968)). "When a party is necessary, however, a court then must then assess whether 'joinder of the absent party is not feasible for jurisdictional or other reasons.'" *Marsh USA Inc. v. Osterhage*, No. 18-cv-3439(AJN), 2019 U.S. Dist. LEXIS 51924, at *8 (S.D.N.Y. Mar. 26, 2019) (quoting *Viacom*, 212 F.3d at 725). The court must then determine "whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." *Id.* at *9 (citing Fed. R. Civ. P. 19(b)).

Here, ULICO alleges that funds were transferred out of the Trust and each of the Defendants were recipients of such transfers at one time or another. Am. Compl. ¶¶ 123-25. As set forth in the argument above with respect to ULICO's lack of standing, the funds belong to the Trust, not to ULICO, and, as such, the Trust or its trustee is a necessary party to the Action. As the owner of the transferred funds, the Trust's interest and rights to the funds to be recovered are too great for it not to be a party in this Action. The Trust and its trustee are the ones with rightful

13

standing to bring this Action and are entitled to the relief sought. Without them, the Action should

not proceed in equity and good conscience. Therefore, dismissal of this Action is warranted.

## V.    ULICO Fails to State a Claim Upon Which Relief Can Be Granted Pursuant to Rule 12(b)(6) With Respect to AAPC

As an initial matter, there has been no statement as to what law applies in this Action as to

any of the claims. *See generally* Am. Compl. Thus, it is impossible to determine whether the

statutory elements are satisfied. In any event, even assuming *arguendo* New York law applies, all

of the claims fail.[6] This Court should dismiss ULICO's claims against AAPC under Rule 12(b)(6)

as ULICO fails to state any factual allegations "above the speculative level" and thus fails to set

forth allegations that are plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

(2007). Dismissal is further warranted as ULICO fails to meet the particularity requirement under

Rule 9(b).

### A. Legal Standard

The purpose of Rule 12(b)(6) is "to test, in a streamlined fashion, the formal sufficiency of

the plaintiff's statement of a claim for relief without resolving a contest regarding its substantive

merits." *Halebian v. Berv*, 644 F.3d 122, 130 (2d Cir. 2011). "To survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at

570). Plausibility requires "plead[ing] factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

---

[6] For the purposes of this Motion, AAPC applies New York law only due to current venue. However, AAPC does not waive the application of the appropriate substantive law should the Amended Complaint survive dismissal and should ULICO provide actual facts.

4893-4348-6464\6

Indeed, the pleading requirement in Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusations."[7]  *Id.*  A pleading that offers only "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."  *Id.* (internal quotations omitted).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.*  Allegations that "are no more than conclusions, are not entitled to the assumption of truth."  *Id.* at 679.  Indeed, "the tenet that a court must accept as true all of the allegations . . . is inapplicable to legal conclusions."  *Id.* at 678.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

Moreover, a heightened bar applies where plaintiff alleges fraud.  Such claims "must state with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b).  That is, "a party must provide more than general allegations of fraud, and even where fraud is not an element of the claim, the allegations must satisfy [the Rule] if the claim is based on fraudulent conduct."  *In re Ditech Holding Corp.*, 2021 Bankr. LEXIS 1753, at *26-27 (Bankr. S.D.N.Y. June 25, 2021) (internal quotations omitted).  At minimum, Rule 9(b) requires that the plaintiff "allege facts to show who, what, when, where and how [the defendant] committed fraud."  *Id.* at *27; *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1132 (2d Cir. 1994); *Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 727 (10th Cir. 2006).  Rule 9(b) applies "to any claim that 'sounds in fraud,' regardless of whether fraud is an element of the claim."  *Matsumura* v. *Benihana National Corp.,* 542 F. Supp. 2d 245, 251 (S.D.N.Y. 2008).

### B.  ULICO Fails to State a Claim for Voidable Transfer Against AAPC

ULICO fails to state the applicable law for its voidable transfer claim, and AAPC should not be forced to guess the law under which the voidable transfer claim arises.  Moreover, ULICO

---

[7] "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  *Id.* at 678-79.

makes nothing but conclusory, speculative, and overbroad allegations concerning PBLA and Mr.

Lindberg to assert this claim against scores of defendants.  Indeed, there are absolutely no factual

allegations about the transfer of any specific property to AAPC.  *See generally* Am. Compl. ¶¶

136-149 (lacking the same).

Assuming *arguendo* that New York law applies, N.Y. Debt. & Cred. Law § 276, which

applies to transactions made until April 4, 2020,  requires actual intent to hinder, delay, or defraud

on the part of the defendant.  Nowhere in the Amended Complaint does ULICO allege with

particularity that the Trust, and by tenuous implication, AAPC, had actual intent.  Allegations of

Mr. Lindberg's intent in committing any of the alleged actions for his personal gain should not be

imputed to AAPC, a corporate entity with no control over Mr. Lindberg's actions or PBLA's

actions.  ULICO merely makes generalized conclusions about such fraudulent intent, and does not

address the Trust's intent to either hinder, delay, or defraud.  *See generally* Am. Compl.  In

addition, AAPC incorporates its arguments against ULICO's fraud claim below with respect to

fraudulent intent.

Furthermore, N.Y. Debt. & Cred. Law § 273-a requires a showing of a lack of fair

consideration to properly allege constructive fraud.  ULICO merely makes a conclusory statement

that "ULICO [sic] did not receive reasonably equivalent value in exchange for the transfer" without

elaborating what this value consists of or why it is not reasonably equivalent or fair with respect

to any transfer to AAPC (which is also omitted from the allegations).  Am. Compl., ¶ 144.  None

of the specified transactions listed on the Amended Complaint apply to AAPC.  *See id.* at ¶¶ 127-

32.  A constructive fraud claim contains elements of fraud and is subject to the heightened Rule

9(b) standard in New York.  *See*, *e.g., Burrell v. State Farm and Cas. Co.*, 226 F. Supp. 2d 427,

438-39 (S.D.N.Y. 2002) (applying Rule 9(b) to constructive fraud).  There is no indication from

16

ULICO's allegations that those transactions are the same transaction and transfers involving AAPC and other Defendants. ULICO fails to meet the Rule 9(b) standard of pleading: the allegations do not show the "who, what, when, where and how" AAPC committed constructive fraud. Based on the foregoing, ULICO fails to state a claim for an actual intent fraudulent transfer or a constructively fraudulent transfer in relation to its voidable transfer claim. Thus, this claim against AAPC must be dismissed.

### C.  ULICO Fails to State a Claim for Unjust Enrichment Against AAPC

Assuming *arguendo* New York law, a claim for unjust enrichment requires the plaintiff to establish that: (1) the defendant benefitted; (2) at the plaintiff's expense; and (3) equity and good conscience militate against permitting defendant to retain what the plaintiff is seeking to recover. *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 306 (2d Cir. 2004). Unjust enrichment "is available only in unusual situations when . . . circumstances create an equitable obligation running from the defendant to the plaintiff." *Corsello v. Verizon New York, Inc.*, 18 N.Y.3d 777, 790 (2012). "Although privity is not required for an unjust enrichment claim, a claim will not be supported if the connection between the parties is too attenuated." *Cohen v. BMW Invs. L.P.*, 668 F. App'x 373, 374 (2d Cir. 2016) (citing *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 182 (2011).

Here, ULICO's claim against AAPC merely parrots the elements of the claim. Am. Compl., ¶¶ 151-55. Indeed, there are absolutely no factual allegations concerning AAPC throughout the Amended Complaint, much less factual allegations concerning even a single loan or transaction actually involving AAPC whereby AAPC is alleged to have received a benefit or otherwise been enriched, at ULICO's expense, and under circumstances that would make it unjust for AAPC to retain the benefit (whatever that might be). The relationship between AAPC and ULICO are too

4893-4348-6464\6

attenuated, and ULICO has failed to allege any relationship in its Amended Complaint.  Indeed,

there are no facts plausibly alleging that AAPC received funds from the Trust or from PBLA.

ULICO merely concluded that "[a]t one time, each of the named Defendants were recipients of

such transfers from the Trust."  Am. Compl. at ¶ 125.  ULICO's "[t]hreadbare recitals of the

elements . . . supported by mere conclusory statements, do not suffice" and these allegations are

not required to be taken as true.  *Iqbal*, 556 U.S. at 678.

### D.  ULICO Fails to State a Claim for Conversion Against AAPC

Assuming *arguendo* New York law, conversion requires that a plaintiff has "legal

ownership or an immediate possessory right superior to that of defendant[]'" and that "the

defendant[] exercised unauthorized dominion over the property to the exclusion" of the plaintiff's

rights.  *Hicks v. Leslie Feely Fine Art, LLC*, No. 1:20-cv-1991(ER), 2021 U.S. Dist. LEXIS 49212,

at *21 (S.D.N.Y. Mar. 16, 2021).  Again, ULICO's claim merely sets forth a formulaic recitation

of the elements of the claim against AAPC.  *See generally* Am. Compl., ¶¶ 157-62.  There are

absolutely no factual allegations of the property involved or setting forth ULICO's legal ownership

of that property and that AAPC exercised any unauthorized dominion over that property to the

exclusion of ULICO's rights.  Because there are no actual facts set forth as to any property, transfer

or loan (much less how such loans or transfers had to be authorized by ULICO or were otherwise

unauthorized by ULICO), ULICO fails to meet the minimum plausibility standard.

Moreover, under New York law, money cannot be converted, absent an allegation that the

money is specifically identifiable and there is an obligation to return specific, segregated monies.

*K I C Chems. v. ADCO Chem. Co.*, 1996 U.S. Dist. LEXIS 3244, at *20 (S.D.N.Y. Mar. 19, 1996).

Here, aside from broad and general conclusory allegations against all 90-plus defendants, ULICO

has failed to specifically identify what funds (i.e. what amounts) were even converted by AAPC or what legal obligation AAPC had to return the specific, segregated monies to ULICO.[8]

### E.  ULICO Fails to State a Claim for Constructive Trust Against AAPC

Constructive trust is not a claim to be asserted but an equitable remedy imposed to prevent unjust enrichment.  *Simonds v. Simonds*, 45 N.Y.2d 233, 241 (1978).  ULICO incorrectly applied the concept of constructive trust.  Accordingly, dismissal of this "claim" is appropriate.  *See Blank v. TriPoint Glob. Equities, LLC*, 338 F. Supp. 3d 194, 220 (S.D.N.Y. 2018) (dismissing claim for constructive trust because it is not a basis for a separate cause of action); *I.B. Trading, Inc. v. Tripoint Glob. Equities, LLC*, 280 F. Supp. 3d 524, 545 (S.D.N.Y. 2017) (same).

In any event, there are no factual allegations against AAPC supporting the remedy of constructive trust.  *See generally* Am. Compl., ¶¶ 164-167.  ULICO's conclusory allegations broadly allege, without any facts, that *a non-defendant*, PBLA "entered into and executed hundreds of transactions" and "entered into various loans with Defendants."  *Id.* ¶ 165.  But, ULICO fails to set forth any facts as to any transaction or loan made by PBLA *to AAPC* and how ULICO has any right to any such specific funds transferred or loaned to AAPC.  ULICO's "naked assertion[s] devoid of further factual enhancement" fail to state a claim.  *See Iqbal*, 556 U.S. at 678.

### F.  ULICO Fails to State a Claim for Fraud Against AAPC

ULICO's fraud claim simply does not pass muster under *Twombly/Iqbal*, much less the heightened Rule 9(b) pleading standards.  Assuming *arguendo* New York law, fraud requires:

---

[8] Indeed, New York law provides that a trust beneficiary does not own property that is held in trust. *See* N.Y. Est. Powers & Trusts Law § 7-2.1, practice commentaries (McKinney). *See*, e.g., *Lawyers' Fund for Client Protection of the State of New York v. Gateway State Bank*, 658 N.Y.S.2d 705, 707 (App. Div. 1997) (trust beneficiary did not own trust property and therefore could not sue third party for alleged conversion); *Modjeska v. Greer*, 649 N.Y.S.2d 734, 735 (App. Div. 1996) (same).  ULICO's basis for the conversion claim is its conclusory allegation that it is "the equitable owner of the Trust Proceeds."  Am. Compl., ¶ 157.  ULICO has not alleged a *legal* right to the Trust funds.

"(1) a material misrepresentation or omission of a fact, (2) knowledge of that fact's falsity, (3) an intent to induce reliance, (4) justifiable reliance by the plaintiff, and (5) damages." *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 170 (2d Cir. 2015). Under the heightened pleading requirement of Rule 9(b), fraud claims must be plead with particularity, which requires a plaintiff to "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *United States ex rel. Ladas v. Exelis, Inc.*, 824 F.3d 16, 25 (2d Cir. 2016). Additionally, a plaintiff must allege facts giving rise to a "strong inference of fraudulent intent," which is shown by either alleging a "motive and opportunity to commit fraud, or . . . by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." *Loreley*, 797 F.3d at 176; *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290-91 (2d Cir. 2006).

Here, once again, ULICO's fraud claim is based on general conclusory allegations. Moreover, the allegations concern alleged fraudulent representations made *by another defendant*, Mr. Lindberg, concerning the Reinsurance Agreement. Am. Compl. ¶¶ 169-171. Without any facts, ULICO broadly alleges that those representations were made by Mr. Lindberg "in concert with *each of the [90-plus] Lindberg Affiliates*." *Id.* ¶ 169 (emphasis added). These "labels and conclusions" fail to state a fraud claim *against AAPC*, especially as AAPC is not alleged to be a party to the Reinsurance Agreement. *See Iqbal*, 556 U.S. at 678.

In any event, this claim fails to meet the heightened pleading requirement for fraud under Rule 9(b). That is, it fails to set forth as to *what* specific statements were made *by AAPC*, *who* at *AAPC* made such representations, *where and when* such statements were made, and *how* such statements *by AAPC* were fraudulent. No such factual allegations are set forth as the alleged

fraud is against Mr. Lindberg.  ULICO cannot mass-apply that fraud against the other 90-plus

defendants.  Indeed, a plaintiff "must specify the accusations and particular acts of fraud

committed by each defendant, in cases of multiple defendants, in order to give each defendant

fair notice."  *Shawmut Bank Conn., N.A. v. Key Components*, 1994 U.S. Dist. LEXIS 8370, at *7

(S.D.N.Y. June 23, 1994).[9]  Here, the broad, conclusory allegation that all 90-plus Lindberg

Affiliates defrauded ULICO fails to set forth the requisite factual allegations against AAPC.  This

claim fails to meet the *Twombly/Iqbal* and Rule 9(b) pleading requirements and must be

dismissed as to AAPC.

### G.  ULICO Fails to State a Claim for Breach of Fiduciary Duty Against AAPC

Again, assuming *arguendo* New York law, a claim for breach of fiduciary duty requires a

plaintiff to allege: (1) the existence of a fiduciary relationship, (2) misconduct by the defendant,

and (3) damages directly caused by the defendant's misconduct.  *Yukos Capital S.A.R.L. v.*

*Feldman*, 977 F.3d 216, 241 (2d Cir. 2020).  "A fiduciary relationship exists under New York law

when one [person] is under a duty to act for or to give advice for the benefit of another upon matters

within the scope of the relation."  *Spinelli v. NFL*, 903 F.3d 185, 207 (2d Cir. 2018).  The

relationship "exists only when a person reposes a high level of confidence and reliance in another,

who thereby exercises control and dominance over him."  *Hyland v. Navient Corp.*, No. 18cv9031

(DLC), 2019 U.S. Dist. LEXIS 113038, at *28 (S.D.N.Y. July 8, 2019).  Here, the Amended

Complaint is devoid of any factual allegations setting forth a breach of fiduciary claim against

---

[9] *See also Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2nd Cir. 1993) (dismissing fraud claim where plaintiff failed to connect the alleged fraudulent statements to particular directors); *Epstein v. Haas Securities Corp.*, 731 F. Supp. 1166, 1177 (S.D.N.Y. 1990) ("complaints which assert allegations of fraud against multiple defendants should 'inform each defendant of the nature of his alleged participation in the fraud'") (citation omitted); *Natowitz v. Mehlman*, 542 F. Supp. 674, 676 (S.D.N.Y. 1982) (granting defendants' motion to dismiss because, "[w]hen a plaintiff sues sixteen defendants, he or she has an obligation to allege specifically the fraud perpetrated by each defendant," and "[t]he complaint is replete with vague accusations against 'the defendants' without reference to the specific parties or the specific acts."); *In re Falchi*, 1998 Bankr. LEXIS 622 at *28-30 (dismissing the fraud claim because the general allegations "do not adequately attribute responsibility to each defendant).

4893-4348-6464\6

AAPC.  *See generally* Am. Compl., ¶¶ 173-175.  Not only does ULICO fail to allege that it has a fiduciary relationship with AAPC but the only conclusory statements about the existence of a fiduciary relationship, the breach of that duty, and the resulting damages concerns *the debtor*, PBLA, an entity that is not named as a defendant in this Action.  *Id.*  ULICO has failed to plead a breach of fiduciary duty claim against AAPC and this claim must be dismissed.

## VI.    Alternatively, the Claims Against AAPC Should be Severed in the Event Dismissal is not Granted.

In the event that ULICO's claims against AAPC survive a dismissal, these claims as against AAPC should be severed from the other 90-plus Defendants.  Rule 21 permits a court to "sever any claim against a party."  Fed. R. Civ. P. 21.  Courts in this District consider the following factors when deciding on whether to sever claims:  (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims.  *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig. ("MTBE")*, 247 F.R.D. 420, 424 (S.D.N.Y. 2007) (citing *In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.,* 214 F.R.D. 152, 154-55 (S.D.N.Y. 2003)).  "Severance requires the presence of *only one* of these conditions," and the court's primary consideration should be "principles of fundamental fairness and judicial efficiency."  *Montagne v. Ag Venture Fin. Servs. (In re Montagne)*, Nos. 08-10916, 08-1022, 2009 Bankr. LEXIS 1074, at *6 (Bankr. D. Vt. Mar. 26, 2009) (citing *MTBE*, 247 F.R.D. at 424) (emphasis added).

In this instance, the claims against AAPC arise out of separate alleged yet unspecified transactions than other Defendants.  Unlike the eight identified transactions involving specifically named Defendants, ULICO fails to specify *any* transfers to AAPC.  *See* Am. Compl. ¶¶ 127-32,

137-41.  Furthermore, these transfers each constitute and arise out of separate transactions.  The

fact that ULICO fails to list any transfer to AAPC and the differences in each individual transaction

would raise different questions of law and fact for AAPC against, for instance, the Defendants

with identified transfers, and would require different witnesses and documentary proof that would

involve witnesses and records from Utah, AAPC's principal place of business and corporate

headquarters, and possibly different laws from different jurisdictions.  See *Montagne,* 2009 Bankr.

LEXIS 1074 at *15 (severing claims as they arose out of different transactions conducted by

separate corporations, requiring different witnesses and proof).  Even when some common

question of law and fact exist, the Court is not required to deny a motion to sever.  *See Erausquin*

*v. Notz, Stucki Mgmt. (Berm.)*, 806 F. Supp. 2d 712, 722 (S.D.N.Y. 2011) ("[t]he Court of Appeals

has never required claims to be litigated together on that basis alone [where common question of

law and fact exist]").

Moreover, prejudice against AAPC would be avoided as ULICO's allegations describe

varying degrees of involvement within the pool of Defendants, from Mr. Lindberg who was

allegedly involved in administering the Trust and effectuating the transfers, to AAPC, an entity

only mentioned once in the Amended Complaint to describe where it was incorporated, with its

principal place of business being erroneously listed as North Carolina.  It would be fundamentally

unfair to lump AAPC in with other Defendants that have different transactions, such different

degrees of involvement, and judicial efficiency would not be served where AAPC would have

different facts and circumstances than other Defendants and have potential witnesses and

documents located in Utah.

Furthermore, the Second Circuit and courts within the District have properly severed

claims against one or more defendants for the purpose of permitting the transfer of an action against

collateral defendants, where such defendants are only "indirectly connected to the manipulations which form the main subject matter of the action." *Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968). *See also Erausquin,* 806 F. Supp. 2d at 723 (severing claims to facilitate transfer of venue); *Basile v. Walt Disney Co.*, 717 F. Supp. 2d 381, 389 (S.D.N.Y. 2010) (same). Here, as further asserted below in AAPC's argument for transfer of venue, severance is appropriate as against AAPC where no transactions were alleged specifically for AAPC and AAPC's principal place of business is in Utah with no alleged ties to New York.

AAPC needs to only fulfill one of the enumerated factors for the consideration to sever its claims. However, it fulfills all of the factors. There is ample cause for the Court to sever the claims against AAPC.

## VII.   The Action Against AAPC Should be Removed to Utah, AAPC's Principal Place of Business

In relation to the severance of AAPC's claims, these claims should be transferred to a more proper venue, the District of Utah. In evaluating whether a transfer of venue is appropriate for a non-core adversary proceeding "related to" a case under title 11, courts in this District have applied section 28 U.S.C. § 1404(a). *See Lehman Bros. Holdings, Inc. v. 1st Advantage Mortg., LLC* (*In re Lehman Bros. Holdings, Inc.*), 594 B.R. 33, 50 (Bankr. S.D.N.Y. 2018); *ICICI Bank Ltd. v. Essar Glob. Fund Ltd.*, 565 B.R. 241, 249 n.3 (S.D.N.Y. 2017) (citing *Credit Suisse Ag v. Appaloosa Inv. Ltd. P'shp. I*, No. 15-CV-3474 (SAS), 2015 U.S. Dist. LEXIS 120020, 2015 WL 5257003 at *7 (S.D.N.Y. Sept. 9, 2015)). Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. §1404(a).

In deciding a motion to transfer, a court should first inquire "whether the action could have been brought in the transferee district and, if yes, whether transfer would be an appropriate exercise of the Court's discretion." *Robertson v. Cartinhour*, No. 10 Civ. 8442 (LTS), 2011 U.S. Dist. LEXIS 126030, 2011 WL 5175597, at *3 (S.D.N.Y. Oct. 28, 2011). Assessing whether transfer is a valid exercise of discretion ordinarily requires the court to balance various factors, including: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. *Bent v. Zounds Hearing Franchising, LLC*, 2016 U.S. Dist. LEXIS 3617, at *8 (S.D.N.Y. Jan. 12, 2016) (citations omitted).

Here, there is no question that the Action could have been be brought in the District of Utah, as that District would have personal jurisdiction over AAPC. The courts generally allow for transfers of venue for adversary proceedings. And the transfer would be an appropriate exercise of discretion by the Court, where AAPC's principal place of business is in Salt Lake City, Utah, any relevant documents and records would be located in AAPC's corporate headquarters in Utah, and potential witnesses from AAPC would logically reside in Utah. ULICO fails to allege whether any communications or even transactions occurred in New York, and any alleged transfers of a substantial amount of funds would be received by AAPC in Utah. ULICO has its principal place of business in Puerto Rico, with no ties to New York other than being a beneficiary of the Trust. Am. Compl. ¶¶ 17, 122. Thus the connection to ULICO's choice of forum is minimal at best. *See Chiste v. Hotels.com L.P.*, 756 F. Supp. 2d 382, 401 (S.D.N.Y. 2010) ("when the operative facts

have few meaningful connections to the plaintiffs chosen forum . . . the importance of the plaintiff's choice of forum measurably diminishes"). Furthermore, even assuming *arguendo* that ULICO's choice of law is New York, "[a] forum's familiarity with the governing law . . . is one of the least important factors in determining a motion to transfer." *POSVEN v. Liberty Mut. Ins. Co.*, 303 F. Supp. 2d 391, 405 (S.D.N.Y. 2004). Even the almost non-existent connection to the Foreign Debtors' Chapter 15 proceeding supports the notion that New York is not an appropriate choice of forum.

Here, AAPC incorporates its arguments for severance above to argue and reiterate that a transfer of the action against AAPC would be in the interest of justice and would not render the Action overall inefficient. Based on the foregoing, in the event that the claims against AAPC are not dismissed, these claims should be transferred to the District of Utah.

## **CONCLUSION**

There are multiple reasons for this Court to dismiss ULICO's Action. Not only does ULICO lacks standing to bring this Action, ULICO fails to join the Trust or its trustee as a necessary party. Furthermore, this Court does not possess "related to" jurisdiction under 28 U.S.C. § 1334(b) and § 157(a), and lacks personal jurisdiction over AAPC as ULICO fails to allege any type of contacts or connections AAPC has with this forum and the Action. This Action should be dismissed simply based on standing and jurisdictional grounds. Furthermore, ULICO bears the burden of sufficiently pleading its claims against AAPC specifically and not generally for all defendants. ULICO fails to do so under both Rule 8 and Rule 9(b) standards. Beyond its generalized and conclusory statements, ULICO offers few or no facts that relate to AAPC, even assuming these threadbare facts included are true. All of ULICO's claims fail under the Rule 12(b)(6) standards and the Amended Complaint should be dismissed as to AAPC. Moreover,

AAPC does not consent to entry of final orders or judgment by the bankruptcy court pursuant to Federal Rules of Bankruptcy Rule 7008.  In the event dismissal is denied then the claims against AAPC should be severed from the other defendants and venue transferred to the District of Utah. Accordingly, for the foregoing reasons, this court should dismiss ULICO's Amended Complaint with respect to AAPC.

Dated:  November 1, 2021                                    Respectfully Submitted,

                                                                     DORSEY & WHITNEY LLP


                                                                     By: */s/ Courina Yulisa*_____
                                                                     Courina Yulisa
                                                                     51 West 52nd Street
                                                                     New York, NY 10019-6119
                                                                     Tel: 212-415-9200
                                                                     Fax: 212-953-7201

                                                                     Steven T. Waterman (*pro hac vice*)
                                                                     Milo Steven Marsden (*pro hac vice*)
                                                                     111 South Main Street, Suite 2100
                                                                     Salt Lake City, UT 84111-2176
                                                                     Telephone: 801-933-7360
                                                                     Fax: 801-933-7373

                                                                     *Attorneys for AAPC Holdings, LLC*

4893-4348-6464\6

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the clerk of Court using the CM/ECF system which will send electronic notification of such filing to all other parties who have filed a notice of appearance.

Signed this the 1st day of November 2021.

*/s/ Courina Yulisa*
Courina Yulisa

28