# EXHIBIT A

## AGREEMENT

Rachelle Frisby and John Johnston of Deloitte Ltd. ("Deloitte"), in their capacities as the joint provisional liquidators and authorized foreign representatives ("JPLs") for PB Life and Annuity Co., Ltd. ("PBLA"),[1] and Universal Life Insurance Company (together with its parent, subsidiaries, affiliates, officers, agents, employees, and/or successors in interest and assigns "ULICO"), an insurance company created by the law of the United States unincorporated territory of Puerto Rico with its principal place of business in Puerto Rico, and their respective undersigned Counsel (each a "Party" and, collectively, the "Parties"), hereby enter into the following Agreement ("Agreement"), effective as of October ___, 2021.

## RECITALS

A.  On or about June 30, 2017, PBLA and ULICO executed a Coinsurance Reinsurance Agreement (the "Reinsurance Agreement") whereby PBLA agreed to reinsure liabilities with respect to certain insurance policies issued by ULICO in accordance with the terms of the Reinsurance Agreement.  As required by Section 4.2 of the Reinsurance Agreement, PBLA was to fund the Reinsurance Trust Account ("PBLA ULICO 2017") and Comfort Trust Account ("PBLA ULICO 2017 Comfort Trust", together with PBLA ULICO 2017, the "Trust Accounts") as security for the insurance liabilities covered under the Reinsurance Agreement.

B.  On or about June 30, 2017, the Reinsurance Trust Agreement and Comfort Trust Agreement creating and governing the respective Trust Accounts were executed.  In 2018, Bank of New York Mellon ("BNY Mellon") replaced Wilmington Trust as trustee of the Reinsurance Agreement; on or about February 16, 2018, PBLA, ULICO and BNY Mellon, as Trustee of PBLA ULICO 2017, entered into a new Reinsurance Trust Agreement (the "Reinsurance Trust Agreement") which supersedes all prior agreements.

C.  The Reinsurance Agreement includes an agreement to present and resolve disputes between its parties in arbitration, whereas the Reinsurance Trust Agreement contains no such agreement.  ULICO by writing dated January 27, 2020, demanded arbitration, claiming among

---

[1] PBLA is in provisional liquidation currently pending before the Supreme Court of Bermuda, Companies (Winding Up) Commercial Court, 2020: No. 306 (the "Bermuda Proceeding").

other things that PBLA contributed non-compliant in its performance of the Reinsurance Trust
Agreement.

D.  Prior to the appointment of the JPLs, PBLA denied ULICO's claims and denied that
the arbitration agreement in the Reinsurance Agreement applied.  A judicial proceeding was
initiated in the United States District Court for the Southern District of New York captioned PB
Life and Annuity Co. Ltd. f/k/a Private Bankers Life and Annuity Co., Ltd. v. Universal Life
Insurance Company, *No. 1:20-cv-02284-LJL* (the "SDNY Action").  The Court in the SDNY
Action compelled the parties to present and resolve their disputes pursuant to the arbitration
agreement in the Reinsurance Agreement.  *See* SDNY Action, Opinion & Order dated May 12,
2020, Docket No. 33.  An arbitration panel was constituted, hearings were held, and attorneys for
the parties made oral and written submissions to a panel of arbitrators selected and constituted
pursuant to the arbitration agreement.

E.  Prior to the appointment of the JPLs, the arbitration panel by written award dated June
2, 2020, determined, *inter alia*, that PBLA was required to pay into a segregated bank account
identified by ULICO a monetary award in the amount of $524,009,051.26 within ten (10) days,
after which interest shall run at six (6) percent per annum.  The arbitration remains open, and the
arbitrators remain in place, both pursuant to the governing rules of the arbitration and the award
dated June 2, 2020.

F.  ULICO petitioned in the SDNY Action to confirm the award as a monetary judgment
of the Court.  PBLA sought to vacate the award and otherwise opposed ULICO's petition.  By
Opinion and Order dated July 30, 2020, the SDNY Action Court confirmed the arbitration
award, and judgment issued.  *See* SDNY Action, Opinion & Order dated July 30, 2020, Docket
No. 47 (confirming award, denying PBLA cross-motion); Final Judgment dated August 11,
2020, Docket No. 52.

G.  Prior to the appointment of the JPLs, PBLA timely filed a Notice of Appeal as to the
Opinions and Orders in the SDNY Action dated May 12 and July 30, 2020.  *See, e.g.,* SDNY
Action, Notice of Appeal dated September 8, 2020, Docket No. 54.  The appeal is pending with
the United States Court of Appeals, Second Circuit, Case No. 20-3122 (the "PBLA Appeal").

H.  On December 3, 2020, the JPLs filed a voluntary petition under Chapter 15 of the Bankruptcy Code on behalf of PBLA seeking recognition of PBLA's Bermuda Proceeding as a foreign main proceeding; by order dated January 5, 2021, the Bankruptcy Court granted recognition of the PBLA Bermuda Proceeding as a foreign main proceeding (the "Bankruptcy Court Action").  The PBLA Appeal is currently stayed because of PBLA's Chapter 15 recognition.

I.  On July 6, 2021, ULICO filed an adversary proceeding captioned *Universal Life Insurance Company v. Greg Lindberg, et al*., in the United States Bankruptcy Court of the Southern District of New York Adv. Proc. No. 21-01169-lgb (the "Adversary Proceeding") pursuant to 28 U.S.C. §1334(b) seeking recovery from various defendants of assets that were improperly removed from the Trust Accounts.

J.  The Parties have determined that a resolution of the PBLA Appeal and SDNY Action is in the best interest of all parties, and the inherent costs, delays, and uncertainties of continued litigation.

## COVENANTS

1.  On or before October __, 2021, the JPLs shall withdraw with prejudice the PBLA Appeal in consideration for ULICO agreeing to the following: (1) PBLA shall receive a full credit against the amount of the judgment plus ongoing interest entered in the SDNY Action for any amounts recovered by PBLA and actually placed into the Trust Accounts for the benefit of ULICO; and (2) any and all disputes between the JPLs and ULICO arising from or relating to the value or disposition of the Trust Accounts assets will be exclusively determined under the laws of Puerto Rico by three neutral arbitrators appointed by the Parties' agreement or the applicable rules, sitting in New York, and acting in accordance with the Commercial Arbitration Rules of the American Arbitration Association.

2.  The JPLs acknowledge and confirm their view that the Adversary Proceeding impacts the JPLs' rights and liabilities, in that any recoveries by ULICO in that Adversary Proceeding shall inure to the benefit of the JPLs as referenced in this agreement.  The JPLs therefore are expressly of the view that the SDNY Action "relates to" the Bankruptcy Court Action as that term is understood under federal law.

3

3.   The JPLs will provide reasonable support to ULICO in furtherance of its goals in the Adversary Proceeding, but do not authorize ULICO to litigate any claims on behalf of the JPLs. Any funds recovered in the Adversary Proceeding for the Trust Accounts shall be credited against PBLA's obligations under the judgment in the SDNY Action.

4.   This Agreement is being executed by each of the undersigned representatives of each Party with the full informed authority and consent of such Party.  By executing this Agreement, each Party represents that it has been fully advised by its respective counsel concerning the advantages and disadvantages of this Agreement, and that each Party understands this Agreement.

5.   Neither this Agreement, nor any of its terms or content, shall constitute, or be construed as, or offered as probative of nor as an admission that, any Party is liable to any other Party or to any person not a party to this Agreement.  This Agreement may be introduced into the Bankruptcy Action or any other action in order to establish the right of ULICO to pursue claims necessary to restore funds to the Trust Accounts, however nothing contained herein shall be construed to permit ULICO to assert any claims that belong to the JPLs or PBLA.  This Agreement may be introduced into evidence in any action or proceeding for the purpose of enforcing the terms of this Agreement.

6.   This Agreement shall not affect or modify the terms of any other agreements between the Parties.

7.   The Parties agree that a breach of the provisions of this Agreement by a Party will cause immediate and irreparable harm for which there is no adequate remedy available at law, and the Parties agree that, in addition to any other remedies available, specific performance and injunctive relief are appropriate remedies to compel performance of this Agreement. Notwithstanding the foregoing, no Party shall be liable to any other Party for indirect, incidental, exemplary, consequential, or punitive damages related to this Agreement, arising from any cause of action whatsoever, including contract, warranty, strict liability, or negligence.

8.  This Agreement constitutes the entire agreement among the Parties and their Counsel with respect to its subject matter.  Any modification to this Agreement must be in writing and signed by all Parties or their Counsel.

9.  This Agreement may be signed in separate counterparts, each of which will be binding on all the Parties who have signed any counterpart directly or through their Counsel.

10.  This Agreement is binding upon and shall inure to the benefit of the Parties, their successors, and assigns.  This Agreement shall be governed in all respects by the laws of the State of New York.

11.  If any provision of this Agreement is found or deemed to be invalid or unenforceable by law, or to extend for too long a period of time, then such provision will be deemed stricken from this Agreement or reformed to extend for a shorter period of time, and the remaining provisions of this Agreement will continue in full force and effect.

[Remainder of Page Blank — Signature Page Follows]

10/05/2021 SL1 1714563v1 114825.00001

| | |
|---|---|
| Private Bankers Life and Annuity Co., Ltd., in Provisional Liquidation, acting by its Joint Provisional Liquidators Rachelle Frisby and John Johnston and without personal liability.<br><br>_____<br>By _____, its _____ | STEVENS & LEE, P.C.<br><br>By:<br>_____<br>Nicholas F. Kajon<br>Eric M. Robinson<br>Constantine D. Pourakis<br>Andreas D. Milliaressis<br>485 Madison Avenue, 20th Floor<br>New York, New York 10022<br>Telephone:  212-319-8500<br>Facsimile:  212-319-8505<br>nicholas.kajon@stevenslee.com<br>eric.robinson@stevenslee.com<br>constantine.pourakis@stevenslee.com<br>andreas.milliaressis@stevenslee.com<br><br>*Counsel for Rachelle Frisby and John Johnston, in their capacity as Joint Provisional Liquidators and Foreign Representatives* |
| Universal Life Insurance Company<br><br>By: _____,<br>      José C. Benitez Ulmer<br><br>Its: President | CLYDE & CO US LLP<br><br>By: _____<br>Michael Knoerzer<br>The Chrysler Building<br>405 Lexington Avenue16th Floor<br>New York, NY 10174<br>Michael.Knoerzer@clydeco.us |

| Private Bankers Life and Annuity Co., Ltd., in Provisional Liquidation, acting by its Joint Provisional Liquidators Rachelle Frisby and John Johnston and without personal liability.<br><br>By: _Rachelle Frisby_ its Joint and Several Provisional Liquidator | STEVENS & LEE, P.C.<br><br>By: _____<br>Nicholas F. Kajon<br>Eric M. Robinson<br>Constantine D. Pourakis<br>Andreas D. Milliaressis<br>485 Madison Avenue, 20th Floor<br>New York, New York 10022<br>Telephone: 212-319-8500<br>Facsimile: 212-319-8505<br>nicholas.kajon@stevenslee.com<br>eric.robinson@stevenslee.com<br>constantine.pourakis@stevenslee.com<br>andreas.milliaressis@stevenslee.com<br><br>_Counsel for Rachelle Frisby and John Johnston, in their capacity as Joint Provisional Liquidators and Foreign Representatives_ |
| Universal Life Insurance Company<br><br>By: _____<br>José C. Benitez Ulmer<br><br>Its: President | CLYDE & CO US LLP<br><br>By: _____<br>Michael Knoerzer<br>The Chrysler Building<br>405 Lexington Avenue 16th Floor<br>New York, NY 10174<br>Michael.Knoerzer@clydeco.us |

10/05/2021 SL1 1714563v1 114825.00001