STATE OF MICHIGAN
CIRCUIT COURT FOR THE 30TH JUDICIAL CIRCUIT
INGHAM COUNTY

ANITA G. FOX, DIRECTOR OF THE
MICHIGAN DEPARTMENT OF
INSURANCE AND FINANCIAL SERVICES,

    Petitioner,

    Case No. *19-554* -CR

v

    Hon. *WANDA M. Stokes*

PAVONIA LIFE INSURANCE
COMPANY OF MICHIGAN,

    Respondent.

_____/

STIPULATED ORDER
PLACING PAVONIA LIFE INSURANCE COMPANY OF MICHIGAN
INTO REHABILITATION, APPROVING COMPENSATION OF
SPECIAL DEPUTY REHABILITATORS, AND
PROVIDING INJUNCTIVE RELIEF

At a session of said Court
held in the Circuit Courtrooms
in the City of Lansing, Michigan on the
*9* day of *July*, 2019.

PRESENT: HONORABLE _*WANDA M. STOKES*_
Circuit Court Judge

WHEREAS, Petitioner Anita G. Fox, Director of the Michigan Department of

Insurance and Financial Services ("**Director**"), has filed a Stipulated Petition

seeking an Order Placing Pavonia Life Insurance Company of Michigan into

Rehabilitation, Approving the Compensation of the Special Deputy Rehabilitators,

and Providing Injunctive Relief (the "**Stipulated Rehabilitation Petition**");

WHEREAS, Respondent Pavonia Life Insurance Company of Michigan ("**Pavonia**" or the "**Company**"), is a Michigan domiciled life, accident, and health insurance company authorized to conduct insurance business in Michigan under the Insurance Code of 1956 ("**Insurance Code**"), MCL 500.100 *et seq.* Pavonia received its Michigan certificate of authority on January 1, 1996 under its former name, Hamilton National Life Insurance Company. Pavonia is also licensed to conduct insurance business in 48 other states, the District of Columbia, and Canada. Pavonia's insurance business includes, but is not limited to, term and whole life insurance policies, corporate-owned life insurance policies, credit life and disability insurance policies, and periodic payment annuities. As of January 2012, Pavonia ceased writing any new insurance business but continues to collect renewal premium on its existing insurance business and is currently in run-off;

WHEREAS, Pavonia became part of an insurance holding company system within the meaning of Section 115(c) of the Insurance Code, MCL 500.115(c), following the Company's acquisition by GBIG Holdings, Inc. ("**GBIG Holdings**") in December 2017. As a result of this acquisition, Pavonia is now a wholly-owned subsidiary of GBIG Holdings and an affiliated company (through common ownership by GBIG Holdings) of four other North Carolina domestic insurance companies: (1) Colorado Bankers Life Insurance Company; (2) Southland National Reinsurance Corporation; (3) Southland National Insurance Corporation; and (4) Bankers Life Insurance Company (collectively, the "**Pavonia Affiliates**"). Global Bankers Insurance Group, LLC ("**ServiceCo**"), is a wholly-owned subsidiary of

2

Pavonia and provides all executive management, regulatory oversight review, and administrative services for Pavonia's operations. Completing the relevant holding company structure, GBIG Holdings is a wholly-owned subsidiary of GBIG Capital, LLC, which in turn is wholly-owned by Greg E. Lindberg, a North Carolina resident. Mr. Lindberg is therefore Pavonia's ultimate upstream owner and the Company's ultimate controlling person;

WHEREAS, on June 27, 2019, the North Carolina Commissioner of Insurance ("**North Carolina Commissioner**") placed the Pavonia Affiliates into court-supervised rehabilitation. The Pavonia Affiliates, as well as their ultimate controlling person Greg E. Lindberg, consented to the rehabilitation. Pursuant to the verified petition resulting in the North Carolina order of rehabilitation, the North Carolina Commissioner developed reasonable concerns regarding whether the Pavonia Affiliates' investment activity in non-insurance affiliates provided sufficient liquidity to assure the Pavonia Affiliates' ability to meet their outstanding financial obligations;

WHEREAS, Pavonia is financially stable and has not engaged in the non-insurance affiliate investment activity encumbering the Pavonia Affiliates. As of December 31, 2018, Pavonia had total net admitted assets of $1,101,463,298, total liabilities of $1,027,707,037, and capital and surplus of $73,756,261. Premiums in 2018 were $45,264,153, and net income, adjusted for a change in reserve valuation basis, was $7,022,304;

3

WHEREAS, despite Pavonia's stable financial condition and lack of non-insurance affiliate investments, the Director has concerns about potential financial risk to Pavonia that warrant placing Pavonia into rehabilitation with the Company's consent for the protection of the Company, its assets, policyholders, and creditors, pursuant to this Stipulated Order Placing Pavonia into Rehabilitation, Approving Compensation of Special Deputy Rehabilitators, and Providing Injunctive Relief ("**Order**"). First, because Pavonia is part of a holding company system owned by parent GBIG Holdings, reasonable concerns exist regarding whether GBIG Holdings, the Pavonia Affiliates, and other companies affiliated with Pavonia through common ownership by GBIG Holdings all possess sufficient liquidity to assure their respective abilities to meet outstanding financial obligations. If these non-Pavonia affiliated companies lack sufficient liquid assets to pay all outstanding financial obligations, their financial condition could potentially threaten Pavonia's current financial stability to the detriment of Pavonia's policyholders and creditors;

WHEREAS, second, in April 2019, the Department of Justice ("**DOJ**") unsealed a federal criminal indictment in the Western District of North Carolina charging Pavonia's ultimate owner, Greg E. Lindberg, with conspiracy to commit wire fraud and bribery of a public official. Mr. Lindberg denies all charges. Nevertheless, issuance of these federal criminal charges disrupted Pavonia's relationship with significant business partners, including Pavonia's primary financial institution that terminated its relationship (Pavonia has since secured a

4

replacement financial institution) and Pavonia's audit firm that determined it could not issue its audit report as required by Section 1005 of the Insurance Code, MCL 500.1005;

WHEREAS, third, the North Carolina Commissioner placing the Pavonia Affiliates into court-supervised rehabilitation on June 27, 2019 triggers the Director's regulatory duties to take action ensuring the continued financial stability of Pavonia for the protection of the Company, its assets, policyholders, and creditors;

WHEREAS, given these and related potential risks, Pavonia has developed a proposed plan to protect its assets, policyholders, and creditors, which includes a sale of the Company through a court-approved rehabilitation plan (the "**Plan**"). Representatives of the seller, GBIG Holdings ("**Seller**"), and of the buyer, Aspida Holdco LLC, a Delaware holding company that is an affiliate of ARES Management Corporation ("**Buyer**," and collectively with the Seller, the "**Interested Parties**"), have been in direct communications with the Michigan Department of Insurance and Financial Services ("**DIFS**") staff regarding the Plan. The Interested Parties acknowledge and agree that the Buyer must request and secure Form A approval from DIFS for the Company's acquisition. The Plan includes a Stock Purchase Agreement ("**SPA**") that the Buyer and Seller executed on July 9, 2019, subject to Form A regulatory approval by DIFS, under which the Seller will sell the stock of Pavonia to the Buyer;

5

WHEREAS, among other things, the Plan contemplates filing of the Stipulated Rehabilitation Petition and entry of this Order which, together with a separate, forthcoming proposed procedural order,[1] provide for a 90-day claim process with a bar date (**"Claim Procedure"**) and ordinary course of business operations, which the Interested Parties have requested in an effort to protect the Company, its policyholders, and the Buyer from the above-described potential risks arising from the Pavonia Affiliates and/or current owner. Claims that must be submitted through the Claim Procedure include those of federal, state, and local governments, if any (*e.g.*, the Internal Revenue Service, state taxing authorities) and of other third parties that may claim liabilities not scheduled in Pavonia's financial statements. Obligations due in the ordinary course of business will be paid as Class 1 priority administrative expenses under MCL 500.8142(1)(a). Other scheduled obligations (including, *e.g.*, assumed reinsurance and other executory contracts, such as insurance policies and annuities) will be excepted from the Claim Procedure. The sale closing will not occur unless and until after Form A approval is received from DIFS, the Claim Procedure concludes, this Court approves the rehabilitation Plan that includes the sale, and the rehabilitation of Pavonia is terminated;

WHEREAS, the Director has determined, and Pavonia agrees, that rehabilitation will help to protect Pavonia, its assets, policyholders, and creditors.

---

[1] Detailed procedures governing the bar date, claim process, and other aspects of the Plan are contained in the forthcoming *Order (i) Setting Bar Date and Approving Mandatory Procedures for Claims for Unscheduled Liabilities; (ii) Approving Procedures for Notice, Comment and Hearing Concerning Plan of Rehabilitation and (iii) Approving Combined Notice* (**"Procedural Order"**).

Specifically, the North Carolina Commissioner's order of rehabilitation with respect

to the Pavonia Affiliates, although predominantly relating to the non-insurance

affiliate investment activity of those companies that Pavonia has not engaged in

itself, creates potential risks to Pavonia, its assets, policyholders, and creditors that

can be mitigated through this rehabilitation and implementation of the Plan.

Similarly, the federal criminal charges against Pavonia's ultimate owner, Greg E.

Lindberg, although denied and unproven at this time, create potential risks to

Pavonia, its assets, policyholders, and creditors that can be mitigated through this

rehabilitation and implementation of the Plan;

WHEREAS, Pavonia, by and through its Board of Directors, has consented to

being placed into Rehabilitation under Chapter 81 of the Insurance Code, MCL

500.8101 – 500.8159 ("**Chapter 81**"), under the terms and conditions determined by

the Director to be appropriate;

WHEREAS, Pavonia has further stipulated to the relief sought in the

Stipulated Rehabilitation Petition and to the entry of this Order; and

WHEREAS, the Court has reviewed the Stipulated Rehabilitation Petition

and the terms of this Order, and being otherwise fully advised, finds as follows:

A.    MCL 500.8102 provides that a proceeding under Chapter 81, including

a rehabilitation proceeding, may be applied to an insurer that: (a) is or has been

transacting insurance business in this state and against which claims arising from

that business may exist now or in the future; or (b) has insureds resident in this

state. Pavonia satisfies both criteria and is therefore subject to rehabilitation or any other proceeding authorized by Chapter 81.

B.      MCL 500.8112 vests this Court with jurisdiction to consider the Director's Stipulated Rehabilitation Petition and to enter this Order.

C.      MCL 500.8112 authorizes the Director to petition this Court for an order authorizing the Director to rehabilitate Pavonia based on one or more of thirteen (13) listed grounds.  These grounds include:

*                 *                 *

(*l*) The board of directors . . . request[s] or consent[s] to rehabilitation under this chapter.

D.      Pursuant to MCL 500.8112(*l*), this Order authorizing the Director to rehabilitate Pavonia is proper and should be entered because Pavonia's Board of Directors has consented to rehabilitation under Chapter 81.

E.      Pavonia has further stipulated to the relief sought in the Stipulated Rehabilitation Petition and to the entry of this Order.

F.      As defined by MCL 500.8103(b), a "**Creditor**" is a person having a claim against Pavonia, whether matured or unmatured, liquidated or unliquidated, secured or unsecured, absolute, fixed, or contingent.

G.      The owners, holders, and beneficiaries of insurance policies, annuities, and other insurance contracts of Pavonia, including insurance liabilities and obligations arising under policies, annuities, and contracts assumed or otherwise reinsured by Pavonia (collectively, the "**Policies**"), are collectively referred to herein as the "**Policyholders**."

8

H.    The rights of Policyholders in or to Policies that are: (1) currently recorded on the books and records of Pavonia or ServiceCo on behalf of Pavonia; or (2) identified or scheduled in: (a) Pavonia's 2018 annual and first quarter 2019 financial statements prepared according to statutory accounting principles ("**Pavonia's SAP Statements**"); and (b) ServiceCo's 2018 annual and first quarter 2019 financial statements prepared according to generally accepted accounting principles ("**ServiceCo's GAAP Statements**," and collectively with Pavonia's SAP Statements, the "**Financial Statements**"), are referred to herein as the "**Policyholder Liabilities**."

I.    The rights of, and the liabilities or obligations owed to, non-Policyholder Creditors that Pavonia has not formally disputed and that: (1) are identified or scheduled in the Financial Statements; or (2) Pavonia agrees are due and payable by Pavonia or ServiceCo in the ordinary course of their respective business operations, are referred to herein as the "**Non-Policyholder Liabilities**," and collectively with the Policyholder Liabilities, the "**Scheduled Liabilities**."

J.    All other Creditor claims against Pavonia or ServiceCo not included within the definition of "Scheduled Liabilities" above (regardless whether matured or unmatured, liquidated or unliquidated, secured or unsecured, absolute, fixed, or contingent, asserted or unasserted, known or unknown) are collectively referred to herein as the "**Unscheduled Liabilities**."

K.      All Creditor claims against Pavonia are within the exclusive

jurisdiction of this Court and will be determined, resolved, paid, and/or discharged,

in whole or in part, according to the terms and conditions approved by the Court.

L.      Because this rehabilitation of Pavonia includes the Claim Procedure

for Unscheduled Liabilities, the rights and liabilities of all Creditors holding claims

for Unscheduled Liabilities, and of Pavonia and ServiceCo with respect to such

claims, are fixed as of the date of entry of this Order pursuant to MCL 500.8118(2).

M.      Based upon MCL 500.8105(1), the Court is authorized to enter this

Order including terms that the Court considers necessary and proper to prevent,

among other actions:

a)      Interference with the Rehabilitator or with the rehabilitation
        proceeding;

b)      The institution or further prosecution of any actions or
        proceedings against Pavonia, its assets, or its Policyholders;

c)      The obtaining of preferences, judgments, attachments,
        garnishments, or liens against Pavonia, its assets, or its
        Policyholders;

d)      The levying of execution against Pavonia, its assets, or its
        Policyholders; and

e)      Any other threatened or contemplated action that might lessen
        the value of Pavonia's assets or prejudice the rights of its
        Policyholders, Creditors, or shareholders, or the administration
        of this rehabilitation proceeding.

N.      MCL 500.8114(2), in conjunction with MCL 500.8121(1)(m), authorizes

the Rehabilitator "[t]o prosecute an action that may exist on behalf of the creditors,

members, policyholders, or shareholders of the insurer against an officer of the

insurer or another person."

O.     Pursuant to MCL 500.8116(2), the Rehabilitator may petition the

Court at any time for an order terminating the rehabilitation of Pavonia.  The Court

shall also permit Pavonia's Board of Directors to petition the Court for an order

terminating the rehabilitation of Pavonia and may order payment from Pavonia's

estate for costs and other expenses of the petition as justice may require.  If the

Court finds that rehabilitation has been accomplished and that grounds for

rehabilitation under MCL 500.8112 no longer exist, it shall order that Pavonia be

restored to possession of its property and the control of its business.  The Court may

also make that finding and issue that order at any time upon its own motion.

P.     Action placing Pavonia into rehabilitation is necessary to protect the

interests of Pavonia, its Policyholders, its Creditors, and the public.

THEREFORE, IT IS HEREBY ORDERED that:

1.     Pursuant to MCL 500.8112 and MCL 500.8113, the Director's

Stipulated Rehabilitation Petition is GRANTED, and Pavonia is placed into

rehabilitation under Chapter 81.

2.     Pursuant to MCL 500.8113(1), the Director is appointed Rehabilitator

of Pavonia, and is further authorized to appoint one or more Special Deputy

Rehabilitator(s) pursuant to MCL 500.8114(1).  Hereafter, the Director shall be

referred to as the "Rehabilitator."

3.     Pursuant to MCL 500.8113(1), the Rehabilitator shall take immediate

possession of all the assets of Pavonia and administer those assets under the

Court's general supervision.  As a wholly-owned subsidiary of Pavonia, ServiceCo is

11

included as an "asset of Pavonia" and all references hereafter to "Pavonia" shall include ServiceCo as Pavonia's wholly-owned subsidiary.

4.      Pursuant to MCL 500.8113(1), this Order shall by operation of law vest legal title to all assets, accounts, and moneys of Pavonia in the Rehabilitator. The filing or recording of this Order with the Clerk of the Circuit Court or the Register of Deeds for the county in which the statutory home office, principal place of business, or resident agent of Pavonia is located shall impart the same notice as would a deed, bill of sale, or other evidence of title duly filed or recorded with that Register of Deeds.

5.      Pursuant to MCL 500.8115(1) and paragraph 21(a) of this Order, all actions or proceedings in which Pavonia is a plaintiff that are pending as of the date this Order is entered are automatically STAYED for ninety (90) days plus such additional time as is necessary for the Rehabilitator to obtain proper representation and prepare for further proceedings. Pursuant to paragraph 21(a) of this Order, the institution or continuation of any actions or proceedings in which Pavonia is a defendant, or is obligated to defend another party, is PROHIBITED AND ENJOINED until such time as this Court enters an order lifting the injunction or the Rehabilitator agrees that the matter may proceed.

6.      The Rehabilitator, without being specifically set forth in this Order, shall have: (a) all the powers contained in MCL 500.8114 and 500.8115; (b) all applicable powers set forth in Chapter 81; and (c) such additional powers as the Court shall grant from time to time upon petition of the Rehabilitator.

12

7.     Pursuant to MCL 500.8114(2), upon entry of this Order, all powers of the current directors, officers, and managers of Pavonia are suspended in their entirety, and the Rehabilitator shall have and exercise the full and complete power of such directors, officers, and managers. In her sole discretion, the Rehabilitator may redelegate, in writing, some or all of her authority to a former director, officer, or manager of Pavonia.

8.     Among her plenary powers provided by law, the Rehabilitator shall have full power and authority to direct and manage Pavonia, to hire and discharge Pavonia's officers, managers, and employees subject to any contract rights that they may have, and to deal in totality with the property and business of Pavonia.

9.     Subject to any contract rights and applicable law, upon entry of this Order all officers, managers, and employees of Pavonia shall remain employed unless and until they are notified by the Rehabilitator or Special Deputy Rehabilitator(s) that they have been discharged.

10.     Any director, manager, officer, employee, or agent of Pavonia and any other person shall, upon written request by the Rehabilitator or Special Deputy Rehabilitator(s), vacate any building, office, or other premises of Pavonia.

11.     Pursuant to MCL 500.8114(2) and (4), the Rehabilitator may take such action as she considers necessary or appropriate to reform or revitalize Pavonia, and is empowered to pursue all avenues of reorganization, consolidation, conversion, reinsurance, merger, or other transformation of Pavonia to effectuate rehabilitation and maintain, to the greatest extent possible, a continuity of insurance coverage.

13

12.    Pursuant to MCL 500.8114(4), if the Rehabilitator determines that reorganization, consolidation, conversion, reinsurance, merger, or other transformation of Pavonia is appropriate, she shall prepare a plan to effect those changes and shall apply to the Court for approval of such plan.

13.    Pursuant to MCL 500.8116(1), if the Rehabilitator believes that further attempts to rehabilitate Pavonia would be futile or would substantially increase the risk of loss to Creditors, Policyholders, or the public, she may petition the Court for an order of liquidation.

14.    Pursuant to MCL 500.8116(2), the Rehabilitator may petition the Court at any time for an order terminating the rehabilitation of Pavonia. The Court shall also permit Pavonia's Board of Directors to petition the Court for an order terminating the rehabilitation of Pavonia and may order payment from Pavonia's estate for costs and other expenses of the petition as justice may require. If the Court finds that rehabilitation has been accomplished and that grounds for rehabilitation under MCL 500.8112 no longer exist, it shall order that Pavonia be restored to possession of its property and the control of its business. The Court may also make that finding and issue that order at any time upon its own motion.

15.    In order to ensure the continuity of insurance coverage to Pavonia's Policyholders, and to minimize disruptions to Pavonia's business operations, the Rehabilitator shall pay: (a) all Creditor claims for Policyholder Liabilities arising from benefits payable and/or losses covered under Pavonia Policies, whether incurred or accrued before, on, or after the date of this Order, according to the

14

Company's normal claim processing procedures; (b) all Creditor claims for Non-Policyholder Liabilities incurred or accrued before the date of this Order as they become due in the ordinary course of business; and (c) all Creditor claims for Non-Policyholder Liabilities incurred or accrued on or after the date of this Order that are necessary for the continued operation and/or rehabilitation of Pavonia as they become due in the ordinary course of business.

16.    Pursuant to MCL 500.8137(4), claims made under pre-rehabilitation employment contracts by Pavonia's directors, officers, or persons in fact performing similar functions or having similar powers are statutorily limited to the payment of wages (including any existing fringe benefits, such as health and dental insurance) arising from services they rendered directly to Pavonia that were earned but unpaid prior to the date of this Order.  Accordingly, during the period that Pavonia is in rehabilitation, at no time shall the Rehabilitator pay any claims for severance, post-termination benefits, or other non-wage payments that might otherwise be payable to a Pavonia director or officer upon the termination of his or her employment contract that was entered into prior to the date of this Order.

17.    Pursuant to MCL 500.8113(3), entry of this Order shall not constitute an anticipatory breach of any contracts or relationships between Pavonia and any other persons or entities.  Pursuant to MCL 500.8105(1)(k), during the pendency of this rehabilitation, all persons or entities other than Pavonia Policyholders that have contractual or other relationships with Pavonia as of the date of this Order are

hereby ENJOINED AND RESTRAINED from terminating or attempting to terminate such contracts or relationships on the basis of the entry of this Order.

18.    Pursuant to MCL 500.8106, all officers, managers, directors, trustees, owners, employees, or agents of Pavonia, or any other persons or entities having authority over or in charge of any segment of the affairs of Pavonia, shall fully cooperate with the Rehabilitator and any Special Deputy Rehabilitator(s) that she appoints. Among other things, full cooperation requires a person or entity described in this paragraph to:

(a) Promptly reply to any inquiry by the Rehabilitator, including a written reply when requested;

(b) Provide the Rehabilitator with immediate, full, and complete possession, control, access to, and use of all books, accounts, documents, and other records, information, or property of or pertaining to Pavonia in his, her, or its possession, custody, or control as may be necessary to enable the Rehabilitator and Special Deputy Rehabilitator(s) to operate the business and to maintain the continuity of insurance coverage for all Policyholders;

(c) Provide the Rehabilitator with full and complete access to and control of all assets, documents, data, computer systems, security systems, buildings, leaseholds, and property of or pertaining to Pavonia; and

(d) Provide the Rehabilitator with full and complete access to all legal opinions, memoranda, letters, documents, information, correspondence, legal advice, and any other attorney-client privileged and/or attorney work product materials relating to Pavonia or the operation of Pavonia and its business, provided to or from Pavonia's in-house or outside counsel by or to Pavonia, its officers, managers, directors, trustees, owners, employees, or agents.

In addition, pursuant to MCL 500.8105(1)(c), no person shall obstruct or interfere with the Rehabilitator or Special Deputy Rehabilitator(s) in the conduct of this rehabilitation proceeding.

19.     As provided by MCL 500.8106(4), any failure to cooperate with the Rehabilitator or Special Deputy Rehabilitator(s), any obstruction or interference with the Rehabilitator or Special Deputy Rehabilitator(s) in the conduct of this rehabilitation proceeding, or any violation of an order of the Director validly entered under Chapter 81, may result in:

(a) A sentence requiring the payment of a fine not exceeding $10,000.00, or imprisonment for a term of not more than one year, or both; and

(b) After a hearing, the imposition by the Director of a civil penalty not to exceed $10,000.00, or the revocation or suspension of any insurance licenses issued by the Director, or both.

20.     Any person or entity with possession, custody, or control of assets, documents, data, accounts, moneys, books, records, information, or property of or pertaining to Pavonia shall immediately take all necessary steps to safeguard, preserve, and retain such assets, documents, data, accounts, moneys, books, records, information, or property.  In addition, at the Rehabilitator's or Special Deputy Rehabilitator(s)' request, any person or entity with possession, custody, or control of assets, documents, data, accounts, moneys, books, records, information, or property of or pertaining to Pavonia, shall:

(a) Provide the Rehabilitator with notice that such assets, documents, data, accounts, moneys, books, records, information, or property are in his, her, or its possession, custody, or control, together with a description of the assets, documents, data, accounts, moneys, books, records, information, or property in his, her, or its possession, custody, or control.

(b) Tender possession, custody, and control of such assets, documents, data, accounts, moneys, books, records, information, or property to the Rehabilitator.

17

21.    Pursuant to MCL 500.8105(1) and MCL 500.8114(2), and except as specifically provided in paragraphs 5, 15, 23, and 25 of this Order, all Creditors of Pavonia are ENJOINED from:

(a) Instituting or continuing to prosecute any actions or proceedings to determine, enforce, collect, or assert any claims against Pavonia, its assets, Policyholders, officers, directors, or employees;

(b) Instituting or continuing to prosecute any actions or proceedings to determine, enforce, collect, or assert any claims against the Rehabilitator or Special Deputy Rehabilitator(s), their agents, attorneys, employees, or representatives, or the State of Michigan and its officers, agencies, or departments for claims or causes of action arising out of or relating to Pavonia or any proceedings under Chapter 81;

(c) Obtaining preferences, judgments, attachments, garnishments, or liens against Pavonia, its assets, Policyholders, officers, directors, or employees;

(d) Levying of execution against Pavonia, its assets, Policyholders, officers, directors, or employees; and

(e) Threatening or taking any other action that may lessen the value of Pavonia's assets or prejudice the rights of Pavonia's Creditors as a whole, its Policyholders, or the administration of this rehabilitation proceeding.

22.    Any person who violates an injunction issued in this matter shall be liable to the Rehabilitator, the Policyholder, or both, for the reasonable costs and attorney fees incurred in enforcing the injunction or any court orders related thereto and any reasonably foreseeable damages.

23.    All Creditor claims against Pavonia are within the exclusive jurisdiction of this Court and will be determined, resolved, paid, and/or discharged, in whole or in part, according to the terms and conditions approved by the Court.

24.    Because this rehabilitation of Pavonia includes the Claim Procedure for Unscheduled Liabilities, the rights and liabilities of all Creditors holding claims

18

for Unscheduled Liabilities, and of Pavonia and ServiceCo with respect to such claims, are fixed as of the date of entry of this Order pursuant to MCL 500.8118(2).

25.    Any and all claims by Creditors against Pavonia must be raised or asserted within the rehabilitation proceeding before this Court and are subject to this Court's orders regarding the submission and determination of claims.

26.    Pursuant to MCL 500.8114(1), the Rehabilitator appoints James Gerber, the Director of Receiverships at DIFS, as Special Deputy Rehabilitator for Pavonia. The Rehabilitator further appoints Janice Sylvertooth and Julieanne Gulliver as Special Deputy Rehabilitators, who shall report to Mr. Gerber. Mr. Gerber, Ms. Sylvertooth, and Ms. Gulliver shall serve at the pleasure of the Rehabilitator, who reserves the right to appoint other Special Deputy Rehabilitator(s) to replace and/or serve with them in the future as the need arises. Subject to the supervision and direction of the Rehabilitator and this Court (and with respect to Ms. Sylvertooth and Ms. Gulliver, subject also to the supervision and direction of Mr. Gerber), Mr. Gerber, Ms. Sylvertooth, and Ms. Gulliver shall have all the powers and responsibilities of the Rehabilitator granted under MCL 500.8114.

27.    Pursuant to MCL 500.8114(1), the Rehabilitator has fixed the compensation of Mr. Gerber, Ms. Sylvertooth, and Ms. Gulliver as follows, which this Court approves: Mr. Gerber shall be compensated as a salaried employee of DIFS and shall not receive any additional salary in his capacity as Special Deputy Rehabilitator for Pavonia. Ms. Sylvertooth and Ms. Gulliver shall be compensated

at a fixed hourly rate as retained independent contractors of Pavonia. Mr. Gerber's, Ms. Sylvertooth's, and Ms. Gulliver's expenses for travel, lodging, meals, and other expenses incurred in connection with their appointment as Special Deputy Rehabilitators shall be paid out of the funds or assets of Pavonia as administrative expenses due in the ordinary course of business pursuant to paragraph 15(c) of this Order. Mr. Gerber, Ms. Sylvertooth, and Ms. Gulliver will separately invoice and submit these expenses, which shall be reimbursed subject to State of Michigan reimbursement rates. The Rehabilitator will also allocate to Pavonia the pro-rata portion of Mr. Gerber's salary at the rate of $91 an hour, and the fixed hourly rate of Ms. Sylvertooth and Ms. Gulliver as independent contractors at $85 an hour each, for services attributable to the performance of their duties as Special Deputy Rehabilitators, which compensation shall be paid out of the funds or assets of Pavonia as administrative expenses due in the ordinary course of business pursuant to paragraph 15(c) of this Order and MCL 500.8114(1). In the event that Pavonia does not possess sufficient cash or liquid assets to pay the costs and expenses attributable to Mr. Gerber's, Ms. Sylvertooth's, and Ms. Gulliver's services as Special Deputy Rehabilitators, the Rehabilitator may advance the necessary funds, which shall be repaid out of the first available money of Pavonia pursuant to MCL 500.8114(1).

28.    If Pavonia remains in rehabilitation, the Rehabilitator and Special Deputy Rehabilitator(s) shall make an initial accounting to the Court of Pavonia's financial condition and progress towards rehabilitation on or before January 15,

20

2020. Thereafter, the Rehabilitator and Special Deputy Rehabilitator(s) shall make a similar accounting to the Court each succeeding one-year period from the date of this Order during which Pavonia remains in rehabilitation.

29.    None of the provisions contained in this Order shall be construed to limit the Rehabilitator's authority to conduct receivership proceedings in accordance with the powers granted to her under Chapter 81.

30.    The Court reserves jurisdiction to amend this Order or issue such further orders as it deems just, necessary, and appropriate.

_Wanda M. Stles_
Ingham County
Circuit Court Judge        7/9/19

[The remainder of this page is left intentionally blank;
Stipulation signatures follow]

**CERTIFIED COPY**
**30TH CIRCUIT COURT**

JUL – 9 2019


I hereby certify that this document is a true and correct copy of the original on file with this court.
_____, Deputy Clerk

Stipulated and Agreed:

Christopher L. Kerr (P57131)
Attorney for Petitioner

7/9/19
Dated

**PAVONIA LIFE INSURANCE
COMPANY OF MICHIGAN**

By: Lou Hensley
Lou Hensley

*by consent via
PDF signature--
see attached*

7/9/19
Dated

Its: Chief Executive Officer

22

Stipulated and Agreed:

_____          _____
Christopher L. Kerr (P57131)             Dated
Attorney for Petitioner

**PAVONIA LIFE INSURANCE**
**COMPANY OF MICHIGAN**

By: _____          ___7/9/19___
        Lou Hensley                      Dated

Its:  Chief Executive Officer

22