**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| PB LIFE AND ANNUITY CO., LTD., et al. | Case No. 20-12791 (LGB) |
| | (Jointly Administered) |
| Debtors in Foreign Proceeding. | |
| UNIVERSAL LIFE INSURANCE COMPANY, | Adv. Proc. No. 21-01169 |
| Plaintiff, | |
| v. | |
| GLOBAL GROWTH HOLDINGS, INC., et al., | |
| Defendants. | |

**REPLY TO PLAINTIFF'S OMNIBUS
<u>OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS</u>**

> Luis E. Orengo, Jr. (NY Bar No. 958583)
> LOrengo@carltonfields.com
> **CARLTON FIELDS, P.A.**
> Corporate Center Three at Int'l Plaza
> 4221 West Boy Scout Blvd., Suite 1000
> Tampa, FL  33607-5780
> (T) 813.223.7000
>
> *Attorneys for Atlantic Coast Life Insurance Company
> and Sentinel Security Life Insurance Company*

128085136.2

# **TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT ......................................................................................... 1

II. ARGUMENT ....................................................................................................................... 2

    A. Plaintiff Fails to Address Several of Movants' Arguments ............................................ 2

    B. The Court Should Ignore Facts Introduced in Plaintiff's Opposition ............................. 5

    C. In the alternative, Plaintiff must re-plead the Amended Complaint. ............................. 6

III. CONCLUSION .................................................................................................................... 6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cortec Indus., Inc. v. Sum Holding L.P.*,
    949 F.2d 42 (2d Cir. 1991) ...................................................................................................5

*In re Enron Corp.*,
    367 B.R. 384 (Bankr. S.D.N.Y. 2007) ...................................................................................3

*James v. Correct Care Sols.*,
    2013 WL 5730176 (S.D.N.Y. Oct. 21, 2013) ........................................................................5

*In re Nine West LBO Securities Litig.*,
    505 F. Supp.3d 292 (Bankr. S.D.N.Y. 2020) ........................................................................3

*Pelman ex rel. Pelman v. McDonald's Corp.*,
    396 F.Supp.2d 439 (S.D.N.Y. 2005) .....................................................................................6

**Other Authorities**

FED. R. CIV. P. 12(e) ......................................................................................................................6

Rule 8(a)(2) ....................................................................................................................................2

Rule 9(b) ....................................................................................................................................2, 3

Rule 9(b)'s ..................................................................................................................................2, 3

Rule 10(c) .......................................................................................................................................5

Defendants Atlantic Coast Life Insurance Company ("Atlantic Coast") and Sentinel Security Life Insurance Company ("Sentinel Security") (together, "Movants") file this reply (the "Reply") to Plaintiff's Omnibus Opposition to Defendants' Motions to Dismiss [ECF No. 111] (the "Opposition") and state as follows:

## I. PRELIMINARY STATEMENT

1. Nothing has changed since Universal Life Insurance Company ("ULICO" or "Plaintiff") filed its First Amended Complaint (the "Amended Complaint")[1] that alleged merely one factual allegation specific as to Movants – a state of incorporation. The Amended Complaint still fails to meet basic pleading requirements. Worse, despite repeated inquiries to Plaintiff for additional factual allegations and Plaintiff's subsequent promise to the Court that it would do so in a meet and confer (which it has not done), Movants remains in the dark as to what facts Plaintiff relies upon to claim that Movants are an alter ego of any other Defendant, breached a fiduciary duty, and committed fraud. Movants must again incur the costs of preparing a filing, this time a Reply to the Opposition which merely repeats bare allegations made in the Amended Complaint, fails to address several arguments made by Movants, and adds facts and documents not attached to the Amended Complaint.

2. The Opposition provides nothing that would permit the Amended Complaint to survive Movants' Motion to Dismiss. As such, Movants stand on their Motion to Dismiss and this Reply in urging the Court to dismiss the Amended Complaint.

---

[1] All capitalized terms not defined herein shall have the meaning ascribed to them in the Amended Complaint.

II.     ARGUMENT

A.     **Plaintiff Fails to Address Several of Movants' Arguments**

3.      Plaintiff's Opposition fails to respond to a number of arguments made by Movants in the Motion to Dismiss, including that several of Plaintiff's claims are barred by the applicable statute of limitations.

4.      First, Plaintiff only addresses the "Flowery Defendants" assertions that ULICO's claims are time-barred. Opposition, n. 20. Plaintiff fails to address Movants' separate and distinct limitations arguments as to a number of Plaintiff's claims (e.g. the conversion claim was brought beyond the three-year statute of limitations in New York). *Defendants' Memorandum of Law in Support of Their Motion to Dismiss Plaintiff's First Amended Complaint* [ECF No. 84], ¶¶ 18, 23, 27, 34. The Movants' limitations argument is different than the Flowery Defendants. The Court should dismiss all of Plaintiff's claims that do not address Movants' limitations defenses.

5.      Second, the Opposition does not adequately address the Plaintiff's failure to allege sufficient facts as to Movants and any voidable transfer claims subject to the pleading standards under Rule 9(b) or even the more lenient Rule 8(a)(2). ULICO attempts to lower Rule 9(b)'s standard to its claims by asserting that, "[c]ourts 'have taken a more liberal view when examining allegations of actual fraud that are [pleaded] by a bankruptcy trustee in the context of a fraudulent conveyance, since a trustee is an outsider to the transaction who must plead fraud from second-hand knowledge.'" Opposition, p.20 (citing to *In re Nine West LBO Securities Litig.,* 505 F. Supp.3d 292, 320-321 (Bankr. S.D.N.Y. 2020)). However, "even under the relaxed pleading standard described above, pleadings must be particular enough to fulfill Rule 9(b)'s purpose: to protect the defending party's reputation, to discourage meritless accusations, and to provide detailed notice of fraud claims to defending parties." *Id.* (internal quotations omitted). In *Nine West¸* where the plaintiff was indeed a bankruptcy trustee, the court held that the plaintiff pled the

2

transfers with sufficient particularity because the complaint provided a list of the alleged payment recipients, how much was transferred, and a broad outline of the circumstances under which the transfers occurred. *Id.* at 321.

Plaintiff is not a bankruptcy trustee, but rather, a creditor so its claims subject to Rule 9(b)'s exacting standards—namely, its fraud-based claims—must be pled with particularity. The Plaintiff does not do this. The Amended Complaint provides no allegations regarding the "who, what, when, where, and how" of its averments of fraud as required by Rule 9(b). *In re Enron Corp.*, 367 B.R. 384, 399 (Bankr. S.D.N.Y. 2007). But, even under the relaxed pleading standard, the allegations "suffer from the sort of 'opacity' that courts find insufficient under the relaxed pleading standard." *In re Nine West LBO Securities Litig.*, 505 F.Supp.3d at 321 (citing *In re Bernard L. Madoff Inv. Securities LLC*, 458 B.R. 87, 106 (Bankr. S.D.N.Y. 2011)). The Amended Complaint does not provide a list of alleged payments Movants received, any description of property transferred to and from the Movants, or even a broad outline of the circumstances under which Movants specifically received transfers and the Opposition does not address this lack of specificity. Plaintiff simply fails to identify the specific transfers at issue with respect to Movants. Further, in the Opposition, Plaintiff refers to badges of fraud which can be relied upon in meeting a relaxed pleading standard, yet the Plaintiffs fails to allege any of the badges specifically with respect to Movants but instead refer to corporate entities owned by Lindberg.

6.      Third, the Opposition does not address Movants' arguments as to alter ego allegations. The Opposition states that "PBLA, as alter ego of Lindberg, had a fiduciary duty to ULICO . . . [and] [b]ecause the Lindberg Affiliates are all alleged to be alter-egos of Lindberg as well, the fiduciary obligation to ULICO likewise flows through the affilaites at the direction of Lindberg." Opposition, p. 35-36. The Opposition fails to address how the Amended Complaint

3

provides sufficient allegations to support its contention that Movants are alter-egos or affiliates of Lindberg. Plaintiff instead engages in group pleading, which may perhaps not be prohibited when pleadings actions of multiple entities shown to be the alter ego of each other, but not where an alter ego contention is made without any support. Plaintiff has made no specific allegations to support its contention that Movants, two long-standing insurance companies, are the alter ego of an unaffiliated individual. Without support for Movants' affiliation to Lindberg, Plaintiff's group pleading allegations supporting its claims against Movants fall far short of applicable pleading standards and its claims must be dismissed.

7. Fourth, Plaintiff's Opposition does not adequately address the Amended Complaint's failure to allege facts sufficient to survive the Motion to Dismiss. As set forth in pages 3 - 13 of the Motion to Dismiss, the Amended Complaint fails to allege facts sufficient to make any of Plaintiff's claims against Movants plausible. Plaintiff engages in improper group pleading by lumping all Defendants together on an unsupported alter ego basis. Plaintiff fails to allege several required factual allegations as to Movants, including:

a. with respect to its voidable transfer claims, the identity of transfers at issue, such as date, amount, nature of transfer, etc. Simply put, no transfer is identified;

b. with respect to its fraud claim, there are not factual allegations as to Movants' specific actions or statements that were intended to misrepresent or defraud ULICO, as opposed to Lindberg's actions;

c. with respect to its unjust enrichment claim, there is no allegation as to the benefit conferred upon Movants, Movants' acceptance of such benefit, and the circumstances that make it inequitable for Movants' to have retained such benefit;

    d. with respect to its conversion claim, there are no allegations as to the property owned by ULICO that was used or taken by Movants without ULICO's permission;

    e. and with respect to its breach of fiduciary duty and constructive trust claims, there is no allegations to suggest any duty owed by Movants, much less a breach of the duty.

The utter void of factual allegations as to Movants provide no intelligible means for Movants to respond to Amended Complaint.

### B.    The Court Should Ignore Facts Introduced in Plaintiff's Opposition

8.    Plaintiff's Opposition adds a number of facts through the attachment of a *Wall Street Journal* article that was not attached to the Amended Complaint. The Court should disregard any facts not originally present within the four corners of the Amended Complaint.

9.    "Relying on Rule 10(c), we have held that the complaint is deemed to include any written instrument attached to it as an exhibit or statements or documents incorporated in it by reference." *Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47 (2d Cir. 1991). "The materials that may be considered on a motion to dismiss are those asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference. . . . One way a document may be deemed incorporated by reference is where the complaint refers to the document." *James v. Correct Care Sols.*, 2013 WL 5730176, at *3 (S.D.N.Y. Oct. 21, 2013).

10.    In the Opposition, Plaintiff attaches a *Wall Street Journal* article and Plaintiff extrapolates from that article several factual allegation regarding Lindberg's companies, real estate and other personal property purchases, and political donations. While wholly unrelated to

5

Movants, these factual allegations are beyond the four corners of the Amended Complaint and should be disregarded by the Court.

### C. In the alternative, Plaintiff must re-plead the Amended Complaint.

11. The Amended Complaint is so vague that Movants cannot reasonably be required to frame a responsive pleading and the Opposition fails to address this. "[A] [Rule] 12(e) motion is proper when a complaint pleads a viable legal theory, but is so unclear that the opposing party cannot respond to the complaint." *Pelman ex rel. Pelman v. McDonald's Corp.*, 396 F.Supp.2d 439, 443 (S.D.N.Y. 2005). If the Court does not dismiss the Amended Complaint, it should order Plaintiff to further amend its complaint to provide a more definite statement of its claims which specifically identify Movants' precise involvement and liability for such claims, so that Movants have adequate notice of the specific allegations they must respond to in order to reasonably defend themselves. *See* Fed. R. Civ. P. 12(e).

### III.  CONCLUSION

12. For the aforementioned reasons, the Court should enter an order dismissing Plaintiff's First Amended Complaint or require Plaintiff to amend its First Amended Complaint to provide a more definite statement of its claims such that Movants can reasonably respond and defend themselves.

Dated this 30th day of December, 2021.

        Respectfully submitted,

        **CARLTON FIELDS, P.A.**

        */s/ Luis E. Orengo, Jr.*
        Luis E. Orengo, Jr. (NY Bar No. 958583)

>Corporate Center Three at Int'l Plaza
>4221 West Boy Scout Blvd., Suite 1000
>Tampa, FL 33607-5780
>(T) 813.223.7000
>(E) LOrengo@carltonfields.com
>
>*Attorneys for Atlantic Coast Life Insurance Company and Sentinel Security Life Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the clerk of Court using the CM/ECF system which will send electronic notification of such filing to all other parties who have filed a notice of appearance.

Signed this the 30th day of December 2021.

>*/s/ Luis E. Orengo, Jr.*
>Luis E. Orengo, Jr.

7