**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

| | |
|---|---|
| In re: | |
| PB LIFE AND ANNUITY CO., LTD., *et al*., | Chapter 15 |
| Debtors in Foreign Proceedings | Case No. 20-12791 (LVB) (Jointly Administered) |
| | |
| UNIVERSAL LIFE INSURANCE COMPANY, Plaintiff, | |
| v. | Adv. Proc. No. 21-01169 (LGB) |
| GLOBAL GROWTH HOLDINGS, INC., *et al*. Defendants. | |

**UNIVERSAL LIFE INSURANCE COMPANY'S OPPOSITON TO DEFENDANT MORGAN STANLEY SENIOR FUNDING, INC'S MOTION TO DISMISS**

i

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................................iii

PRELIMINARY STATEMENT ...................................................................................................1

ARGUMENT ..................................................................................................................................3

    I.     ULICO's Standing Is Not Derivative of the JPLs, and ULICO Has Independent Standing, as a Creditor to PBLA, to Pursue Its Claims ......................................3

    II.    This Court has Subject Matter Jurisdiction Over This Matter Absent from the Settlement Agreement. ......................................................................................5

    III.   ULICO Can Still Recover from Morgan Stanley Despite Morgan Stanley Acting as a "Conduit." ..................................................................................................7

CONCLUSION ................................................................................................................................8

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re Bernard Madoff Inv. Sec. LLC*,
   458 B.R. 87 (Bankr. S.D.N.Y. 2011) ................................................................................7

*Cipciao, LLC v. M Chow One, LLC*,
   2021 WL 1141567 (S.D.N.Y. March 24, 2021) ................................................................3

*In re Containership Co. (TCC) A/S*,
   466 B.R. 219 (Bankr. S.D.N.Y. 2012) ..............................................................................4

*In re Fairfield Sentry Ltd. Litig.*,
   458 B.R. 665 (S.D.N.Y. 2011) ..........................................................................................6

*In re Hellas Telecommunications (Luxembourg) II SCA*,
   524 B.R. 488 (Bankr. S.D.N.Y. 2015) ..............................................................................4

*In re JSC BTA Bank*,
   434 B.R. 334 (Bankr. S.D.N.Y. 2010) ..............................................................................6

*In re Markus*,
   610 B.R. 64 (Bankr. S.D.N.Y. 2019), *aff'd*, 620 B.R. 31 (S.D.N.Y. 2020) ......................4

*Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Bernard L. Madoff, LLC)*,
   610 B.R. 197 (Bankr. S.D.N.Y. 2019) ..............................................................................8

*SPV Osus Ltd. v. UBS AG*,
   882 F.3d 333 (2d Cir. 2018) ..............................................................................................5

**Statutes**

11 U.S.C. §1521 (a)(7) ...........................................................................................................3

28 U.S.C. § 1334(b) ...............................................................................................................5

11 U.S. Code § 362 ................................................................................................................4

N.C. General Statutes, §39-23.4 ............................................................................................3

**Other Authorities**

Fed. R. Bankr. Proc.7012 ...........................................................................................1, 3, 7, 8

Fed. R. Bankr. Proc. 7015 ............................................................................................................. 8

Fed. R. Civ. P. 8(a)(2) .................................................................................................................. 7

Fed. R. Civ. P. (b)(6) .................................................................................................................... 1

Fed. R. Bankr. Proc. 9019 ....................................................................................................... 6, 7

**PRELIMINARY STATEMENT**

Plaintiff, Universal Life Insurance Company ("ULICO"), submits this response in opposition to Defendant Morgan Stanley Senior Funding, Inc.'s ("Morgan Stanley") motion to dismiss this adversary proceeding under Federal Rule of Civil Procedure 12 and Bankruptcy Rule 7012. Morgan Stanley sets forth several arguments for dismissal in its motion that ULICO previously addressed and responded to in its Omnibus Opposition to Defendants' Motions to Dismiss [ECF No. 111] filed December 6, 2021 ("Omnibus Opposition"). Specifically, ULICO directs the Court to the arguments set forth in its Omnibus Opposition with regards to Morgan Stanley's general contentions that (1) ULICO lacks standing to bring this adversary proceeding; (2) the Court lacks subject matter jurisdiction over this adversary proceeding; and (3) that ULICO's amended complaint fails to state a claim as a matter of law pursuant to Rule 12(b)(6), particularly with regards to ULICO's unjust enrichment and constructive trust claims. The Omnibus Opposition fully responds to these arguments that were also set forth by various other Defendants and ULICO will not reiterate those arguments here in respect of the Court's time and resources.[1]

Instead, ULICO will specifically address those arguments asserted by Morgan Stanley that have not previously been addressed by other Defendants or that are particular to Morgan Stanley's motion. While Morgan Stanley's motion suffers from the same fatal error as the other Defendants' motions - the assumption that ULICO is seeking relief under the Bankruptcy Code,

---

[1] ULICO also refers the Court to the Omnibus Opposition for a relevant Summary of Allegations.

Morgan Stanley compounds that error by arguing ULICO's standing can only be derivative of the rights of the JPLs. This is simply false.

Morgan Stanley spends a significant portion of its brief explaining why ULICO did not properly pursue derivative standing – which ULICO has never sought – and that such exercise would be futile as the JPLs do not have standing under the Bankruptcy Code and the Uniform Voidable Transfer Act ("UVTA") to pursue such claims. Yet, as ULICO emphasized in its Omnibus Opposition, ULICO's standing is not derivative of the JPLs because the claims it seeks to pursue are entirely its own under the UVTA.[2] Moreover, ULICO agrees with Morgan Stanley that the relief it seeks in its Amended Complaint cannot be brought by the JPLs, and therefore ULICO seeks relief not under the Bankruptcy Code, but under the UVTA. The UVTA explicitly provides relief to creditors such as ULICO. ULICO's pursuit of claims under the UVTA, as opposed to the Bankruptcy Code, also renders Morgan Stanley's arguments that the claims are barred by the Recognition Order and foreclosed by the Automatic Stay moot. ULICO is not utilizing the Bankruptcy Code to bring an action concerning the debtors' rights or obligations, but instead is seeking to undo fraudulent transactions under a completely separate statutory scheme.

While Morgan Stanley similarly asserts that this Court does not have subject matter jurisdiction, Morgan Stanley's motion focuses on the purported invalidity of the settlement agreement entered between PBLA and ULICO. While ULICO disagrees that the settlement agreement is invalid because it lacks this Court's approval, the validity of the settlement agreement itself is of no consequence. The settlement agreement is not the basis for the Court's subject matter jurisdiction over this matter. While addressed more thoroughly below, this matter

---

[2] ULICO refers the Court to pg. 15 of the Omnibus Opposition.

unquestionably "relates to" the Chapter 15 Proceeding, and thus this Court has subject matter jurisdiction to adjudicate ULICO's claims. Finally, Morgan Stanley's argument that ULICO cannot recover from it because it is not a transferee is similarly flawed and misguided. As Morgan Stanley repeatedly emphasizes in its own motion, this case is still in the pleadings stage. While, Morgan Stanley conflates the idea that it is a "mere transferee" with an "initial transferee." The two are not one in the same. As such, liability can still be assigned to an "initial transferee", which ULICO has plead on the face of its complaint sufficient enough to meet its burden for pleading such under Rule 7012. Accordingly, Morgan Stanley's motion should be denied.

## ARGUMENT

### I. ULICO's Standing Is Not Derivative of the JPLs, and ULICO Has Independent Standing, as a Creditor to PBLA, to Pursue Its Claims.

Despite ULICO's clearly stated position in its Omnibus Opposition that it is not seeking derivative standing, Morgan Stanley devotes a considerable portion of its brief to arguing as though ULICO does. Of course, this is not correct. As the main proceeding is a Chapter 15 case, ULICO is not constrained by the remedies of the U.S. Bankruptcy Code because such remedies are specifically excluded. *See* 11 U.S.C. §1521 (a)(7). Therefore, for ULICO to proceed with its claims, such claims must be outside the scope of the Bankruptcy Code. *Id.* This is exactly why ULICO pursues claims under the UVTA on its own behalf, which has been adopted by both North Carolina and New York. The UVTA bestows specific standing to "creditors" to pursue such avoidance actions. NC General Statutes, §39-23.4 ("[a] transfer made or obligation incurred by a debtor is voidable, as to a creditor . . ."); *See e.g. Cipciao, LLC v. M Chow One, LLC*, 2021 WL 1141567, at *7 (S.D.N.Y. March 24, 2021) (noting the relevant provisions of the "U.V.T.A. provide causes of action to a creditor"). Following Morgan

- 3 -

Stanley's rationale, it would be inconceivable to pursue any avoidance claims in a Chapter 15 proceeding. Clearly, this is not the case. As ULICO repeatedly asserts in its Omnibus Opposition – and as Morgan Stanley itself cites in its own brief – there are several cases that have acknowledged creditors' standing to pursue such relief in Chapter 15 proceedings. *See e.g., In re Hellas Telecommunications (Luxembourg) II SCA*, 524 B.R. at 515. Accordingly, ULICO has independent standing as a creditor to pursue relief under the UVTA.

ULICO's independent standing to bring this action also renders moot Morgan Stanley's contention that ULICO's claims are barred by the Court's Recognition Order and imposition of an automatic stay. Section 362 of the Bankruptcy Code operates in the Chapter 15 context as a stay, applicable to all entities, of certain actions taken *against a debtor or the property of the estate*. *In re Containership Co. (TCC) A/S*, 466 B.R. 219, 225 (Bankr. S.D.N.Y. 2012) (emphasis added). The automatic stay prohibits, among other things, "the commencement or continuation" of any "judicial, administrative, or other action or proceeding *against the debtor* that was or could have been commenced before the commencement of the case" or "to recover a claim *against the debtor* that arose before the commencement of the case." *In re Containership Co. (TCC) A/S*, 466 B.R. 219, 225 (Bankr. S.D.N.Y. 2012) (quoting 11 U.S.C. § 362(a)(1)) (emphasis added).

This is not a proceeding against the debtor, PBLA, or an attempted transfer of any of the debtor's property. ULICO instead brings claims under the UVTA against numerous other defendants alleging that such defendants were involved in fraudulent transfers of funds out of a trust administered by PLBA but of which ULICO was the sole beneficiary. Even the authority cited by Morgan Stanley involves contexts where litigants sought transfer of the debtor's assets, in direct contravention of the stay (*see, e.g.*, *In re Markus*, 610 B.R. 64, 75 (Bankr. S.D.N.Y.

2019), *aff'd*, 620 B.R. 31 (S.D.N.Y. 2020) ("[t]he most important consequence of the applicability of section 362 is that from and after April 1, 2019, when the Markus Case was recognized as a foreign main proceeding, *anyone* transferring Markus' property in the United States violated the stay…") (emphasis original).  Thus, just as ULICO does not seek relief under the Bankruptcy Code, the nature of its action against Morgan Stanley, or the other defendants, is not in violation of this Court's Recognition Order or the automatic stay.

> **II.   This Court has Subject Matter Jurisdiction Over This Matter Absent from the Settlement Agreement.**

Under 28 U.S.C. § 1334(b), this Court has subject matter jurisdiction over proceedings "related to" cases under Title 11 of the United States Code, which include Chapter 15 proceedings.  Morgan Stanley is correct in its recitation of the law that a proceeding is "related to" a bankruptcy case "if the action's outcome might have *any conceivable effect* on the bankrupt estate." *SPV Osus Ltd. v. UBS AG,* 882 F.3d 333, 339-40 (2d Cir. 2018) (emphasis added);  ECF No. 124, p. 13.  However, despite such broad legal standards as to what constitutes a "related to" action, Morgan Stanley interprets this language very narrowly.  To suggest, as Morgan Stanley does, that this Adversary Proceeding "has no effect on the debtor" is devoid of merit.

Indeed, ULICO does not disagree with Morgan Stanley that "[r]elated to jurisdiction . . . is not without limits." *Id.* (*citing In re Manshul Constr. Corp.,* 225 B.R. 41, 45 (Bankr. S.D.N.Y. 1998)).  Certainly, a bankruptcy court cannot have jurisdiction over proceedings that would not have an effect on the debtor. *Id.*  Yet, where "the outcome could alter the debtor's [] liabilities," as is the case here, then it is undisputed that the case has a "conceivable effect" on the bankruptcy estate. *Id.*  In this instance, it is certain that the adversary proceeding necessarily impacts the liabilities of PBLA, as PBLA and ULICO entered into a Settlement Agreement which provides that any recoveries made by ULICO in this adversary proceeding shall reduce PBLA's

outstanding judgment owed to ULICO.  *See* Omnibus Opposition Exhibit A.  Absent the Settlement Agreement, there would be a lack of clarity between ULICO and PBLA as to whether ULICO would be entitled to not only recover from PBLA for the outstanding judgment but also for the fraudulent avoidance claims.  The existence of such an ambiguity simply buttresses the fact that this case is plainly related to the Chapter 15 Proceeding.

Morgan Stanley's argument that the Settlement Agreement is "unenforceable and meaningless" is nothing more than a red herring.  This fact that this Court has not approved the Settlement Agreement under Rule 9019 is of no consequence.  Unlike traditional Chapter 11 or Chapter 7 cases, in Chapter 15 cases a Bankruptcy Court does not have plenary jurisdiction over the affairs of the debtor, or in this instance PBLA, despite Morgan Stanley's suggestion otherwise.  *In re Fairfield Sentry Ltd. Litig.*, 458 B.R. 665, 679 (S.D.N.Y. 2011) (noting that Chapter 15 cases differ from "plenary bankruptcy cases" in that the court does not have universal jurisdiction over the debtor's assets).

Here, the main bankruptcy proceeding is in Bermuda.  As this Court is well aware, the purpose of a Chapter 15 proceeding is not to take control of a debtor that is already involved in a foreign proceeding, but to facilitate any matters that pertain to assets within the United States.  *See In re JSC BTA Bank,* 434 B.R. 334, 345 (Bankr. S.D.N.Y. 2010) ("[I]n the chapter 15 context, a bankruptcy court's jurisdiction over property of the debtor is expressly limited to property located within the territorial jurisdiction of the United States.")  There is nothing in the Settlement Agreement that resulted in the transfer of a single dollar in the United States of America.  Instead, the Settlement Agreement serves to clarify the obligations of PBLA – a Bermuda company – to ULICO, in light of the outstanding judgment.  Accordingly, the Settlement Agreement was authorized by the Bermuda Court.  The fact that ULICO and PBLA

did not seek approval from this Court consistent with Rule 9019 of the Federal Rules of Bankruptcy Procedure is inconsequential. The purpose of the Chapter 15 Proceeding is to assist PBLA in managing its estate and creditor obligations as it pertains to any assets that are within the United States. ULICO's Adversary Proceeding seeks to avoid fraudulent transfers that directly impact the liabilities of PBLA. Thus, this proceeding clearly "relates to" the Chapter 15 Proceeding and this Court unquestionably has subject matter jurisdiction over this case.

### III. ULICO Can Still Recover from Morgan Stanley Despite Morgan Stanley Acting as a "Conduit."

Finally, Morgan Stanley's position that ULICO cannot recover from it due to ULICO's allegation that Morgan Stanley acted as a "conduit" and not a "transferee" is unfounded. In its argument, Morgan Stanley seemingly forgets that it has brought a motion under Rule 7012. As ULICO previously notes in its Omnibus Opposition, the Federal Rules of Bankruptcy Procedure do not require the precise pleading of all facts that a plaintiff must prove at trial to prevail on its claims. The rules merely require "notice pleading." *See* Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8(a) is to "give[] the defendant sufficient notice to prepare an answer, frame discovery, and defend against the charges." *In re Bernard Madoff Inv. Sec. LLC,* 458 B.R. 87, 111 (Bankr. S.D.N.Y. 2011). Here, ULICO has placed Morgan Stanley on notice that it received funds transferred from the Trust. In fact, after filing its Amended Complaint, ULICO provided Morgan Stanley with evidence of the *exact* transfers Morgan Stanley received from the Trust, in an effort to reach an early resolution with Morgan Stanley – a similar strategy used with other financial institutions.[3] Morgan Stanley has more than sufficient notice of the nature and basis of ULICO's claims asserted against it, and therefore Morgan Stanley's motion should be denied.

---

[3] Upon information and belief, Morgan Stanley denies the existence of any records pertaining to those trades and has since threatened sanctions against both ULICO and its counsel for pursuing any action against Morgan Stanley.

Indeed, ULICO pleads that Morgan Stanley "received funds transferred from the Trust, before such funds were transferred to various Lindberg Affiliates." Am. Compl. ¶ 111. Morgan Stanley's argument that ULICO did not specifically describe Morgan Stanley as a "transferee" is a matter of semantics. Courts have consistently held that an "initial transferee" can still be held liable in a fraudulent conveyance action. *See e.g., Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Bernard L. Madoff, LLC)*, 610 B.R. 197, 238 (Bankr. S.D.N.Y. 2019) ("[t]he initial transferee is the one who first acquires dominion and control over the transferred asset"). ULICO explicitly alleges that Morgan Stanley "received funds transferred from the Trust," *i.e.* an initial transfer from the Trust. While ULICO concedes whether Morgan Stanley acquired dominion and control over such funds will need to be proven in this litigation to hold Morgan Stanley liable, such proof is not required at the pleading stage to satisfy the standards under Rule 7012. Nevertheless, should this Court be inclined to grant Morgan Stanley's motion, ULICO respectfully requests leave to file a second amended complaint. Fed. R. Bankr. Proc. 7015.

## CONCLUSION

For the reasons set forth above, ULICO respectfully requests that Defendant Morgan Stanley Senior Funding Inc.'s Motion to Dismiss is denied in its entirety.

Dated: January 12, 2022                                        Respectfully submitted,

**UNIVERSAL LIFE INSURANCE COMPANY**

/s/ Clinton E. Cameron
Clinton E. Cameron, *pro hac vice*
Meghan C. Dalton, *pro hac vice*
Courtney D. Logli, *pro hac vice*
CLYDE & CO US LLP
55 West Monroe Street, Suite 3000 Chicago, Illinois 60603-5757

- 8 -

Telephone: 312.635.7000
Facsimile: 312.635.6950
Clinton.Cameron@clydeco.us
Meghan.Dalton@clydeco.us
Courtney.Logli@clydeco.us

Christopher Carlson
CLYDE & CO US LLP
The Chrysler Building
405 Lexington Avenue, 16th Floor
New York, NY 10174
Telephone: 212.710.3900
Christopher.Carlsen@clydeco.us

*Counsel for Plaintiff Universal Life Insurance Company*