UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>PB LIFE AND ANNUITY CO. LTD, et al.,<br><br>Debtors in Foreign Bankruptcy Proceeding. | Chapter 15<br><br>Case No. 20-12791-lgb<br>(Jointly Administered) |
| UNIVERSAL LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL GROWTH HOLDINGS, INC, et al.,<br><br>Defendants. | Adv. Proc. No. 21-01169-lgb |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANT HUTCHISON PLLC'S MOTION TO DISMISS
COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6), 9(b) AND 8(a)(2)**

McCORMICK & O'BRIEN, LLP
9 East 40th Street, Fourth Floor
New York, New York 10016
(212) 320-8972 x700
*lobrien@mcoblaw.com*
*Attorneys for Defendant Hutchison PLLC*
*i/s/h/a Hutchison Law Group, PLLC*

On the Brief:
Liam O'Brien, Esq.

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................... iv

PRELIMINARY STATEMENT ............................................................................................... 1

LEGAL ARGUMENT ............................................................................................................... 2

    POINT I ................................................................................................................................. 2

    PLAINTIFF'S COMPLAINT MUST BE DISMISSED FOR FAILURE TO MEET THE
    PLEADING STANDARD OF FED. R. CIV. P. 8(a)(2) ....................................................... 2

    POINT II ................................................................................................................................ 3

    PLAINTIFF'S COMPLAINT MUST BE DISMISSED PURSUANT TO FED. R. CIV. P.
    12(b)(6) FOR FAILURE TO STATE A CLAIM AGAINST HUTCHISON ........................... 3

        A.    Voidable Transfer ............................................................................................ 4

        B.    Unjust Enrichment .......................................................................................... 5

        C.    Conversion ...................................................................................................... 5

        D.    Constructive Trust .......................................................................................... 6

        E.    Breach of Fiduciary Duty ............................................................................... 6

        F.    Fraud ............................................................................................................... 7

    POINT III ............................................................................................................................... 7

    PLAINTIFF'S FRAUD COUNT AND FRAUD-BASED CLAIMS MUST BE DISMISSED
    PURSUANT TO FED. R. CIV. P. 9(b) FOR FAILURE TO PLEAD WITH
    PARTICULARITY ................................................................................................................ 7

    POINT IV .............................................................................................................................. 10

    THE TWO NEWS ARTICLES INTRODUCED IN PLAINTIFF'S OPPOSITION CANNOT
    BE CONSIDERED AS PART OF THE AMENDED COMPLAINT ................................... 10

    POINT V ............................................................................................................................... 11

    GIVEN THE FAILURE TO PLEAD WITH ANY PARTICULARITY REGARDING
    HUTCHISON, STATUTE OF LIMITATIONS ISSUES CANNOT BE RESOLVED AT THIS
    JUNCTURE ......................................................................................................................... 11

    POINT VI .............................................................................................................................. 12

THE AMENDED COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE .............. 12

CONCLUSION ................................................................................................................ 13

iii

# TABLE OF AUTHORITIES

**Cases**

*2138747 Ontario, Inc. v. Samsung C & T Corp.*, 31 N.Y.3d 372, 377 (2018) ............................. 15

*Ashcroft v. Iqbal*, 556 U.S. 662, 682 (2009) ........................................................................... 2, 3

*Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) .................................................. 2

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ................................................................ 4

*Decker v. Massey–Ferguson, Ltd.,* 681 F.2d 111, 116 (2d Cir. 1982) ........................................ 12

*Devaney v. Chester*, 813 F.2d 566, 569 (2d Cir.1987) .............................................................. 11

*Glob. Fin. Corp. v. Triarc Corp.*, 93 N.Y.2d 525, 526 (1999) ..................................................... 15

*Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016) .............................................................. 13

*Gross v. Diversified Mortgage Investors,* 431 F.Supp. 1080, 1087 (S.D.N.Y.1977) ................... 10

*Hayden v. Cty. of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999) ........................................................ 16

*Heart Disease Rsch. Found. v. Gen. Motors Corp.*, 463 F.2d 98, 100 (2d Cir. 1972) .................. 6

*Hinds Cty., Miss. v. Wachovia Bank N.A.*, 620 F. Supp. 2d 499, 511 (S.D.N.Y. 2009) ............. 4, 5

In re Ahead by a Length, Inc., 100 B.R. 157, 167 (Bankr.S.D.N.Y.1989) .................................. 11

*In re Bankr. Est. of Norske Skogindustrier ASA*, 629 B.R. 717, 738 (Bankr. S.D.N.Y. 2021) 5, 12

*In re Bernard L. Madoff Inv. Sec. LLC*, 458 B.R. 87, 127 (Bankr. S.D.N.Y. 2011) ....................... 8

*In re Elevator Antitrust Litig.*, 502 F.3d 47, 50-51 (2d Cir. 2007) ................................................ 5

*In re Gaston & Snow*, 243 F.3d 599, 608 (2d Cir. 2001) ........................................................... 15

*In re Nine W. LBO Sec. Litig.*, 505 F. Supp. 3d 292, 320–21 (S.D.N.Y. 2020) ...................... 9, 10

*In re Saba Enters., Inc.*, 421 B.R. 626, 640 (Bankr. S.D.N.Y. 2009) .................................... 10, 11

*In re Thelen LLP*, 736 F.3d 213, 219 (2d Cir. 2013) ................................................................. 13

*Kaprov v. Stalinsky*, 44 N.Y.S.3d 123, 126 (2nd Dept. 2016) ...................................................... 8

*Madonna v. United States*, 878 F.2d 62, 66 (2d Cir. 1989) ....................................................... 11

*Menaker v. Hofstra Univ.*, 935 F.3d 20, 30 (2d Cir. 2019) ........................................................... 2

*Pallickal v. Technology International, Ltd.,* No. 94 Civ. 5738, 1996 WL 153699 (S.D.N.Y. Apr. 3, 1996) .................................................................................................................. 12

*Pappas v. Tzolis*, 20 N.Y.3d 228, 229 (2012) ................................................................. 7

*Shields v. Citytrust Bancorp, Inc.,* 25 F.3d 1124, 1128 (2d Cir. 1994) ......................... 10

*State v. Seventh Regiment Fund, Inc.,* 98 N.Y.2d 249, 259 (2002) ................................ 7

*Sterling v. Deutsche Bank Nat'l Tr. Co.*, 2019 WL 5722320 (S.D.N.Y. Aug. 16, 2019) ............... 4

**<u>Rules</u>**

CPLR § 202 ..................................................................................................................... 11

Fed. R. Civ. P. 12(b)(6) .................................................................................................... 3

Fed. R. Civ. P. 8(a)(2) ...................................................................................................... 2

Fed. R. Civ. P. 9(b) .......................................................................................................... 7

**<u>Treatises</u>**

10 Collier on Bankruptcy ¶ 7009.03 ................................................................................ 9

**PRELIMINARY STATEMENT**

Defendant Hutchison PLLC ("Hutchison") submits this Reply Memorandum of Law in further support of its motion to dismiss the amended complaint filed in this adversary proceeding by Plaintiff Universal Life Insurance Company ("Plaintiff" or "ULICO"), and in response to Plaintiff's Omnibus Opposition to Defendants' Motions to Dismiss (the "Opposition"). [ECF No. 111].

Presented with the complete absence of any allegations in its pleading as against movant Hutchison, Plaintiff has chosen to ignore this glaring pleading deficiency and resorted to generalized argument that the amended complaint is sufficient. Indeed, the Opposition contains exactly zero references to Hutchison, aside from acknowledging in footnote 1 that Hutchison is a movant.

While the Plaintiff's pleading generally suffers from substantial and similar defects regarding most or all of the named defendants, the pleading is most strikingly deficient as regards Hutchison. The pleading makes a single allegation regarding Hutchison's existence, and then seemingly and inexplicably groups it together with dozens of corporate or commercial entities alleged to be alter egos of Greg Lindberg, referring to them collectively as the "Lindberg Affiliates". As the lone law firm defendant, Hutchison cannot logically – or even with extreme indulgence – be combined together with purported alter egos of Lindberg while providing no foundation, explanation or particularization for that grouping.

As it stands, the amended complaint is impermissibly vague and is devoid of any allegations regarding Hutchison. Plaintiff fails to address this fatal defect. Under these circumstances, the pleading requirements and standards mandated by Fed. R. Civ. P. 8(a)(2), 9(b) and 12(b)(6) may as well not exist if the amended complaint is deemed sufficient with respect to Hutchison. The pleading must be dismissed.

1

# LEGAL ARGUMENT

## POINT I

### PLAINTIFF'S COMPLAINT MUST BE DISMISSED FOR FAILURE TO MEET THE PLEADING STANDARD OF FED. R. CIV. P. 8(a)(2)

Fed. R. Civ. P. 8(a)(2) requires that Plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal, the complaint must set forth facts that raise a "plausible inference" that Hutchison inflicted a legally cognizable harm upon the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 682 (2009). See *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001)(internal quotation marks omitted)("Fed.R.Civ.P. 8 … requires, at a minimum, that a complaint give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests")

Plaintiff has now filed an initial complaint, an amended complaint, and an opposition to this motion to dismiss, yet Plaintiff has still not satisfied Rule 8(a)(2). Plaintiff's pleading sets forth no facts that raise a plausible inference that Hutchison inflicted a legally cognizable harm upon it. As noted by the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

It is inescapable that the amended complaint must be dismissed. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Menaker v. Hofstra Univ.*, 935 F.3d 20, 30 (2d Cir. 2019). As noted in *Iqbal*, Rule 8 demands "more than an unadorned, the-defendant-unlawfully-harmed me accusation." *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, *they must be supported by factual allegations*." *Id.* at 679 (emphasis added).

"Rule 8 does not empower respondent to plead the bare elements of his cause of action, affix the label 'general allegation,' and expect his complaint to survive a motion to dismiss." *Id.*

2

at 687.  Nonetheless, that is precisely what Plaintiff has done here.  Accordingly, the amended complaint must be dismissed.

## POINT II

### PLAINTIFF'S COMPLAINT MUST BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(b)(6) FOR FAILURE TO STATE A CLAIM AGAINST HUTCHISON

Dismissal of the amended complaint is required pursuant to Fed. R. Civ. P. 12(b)(6) because the complaint contains no allegations specific to Hutchison with respect to the asserted causes of action.  Plaintiff has therefore failed to state any claims against Hutchison upon which relief can be granted.

A complaint must set forth factual allegations that are sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Here, the operative pleading fails to include any allegations whatsoever with respect to Hutchison.  It is therefore undisputable that the complaint fails to satisfy the pleading requirements of Rule 12(b)(6).  See *Hinds Cty., Miss. v. Wachovia Bank N.A.*, 620 F. Supp. 2d 499, 511 (S.D.N.Y. 2009)(dismissing complaint with respect to joint defendants against whom no specific allegations were made); *Sterling v. Deutsche Bank Nat'l Tr. Co.*, 2019 WL 5722320 (S.D.N.Y. Aug. 16, 2019)(dismissing complaint for failure to state a claim where "[a]part from identifying the defendants in the section styled "Parties," the complaint [was] devoid of any allegations" against the moving defendants).

The district court cogently observed in *Hinds* that:

> A complaint that enumerates "basically every type of conspiratorial activity that one could imagine" and that lists "in entirely general terms without any specification of any particular activities by any particular defendant" is "nothing more than a list of theoretical possibilities, which one could postulate without knowing any facts whatever."

3

> [*Hinds*, 620 F. Supp. 2d at 513, quoting *In re Elevator Antitrust Litig.*, 502 F.3d 47, 50-51 (2d Cir. 2007)].

The pleading at issue here suffers from precisely the same defects with respect to Hutchison, and Plaintiff fails to cure these fatal defects in its Opposition. Accordingly, the complaint must be dismissed.

While the lack of any substantive factual allegations regarding Hutchison makes clear that the complaint fails to state a claim against it, a brief review of the asserted claims and their general elements[1] further reinforces the appropriateness of a Rule 12(b)(6) dismissal. Plaintiff asserted six causes of action in its amended complaint: voidable transfer; unjust enrichment; conversion; constructive trust; breach of fiduciary duty and fraud.

### A. **Voidable Transfer**[2]

---

[1] Plaintiff's Opposition does not set forth a choice of law analysis with respect to its claims, and intermittently references the elements of its claims under New York and/or North Carolina law, though mostly under New York law. For purposes of this reply, Hutchison will reference the elements cited by Plaintiff. However, Hutchison does not concede that New York law applies to any or all of Plaintiff's asserted claims and does not waive the choice of law issue. Indeed, given the paucity of factual allegations, the defendant entities and the Court are hard pressed at this juncture to perform a full or proper choice of law analysis. See generally *In re Bankr. Est. of Norske Skogindustrier ASA*, 629 B.R. 717, 738 (Bankr. S.D.N.Y. 2021)(noting, in context of motion to dismiss and limited allegations in complaint, that it "may be necessary for the Court to later revisit its choice of law analysis" when it becomes clearer where the alleged conduct actually occurred).

[2] The amended complaint does not reference the statutory basis for Plaintiff's voidable transfer claim. In its Opposition, Plaintiff noncommittally states that it is "pursuing its claims under one of the uniform voidable transfer statutes, be it the UVTA, the UFTA, or the UFTC". (Opposition at pg. 15). It should not be left to the Court or to the responding defendants to decipher, conjure and/or piece together the factual allegations and legal grounds for Plaintiff's claims. As noted throughout the defendants' dismissal motions, Plaintiff's entire pleading suffers from this defect. See *Heart Disease Rsch. Found. v. Gen. Motors Corp.*, 463 F.2d 98, 100 (2d Cir. 1972)("Even under the liberal Federal Rules of Civil Procedure, there is a limit to how much a court may be called upon to divine in assessing the sufficiency of the complaint before it, particularly when the plaintiff is represented by counsel").

Plaintiff notes in its Opposition that a creditor can seek to void a transfer or obligation incurred by a debtor if the debtor made the transfer in two general circumstances: (1) with the intent to hinder, delay, or defraud any creditor; or (2) without receiving reasonably equivalent value in exchange for the transfer where the transfer is insolvent. (Opposition at pg. 19). Here, the amended complaint:

- sets forth no allegation that the debtor – i.e., PBLA – made any transfer to Hutchison or incurred any obligation to Hutchison;

- sets forth no allegation that a transfer or obligation to Hutchison was made with the intent to hinder, delay, or defraud any creditor; and

- sets forth no allegation that a transfer or obligation to Hutchison was made without receiving reasonably equivalent value in exchange for the transfer where PBLA was insolvent at the time of transfer or was rendered insolvent as a result of the transfer.

Plaintiff has unequivocally failed to assert a voidable transfer claim against Hutchison.

### B. Unjust Enrichment

Plaintiff states in its Opposition that to state on a claim for unjust enrichment, a plaintiff must establish (1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that 'equity and good conscience' require restitution. (Opposition at pg. 24). Here, the amended complaint contains no factual allegations demonstrating that Hutchison received any benefit at Plaintiff's expense, nor that restitution is required as a matter of equity. Plaintiff has unequivocally failed to assert an unjust enrichment claim against Hutchison.

### C. Conversion

Conversion is the "unauthorized assumption and exercise of the right of ownership over goods belonging to another to the exclusion of the owner's rights". *State v. Seventh Regiment*

5

*Fund, Inc.,* 98 N.Y.2d 249, 259 (2002)(citation and internal quotation marks omitted). "Two key elements of conversion are the plaintiff's possessory right or interest in the property and the defendant's dominion over the property or interference with it, in derogation of plaintiff's rights". *Pappas v. Tzolis*, 20 N.Y.3d 228, 229 (2012).

Plaintiff bases its conversion claim on "the over $500 million that was fraudulently transferred out of the ULICO trusts." (Opposition at pg. 26). However, the amended complaint contains no factual allegations demonstrating that Hutchison assumed any control or dominion over Plaintiff's trust funds, that any such control was unauthorized, that Hutchison maintained possession of Plaintiff's funds in derogation of Plaintiff's rights, or that Hutchison prevented the return of the funds to Plaintiff. Plaintiff has thus unequivocally failed to assert a conversion claim against Hutchison.

### D. Constructive Trust

Plaintiff notes in its Opposition that a constructive trust claim requires a party to "establish four factors: (1) a fiduciary or confidential relationship; (2) an express or implied promise; (3) a transfer in reliance on the promise; and (4) unjust enrichment", citing *Kaprov v. Stalinsky*, 44 N.Y.S.3d 123, 126 (2nd Dept. 2016). (Opposition at pg. 24).

Here, Plaintiff's amended complaint contains no factual allegations that: Hutchison and Plaintiff had a fiduciary or confidential relationship; that Hutchison made an express or implied promise to Plaintiff; that Plaintiff made a transfer to Hutchison in reliance on the promise; or that Hutchison was unjustly enriched as a result. Plaintiff has unequivocally failed to assert a constructive trust claim against Hutchison.

### E. Breach of Fiduciary Duty

Plaintiff notes in its Opposition that under New York law, the elements of a cause of action to recover damages for breach of fiduciary duty are (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct, citing *In re Bernard L. Madoff Inv. Sec. LLC*, 458 B.R. 87, 127 (Bankr. S.D.N.Y. 2011). (Opposition at pg. 26).

Here, yet again, Plaintiff's amended complaint contains no factual allegations that: a fiduciary relationship existed between Hutchison and Plaintiff; that Hutchison engaged in any specified misconduct; or that Hutchison conduct directly caused damages to Plaintiff. Plaintiff has unequivocally failed to assert a breach of fiduciary duty claim against Hutchison.

### F. Fraud

Plaintiff's opposition contentions pertaining to fraud are addressed in Point III below.

### POINT III

**PLAINTIFF'S FRAUD COUNT AND FRAUD-BASED CLAIMS MUST BE DISMISSED PURSUANT TO FED. R. CIV. P. 9(b) FOR FAILURE TO PLEAD WITH PARTICULARITY**

Dismissal of the amended complaint is required pursuant to Fed. R. Civ. P. 9(b) based on Plaintiff's failure to state with particularity the circumstances constituting any fraud purportedly committed by Hutchison. Pursuant to Fed. R. Civ. P. 9(b), Plaintiff is required to allege any fraud claim against Hutchison with specificity, and must advise Hutchison of the specific fraudulent acts or omissions in which it purportedly participated. Here, again, given that the amended complaint contains no specific allegations against Hutchison, its fraud claim fails and must be dismissed.

Plaintiff contends that the amended complaint satisfies the requirements of Rule 9(b). Plaintiff further contends that in any event, the heightened pleading requirement does not apply to its fraud claim because, like a trustee, Plaintiff was an outsider to the alleged fraudulent

7

transactions, citing *In re Nine W. LBO Sec. Litig.*, 505 F. Supp. 3d 292, 320–21 (S.D.N.Y. 2020). (Opposition at pg.20).

First, it is readily apparent that the amended complaint does not meet Rule 9(b)'s heightened pleading requirement with respect to any fraud allegations against Hutchison. As noted repeatedly herein, the amended complaint actually contains no allegations against Hutchison whatsoever, much less any particularized allegations of fraudulent conduct.

To satisfy the pleading requirements of Rule 9(b), a complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Shields v. Citytrust Bancorp, Inc.,* 25 F.3d 1124, 1128 (2d Cir. 1994). See *Gross v. Diversified Mortgage Investors,* 431 F.Supp. 1080, 1087 (S.D.N.Y.1977)(a purpose of Rule 9(b) is to discourage the filing of complaints "as a pretext for discovery of unknown wrongs"), *aff'd,* 636 F.2d 1201 (2d Cir. 1980). Here, it is clear that Plaintiff's fraud claim against Hutchison does not meet Rule 9(b)'s heightened pleading standard.

Second, while our courts have sometimes recognized a limited exception to the heightened pleading standard explicitly with respect to bankruptcy trustees, as referenced in *In re Nine W. LBO Sec. Litig.* and *In re Saba Enters., Inc.*, 421 B.R. 626, 640 (Bankr. S.D.N.Y. 2009), Plaintiff fails to cite any authority which extends that limited exception to non-trustee parties, or more specifically, to adversary proceeding plaintiffs. Accordingly, the trustee exception does not apply to Plaintiff.

Third, even if the fraud claims are considered under a relaxed pleading standard, the amended complaint still clearly fails to satisfy the pleading requirements of Rule 8(a)(2), and does not sufficiently state a claim against Hutchison under Rule 12(b)(6). "[T]he relaxed pleading

8

standard applicable to trustees does not mean that the particularity requirement is eliminated." *In re Saba Enterprises, Inc.*, 421 B.R. at 640-41. See *Devaney v. Chester,* 813 F.2d 566, 569 (2d Cir.1987)(stating that the relaxed standard does not eliminate the particularity requirement, and finding that a complaint completely lacking in specific facts does not satisfy the relaxed standard); *In re Ahead by a Length, Inc.,* 100 B.R. 157, 167 (Bankr.S.D.N.Y.1989)(stating that the particularity requirement is not eliminated and that even under the relaxed standard, "each defendant is entitled to be apprised of the nature of his alleged participation in the fraud").

Applying the foregoing standards, requirements and principles, it is clear that Plaintiff's fraud claims must be dismissed as to Hutchison. The complaint does not contain any particular allegations against Hutchison which relate to the fraud cause of action, or any other related cause of action. See *Madonna v. United States*, 878 F.2d 62, 66 (2d Cir. 1989)(dismissing fraud claims and they were not pled with particularity, noting that plaintiff's contention "that discovery will unearth information tending to prove his contention of fraud, is precisely what Rule 9(b) attempts to discourage"); *Decker v. Massey–Ferguson, Ltd.,* 681 F.2d 111, 116 (2d Cir. 1982)("Rule 9(b) [fails] in its purpose if conclusory generalizations such as these will permit a plaintiff to set off on a long and expensive discovery process in the hope of uncovering some sort of wrongdoing"). See also *Pallickal v. Technology International, Ltd.,* No. 94 Civ. 5738, 1996 WL 153699 (S.D.N.Y. Apr. 3, 1996)("[w]here there are multiple defendants, a complaint must identify which defendant is responsible for which act").

"In any event, general allegations are insufficient when pleading fraud, and the party asserting the claim must plead facts, including time and place and content of the misrepresentations, ... [and] facts with respect to the consequences of the fraud." *In re Bankr. Est.*

9

of *Norske Skogindustrier ASA*, 629 B.R. 717, 733 (Bankr. S.D.N.Y. 2021) citing 10 Collier on Bankruptcy ¶ 7009.03.

## POINT IV

### THE TWO NEWS ARTICLES INTRODUCED IN PLAINTIFF'S OPPOSITION CANNOT BE CONSIDERED AS PART OF THE AMENDED COMPLAINT

Plaintiff's Opposition contains references to two news articles which concern defendant Greg Lindberg's suspected financial misdeeds, as well as the criminal charges against him arising from an alleged attempt to bribe a state insurance regulator. (See Exhibits B and C to the Declaration of Clinton E. Cameron, ECF No. 111-1). It is respectfully submitted that the articles cannot properly form a part of Plaintiff's pleading and should not be considered on this motion to dismiss.

"In adjudicating a motion to dismiss, a court may consider only the complaint, any written instrument attached to the complaint as an exhibit, any statements or documents incorporated in it by reference, and any document upon which the complaint heavily relies." *In re Thelen LLP*, 736 F.3d 213, 219 (2d Cir. 2013). "[I]n some cases, a document not expressly incorporated by reference in the complaint is nevertheless 'integral' to the complaint and, accordingly, a fair object of consideration on a motion to dismiss. A document is integral to the complaint 'where the complaint relies heavily upon its terms and effect.'" *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016)(citation omitted).

Here, the subject articles were not attached to or referenced in the amended complaint, nor has Plaintiff demonstrated that they were integral to the complaint. It appears that they have been introduced in Plaintiff's Opposition simply to add 'color' to what is otherwise an undeniably deficient pleading.

10

Moreover, the impropriety of their introduction aside, the articles do not in any way cure or even mitigate the failure of Plaintiff to include particularized allegations against Hutchison. In the Opposition, Plaintiff extrapolates from the articles several factual allegations regarding Lindberg's companies, his real estate and other personal property purchases, and his political donations. While wholly unrelated to Hutchison, these factual allegations are beyond the four corners of the amended complaint and should be disregarded by the Court.

## POINT V

**GIVEN THE FAILURE TO PLEAD WITH ANY PARTICULARITY REGARDING HUTCHISON, STATUTE OF LIMITATIONS ISSUES CANNOT BE RESOLVED AT THIS JUNCTURE**

The amended complaint, at least with respect to Hutchison, is so devoid of particularized allegations that a statute of limitations assessment is not yet even capable of being performed. Yet, Plaintiff misleadingly states in its Opposition that "[t]here is a consensus among most of the Defendants that all of the claims made by ULICO are timely under the applicable limitations periods." (Opposition at pg. 17). Plaintiff's declaration is clearly premature, given that the amended complaint does not even inform Hutchison as to (a) what its wrongful acts or omissions were, (b) when those wrongful acts or omissions occurred, or (c) when Plaintiff suffered any injury as a result. In point of fact, neither Hutchison nor any other defendant has conceded that Plaintiff's claims are timely.

Similarly incorrect is Plaintiff's cursory conclusion that New York's statutes of limitations apply to its claims. (Opposition at pg. 17, stating "[a]s this case is filed in New York, the general rule is that the Court should apply the limitations periods set forth in the New York CPLR to ULICO's claims"). In taking this position, Plaintiff ignores the application and operation of New

11

York's borrowing statute, CPLR § 202, which guards against forum shopping by out-of-state plaintiffs by mandating the use of the shortest statute of limitations available.

"CPLR 202 requires application of the shorter of the statute of limitations of New York and the statute of limitations of the state in which the cause of action accrued. A nonresident's contract claim accrues where the nonresident resides." *In re Gaston & Snow*, 243 F.3d 599, 608 (2d Cir. 2001)(applying CPLR 202 in bankruptcy proceeding). See *Glob. Fin. Corp. v. Triarc Corp.*, 93 N.Y.2d 525, 526 (1999)("CPLR 202 requires our courts to "borrow" the Statute of Limitations of a foreign jurisdiction where a nonresident's cause of action accrued, if that limitations period is shorter than New York's"); *2138747 Ontario, Inc. v. Samsung C & T Corp.*, 31 N.Y.3d 372, 377 (2018)("In other words, when a nonresident sues on a cause of action accruing outside New York, CPLR 202 requires the cause of action to be timely under the limitation periods of both New York and the jurisdiction where the cause of action accrued")(internal quotation marks omitted).

Thus, here, the shortest applicable statute of limitation will apply to Plaintiff's claims against Hutchison.

## POINT VI

**THE AMENDED COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE**

If the Court agrees that the amended complaint's allegations are insufficient, it should deny any request for leave to replead against Hutchison. Given multiple opportunities to set forth more particularized allegations against Hutchison – a complaint, amended complaint, and its Opposition – Plaintiff has persisted in its wholesale failure to set forth any substantive allegations against Hutchison. This being so, and for the reasons stated above, Plaintiff would be unable to state any viable claim against Hutchison if given the opportunity to replead. The claims against Hutchison

12

should therefore be dismissed with prejudice. See *Hayden v. Cty. of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999)("There is nothing to suggest that appellants could replead in a fashion which would" state a viable claim).

## CONCLUSION

For all of the foregoing reasons, it is respectfully submitted that defendant Hutchison PLLC's motion to dismiss the complaint must be granted.

**McCORMICK & O'BRIEN, LLP**

BY: _____
Liam O'Brien, Esq.
9 East 40th Street, Fourth Floor
New York, New York 10016
(212) 320-8972 x700
*lobrien@mcoblaw.com*
*Attorneys for Defendant Hutchison*
*PLLC i/s/h/a Hutchison Law Group,*
*PLLC*

Dated: January 13, 2022

13