**DORSEY & WHITNEY LLP**
Courina Yulisa
51 West 52nd Street
New York, NY 10019-6119
Tel: 212-415-9200
Fax: 212-953-7201

Steven T. Waterman (*pro hac vice* – Dkt. 78)
Milo Steven Marsden (*pro hac vice* – Dkt. 79)
111 South Main Street, Suite 2100
Salt Lake City, UT 84111-2176
Telephone: 801-933-7360
Fax: 801-933-7373

*Attorneys for AAPC Holdings, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>PB LIFE AND ANNUITY CO., LTD., *et. al.*,[1]<br><br>Debtors in Foreign Proceedings. | Chapter 15<br><br>Case No. 20-12791 (LGB)<br>(Jointly Administered) |
| UNIVERSAL LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>GREG E. LINDBERG, individually, CHRIS HERWIG, individually, AAPC HOLDINGS, LLC, ACADEMY FINANCIAL ASSETS, LLC, AGH PARENT, LLC, ALPINE CAPITAL, LLC, ASIM HOLDINGS, LLC, ASL HOLDINGS, LLC, ATKINSON, LLC, ATLANTIC COAST LIFE INSURANCE COMPANY, ATLAS FINANCIAL INVESTMENTS, LLC, AUGUSTA ASSET MANAGEMENT, INC., BEGONIA EIGHT, LLC, | Adv. Proc. No. 21-01169 |

---

[1] PB Life and Annuity Co., Ltd., Northstar Financial Services (Bermuda) Ltd., Omnia Ltd. and PB Investment Holdings Ltd., foreign Debtors, are Bermuda limited companies which each have a registered address in Bermuda c/o Deloitte Ltd., Corner House, 20 Parliament Street, Hamilton HM 12, Bermuda, and are Jointly Administered for procedural purposes, by Order of this Court entered on April 2, 2021, ECF No. 42.

BLH CAPITAL, LLC, BLUE DAFFODIL, LLC, BLUE VIOLET, LLC, CAPITAL ASSETS FUND I, LLC, CAPITAL ASSETS FUND II, LLC, CAPITAL ASSET MANAGEMENT I, LLC, CAPITAL ASSETS MANAGEMENT II, LLC, CAPITAL ASSETS MANAGEMENT III, LLC, CARNATION THREE, LLC, CHATSWORTH ASSET MANAGEMENT, LLC, CHRYSANTHEMUM TWO, LLC, CSI INTERCO, LLC, DAHLIA TEN, LLC, DAISY SEVEN, LLC, DRUMMOND GROUP, LLC, DUNHILL HOLDINGS, LLC, ELI GLOBAL, LLC, ENGLERT HOLDINGS, LLC, EPPING, LLC, ERIE PROPERTIES, LLC, FLAGSHIP HOLDINGS, LLC, FLEET ASSIST INTERCO LIMITED, FLOWERY BRANCH, LLC, FORSYTH, LLC, FORTREX, LLC, GBIG CAPITAL, LLC, GBIG HOLDINGS, INC., GBI GROUP, LLC, GERANIUM TWO, LLC, GILFORD ASSET MANAGEMENT, LLC, GLOBAL BANKERS INSURANCE GROUP, LLC, GLOBAL GROWTH HOLDINGS, INC., GLOBAL INSURANCE CAPITAL, LLC, GREENFIELD CAPITAL, LLC, HAMPTON ASSET MANAGEMENT, INC., HANSEN AEROSPACE, LLC, HEALTHLINK HOLDINGS, LLC, HOOKSETT, LLC, HUTCHISON LAW GROUP, PLLC, INTEGRITY EMR HOLDINGS, LLC, INTEGRITY EMR, LLC, IRON CITY ASSET MANAGEMENT, INC., ITECH FUNDING, LLC, JACKSON ASSET MANAGEMENT, INC., KITE ASSET MANAGEMENT, INC., LILAC SIX, LLC, MACON, LLC, MORNING MOUNTAIN HOLDINGS, LLC, NETHERLANDS INSURANCE HOLDINGS, INC., NEW ENGLAND CAPITAL, LLC, NIH CAPITAL, LLC, NOM GB 2018 I, LLC, PARADIGM PARK HOLDINGS, LLC, PARALLEL CAPITAL ASSETS, LLC, PERSHING, LLC, RED BEGONIA, LLC, REVOLVERCAP PARTNERS FUND, LP, SATORI WATERS, LLC, SEDWICK, LLC, SENTINEL SECURITY LIFE INSURANCE COMPANY, SOMERSWORTH, LLC, STANDARD ADVISORY SERVICES, LTD, STANDARD FINANCIAL LIMITED, STANDARD INVESTMENT CAPITAL, LTD, TREATMENT RESOURCES OF MARGATE, INC., TRITON FINANCIAL LIMITED, TUX HOLDINGS, LLC, TYBEE ISLAND ASSET MANAGEMENT, LLC,

4867-1328-1545\4

UKAT HOLDINGS, LLC, UKAT INVESTMENT LIMITED, VERDESIAN LIFE SCIENCES, LLC, WEARE, LLC, YELLOW LOTUS, LLC, YELLOW SUNFLOWER, LLC, UBS FINANCIAL SERVICES, INC., GOLDMAN SACHS LENDING PARTNERS, LLC, CREDIT SUISSE AG CAYMAN ISLANDS BRANCH, GOLDMAN SACHS BANK USA, MORGAN STANLEY SENIOR FUNDING, INC., THE BRYN MAWR TRUST COMPANY, and DOES 1 through 10, inclusive,

    Defendants.

**REPLY IN SUPPORD OF MOTION TO DISMISS**
**OR ALTERNATIVELY TO SEVER AND CHANGE VENUE**
**OF THE ADVERSARY PROCEEDING AS AGAINST AAPC HOLDINGS, LLC**

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENTS ..................................................................................................................................2

I.  ULICO Lacks Standing to Bring This Action ..................................................................2

II. This Court Still Lacks "Related to" Jurisdiction to Hear This Action Under 28 U.S.C. § 1334(b) and § 157(a) ..................................................................................................4

III. ULICO Fails to State a Claim Upon Which Relief Can Be Granted Pursuant to Rule 12(b)(6) With Respect to AAPC ..................................................................................................6

    A.  Facts and Exhibits Introduced in ULICO's Opposition Should be Disregarded as to Rule 12(b)(6) Considerations ..................................................6

    B.  ULICO Fails to Meet Rule 9(b) Heightened Pleading Requirements ..................7

    C.  AAPC Fails to Meet Rule 8(a) Pleading Standards With Respect to AAPC ..........8

    D.  ULICO's Unjust Enrichment Claim Fails ............................................................10

    E.  ULICO's Constructive Trust Claim Fails ............................................................10

    F.  ULICO's Conversion Claim Fails ........................................................................11

    G.  ULICO's Breach of Fiduciary Duty Claim Fails ..................................................12

    H.  Alternatively, the Claims Against AAPC Should be Severed and Removed to Utah in the Event Dismissal is not Granted. ..................................................12

CONCLUSION ................................................................................................................................13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009) ............................................................................................................9

*Bascuñan v. Elsaca*,
　2021 WL 3540315 (S.D.N.Y. Aug. 11, 2021) .....................................................................9

*Bell Atlantic Corp. v. Twombly*,
　550 U.S. 544 (2007) ............................................................................................................8

*In re Bernard L. Madoff Inv. Sec. LLC*,
　458 B.R. ............................................................................................................................8, 9

*Cohen v. BMW Invs. L.P.*,
　668 F. App'x 373 (2d Cir. 2016) .......................................................................................10

*Cortec Indus., Inc. v. Sum Holding L.P.*,
　949 F.2d 42 (2d Cir. 1991) ..................................................................................................6

*Double Eagle Energy Servs., L.L.C. v. Markwest Utica Emg, L.L.C.*,
　936 F.3d 260 (5th Cir. 2019) ...............................................................................................4

*Federal Deposit Ins. Co. v. Four Star Holding Co.*,
　178 F.3d 97 (2d Cir. 1999) ..................................................................................................4

*Grupo Dataflux v. Atlas Glob. Grp., L.P.*,
　541 U.S. 567 (2004) ............................................................................................................4

*Kaufman v. Cohen*,
　307 A.D.2d 113 (1st Dep't 2003) ........................................................................................9

*Liveo v. Hausman*,
　86 N.Y.S.3d 378 (N.Y. Sup. Ct. 2018) ................................................................................3

*Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nig.*,
　265 F.R.D. 106 (S.D.N.Y. 2010) .........................................................................................6

*In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*,
　247 F.R.D. 420 (S.D.N.Y. 2007) .......................................................................................12

*In re Nine West LBO Securities Litig.*,
　505 F. Supp.3d 292 (Bankr. S.D.N.Y. 2020) .......................................................................7

4867-1328-1545\4

*Prout v. Vladeck*,
 334 F. Supp. 3d 599 (S.D.N.Y. 2018)..................................................................................6

*Raymond Loubier Irrevocable Tr. v. Loubier*,
 858 F.3d 719 (2d Cir. 2017).................................................................................................3

*Reyes v. Reyes*,
 No. 11-CV-2536 (KAM)(LB), 2012 U.S. Dist. LEXIS 131659 (E.D.N.Y. Sep.
 14, 2012) ............................................................................................................................11

*Sec. Inv'r Prot. Corp. v. Stratton Oakmont, Inc.*,
 234 B.R. 293 (Bankr. S.D.N.Y. 1999)................................................................................11

*In re Worldcom, Inc. Sec. Litig.*,
 294 B.R. 553 (S.D.N.Y. 2003) *aff'd sub nom. Cal. Pub. Employees' Ret. Sys.
 v. WorldCom, Inc*., 368 F.3d 86 (2d Cir. 2004) ...................................................................5

## Other Authorities

Fed. R. Bankr. P. 9011 .................................................................................................................6

Fed. R. Civ. P. 8 ...........................................................................................................................9

Fed. R. Civ. P. 8(a) ...........................................................................................................1, 8, 10

Fed. R. Civ. P. 9(b) ..................................................................................................................7, 8

Fed. R. Civ. P. 12 .........................................................................................................................6

Fed. R. Civ. P. 12(b)(6)................................................................................................................6

Fed. R. Civ. P. 19(a) ....................................................................................................................3

Defendant AAPC Holdings, LLC ("**AAPC**"), by and through counsel, respectfully submits this reply to Universal Life Insurance Company's ("**ULICO**") Omnibus Opposition to Defendants' Motions to Dismiss [Dkt. 111] (the "**Opposition**"), and respectfully states as follows[2]:

## **PRELIMINARY STATEMENT**

ULICO's Opposition fails to overcome AAPC's arguments in its Motion to Dismiss or Alternatively to Sever and Change Venue of the Adversary Proceeding [Dkt. 99] (the "**Motion**"). ULICO makes the curious statement that "the claims ULICO is pursuing are explicitly granted to creditors" even though each claim for relief seeks recovery of Trust (defined below) assets and not PBLA assets. Instead, the Opposition parrots ULICO's threadbare allegations from the Amended Complaint, conflates ULICO's role as creditor and a trust beneficiary in its arguments, and adds information and documents that should not be admitted pursuant to clear precedent. Moreover, ULICO fails to address and thus concedes the following arguments made by AAPC: (i) that AAPC's relationship with ULICO is too attenuated to support an unjust enrichment claim and the remedy for imposition of a constructive trust, (ii) that ULICO has no legal right to bring a claim for conversion, and (iii) that ULICO's claims against AAPC should be severed from the claims against the other Defendants and transferred to Utah in the event any claim survives a dismissal.

Notwithstanding this Court ordering ULICO to meet and confer, and despite AAPC's efforts to ascertain the transactions that are relevant to AAPC, ULICO has not taken any steps to do so, thereby leaving AAPC without means to adequately defend itself, and nowhere closer to any clarity. Thus, not only does ULICO lack standing and this Court lacks "related to" jurisdiction, ULICO has failed to demonstrate that its pleadings adequately satisfy Rule 8(a)'s broad pleading standards for all of its claims as against AAPC, a party that is mentioned only once in the Amended

---

[2] Capitalized terms not defined herein shall have the same meanings ascribed to them in AAPC's Motion.

Complaint to describe its incorporation. With a multitude of substantial deficiencies, ULICO's claims against AAPC must be dismissed.

## ARGUMENTS

### I. ULICO Lacks Standing to Bring This Action

ULICO asserts that its monetary judgment against PB Life and Annuity Co., Ltd. ("**PBLA**") provides it status as a judgment creditor that suffices as standing to pursue the claims asserted. However, ULICO fails to explain how it has standing as a creditor of PBLA to seek assets of the trust created by the reinsurance and trust agreements on June 30, 2017 with PBLA and ULICO as grantors and the Bank of New York Mellon as the trustee (the "**Trust**"), as opposed to recovery of assets of PBLA. Because ULICO alleges it brings this Action solely as a creditor of PBLA, it can only assert its claims against transferees of PBLA's assets, not against the transferees of the Trust's assets, as those Trust Proceeds belong to the Trust and only the trustee as the legal owner of Trust assets (the "**Trustee**") has standing to recover the Trust Proceeds. Whether or not ULICO has agreed to credit PBLA for any proceeds it recovers from this Action in the post-filing agreement entered after the Amended Complaint was filed is irrelevant to establishing ULICO's standing to recover assets of the Trust. Because ULICO did not address this portion of AAPC's argument, and ULICO has not joined the Trustee of the Trust, ULICO concedes that it has no standing as PBLA's creditor to seek recovery of proceeds of the Trust. As such, the Action must be dismissed for lack of standing.

Additionally, ULICO asserts its role as a beneficiary of the Trust to support its standing, while concurrently asserting that it is suing as a judgment creditor of PBLA. *See* Opp., pp. 20, 26. ULICO conflates its standing as PBLA's creditor and as a beneficiary of the Trust, and the meandering Amended Complaint is rife with a multitude of references to ULICO's equitable ownership as a Trust beneficiary and that ULICO seeks recovery of the Trust proceeds based on

2

that equitable ownership of the Trust. *See e.g.*, Am. Compl. (Dkt. No. 14), ¶¶ 152, 164, 170. As stated in the Motion, AAPC maintains that, as a mere beneficiary to the Trust, ULICO lacks standing to bring the Action, as the Trustee has the exclusive authority to file suit against third parties who injure the Trust, including the beneficiaries' equitable interest in the Trust.

ULICO counters simply in a footnote that trusts do not have legal identity to assert claims on its own behalf, citing two decisions. *See* Opp., p. 15 n. 18. In doing so, ULICO intentionally misleads the Court and obfuscates the substance of the issue. AAPC reiterates that it is the *trustee*, not the trust itself, who has the authority to take action on behalf of the beneficiaries of a trust. In *Loubier*, the court accepts and adopts the position that trustees hold the legal right to sue on behalf of trusts who hold fiduciary duties to their beneficiaries. *Raymond Loubier Irrevocable Tr. v. Loubier*, 858 F.3d 719, 730 (2d Cir. 2017). In *Liveo*, the defendants, "as trustees of the trusts, and not in their individual capacity as grantors, have a duty" to preserve and maintain the trust assets. *Liveo v. Hausman*, 86 N.Y.S.3d 378, 380 (N.Y. Sup. Ct. 2018). Moreover, ULICO has not indicated in its Amended Complaint nor in its Opposition that the Trustee has refused or acted improperly in failing to bring this claim on behalf of the Trust. Still, ULICO neglects to join the trustee as a necessary party.

Therefore, as a beneficiary of the Trust, ULICO lacks standing to sue despite ULICO's inapt argument regarding the legal status of a trust.[3]

---

[3] ULICO also asserts that AAPC's joinder argument is inapplicable because ULICO is pursuing its claims as a creditor of PBLA. *See* Opp., p. 15 n. 18. Notwithstanding AAPC's argument that ULICO lacks standing as PBLA's creditor to pursue Trust proceeds, Rule 19(a)'s requirement that a necessary party must be joined still applies regardless of whether ULICO is a creditor or a trust beneficiary as the trustee for the Trust is the rightful owner of these claims.

3

> II. **This Court Still Lacks "Related to" Jurisdiction to Hear This Action Under 28 U.S.C. § 1334(b) and § 157(a)**

As stated in the Motion, this Court lacks "related to" jurisdiction because ULICO excludes PBLA from this Action, seeks to recover assets that are outside of PBLA's assets, and seeks recovery only for itself, not for the benefit of PBLA's creditors. With respect to AAPC, there is simply no outcome from this Action that would have a conceivable effect on PBLA's estate, as the Trust proceeds are not property of the Foreign Debtors' estate and the Amended Complaint has not specified a single transaction in which AAPC is involved.

In its Opposition and corresponding exhibits and declaration, ULICO attempts to manufacture jurisdiction by introducing new facts that occurred after the filing of the Amended Complaint, namely that ULICO and PBLA entered into a settlement agreement on November 4, 2021 (the "**PBLA Settlement**") evidencing that the JPLs (as defined in the Opposition) expressed their positions that a recovery from this Action will benefit the JPLs and that, therefore, ULICO possesses "related to" jurisdiction as the Action will have a conceivable effect on the estate. *See* Opp., p. 8, Ex. A.

Creating "related to" jurisdiction after the commencement of the Action contradicts the longstanding legal requirement that "the jurisdiction of the court depends upon the state of things at the time of the action brought." *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004); *Federal Deposit Ins. Co. v. Four Star Holding Co.*, 178 F.3d 97, 100 (2d Cir. 1999). "Although courts have not often considered the time-of-filing rule for cases related to bankruptcy, it applies to bankruptcy jurisdiction no less than it applies to diversity or federal question jurisdiction." *Double Eagle Energy Servs., L.L.C. v. Markwest Utica Emg, L.L.C.*, 936 F.3d 260, 263 (5th Cir. 2019) (citing *In re Worldcom, Inc. Sec. Litig.*, 294 B.R. 553, 556 (S.D.N.Y. 2003) *aff'd sub nom. Cal. Pub. Employees' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86 (2d Cir. 2004)). The

Second Circuit in *Worldcom* applies this longstanding jurisdictional requirement in the context of section 1334 jurisdiction, where "related to" jurisdiction is determined on the basis of the facts as they exist *at the time of* removal to the bankruptcy court. *In re Worldcom*, 294 B.R. at 556 (emphasis added).

Here, ULICO cannot be allowed to gerrymander "related to" jurisdiction after the commencement of this Action and the filing of the Motion, by entering into the PBLA Settlement after it has filed its Amended Complaint and after the filing of AAPC's Motion. The November 4, 2021 PBLA Agreement that recovery from this Action would be credited to the judgment against PBLA, and thus would have a conceivable effect on PBLA's estate, did not exist on July 30, 2021, at which time the Amended Complaint against AAPC was filed, and, therefore is inapplicable to this Action. To allow ULICO's manipulation of jurisdiction contravenes a well-established controlling tenet within this Circuit and would unduly prejudice all the Defendants. And, without the creation and admission of the PBLA Settlement and the inclusion of the JPLs in this Action, ULICO fails to establish how the recovery of proceeds that belong to the Trust and is not the property of PBLA would have a conceivable effect on the Foreign Debtors' estate to establish "related to" jurisdiction. As PBLA's creditor, ULICO can only recover transfers of PBLA assets, and it is not entitled to the Trust proceeds. Furthermore, ULICO does not have any other basis for subject matter jurisdiction as it is not pursuing recovery under the Bankruptcy Code due to its status as a creditor for a *Chapter 15* debtor, it is not recovering PBLA's property or assets on behalf of or for the Chapter 15 estate, and does not involve the Foreign Debtors in this Action. Therefore, because ULICO has failed to sufficiently plead that the estate would be conceivably affected by ULICO's recovery from this Action at the time that the Action was commenced, this Action must be dismissed for lack of jurisdiction.

### III. ULICO Fails to State a Claim Upon Which Relief Can Be Granted Pursuant to Rule 12(b)(6) With Respect to AAPC

A. <u>Facts and Exhibits Introduced in ULICO's Opposition Should be Disregarded as to Rule 12(b)(6) Considerations</u>

ULICO introduces additional facts about Mr. Lindberg's companies, his personal lifestyle and purchases and actions through two news articles by exhibits and declaration. *See* Opp., Ex. B, C.[4] Information not originally present within the four corners of a complaint should not be considered in a motion to dismiss for failure to state a claim. *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991). Courts in this Circuit clearly state that a plaintiff may not shore up a deficient complaint through extrinsic documents submitted in opposition to a defendant's motion to dismiss. *Prout v. Vladeck*, 334 F. Supp. 3d 599, 609 (S.D.N.Y. 2018) (stating same for introduced settlement agreement); *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nig.*, 265 F.R.D. 106, 122-23 (S.D.N.Y. 2010) (citing cases). However, a court may consider such extrinsic evidence as part of the pleadings if the documents are either (1) attached to the complaint; (2) incorporated into the complaint by reference; or (3) integral to the complaint. *Id.* at 123.

While the news articles have no relevance to AAPC (and one wonders if that is the extent of ULICO's Bankruptcy Rule 9011 compliance), these extrinsic documents were never attached to the Amended Complaint, incorporated by reference, nor are they integral to the Amended Complaint. They fail to cure any of the deficiencies of the Amended Complaint and merely add media accounts of unnecessary details of a scheme well-beyond what is sought in the Amended Complaint. Thus, the factual allegations incorporated from Exhibits B and C should be disregarded by the Court.

---

[4] ULICO claims that it may provide facts outside of the Amended Complaint because the Motion seeks relief other than under rule 12(b)(6). Although relief is sought under other subdivisions of rule 12, the facts sought to be introduced by ULICO are solely to buttress its claims asserted to avoid dismissal.

6

4867-1328-1545\4

B. <u>ULICO Fails to Meet Rule 9(b) Heightened Pleading Requirements</u>

ULICO states in its Opposition that it is an outsider as a beneficiary of the Trust and thus courts should take a more liberal view when examining allegations of actual fraud and look at "badges of fraud" when determining actual intent. *See* Opp., p. 20. ULICO's arguments fail.

First, ULICO states that this Action is based upon its standing as a creditor of PBLA and *not* as a Trust beneficiary. ULICO cannot argue that it is a PBLA creditor for standing purposes yet concurrently argue it a trust beneficiary for its fraud claim. If it is a trust beneficiary, then ULICO lacks standing to bring this Action, and if it is PBLA's direct creditor, then the relaxed pleading standard does not apply as it would to every creditor.

Second, "even under the relaxed pleading standard described above, pleadings must be particular enough to fulfill Rule 9(b)'s purpose: to protect the defending party's reputation, to discourage meritless accusations, and to provide detailed notice of fraud claims to defending parties." *In re Nine West LBO Securities Litig.,* 505 F. Supp.3d 292, 320-321 (Bankr. S.D.N.Y. 2020) (quoting *In re Bernard L. Madoff Inv. Sec. LLC*, 458 B.R. at 106) (cited in Opp., p. 20). In *Nine West*, the trustee was found to have pleaded the transfers with sufficient particularity because the complaint provided a list of payment recipients, the amounts transferred, and an outline of the circumstances under which the transfers occurred. *Id.* at 321. None of such information has been disclosed by ULICO with respect to AAPC.[5] ULICO's Amended Complaint fails to provide detailed notice of fraud claims that would include any transfers to AAPC, if any, a description of

---

[5] The scheduling order entered on October 28, 2021 [Dkt. 97] (the "Scheduling Order") required that parties meet and confer to informally exchange information before ULICO's response deadline of December 6, 2021. At the second status conference on December 7, 2021, counsel for ULICO stated that they had commenced meet and confers with many of the Defendants – but not with AAPC. After the second status conference, in order to comply with the Scheduling Order, AAPC's counsel attempted in good faith to seek information from ULICO's counsel on which transfers, if any, were made to AAPC. However, even after follow-up communication from AAPC's counsel, ULICO's counsel still has not provided any information nor attempted to meet and confer with AAPC's counsel as to this date. Thus, AAPC remains in the dark as to any alleged transfer(s) from PBLA or the Trust to AAPC, even after the Court has ordered an exchange of information to assist with clarification. Scheduling Order, ¶ 4.

what was transferred or a broad description as to the circumstances under which AAPC received such alleged transfer(s). ULICO also imputes fraudulent intent indirectly on AAPC by lumping it together under the title "Lindberg Affiliates" that received transfers specifically disclosed in the Amended Complaint, then make a completely conclusory statement that all the Lindberg Affiliates are alter egos of Mr. Lindberg. ULICO has not addressed any of these deficiencies in its Opposition beyond restating its allegations in the Amended Complaint. "[T]he relaxation of Rule 9(b)'s specificity requirement for scienter must not be mistaken for license to base claims of fraud on . . . conclusory allegations." *In re Bernard L. Madoff Inv. Sec. LLC*, 458 B.R. at 106. Consequently, even if the relaxed Rule 9(b) standard applies to ULICO, ULICO fails to meet such standard.

C. AAPC Fails to Meet Rule 8(a) Pleading Standards With Respect to AAPC

Nothing in ULICO's Opposition changes the fact that ULICO fails to state any factual allegations "above the speculative level" and thus fails to set forth allegations that are plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Even as a creditor of PBLA, ULICO falls short of meeting the particularity requirement under Rule 8(a), let alone Rule 9(b), for all of its claims. Indeed, there are absolutely no factual allegations concerning AAPC throughout the Amended Complaint, much less factual allegations concerning even a single loan or transaction actually involving AAPC. ULICO simply hinges on a conclusory alter-ego allegation to connect an unnamed AAPC to Mr. Lindberg and PBLA.

In its Opposition, ULICO includes decisions to support ULICO's position that it meets the Rule 8(a) standard for specificity. *See* Opp., pp. 21-22. In essence, ULICO argues that a short and plain statement that tells a defendant to prepare an answer, frame discovery, and defend against the charges is sufficient. But ULICO's argument is a smokescreen because the Amended Complaint belies even the standard of those cases. In *Madoff*, a case ULICO cites, the trustee

8

identified specific transfers or transfers in an aggregate amount over a number of years made to specific defendants, or gave sufficient notice that the defendants provided insufficient value through described facts. *Picard v. Madoff (In re Bernard L. Madoff Inv. Sec. LLC)*, 458 B.R. 87, 114-15 (Bankr. S.D.N.Y. 2011). Here, ULICO has not met Rule 8's pleading standard with respect to AAPC. There is no date, time or place indicated in the Amended Complaint as to AAPC. There is no specific transfer(s) to AAPC identified, nor are there any date(s) or source(s) of any transfer(s) to AAPC. While ULICO includes specific transactions with other Defendants in its Amended Complaint, it cites none in relation to AAPC. ULICO's vague description simply does not suffice. ULICO does not even specify the laws under which its claims are asserted. Instead it gives the Defendants a menu of uniform laws it *may* pursue its claims under, for those claims relating to voidable transfers, and leaves up in the air the other claims that should be brought under state law, throwing in decisions from North Carolina that has no relevancy to AAPC. *See, e.g.*, Opp., p. 15. As detailed in AAPC's Motion, ULICO also makes conclusory and generalized statements as to its allegations, which do not meet Rule 8's pleading standard. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

      As a result, AAPC is unable to assert concrete defenses such as a defense involving statute of limitations or that reasonably equivalent value was transferred in return. For instance, under New York law, the statute of limitations period for unjust enrichment and breach of fiduciary duty is three years instead of six years if the action seeks monetary relief. *See Bascuñan v. Elsaca*, 2021 WL 3540315, at *6 (S.D.N.Y. Aug. 11, 2021) (unjust enrichment); *Kaufman v. Cohen*, 307 A.D.2d 113, 118 (1st Dep't 2003) (breach of fiduciary duty). The Amended Complaint states that the transfers "occurred beginning on July 7, 2018 and continued through December 21, 2018." Am. Compl., ¶ 134. Without having any details on the transactions involving AAPC, and whether

9

ULICO is suing under New York law, AAPC is unable to determine whether the statute of limitations applies.[6] Now, approximately six months from the filing of the Amended Complaint, it appears that ULICO is stonewalling the provision of any information and does not want to share any specifics of claims.[7] Thus, ULICO's short and plain statement is too short and too plain to meet the Rule 8(a) standards outlined in *Twombly/Iqbal* and must be dismissed.

D. ULICO's Unjust Enrichment Claim Fails

"A claim [for unjust enrichment] will not be supported if the connection between the parties is too attenuated." *Cohen v. BMW Invs. L.P.*, 668 F. App'x 373, 374 (2d Cir. 2016) (citing *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 182 (2011). The Motion establishes that the relationship between AAPC and ULICO is too attenuated, and ULICO has failed to allege any relationship in its Amended Complaint and Opposition. Indeed, there are no facts in the Amended Complaint plausibly alleging that AAPC received funds from the Trust or from PBLA.

Because ULICO did not address AAPC's relationship argument in its Opposition, ULICO has conceded that its relationship with AAPC is too attenuated, and will not support an unjust enrichment claim. Therefore, the unjust enrichment claim must be dismissed as against AAPC.

E. ULICO's Constructive Trust Claim Fails

In its Motion, AAPC has set forth that constructive trust is not a claim to be asserted but an equitable remedy imposed to prevent unjust enrichment. ULICO counters that the mere fact that ULICO has satisfied the pleading requirements for its unjust enrichment claim necessarily satisfies the pleading requirements for a constructive trust claim.

---

[6] AAPC reserves its right to raise additional defenses and choice of law applications in the event that ULICO amends or supplements its Amended Complaint or divulges facts pertaining specifically to AAPC and any transfers from PBLA to AAPC.

[7] See n. 4, above.

10

As the decisions in ULICO's own Opposition reiterate, constructive trust is not a separate cause of action but an equitable remedy. *See Sec. Inv'r Prot. Corp. v. Stratton Oakmont, Inc.*, 234 B.R. 293, 333 (Bankr. S.D.N.Y. 1999) (constructive trust must establish unjust enrichment); *Reyes v. Reyes*, No. 11-CV-2536 (KAM)(LB), 2012 U.S. Dist. LEXIS 131659, at *25 (E.D.N.Y. Sep. 14, 2012) ("[c]onstructive trust, however, is not a cause of action"). With respect to AAPC, ULICO has failed to allege an unjust enrichment claim and has effectively conceded that its relationship to AAPC is too attenuated. The inverse of ULICO's own argument that satisfying the pleading requirements for unjust enrichment satisfies the pleading requirements for a constructive trust, is that, because ULICO's unjust enrichment claim fails, so does its claim for a constructive trust, which must be dismissed as against AAPC.

F.  ULICO's Conversion Claim Fails

ULICO did not set forth actual facts as to any property, transfer, or loan to meet the minimum plausibility standard. Additionally, AAPC has argued that under New York law, (1) money cannot be converted, absent an allegation that the money is specifically identifiable and there is an obligation to return specific, segregated monies; and (2) ULICO has failed to allege a legal right to the alleged transfers from the Trust. Mot., p. 18.

ULICO repeats the same arguments it did before, that the funds previously belonged to ULICO as a grantor of the Trust, without addressing its status as PBLA's creditor. Opp., p. 26. Indeed, the Opposition fails to address AAPC's argument that ULICO does not have a legal right to the alleged transfers from the Trust as a Trust beneficiary. Likewise, it certainly does not have a legal right as PBLA's creditor to the Trust proceeds. Therefore, ULICO has conceded such argument and its conversion claim must be dismissed as against AAPC.

11

G. <u>ULICO's Breach of Fiduciary Duty Claim Fails</u>

ULICO fails to allege that it has a fiduciary relationship with AAPC. Instead, ULICO alleges the fiduciary relationship exists through its conclusory statement of an alter ego relationship with Mr. Lindberg. The only conclusory statements about the existence of a fiduciary relationship, the breach of that duty, and the resulting damages concerns *the debtor*, PBLA, an entity that is not named as a defendant in this Action and not AAPC. In its Opposition, ULICO has failed to expand or further support its conclusion that the Lindberg Affiliates are all alter-egos of Mr. Lindberg, and mainly restates the relevant allegations in its Amended Complaint. *See* Opp., p. 27, citing Am. Compl., ¶¶ 17, 105.

ULICO's Opposition fails to address how the Amended Complaint sufficiently alleges that AAPC is an alter-ego of Mr. Lindberg, which constitutes the only potential connection AAPC would have with ULICO as to any fiduciary relationship alleged in the Complaint. ULICO has not introduced anything that would assist in proving alter-ego connections beyond its purely conclusory statements. Thus, ULICO's breach of fiduciary duty claim falls short of its pleading standards and a dismissal is warranted.

H. <u>Alternatively, the Claims Against AAPC Should be Severed and Removed to Utah in the Event Dismissal is not Granted.</u>

AAPC has requested that in the event any of the claims survive a dismissal, the claims against AAPC be severed from the rest of the Defendants. In its Motion, AAPC satisfies multiple factors for consideration for severance, and only one of the enumerated factors for consideration as set forth in *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 247 F.R.D. 420, 424 (S.D.N.Y. 2007) need to be fulfilled for a court to sever claims. Accordingly, AAPC requests that any surviving claim against AAPC be transferred to Utah, as Utah is AAPC's principal place of business. A transfer of the action against AAPC would be in the interest of justice and would not

12

render the Action overall inefficient, as the claims arise from distinct and separate transactions for each Defendant and Defendants have varying degrees of involvement.  ULICO fails to address AAPC's severance and transfer of venue arguments in its Opposition.  As such, ULICO concedes that AAPC's claims should be severed from the rest of the Defendants and transferred to District of Utah in the event any claims survive a dismissal.

## CONCLUSION

Based on the foregoing reasons, AAPC respectfully requests that the Court enter an order dismissing ULICO's claims as asserted in its Amended Complaint, or, in the alternative, sever AAPC from the other defendants and transfer venue to the District of Utah.

Dated:  January 14, 2022                              Respectfully Submitted,


DORSEY & WHITNEY LLP

By: /s/ Courina Yulisa
    Courina Yulisa
    51 West 52nd Street
    New York, NY 10019-6119
    Tel: 212-415-9200
    Fax: 212-953-7201
    Email:  yulisa.courina@dorsey.com

    Steven T. Waterman (*pro hac vice* – Dkt. 78)
    Milo Steven Marsden (*pro hac vice* – Dkt. 79)
    111 South Main Street, Suite 2100
    Salt Lake City, UT 84111-2176
    Telephone: 801-933-7360
    Email:  waterman.steven@dorsey.com
    Email:  marsden.steve@dorsey.com

*Attorneys for AAPC Holdings, LLC*

13

## CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed the foregoing with the clerk of Court using the CM/ECF system which will send electronic notification of such filing to all other parties who have filed a notice of appearance.


Signed this the 14th day of January 2022.

                                                                              */s/ Courina Yulisa*
                                                                              Courina Yulisa