**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X

In re:                                                      Chapter 15

PB LIFE AND ANNUITY CO., LTD., et al.,                      Case No. 20-12791 (LGB)
                                                            (Jointly Administered)
              Debtors in Foreign Proceedings.
------------------------------------------------------------------------X

UNIVERSAL LIFE INSURANCE COMPANY,

              Plaintiff,

              -v-                                           Adv. Proc. No. 21-01169

GREG E. LINDBERG, individually, CHRIS
HERWIG, individually, AAPC HOLDINGS, LLC,
ACADEMY FINANCIAL ASSETS, LLC, AGH
PARENT, LLC, ALPINE CAPITAL, LLC, ASIM
HOLDINGS, LLC, ASL HOLDINGS, LLC,
ATKINSON, LLC, ATLANTIC COAST LIFE
INSURANCE COMPANY, ATLAS FINANCIAL
INVESTMENTS, LLC, AUGUSTA ASSET
MANAGEMENT, INC., BEGONIA EIGHT, LLC,
BLH CAPITAL, LLC, BLUE DAFFODIL, LLC,
BLUE VIOLET, LLC, CAPITAL ASSETS FUND I,
LLC, CAPITAL ASSETS FUND II, LLC, CAPITAL
ASSET MANAGEMENT I, LLC, CAPITAL
ASSETS MANAGEMENT II, LLC, CAPITAL
ASSETS MANAGEMENT III, LLC, CARNATION
THREE, LLC, CHATSWORTH ASSET
MANAGEMENT, LLC, CHRYSANTHEMUM
TWO, LLC, CSI INTERCO, LLC, DAHLIA TEN,
LLC, DAISY SEVEN, LLC, DRUMMOND GROUP,
LLC, DUNHILL HOLDINGS, LLC, ELI GLOBAL,
LLC, ENGLERT HOLDINGS, LLC, EPPING, LLC,
ERIE PROPERTIES, LLC, FLAGSHIP HOLDINGS,
LLC, FLEET ASSIST INTERCO LIMITED,
FLOWERY BRANCH, LLC, FORSYTH, LLC,
FORTREX, LLC, GBIG CAPITAL, LLC, GBIG
HOLDINGS, INC., GBI GROUP, LLC, GERANIUM
TWO, LLC, GILFORD ASSET MANAGEMENT,
LLC, GLOBAL BANKERS INSURANCE GROUP,
LLC, GLOBAL GROWTH HOLDINGS, INC.,
GLOBAL INSURANCE CAPITAL, LLC,
GREENFIELD CAPITAL, LLC, HAMPTON ASSET

MANAGEMENT, INC., HANSEN AEROSPACE, LLC, HEALTHLINK HOLDINGS, LLC, HOOKSETT, LLC, HUTCHISON LAW GROUP, PLLC, INTEGRITY EMR HOLDINGS, LLC, INTEGRITY EMR, LLC, IRON CITY ASSET MANAGEMENT, INC., ITECH FUNDING, LLC, JACKSON ASSET MANAGEMENT, INC., KITE ASSET MANAGEMENT, INC., LILAC SIX, LLC, MACON, LLC, MORNING MOUNTAIN HOLDINGS, LLC, NETHERLANDS INSURANCE HOLDINGS, INC., NEW ENGLAND CAPITAL, LLC, NIH CAPITAL, LLC, NOM GB 2018 I, LLC, PARADIGM PARK HOLDINGS, LLC, PARALLEL CAPITAL ASSETS, LLC, PERSHING, LLC, RED BEGONIA, LLC, REVOLVERCAP PARTNERS FUND, LP, SATORI WATERS, LLC, SEDWICK, LLC, SENTINEL SECURITY LIFE INSURANCE COMPANY, SOMERSWORTH, LLC, STANDARD ADVISORY SERVICES, LTD, STANDARD FINANCIAL LIMITED, STANDARD INVESTMENT CAPITAL, LTD, TREATMENT RESOURCES OF MARGATE, INC., TRITON FINANCIAL LIMITED, TUX HOLDINGS, LLC, TYBEE ISLAND ASSET MANAGEMENT, LLC, UKAT HOLDINGS, LLC, UKAT INVESTMENT LIMITED, VERDESIAN LIFE SCIENCES, LLC, WEARE, LLC, YELLOW LOTUS, LLC, YELLOW SUNFLOWER, LLC, UBS FINANCIAL SERVICES, INC., GOLDMAN SACHS LENDING PARTNERS, LLC, CREDIT SUISSE AG CAYMAN ISLANDS BRANCH, GOLDMAN SACHS BANK USA, MORGAN STANLEY SENIOR FUNDING, INC., THE BRYN MAWR TRUST COMPANY, and DOES 1 through 10, inclusive,

           Defendants.

---------------------------------------------------------------------------X

**REPLY MEMORANDUM OF
LAW IN SUPPORT OF MOTION TO
DISMISS THE COMPLAINT PURSUANT TO
FED. R. CIV. P. 12(b)(6) AND FED R.  BANKR.
P. 7012 BY DEFENDANTS ATKINSON, LLC, BEGONIA
EIGHT, LLC, BLUE DAFFODIL, LLC, BLUE VIOLET, LLC,
CARNATION THREE, LLC, CHRYSANTHEMUM TWO, LLC
DAHLIA TEN, LLC, DAISY SEVEN, LLC, EPPING, LLC, FLOWERY
BRANCH, LLC, FORSYTH, LLC, GERANIUM TWO, LLC, HOOKSET,
LLC, LILAC SIX, LLC, MACON, LLC, RED BEGONIA, LLC, SOMERSWORTH,
<u>LLC, WEARE, LLC, YELLOW LOTUS, LLC, AND YELLOW SUNFLOWER, LLC</u>**

**WESTERMAN BALL EDERER MILLER
ZUCKER & SHARFSTEIN, LLP**
1201 RXR Plaza
Uniondale, New York 11556
(516) 622-9200
*Counsel to Atkinson, LLC, Begonia Eight, LLC,
Blue Daffodil, LLC, Blue Violet, LLC, Carnation
Three, LLC, Chrysanthemum Two, LLC, Dahlia
Ten, LLC, Daisy Seven, LLC, Epping, LLC,
Flowery Branch, LLC, Forsyth, LLC, Geranium
Two, LLC, Hookset, LLC, Lilac Six, LLC, Macon
LLC, Red Begonia, LLC, Somersworth, LLC
Weare, LLC, Yellow Lotus, LLC, and Yellow
Sunflower, LLC*

# TABLE OF CONTENTS

**Page No.**

PRELIMINARY STATEMENT ................................................................................................. 5

ARGUMENT ........................................................................................................................... 7

   I.   PLAINTIFF HAS NOT ALLEGED FRAUD WITH PARTICULARITY ....................... 7

   II.  PLAINTIFF HAS NOT SATISFIED FED. R. CIV. P. 8(a) ........................................... 11

   III.  ANY AMENDMENT WOULD BE FUTILE BECAUSE THE CLAIMS DO
      NOT RELATE BACK AND THE APPLICABLE LIMITATIONS PERIOD HAS
      EXPIRED .................................................................................................................... 13

     A. The Claims Do Not Relate Back ................................................................................ 13

     B. North Carolina Law Applies ...................................................................................... 15

Conclusion .......................................................................................................................... 22

# TABLE OF AUTHORITIES

CASES                                                                                    PAGES(s)

*Arrieta Gimenez v. Arrieta Negron*,
    672 F. Supp. 46 (D.P.R. 1987) ............................................................... 20

*Ashcroft v. Iqbal*,
    556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009)...................................... 1, 8

*Atlantica Holdings, Inc. v. Sovereign Wealth Fund Samruk-Kazyna JSC*,
    813 F.3d 98 (2d Cir. 2016) ................................................................... 21

*Aviles v. S&P Global, Inc.*,
    380 F.Supp.3d 221 (S.D.N.Y. 2019) ..................................................... 16, 20

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)........................................ 5

*Benefield v. Pfizer*,
    103 F.Supp.3d 449 (S.D.N.Y. 2015) ......................................................... 19

*Bianco v. Erkins (In re Gaston v. Snow)*,
    243 F.3d 599 (2d Cir. 2001) ................................................................... 16

*Bird v. White (In re White)*,
    591 B.R. 884 (D. Utah 2018).................................................................... 8

*Boudreau v. Baughman*,
    322 N.C. 331, 368 S.E.2d 849 (1988) .................................................... 16, 17

*Buchwald Capital Advisors LLC v. JP Morgan Chase Bank N.A. (In re Fabricant & Sons, Inc.)*,
    447 B.R. 170 (S.D.N.Y. 2011) .............................................................. 7, 8

*Central Illinois Energy Co-op. v. Nostaw, Inc.*,
    521 B.R. 868 (C.D. Ill. 2014) .................................................................. 9

*Chartener v. Kice*,
    270 F.Supp. 432 (E.D.N.Y. 1967) ............................................................ 17

*Chiste v. Hotels.com L.P.*,
    756 F. Supp.2d 382 (S.D.N.Y. 2010) ......................................................... 20

1

*Comm. of Unsec. Creditors v. Leucadia Nat'l. Corp. (In re Vivaro Corp.,*
   524 B.R. 536 (S.D.N.Y. 2015) ................................................................. 12

*Drenis v. Haligiannis,*
   452 F. Supp. 2d 418 (S.D.N.Y. 2006) ....................................................... 18

*Estate of Hurst v. Jones,*
   230 N.C.App. 162 (2013) ............................................................................ 8

*Geo-Grp. Commc'ns, Inc. v. Chopra,*
   2016 WL 390089 (S.D.N.Y. Feb. 1, 2016) ................................................ 11

*Gerloff v. Hostetter Schneider Realty,*
   2014 WL 1099814 (S.D.N.Y. Mar. 20, 2014) ............................................ 18

*Geron v. Robinson & Cole LLP,*
   476 B.R. 732 (S.D.N.Y. 2012) ................................................................... 19

*Holmes v. Allstate Corp.,*
   2012 WL 627238 (S.D.N.Y. Jan. 27, 2012) ............................................. 13

*Hosking v. TPG Cap. Mgmt., L.P. et al. (In re Hellas Tellecoms. (Lux.) II SCA*, 535 B.R. 543,
   574 (Bankr. S.D.N.Y. 2015)…………………………………………………  18

*In re 360networks (USA) Inc.,*
   367 B.R. 428 (Bankr. S.D.N.Y. 2007)........................................................ 13

*In re Bankr. Est. of Norske Skogindustrier ASA,*
   629 B.R. 717 (Bankr. S.D.N.Y. 2021)........................................................ 17

*In re Caremerica, Inc.,*
   409 B.R. 737 (E.D. N.C. 2009) .................................................................. 12

*In re Chargit Inc.,*
   81 B.R. 243 (Bankr. S.D.N.Y. 1987).......................................................... 22

*In re Enron Corp.,*
   298 B.R. 513 (Bankr.S.D.N.Y.2003)........................................................... 14

*In re Metzeler,*
   66 B.R. 977 (Bankr. S.D.N.Y. 1986).......................................................... 14

*In re Sagarino,*
   2017 WL 3865625 (Bankr. D. Conn. Aug. 29, 2017) ................................ 12

2

*Ivey v. Swofford (In re Whitley)*,
   463 B.R. 775 (M.D. N.C. 2012) ............................................................................... 7, 8

*KB Aircraft Acquisition, LLC v. Berry*,
   249 N.C.App. 74, 790 S.E.2d 559 (2016) ................................................................ 16

*Koreag, Controle et Revision S.A. v. Refco F/X Assocs., Inc. (In re Koreag, Controle et Revision S.A.)*,
   961 F.2d 341 (2d Cir. 1992) ..................................................................................... 17

*Licci v. Lebanese Canadian Bank*,
   739 F.3d 45 (2d Cir. 2013) .................................................................................. 17, 18

*Lockerman v. South River Electric Membership Corp.*,
   250 N.C.App. 631 (2016) .......................................................................................... 17

*Lyman Com. Sols., Inc. v. Lung*,
   2014 WL 476307 (S.D.N.Y. Feb. 6, 2014) ............................................................... 18

Official Creditors Comm. v. Fidelity Bank (In re Honeycomb, Inc.),
   72 B.R 371 ................................................................................................................. 22

*Oliver v. Cooper (In re Bateman*,
   2012 WL 1110080 (E.D. N.C. April 2, 2012) .......................................................... 12

*O'Toole v. Karnani et al. (In re Trinsum Group, Inc.)*,
   460 B.R. 379 (S.D.N.Y. 2011) .................................................................................... 9

*Padula v. Lilarn Props. Corp.*,
   84 N.Y.2d 519, 620 N.Y.S.2d 310, 644 N.E.2d 1001 (1994) .................................. 18

*Pereira v. Hong Kong & Shanghai Banking Corp. (In re Kam Kuo Seafood Corp.)*,
   67 B.R. 304 (Bankr. S.D.N.Y. 1986) ....................................................................... 14

*Picard v. Madoff (In re Madoff)*,
   458 B.R. 87 (S.D.N.Y. 2011) ...................................................................................... 9

*Schandler v. New York Life Ins. Co.*,
   2011 WL 1642574 (S.D.N.Y. April 26, 2011) ......................................................... 17

*Schultz v. Boy Scouts of Am., Inc.*,
   65 N.Y.2d 189, 491 N.Y.S.2d 90, 480 N.E.2d 679 (1985) ...................................... 18

*Tanges v. Heidelberg N. Am., Inc.*,
   93 N.Y.2d 48, 687 N.Y.S.2d 604, 710 N.E.2d 250 (1999) ...................................... 20

*Tipton & Young Constr. Co. v. Blue Ridge Structure Co.*,
   116 N.C.App. 115, 446 S.E.2d 603 (1994) ........................................................... 16

*Trustee of Rowan Tech. v. Hammond Assoc.*,
   313 N.C. 230, 328 S.E.2d 274 (1985) ................................................................. 17

*U.S. for Use of Am. Bank v. C.I.T. Const. Inc. of Texas*,
   944 F.2d. 253 (5th Cir. 1991) ......................................................................... 21

*Whittaker v. Todd*,
   176 N.C.App. 185, 625 S.E.2d 860 (2006) ........................................................... 17

**Statutes**

11 U.S.C. § 108 ................................................................................................. 21

11 U.S.C. § 548 ................................................................................................... 6

11 U.S.C. § 1521(a)(7) ......................................................................................... 6

31 L.P.R.A. secs. 3408 and 3512 ........................................................................ 20

31 L.P.R.A. §§ 3028, 3492, and 3512 ................................................................ 20

N.C. Gen. Stat. § 39–23.9 ................................................................................. 16

**Rules**

Fed. R. Civ. P. 8(a) ................................................................................... 1, 7, 8, 9

Fed. R. Civ. P. 9(b) ................................................................................... Passim

Fed. R. Civ. P. 12(b)(6) ..................................................................................... 5

Fed. R. Civ. P. 15 ............................................................................................... 7

N.Y. C.P.L.R. § 202 ......................................................................................... 16

Rule 8 ............................................................................................................. 11, 12

Rule 9(a) ............................................................................................................... 11

Defendants Atkinson, LLC ("Atkinson"), Begonia Eight, LLC ("Begonia"), Blue Daffodil, LLC ("Daffodil"), Blue Violet, LLC ("Violet"), Carnation Three, LLC ("Carnation"), Chrysanthemum Two, LLC ("Chrysanthemum"), Dahlia Ten, LLC ("Dahlia"), Daisy Seven, LLC ("Daisy"), Epping, LLC ("Epping"), Flowery Branch, LLC ("Branch"), Forsyth, LLC ("Forsyth"), Geranium Two, LLC ("Geranium"), Hookset, LLC ("Hookset"), Lilac Six, LLC ("Lilac"), Macon, LLC ("Macon"), Red Begonia, LLC ("Red Begonia"), Somersworth, LLC ("Somersworth"), Weare, LLC ("Weare"), Yellow Lotus, LLC ("Lotus"), and Yellow Sunflower, LLC ("Sunflower" and together with Atkinson, Begonia, Daffodil, Violet, Carnation, Chrysanthemum, Dahlia, Daisy, Epping, Branch, Forsyth, Geranium, Hookset, Lilac, Macon, Red Begonia, Somersworth, Weare, and Lotus, collectively the "Defendants") respectfully submit this reply memorandum of law pursuant to Fed. R. Civ. P. 12(b)(6), as incorporated by Bankruptcy Rule[1] 7012(b), in further support of their Motion to dismiss the Complaint for failure to state a claim against the Defendants and in opposition to Plaintiff's request for leave to amend the Complaint.

## PRELIMINARY STATEMENT

Plaintiff has done **_nothing_** in its opposition to address the reality that the allegations in the Complaint against the Defendants (including the Non-Transferee Defendants **_and_** the Alleged Transferee Defendants) are woefully deficient under both (i) Fed. R. Civ. P. 9(b), as incorporated by Bankruptcy Rule 7009, with respect to the actual fraud claims, and (ii) Fed. R. Civ. P. 8(a), as incorporated by Bankruptcy Rule 7008, and as interpreted by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) with respect to the constructive fraud and other common law claims.

---

[1] Capitalized terms not defined herein have the same meaning ascribed to them in the Defendants' opening papers on the Motion.

As set forth in the Defendants' opening papers on their Motion, the Complaint simply recites the statutory language of fraudulent conveyance without actually identifying **which** statute(s) Plaintiff is relying upon,[2] and without providing **any** specifics concerning the alleged intentional and/or constructive fraudulent transfers as they relate to the Defendants.   Plaintiff's opposition has done nothing to address those infirmities or to distinguish the ample case law cited in Defendants' opening papers.

It is inconceivable how Plaintiff can rationally argue that it has satisfied the pleading standards under Fed. R. Civ. P 9(b) and/or 8(a).  Indeed, aside from the place of incorporation and address of the Non-Transferee Defendants, there is **not a single allegation** concerning **any** transfer(s) to any of them.  In addition, with respect to all Defendants (including the Alleged Transferee Defendants) there are no allegations concerning when any transfers were allegedly made, how any of those transfers were made, and/or whether any of those transfers were made without PBLA's receipt of reasonably equivalent value in exchange.[3]

Moreover, with respect to the constructive fraudulent transfers, there is not a single factual allegation regarding the then-existing or resulting insolvency at the time the transfers were allegedly made.

---

[2] *See* Plaintiff's Complaint at ECF Doc. No. 14.  *See also* Plaintiff's Omnibus Opposition at p. 15: "ULICO is pursuing its claims under **one of** the uniform voidable transfer statutes, **be it the UVTA, the UFTA, or the UFTC** …."  It is for this reason, and because it is unclear whether Plaintiff is bound by the restrictions on the avoidance powers granted to a "foreign representative" in a Chapter 15 case that, in an abundance of caution, Defendants raised the 11 U.S.C. § 548 issues.  *See* 11 U.S.C. § 1521(a)(7) and Plaintiff's Omnibus Opposition at p. 15 ("… the Recognition Order does not have any preclusive effect on ULICO….").  If, however, as Plaintiff now concedes in its opposition, Plaintiff is barred from asserting any claim under § 548, then Defendants will withdraw their § 548 argument, without prejudice.

[3] For similar reasons, the fraud, unjust enrichment, conversion, breach of fiduciary duty, and constructive trust claims must also be dismissed.

Finally, and because the applicable North Carolina statute of repose has now expired, and because Plaintiff's claims against the Defendants do not relate back to the original pleading, Plaintiff should not be granted leave to amend under Fed. R. Civ. P. 15.

Under these circumstances, the Complaint should be dismissed as against the Defendants.

## ARGUMENT

## I.

## PLAINTIFF HAS NOT ALLEGED FRAUD WITH PARTICULARITY

Despite Plaintiff's conclusory argument that it has, in fact, satisfied the pleading requirements of Fed. R. Civ. P. Rule 9(b) by virtue of "exemplary transactions,"[4] the fact is that Complaint is totally devoid of *any* factual allegations against the Defendants, and fails to provide the particulars of *any* actual fraud claim that could satisfy the specificity requirements of Fed. R. Civ. P. Rule 9(b).  As set forth in the Defendants' opening papers, "[t]o adequately plead a claim to recover actual fraudulent transfers … the Complaint must state with particularity the factual circumstances constituting fraud under Rule 9(b)." *Ivey v. Swofford (In re Whitley)*, 463 B.R. 775, 784 (M.D. N.C. 2012).  "To do this, the Complaint must allege (1) the property subject to the transfer, (2) the timing and, if applicable, frequency of the transfer, and (3) the consideration paid with respect thereto." *Id.* [5]

With respect to the actual fraudulent transfer claims, aside from listing loan amounts paid pursuant to Loan and Security Agreements with respect to only five (5) of the twenty (20) Defendants – *i.e.*, the Alleged Transferee Defendants -- the Complaint fails to set forth the subject

---

[4] *See* Plaintiff's Omnibus Opposition at p. 21.

[5] *See also Buchwald Capital Advisors LLC v. JP Morgan Chase Bank N.A. (In re Fabricant & Sons, Inc.)*, 447 B.R. 170, 186 (S.D.N.Y. 2011) ("allegations of intentional fraudulent transfer must satisfy Rule 9(b) of the Federal Rules of Civil Procedure.  The complaint must specify the 'particulars' of each transfer, including 'the property that was allegedly conveyed, the timing and frequency of those allegedly fraudulent conveyances, [and] the consideration paid'.").

transfers with any degree of specificity.  With respect to all Defendants, the Complaint fails to set forth the precise timing and, if applicable, frequency of the transfers, the consideration paid with respect thereto, and/or why the consideration (in this case, a Loan and Security Agreement) was less than reasonably equivalent value sufficient to satisfy the actual fraudulent conveyance claims. *See e.g. Ivey v. Swofford (In re Whitley)*, 463 B.R. at 784 (complaint held to be sufficient under Fed. R. Civ. P. 9(b) because it included "particulars as to the identity of the transfers sought to be avoided, including the date, transferor, transferee, method of transfer, and amount of each alleged transfer") and *Buchwald Capital Advisors LLC v. JP Morgan Chase Bank et al. (In re M. Fabrikant & Sons, Inc.)*, 447 B.R. 170, 189 (S.D.N.Y. 2011) (allegations "lack[ed] the specificity required to support an actual fraudulent transfer claim, and failed to provide the Lending Banks with clear notice of what the plaintiff intends to prove.").

In that regard, the alleged payments made pursuant to the Loan and Security Agreements defeats Plaintiff's fraudulent conveyance claims because those payments were made on account of existing contractual obligations.  *See e.g. In re M. Fabrikant & Sons, Inc.*, *supra*, at 189 ("Viewing the first transfer alone, the Lending Banks gave value, and the advances created valid obligations owed to the Lending Banks by the debtors. If those obligations are valid, the liens granted to secure those obligations would not be avoidable constructive fraudulent transfers."); *Bird v. White (In re White)*, 591 B.R. 884 (D. Utah 2018) ("It is widely recognized by courts that where a debtor makes prepetition payments on a contractual debt, in order for those to be avoidable as constructively fraudulent, it is necessary for the trustee to first avoid the underlying contract as a fraudulently incurred obligation.  Absent avoidance of the underlying contract, the payments discharge the obligation and are, by definition, for reasonably equivalent value.").  *See also Estate of Hurst v. Jones*, 230 N.C.App. 162 (2013) (listing a variety of unperformed promises that

constitute value, including "a transfer in consideration of a negotiable note…"); *Central Illinois Energy Co-op. v. Nostaw, Inc.*, 521 B.R. 868 (C.D. Ill. 2014) (failure to avoid note rendered payments made thereunder for "value"); and *O'Toole v. Karnani et al. (In re Trinsum Group, Inc.)*, 460 B.R. 379 (S.D.N.Y. 2011) (failure to avoid promissory notes defeated Distributing Agent's ability to seek to avoid the obligations owed pursuant to those notes).[6]

Recognizing the fatal deficiencies in its pleading, Plaintiff likens itself to a trustee – an alleged "outsider" to the transaction(s) – in its bid for leniency.  Notably, and despite Plaintiff's claims of ignorance as an outsider to the transactions, a review of the Arbitration Award referenced in Plaintiff's opposition (*see* pp. 6 & 7 at fn. 7,[7] and Exhibit A),  reveals that Plaintiff has known about the Loan and Security Agreements and the alleged transfers for years.   *See* **Exhibit 2** to the Hellman Decl. at p. 4.  Accordingly, any plea for leniency should be disregarded.

But notwithstanding Plaintiff's asserted lack of knowledge, it is well-settled that a "relaxation" of the particularity requirement of Fed. R. Civ. P. 9(b) does not eliminate it.  *See e.g. Picard v. Madoff (In re Madoff)*, 458 B.R. 87, 106 (S.D.N.Y. 2011) ("Pleadings still must be particular enough to fulfill Rule 9(b)'s purpose: 'to protect the defending party's reputation, to discourage meritless accusations, and to provide detailed notice of fraud claims to defending parties… [S]ince Rule 9(b) is intended to provide a defendant with fair notice of a plaintiff's claim, to safeguard a defendant's reputation from improvident charges of wrongdoing, and to protect a

---

[6] The validity of the Loan and Security Agreements has been specifically recognized by the JPLs.  In a November 19, 2021 letter to counsel for the Defendants herein (sent *after* the Complaint was filed *and after* Defendants' opening papers on their Motion were filed), counsel for the JPLs *specifically recognized* the existence and validity of the Loan and Security Agreements, demanded payment pursuant to those agreements in order to avoid the commencement of enforcement actions by the JPLs, and advised that any defaults must be brought to the attention of the relevant agent of the PBLA ULICO Trust and promptly cured.  A copy of the November 19, 2021 letter is annexed as **Exhibit 1** to the accompanying Declaration of Jay S. Hellman, dated January 14, 2022 (the "Hellman Decl.").

[7] Curiously, Plaintiff argues that the Court can take judicial notice of the arbitration award, but then fails to annex it as an exhibit to its Omnibus Opposition.

defendant against the institution of a strike suit ... the relaxation of Rule 9(b)'s specificity requirement for scienter must not be mistaken for license to base claims of fraud on speculation and conclusory allegations'.") (internal citations omitted).

Moreover, and despite Plaintiff's alleged lack of knowledge concerning the fraudulent intent of the transferor and Plaintiff's purported reliance on certain "badges of fraud," Plaintiff has not satisfied the other requirement under Fed. R. Civ. P. 9(b) because it failed to ***identify the transfers*** with particularity as required under 9(b).  *See Madoff*, *supra*, at 106 ("A second requirement is that the transfers sought to be avoided ***must*** be identified with particularity in accordance with Rule 9(b).  To satisfy Rule 9(b)'s particularity requirement, a party must ordinarily allege: '(1) the property subject to the transfer, (2) the timing and, if applicable, frequency of the transfer, and (3) the consideration paid with respect thereto.") (emphasis supplied).

The *Madoff* Court dismissed the complaint there, finding that "opacity, rather than particularity, best describe[d] the allegations…" because:

> … the Complaint states $57,708,392 was transferred at some time earlier than six years prior to the Filing Date without specifying how many individual Actual Fraudulent Transfers comprise this sum. The Trustee does not provide how he arrives at: (1) the total sum he seeks to avoid under Counts Three or Five, (2) the total number of discrete Actual Fraudulent Transfers included in each sum, and (3) which statutory look back period he intends to apply to each of these Transfers, and no inference to ameliorate these deficiencies can be drawn on the basis of the allegations contained in the Complaint.

Because the Complaint in this case suffers from the same infirmities as those in *Madoff*, and because the Plaintiff knew about the Loan and Security Agreements and the alleged transfers for years, the Complaint must be dismissed.

## **II.**

## **PLAINTIFF HAS NOT SATISFIED FED. R. CIV. P. 8(a)**

Plaintiff asserts that it has satisfied the requirements of Fed. R. Civ. P. 8(a) because it pled that PLBA "initiated **hundreds of transfers** to Defendants whereby PBLA did not receive reasonably equivalent value in exchange for the transfer."[8]  Once again, Plaintiff is wrong.

"[W]hile claims for constructive fraudulent transfer 'do not require the intent to defraud as an element, [and therefore] are not held to the heightened pleading requirements of Fed. R. Civ. P. 9(b)[,] [they] still cannot survive a motion to dismiss on conclusory allegations alone'." *Geo-Grp. Commc'ns, Inc. v. Chopra*, No. 15 CIV. 1756 (KPF), 2016 WL 390089, at *5 (S.D.N.Y. Feb. 1, 2016) (internal citations omitted). As the *Chopra* Court held:

> Put simply, the SAC is devoid of any facts that would make GCI's allegations against Suri or the Entity Defendants plausible; a claim for fraudulent conveyance cannot possibly stand against defendants to whom no specific conveyance is stated as having been made. The SAC's broad assertions that 'Defendants' have 'withdraw[n] ... funds' (*id.* at ¶ 23), with no mention of timing, amount, or even which particular defendants are being referenced, falls far short of the plausibility standard under *Iqbal* and *Twombly*. Because the SAC contains no more than a bare recitation of the elements of fraudulent transfer against Suri and the Entity Defendants, the claims against these defendants must be dismissed.

In the present case, the Complaint fails to set forth the particulars of any alleged fraudulent transfer(s) made to the Defendants and, further, fails to set forth **any facts** that tend to show that PBLA was insolvent at the time any purported transfer was made.  "While courts have generally agreed that a claim for constructive fraud need only be pleaded according to the more lenient requirement of Rule 8, as opposed to the heightened particularity required by Rule 9(a), the

---

[8] *See* Plaintiff's Omnibus Opposition at p. 22.

application of Rule 8 is nevertheless subject to the standard outlined in *Twombly* and *Iqbal* which conclusively determined that a complaint must provide *facts*—distinct from legal conclusions and labels—that give rise to a plausible entitlement to relief.  While a complaint must surely include the language of the statutory elements of a cause of action, the pleading falls short of the requirement of Rule 8(a) when it is bereft of any facts supporting those elements." *In re Sagarino*, 2017 WL 3865625, at *3 (Bankr. D. Conn. Aug. 29, 2017).  In *Sagarino*, as here:

> The Complaint alleges, 'During the entire period from August, 2014 through May, 2016, the Debtor was insolvent or became insolvent in consequence of the transfers described following; and/or was engaged in or about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital; and/or intended to incur, or then believed that he would incur, debts that would be beyond his ability to pay as such debts matured.'

And as the *Sagarino* Court properly held:

> These bare assertions 'amount to nothing more than a formulaic recitation of the element' of insolvency. *Iqbal*, 129 S. Ct. at 1951. Setting these allegations aside, a reading of the remainder of the Complaint readily reveals that the Trustee failed to plead any subordinate facts showing that the Defendant was insolvent under any of the financial tests under Section 548(a)(1)(B) or CUFTA. As the Trustee has alleged no facts supporting the element of insolvency, he cannot show that avoidance of the transfers under a theory of constructive fraud is plausible.[9]

---

[9] *See also Oliver v. Cooper (In re Bateman)*, 2012 WL 1110080 at *2 (E.D. N.C. April 2, 2012) ("Although the complaint recites the elements [of fraudulent conveyance], it fails to provide factual support of these allegations … The complaint does not provide sufficient facts showing the Debtor's actual assets and liabilities as they stood on the date the Property was transferred or shortly thereafter. These are the facts the Trustee should have pled in regard to the essential element of insolvency. Here, the statement that "the Debtor became insolvent as a result of the transfer of the Property to the Defendants" is a "conclusory statement [that] 'fail[s] to satisfy the requirements under *Iqbal*.'") (internal citations omitted); *In re Caremerica, Inc.*, 409 B.R. 737, 756 (E.D. N.C. 2009) ("The Amended Complaint alleges that, with respect to transfers alleged to be fraudulent, the transferors 'received less than reasonably equivalent value in exchange from the defendant for such fraudulent transfer.' The Amended Complaint also alleges that these transferors were 'insolvent on the date of each fraudulent transfer or became insolvent as a result of the fraudulent transfer.' The court finds that the trustee's allegations mirror the elements of [a fraudulent conveyance]. However, the trustee fails to support such allegations … Missing from the Amended Complaint … [are] facts supporting the debtors' insolvency at the time of the transfer. In the absence of such factual assertions, the trustee's claims based on constructive fraud fail to meet the Rule 8 pleading standard."); and *Comm. of Unsec. Creditors v. Leucadia Nat'l. Corp. (In re Vivaro Corp.)*, 524 B.R. 536, 551 (S.D.N.Y. 2015) (With respect to insolvency allegations: "to evaluate the sufficiency of a complaint's insolvency allegations, the court looks for some sort of balance sheet test or information that the Court can infer that corporation's liabilities exceeded their assets at the time the transfers took place … Additionally, there should be information as to the level of liquidity of the transferor's assets." And with

Plaintiff's formulaic recitation of insolvency in the Complaint is simply insufficient to allow the Defendants "to prepare an answer, frame discovery and defend against the charges" under Fed. R. Civ. P. 8(a). *See In re Bernard L. Madoff Inv. Sec. LLC*, 458 B.R. 87, 111 (Bankr. S.D.N.Y. 2011). This is especially true where, as here, the allegations are made against nearly 100 defendants as a group without any specifics. *See Holmes v. Allstate Corp.,* 2012 WL 627238, at *25 (S.D.N.Y. Jan. 27, 2012) (finding Plaintiff's allegations of fraudulent transfer against Defendants as a group, without specifying what conduct was attributable to each, failed to satisfy the pleading standard under Rule 8(a)), *report and recommendation adopted,* 2012 WL 626262 (S.D.N.Y. Feb. 27, 2012).

The Complaint should be dismissed as against the Defendants.

### III.

### ANY AMENDMENT WOULD BE FUTILE BECAUSE THE CLAIMS DO NOT RELATE BACK AND THE APPLICABLE LIMITATIONS PERIOD HAS EXPIRED[10]

#### A. The Claims Do Not Relate Back

"Rule 15(c), made applicable by Bankruptcy Rule 7015, provides in relevant part:

An amendment of a pleading relates back to the date of the original pleading when ...

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading....

---

respect to allegations of unreasonably small capital: "[t]he relevant factors include the transferor's debt to equity ratio, historical capital cushion, and the need for working capital in the transferor's industry.")

[10] Despite Plaintiff's tortured reading of the Defendants' opening papers, the Defendants **did not then** argue that the limitations period for fraudulent transfers had expired. Indeed, the only arguments Defendants made relative to the expiration of the limitations periods were directed to Plaintiff's unjust enrichment, conversion, and breach of fiduciary duty claims. *See* Defendants' Opening Brief at Point IV (A) through (C). Now, however, because Plaintiff seeks leave to amend the Complaint, the Defendants argue here that the limitations period relative to fraudulent conveyances has now expired and, therefore, any amendment would be futile.

*In re 360networks (USA) Inc.*, 367 B.R. 428, 433 (Bankr. S.D.N.Y. 2007). "'[T]he purpose of Rule 15 is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities,' however, a court must not 'undermine the purpose of repose for which statutes of limitations were designed'." *Id.* (internal citations omitted). "The moving party who asserts the relation back bears the burden of proof." *Id. citing In re Enron Corp.,* 298 B.R. 513, 522 (Bankr.S.D.N.Y.2003).

In the present case, Plaintiff cannot satisfy its burden. "On a motion for leave to serve an amended pleading, the movant has the burden of persuasion. Leave to amend is to be freely granted as Rule 15(a) provides… But it is to be denied where the additional claims sought to be asserted by the amendment would be barred by the statute of limitations unless the amendment relates back under Rule 15(c)." *In re Metzeler*, 66 B.R. 977, 981 (Bankr. S.D.N.Y. 1986) (denying motion to file an amended complaint setting forth additional transactions). "To permit amendment for the purpose of alleging claims barred by a statute of limitations is a nullity and only increases the heavy costs of litigation." *Id.*

As the *Metzeler* Court held:

> This issue of whether the averment of a proposed amended petition alleging fraudulent transfers in addition to those originally alleged, may relate back to the original petition is comparable to the issue recently addressed by this Court in *Pereira v. Hong Kong & Shanghai Banking Corp. (In re Kam Kuo Seafood Corp.),* 67 B.R. 304 (Bankr. S.D.N.Y. 1986). There, the trustee sought permission of this Court to add several additional preference claims to the one originally alleged. Indeed, it is the same issue. Neither party suggests that fraudulent transfer claims are to be treated differently from preference claims under Rule 15(c) … [T]he mere allegation that all of the transactions are fraudulent transfers does not make them part of the same conduct…. Courts, however, have held that the mere pleading of a statute offers nothing to relate back to and that relation back under Rule 15(c) is not permitted.

*Id.* at 982-83.  *See also In re M. Fabrikant & Sons, Inc.*, 447 B.R. 170, 182 (Bankr. S.D.N.Y. 2011), *aff'd*, 480 B.R. 480 (S.D.N.Y. 2012), *aff'd,* 541 F. App'x 55 (2d Cir. 2013) ("an amended complaint will not relate back if it is based on new facts and different transactions ... ***In avoidance litigation, each transfer is treated as a separate transaction for purposes of applying the 'relation back' doctrine.***") (internal citations omitted) (emphasis supplied).

In this case, there is not a single allegation against the Non-Transferee Defendants. Plaintiff has not pled any transaction or occurrence relating to the Non-Transferee Defendants and has not identified a single transfer.  And, as to the Alleged Transferee Defendants, Plaintiff has not plead any avoidable transaction or occurrence given the existence and admitted validity of the Loan and Security Agreements, and it is now too late to avoid those contractual obligations as fraudulent conveyances. Accordingly, under applicable North Carolina law Plaintiff's claims are time-barred and any amendment would be futile.

### B. <u>North Carolina Law Applies</u>

Plaintiff asserts that it is seeking recovery under "***one of***" the uniform voidable transfer statutes, "***be it the UVTA, the UFTA or the UFTC***," but the Complaint does not identify any controlling law, leaving Defendants to guess at which law Plaintiff contends will apply to its claims.  And Plaintiff has done nothing in opposition to the Defendants' dismissal motion to convince this Court that New York applies, except to incorrectly presume that there is some "consensus" among other defendants that "all of the claims made by ULICO are timely" and to baldly assert the "general rule" that the Court should apply the limitations period set forth in New York's Civil Practice Law and Rules relative to fraudulent transfers.[11]

---

[11] Despite its erroneous contention that New York law applies, Plaintiff's Omnibus Opposition recites North Carolina law.  *See e.g.* Omnibus Opposition at pp. 15 & 19 – 22.

Although the rationale behind the application of North Carolina law is set forth in the dismissal motion, the Defendants will further elaborate here in light of Plaintiff's incorrect contentions.  Simply stated (i) there is a conflict between North Carolina and New York relative to fraudulent conveyance law, and (ii) the North Carolina statute is one of repose, not of limitations, thereby making the law substantive, rather than procedural, such that the North Carolina statute of repose applies.  But even if North Carolina's statute of repose was one of limitations, North Carolina law would still apply under New York's borrowing statute and would bar Plaintiff's claims.

"[A] federal court exercising bankruptcy jurisdiction must apply the conflict of laws rules of the state in which the federal court sits to determine the applicable limitations period for fraudulent transfer claims." *See Bianco v. Erkins (In re Gaston v. Snow)*, 243 F.3d 599, 605-07 (2d Cir. 2001).  In the present case, an actual conflict exists because under the laws of North Carolina the statute or repose relative to fraudulent transfers is four (4) years, and under New York law fraudulent transfers are governed by a six (6) year statute of limitations.  *See e.g. Aviles v. S&P Global, Inc.*, 380 F.Supp.3d 221 (S.D.N.Y. 2019) (actual conflict existed where Delaware law contained statute of repose that extinguished fraudulent conveyance claims that were not brought within four years after transfer was made, while New York law imposed a six-year statute of limitations).  *See also  KB Aircraft Acquisition, LLC v. Berry*, 249 N.C.App. 74, 84, 790 S.E.2d 559, 566 (2016), analyzing the North Carolina fraudulent conveyance statutes and holding:

> A second issue of first impression presented in this case is whether N.C. Gen. Stat. § 39–23.9 functions as a statute of limitations or as a statute of repose. The function of Section 39–23.9, the language of the statute, and a comparison of this language to other statutes leads us to hold that it is a statute of repose. A statute of limitations functions to limit the amount of time that a claimant has to file an action. *Tipton & Young Constr. Co. v. Blue Ridge Structure Co.*, 116 N.C.App. 115, 117, 446 S.E.2d 603, 604 (1994). The limitations period begins to run on the date the cause of action

accrues, which is generally 'the time of an injury or the discovery of the
injury.' *Id.* Statutes of limitation are purely procedural bars to the bringing
of claims; they 'affect only the remedy and not the right to recover.' *Id.* By
contrast, statutes of repose function as more rigid stops. The time limitations
imposed by statutes of repose are usually not measured from the accrual of
the cause of action. *Boudreau v. Baughman*, 322 N.C. 331, 340, 368 S.E.2d
849, 856 (1988). Instead, they often run from the 'defendant's last act giving
rise to the claim.' *Id.* (quoting *Trustee of Rowan Tech. v. Hammond Assoc.*,
313 N.C. 230, 234 n.3, 328 S.E.2d 274, 276–77 n.3 (1985)). While statutes
of limitation are classified as affirmative defenses, a statute of repose need
not be pled as an affirmative defense. *Whittaker v. Todd*, 176 N.C.App. 185,
187, 625 S.E.2d 860, 862 (2006). Rather, statutes of repose are more
appropriately pled as a condition precedent to the bringing of an action at
all. *Id.* This elemental nature makes the time span imposed by a statute of
repose 'so tied up with the underlying right that ... the limitation clause is
treated as ***a substantive rule of law***.' *Boudreau*, 322 N.C. at 341, 368 S.E.2d
at 857 (quoting *Chartener v. Kice*, 270 F.Supp. 432, 436 (E.D.N.Y. 1967)).

(emphasis supplied).

Based on the foregoing, there is clearly a conflict between the laws of North Carolina and

the laws of New York relative to fraudulent conveyance claims.[12]

"Once an actual conflict has been shown to exist, 'the law of the jurisdiction having the

greatest interest in the litigation will be applied and ... the facts or contacts which obtain

significance in defining State interests are those which relate to the purpose of the particular law

in conflict'." *In re Bankr. Est. of Norske Skogindustrier ASA*, 629 B.R. 717, 735–36 (Bankr.

S.D.N.Y. 2021) *citing Koreag, Controle et Revision S.A. v. Refco F/X Assocs., Inc. (In re Koreag,

Controle et Revision S.A.)*, 961 F.2d 341, 350 (2d Cir. 1992).

According to the *Norske* Court:

'[T]he interest analysis is applied differently depending on whether the rules
in question are conduct-regulating rules that people use as a guide to

---

[12] Similarly, a conflict exists relative to *at least* the claims concerning unjust enrichment. The limitations period for
unjust enrichment in North Carolina is three (3) years, and the limitations period for unjust enrichment in New York
is six (6) years. *Compare Lockerman v. South River Electric Membership Corp.*, 250 N.C.App. 631, 641 (2016) ("A
claim for unjust enrichment must be brought within three years of accrual under subsection 1 of [N.C. Gen. Stat. §]
1–52"), with *Schandler v. New York Life Ins. Co.*, 2011 WL 1642574 at *9 (S.D.N.Y. April 26, 2011) ("The statute
of limitations in New York for a claim of unjust enrichment is six years….").

governing their primary conduct, or loss-allocating rules that prohibit, assign, or limit liability after the tort occurs.' *Licci v. Lebanese Canadian Bank*, 739 F.3d 45, 49 (2d Cir. 2013) (internal quotation marks omitted). The New York Court of Appeals has provided examples of each type of rule, stating that 'rules of the road' are conduct-regulating, while 'charitable immunity statutes, guest statutes, wrongful death statutes, vicarious liability statutes, and contribution rules' are loss-allocating. *Padula v. Lilarn Props. Corp.*, 84 N.Y.2d 519, 620 N.Y.S.2d 310, 644 N.E.2d 1001, 1002–03 (1994) (internal quotation marks and citations omitted) … As this Court explained in *Hellas*, fraudulent transfer statutes are conduct-regulating laws, for which 'courts generally follow the *lex loci* rule and 'the law of the jurisdiction where the tort occurred will generally apply because that jurisdiction has the greatest interest in regulating behavior within its borders.' *Hellas*, 535 B.R. at 573 (quoting *Drenis v. Haligiannis*, 452 F. Supp. 2d 418, 427 (S.D.N.Y. 2006)).

*Id.* at 735.

"New York choice of law rules do not require an uncompromising adherence to the *lex loci* rule." *Hosking v. TPG Cap. Mgmt., L.P. et al. (In re Hellas Tellecoms. (Lux.) II SCA*, 535 B.R. 543, 574 (Bankr. S.D.N.Y. 2015). "But when the allegedly wrongful conduct occurs in a place different from the place of injury, the Second Circuit dictates that 'it is the place of the allegedly wrongful conduct that generally has superior interests in protecting the reasonable expectation of the parties who relied [on the laws of that place] to govern their primary conduct and in the admonitory effect that applying its law will have on similar conduct in the future'." *Id.* citing *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL,* 739 F.3d 45, 50–51 (2d Cir.2013) ("*Licci II* ") (quoting *Schultz v. Boy Scouts of Am., Inc.,* 65 N.Y.2d 189, 491 N.Y.S.2d 90, 480 N.E.2d 679, 684–85 (1985) and *Lyman Com. Sols., Inc. v. Lung*, No. 12-CV-4398, 2014 WL 476307, at *3 (S.D.N.Y. Feb. 6, 2014) ("concluding that for fraudulent conveyance claims, 'the location of injury does not control; instead, it is the location of the defendant's conduct that controls'."). *See also*

*Norske, supra,* at 736 ("The Second Circuit recently suggested that the choice of law inquiry for avoidance actions should ***focus on the location of the debtor's transfer***.") (emphasis supplied).[13]

In the present case, the heretofore unidentified transfers to the Non-Transferee Defendants and the alleged transfers to the Alleged Transferee Defendants were purportedly caused to be made by defendant Greg Lindberg, a "North Carolina entrepreneur"[14] and the owner of Global Growth Holdings, Inc., a company located in North Carolina.[15]   Lindberg was allegedly assisted by defendant Chris Herwig, a North Carolina resident and the Chief Investment Officer of Eli Global LLC, an alter ego of Global Growth Holdings, Inc.[16]   Those transfers were allegedly made to "Lindberg Affiliates," purportedly including the Alleged Transferee Defendants, in North Carolina.[17]   Further, Lindberg's conduct was alleged to be governed by the North Carolina insurance department and/or other North Carolina regulators.[18]

Based on the foregoing, North Carolina has a superior interest in regulating the allegedly wrongful conduct that forms the basis for Plaintiff's Complaint.  Based upon the allegations in the Complaint, New York has ***absolutely no interest*** in the transfers at issue and, therefore no reason to apply its laws to the purported fraudulent conveyances.  *See e.g. Benefield v. Pfizer*, 103 F.Supp.3d 449, 458 (S.D.N.Y. 2015) ("Where, as here, the relevant rule is conduct-regulating, 'the law of the jurisdiction where the tort occurred will generally apply because that jurisdiction has the greatest interest in regulating behavior within its borders'.").  *See also Geron v. Robinson &*

---

[13]  Similarly, when unjust enrichment claims are based upon a fraudulent conveyance, "the choice of law inquiry follows the interest analysis as applied to conduct-regulating rules." *Gerloff v. Hostetter Schneider Realty*, 2014 WL 1099814, at *9 (S.D.N.Y. Mar. 20, 2014).

[14]  *See* Plaintiff's Omnibus Opposition at p. 5.

[15]  *See* Complaint at ¶62.

[16]  *See* Complaint at ¶¶ 19 and 136

[17]  *See* Complaint at ¶¶66, 123, 124, 125, 128, 133, 136

[18]  *See* Complaint at ¶¶5 & 6, and Plaintiff's Omnibus Opposition at pp. 5 & 6 and Exhibits B and C thereto.

*Cole LLP*, 476 B.R. 732, 738 (S.D.N.Y. 2012) (noting that "[a] fraudulent conveyance statute is conduct regulating rather than loss allocating" and that "[w]here, as here, regulation of conduct is at issue, the state where the alleged tort took place has the greater interest.").

Irrespective of Plaintiff's unsupported argument that the New York limitations period applies, it is clear that North Carolina fraudulent conveyance law applies and that its statute is one of repose (and therefore substantive) and not one of limitations (and, therefore, decidedly ***not*** procedural). Accordingly, the substantive four (4) year statute of repose of North Carolina applies. *See Aviles v. S&P Global, Inc.*, 380 F. Supp.3d 221, 272 (S.D.N.Y. 2019) (*citing Tanges v. Heidelberg N. Am., Inc.*, 93 N.Y.2d 48, 687 N.Y.S.2d 604, 710 N.E.2d 250 (1999), in which the New York Court of Appeals "characterize[ed] statutes of repose as 'substantive law' for conflict-of-laws purposes") and holding that the Delaware statute of repose "would be fatal to Plaintiff's fraudulent-conveyance claims."

Based on the foregoing, the North Carolina substantive statute of repose applies, and Plaintiff is now out of time to assert either new transfers against the Non-Transferee Defendants or to avoid the Loan and Security Agreements with respect to the Alleged Transferee Defendants.

But even in the unlikely event this Court finds the North Carolina statute of repose is procedural rather than substantive, under New York's "borrowing statute" the fraudulent conveyance claims would still be time-barred. "For causes of action that accrued outside of the state, New York applies its borrowing statute, N.Y. C.P.L.R. § 202. The borrowing statute requires that a court, when presented with a cause of action accruing outside New York apply whichever statute of limitations is shorter -- New York's or that of the state where the cause of action accrued." *Chiste v. Hotels.com L.P.*, 756 F. Supp.2d 382, 410 (S.D.N.Y. 2010).[19]  *See also*

---

[19] The *Chiste* Court held that "a cause of action accrues at the time and in the place of the injury" and that "[f]or purely economic injuries, 'the place of injury usually is where the plaintiff resides and sustains the economic impact of the

*Atlantica Holdings, Inc. v. Sovereign Wealth Fund Samruk-Kazyna JSC*, 813 F.3d 98, 110 (2d Cir. 2016)* ("New York's 'borrowing statute' provides that claims arising in another state are governed by that state's statute of limitations if it is shorter than New York's.").

Under either scenario, the law of North Carolina applies, and the fraudulent conveyance claims would fail because they are now time barred.

Any amendment would be futile.

To the extent Plaintiff might argue that the limitations periods are tolled by virtue of 11 U.S.C. § 108, then that claim would fail as well. Plaintiff's interests clearly diverge from those of the general creditors of the PBLA bankruptcy estate because Plaintiff's claims are brought solely to advantage itself and not to benefit all of PBLA's creditors.[20]  Under this scenario, Plaintiff is not entitled to the benefit of 11 U.S.C. § 108. *See e.g. U.S. for Use of Am. Bank v. C.I.T. Const. Inc. of Texas*, 944 F.2d. 253, 260 (5ᵗʰ Cir. 1991)("In contrast to the estate-preserving motivations of a trustee or debtor-in-possession, American's position, as a creditor, resembles that of a *debtor* attempting to obtain the two year extension of section 108(a) to further its *own* interests.  Post-confirmation debtors are not entitled to the tolling provisions of section 108(a) because their interests diverge from those of the creditors of the bankruptcy estate… Therefore, the tolling

---

loss'." That holding, however, would still not inure to Plaintiff's benefit.  Indeed, even presuming that the laws of Puerto Rico applied here (where Plaintiff is domiciled, *see* Complaint at ¶17), under Puerto Rican law the statute of limitations relative to fraudulent transfers is also four (4) years and is also one of repose.  *See* 31 L.P.R.A. §§ 3028, 3492, and 3512.  *See also Arrieta Gimenez v. Arrieta Negron*, 672 F. Supp. 46, 49 (D.P.R. 1987) ("The applicable Puerto Rico statutes, articles 1221 and 1253 of the Civil Code, 31 L.P.R.A. secs. 3408 and 3512, govern actions for nullification of a contract [rendered voidable by deceit].  Under those standards, such an action cannot be brought once four years have passed since the execution of the contract. No reasonable period for discovery is given, nor will any other event toll the statute of limitations. Simply put, we are faced with a civil law caducity term (period of extinguishment) that cannot be extended.").

[20] *See* Complaint at ¶¶157 and 175, wherein ULICO alleges that it is the "equitable owner of the Trust Proceeds," and asks that damages be awarded to **ULICO**, and not the Debtor's estate.

provision of section 108(a) does not throw a limitational saving device to American.") (emphasis in original).[21]

## CONCLUSION

The Complaint against the Defendants should be dismissed -- it is completely devoid of any allegations concerning any transfers to the Non-Transferee Defendants. The allegations against all Defendants concerning actual fraudulent conveyance and/or common law fraud lack any modicum of specificity required under Fed. R. Civ. P. 9(b). Similarly, the allegations concerning constructive fraudulent conveyance do not set forth any information concerning any transfers to the Non-Transferee Defendants and, further, the Complaint does not set forth any factual information concerning PBLA's insolvency at the time of or resulting from the alleged transfers to any of the Defendants.

For the same reasons, the claims for unjust enrichment, conversion, and breach of fiduciary duty do not set forth any facts that show how or why the Defendants are allegedly liable to ULICO. And because constructive trust is not an independent claim for relief, that claim should also be dismissed.

---

[21] Despite Plaintiff's claim that it and the JPL's reached a mutual agreement that this action "relates to" the Chapter 15 Proceeding (see Plaintiff's Omnibus Opposition at p. 8 and Exh. A thereto), the fact is that ULICO commenced this adversary proceeding to advantage itself, not to benefit all of PBLA's creditors. As such, any claim regarding "related to" jurisdiction also fails. See U.S. for Use of Am. Bank, supra, at 260 ("American brings this suit solely to advantage itself, not to benefit all of Elder's creditors. We reject American's assertion that any recovery it obtains in this suit would benefit Elders's creditors by reducing the entire amount of the estate's debt. Just as any recovery by a debtor ordinarily 'vest[s] solely in the debtor,' any recovery by American in this suit would vest solely in American."). See also In re Chargit Inc., 81 B.R. 243, 248 (Bankr. S.D.N.Y. 1987) ("The Plaintiffs have shown no real jurisdictional hold on the slim coat-tails of this bankruptcy case to bring them within the 'otherwise related to a case under title 11' jurisdictional prong. See Official Creditors Comm. v. Fidelity Bank (In re Honeycomb, Inc.), 72 B.R. at 374 (bankruptcy court jurisdiction does not exist 'where purely unrelated state law claims are asserted against parties uninvolved in the bankruptcy case and who do not derive any rights from the bankruptcy proceeding.'). Instead this is a plain dispute between non-bankruptcy parties, ex involvement of the estate or its trustee, involving non-title 11 matters solely initiated for Plaintiff's benefit.").

Finally, Plaintiff's request for leave to amend the Complaint should be denied as futile. Any amendment that would add transfers or that would challenge the validity of the Loan and Security Agreements would not relate back and, under a conflict-of-laws analysis, the North Carolina statute of repose applies.  Plaintiff's claims are, therefore, time barred.

Under these circumstances, the Complaint should be dismissed, and the Court should grant the Defendants such other and further relief as it deems just and proper.

Dated: Uniondale, New York
      January 14, 2022

**WESTERMAN BALL EDERER
MILLER ZUCKER & SHARFSTEIN, LLP**

By____*/s/ Jay S. Hellman*_____
      Jay S. Hellman, Esq.
      1201 RXR Plaza
      Uniondale, New York 11556
      (516) 622-9200
      *Counsel to Atkinson, LLC, Begonia Eight, LLC,*
      *Blue Daffodil, LLC, Blue Violet, LLC, Carnation*
      *Three, LLC, Chrysanthemum Two, LLC, Dahlia*
      *Ten, LLC, Daisy Seven, LLC, Epping, LLC, Flowery*
      *Branch, LLC, Forsyth, LLC, Geranium Two, LLC,*
      *Hookset, LLC, Lilac Six, LLC, Macon, LLC, Red*
      *Begonia, LLC, Somersworth, LLC, Weare, LLC,*
      *Yellow Lotus, LLC, and Yellow Sunflower, LLC*

2508486