# EXHIBIT 1

# Stevens & Lee

485 Madison Avenue, 20th Floor
New York, NY 10022
(212) 319-8500
www.stevenslee.com

Direct Dial: (212) 537-0409
Email: constantine.pourakis@stevenslee.com

November 19, 2021

**VIA EMAIL**
Jay S. Hellman, Esq.
Westerman Ball Ederer Miller Zucker
& Sharfstein, LLP
Counsel to the Loan Counterparties, defined herein
1201 RXR Plaza
Uniondale, New York 11556
jhellman@westermanllp.com

### Re: Loan Obligations Owed to PB Life and Annuity Co., Ltd. ("PBLA")

Dear Mr. Hellman:

This firm is United States counsel to Rachelle Frisby and John Johnston of Deloitte Ltd., in their capacities as joint provisional liquidators (the "JPLs") and authorized foreign representatives for PBLA. PBLA was placed into provisional liquidation in Bermuda. The JPLs were appointed by Order of the Supreme Court of Bermuda, dated September 25, 2020 (the "Bermuda Order"), a copy of which is enclosed. The Bermuda Order grants to the JPLs broad and ongoing authority to undertake various actions with respect to PBLA, including to continue the business of PBLA; review and secure the books and records of PBLA and engage in Court action to obtain same; retain professionals; seek assistance of the United States Bankruptcy Courts; conduct such investigations and obtain such information as necessary to locate, protect, secure, take possession of, and collect the assets, and determine the liabilities, of PBLA; do all such things as may be necessary or expedient for the protection of PBLA's property or assets, including but not limited to selling or otherwise disposing of PBLA's property; and to consider and commence legal actions.

On December 3, 2020, the JPLs filed a voluntary petition under Chapter 15 on behalf of PBLA, seeking recognition of PBLA's Bermuda proceeding as a foreign main proceeding, and related relief under Bankruptcy Code sections 1520 and 1521. On January 5, 2021, the United States Bankruptcy Court for the Southern District of New York entered an order (the "Recognition Order"), *inter alia*, recognizing the Bermuda proceedings of PBLA and two of its affiliates as foreign main proceedings, enjoining all litigation against PBLA, and directing the turnover of PBLA's assets to the JPLs. A copy of the Recognition Order is enclosed.

As a result of the foregoing orders entered by courts in Bermuda and the United States, as well as applicable law, former management of PBLA no longer has any authority to administer PBLA's assets, and only the JPLs possess such authority.

Allentown • Bergen County • Bala Cynwyd • Cleveland • Fort Lauderdale • Harrisburg • Lancaster • New York
Philadelphia • Princeton • Reading • Rochester • Scranton • Valley Forge • Wilkes-Barre • Wilmington
A PROFESSIONAL CORPORATION

# Stevens & Lee

November 19, 2021
Page 2

On February 16, 2018, prior to the appointment of the JPLs, PBLA entered into a Reinsurance Trust Agreement ("PBLA ULICO Trust") with Universal Life Insurance Company ("ULICO") and acted as an agent for most PBLA ULICO Trust assets and as grantor under the agreement. On July 6, 2021, ULICO filed an adversary proceeding in the Bankruptcy Court, captioned as *Universal Life Insurance Company v. Greg E. Lindberg, et al.*, Adv. Proc. No. 21-01169 (LGD) (the "ULICO Adversary Proceeding") in which a number of the defendants are loan counterparties for which PBLA ULICO Trust is registered as the lender. Schedule I, annexed hereto, identifies those defendant loan counterparties for which PBLA ULICO Trust is the lender and on whose behalf your firm appeared in the ULICO Adversary Proceeding (the "Loan Counterparties").

Among other duties, the JPLs are tasked with maximizing the value of PBLA's assets. Such efforts have been hindered by the fact that PBLA's books and records that are in the JPLs' possession are incomplete. Nevertheless, such records reflect that PBLA made one or more loans to the Loan Counterparties listed in Schedule I. The loan amounts listed in Schedule I are based on the best available information and do not include accrued interest, penalties, costs and attorneys' fees.

To assist the JPLs in performing their obligation to maximize the value of PBLA's assets, please arrange for each of the Loan Counterparties to provide the JPLs copies of: (1) any and all loan documents between the Loan Counterparties and either PBLA or the PBLA ULICO Trust; (2) all assignment agreements arising from or relating to the loans; (3) the most recent appraisal or valuation of any of the assets of the Loan Counterparties that serve as collateral to secure the indebtedness under such loan documents; (4) proof that the Loan Counterparties maintain all insurance called for under the loan documents and/or copies of all insurance policies that may be beneficial to the parties; (5) a history of advances and payments (whether principal or interest) under the loan documents; (6) the Loan Counterparties' most recent audited financial statements and management accounts; (7) copies of all covenant compliance certificates issued since inception of the loan; and (8) the Loan Counterparties' most recent unaudited income statement and balance sheet.

This letter also serves as notice that all payments due and outstanding to PBLA ULICO Trust under all loan and/or assignment agreements to the Loan Counterparties are to be paid into the account listed below or to the PBLA ULICO Trust account (see attached wire instructions). Please provide specific references to the loans so that payments can be identified, and default enforcement actions are not commenced.

| | |
|---|---|
| Payee / Beneficiary Name: | PB Life & Annuity Co., Ltd. |
| Account Number: | 011-211885-511 |
| Beneficiary Bank: | HSBC Bank Bermuda |
| Beneficiary Bank Swift: | BBDA-BMHM |
| Correspondent Bank: | HSBC BANK USA |

# Stevens & Lee

November 19, 2021
Page 3

Correspondent ABA / Swift #:       021-001-088 / MRMD-US33

Please be advised that there may be defaults that have occurred and/or may be continuing under the loans and/or assignment agreement(s), including but not limited to nonpayment of principal, interest and other stipulated payments, breach of representation, non-compliance, and failure to produce certain financial statements. The Loan Counterparties are hereby instructed to alert the relevant agent and PBLA ULICO Trust as to the existence of any defaults and to cure such defaults promptly upon receipt of this correspondence.

PBLA, PBLA ULICO Trust, the JPLs and the respective agents hereby reserve all of their rights and remedies under the loans and/or assignment agreement(s). Nothing in this letter shall be deemed a waiver of or otherwise impair any of those rights or remedies with respect to the aforementioned defaults, events of default, or otherwise.

Please let me know at once if there is any reason why the Loan Counterparties will not be able to comply with the foregoing requests within ten (10) days. Thank you for your anticipated cooperation.

Very truly yours,

STEVENS & LEE

/s/ Constantine D. Pourakis

Constantine D. Pourakis

Cc: Rachelle Frisby, JPL
       John Johnston, JPL

11/19/2021 SL1 1760262v1 114825.00001

**SCHEDULE I**

| Description | Type of Asset | Amount Outstanding[1] |
|---|---|---|
| Atkinson, LLC | Loan | $4,254,832.83 |
| Begonia Eight, LLC | Loan | $9,964,601.00 |
| Blue Daffodil, LLC | Loan | $22,261,743.46 |
| Carnation Three, LLC | Loan | $18,371,782.00 |
| Chrysanthemum Two, LLC | Loan | $10,778,041.72 |
| Daisy Seven, LLC | Loan | $15,930,817.45 |
| Epping, LLC | Loan | $4,254,832.83 |
| Flowery Branch, LLC | Loan | $10,493,670.00 |
| Forsyth, LLC | Loan | $16,550,265.77 |
| Geranium Two, LLC | Loan | $18,067,453.00 |
| Red Begonia, LLC | Loan | $18,775,227.00 |
| Weare, LLC | Loan | $2,087,317.00 |
| Yellow Lotus, LLC | Loan | $22,803,797.00 |
| **TOTAL** | | $174,594,381.06 |

---

[1] With each of the corresponding Loan Counterparties, the amount listed is based on the best available information and does not include accrued interest, penalties, costs and attorneys' fees.

601292

### IN THE SUPREME COURT OF BERMUDA
### (COMMERCIAL COURT)
### COMPANIES (WINDING UP)
### 2020 : No. 306

1

IN THE MATTER OF PB LIFE AND ANNUITY CO., LTD.
AND IN THE MATTER OF THE COMPANIES ACT 1981
AND IN THE MATTER OF THE INSURANCE ACT 1978

### ORDER

UPON the application by ex parte summons of the Petitioner, the Bermuda Monetary Authority.

AND UPON READING the First Affidavit of Gerald Gakundi, the Director of Insurance Supervision, sworn on 18 September 2020 in support.

AND UPON HEARING Counsel for the Petitioner and Counsel for PB LIFE AND ANNUITY CO., LTD.

IT IS HEREBY ORDERED AS FOLLOWS:

1    That Rachelle Ann Frisby and John Johnston of Deloitte Ltd, Hamilton, Bermuda be appointed Joint Provisional Liquidators ("JPLs") of PB LIFE AND ANNUITY CO., LTD. ("the Company")

2    That the powers of the JPLs not be limited pursuant to s.170(3) of the Companies Act 1981.

3    For the avoidance of doubt, the power of the directors and officers of the Company shall cease to the extent such powers are transferred to the JPLs by this Order.

4.    For the avoidance of doubt, but without restricting the generality of paragraph 2 above, the JPLs shall be empowered to carry out the following functions either jointly, or by one, acting on behalf of both:

601292

1

4.1.   To continue the business of the Company under the supervision of this Court so far as is necessary to preserve the value of the Company;

4.2.   to review, secure, take possession of the books, papers, writings, records, bank accounts and any other property or assets (of whatever nature) to which the Company is or appears to be entitled, and to take whatever steps necessary to effect such possession including, where necessary, Court actions to obtain such property or assets to bring them under the control of the JPLs.  For the avoidance of doubt, this includes the power for the JPLs to be able to see, to see, review, secure, take possession of and copy any books and records (of whatever nature) relating to the Company's management, accounts and audit located in the offices of the Company's Managers, Principal Representative and/or auditors and accountant both in this jurisdiction and in any other jurisdiction;

4.3.   to retain and employ barristers, attorneys and/or such agents or professional persons as the JPLs deem fit (in Bermuda, the United States, and elsewhere as the JPLs deem appropriate) for the purpose of advising and assisting in the execution of their powers;

4.4.   to render and pay invoices out of the assets of the Company for their own remuneration at their usual and customary rates (and this shall include all costs, charges and expenses of their attorneys and all other agents, managers, accountants or other persons that the JPLs may employ); and all expenses and disbursements in connection with the running, administration and management of the Company's records and affairs and offices;

4.5.   if deemed necessary and/or appropriate to seek the assistance of the courts in the United States or elsewhere as deemed necessary and appropriate to secure the assets of the Company in that jurisdiction, including, without limiting the foregoing, the assistance of the United States Bankruptcy Court under the provisions of the US Bankruptcy Code, Chapter 15;

4.6. to take control of and operate the existing bank accounts of the Company in Bermuda, the United States, or elsewhere, and no other person or entity shall have any authority, power or control over any of the Company's accounts, including without limitation the Company's officers, directors, shareholders, affiliates or agents; and to open and operate any bank accounts in the name of the JPLs or the Company as may be necessary; which powers, for the avoidance of doubt, shall include the ability to amend the list of authorized signatories for the operation of any such bank accounts;

4.7. to do all such things as may be necessary or expedient for the protection of the Company's property or assets, including but not limited to selling or otherwise disposing of the property of the Company by any means appropriate;

4.8. to conduct such investigations and obtain such information so far as it is necessary to locate, protect, secure, take possession of, collect and get in the assets, and determine the liabilities, of the Company, including but not limited to securing the shares in and controlling the subsidiaries of the Company;

4.9. to investigate the assets and affairs of the Company and the circumstances which gave rise to its insolvency, including, without limitation, to require the Company to make a forensic image of the Company's and its subsidiaries' management information systems including records stored on their computers. Such forensic image is to be stored on behalf of the Company and appropriately safeguarded to protect the integrity of the data (including all metadata) and shall only be accessed with the written consent of the JPLs or as directed by this Honourable Court. For the avoidance of doubt, the books, records and documents of the Company include:

4.9.1. emails exchanged and other correspondence between the Company and its auditors, and the Company and other third parties; and

4.9.2. documents and information provided by the Company to its auditors and provided by the auditors to the Company in relation to the audit work;

601292

3

4.10.   to surrender any lease or tenancy of any of the property of the Company and to take a lease or tenancy of any property required or convenient for the business of the Company;

4.11.   to terminate, complete or perfect as advised any contracts or transactions relating to the business of the Company (including, but not limited to, employment contracts);

4.12.   to carry out the following where deemed appropriate:

4.12.1.   the payment of payroll, payroll taxes, employment benefits and expenses;

4.12.2.   the employment of professionals used in the ordinary course of business;

4.12.3.   the incurrence of indebtedness or borrowed money, whether pursuant to agreements with suppliers or pursuant to loan arrangements with financing institutions and/or to grant security in respect of same and/or to guarantee such indebtedness or borrowed money of affiliates;

4.12.4.   the sale or other disposition of any business operation, subsidiary, division or other significant asset of the Company

4.12.5.   the transfer, novation or commutation of any contracts of insurance or reinsurance wo which the company is party;

4.13.   to enter into settlements or arrangements with any creditors and any debtors of the Company without further order or other approval or formality including, but not limited to, terminating, completing or effect any contracts or transactions relating to the business of the Company;

4.14.   to effect insurance in connection with the management and maintenance of the property and assets of the Company;

4.15.   to consider any legal or arbitration proceedings (including winding up proceedings) wherever situate in which the Company is a party; including (without limitation) the proceedings pending in the United States District Court for the Southern District of New York captioned *PB Life and Annuity Co. Ltd., v Universal Life Insurance Company No. 20-cv-2284 (LJL);* and the proceedings pending in the General Court of Justice, Superior Court Division for North Carolina, Wake County, captioned *Southland National Insurance in Rehabilitation and others v Greg. E. Lindberg, Private Bankers Life and Annuity Co., Ltd and others No. 19CV013093;* and to give all instructions in connection therewith and take such action as may be thought necessary to continue to prosecute or defend such proceedings or to apply for a stay of such proceedings;

4.16.   to consider and if thought advisable to commence such actions as may be necessary in Bermuda or elsewhere to protect, recover or obtain assets or money belonging to the Company;

4.17.   to rank and claim in the bankruptcy, liquidation, scheme of arrangement or insolvency of any person (including but not limited to any body corporate) indebted to the Company and to receive dividends, and to accede to trust deeds for the creditors of any such person;

4.18.   to pay premiums due or to become (including reinstatement premiums) due under contracts of reinsurance entered into by the Company and to enter into new and/or replacement contracts of reinsurance for the protection of the Company in relation to liabilities of the Company under current policies of insurance or reinsurance issued by the Company;

4.19.   to change the situation of the Company's registered office;

4.20.   to do all things incidental to the exercise of the foregoing powers.

601292

5

5.   That in respect of any act which under the Companies Act 1981 is required to be done by a liquidator or authorized by a liquidator, the JPLs may do such act or give such authorization.

6.   That no disposition of the Company's property by or with the authority of the JPLs in the carrying out of their duties and functions and in the exercise of their powers under this Order shall be avoided by virtue of the provisions of section 166(1) of the Companies Act 1981 including for the avoidance of doubt, transfers of shares of the Company.

7.   That the JPLs shall be at liberty to submit to the Registrar of the Supreme Court of Bermuda, bills of costs for taxation for all costs, charges and expenses of those persons or firms employed by him and that such taxation shall be on the indemnity basis.

8.   That the first affidavit of Gerald Gakundi be kept sealed and not be open for inspection on the Court file without leave of this Court or the consent of the Petitioner.

Dated this  25th day of September 2020

_____

CHIEF JUSTICE

IN THE SUPREME COURT OF BERMUDA
(COMMERCIAL COURT)
COMPANIES (WINDING UP)
2020 : No. 306

IN THE MATTER OF PB LIFE AND ANNUITY CO., LTD.
AND IN THE MATTER OF THE COMPANIES ACT 1981
AND IN THE MATTER OF THE INSURANCE ACT 1978

---

ORDER

---





ASW Law Limited | Crawford House
50 Cedar Avenue | Hamilton, HM11
BERMUDA

**Attorneys to the Petitioner**
KALG / 1171-027

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 15 |
| PB LIFE AND ANNUITY CO., LTD., *et al.*,[1] | Case No. 20-12791 (SCC) |
|  | (Jointly Administered) |
| Debtors in Foreign Proceedings. |  |

### ORDER (I) RECOGNIZING THE BERMUDA PROCEEDINGS OF (A) PB LIFE AND ANNUITY CO., LTD. (B) NORTHSTAR FINANCIAL SERVICES (BERMUDA) LTD. AND (C) OMNIA LTD. AS FOREIGN MAIN PROCEEDINGS AND (II) GRANTING RELATED RELIEF

Upon the Verified Petitions[2] of Rachelle Frisby and John Johnston of Deloitte Ltd., in their capacities as the joint provisional liquidators and authorized foreign representatives ("Petitioners" or "JPLs") of PB Life and Annuity Co., Ltd. ("PBLA"), Northstar Financial Services (Bermuda) Ltd. ("Northstar"), and Omnia Ltd. ("Omnia", together with PBLA and Northstar, the "Debtors"), in provisional liquidation currently pending before the Supreme Court of Bermuda (the "Bermuda Court"), Companies (Winding Up) Commercial Court, 2020: No. 306, 304 and 305, respectively (the "Bermuda Proceedings"), for entry of an order (the "Order"), after notice and a hearing, granting recognition of the Bermuda Proceedings as foreign main proceedings or, in the alternative, as foreign nonmain proceedings; and upon consideration of the Verified Petitions and all pleadings related thereto, including the Memorandum of Law and the Frisby Declaration submitted on behalf of each of the Debtors; and the Court finding that:

(a) the Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334,

---

[1] PB Life and Annuity Co., Ltd., Northstar Financial Services (Bermuda) Ltd. and Omnia Ltd, foreign Debtors, are Bermuda limited companies which each have a registered address in Bermuda c/o Deloitte Ltd., Corner House, 20 Parliament Street, Hamilton HM 12, Bermuda, and are Jointly Administered for procedural purposes, by Order of this Court entered on December 4, 2020, ECF No. 11.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed such terms in the Verified Petition.

(b) venue is proper before this Court pursuant to 28 U.S.C. § 1410, (c) this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and (d) notice of the Verified Petitions was due and proper under the circumstances and no further or other notice need be given; and a hearing having been held to consider the relief requested in the Verified Petitions on January 5, 2021 and upon the record of the hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Verified Petitions is consistent with the purpose of chapter 15 of the Bankruptcy Code and that the legal and factual bases set forth in the Verified Petitions establish just cause for the relief granted herein; and it appearing that the relief requested in the Verified Petitions is in the best interest of the Debtors, their estates, their creditors and other parties in interest; and after due deliberation and sufficient cause appearing therefor;

THIS COURT HEREBY FINDS AND DETERMINES THAT:

A. The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. The Debtors each have "property" in the United States and are therefore eligible for chapter 15 relief under section 109(a) of the Bankruptcy Code.

C. The Debtors' Chapter 15 Cases were properly commenced pursuant to sections 1504 and 1515 of the Bankruptcy Code.

2

D.  The Verified Petitions filed by each of the Debtors on the Petition Date meets each of the requirements of section 1515 of the Bankruptcy Code and Bankruptcy Rule 1007(a)(4).

E.  The JPLs are each a person within the meaning of section 101(41) of the Bankruptcy Code and are the duly appointed foreign representatives of the Debtors within the meaning of section 101(24) of the Bankruptcy Code.

F.  The Bermuda Proceedings are foreign proceedings within the meaning of section 101(23) of the Bankruptcy Code.

G.  The Bermuda Proceedings are entitled to recognition by this Court pursuant to section 1517(a) of the Bankruptcy Code.

H.  The Bermuda Proceedings are pending in Bermuda, which is the location of each of the Debtors' center of main interests, and, as such, are foreign main proceedings pursuant to section 1502(4) of the Bankruptcy Code and are entitled to recognition as foreign main proceedings pursuant to section 1517(b)(1) of the Bankruptcy Code.

I.  The JPLs and the Debtors are entitled to all the relief provided pursuant to section 1520 of the Bankruptcy Code.

J.  The JPLs are entitled to the relief expressly set forth in 11 U.S.C. §§ 1521(a) and (b) that is granted hereby.

K.  The relief granted hereby is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, warranted pursuant to sections 105(a), 1507(a), 1509(b)(2)-(3), 1520, 1521 and 1525 of the Bankruptcy Code, and will not cause any hardship to any parties in interest that is not outweighed by the benefits of granting relief.

3

L.  Absent the relief granted hereby, the Debtors may be subject to the prosecution of judicial, quasi-judicial, arbitration, administrative or regulatory actions or proceedings against the Debtors or the Debtors' property, thereby interfering with and causing harm to, the Debtors, their creditors, and other parties in interest in the Bermuda Proceedings and, as a result, the Debtors, their creditors and such other parties in interest would suffer irreparable injury for which there is no adequate remedy at law.

M.  Absent the requested relief, the efforts of the Bermuda Court and the JPLs in conducting the Bermuda Proceedings and effecting the proposed administration of the Debtors may be thwarted by the actions of certain creditors and other entities, a result that is antithetical to the purposes of chapter 15 as reflected in section 1501(a) of the Bankruptcy Code.

N.  Each of the injunctions contained in this Order (i) is within the Court's jurisdiction, (ii) confers material benefits on, and is in the best interests of, the Debtors and their creditors, including without limitation the creditors in the Bermuda Proceedings, and (iii) is important to the overall objectives of the Bermuda Proceedings.

O.  The interest of the public will be served by this Court's granting of the relief requested by the JPLs.

**NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

1.  The Verified Petitions of PB Life and Annuity Co., Ltd., Northstar Financial Services (Bermuda) Ltd., and Omnia Ltd.are GRANTED.

2.   The Bermuda Proceedings are each recognized as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code.

4

3.   All provisions of section 1520 of the Bankruptcy Code apply in these Chapter 15 Cases, including, without limitation, the stay under section 362 of the Bankruptcy Code throughout the duration of these Chapter 15 Cases or until otherwise ordered by this Court.

4.   The stay of creditor actions to be sought in these case only applies to the Debtors and in no way stays creditor actions against PBX Holdings, LLC, PBX Bermuda Holdings, Ltd., BMX Holdings, LLC, BMX Bermuda Holdings, Ltd., Greg E. Lindberg, Global Growth, or any non-debtor entity affiliated with the Debtors.  In addition, the stay of creditor actions to be sought in these cases in no way stays the action styled *Universal Life Insurance Company v. Greg E. Lindberg*, Case No. 1:20-cv-00681 (M.D.N.C.).

5.   The stay imposed in paragraphs 3 and 4 of this Order shall exclude the action styled *Gustavo Ortega Trujillo and Priscilla Illingworth Ashton v. SunTrust Investment Services, Inc.*, FINRA DR Arbitration No. 20-02941 (the "SunTrust Arbitration"). Upon the entry of a decision determining the SunTrust Arbitration, SunTrust Investment Services, Inc. shall be stayed from taking any further action as against the Debtors without relief from this Court.

6.   With respect to that certain action styled *Southland National Insurance Corporation in Rehabilitation, Bankers Life Insurance Company, in Rehabilitation, Colorado Bankers Life Insurance Company, in Rehabilitation, and Southland National Reinsurance Corporation, in Rehabilitation v. Greg E. Lindberg, Academy Association, Inc., Edwards Mill Asset Management, LLC, and Private Bankers Life and Annuity Co., Ltd. a/k/a PB Life and Annuity Company, Ltd.*, Gen. Court of Justice, Superior Court Division (Wake County), No. 19 CVS 013093 (the "NC Insurance Rehabilitation Action"), the stay imposed in this Order, including in paragraphs 3 and 4, shall not stay the NC Insurance Rehabilitation Action as against all parties to that action, except for the Debtors, and the plaintiffs in the NC Insurance Rehabilitation Action

5

may proceed against all parties to that action, except for the Debtors; however, nothing that may

occur in the NC Insurance Rehabilitation Action shall have any res judicata or collateral estoppel

effect against any of the Debtors or the JPLs, and all rights of the Debtors and the JPLs are

expressly preserved.

7.   All entities (as that term is defined in section 101(15) of the Bankruptcy Code), other

than the JPLs and their expressly authorized representatives and agents, are hereby enjoined

from:

    a)  execution against any of the Debtors' assets;

    b)  the commencement or continuation, including the issuance or

employment of process, of a judicial, administrative, arbitral, or other action or proceeding,

or to recover a claim, including without limitation any and all unpaid judgments,

settlements, or otherwise against the Debtors in the United States;

    c)  taking or continuing any act to create, perfect, or enforce a lien or

other security interest, set-off, or other claim against the Debtors or any of their property;

    d)  transferring, relinquishing, or disposing of any property of the

Debtors to any entity (as that term is defined in section 101(15) of the Bankruptcy Code)

other than the JPLs;

    e)  commencing or continuing an individual action or proceeding

concerning the Debtors' assets, rights, obligations, or liabilities to the extent they have not

been stayed pursuant to section 1520(a) of the Bankruptcy Code; and

    f)  terminating contracts or otherwise accelerating obligations

thereunder; *provided*, in each case, that such injunction shall be effective solely within the

territorial jurisdiction of the United States.

6

8. The following assets held either in any of the Debtors' names or for the benefit of the Debtors be turned over to the JPLs and the JPLs be hereby granted the authority to disburse such funds in accordance with the Bermuda Proceedings: (i) bank accounts; (ii) investment accounts; (iii) loans and other debt instruments; and (iv) preferred equity and ordinary equity invested in privately held, special purpose vehicles ("SPVs") and other related companies, including without limitation the loans, debt instruments, preferred equity and ordinary equity interests, and other investments identified in Exhibit A hereto.

9. Notice of entry of this Order shall be served in accordance with this Court's *Order (I) Scheduling Hearing on Verified Petitions of (A) PB Life and Annuity Co., Ltd., (B) Northstar Financial Services (Bermuda) Ltd., (C) Omnia, Ltd.; (II) Specifying Deadline for Filing Objections; and (III) Specifying Form and Manner of Service of Notice*, dated December 4, 2020 (the "**Notice Order**"), on or before January 6, 2021. Service in accordance with the Notice Order constitutes adequate and sufficient service and notice.

10. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. The JPLs are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order.

12. The JPLs are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

13. The JPLs, Debtors and/or each of their successors, representatives, advisors, or counsel shall be entitled to the protections contained in sections 306 and 1510 of the Bankruptcy Code.

14. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

7

Dated: New York, New York
　　　 January 5, 2021

　　　　　　　　　　　　　　　 /S/ Shelley C. Chapman
　　　　　　　　　　　　　　　 UNITED STATES BANKRUPTCY JUDGE

8

## EXHIBIT A

| | |
|---|---|
| Academy Financial Assets LLC | Loan |
| Yarrow Three LLC | Loan |
| AAPC Holdings LLC | Preferred Equity |
| AGH Parent LLC | Preferred Equity |
| CAF I Repos | Loan |
| CAM II Repos | Loan |
| MYSYRL Capital | Loan |
| Platinum Partners Credit Opps Fund | Loan |
| Golden Gate Oil | Loan |
| Satori Waters | Loan |

| | |
|---|---|
| AAPC Holdings LLC Class A | Preferred Equity |
| AAPC Holdings LLC Class B | Preferred Equity |
| Academy Financial Assets LLC | Loan |
| Augusta Asset Management, Inc. | Loan |
| Capital Asset Fund I LLC | Loan |
| Certification for Long-Term Care LLC (CLTC) Jr. | Loan |
| CMC Holding Company LLC | Loan |
| Expro Group | Common Equity |
| Fortrex LLC | Loan |
| UKAT Investments Ltd | Loan |

9

**PBLA-ULICO Trust**

**TMI Trust Company – Wire instructions**

**Wiring Instructions**

PNC, Pittsburgh, PA
ABA   031000053
TMI Trust Company
Acct-5303762486
REF – ULICO/ACE

**If sent by ACH**

ABA 054000030
TMI Trust Company
Acct-5303762486

**If sent out of the US**

SWIFT Code   PNCCUS33