**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------X

In re:                                                                    Chapter 15

PB LIFE AND ANNUITY CO., LTD., et al.,                    Case No. 20-12791 (LGB)
                                                                          (Jointly Administered)

                    Debtors in Foreign Proceedings.

------------------------------------------------------------------X

UNIVERSAL LIFE INSURANCE COMPANY,

                    Plaintiff,

                    -v-                                                    Adv. Proc. No. 21-01169

GREG E. LINDBERG, individually, CHRIS
HERWIG, individually, AAPC HOLDINGS, LLC,
ACADEMY FINANCIAL ASSETS, LLC, AGH
PARENT, LLC, ALPINE CAPITAL, LLC, ASIM
HOLDINGS, LLC, ASL HOLDINGS, LLC,
ATKINSON, LLC, ATLANTIC COAST LIFE
INSURANCE COMPANY, ATLAS FINANCIAL
INVESTMENTS, LLC, AUGUSTA ASSET
MANAGEMENT, INC., BEGONIA EIGHT, LLC,
BLH CAPITAL, LLC, BLUE DAFFODIL, LLC,
BLUE VIOLET, LLC, CAPITAL ASSETS FUND I,
LLC, CAPITAL ASSETS FUND II, LLC, CAPITAL
ASSET MANAGEMENT I, LLC, CAPITAL
ASSETS MANAGEMENT II, LLC, CAPITAL
ASSETS MANAGEMENT III, LLC, CARNATION
THREE, LLC, CHATSWORTH ASSET
MANAGEMENT, LLC, CHRYSANTHEMUM
TWO, LLC, CSI INTERCO, LLC, DAHLIA TEN,
LLC, DAISY SEVEN, LLC, DRUMMOND GROUP,
LLC, DUNHILL HOLDINGS, LLC, ELI GLOBAL,
LLC, ENGLERT HOLDINGS, LLC, EPPING, LLC,
ERIE PROPERTIES, LLC, FLAGSHIP HOLDINGS,
LLC, FLEET ASSIST INTERCO LIMITED,
FLOWERY BRANCH, LLC, FORSYTH, LLC,
FORTREX, LLC, GBIG CAPITAL, LLC, GBIG
HOLDINGS, INC., GBI GROUP, LLC, GERANIUM
TWO, LLC, GILFORD ASSET MANAGEMENT,
LLC, GLOBAL BANKERS INSURANCE GROUP,
LLC, GLOBAL GROWTH HOLDINGS, INC.,
GLOBAL INSURANCE CAPITAL, LLC,
GREENFIELD CAPITAL, LLC, HAMPTON ASSET

MANAGEMENT, INC., HANSEN AEROSPACE, LLC, HEALTHLINK HOLDINGS, LLC, HOOKSETT, LLC, HUTCHISON LAW GROUP, PLLC, INTEGRITY EMR HOLDINGS, LLC, INTEGRITY EMR, LLC, IRON CITY ASSET MANAGEMENT, INC., ITECH FUNDING, LLC, JACKSON ASSET MANAGEMENT, INC., KITE ASSET MANAGEMENT, INC., LILAC SIX, LLC, MACON, LLC, MORNING MOUNTAIN HOLDINGS, LLC, NETHERLANDS INSURANCE HOLDINGS, INC., NEW ENGLAND CAPITAL, LLC, NIH CAPITAL, LLC, NOM GB 2018 I, LLC, PARADIGM PARK HOLDINGS, LLC, PARALLEL CAPITAL ASSETS, LLC, PERSHING, LLC, RED BEGONIA, LLC, REVOLVERCAP PARTNERS FUND, LP, SATORI WATERS, LLC, SEDWICK, LLC, SENTINEL SECURITY LIFE INSURANCE COMPANY, SOMERSWORTH, LLC, STANDARD ADVISORY SERVICES, LTD, STANDARD FINANCIAL LIMITED, STANDARD INVESTMENT CAPITAL, LTD, TREATMENT RESOURCES OF MARGATE, INC., TRITON FINANCIAL LIMITED, TUX HOLDINGS, LLC, TYBEE ISLAND ASSET MANAGEMENT, LLC, UKAT HOLDINGS, LLC, UKAT INVESTMENT LIMITED, VERDESIAN LIFE SCIENCES, LLC, WEARE, LLC, YELLOW LOTUS, LLC, YELLOW SUNFLOWER, LLC, UBS FINANCIAL SERVICES, INC., GOLDMAN SACHS LENDING PARTNERS, LLC, CREDIT SUISSE AG CAYMAN ISLANDS BRANCH, GOLDMAN SACHS BANK USA, MORGAN STANLEY SENIOR FUNDING, INC., THE BRYN MAWR TRUST COMPANY, and DOES 1 through 10, inclusive,

Defendants.

-------------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF HANSEN AEROSPACE LLC'S MOTION TO DISMISS THE
<u>COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND FED R.  BANKR. P. 7012</u>**

**WESTERMAN BALL EDERER MILLER
ZUCKER & SHARFSTEIN, LLP**
1201 RXR Plaza
Uniondale, New York 11556
(516) 622-9200
*Counsel to Hansen Aerospace, LLC*

# TABLE OF CONTENTS

**Page No.**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ............................................................................................................................... 2

   I.   PLAINTIFF HAS NOT ALLEGED FRAUD WITH PARTICULARITY .......................... 2

   II.  PLAINTIFF HAS NOT SATISFIED FED. R. CIV. P. 8(a) ................................................ 4

   III. ANY AMENDMENT WOULD BE FUTILE BECAUSE THE CLAIMS DO
        NOT RELATE BACK AND THE APPLICABLE LIMITATIONS PERIOD HAS
        EXPIRED ........................................................................................................................... 7

     A.    The Claims Do Not Relate Back ................................................................................ 7

     B.    North Carolina Law Applies ....................................................................................... 8

CONCLUSION ........................................................................................................................... 15

# **TABLE OF AUTHORITIES**

Page(s)

Cases

*Arrieta Gimenez v. Arrieta Negron*,
    672 F. Supp. 46 (D.P.R. 1987) ................................................................. 14

*Ashcroft v. Iqbal*,
    556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009)........................... 1

*Atlantica Holdings, Inc. v. Sovereign Wealth Fund Samruk-Kazyna JSC*,
    813 F.3d 98 (2d Cir. 2016) ...................................................................... 14

*Aviles v. S&P Global, Inc.*,
    380 F. Supp.3d 221 (S.D.N.Y. 2019) ................................................. 9, 13

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)........................... 1

*Benefield v. Pfizer*,
    103 F.Supp.3d 449 (S.D.N.Y. 2015) ...................................................... 13

*Bianco v. Erkins (In re Gaston v. Snow)*,
    243 F.3d 599 (2d Cir. 2001) ...................................................................... 9

*Boudreau v. Baughman*,
    322 N.C. 331, 368 S.E.2d 849 (1988) ..................................................... 10

*Buchwald Capital Advisors LLC v. JP Morgan Chase Bank N.A. (In re Fabricant & Sons, Inc.)*,
    447 B.R. 170 (S.D.N.Y. 2011) .................................................................. 3

*Chartener v. Kice*,
    270 F.Supp. 432 (E.D.N.Y. 1967) .......................................................... 10

*Chiste v. Hotels.com L.P.*,
    756 F. Supp.2d 382 (S.D.N.Y. 2010) ...................................................... 14

*Comm. of Unsec. Creditors v. Leucadia Nat'l. Corp. (In re Vivaro Corp.*,
    524 B.R. 536 (S.D.N.Y. 2015) .................................................................. 6

*Drenis v. Haligiannis*,
    452 F. Supp. 2d 418 (S.D.N.Y. 2006) ..................................................... 11

*Geo-Grp. Commc'ns, Inc. v. Chopra*,
  2016 WL 390089 (S.D.N.Y. Feb. 1, 2016) ............................................... 5

*Gerloff v. Hostetter Schneider Realty*,
  2014 WL 1099814 (S.D.N.Y. Mar. 20, 2014) ........................................... 12

*Geron v. Robinson & Cole LLP*,
  476 B.R. 732 (S.D.N.Y. 2012) ............................................................... 13

*Holmes v. Allstate Corp.*,
  2012 WL 627238 (S.D.N.Y. Jan. 27, 2012) ............................................. 6

*Hosking v. TPG Cap. Mgmt., L.P. et al. (In re Hellas Tellecoms. (Lux.) II SCA*, 535 B.R. 543,
  574 (Bankr. S.D.N.Y. 2015).................................................................... 11

*In re 360networks (USA) Inc.*,
  367 B.R. 428 (Bankr. S.D.N.Y. 2007)..................................................... 7

*In re Bankr. Est. of Norske Skogindustrier ASA*,
  629 B.R. 717 (Bankr. S.D.N.Y. 2021).................................................. 11, 12

*In re Caremerica, Inc.*,
  409 B.R. 737 (E.D. N.C. 2009) ............................................................. 6

*In re Chargit Inc.*,
  81 B.R. 243 (Bankr. S.D.N.Y. 1987)...................................................... 15

*In re Enron Corp.*,
  298 B.R. 513 (Bankr.S.D.N.Y.2003)...................................................... 7

*In re Metzeler*,
  66 B.R. 977 (Bankr. S.D.N.Y. 1986)...................................................... 7, 8

*In re Sagarino*,
  2017 WL 3865625 (Bankr. D. Conn. Aug. 29, 2017) .............................. 5

*Ivey v. Swofford (In re Whitley)*,
  463 B.R. 775 (M.D. N.C. 2012) ......................................................... 2, 3

*KB Aircraft Acquisition, LLC v. Berry*,
  249 N.C.App. 74, 790 S.E.2d 559 (2016) ............................................. 10

*Koreag, Controle et Revision S.A. v. Refco F/X Assocs., Inc. (In re Koreag, Controle et Revision S.A.)*,
  961 F.2d 341 (2d Cir. 1992) ................................................................. 11

*Licci v. Lebanese Canadian Bank*,
    739 F.3d 45 (2d Cir. 2013) .................................................................... 11, 12

*Lockerman v. South River Electric Membership Corp.*,
    250 N.C.App. 631 (2016) ..................................................................... 10

*Lyman Com. Sols., Inc. v Lung*,
    2014 WL 476307 (S.D.N.Y. Feb. 6, 2014) .................................................... 12

Official Creditors Comm. v. Fidelity Bank (In re Honeycomb, Inc.),
    72 B.R 371 ..................................................................................... 15

*Oliver v. Cooper (In re Bateman)*,
    2012 WL 1110080 (E.D. N.C. April 2, 2012) .................................................. 6

*Padula v. Lilarn Props. Corp.*,
    84 N.Y.2d 519, 620 N.Y.S.2d 310, 644 N.E.2d 1001 (1994) .................................. 11

*Pereira v. Hong Kong & Shanghai Banking Corp. (In re Kam Kuo Seafood Corp.)*,
    67 B.R. 304 (Bankr. S.D.N.Y. 1986) ........................................................... 8

*Picard v. Madoff (In re Madoff*,
    458 B.R. 87 (S.D.N.Y. 2011) .................................................................. 3, 6

*Schandler v. New York Life Ins. Co.*,
    2011 WL 1642574 (S.D.N.Y. April 26, 2011) ................................................... 10

*Schultz v. Boy Scouts of Am., Inc.*,
    65 N.Y.2d 189, 491 N.Y.S.2d 90, 480 N.E.2d 679 (1985) ..................................... 12

*Tanges v. Heidelberg N. Am., Inc.*,
    93 N.Y.2d 48, 687 N.Y.S.2d 604, 710 N.E.2d 250 (1999) ..................................... 13

*Tipton & Young Constr. Co. v. Blue Ridge Structure Co.*,
    116 N.C.App. 115, 446 S.E.2d 603 (1994) ..................................................... 10

*Trustee of Rowan Tech. v. Hammond Assoc.*,
    313 N.C. 230, 328 S.E.2d 274 (1985) ......................................................... 10

*U.S. for Use of Am. Bank v. C.I.T. Const. Inc. of Texas*,
    944 F.2d 253 (5th Cir. 1991) .............................................................. 14, 15

*Whittaker v. Todd*,
    176 N.C.App. 185, 625 S.E.2d 860 (2006) ..................................................... 10

## Statutes

11 U.S.C. § 108 .................................................................................................. 14

31 L.P.R.A. secs. 3408 and 3512 ....................................................................... 14

31 L.P.R.A. §§ 3028, 3492, and 3512 ................................................................ 14

N.C. Gen. Stat. § 39–23.9 ................................................................................... 10

## Rules

Fed. R. Civ. P. 8(a) ...................................................................................... Passim

Fed. R. Civ. P. 9(b) ...................................................................................... Passim

Fed. R. Civ. P. 12(b)(6) ................................................................................... 3, 1

Fed. R. Civ. P. 15 ................................................................................................. 2

N.Y. C.P.L.R. § 202 .......................................................................................... 13

Rule 8 ............................................................................................................... 5, 6

Rule 9(a) ............................................................................................................... 5

Hansen Aerospace, LLC ("Hansen") respectfully submits this reply memorandum of law pursuant to Fed. R. Civ. P. 12(b)(6), as incorporated by Bankruptcy Rule[1] 7012(b), in further support of its Motion to dismiss the Complaint for failure to state a claim against Hansen and in opposition to Plaintiff's request for leave to amend the Complaint.

## PRELIMINARY STATEMENT

Plaintiff has done **nothing** in its opposition to address the reality that the allegations in the Complaint against Hansen are woefully deficient under both (i) Fed. R. Civ. P. 9(b), as incorporated by Bankruptcy Rule 7009, with respect to the actual fraud claims, and (ii) Fed. R. Civ. P. 8(a), as incorporated by Bankruptcy Rule 7008, and as interpreted by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) with respect to the constructive fraud and other common law claims.

As set forth in Hansen's opening papers on its Motion, the Complaint simply recites the statutory language of fraudulent conveyance without actually identifying **which** statute Plaintiff is relying upon,[2] and without providing **any** specifics concerning the alleged intentional and/or constructive fraudulent transfers as they relate to Hansen.  It is inconceivable how Plaintiff can rationally argue that it has satisfied the pleading standards under Fed. R. Civ. P 9(b) and/or 8(a).  Indeed, aside from Hansen's place of incorporation and address, there is **not a single allegation** concerning **any** transfer(s) to Hansen, including what was allegedly transferred, when any transfers

---

[1] Capitalized terms not defined herein have the same meaning ascribed to them in Hansen's opening papers on the Motion.

[2] *See* Plaintiff's Complaint at ECF Doc. No. 14.  *See also* Plaintiff's Omnibus Opposition at p. 15: "ULICO is pursuing its claims under **one of** the uniform voidable transfer statutes, **be it the UVTA, the UFTA, or the UFTC** …."

were allegedly made, how any of those transfers were made, and/or whether any of those transfers were made without PBLA's receipt of reasonably equivalent value in exchange.[3]

Moreover, there is not a single factual allegation regarding the then-existing or resulting insolvency at the time the transfers were allegedly made.

Finally, and because the applicable statute of repose has now expired, and because Plaintiff's claims against Hansen do not relate back to the original pleading, Plaintiff should not be granted leave to amend under Fed. R. Civ. P. 15.

Under these circumstances, the Complaint should be dismissed as against Hansen.

## ARGUMENT

## I.

## PLAINTIFF HAS NOT ALLEGED FRAUD WITH PARTICULARITY

Despite Plaintiff's conclusory argument that it has, in fact, satisfied the pleading requirements of Fed. R. Civ. P. Rule 9(b) by virtue of "exemplary transactions,"[4] the fact is that the Complaint is totally devoid of *any* factual allegations against Hansen, and fails to provide the particulars of *any* actual fraud claim that could satisfy the specificity requirements of Fed. R. Civ. P. Rule 9(b). As set forth in Hansen's opening papers, "[t]o adequately plead a claim to recover actual fraudulent transfers … the Complaint must state with particularity the factual circumstances constituting fraud under Rule 9(b)." *Ivey v. Swofford (In re Whitley)*, 463 B.R. 775, 784 (M.D. N.C. 2012). "To do this, the Complaint must allege (1) the property subject to the transfer, (2) the

---

[3] For similar reasons, the fraud, unjust enrichment, conversion, breach of fiduciary duty, and constructive trust claims must also be dismissed.

[4] *See* Plaintiff's Omnibus Opposition at p. 21. Notably, Hansen is not one of the "exemplars."

2

timing and, if applicable, frequency of the transfer, and (3) the consideration paid with respect thereto." *Id.*[5]

It cannot be rationally disputed that the Complaint is wholly devoid of **any** facts regarding the property subject to the transfer(s), the timing and, if applicable, frequency of the transfer(s), and the consideration paid with respect thereto, sufficient to satisfy the actual fraudulent conveyance claims against Hansen.

Recognizing the fatal deficiencies in its pleading, Plaintiff likens itself to a trustee – an alleged "outsider" to the transaction(s) – in its bid for leniency.  But it is well-settled that a "relaxation" of the particularity requirement of Fed. R. Civ. P. 9(b) does not eliminate it.  *See e.g. Picard v. Madoff (In re Madoff)*, 458 B.R. 87, 106 (S.D.N.Y. 2011) ("Pleadings still must be particular enough to fulfill Rule 9(b)'s purpose: 'to protect the defending party's reputation, to discourage meritless accusations, and to provide detailed notice of fraud claims to defending parties… [S]ince Rule 9(b) is intended to provide a defendant with fair notice of a plaintiff's claim, to safeguard a defendant's reputation from improvident charges of wrongdoing, and to protect a defendant against the institution of a strike suit ... the relaxation of Rule 9(b)'s specificity requirement for scienter must not be mistaken for license to base claims of fraud on speculation and conclusory allegations'.") (internal citations omitted).

But despite Plaintiff's plea for leniency and its purported reliance on the "badges of fraud," Plaintiff has not satisfied the other requirement under Fed. R. Civ. P. 9(b) because it failed to **identify the transfers** to Hansen with particularity as required under 9(b).  *See Madoff, supra*, at

---

[5] *See also Buchwald Capital Advisors LLC v. JP Morgan Chase Bank N.A. (In re Fabricant & Sons, Inc.)*, 447 B.R. 170, 186 (S.D.N.Y. 2011) ("allegations of intentional fraudulent transfer must satisfy Rule 9(b) of the Federal Rules of Civil Procedure.  The complaint must specify the 'particulars' of each transfer, including 'the property that was allegedly conveyed, the timing and frequency of those allegedly fraudulent conveyances, [and] the consideration paid'.").

106 ("A second requirement is that the transfers sought to be avoided **must** be identified with particularity in accordance with Rule 9(b).  To satisfy Rule 9(b)'s particularity requirement, a party must ordinarily allege: '(1) the property subject to the transfer, (2) the timing and, if applicable, frequency of the transfer, and (3) the consideration paid with respect thereto.") (emphasis supplied).

The *Madoff* Court dismissed the complaint there, finding that "opacity, rather than particularity, best describe[d] the allegations…" because:

> … the Complaint states $57,708,392 was transferred at some time earlier than six years prior to the Filing Date without specifying how many individual Actual Fraudulent Transfers comprise this sum. The Trustee does not provide how he arrives at: (1) the total sum he seeks to avoid under Counts Three or Five, (2) the total number of discrete Actual Fraudulent Transfers included in each sum, and (3) which statutory look back period he intends to apply to each of these Transfers, and no inference to ameliorate these deficiencies can be drawn on the basis of the allegations contained in the Complaint.

Because the Complaint against Hansen suffers from infirmities far worse than those in *Madoff*, the Complaint must be dismissed.  Indeed, the Complaint against Hansen suffers from more than some degree of opacity; rather, it is completely opaque, leaving Hansen totally in the dark about what it is that Plaintiff seeks to recover.

## II.

### PLAINTIFF HAS NOT SATISFIED FED. R. CIV. P. 8(a)

Plaintiff asserts that it has satisfied the requirements of Fed. R. Civ. P. 8(a) because it pled that PLBA "initiated **hundreds of transfers** to Defendants whereby PBLA did not receive reasonably equivalent value in exchange for the transfer."[6]

---

[6] *See* Plaintiff's Omnibus Opposition at p. 22.   Of the "hundreds of transfers," Plaintiff has not identified a **single one** that has allegedly been made to Hansen.

"[W]hile claims for constructive fraudulent transfer 'do not require the intent to defraud as an element, [and therefore] are not held to the heightened pleading requirements of Fed. R. Civ. P. 9(b)[,] [they] still cannot survive a motion to dismiss on conclusory allegations alone'." *Geo-Grp. Commc'ns, Inc. v. Chopra*, No. 15 CIV. 1756 (KPF), 2016 WL 390089, at *5 (S.D.N.Y. Feb. 1, 2016) (internal citations omitted). As the *Chopra* Court held:

> Put simply, the SAC is devoid of any facts that would make GCI's allegations against Suri or the Entity Defendants plausible; a claim for fraudulent conveyance cannot possibly stand against defendants to whom no specific conveyance is stated as having been made. The SAC's broad assertions that 'Defendants' have 'withdraw[n] ... funds' (*id.* at ¶ 23), with no mention of timing, amount, or even which particular defendants are being referenced, falls far short of the plausibility standard under *Iqbal* and *Twombly*. Because the SAC contains no more than a bare recitation of the elements of fraudulent transfer against Suri and the Entity Defendants, the claims against these defendants must be dismissed.

In the present case, the Complaint fails to set forth the particulars of any alleged fraudulent transfer(s) made to Hansen and, further, fails to set forth ***any facts*** that tend to show that PBLA was insolvent at the time any purported transfer was made. "While courts have generally agreed that a claim for constructive fraud need only be pleaded according to the more lenient requirement of Rule 8, as opposed to the heightened particularity required by Rule 9(a), the application of Rule 8 is nevertheless subject to the standard outlined in *Twombly* and *Iqbal* which conclusively determined that a complaint must provide *facts*—distinct from legal conclusions and labels—that give rise to a plausible entitlement to relief. While a complaint must surely include the language of the statutory elements of a cause of action, the pleading falls short of the requirement of Rule 8(a) when it is bereft of any facts supporting those elements." *In re Sagarino*, 2017 WL 3865625, at *3 (Bankr. D. Conn. Aug. 29, 2017). In *Sagarino*, as here:

> The Complaint alleges, 'During the entire period from August, 2014 through May, 2016, the Debtor was insolvent or became insolvent in consequence of the transfers described following; and/or was engaged in or

about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital; and/or intended to incur, or then believed that he would incur, debts that would be beyond his ability to pay as such debts matured.'

And as the *Sagarino* Court properly held:

These bare assertions 'amount to nothing more than a formulaic recitation of the element' of insolvency. *Iqbal*, 129 S. Ct. at 1951. Setting these allegations aside, a reading of the remainder of the Complaint readily reveals that the Trustee failed to plead any subordinate facts showing that the Defendant was insolvent under any of the financial tests under Section 548(a)(1)(B) or CUFTA. As the Trustee has alleged no facts supporting the element of insolvency, he cannot show that avoidance of the transfers under a theory of constructive fraud is plausible.[7]

Plaintiff's formulaic recitation of insolvency in the Complaint is simply insufficient to allow Hansen "to prepare an answer, frame discovery and defend against the charges" under Fed. R. Civ. P. 8(a). *See In re Bernard L. Madoff Inv. Sec. LLC*, 458 B.R. 87, 111 (Bankr. S.D.N.Y. 2011). This is especially true where, as here, the allegations are made against nearly 100 defendants as a group without any specifics. *See Holmes v. Allstate Corp.*, 2012 WL 627238, at

---

[7] *See also Oliver v. Cooper (In re Bateman)*, 2012 WL 1110080 at *2 (E.D. N.C. April 2, 2012) ("Although the complaint recites the elements [of fraudulent conveyance], it fails to provide factual support of these allegations … The complaint does not provide sufficient facts showing the Debtor's actual assets and liabilities as they stood on the date the Property was transferred or shortly thereafter. These are the facts the Trustee should have pled in regard to the essential element of insolvency. Here, the statement that "the Debtor became insolvent as a result of the transfer of the Property to the Defendants" is a "conclusory statement [that] 'fail[s] to satisfy the requirements under *Iqbal*.") (internal citations omitted); *In re Caremerica, Inc.*, 409 B.R. 737, 756 (E.D. N.C. 2009) ("The Amended Complaint alleges that, with respect to transfers alleged to be fraudulent, the transferors 'received less than reasonably equivalent value in exchange from the defendant for such fraudulent transfer.' The Amended Complaint also alleges that these transferors were 'insolvent on the date of each fraudulent transfer or became insolvent as a result of the fraudulent transfer.' The court finds that the trustee's allegations mirror the elements of [a fraudulent conveyance]. However, the trustee fails to support such allegations … Missing from the Amended Complaint … [are] facts supporting the debtors' insolvency at the time of the transfer. In the absence of such factual assertions, the trustee's claims based on constructive fraud fail to meet the Rule 8 pleading standard."); and *Comm. of Unsec. Creditors v. Leucadia Nat'l. Corp. (In re Vivaro Corp.)*, 524 B.R. 536, 551 (S.D.N.Y. 2015) (With respect to insolvency allegations: "to evaluate the sufficiency of a complaint's insolvency allegations, the court looks for some sort of balance sheet test or information that the Court can infer that corporation's liabilities exceeded their assets at the time the transfers took place … Additionally, there should be information as to the level of liquidity of the transferor's assets." And with respect to allegations of unreasonably small capital: "[t]he relevant factors include the transferor's debt to equity ratio, historical capital cushion, and the need for working capital in the transferor's industry.").

*25 (S.D.N.Y. Jan. 27, 2012) (finding Plaintiff's allegations of fraudulent transfer against Defendants as a group, without specifying what conduct was attributable to each, failed to satisfy the pleading standard under Rule 8(a)), *report and recommendation adopted,* 2012 WL 626262 (S.D.N.Y. Feb. 27, 2012).

The Complaint should be dismissed as against Hansen.

## III.

### ANY AMENDMENT WOULD BE FUTILE BECAUSE THE CLAIMS DO NOT RELATE BACK AND THE APPLICABLE LIMITATIONS PERIOD HAS EXPIRED

#### A. The Claims Do Not Relate Back

"Rule 15(c), made applicable by Bankruptcy Rule 7015, provides in relevant part:

An amendment of a pleading relates back to the date of the original pleading when ...

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading....

*In re 360networks (USA) Inc.*, 367 B.R. 428, 433 (Bankr. S.D.N.Y. 2007). "'[T]he purpose of Rule 15 is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities,' however, a court must not 'undermine the purpose of repose for which statutes of limitations were designed'." *Id.* (internal citations omitted). "The moving party who asserts the relation back bears the burden of proof." *Id. citing In re Enron Corp.,* 298 B.R. 513, 522 (Bankr.S.D.N.Y.2003).

In the present case, Plaintiff cannot satisfy its burden. "On a motion for leave to serve an amended pleading, the movant has the burden of persuasion. Leave to amend is to be freely granted as Rule 15(a) provides… But it is to be denied where the additional claims sought to be asserted by the amendment would be barred by the statute of limitations unless the amendment relates back under Rule 15(c)." *In re Metzeler*, 66 B.R. 977, 981 (Bankr. S.D.N.Y. 1986) (denying motion to file an amended complaint setting forth additional transactions). "To permit amendment for the

purpose of alleging claims barred by a statute of limitations is a nullity and only increases the heavy costs of litigation." *Id.*

As the *Metzeler* Court held:

> This issue of whether the averment of a proposed amended petition alleging fraudulent transfers in addition to those originally alleged, may relate back to the original petition is comparable to the issue recently addressed by this Court in *Pereira v. Hong Kong & Shanghai Banking Corp. (In re Kam Kuo Seafood Corp.)*, 67 B.R. 304 (Bankr. S.D.N.Y. 1986). There, the trustee sought permission of this Court to add several additional preference claims to the one originally alleged. Indeed, it is the same issue. Neither party suggests that fraudulent transfer claims are to be treated differently from preference claims under Rule 15(c) … [T]he mere allegation that all of the transactions are fraudulent transfers does not make them part of the same conduct…. Courts, however, have held that the mere pleading of a statute offers nothing to relate back to and that relation back under Rule 15(c) is not permitted.

*Id.* at 982-83. *See also In re M. Fabrikant & Sons, Inc.*, 447 B.R. 170, 182 (Bankr. S.D.N.Y. 2011), *aff'd,* 480 B.R. 480 (S.D.N.Y. 2012), *aff'd,* 541 F. App'x 55 (2d Cir. 2013) ("an amended complaint will not relate back if it is based on new facts and different transactions ... ***In avoidance litigation, each transfer is treated as a separate transaction for purposes of applying the 'relation back' doctrine.***") (internal citations omitted) (emphasis supplied).

In this case, there is not a single allegation against Hansen; Plaintiff has not pled any transaction or occurrence relating to Hansen and had not identified a single transfer. Accordingly, under applicable North Carolina law Plaintiff's claims are time-barred and any amendment would be futile.

**B. <u>North Carolina Law Applies</u>**

Plaintiff asserts that it is seeking recovery under "***one of***" the uniform voidable transfer statutes, "***be it the UVTA, the UFTA or the UFTC***," but the Complaint does not identify any controlling law, leaving defendants to guess at which law Plaintiff contends will apply to its claims.

And Plaintiff has done nothing in opposition to Hansen's dismissal motion to convince this Court that New York applies, except to incorrectly presume that there is some "consensus" among other defendants that "all of the claims made by ULICO are timely" and to baldly assert the "general rule" that the Court should apply the limitations period set forth in New York's Civil Practice Law and Rules relative to fraudulent transfers.[8]

Although the rationale behind the application of North Carolina law is set forth in the dismissal motion, Hansen will further elaborate here in light of Plaintiff's incorrect contentions. Simply stated (i) there is a conflict between North Carolina and New York relative to fraudulent conveyance law, and (ii) the North Carolina statute is one of repose, not of limitations, thereby making the law substantive, rather than procedural, such that the North Carolina statute of repose applies. But even if North Carolina's statute of repose was one of limitations, North Carolina law would still apply under New York's borrowing statute and would bar Plaintiff's claims.

"[A] federal court exercising bankruptcy jurisdiction must apply the conflict of laws rules of the state in which the federal court sits to determine the applicable limitations period for fraudulent transfer claims." *See Bianco v. Erkins (In re Gaston v. Snow)*, 243 F.3d 599, 605-07 (2d Cir. 2001). In the present case, an actual conflict exists because under the laws of North Carolina the statute or repose relative to fraudulent transfers is four (4) years, and under New York law fraudulent transfers are governed by a six (6) year statute of limitations. *See e.g. Aviles v. S&P Global, Inc.*, 380 F. Supp.3d 221 (S.D.N.Y. 2019) (actual conflict existed where Delaware law contained statute of repose that extinguished fraudulent conveyance claims that were not brought within four years after transfer was made, while New York law imposed a six-year statute of

---

[8] Despite its erroneous contention that New York law applies, Plaintiff's Omnibus Opposition recites North Carolina law. *See e.g.* Omnibus Opposition at pp. 15 & 19 – 22.

9

limitations). *See also KB Aircraft Acquisition, LLC v. Berry*, 249 N.C.App. 74, 84, 790 S.E.2d 559, 566 (2016), analyzing the North Carolina fraudulent conveyance statutes and holding:

> A second issue of first impression presented in this case is whether N.C. Gen. Stat. § 39–23.9 functions as a statute of limitations or as a statute of repose. The function of Section 39–23.9, the language of the statute, and a comparison of this language to other statutes leads us to hold that it is a statute of repose. A statute of limitations functions to limit the amount of time that a claimant has to file an action. *Tipton & Young Constr. Co. v. Blue Ridge Structure Co.*, 116 N.C.App. 115, 117, 446 S.E.2d 603, 604 (1994). The limitations period begins to run on the date the cause of action accrues, which is generally "the time of an injury or the discovery of the injury." *Id.* Statutes of limitation are purely procedural bars to the bringing of claims; they "affect only the remedy and not the right to recover." *Id.* By contrast, statutes of repose function as more rigid stops. The time limitations imposed by statutes of repose are usually not measured from the accrual of the cause of action. *Boudreau v. Baughman*, 322 N.C. 331, 340, 368 S.E.2d 849, 856 (1988). Instead, they often run from the " 'defendant's last act giving rise to the claim.' " *Id.* (quoting *Trustee of Rowan Tech. v. Hammond Assoc.*, 313 N.C. 230, 234 n.3, 328 S.E.2d 274, 276–77 n.3 (1985)). While statutes of limitation are classified as affirmative defenses, a statute of repose need not be pled as an affirmative defense. *Whittaker v. Todd*, 176 N.C.App. 185, 187, 625 S.E.2d 860, 862 (2006). Rather, statutes of repose are more appropriately pled as a condition precedent to the bringing of an action at all. *Id.* This elemental nature makes the time span imposed by a statute of repose " 'so tied up with the underlying right that ... the limitation clause is treated as a ***substantive rule of law***.' " *Boudreau*, 322 N.C. at 341, 368 S.E.2d at 857 (quoting *Chartener v. Kice*, 270 F.Supp. 432, 436 (E.D.N.Y. 1967)).

(emphasis supplied).

Based on the foregoing, there is clearly a conflict between the laws of North Carolina and the laws of New York relative to fraudulent conveyance claims.[9]

---

[9] Similarly, a conflict exists relative to *at least* the claims concerning unjust enrichment. The limitations period for unjust enrichment in North Carolina is three (3) years, and the limitations period for unjust enrichment in New York is six (6) years. *Compare Lockerman v. South River Electric Membership Corp.*, 250 N.C.App. 631, 641 (2016) ("A claim for unjust enrichment must be brought within three years of accrual under subsection 1 of [N.C. Gen. Stat. §] 1–52"), with *Schandler v. New York Life Ins. Co.*, 2011 WL 1642574 at *9 (S.D.N.Y. April 26, 2011) ("The statute of limitations in New York for a claim of unjust enrichment is six years….").

"Once an actual conflict has been shown to exist, 'the law of the jurisdiction having the greatest interest in the litigation will be applied and ... the facts or contacts which obtain significance in defining State interests are those which relate to the purpose of the particular law in conflict'." *In re Bankr. Est. of Norske Skogindustrier ASA*, 629 B.R. 717, 735–36 (Bankr. S.D.N.Y. 2021) *citing Koreag, Controle et Revision S.A. v. Refco F/X Assocs., Inc. (In re Koreag, Controle et Revision S.A.)*, 961 F.2d 341, 350 (2d Cir. 1992).

> According to the *Norske* Court:
>
> '[T]he interest analysis is applied differently depending on whether the rules in question are conduct-regulating rules that people use as a guide to governing their primary conduct, or loss-allocating rules that prohibit, assign, or limit liability after the tort occurs.' *Licci v. Lebanese Canadian Bank*, 739 F.3d 45, 49 (2d Cir. 2013) (internal quotation marks omitted). The New York Court of Appeals has provided examples of each type of rule, stating that 'rules of the road' are conduct-regulating, while 'charitable immunity statutes, guest statutes, wrongful death statutes, vicarious liability statutes, and contribution rules' are loss-allocating. *Padula v. Lilarn Props. Corp.*, 84 N.Y.2d 519, 620 N.Y.S.2d 310, 644 N.E.2d 1001, 1002–03 (1994) (internal quotation marks and citations omitted) … As this Court explained in *Hellas*, fraudulent transfer statutes are conduct-regulating laws, for which 'courts generally follow the *lex loci* rule and the law of the jurisdiction where the tort occurred will generally apply because that jurisdiction has the greatest interest in regulating behavior within its borders.' *Hellas*, 535 B.R. at 573 (quoting *Drenis v. Haligiannis*, 452 F. Supp. 2d 418, 427 (S.D.N.Y. 2006)).

*Id.* at 735.

"New York choice of law rules do not require an uncompromising adherence to the *lex loci* rule." *Hosking v. TPG Cap. Mgmt., L.P. et al. (In re Hellas Tellecoms. (Lux.) II SCA*, 535 B.R. 543, 574 (Bankr. S.D.N.Y. 2015). "But when the allegedly wrongful conduct occurs in a place different from the place of injury, the Second Circuit dictates that 'it is the place of the allegedly wrongful conduct that generally has superior interests in protecting the reasonable expectation of the parties who relied [on the laws of that place] to govern their primary conduct and in the

11

admonitory effect that applying its law will have on similar conduct in the future'." *Id. citing Licci ex rel. Licci v. Lebanese Canadian Bank, SAL,* 739 F.3d 45, 50–51 (2d Cir.2013) ("*Licci II* ") (quoting *Schultz v. Boy Scouts of Am., Inc.,* 65 N.Y.2d 189, 491 N.Y.S.2d 90, 480 N.E.2d 679, 684–85 (1985) and *Lyman Com. Sols., Inc. v. Lung*, No. 12-CV-4398, 2014 WL 476307, at *3 (S.D.N.Y. Feb. 6, 2014) ("concluding that for fraudulent conveyance claims, 'the location of injury does not control; instead, it is the location of the defendant's conduct that controls'."). *See also Norske, supra,* at 736 ("The Second Circuit recently suggested that the choice of law inquiry for avoidance actions should *focus on the location of the debtor's transfer*.") (emphasis supplied).[10]

In the present case, the heretofore unidentified transfers to Hansen were allegedly caused to be made by defendant Greg Lindberg, a "North Carolina entrepreneur"[11] and the owner of Global Growth Holdings, Inc., a company located in North Carolina.[12]  Lindberg was allegedly assisted by defendant Chris Herwig, a North Carolina resident and the Chief Investment Officer of Eli Global LLC, an alter ego of Global Growth Holdings, Inc.[13]  Those transfers were allegedly made to "Lindberg Affiliates," purportedly including Hansen, in North Carolina.[14]  Further, Lindberg's conduct was alleged to be governed by the North Carolina insurance department and/or other North Carolina regulators.[15]

Based on the foregoing, North Carolina has a superior interest in regulating the allegedly wrongful conduct that forms the basis for Plaintiff's Complaint.  Based upon the allegations in the

---

[10] Similarly, when unjust enrichment claims are based upon a fraudulent conveyance, "the choice of law inquiry follows the interest analysis as applied to conduct-regulating rules." *Gerloff v. Hostetter Schneider Realty*, 2014 WL 1099814, at *9 (S.D.N.Y. Mar. 20, 2014).

[11] *See* Plaintiff's opposition at p. 5.

[12] *See* Complaint at ¶62.

[13] *See* Complaint at ¶¶ 19 and 136

[14] *See* Complaint at ¶¶66, 123, 124, 125, 128, 133, 136

[15] *See* Complaint at ¶¶5 & 6, and Plaintiff's opposition at pp. 5 & 6 and Exhibits B and C thereto.

Complaint, New York has ***absolutely no interest*** in the transfers at issue and, therefore no reason to apply its laws to the purported fraudulent conveyances. *See e.g. Benefield v. Pfizer*, 103 F.Supp.3d 449, 458 (S.D.N.Y. 2015) ("Where, as here, the relevant rule is conduct-regulating, 'the law of the jurisdiction where the tort occurred will generally apply because that jurisdiction has the greatest interest in regulating behavior within its borders'."). *See also Geron v. Robinson & Cole LLP*, 476 B.R. 732, 738 (S.D.N.Y. 2012) (noting that "[a] fraudulent conveyance statute is conduct regulating rather than loss allocating" and that "[w]here, as here, regulation of conduct is at issue, the state where the alleged tort took place has the greater interest.").

Irrespective of Plaintiff's unsupported argument that the New York limitations period applies, it is clear that North Carolina fraudulent conveyance law applies and that its statute is one of repose (and therefore substantive) and not one of limitations (and, therefore, decidedly ***not*** procedural). Accordingly, the substantive four (4) year statute of repose of North Carolina applies. *See Aviles v. S&P Global, Inc.*, 380 F. Supp.3d 221, 272 (S.D.N.Y. 2019) *citing Tanges v. Heidelberg N. Am., Inc.*, 93 N.Y.2d 48, 687 N.Y.S.2d 604, 710 N.E.2d 250 (1999) (in which the New York Court of Appeals "characterize[ed] statutes of repose as 'substantive law' for conflict-of-laws purposes") and holding that the Delaware statute of repose "would be fatal to Plaintiff's fraudulent-conveyance claims."

Based on the foregoing, the North Carolina substantive statute of repose applies, and Plaintiff is now out of time to assert claims to recover any transfers allegedly made to Hansen.

But even in the unlikely event this Court finds the North Carolina statute of repose is procedural rather than substantive, under New York's "borrowing statute" the fraudulent conveyance claims would still be time-barred. "For causes of action that accrued outside of the state, New York applies its borrowing statute, N.Y. C.P.L.R. § 202. The borrowing statute requires

that a court, when presented with a cause of action accruing outside New York apply whichever statute of limitations is shorter -- New York's or that of the state where the cause of action accrued." *Chiste v. Hotels.com L.P.*, 756 F. Supp.2d 382, 410 (S.D.N.Y. 2010).[16]  *See also Atlantica Holdings, Inc. v. Sovereign Wealth Fund Samruk-Kazyna JSC*, 813 F.3d 98, 110 (2d Cir. 2016)* ("New York's 'borrowing statute' provides that claims arising in another state are governed by that state's statute of limitations if it is shorter than New York's.").

Under these circumstances, the law of North Carolina applies, and the fraudulent conveyance claims would fail because they are now time barred.

Any amendment would be futile.

To the extent Plaintiff would argue that the limitations periods are tolled by virtue of 11 U.S.C. § 108, then that claim would fail as well.  Plaintiff's interests clearly diverge from those of the general creditors of the PBLA bankruptcy estate because Plaintiff's claims are brought solely to advantage itself and not to benefit all of PBLA's creditors.[17]  Under this scenario, Plaintiff is not entitled to the benefit of 11 U.S.C. § 108.  *See e.g. U.S. for Use of Am. Bank v. C.I.T. Const. Inc. of Texas*, 944 F.2d 253, 260 (5th Cir. 1991)("In contrast to the estate-preserving motivations of a trustee or debtor-in-possession, American's position, as a creditor, resembles that of a *debtor*

---

[16] The *Chiste* Court held that "a cause of action accrues at the time and in the place of the injury" and that "[f]or purely economic injuries, 'the place of injury usually is where the plaintiff resides and sustains the economic impact of the loss'." That holding, however, would still not inure to Plaintiff's benefit.  Indeed, even presuming that the laws of Puerto Rico applied here (where Plaintiff is domiciled, *see* Complaint at ¶17), under Puerto Rican law the statute of limitations relative to fraudulent transfers is also four (4) years and is also one of repose.  *See* 31 L.P.R.A. §§ 3028, 3492, and 3512.  *See also Arrieta Gimenez v. Arrieta Negron*, 672 F. Supp. 46, 49 (D.P.R. 1987) ("The applicable Puerto Rico statutes, articles 1221 and 1253 of the Civil Code, 31 L.P.R.A. secs. 3408 and 3512, govern actions for nullification of a contract [rendered voidable by deceit].  Under those standards, such an action cannot be brought once four years have passed since the execution of the contract. No reasonable period for discovery is given, nor will any other event toll the statute of limitations. Simply put, we are faced with a civil law caducity term (period of extinguishment) that cannot be extended.").

[17] *See* Complaint at ¶¶157 and 175, wherein ULICO alleges that it is the "equitable owner of the Trust Proceeds," and asks that damages be awarded to **ULICO**, and not the Debtor's estate.

attempting to obtain the two year extension of section 108(a) to further its *own* interests.  Post-confirmation debtors are not entitled to the tolling provisions of section 108(a) because their interests diverge from those of the creditors of the bankruptcy estate… Therefore, the tolling provision of section 108(a) does not throw a limitational saving device to American.") (emphasis in original).[18]

## **CONCLUSION**

Plaintiff's Omnibus Opposition, like its Complaint, does not address Hansen.

The Complaint against Hansen should be dismissed -- it is completely devoid of any allegations concerning any transfers to Hansen.  The allegations concerning actual fraudulent conveyance and/or common law fraud lack any modicum of specificity required under Fed. R. Civ. P. 9(b).  Similarly, the allegations concerning constructive fraudulent conveyance do not set forth *any* information concerning *any* transfers to Hansen and, further, the Complaint does not set forth *any* factual information concerning PBLA's insolvency at the time of or resulting from the heretofore unspecified transfers.

Similarly, and for the same reasons, the claims for unjust enrichment, conversion, and breach of fiduciary duty do not set forth any facts that show how or why Hansen is allegedly liable

---

[18] Despite Plaintiff's claim that it and the JPL's reached a mutual agreement that this action "relates to" the Chapter 15 Proceeding (*see* Plaintiff's Omnibus Opposition at p. 8 and Exh. A thereto), the fact is that ULICO brings this suit solely to advantage itself, not to benefit all of PBLA's creditors.  As such, any claim regarding "related to" jurisdiction also fails.  *See U.S. for Use of Am. Bank, supra*, at 260 ("American brings this suit solely to advantage itself, not to benefit all of Elder's creditors.  We reject American's assertion that any recovery it obtains in this suit would benefit Elders's creditors by reducing the entire amount of the estate's debt.  Just as any recovery by a debtor ordinarily 'vest[s] solely in the debtor,' any recovery by American in this suit would vest solely in American.").  *See also In re Chargit Inc.*, 81 B.R. 243, 248 (Bankr. S.D.N.Y. 1987) ("The Plaintiffs have shown no real jurisdictional hold on the slim coat-tails of this bankruptcy case to bring them within the 'otherwise related to a case under title 11' jurisdictional prong.  See Official Creditors Comm. v. Fidelity Bank (In re Honeycomb, Inc.), 72 B.R. at 374 (bankruptcy court jurisdiction does not exist 'where purely unrelated state law claims are asserted against parties uninvolved in the bankruptcy case and who do not derive any rights from the bankruptcy proceeding.').  Instead this is a plain dispute between non-bankruptcy parties, ex involvement of the estate or its trustee, involving non-title 11 matters solely initiated for Plaintiff's benefit.").

to ULICO.  And because constructive trust is not an independent claim for relief, that claim should also be dismissed.

Finally, Plaintiff's request for leave to amend the Complaint should be denied as futile. Any amendment would necessarily add transfers would not relate back and, under a conflict-of-laws analysis, the North Carolina statute of repose applies.  Plaintiff's claims are, therefore, time barred.

Under these circumstances, the Complaint should be dismissed, and the Court should grant Hansen such other and further relief as it deems just and proper.

Dated: Uniondale, New York
       January 14, 2022

> **WESTERMAN BALL EDERER**
> **MILLER ZUCKER & SHARFSTEIN, LLP**
>
>
> By____*/s/ Jay S. Hellman*_____
>       Jay S. Hellman, Esq.
>       1201 RXR Plaza
>       Uniondale, New York 11556
>       (516) 622-9200
>       *Counsel to Hansen Aerospace, LLC*

2505268

16