UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>PB LIFE AND ANNUITY CO. LTD, *et al.*,[1]<br><br>    Debtors in Foreign Proceedings. | Chapter 15<br><br>Case No. 20-12791 (LGB)<br><br>(Jointly Administered) |
| Universal Life Insurance Co.,<br><br>    Plaintiff,<br><br>v.<br><br>Global Growth Holdings, Inc., *et al.*,<br><br>    Defendants. | Adv. Proc. No. 21-01169 (LGB) |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION
OF DEFENDANT CHRISTOPHER HERWIG TO
DISMISS THE AMENDED COMPLAINT**

| | |
|---|---|
| Dated: January 14, 2022 | WOMBLE BOND DICKINSON (US) LLP<br>Todd A. Atkinson (NY4970828)<br>811 Main Street, Suite 3130<br>Houston, Texas 77002<br>Telephone: (346) 998-7849<br>Facsimile: (346) 998-5901<br>Email: todd.atkinson@wbd-us.com |
| | -AND- |
| | Matthew P. Ward, Esq.<br>1313 North Market Street, Suite 1200<br>Wilmington, Delaware 19801<br>Telephone: (302) 252-4338<br>Facsimile: (302) 598-9256<br>Email: matthew.ward@wbd-us.com |
| | *Counsel for Defendant Christopher Herwig* |

---

[1] PB Life and Annuity Co., Ltd., Northstar Financial Services (Bermuda) Ltd., Omnia Ltd. and PB Investment Holdings Ltd., foreign Debtors, are Bermuda limited companies which each have a registered address in Bermuda c/o Deloitte Ltd., Corner House, 20 Parliament Street, Hamilton HM 12, Bermuda, and are Jointly Administered for procedural purposes, by Order of this Court entered on April 2, 2021, ECF No. 42.

**TABLE OF CONTENTS**

Page(s)

ARGUMENT ........................................................................................................................1
I. ULICO HAS NO STANDING ................................................................................1
II. THE COURT HAS NO SUBJECT MATTER JURISDICTION .........................5
III. THE AMENDED COMPLAINT FAILS UNDER RULE 12(B)(2) FOR NO PERSONAL JURISDICTION OVER HERWIG ...................................................6
IV. THE AMENDED COMPLAINT FAILS TO STATE ANY CLAIMS AGAINST HERWIG AS A MATTER OF LAW AND SHOULD BE DISMISSED UNDER RULE 12(B)(6) ..........................................................................................6
    A. Count I (Voidable Transfer) Fails Under Rule 8(a) or Rule 9(b) Standards ...........7
    B. Count II (Unjust Enrichment), Count III (Constructive Trust) and Count IV (Conversion) and are Duplicative Tack-On Claims that Fail to State a Claim Against Herwig ........................................................................................10
    C. Count V (Fraud) Fails to State A Claim Against Herwig .....................................12
    D. Count VI (Breach of Fiduciary Duty) Fails To State A Claim Against Herwig ...................................................................................................................14
V. THE COURT SHOULD DENY ULICO'S INFORMAL REQUEST TO AMEND ........15
CONCLUSION ....................................................................................................................16

i

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*A & G Goldman P'ship v. Capital Growth Co. (In re Bernard L. Madoff Invest. Secs. LLC)*, 565 B.R. 510 (S.D.N.Y. 2017) ............................................................................ 2

*A & G Goldman P'ship v. Picard (In re Bernard L. Madoff Invest. Secs. LLC)*, 739 Fed. Appx. 679, 684 (2d Cir. 2018) ...................................................................... 2, 4

*Apace Commc'ns Ltd. v. Burke*
522 F.Supp.2d 509 (W.D.N.Y. 2007) ..................................................................... 14

*Ashcroft v. Iqbal*,
129 S.Ct. 1937 (2009) ............................................................................................. 13

*Atuahene v. City of Hartford*,
10 Fed. Appx. 33 (2d Cir. 2001) .............................................................................. 8

*Barhold v. Rodriquez*
863 F.2d 233 (2d Cir. 1988) ..................................................................................... 6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .................................................... 13

*Devaney v. Chester*, 813 F.2d 566 (2d Cir. 1987) ...................................................... 13

*F.T.C. v. Actavis, Inc.*, 570 U.S. 136 (2013) .............................................................. 15

*Geron v. Schulman (In re Manshul Constr. Corp.)*,
225 B.R. 41 (Bankr. S.D.N.Y. 1998) ........................................................................ 5

*Gowan v. Amaranth LLC (In re Dreier LLP)*
452 B.R. 451 (Bankr. S.D.N.Y. 2011) ................................................................. 7, 13

*Hassett v. Zimmerman (In re O.P.M. Leasing Servs., Inc.)*, 32 B.R. 199 (Bankr. S.D.N.Y. 1983) ................................................................................................................... 13

*Hill v. Phillip Morris USA*,
2004 WL 1065548 (S.D.N.Y. May 11, 2004) ......................................................... 15

*Holliday v. K Rd. Power Mgmt., LLC (In re Boston Generating LLC)*,
617 B.R. 442 (Bankr. S.D.N.Y. 2020) .................................................................... 11

*Hosking v. TPG Capital Mgmt., L.P. (In re Hellas Telecomms. (Luxembourg) II SCA)*,
535 B.R. 543, 584 (Bankr. S.D.N.Y. 2015) ....................................................... 10, 11

*In re Cinque Terre Fin. Group Ltd.*
2017 WL 4843738 (Bankr. S.D.N.Y. Oct. 24, 2017) ............................................... 6

*In re Holland Indus., Inc.*
103 B.R. 461 (Bankr. S.D.N.Y. 1989) ...................................................................... 5

*In re Manely Toys Ltd.*,
2020 WL 1580244 (Bankr. D.N.J. Mar. 31, 2020) .................................................. 4

*In re Nine W. LBO Secs. Litig.*
505 F. Supp. 3d 292 (S.D.N.Y. 2020) ...................................................................... 9

*In re Nokia Oyi (Nokia Corp.) Secs. Litig.*
  423 F.Supp.2d, 364 (S.D.N.Y. 2006) ........................................................................ 15

*In re Tamoxifen Cirate Antitrust Litig.*
  466 F.3d 187 (2d Cir. 2006) ..................................................................................... 15

*In re Turner*, 724 F.2d 338 (2d Cir. 1983) ...................................................................... 5

*Liebmann v. Pucci (In re Ampat So. Corp.)*
  128 B.R. 405 (Bankr. D. Md. 1991) ........................................................................... 7

*Marshall v. Picard (In re Bernard L. Madoff Invest. Secs. LLC)*,
  740 F.3d 81 (2d Cir. 2014) ......................................................................................... 2

*McChristian v. Ditech Holding Corp. (In re Ditech Holding Corp.)*,
  2021 WL 5048131 (Bankr. S.D.N.Y. Oct. 29, 2021) ............................................... 15

*Picard v. Madoff (In re Bernard L. Madoff Invest. Secs. LLC)*,
  458 B.R. 87, 114-15 (Bankr. S.D.N.Y. 2011) ........................................................ 8, 9

*Pereira v. Grecogas Ltd. (In re Saba Enters., Inc.)*, 421 B.R. 626 (Bankr. S.D.N.Y. 2009) ................................................................................................................. 10

*Securities Investor Prot. Corp. v. Bernard L. Madoff Invest. Secs. LLC (In re Bernard L. Madoff)*, 598 B.R. 102 (S.D.N.Y. 2019) .......................................................... 4

*Segal v. Gordon*, 467 F.2d 602 (2d Cir. 1972) .............................................................. 12

*St. Paul Fire & Marine Ins. Co. v. Pepsico, Inc.*,
  884 F.2d 688 (2d Cir. 1989)……………………………………………..……..…2, 3

*Tribune Co. v. Purcigliotti*, 869 F. Supp. 1076 (S.D.N.Y. 1994) .................................. 11

*Tronox Inc. v. Kerr-McGee Corp. (In re Tronox Inc.)*
  855 F.3d 84 (2d Cir. 2017) ................................................................................. 2, 3, 4

**STATUTES**
28 U.S.C. § 157 .................................................................................................................. 6

**RULES**
Bankruptcy Rule 7004 ....................................................................................................... 6
Bankruptcy Rule 9019 ....................................................................................................... 6
Federal Rules of Civil Procedure 12(b)(1) ........................................................................ 1
Federal Rules of Civil Procedure 12(b)(2) .................................................................... 1, 6
Federal Rules of Civil Procedure 12(b)(6) ................................................................ passim
Federal Rules of Civil Procedure 8(a) ....................................................................... passim
Federal Rules of Civil Procedure 9(b) ....................................................................... passim

Defendant Christopher Herwig ("Herwig") submits this reply memorandum of law in support of his motion to dismiss (the "Motion to Dismiss") the First Amended Complaint (the "Amended Complaint") pursuant to Rules 8(a), 9(b) and 12(b)(1), (2) and (6) of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable hereto by Rules 7008, 7009 and 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## ARGUMENT

**I.   ULICO HAS NO STANDING**

The Motion to Dismiss argued (pp. 5-9) ULICO has no standing in this case to the extent the Amended Complaint seeks to recover PBLA's assets, whether the Amended Complaint alleges a direct claim on ULICO's own behalf or a derivative claim on behalf of the JPLs. ULICO attempts to clarify its position in the Response, by somehow asserting that "direct" claims are alleged in the Amended Complaint.[2] Specifically, relying on rights of aggrieved *creditors* under state law—"be it the UVTA, the UFTA, or the UFTC, . . ."—ULICO posits that it has standing to bring this case because in a Chapter 15 case the "sole remedies available are those provided in applicable non-bankruptcy law." Resp., p. 15. Thus, ULICO reasons, "[c]learly, as the largest creditor of PBLA, ULICO has standing to pursue its own actions under the UVTA." *Id.*

ULICO is mistaken. By taking this position, ULICO simply mischaracterizes the claims in the Amended Complaint as "direct," and solidifies that it has no standing in this case because in truth such claims are "derivative" in nature. ULICO has no standing because the Amended Complaint seeks to recover the Debtor's property for the benefit of creditors. The Amended Complaint asserts "derivative" claims against Herwig that ULICO has no standing to bring.

---

[2] ULICO asserts that "[d]espite Defendants' faulty premise, ULICO's standing is not derivative of PBLA's standing. Universal Life Insurance Company's Omnibus Opposition To Defendants' Motions to Dismiss (Doc. No. 111) (the "Response"), p. 15.

1

"In the bankruptcy context, 'derivative claims' are ones that arise from harm done to the estate and that seek relief against third parties that pushed the debtor into bankruptcy." *A & G Goldman P'ship v. Picard (In re Bernard L. Madoff Invest. Secs. LLC)*, 739 Fed. Appx. 679, 684 (2d Cir. 2018) (citations and quotations omitted). "If the claim 'is a general one, with no particularized injury arising from it, and if that claim could be brought by any creditor of the debtor, the trustee is the proper person to assert the claim, and the creditors are bound by the outcome of the trustee's action.'" *Tronox Inc. v. Kerr-McGee Corp. (In re Tronox Inc.)*, 855 F.3d 84, 100 (2d Cir. 2017) ("*Tronox*") (quoting *St. Paul Fire & Marine Ins. Co. v. PepsiCo, Inc.*, 884 F.2d 688, 701 (2d Cir. 1989) ("*St. Paul*")).

In contrast, particularized "[n]on-derivative claims are personal to the individual creditor and of no interest to the others." *Tronox*, 855 F.3d at 100. "Particularized claims . . . are specific to that plaintiff, in that his injury is directly traced to the non-debtor's conduct." *A & G Goldman P'ship v. Capital Growth Co. (In re Bernard L. Madoff Invest. Secs. LLC)*, 565 B.R. 510, 522 (S.D.N.Y. 2017) (citations and quotations omitted). "While a derivative injury is based upon a secondary effect from harm done to the debtor, an injury is said to be particularized when it can be directly traced to the third party's conduct." *Marshall v. Picard (In re Bernard L. Madoff Invest. Secs. LLC)*, 740 F.3d 81, 89 (2d Cir. 2014)

Here, the Amended Complaint alleges—and the Response confirms—that this case seeks to redress harm allegedly suffered generally by the Debtor's creditors. According to ULICO, "[t]his case seeks to lift th[e] veil and to obtain justice for the people and organizations Lindberg and his co-conspirators have defrauded." Compl., ¶ 7. The Amended Complaint further alleges that "PBLA under the direction of Lindberg, siphoned off more than $500 million of funds from

2

the Trust (referred to as the 'Trust Proceeds') to Lindberg and his affiliated entities in an effort to hinder, defraud and delay recovery to creditors, including ULICO." Compl., ¶ 124.

Separate from the claims asserted in the Amended Complaint, ULICO also was a non-debtor counterparty to one or more contracts with the Debtor. ULICO states in the Response that "on June 2, 2020, an arbitration panel declared PBLA breached its contractual obligations to ULICO and directed PBLA to pay ULICO $524,009,051.26 . . . ." Resp. p. 7. This harm—PBLA's alleged breach of its contracts with ULICO—represents the type of particularized injury constituting a "direct" claim belonging to ULICO.

But unlike that claim, which has not been brought in this action, in the Amended Complaint ULICO brings "derivative" claims against Herwig and other defendants in an effort to collect—to satisfy the judgment award it already obtained against the Debtor. Such claims seek redress for a secondary effect on ULICO.[3]

In this case, ULICO's alleged harm is based on its original relationship with PBLA, not Herwig nor any of the other defendants. The particularized harm—PBLA's breach of contract—is harm ULICO suffered and was awarded judgment on but is not the harm ULICO seeks to redress against Herwig in the Amended Complaint. Instead, ULICO has alleged a secondary effect from the alleged harm done to PBLA allegedly by Herwig and the other defendants. As in *St. Paul*, the proper

---

[3] In *Tronox*, the Second Circuit distinguished direct and derivative claims. Analyzing its prior decision in *St. Paul*—involving a debtor's prepetition breach of contract and a creditor's postpetition attempts to collect through an alter ego claim—to conclude those alleged claims were "derivative," summarizing its reasoning:

> In *St. Paul*, PepsiCo sued Banner, the corporate parent of the debtor, for claims PepsiCo had against the debtor, claiming that Banner had stripped away the assets of its alter ego subsidiary, the debtor. PepsiCo argued that its claim was particularized, emphasizing its individualized harm suffered at the hands of the debtor. We determined that PepsiCo's harm stemmed from its original relationship to the debtor, not Banner. But that harm—the failure to honor contractual obligations—was not the harm for which PepsiCo sought redress against Banner. Instead, PepsiCo "alleged a secondary effect from harm done to [the debtor]" by Banner—removing assets from the debtor that would have allowed it to meet its obligations to PepsiCo and other creditors. Thus, we held the proper remedy for any harm caused by Banner to the debtor, and in turn all of its creditors, was "<u>for the trustee</u> to bring an alter ego claim as property of the estate, . . . or to bring an action alleging preferential or fraudulent transfer of assets to Banner.

*Tronox*, 855 F.3d at 100 (emphasis added, internal citations omitted); *see also St. Paul*, 884 F.2d 688.

3

remedy in this case for the alleged harm caused by Herwig and the other defendants to PBLA is for the JPLs—not ULICO—to bring. Moreover, while ULICO may be the Debtor's largest creditor, such status neither cloaks ULICO with special powers nor grants it priority over the Debtor's other creditors.

Further, in this case, essentially "the legal claims that [ULICO] assert[s] are . . . merely fraudulent transfer claims—the paradigmatic example of a claim that is general to all creditors in bankruptcy." *Securities Investor Prot. Corp. v. Bernard L. Madoff Invest. Secs. LLC (In re Bernard L. Madoff)*, 598 B.R. 102, 117 (S.D.N.Y. 2019) (quoting *Bernard L. Madoff Invest.*, 739 F. Appx. at 684); *see also Tronox*, 855 F.3d at 106 (concluding "Fraudulent-Transfer Actions are easy: they are the paradigmatic example of claims general to all creditors . . .").

Contrary to ULICO's position, Chapter 15 does not justify a different result. In Chapter 15, the dichotomy between derivative and direct claims is respected—not abrogated—because it pervades the bankruptcy context. *See In re Manely Toys Ltd.*, 2020 WL 1580244, at *6-*7 (Bankr. D.N.J. Mar. 31, 2020) (explaining, in a Chapter 15 case, that "to permit a creditor to raise a fraudulent transfer claim after a bankruptcy case has commenced would permit the creditor to effectively circumvent the bankruptcy code's policy and the protections to be afforded by it to the debtor's other creditors (citations, alternations and quotations omitted)).

Finally, despite the severity involved, ULICO gives short shrift to the argument in the Motion to Dismiss (pp. 5-6) that it violated the Recognition Order controlling this case. Yet, to the extent that the Amended Complaint concerns the Debtor's property, as explained above, ULICO has asserted "derivative" claims. That is why the Recognition Order has a preclusive

4

effect on ULICO.[4]  For all of these reasons, the Court should dismiss the Amended Complaint because ULICO has no standing.

## II.   THE COURT HAS NO SUBJECT MATTER JURISDICTION

The Motion to Dismiss further argued (pp. 9-10) that the Court lacks subject matter jurisdiction, as the Amended Complaint is between non-debtor parties and unrelated to the Chapter 15 bankruptcy proceeding.  In response, ULICO attempts to confer this Court with "related to" jurisdiction pursuant to an ill-conceived settlement agreement with the JPLs and argues that, in any event, the Court has "diversity" jurisdiction.  ULICO is mistaken on both fronts.  As an initial matter, "related to" jurisdiction, while broad, is not without limits.  *See, e.g., Geron v. Schulman (In re Manshul Constr. Corp.)*, 225 B.R. 41, 45 (Bankr. S.D.N.Y. 1998) (explaining that "a proceeding involving non-debtors will not be found to be related solely on the ground that it will affect a distribution to creditors unless the proceeding involves property in which the debtor has a legally cognizable interest") (quoting *In re Holland Indus., Inc.*, 103 B.R. 461, 469 (Bankr. S.D.N.Y. 1989)).  Further, there can be no "related to" jurisdiction unless the action poses a "significant connection" to the bankruptcy case.  *In re Turner*, 724 F.2d 338, 341 (2d Cir. 1983).

In the Response, ULICO attempts to escape this result by informing the Court that ULICO and the JPLs have entered into a settlement agreement pursuant to which the JPLs claim that this adversary proceeding "relates to" the Chapter 15 case.  Resp., p. 12.  This maneuver, while creative, is ineffective.  *First*, and fundamentally, neither the JPLs nor ULICO can confer this Court with jurisdiction, by agreement or otherwise.  *See Barhold v. Rodriquez*, 863 F.2d 233,

---

[4] In this regard, Herwig reserves all of his rights related to ULICO's violation of the Recognition Order as well as with respect to the filing of the Amended Complaint.  The Recognition Order was quoted in the Motion to Dismiss, and squarely and expressly prohibits ULICO from asserting the counts included in the Amended Complaint.  *See* Motion to Dismiss, at Part I.A (pp. 5-7).

5

234 (2d Cir. 1988) (explaining "parties do not have the power to confer . . . jurisdiction upon the Court by conceding the standing of certain plaintiffs"). *Second*, the settlement agreement is inchoate; neither the JPLs nor ULICO have even requested approval from the Court, as required under Bankruptcy Rule 9019. *See, e.g., In re Cinque Terre Fin. Group Ltd.*, 2017 WL 4843738, at *10 (Bankr. S.D.N.Y. Oct. 24, 2017) (applying Bankruptcy Rule 9019 in Chapter 15 case) (citing collecting cases). The Court can and should reject ULICO's argument on this ground as well. Further, the Motion to Dismiss argued (p. 10) that because bankruptcy courts derive their jurisdiction from 28 U.S.C. § 157—not 28 U.S.C. § 1332, "diversity" jurisdiction does not provide an independent basis for the Court's subject matter jurisdiction. Tellingly, ULICO has offered nothing in response to this argument.

For these reasons, even if ULICO did have standing to bring the Amended Complaint, still this Court lacks subject matter jurisdiction and, accordingly, should dismiss the case.

### III.    THE AMENDED COMPLAINT FAILS UNDER RULE 12(B)(2) FOR NO PERSONAL JURISDICTION OVER HERWIG

The Motion to Dismiss argued (pp. 10-11) that the Amended Complaint fails under Rule 12(b)(2) because ULICO never even alleges personal jurisdiction over Herwig. ULICO argues in response merely that personal jurisdiction has been established under Bankruptcy Rule 7004. As explained above, because this Court lacks subject matter jurisdiction, Bankruptcy Rule 7004 is not applicable. Accordingly, the Complaint fails under Rule 12(b)(2) for lack of personal jurisdiction over Herwig.

### IV.    THE AMENDED COMPLAINT FAILS TO STATE ANY CLAIMS AGAINST HERWIG AS A MATTER OF LAW AND SHOULD BE DISMISSED UNDER RULE 12(B)(6)

The Motion to Dismiss argued (pp. 11-24) that even aside from the multiple threshold defects in this case, the Amended Complaint lacks any substance and fails to state any claims

6

against Herwig as a matter of law. In response, ULICO provides nothing persuasive, offering the Amended Complaint satisfies "relaxed" Rule 9(b) standards and Rule 8(a) requirements. ULICO is mistaken.

### A. Count I (Voidable Transfer) Fails Under Rule 8(a) or Rule 9(b) Standards

ULICO contends Count I meets heightened Rule 9(b) standards. Yet Count I fails even under liberal Rule 8(a) standards, whether considered an actual or constructive fraudulent transfer claim. At a minimum, these standards require notice to alleged transferees of the alleged transfers received. But the Amended Complaint fails to allege that Herwig actually received any of the over $500 million in purported transfers, alleging instead that "[e]ach of the transfers that occurred were between PBLA . . . and a Lindberg affiliated entity . . . ." Compl., ¶ 144. Under Rule 8(a), at the very least, the Amended Complaint is required to provide notice to Herwig what transfers he allegedly received, a requirement made even more compelling considering ULICO alleges over $500 million was transferred. *See, e.g.*, *Gowan v. Amaranth LLC (In re Dreier LLP)*, 452 B.R. 451, 464 (Bankr. S.D.N.Y. 2011) (citations and quotations omitted) (dismissing transferee claims because complaint failed to allege facts showing the alleged transfer was made to transferee).[5]

In addition, ULICO has not identified what part of Count I alleges "actual" fraudulent transfers and what part alleges "constructive" fraudulent transfers. It is only through the Response that ULICO raises bifurcating Count I into two separate causes of action. The Amended Complaint itself is entirely unclear in this regard and the Court should dismiss Count I on this basis alone. *See Picard v. Madoff (In re Bernard L. Madoff Invest. Secs. LLC)*, 458

---

[5] As a matter of law, the Court may dismiss Count I because the Amended Complaint fails to adequately allege Herwig received any of the transfers it seeks to recover. *See, e.g., Liebmann v. Pucci (In re Ampat So. Corp.)*, 128 B.R. 405, 411 (Bankr. D. Md. 1991).

7

B.R. 87, 114-15 (Bankr. S.D.N.Y. 2011) (dismissing constructive fraudulent transfer claims where "th[e] Court is unable to determine whether the Trustee is even seeking to avoid them as constructively fraudulent"). Further, Rule 8(a) is simply not satisfied where, as here, the complaint "lump[s] all the defendants together . . . and provid[es] no basis to distinguish their conduct." *Atuahene v. City of Hartford*, 10 Fed. Appx. 33, 34 (2d Cir. 2001) (explaining that Rule 8, "requires at a minimum, that a complaint give *each defendant* fair notice of what the plaintiff's claim is and the ground upon which it rests") (citation and quotations omitted, emphasis added). At bottom, Count I of the Amended Complaint is woefully inadequate under even Rule 8(a) notice pleading.

Count I similarly fails under Rule 9(b) standards. As an initial matter, and as more fully addressed as it relates to Count V, ULICO asserts that the Court should "relax" Rule 9(b) when considering the Amended Complaint, analogizing itself to a bankruptcy trustee, allegedly "working from limited, second-hand knowledge, especially at the time of pleading." Resp. 21. But ULICO's request is not well taken for several reasons.

*First*, prior to the Petition Date, ULICO was awarded a judgment against the Debtor that it obtained "[a]fter the presentation of witness statements, supporting documents, briefing, and a hearing." Resp., p. 6. Unlike a bankruptcy trustee, ULICO has not only had the opportunity to discover facts relevant to the Amended Complaint prior to the Petition Date, it apparently did so and relied on those facts in obtaining an award for judgment against the Debtor. *Second*, ULICO entered into a number of agreements and was in privity with the Debtor prior to the Petition Date, it can hardly legitimately be considered an outsider. *Third*, if ULICO has standing to assert the Amended Complaint, it is only to bring "direct" claims it has for alleged particularized

8

injuries, not "derivative" claims brought in those cases where courts have "relaxed" Rule 9(b) standards.

More important, even under "relaxed" Rule 9(b) standards, however, the Amended Complaint fails. To support its "actual" fraudulent transfer claim, ULICO argues that it has met this standard because it pleads certain "badges of fraud." But that argument misses the mark. "The fraudulent intent of the debtor/transferor is one essential element of a *prima facie* claim brought under . . . section 276 of the NYDCL. A second requirement is that the transfers sought to be avoided must be identified with particularity in accordance with Rule 9(b)." *Picard v. Madoff (In re Bernard L. Madoff Inv. Secs. LLC)*, 458 B.R. 87, 106-07 (Bankr. S.D.N.Y. 2011) (explaining, through comparison, that complaint must apprise alleged transferees "which transactions are claimed to be fraudulent and why, when they took place, and how they were executed and by whom") (citations and quotations omitted).

In this case, "opacity, rather than particularity, best describes the allegations underlying" the Amended Complaint, including the alleged fraudulent transfers. *Id.* There were no transfers made to Herwig, and so they certainly are not identified with particularity (let alone at all, let alone specified in number, amount, or dates). "Even under the relaxed pleading standard . . . , 'pleadings still must be particular enough to fulfill Rule 9(b)'s purpose: to protect the defending party's reputation, to discourage meritless accusations, and to provide detailed notice of fraud claims to defending parties." *In re Nine W. LBO Secs. Litig.*, 505 F. Supp. 3d 292, 321 (S.D.N.Y. 2020) ("*Nine West*") (quoting *In re Bernard L. Madoff*, 458 B.R. at 106).[6] For the foregoing reasons, the Court should dismiss Count I of the Amended Complaint against Herwig.

---

[6] ULICO's reliance in the Response on *Nine West* and *Saba Enterprises* is far from persuasive, if not misplaced. In *Nine West*, because the plaintiff specifically identified in the complaint each recipient and the amount of the alleged fraudulent transfers each recipient received, Judge Rakoff of the district court concluded plaintiffs had pled the transfers with sufficient particularity under a relaxed Rule 9(b) standard. *Nine West*, 505 F. Supp. 3d at 321.

9

>   B.   **Count II (Unjust Enrichment), Count III (Constructive Trust) and Count IV (Conversion) and are Duplicative Tack-On Claims that Fail to State a Claim Against Herwig**

The Motion to Dismiss argued (pp. 17-20) that tack-on claims in the Amended Complaint, Count II (Unjust Enrichment), Count III (Constructive Trust) and Count IV (Conversion), seek to recover the same alleged transfers based on exactly the same set of alleged facts as in Count I against Herwig. The Motion to Dismiss argued (pp. 17-18) that for the same reasons that Count I must be dismissed against Herwig (as discussed above), these counts too fail and, further, these counts independently fail to state claims under Rule 12(b)(6). Specifically, as set forth in the Motion to Dismiss (pp. 18-19), ULICO has not alleged (let alone with particularity) that Herwig received or was in any way enriched by alleged transfers, nor that he exercised dominion or control over any sort of trust to the exclusion of ULICO.

ULICO offers nothing persuasive in response, and its silence confirm that this claim fails. Instead, relying on *Hellas*, ULICO contends the unjust enrichment claim in the Amended Complaint is properly pled under Rule 8(a) as alternative relief. Resp., p. 23. ULICO is correct that some courts have denied motions seeking to dismiss duplicate fraudulent transfer and unjust enrichment claims "where it is conceivable that the plaintiff could recover under one theory but not the other." *Hosking v. TPG Capital Mgmt., L.P. (In re Hellas Telecomms. (Luxembourg) II SCA)*, 535 B.R. 543, 575 (Bankr. S.D.N.Y. 2015). However, in this case, the same alleged wrongdoing that underlies Count I is the source of Herwig's alleged equitable obligation to pay the same damages ULICO complains is owed. Under these alleged facts, and

---

Similarly, in *Saba Enterprises*, this Court concluded the amended complaint identified the alleged fraudulent transfers with sufficient particularity under a relaxed standard where, unlike here, the property allegedly conveyed, the timing of the conveyances and the consideration paid were all identified and the defendants conceded as much. *See Pereira v. Grecogas Ltd. (In re Saba Enters., Inc.)*, 421 B.R. 626, 641-42 (Bankr. S.D.N.Y. 2009). But the Amended Complaint here plainly fails because it does not specifically identify Herwig as a recipient of any of alleged transfers or the amount and timing of such transfers.

10

lacking "any explanation as to why the unjust enrichment claim is not merely duplicative of" Count I, this claim fails. *See, e.g., Holliday v. K Rd. Power Mgmt., LLC (In re Boston Generating LLC)*, 617 B.R. 442, 476 (Bankr. S.D.N.Y. 2020) (dismissing unjust enrichment claim as duplicative of fraudulent transfer claims where, as here, both claims were based on the same alleged wrongdoing and plaintiff failed to provide any explanation why such claim were not duplicative of each other).

Moreover, "[i]t is a general rule under New York law that no claim for unjust enrichment lies where the subject matter of the claim is covered by a written contract." *Hellas*, 535 B.R. at 584 (citations and quotations omitted). And "this general rule only applies when the existence of a contract governing the transaction is undisputed." *Id.* Here, ULICO holds a judgment award based on the Debtor's breach of contract and, unlike in *Hellas*, the existence of this contract is undisputed. *Id.* (denying motion to dismiss where complaint alleged underlying contracts were unenforceable and lacked consideration). For these reasons, and those argued in the Motion to Dismiss,[7] Count II of the Amended Complaint fails to state a claim.

As argued in the Motion to Dismiss (p. 19), the Court can and should dismiss Count III (Constructive Trust) against Herwig because ULICO's unjust enrichment (Count II) fails.

As to Count IV (Conversion) against Herwig, the Motion to Dismiss argued (p. 19) the Amended Complaint fails to allege a necessary element of this claim—that Herwig exercised dominion and control over the Trust Proceeds to the exclusion of ULICO. ULICO offers nothing in response and its silence confirm that this claim fails.

---

[7] Further, ULICO argues in the Response that it "effectively pleads that Defendants were enriched by receipt of Trust funds which were consciously accepted, and that equity weighs in favor of ULICO to assert this cause of action." Resp., p. 24. But, contrary to this assertion, the Amended Complaint does not identify a tangible benefit Herwig received from the alleged transfers of the Trust Proceeds and, accordingly, this count should be dismissed on this basis alone. *See, e.g., Tribune Co. v. Purcigliotti*, 869 F. Supp. 1076, 1102 (S.D.N.Y. 1994). As argued in the Motion to Dismiss (pp. 18-19), the Amended Complaint also fails to plead a sufficiently close relationship—indeed, any relationship—between ULICO and Herwig and this provides additional grounds for dismissal as well.

### C. Count V (Fraud) Fails to State A Claim Against Herwig

In Count V (Fraud) ULICO accuses the Lindberg Affiliates, defined as including Herwig, of fraud. This accusation is a serious matter—made even more serious considering Herwig is an individual—the Second Circuit has repeatedly emphasized plaintiffs should not make lightly.[8] The Motion to Dismiss argued (pp. 21-22) the Amended Complaint's conclusory allegations of misrepresentation must at the very least connect specifically to Herwig because Herwig is entitled to know the alleged facts surrounding his alleged misrepresentation. Further, the Motion to Dismiss explained (pp. 22-24) at length that even if ULICO had identified such misrepresentations (and its reliance), the Amended Complaint woefully fails to establish "scienter" as to Herwig, lacking any alleged facts to even suggest Herwig had motive and opportunity to commit fraud, or any—let alone "strong"—alleged circumstantial evidence of his conscious misbehavior or recklessness. Instead of addressing any of those fundamental arguments—an extraordinary omission—ULICO simply and cursorily contends the Amended Complaint is sufficiently pled under a relaxed Rule 9(b) standard. ULICO is mistaken.

As an initial matter, Count V does not state a plausible claim against Herwig as required under Rule 8(a). Even though the "plausibility" standard governs the Amended Complaint, ULICO merely—and incorrectly—mentions this in the Response.[9]

---

[8] *See, e.g., Segal v. Gordon*, 467 F.2d 602 (2d Cir. 1972) (emphasizing that "[i]t is a serious matter to charge a person with fraud and hence no one is permitted to do so unless he is in a position and is willing to put himself on record as to what the alleged fraud consists of specifically") (citations and quotations omitted); *Gamm v. Sanderson Farms, Inc.*, 944 F.3d 455, 465 (2d Cir. 2019) (same).

[9] In this regard, underscoring its misunderstanding of the "plausibility" standard, ULICO mistakenly states in the Response that "dismissal is only appropriate if it states a plausible claim for relief." Resp., p. 18. In fact, dismissal of a complaint is appropriate where, as here, it *does not* state a plausible claim for relief. Importantly, "[a] claim is plausible when the factual allegations permit 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' Meeting the plausibility standard requires a complaint to plead facts that show 'more than a sheer possibility that a defendant has acted unlawfully.' A complaint that only pleads facts that are 'merely consistent with a defendant's liability' does not meet the plausibility requirement." *Gowan v. Amaranth LLC (In re Dreier LLP)*, 452 B.R. 451, 459-60 (Bankr. S.D.N.Y. 2011) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("*Iqbal*"), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) ("*Twombly*")).

Here, the Amended Complaint only offers "[t]hreadbare recitals of [some of] the elements of a [fraud] cause of action, supported by mere conclusory statements[.]"[10] The Amended Complaint, not only fails to attribute any misrepresentations to Herwig, it fails to identify any misrepresentations and, likewise, fails to allege any facts showing Herwig had motive and opportunity to commit fraud. Similarly, the Amended Complaint fails to allege any—let alone strong—circumstantial evidence of conscious misbehavior or recklessness by Herwig.

But, even if the Amended Complaint met the "plausibility" standard under *Twombly* and *Iqbal*, which it plainly fails to do, the fraud claim fails under Rule 9(b), whether relaxed or heightened. As explained above regarding Count I, the Court should not relax Rule 9(b) in this case, but if it considers doing so, even under a relaxed standard Count V similarly fails. ULICO argues the Court should consider the Amended Complaint with relaxed 9(b) treatment under the Second Circuit's decision in *Devaney v. Chester*, 813 F.2d 566, 569 (2d Cir. 1987). Yet ULICO fails to recognize that in *Devaney* the Second Circuit affirmed dismissal of plaintiff's fraud claims under a relaxed standard. *Id.* At bottom, under *Devaney* "[a] complaint like plaintiff's, which fails to adduce any specific facts supporting an inference of knowledgeable participation in the alleged fraud, will not satisfy even a relaxed standard." *Id.; Hassett v. Zimmerman (In re O.P.M. Leasing Servs., Inc.)*, 32 B.R. 199, 203 (Bankr. S.D.N.Y. 1983) (affording greater liberality in pleading fraud in a bankruptcy case to chapter 7 trustee but, nonetheless, dismissing complaint for failing to allege sufficient facts, stating that "the Trustee may be impaired but he is not disabled"). In addition, the Amended Complaint based its fraud claim on alleged misrepresentations made to and relied upon by ULICO. "Those statements, if they were in fact

---

[10] *Id.* at 460 (quoting *Iqbal*, 129 S. Ct. at 1949).

13

made, would presumably be at least as well known to plaintiffs as to defendants." *Apace Commc'ns Ltd. v. Burke*, 522 F.Supp.2d 509, 518 (W.D.N.Y. 2007). "There is no basis then, upon which to excuse plaintiffs from pleading such statements with particularity." *Id.* Finally, as argued in the Motion to Dismiss (pp. 20-21) but ULICO fails to address, courts in the Second Circuit and this district have routinely dismissed group pleading of fraud claims pursuant to Rule 9(b) where, as here, plaintiff has failed to adequately plead fraud against individual defendants. For these reasons, count V against Herwig should be dismissed.

### D. Count VI (Breach of Fiduciary Duty) Fails To State A Claim Against Herwig

As to Count VI (Breach of Fiduciary Duty) against Herwig, the Motion to Dismiss argued (pp. 23-24) that where the complaint purports to incorporate by reference prior allegations of fraud into other claims those claims must be pled with particularity pursuant to Rule 9(b). In this case, not only does ULICO fail to meet Rule 9(b) in Count VI, ULICO fails to allege a "plausible" claim to relief. The Amended Complaint does not even allege that ULICO had any relationship with Herwig let alone a special one.

Instead, to establish a fiduciary duty, ULICO resorts to a flawed argument. *First*, ULICO argues in the Response that the Debtor had a fiduciary duty to ULICO and that, in turn, this duty attaches to Lindberg under an alter ego theory between the Debtor and Lindberg. Resp. 26. *Second*, ULICO does not stop there and further asserts that "[b]ecause the Lindberg Affiliates are all alleged to be alter-egos of Lindberg as well, the fiduciary obligation [of Lindberg] to ULICO likewise flows through the affiliates at the direction of Lindberg." Resp., p. 27. This argument is flawed—if not absurd—as to Herwig because it means Herwig and Lindberg are alter egos of each other, a circumstance that is implausible if not impossible.

For these reasons, count VI against Herwig should be dismissed.

## V.     THE COURT SHOULD DENY ULICO'S INFORMAL REQUEST TO AMEND

ULICO ends the Response is cursory fashion, seeking alternative leave to further amend the Amended Complaint under Rule 15.  *See* Resp., p. 27.  ULICO's request is misplaced. ULICO's request does not indicate what additional facts it could plead, and if ULICO could have pled anything more, it should have done so.  *See Hill v. Phillip Morris USA*, 2004 WL 1065548, at *7 (S.D.N.Y. May 11, 2004); *In re Nokia Oyi (Nokia Corp.) Secs. Litig.*, 423 F.Supp.2d 364, 409 (S.D.N.Y. 2006) (emphasizing that "[p]laintiffs cannot 'hedge their bets' by holding evidence back in hopes of having another bite of the proverbial apple . . .").  Importantly, "[i]n this circuit, courts deny requests for leave to amend when the amendment would be futile." *McChristian v. Ditech Holding Corp. (In re Ditech Holding Corp.)*, 2021 WL 5048131, at *13 (Bankr. S.D.N.Y. Oct. 29, 2021) (denying leave to amend where "no amendment by Plaintiff can cure the fatal deficiencies in this adversary proceeding . . ."); *In re Tamoxifen Cirate Antitrust Litig.*, 466 F.3d 187, 220 (2d Cir. 2006) (affirming denial of leave to amend where, as here, "leave is requested informally in a brief filed in opposition to a motion to dismiss") *abrogated on other grounds by F.T.C. v. Actavis, Inc.*, 570 U.S. 136 (2013).  Because of the fatal defects in this case, including ULICO's lack of standing, further amending the Amended Complaint is "futile." For the foregoing reasons, the Court may and should deny ULICO's request for leave.

15

## CONCLUSION

For the reasons set forth above and in the Motion to Dismiss, Mr. Herwig respectfully requests the Court dismiss the Amended Complaint against him in its entirety and deny ULICO leave to plead.

Dated: January 14, 2022

Respectfully submitted,

**WOMBLE BOND DICKINSON (US) LLP**

*/s/ Todd A. Atkinson*
Todd A. Atkinson (NY Bar No. 4970828)
811 Main Street, Suite 3130
Houston, Texas 77002
Telephone: (346) 998-7849
Facsimile: (346) 998-5901
Email: todd.atkinson@wbd-us.com

-AND-

Matthew P. Ward, Esq.
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 252-4338
Facsimile: (302) 661-7711
Email: matthew.ward@wbd-us.com

*Counsel for Defendant Christopher Herwig*