**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
:
In re                                                                             :
:                    Chapter 15
PB LIFE AND ANNUITY CO. LTD, et al,         :
:                    Case No. 20-12791-LGB
   Debtor in Foreign Proceeding.  :                    (Jointly Administered)
---------------------------------------------------------------:
UNIVERSAL LIFE INSURANCE COMPANY,    :
:
   *Plaintiff*,                                                     :                    Adv. Proc. No. 21-01169-lgb
:
v.                                                                              
:
GREG E. LINDBERG, individually, et al.,

   *Defendants*.


**<u>DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT</u>**

Aaron Z. Tobin (*pro hac vice in the main case*)
atobin@condontobin.com
Jared T.S. Pace (*pro hac vice in the main case*)
jpace@condontobin.com
J. Seth Moore *(pro hac vice in the main case)*
smoore@condontobin.com
Forrest Colby Roberts *(pro hac vice in the main case)*
croberts@condontobin.com
**CONDON TOBIN SLADEK THORNTON NERENBERG, PLLC**
8080 Park Lane, Suite 700
Dallas, Texas 75231
Telephone: (214)265-3800
--and--
Charles A. Gruen (CG5456)
cgruen@gruenlaw.com
**LAW OFFICES OF CHARLES A. GRUEN**
381 Broadway, Suite 300
Westwood, New Jersey 07675

27610900v1 92132.127.05

Telephone:  201-342-1212

*Counsel for Moving Defendants*

# TABLE OF CONTENTS

TABLE OF CONTENTS

I PRELIMINARY STATEMENT ........................................................................................2

II REPLY ARGUMENT .......................................................................................................2

   A.  **ULICO offers no defense for its "group-pleading."** ....................................... 2-3

   B.  **ULICO's fraudulent transfer and fraud claims are not saved by a "relaxed" pleading standard** ............................................................................................. 3-7

   C.  **Even Rule 8(a)'s minimal pleading standards are not satisfied** ................................ 7-12

   D.  **ULICO's settlement agreement with the JPLs – entered *after* ULICO filed this lawsuit – does not establish jurisdiction** ................................................................... 12-14

   E.  **The Court has discretion to abstain** ...........................................................................14

# TABLE OF AUTHORITIES

**Cases**

*Abrams v. Gen. Nutrition Companies, Inc.*, No. CIV.A. 06-1820 (MLC), 2006 WL 2739642 ... 11

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................................................................... 7

*Chester*, 813 F.2d at 569 ............................................................................................................ 5

*Congress v. Shannon*, No. 20-CV-2285 WL 4480573 (E.D.N.Y. Sept. 30, 2021) ...................... 3

*Cook v. Vill. of Hoosick Falls*, No. 118CV0636LEKDJS, 2018 WL 5634685 ........................ 10

*Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42 (2d Cir. 1991) ....................................... 10

*Devaney v. Chester*, 813 F.2d 566 (2d Cir. 1987) ...................................................................... 5

*DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242 (2d Cir. 1987)); ..................... 3, 7

Dole Food Co. v. Patrickson, 538 U.S. 468 (2003) ................................................................. 10

*Eddystone Rail Co., LLC v. Bank of Am., N.A.*, No. 19 CIV. 9584 (GBD), 2021 WL 4443371 .... 7

*Eddystone Rail Co., LLC,* No. 19 CIV. 9584 (GBD), 2021 WL 4443371 ................................... 9

*Geo-Grp. Commc'ns, Inc. v. Chopra*, No. 15 CIV. 1756 (KPF), 2016 WL 390089 ..................... 7

Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567 S.Ct. 1920, 158 L.Ed.2d 866 (2004) . 10

*Holliday v. Credit Suisse Sec. (USA) LLC*, No. 20 CIV. 5404 (GBD), 2021 WL 4150523 (S.D.N.Y. Sept. 13, 2021) ....................................................................................................... 4

*In re Bateman*, No. 10-06206-8-RDD, 2012 WL 1110080 ........................................................ 8

*In re Bernard L. Madoff Inv. Sec. LLC*, 561 B.R. 334 (Bankr. S.D.N.Y. 2016) ......................... 10

*In re Bos. Generating LLC*, 617 B.R. 442 (Bankr. S.D.N.Y. 2020) ............................................ 4

*In re Hellas Telecommunications (Luxembourg) II SCA*, 535 B.R. 543 (Bankr. S.D.N.Y. 2015) 11

*In re Johns-Manville Corp.,* 517 F.3d 52 (2d Cir. 2008) ........................................................... 11

*In re M. Fabrikant & Sons, Inc.*, 394 B.R. 721 ........................................................................... 5

*In re Nine West LBO Securities Litig.* .......................................................................................... 3

*In re O.P.M. Leasing Servs., Inc.*, 32 B.R. 199 ........................................................................... 5

*In re TransCare Corp.*, 592 B.R. 272 (Bankr. S.D.N.Y. 2018) .................................................. 3, 7

*In re Trib. Co. Fraudulent Conv. Litig.*, No. 11-MD-2296 (RJS), 2017 WL 82391 ...................... 5

*In re Trinsum Grp., Inc.*, 460 B.R. 379 (Bankr. S.D.N.Y. 2011) ....................................................... 9

*In re Yahweh Ctr., Inc.*, No. 16-04306-5-JNC, 2019 WL 1325032 ............................................... 5

*Liquidation Tr. v. Daimler AG (In re Old CarCo LLC)*, 435 B.R. 169 (Bankr. S.D.N.Y. 2010) ... 4

*Matter of Zale Corp.*, 62 F.3d 746 (5th Cir. 1995)) .................................................................... 11

*Oliver v. Cooper (In re Bateman)*, No. 11–00397–8–RDD, 2012 WL 1110080 .......................... 8

*Picard v. Madoff (In re Madoff)*, 458 B.R. 87 (S.D.N.Y. 2011) ..................................................... 5

*Ray v. Ray*, No. 18 CIV. 7035 (GBD), 2019 WL 1649981 ............................................................ 9

*See Hinds Cty., Miss. v. Wachovia Bank N.A.*, 620 F. Supp. 2d 499 (S.D.N.Y. 2009) .................. 3

*Sokola v. Weinstein*, No. 20-CV-0925 (LJL), 2020 WL 3605578 ................................................. 11

*Sterling v. Deutsche Bank Nat'l Tr. Co.*, 2019 WL 5722320 (S.D.N.Y. Aug. 16, 2019) ............... 3

*Thimbler, Inc. v. Unique Solutions Design, Ltd.*, No. 5:12-cv-695, 2013 WL 485514 .................. 8

*Travelers Indem. Co. v. Bailey,* 557 U.S. 137, 129 S. Ct. 2195, 174 L. Ed. 2d 99 (2009) ........... 11

*Wexner v. First Manhattan Co.*, 902 F.2d 169 (2d Cir. 1990) .................................................. 4, 5

Wujin Nanxiashu Secant Factory v. Ti-Well Int'l Corp., No. 01CIV8871 (JCF), 2002 WL 1144903 ................................................................................................................................. 6

**Rules**

Rule 8(a) ........................................................................................................................................ 7

Rule 9(b). 505 F. Supp. 3d 292 (Bankr. S.D.N.Y. 2020) ............................................................... 3

Pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(1), 12(b)(2), and 12(b)(6), made applicable by Federal Rules of Bankruptcy Procedure 7009 and 7012, Defendants Greg Lindberg, Academy Financial Assets, LLC, Alpine Capital, LLC, Atlas Financial Investments, LLC, Augusta Asset Management, LLC, Capital Assets Management I, LLC[1], Capital Assets Management II, LLC, Capital Assets Management III, LLC, CSI Interco, LLC, Eli Global, LLC, GBI Group, LLC, GBIG Capital, LLC, GBIG Holdings, LLC[2], Global Insurance Capital, LLC, Hampton Asset Management, LLC[3], Iron City Asset Management, LLC[4], Jackson Assets Management, LLC[5], Kite Asset Management, LLC[6], New England Capital, LLC, Parallel Capital Assets, LLC, Tybee Island Asset Management, LLC[7], AGH Parent, LLC, ASiM Holdings, LLC, ASL Holdings, LLC, BLH Capital, LLC, Capital Assets Fund I, LLC, Capital Assets Fund II, LLC, Chatsworth Asset Management, LLC, Drummond Group, LLC, Dunhill Holdings, LLC, Englert Holdings, LLC, Flagship Holdings, LLC, Fortrex, LLC, Gilford Asset Management, LLC, Global Growth Holdings, Inc., Greenfield Capital, LLC, Healthlink Holdings, LLC, Integrity EMR Holdings, LLC, Integrity EMR, LLC, iTech Funding, LLC, Netherlands Insurance Holdings, Inc., NIH Capital, LLC, Sedwick, LLC, and UKAT Holdings, LLC, ("Moving Defendants") file this Reply in Support of Their Motion to Dismiss Plaintiff's First Amended Complaint ("Motion"), as follows:

---

[1] Moving Defendants assert that this entity appears to be misidentified in Plaintiff's First Amended Complaint.
[2] Moving Defendants assert that this entity is incorrectly identified as a corporation in Plaintiff's First Amended Complaint.
[3] Moving Defendants assert that this entity is incorrectly identified as a corporation in Plaintiff's First Amended Complaint.
[4] Moving Defendants assert that this entity is incorrectly identified as a corporation in Plaintiff's First Amended Complaint.
[5] Moving Defendants assert that this entity is incorrectly identified as a corporation in Plaintiff's First Amended Complaint.
[6] Moving Defendants assert that this entity is incorrectly identified as a corporation in Plaintiff's First Amended Complaint.
[7] Moving Defendants assert that this entity is incorrectly identified as a corporation in Plaintiff's First Amended Complaint.

1

# I.
# PRELIMINARY STATEMENT

ULICO's response confirms that the allegations in its amended complaint are inadequate. ULICO broadly alleges that PBLA initiated "hundreds of transactions" resulting in voidable transfers to around 100 Defendants. Of these "hundreds" of alleged transfers, ULICO identified *eight* in its amended complaint and relies heavily on "group-pleading:" the practice of generically clustering allegations against "all Defendants," or the like. There is no mention of any transfer made to over 90% of the Defendants sued in this action, including forty-two of the Moving Defendants. ULICO's response [ECF 111] makes no effort to substantiate its allegations against the Moving Defendants.

Instead, ULICO tacitly admits that it has *not* met the law's pleading requirements, but that those requirements should be "more relaxed" for ULICO. The law, however, does not entitle ULICO to a different standard as it might a bankruptcy trustee. Even so, ULICO's deficient allegations satisfy no standard at all, "relaxed" or otherwise. Rather, ULICO's response confirms its reliance on factually unsupported conclusions and mere recitations of legal elements. Those, of course, are entitled to no weight and are insufficient to overcome a motion to dismiss.

# II.
# REPLY ARGUMENT

### A.    ULICO offers no defense for its "group-pleading."

ULICO's response confirms that it failed to meet the pleadings requirements of Rule 8(a) or, as applicable, 9(b), for any of its alleged causes of action. For every cause of action, ULICO relies almost entirely on "group-pleading:" clustering allegations against multiple defendants instead of asserting allegations against specific defendants. Such group-pleading does not meet the Rules' pleading requirements and to that, ULICO offers no response. *See Scherie Murray for*

2

21-01169-lgb    Doc 138    Filed 01/14/22    Entered 01/14/22 19:51:56    Main Document
Pg 8 of 18

*Congress v. Shannon*, No. 20-CV-2285, 2021 WL 4480573 (E.D.N.Y. Sept. 30, 2021) ("Group pleading is impermissible: 'Where multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of his alleged participation in the fraud.'") (quoting *DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987)); *In re TransCare Corp.*, 592 B.R. 272, 288 (Bankr. S.D.N.Y. 2018) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, a complaint fails to satisfy the minimum pleading standard required by Rule 8."); *See Hinds Cty., Miss. v. Wachovia Bank N.A.*, 620 F. Supp. 2d 499, 511 (S.D.N.Y. 2009) (dismissing complaint with respect to joint defendants against whom no specific allegations were made); *Sterling v. Deutsche Bank Nat'l Tr. Co.*, 2019 WL 5722320 (S.D.N.Y. Aug. 16, 2019) (dismissing complaint for failure to state a claim where "[a]part from identifying the defendants in the section styled 'Parties,' the complaint [was] devoid of any allegations" against the moving defendants). ULICO's unabashed reliance on group-pleading is reason enough to dismiss all of its alleged causes of action.

   **B. ULICO's fraudulent transfer and fraud claims are not saved by a "relaxed" pleading standard.**

With respect to its claims that are subject to Rule 9(b)'s heightened pleading requirements – namely, voidable transfer based on actual fraud and fraud – ULICO tacitly admits it has *not* met the Rule's pleading standard by arguing that the standard for ULICO should be "more relaxed." [ECF 111, pg. 20]. Specifically, ULICO points to *In re Nine West LBO Securities Litig.*, to absolve itself of pleading specific transfers and other particularities required by Rule 9(b). 505 F. Supp. 3d 292, 320-21 (Bankr. S.D.N.Y. 2020); [ECF 111, pg. 20].

The relaxed pleading standard does not apply to creditors like ULICO. Rather, the relaxed standard in *Nine West* applied to a bankruptcy trustee who was "an outsider to the transaction."

3

27610900v1 92132.127.05

505 F. Supp. 3d at 320-21. ULICO is not a bankruptcy trustee, and thus is not entitled to rely on the relaxed pleading standard sometimes afforded to bankruptcy trustees. *Cf.*, *In re Bos. Generating LLC*, 617 B.R. 442, 472 (Bankr. S.D.N.Y. 2020), *aff'd sub nom. Holliday v. Credit Suisse Sec. (USA) LLC*, No. 20 CIV. 5404 (GBD), 2021 WL 4150523 (S.D.N.Y. Sept. 13, 2021).

Likewise, ULICO is hardly an outsider that could be compared to a bankruptcy trustee. According to the amended complaint, ULICO has been a "creditor of PBLA from the time of the initial voidable transfer," which allegedly occurred on or before July 7, 2017. [ECF No. 14 ¶¶ 8, 127]. Moreover, ULICO admits express knowledge of "several transactions" arising from "Loan and Security Agreements with various Lindberg affiliates." *Id.* at ¶ 127. And, ULICO alleges that the funds were "withdrawn directly from the Trust," to which ULICO had access as the beneficiary. *Id.* Given its years' long history with PBLA, including a lengthy arbitration process, ULICO cannot now claim that it is an outsider in order to take advantage of a lesser pleading standard and thereby skirt dismissal. From the face of the amended complaint, ULICO does not meet the criteria for the narrow exception to the "generally rigid requirement [under Fed. R. Civ. P. 9(b)] that fraud be pleaded with particularity." *Wexner v. First Manhattan Co.*, 902 F.2d 169, 172 (2d Cir. 1990).

Moreover, even if ULICO were a bankruptcy trustee, the relaxed pleading standard would not apply in this case. There is no *per se* application of this exception when the trustee has had an opportunity to gather relevant information before filing suit. *See Liquidation Tr. v. Daimler AG (In re Old CarCo LLC)*, 435 B.R. 169, 192 (Bankr. S.D.N.Y. 2010) (finding "no justification to relax the particularized standard" where liquidation trustee had reviewed documents from many relevant parties prior to filing complaint). That is because, as the Second Circuit has emphasized, the "rationale for relaxing the particularity requirement in such cases is that the trustee is a third

4

party, who is pleading fraud on secondhand information." *Devaney v. Chester*, 813 F.2d 566, 569 (2d Cir. 1987); *see also In re Trib. Co. Fraudulent Conv. Litig.*, No. 11-MD-2296 (RJS), 2017 WL 82391, at *4 (S.D.N.Y. Jan. 6, 2017), *aff'd*, 10 F.4th 147 (2d Cir. 2021) ("the particularity requirement still applies in cases where, as here, the bankruptcy trustee had access to numerous documents and depositions of many witnesses"). As a party to the transactions and other proceedings, ULICO had ample time to gather information. Under such circumstances, even a bankruptcy trustee would not get the benefit of a relaxed pleading standard in this case.

But even if the relaxed pleading standard did apply in this case, it is hardly as relaxed as ULICO says it is. "[E]ven the so-called relaxed standard does not eliminate the particularity requirement." *Chester*, 813 F.2d at 569; *see also In re Yahweh Ctr., Inc.*, No. 16-04306-5-JNC, 2019 WL 1325032, at *7 (Bankr. E.D.N.C. Mar. 22, 2019). Specifically, the "relaxed standard" does not absolve ULICO from having to identify the specific transfers which were allegedly fraudulent. *See Picard v. Madoff (In re Madoff)*, 458 B.R. 87, 106 (S.D.N.Y. 2011); *see also Wexner v. First Manhattan Co.*, 902 F.2d 169, 172 (2d. Cir. 1990) (holding a relaxed standard "must not be mistaken for license to base claims of fraud on speculation and conclusory allegations . . . a complaint must adduce specific facts supporting a strong inference of fraud or it will not satisfy even a relaxed pleading standard"); *see also In re O.P.M. Leasing Servs., Inc.*, 32 B.R. 199, 204 (Bankr. S.D.N.Y. 1983) (even under relaxed standard, the trustee's complaint was not sufficiently particular when it alleged that "funds aggregating the sum of $495,347.34, the property of [debtor], were by a series of payments transferred to or for the use and benefit of [transferees]."). Rather, a "party asserting an intentional fraudulent transfer claim must specify the property that was allegedly conveyed, the timing and frequency of those allegedly fraudulent conveyances, and the consideration paid." *In re M. Fabrikant & Sons, Inc.*, 394 B.R. 721, 733 (Bankr. S.D.N.Y.

5

2008) (collecting cases). In order to survive a motion to dismiss, a plaintiff must identify the specific "property that was transferred, when the transfers occurred and to whom the transfers were made." *See Wujin Nanxiashu Secant Factory v. Ti-Well Int'l Corp.*, No. 01CIV8871 (JCF), 2002 WL 1144903, at *4 (S.D.N.Y. May 29, 2002).

ULICO's amended complaint does not come close to satisfying even a relaxed standard. In particular, the Moving Defendants pointed out in their motion that ULICO failed to identify a single transfer to forty-two (42) of the Moving Defendants. [ECF 75, pg. 11]. In its response, ULICO makes no attempt to identify the requisite who, what, when, and where of the alleged fraudulent transfers, and instead only broadly states that it has satisfied the burden imposed by Rule 9(b). [*See* ECF 111, p. 23] ("ULICO has set forth allegations against the Lindberg Affiliates with adequate particularly considering its position as a third party attempting to recover transactions it was not a party to."). That is not sufficient for Rule 9(b)'s standard, whether relaxed or not.

### C. Even Rule 8(a)'s minimal pleading standards are not satisfied.

For its other claims that are subject to Rule 8(a) – namely, fraudulent transfer based on constructive fraud, unjust enrichment, conversion, constructive trust, and breach of fiduciary duty – ULICO's response confirms that it has not pled sufficient factual allegations to support all elements for each of its alleged causes action. Instead, ULICO openly relies on conclusions and recitations of the elements. For example, in its response, ULICO cites to paragraphs 121-146 of the amended complaint to support that transfers were made "(1) with the intent to hinder, delay or defraud any creditor or (2) without receiving reasonably equivalent value in exchanges for the transfer where the transfer is insolvent." [ECF 111, pg. 19]. Yet, the amended complaint merely parrots the elements of ULICO's claim. *See e.g.*, [ECF 14, ¶ 126] ("PBLA engaged in those

6

transactions with the specific intent of defrauding, hindering, and delaying creditors, which consisted principally, or entirely, of ULICO."); [ECF 14, ¶ 144] ("For each of the hundreds of transactions, ULICO did not receive reasonably equivalent value in exchange for the transfer, and PBLA was engaged in a transaction for which the remaining assets of the Trust were unreasonably small in relation to the transaction, and should have reasonably believed at the time of each transaction that such transactions were beyond PBLA's ability to pay as such obligations became due.")]. Those allegations are not sufficient to overcome a motion to dismiss. *See e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In particular, with respect to its claim for constructive fraudulent transfer, Rule 8(a) requires that a plaintiff identify specific transfers upon which its claims are based. *See Geo-Grp. Commc'ns, Inc. v. Chopra*, No. 15 CIV. 1756 (KPF), 2016 WL 390089, at *7 (S.D.N.Y. Feb. 1, 2016) at * 7 ("[T]his assertion clearly fails to meet the pleading standard, as it does not even make clear what 'transfer' is being referenced."). Put simply, "a claim for fraudulent conveyance cannot possibly stand against defendants to whom no specific conveyance is stated as having been made." *Id.*, at *6; *see also Eddystone Rail Co., LLC v. Bank of Am., N.A.*, No. 19 CIV. 9584 (GBD), 2021 WL 4443371, at *5 (S.D.N.Y. Sept. 28, 2021) (Rule 8(a) "requires enough facts regarding the transfer at issue, which, at least, includes such information as timing, amount, or even which particular defendants are being referenced").

In its response, ULICO does not deny that it failed to allege specific conveyances for most of the Defendants. *See* [ECF No. 111, pg. 21-22]. Instead, ULICO argues that it has complied with Rule 8 because it alleged that "PBLA initiated hundreds of transfers to Defendants whereby PBLA did not receive reasonably equivalent value." *Id.*, at p. 22. Such scattershot allegations do not meet even the most basic of pleading requirements. *See In re TransCare Corp.*, 592 B.R. at 288.

7

Even if ULICO had properly identified specific conveyances, the amended complaint would still fail, as ULICO does not allege any facts that tend to show that PBLA was insolvent at the time any purported transfer was made. To plead a claim for constructive fraudulent transfer under N.C. Gen.Stat. § 39–23.5,[8] ULICO must allege *facts* showing that PBLA was insolvent at the time of the transfer or that PBLA became insolvent as a result of the transfer. *Thimbler, Inc. v. Unique Solutions Design, Ltd.*, No. 5:12-cv-695, 2013 WL 485514, *8 (E.D.N.C. September 11, 2013) (citing *Oliver v. Cooper (In re Bateman)*, No. 11–00397–8–RDD, 2012 WL 1110080, at *3 (Bankr. E.D.N.C. Apr. 2, 2012)). In this regard, a plaintiff must do more than recite the elements of the claim; it must allege "facts showing the Debtor's actual assets and liabilities *as they stood on the date the Property was transferred or shortly thereafter.*" *In re Bateman*, No. 10-06206-8-RDD, 2012 WL 1110080, at *2 (Bankr. E.D.N.C. Apr. 2, 2012) (emphasis added); *see also In re Sagarino*, No. 16-21218-JJT, 2017 WL 3865625, at *3 (Bankr. D. Conn. Aug. 29, 2017) (dismissing constructive fraudulent conveyance claim as "nothing more than a formulaic recitation of the element of insolvency" where plaintiff alleged that "[d]uring the entire period from August, 2014 through May, 2016, the Debtor was insolvent or became insolvent . . .").

In fact, the Southern District has held that in order "to enable a court to evaluate the

---

[8] Plaintiff references North Carolina's Fraudulent Transfer law in its opposition, although Plaintiff does not directly state that North Carolina law controls. See ECF No. 111, p. 19. For purposes of argument, Moving Defendants have assumed the application of North Carolina law, without accepting North Carolina as controlling the claims. Regardless, application of New York law would likewise require dismissal of Plaintiff's claims. *See S & M Heating Corp. v. Macaluso,* 37 Misc. 3d 1231(A), at *4, 966 N.Y.S.2d 349 (N.Y. Sup. Ct. 2012) (emphasis added) (dismissing fraudulent conveyance claims because plaintiffs failed to "identify] any particular transaction that they [sought] to void"); *NTL Capital, LLC v. Right Track Rec., LLC,* 73 A.D.3d 410, 412, 901 N.Y.S.2d 4, 6 (2010) (reversing trial court and dismissing fraudulent conveyance claims that "contain[ed] only legal conclusions and no specific factual allegations"); *Gowan v. Amaranth LLC (In re Dreier LLP),* 452 B.R. 451, 465 (Bankr. S.D.N.Y. 2011) (dismissing fraudulent transfer claims which failed to allege "specific facts" to back up the alleged transfers); *Syllman v. Calleo Dev. Corp.,* 290 A.D.2d 209, 210, 736 N.Y.S.2d 318, 320 (2002) (affirming the trial court's dismissal of fraudulent conveyance claims because the plaintiff failed to "identify any particular transaction that he seeks to avoid [or] identify any transaction alleged to be fraudulent, merely alleging that, by reason of certain unspecified transfers, he ha[d] been damaged... ").

8

sufficiency of a complaint's insolvency allegations on a motion to dismiss, the court looks for some sort of 'balance sheet' test or information provided that the court can use to infer that the transferor's liabilities exceeded their assets at the time the transfers took place." *Ray v. Ray*, No. 18 CIV. 7035 (GBD), 2019 WL 1649981, at *8 (S.D.N.Y. Mar. 28, 2019), *aff'd*, 799 F. App'x 29 (2d Cir. 2020); *see also In re Trinsum Grp., Inc.*, 460 B.R. 379, 393 (Bankr. S.D.N.Y. 2011) (finding complaint containing "net income and net cash flow figures" and alleging that "revenue declined" and "debt levels rose" by specified percentages insufficient).

ULICO does not remotely approach the level of specificity required to plead insolvency. Indeed, ULICO's allegations regarding insolvency are contained in a single paragraph of the amended complaint, which reads:

> For each of the hundreds of transactions, ULICO did not receive reasonably equivalent value in exchange for the transfer, and PBLA was engaged in a transaction for which the remaining assets of the Trust were unreasonably small in relation to the transaction, and should have reasonably believed at the time of each transaction that such transactions were beyond PBLA's ability to pay as such obligations became due.

[ECF No. 14 ¶ 144]. In a recent decision, the Southern District dismissed a fraudulent conveyance claim which included allegations of insolvency which are nearly identical to those provided by ULICO. *See Eddystone Rail Co., LLC,* No. 19 CIV. 9584 (GBD), 2021 WL 4443371, at *3, *7-8 (dismissing constructive fraudulent conveyance claims based on allegations that "[Debtors] were insolvent or were rendered insolvent by the sale of their assets," "were engaged in a transaction for which their remaining assets were unreasonably small," or "incurred, or believed or reasonably should have believed that they would incur, debts beyond their ability to pay."). The Court should do the same here.

ULICO offers threadbare recitals of the elements of the claim, with nothing more than conclusory statements in support. And its response only confirms as much. All of its claims must

9

be dismissed.

### D. ULICO's settlement agreement with the JPLs – entered *after* ULICO filed this lawsuit – does not establish jurisdiction.

ULICO's settlement agreement with the JPLs – entered after ULICO brought this suit – cannot be considered and does not give this Court "related-to" jurisdiction. In determining a motion to dismiss, courts are limited to considering the allegations in the pleading and materials referred to in the pleading that are central to the claims. *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) ("the complaint is deemed to include any written instrument attached to it as an exhibit or statements or documents incorporated in it by reference.").

Here, ULICO's amended complaint makes no reference to the settlement agreement with the JPLs, nor could it where it was entered into more than four months after ULICO brought this action. Instead, it is an attempt by ULICO to rely on out-of-court documents to save its improper pleading. Indeed, the language of the settlement agreement itself leaves little doubt that its only purpose was to shoehorn ULICO's claims into the bankruptcy court.

While ULICO argues that a court may consider materials outside the pleadings to resolve jurisdictional disputes, a court cannot rely on conclusory or hearsay evidence. *In re Bernard L. Madoff Inv. Sec. LLC*, 561 B.R. 334, 344 (Bankr. S.D.N.Y. 2016). And, the fact that the settlement agreement postdates this lawsuit precludes the Court from considering it where determining "the jurisdiction of a court depends on the state of things *at the time of the action brought*," *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570–71, 124 S.Ct. 1920, 158 L.Ed.2d 866 (2004) (emphasis added); see also *Dole Food Co. v. Patrickson*, 538 U.S. 468, 478 (2003); *see also Cook v. Vill. of Hoosick Falls*, No. 118CV0636LEKDJS, 2018 WL 5634685, at *5 (N.D.N.Y. Oct. 30, 2018) ("The Court views facts determining jurisdiction as of the time of filing.").

The facts, as they existed at the time the action was brought, demonstrate that this is a third-

10

party action between non-debtors, in which ULICO seeks to recover money for itself, not the JPLs, the bankruptcy estate, or other creditors. That does not create "related to" jurisdiction and the settlement agreement does not fix that. *In re Johns-Manville Corp.,* 517 F.3d 52, 65 (2d Cir. 2008)*, rev'd and remanded on other grounds sub nom. Travelers Indem. Co. v. Bailey,* 557 U.S. 137, 129 S. Ct. 2195, 174 L. Ed. 2d 99 (2009) ("Those cases in which courts have upheld related to jurisdiction over third-party actions do so because the subject of the third-party dispute is property of the estate, or because the dispute over the asset would have an effect on the estate. Conversely, courts have held that a third-party action does not create related to jurisdiction when the asset in question is not property of the estate and the dispute has no effect on the estate. Shared facts between the third-party action and a debtor-creditor conflict do not in and of themselves suffice to make the third-party action related to the bankruptcy.") (quoting *Matter of Zale Corp.*, 62 F.3d 746, 753 (5th Cir. 1995)); *see also Sokola v. Weinstein*, No. 20-CV-0925 (LJL), 2020 WL 3605578, at *16 (S.D.N.Y. July 2, 2020).

### E.    The Court has discretion to abstain.

Even in a Chapter 15, a court may abstain from hearing a "related-to" case. *See Abrams v. Gen. Nutrition Companies, Inc.*, No. CIV.A. 06-1820 (MLC), 2006 WL 2739642, at *3 (D.N.J. Sept. 25, 2006) ("Although MuscleTech filed a chapter 15 bankruptcy petition, as discussed above, this action is only 'related to', not 'under' that bankruptcy case. Accordingly, the chapter 15 exception to the discretionary abstention doctrine does not apply here."); *but see In re Hellas Telecommunications (Luxembourg) II SCA*, 535 B.R. 543, 588 (Bankr. S.D.N.Y. 2015).

Abstention is an especially appropriate remedy here, as ULICO has failed to rebut any of the factors weighing in favor of abstention. Instead of addressing those factors – including the existence of a separate pending case between ULICO and Defendant, Greg Lindberg – ULICO

11

simply ignores them and concludes that abstention is not an option for this Court. The Court is within its power to abstain from hearing this case and ULICO cites no mandatory authority to the contrary. And since the factors weigh in favor of abstention, the Court should do so.

## III.
## PRAYER

For all of these reasons, the Moving Defendants respectfully request that the Court grant their motion and enter an order dismissing ULICO's First Amended Complaint. Alternatively, the Moving Defendants respectfully request that the Court abstain from hearing this proceeding. Alternatively, the Moving Defendants respectfully request that the Court enter an order requiring ULICO to amend its First Amended Complaint to provide a more definite statement of its claims.

27610900v1 92132.127.05

Dated this 14th day of January 2022.

                    Respectfully submitted,

**CONDON TOBIN SLADEK THORNTON NERENBERG, PLLC**

*/s/ Jared. T.S. Pace*
Aaron Z. Tobin (*pro hac vice in the main case*)
atobin@condontobin.com
Jared T.S. Pace (*pro hac vice in the main case*)
jpace@condontobin.com
J. Seth Moore *(pro hac vice in the main case)*
smoore@condontobin.com
Forrest Colby Roberts (pro hac vice in the main case)
croberts@condontobin.com
8080 Park Lane, Suite 700
Dallas, Texas 75231
Telephone:  (214)265-3800
Facsimile:  (214)691-6311

and

Charles A. Gruen (CG5456)
cgruen@gruenlaw.com
**LAW OFFICES OF CHARLES A. GRUEN**
381 Broadway, Suite 300
Westwood, New Jersey 07675
Telephone:  201-342-1212

*Counsel for Moving Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the clerk of Court using the CM/ECF system which will send electronic notification of such filing to all other parties who have filed a notice of appearance.

Signed this the 14th day of January 2022.

                    */s/ Jared T.S. Pace*
                    Jared T.S. Pace

13