Peter J. Haley (*pro hac vice*)
NELSON MULLINS RILEY & SCARBOROUGH LLP
One Financial Center
Boston, MA  02111
Tel: (617) 217-4714
Fax: (617) 217-4750
peter.haley@nelsonmullins.com

Christopher J. Blake *(pro hac vice pending)*
NELSON MULLINS RILEY & SCARBOROUGH LLP
4140 Parklake Avenue, Suite 200
Raleigh, North Carolina 27612
Tel: (919) 329-3800
Fax: (919) 329-3799
chris.blake@nelsonmullins.com

Alan F. Kaufman
NELSON MULLINS RILEY & SCARBOROUGH LLP
280 Park Avenue, 15th Floor West
New York, NY  10017
Tel: (646) 428-2600
Fax: (646) 428-2610
alan.kaufman@nelsonmullins.com

*Counsel to the Defendant Global Bankers Insurance Group, LLC,
now known as Aspida Financial Services, LLC*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>PB LIFE AND ANNUITY CO., LTD., *et. al.*,<br><br>    Debtors in Foreign Proceedings. | Chapter 15<br><br>Case No. 20-12791 (LGB)<br>(Jointly Administered) |
| UNIVERSAL LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>  GREG E. LINDBERG, individually, CHRIS HERWIG, individually, AAPC HOLDINGS, | Adversary Proceeding<br>Case No.  21-01169 |

LLC, ACADEMY FINANCIAL ASSETS, LLC, AGH PARENT, LLC, ALPINE CAPITAL, LLC, ASIM HOLDINGS, LLC, ASL HOLDINGS, LLC, ATKINSON, LLC, ATLANTIC COAST LIFE INSURANCE COMPANY, ATLAS FINANCIAL INVESTMENTS, LLC, AUGUSTA ASSET MANAGEMENT, INC., BEGONIA EIGHT, LLC, BLH CAPITAL, LLC, BLUE DAFFODIL, LLC,  BLUE VIOLET, LLC, CAPITAL ASSETS FUND I, LLC, CAPITAL ASSETS FUND II, LLC, CAPITAL ASSET MANAGEMENT I, LLC, CAPITAL  ASSETS MANAGEMENT II, LLC, CAPITAL ASSETS MANAGEMENT III, LLC, CARNATION THREE, LLC, CHATSWORTH ASSET MANAGEMENT, LLC, CHRYSANTHEMUM TWO, LLC, CSI INTERCO, LLC, DAHLIA TEN, LLC, DAISY SEVEN, LLC, DRUMMOND GROUP, LLC, DUNHILL HOLDINGS, LLC, ELI GLOBAL, LLC, ENGLERT HOLDINGS, LLC, EPPING, LLC,  ERIE PROPERTIES, LLC, FLAGSHIP HOLDINGS, LLC, FLEET ASSIST INTERCO LIMITED, FLOWERY BRANCH, LLC, FORSYTH, LLC,  FORTREX, LLC, GBIG CAPITAL, LLC, GBIG HOLDINGS, INC., GBI GROUP, LLC, GERANIUM TWO, LLC, GILFORD ASSET MANAGEMENT, LLC, GLOBAL BANKERS INSURANCE GROUP,  LLC, GLOBAL GROWTH HOLDINGS, INC., GLOBAL INSURANCE CAPITAL, LLC,  GREENFIELD CAPITAL, LLC, HAMPTON ASSET  MANAGEMENT, INC., HANSEN AEROSPACE,  LLC, HEALTHLINK HOLDINGS, LLC, HOOKSETT, LLC, HUTCHISON LAW GROUP, PLLC, INTEGRITY EMR HOLDINGS, LLC, INTEGRITY EMR, LLC, IRON CITY ASSET  MANAGEMENT, INC., ITECH FUNDING, LLC, JACKSON ASSET MANAGEMENT, INC., KITE ASSET MANAGEMENT, INC., LILAC SIX, LLC, MACON, LLC, MORNING MOUNTAIN HOLDINGS, LLC, NETHERLANDS INSURANCE HOLDINGS, INC., NEW ENGLAND CAPITAL, LLC, NIH CAPITAL,

LLC, NOM GB 2018 I, LLC,
PARADIGM PARK HOLDINGS, LLC,
PARALLEL  CAPITAL ASSETS, LLC,
PERSHING, LLC, RED BEGONIA, LLC,
REVOLVERCAP PARTNERS FUND, LP,
SATORI WATERS, LLC, SEDWICK,
LLC, SENTINEL SECURITY LIFE
INSURANCE
COMPANY, SOMERSWORTH, LLC,
STANDARD ADVISORY SERVICES, LTD,
STANDARD FINANCIAL LIMITED,
STANDARD INVESTMENT CAPITAL, LTD,
TREATMENT RESOURCES OF MARGATE,
INC., TRITON FINANCIAL LIMITED, TUX
HOLDINGS, LLC, TYBEE ISLAND ASSET
MANAGEMENT, LLC, UKAT HOLDINGS,
LLC, UKAT INVESTMENT LIMITED,
VERDESIAN LIFE SCIENCES, LLC, WEARE,
LLC, YELLOW LOTUS, LLC, YELLOW
SUNFLOWER, LLC, UBS FINANCIAL
SERVICES, INC., GOLDMAN SACHS
LENDING PARTNERS, LLC, CREDIT SUISSE
AG CAYMAN ISLANDS BRANCH,
GOLDMAN SACHS BANK USA, MORGAN
STANLEY SENIOR FUNDING, INC., THE
BRYN MAWR TRUST COMPANY, and DOES
1 through 10, inclusive,

Defendants.

**REPLY MEMORANDUM OF ASPIDA FINANCIAL SERVICES, LLC (F/K/A GLOBAL
BANKERS INSURANCE GROUP, LLC) IN SUPPORT OF
MOTION TO DISMISS THE AMENDED COMPLAINT
OR, IN THE ALTERNATIVE, TO ABSTAIN**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................. ii

ARGUMENT .................................................................................................................... 1

    A.    ULICO'S ARGUMENTS IGNORE THE IMPACT OF THE PAVONIA REHABILITATION PROCEEDINGS UNDER MICHIGAN'S INSURANCE LAW AND THE JURISDICTION OF THE MICHIGAN COURT TO OVERSEE THE REHABILITATION OF A MICHIGAN DOMICILED INSURER AND ALL OF ITS ASSETS ........................................ 1

    B.    ABSTENTION IS APPROPRIATE ...................................................... 6

    C.    ULICO HAS FAILED TO ESTABLISH SUBJECT MATTER JURISDICTION AND THE "SETTLEMENT AGREEMENT" DOES NOT CREATE JURISDICTION ........................................................... 8

        1.    THE FACT THAT A RECOVERY WILL REDUCE ULICO'S CLAIM IS INSUFFICIENT TO ESTABLISH SUBJECT MATTER JURISDICTION ...................................................... 9

        2.    THE "VIEW" OF THE ESTATE ADMINISTRATORS THAT THE ADVERSARY PROCEEDING IS "RELATED TO" THE ESTATE IS WITHOUT CONSEQUENCE ........................................... 10

    D.    ULICO'S OMNIBUS OPPOSITION DOES NOT ADDRESS ITS FAILURE TO MEET BASIC PLEADING STANDARDS ............................... 10

CONCLUSION ............................................................................................................... 12

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ace Am. Ins. Co. & Pac. Employers Ins. Co. v. DPH Holdings Corp. (In re DPH
Holdings Corp.)*,
448 Fed. Appx. 134 (2d Cir.2011), *cert. denied*, 133 S.Ct. 51, 183 L.Ed.2d
677 (2012) ........................................................................................................................10

*AstroPower Liquidating Trust v. Xantrex Technology, Inc. (In re AstroPower
Liquidating Trust)*,
335 B.R. 309 (Bankr.D.Del.2005) ......................................................................................11

*In re Berau Capital Res. Pte Ltd*,
540 B.R. 80 (Bankr. S.D.N.Y. 2015) ...................................................................................9

*In re Bernard L. Madoff Inv. Securities LLC*,
458 B.R. 87 (Bankr. S.D.N.Y. 2011) .................................................................................12

*Binder v. Price Waterhouse & Co. LLP (In re Resorts Int'l, Inc.)*,
372 F.3d 154 (3d Cir.2004) ..................................................................................................9

*Cook v. Roberts (In re Yahweh Center, Inc.)*,
2019 WL 1325032 (Bankr. E.D.N.C. March 22, 2019) ......................................................12

*Devaney v. Chester*,
813 F.2d 566 (2d Cir.1987) ................................................................................................12

*Di Vittorio v. Equidyne Extractive Indus. Inc.*,
822 F.2d 1242 (2d Cir.1987) ..............................................................................................11

*In re Everfresh Beverages, Inc.*,
238 B.R. 558 (Bankr.S.D.N.Y.1999) ..................................................................................12

*In re General Media, Inc.*,
335 B.R. 66 (Bankr.S.D.N.Y.2005) ......................................................................................9

*In re Holland Indus., Inc.*,
103 B.R. 461 (Bankr.S.D.N.Y.1989) .....................................................................................9

*In Zerand–Bernal Group, Inc. v. Cox*,
23 F.3d 159 (7th Cir.1994) .................................................................................................10

*Law Enforcement Insur. Co. v. Corcoran*,
807 F.2d 38 (2d Cir.1986), *cert. denied*, 481 U.S. 1017, 107 S.Ct. 1896, 95
L.Ed.2d 503 (1987) ..........................................................................................................6

*Levy v. Lewis*,
635 F.2d 960 (2d Cir.1980)....................................................................................6, 7, 8

*New York v. Shinnecock Indian Nation*,
686 F.3d 133 (2d Cir. 2012)..............................................................................................10

*In re Nine W. LBO Sec. Litig.*,
505 F. Supp. 3d 292 (S.D.N.Y. 2020).............................................................................11

*O'Connell v. Arthur Andersen LLP (In re AlphaStar Ins. Grp. Ltd.)*,
383 B.R. 231 (Bankr.S.D.N.Y.2008) ..............................................................................11

*Official Comm. of Unsecured Creditors v. DVI Bus. Credit, Inc. (In re DVI, Inc.)*,
326 B.R. 301 (Bankr.D.Del.2005) ..................................................................................11

*Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.*,
639 F.3d 572 (2d Cir.2011)................................................................................................9

*Publicker Indus., Inc. v. United States (In re Cuyahoga Equip. Corp.)*,
980 F.2d 110 (2d Cir.1992)................................................................................................9

*Sevigny v. Emp'rs Ins. of Wausau*,
411 F.3d 24 (1st Cir.2005)................................................................................................6

*Shields v. Citytrust Bancorp., Inc.*,
25 F.3d 1124 (2d Cir.1994).............................................................................................12

*Tronox Inc. v. Anadarko Petroleum Corp. (In re Tronox Inc.)*,
429 B.R. 73 (Bankr.S.D.N.Y.2010) ...............................................................................12

*U.S. Financial Corp. v. Warfield*,
839 F.Supp. 684 (D.Ariz.1993) ........................................................................................7

**Statutes**

15 U.S.C. §§ 1011-1015 .............................................................................................1, 6

MCLA § 500.8101 ...........................................................................................................1

MCLA § 500.8105 ...........................................................................................................3

MCLA § 500.8113(1) ...................................................................................................2, 5

MCLA § 500.8114(2) .......................................................................................................2

**Other Authorities**

Rule 8(a)(2) ...........................................................................................................................11

Rule 9(b) ...............................................................................................................................12

## **ARGUMENT**

The Defendant Aspida Financial Services, LLC, formerly known as Global Bankers Insurance Group, LLC, ("Aspida") submits this Memorandum of Law in response to the Plaintiff Universal Life Insurance Company's Opposition [Docket No. 131] (the "Opposition") to Aspida's Motion to Dismiss [Docket No. 117].

The Opposition consists of Universal Life Insurance Company's ("ULICO") incorporation of its Omnibus Opposition [Docket No. 111] (the "Omnibus Opposition") and its attempt to evade the plain terms of the Michigan court orders that, in consideration of $5.5 million, vested Aspida with the assets of Global Bankers Insurance Group, LLC free and clear of the claims of ULICO. Aspida responds to both set of arguments below.

**A.      ULICO'S ARGUMENTS IGNORE THE IMPACT OF THE PAVONIA REHABILITATION PROCEEDINGS UNDER MICHIGAN'S INSURANCE LAW AND THE JURISDICTION OF THE MICHIGAN COURT TO OVERSEE THE REHABILITATION OF A MICHIGAN DOMICILED INSURER AND ALL OF ITS ASSETS.**

In presenting its arguments that the Michigan state court overseeing the Pavonia rehabilitation proceeding did not have the power to bar ULICO's claims against Aspida in this case, ULICO mischaracterizes those rehabilitation proceedings and ignores the powers granted to the Pavonia rehabilitator under Michigan state law.

Chapter 81 of the Michigan Insurance Code, entitled "Supervision, Rehabilitation and Liquidation," sets forth the statutory provisions for delinquency proceedings against an insurer under Michigan *state law*.  MCLA § 500.8101, *et seq*. Of significance, the McCarran–Ferguson Act, 15 U.S.C. §§ 1011-1015, exempts the business of insurance from most federal regulation and keeps insurance regulation in the hands of the states.  Included within the ambit of a state's regulation of insurance are the rehabilitation and liquidation of insolvent or financially troubled

1

insurers who do not have the option of pursuing proceedings under the federal bankruptcy laws. While ULICO acknowledges the applicable Michigan statutory scheme, ULICO improperly focuses on whether ULICO was subject to the regulation by the Michigan Director of the Department of Insurance and Financial Services, and completely ignores the powers granted to the Michigan Director of the Department of Insurance and Financial Services when a rehabilitation proceeding is commenced.

Upon appointment, the rehabilitator of a Michigan insurer is directed "*to take immediate possession of the assets of the insurer*, and to administer them under the court's general supervision" and the "order to rehabilitate the insurer shall by operation of law *vest title to all assets of the insurer in the rehabilitator*." MCLA § 500.8113(1) (emphasis added).  Pursuant to the applicable Michigan statutes, the rehabilitator of a Michigan insurer:

> may take such action as he or she considers necessary or appropriate to reform and revitalize the insurer including, but not limited to, the powers in section 8121(1)(f), (l), (m), (r), and (u). The rehabilitator has all the powers of the directors, officers, and managers, whose authority shall be suspended, except as they are redelegated by the rehabilitator. The rehabilitator has full power to direct and manage, to hire and discharge employees subject to any contract rights they may have, and *to deal with the property and business of the insurer*.

MCLA § 500.8114(2) (emphasis added).

Global Bankers Insurance Group, LLC was a wholly owned subsidiary of Pavonia, a Michigan domiciled life insurer that unquestionably was subject to regulation in Michigan. Accordingly, the membership interests in Global Bankers Insurance Group, LLC were property and assets owned by Pavonia, the title to which became vested in the Michigan rehabilitator when Pavonia was placed into rehabilitation.  No argument is being made that Global Bankers Insurance Group, LLC was an "insurer" subject to regulation in Michigan.  Nonetheless, the Michigan rehabilitator acquired title to Pavonia's ownership of the membership interests in Global Bankers

2

Insurance Group, LLC just as any other property of that insurer (*e.g.*, cash, real estate, accounts receivable, etc.).  Moreover, the Michigan rehabilitator was granted the specific statutory power to "deal with the property and business" of Pavonia subject to the general supervision of the Michigan state court.

The Michigan rehabilitator's sale of membership interests of Global Bankers Insurance Group, LLC to Aspida was part of an overall plan for the rehabilitation of Pavonia.  That plan of rehabilitation could not be undertaken unilaterally by the Michigan rehabilitator, but only after petitioning and receiving approval by the Michigan state court overseeing the rehabilitation.  The sale of the membership interests to Aspida was approved by the Michigan state court as part of a plan to rehabilitate Pavonia on the following terms:

- Aspida paid the Pavonia rehabilitator $5.5 million for the membership interests in Global Bankers Insurance Group, LLC;

- As part of the transaction, Aspida acquired title to the membership interests only subject to certain "Scheduled Liabilities," which did not include the claims on which ULICO seeks recovery in this proceeding;

- Aspida took ownership of the membership interests free and clear of any liens, security interests or encumbrances, as well as adverse claims of third parties of any kind or nature other than the "Scheduled Liabilities";

- Subject to injunctions entered by the Michigan state court under MCLA § 500.8105 which enjoined the pursuit of claims against Aspida or the membership interests acquired by Aspida; and

3

- The Michigan state court retained continuing, exclusive jurisdiction to hear and determine all claims controversies disputes and demands arising out of the Order approving of the sale of the membership interests to Pavonia.

On these terms, the Michigan rehabilitation court approved of the sale of the membership interests to Aspida. As set forth in the approval order, Aspida would not have entered into the agreement or paid $5.5 million for the membership interests without the Michigan state court's approval of the terms and conditions of the sale.

In pursuing its claims against Aspida in this proceeding, ULICO is asking this Court to ignore Michigan's overall statutory scheme for the rehabilitation of a Michigan insurer under Michigan state law, and to second-guess the Michigan rehabilitator and state court on how to best deal with the assets of an insurer being rehabilitated under state law, and in the best interests of the insurer, its policyholders and creditors, and the public. In this case, the Michigan rehabilitator took title to the membership interests in Global Bankers Insurance Group, LLC as part of the Pavonia rehabilitation proceeding, and made the decision that it was in Pavonia's best interests to sell those membership interests to Aspida for $5.5 million subject to the terms and conditions approved by the Michigan state court. Notwithstanding that the order of the Michigan state court provides that Aspida acquired the membership interests free and clear of the very claims ULICO is pursuing in this action, this Court should not revisit matters previously determined by the Michigan state court under the exclusive jurisdiction of the Michigan state court and the Michigan Director of the Department of Insurance and Financial Services to oversee the rehabilitation of a Michigan domiciled insurer. Allowing ULICO's claims to proceed would allow ULICO to circumvent the jurisdiction of the Michigan state court to oversee insurer rehabilitation

4

proceedings, and improperly interject this Court into matters of insurance regulation specifically delegated to the states under federal law.

Moreover, dismissal of ULICO's claims against Aspida will not leave ULICO without a forum to proceed with its claims against Global Bankers Insurance Group, LLC.  As set forth in the approval order, the Michigan state court retained continuing and exclusive jurisdiction over the Pavonia rehabilitation proceedings.  The approval order was binding on all persons or entities who received actual or constructive notice of the approval order – including ULICO – regardless of whether: (1) the approval order was deemed to have impaired the rights or claims of such persons or entities; and/or (2) such persons or entities make a later demand for payment of any claim or have made (or attempt to make) an appearance in the rehabilitation proceedings.  Thus, to pursue its claims against Global Bankers Insurance Group, LLC, ULICO should file its claim in the Pavonia proceedings in Michigan, and should not be permitted to pursue any claim against Aspida in this Court.

Finally, as to whether ULICO had sufficient notice of the Pavonia rehabilitation proceeding, Aspida would note the following.  First, under the Michigan Insurance Code, ULICO had constructive notice of the Pavonia rehabilitation because the filing or recording of the rehabilitation order "with the clerk of the circuit court or register of deeds for the county in which the principal business of the company is conducted, or the county in which its principal office or place of business is located, ***shall impart the same notice as a deed, bill of sale, or other evidence of title duly filed or recorded with that register of deeds would have imparted***." MCLA § 500.8113(1) (emphasis added).  Second, ULICO had constructive notice of the sale of the membership interests in Global Bankers Insurance Group, LLC because the order approving the sale of the membership interests to Aspida authorized the service of the approval order on all other

5

potential interested persons or entities by posting the order on the Michigan rehabilitator's website, and found that such service was "reasonably calculated to give the listed individuals and entities, together with any other potentially interested individuals and entities, actual notice of the Order and is otherwise reasonable under the circumstances." Thus, even without actual notice, ULICO had constructive notice of the Pavonia rehabilitation proceeding and the sale of the membership interests in Global Bankers Insurance Group, LLC. If such constructive notice was somehow not sufficient, ULICO now has actual notice and should be directed to pursue any claims in the Michigan state court which has exclusive jurisdiction over all property and assets of Pavonia.

### B.    ABSTENTION IS APPROPRIATE

The Second Circuit has recognized the importance of deference to state regulatory schemes governing insurers being rehabilitated or liquidated under state insurance laws and the applicability of the Burford Abstention doctrine in those cases. *See Law Enforcement Insur. Co. v. Corcoran*, 807 F.2d 38,44 (2d Cir.1986), *cert. denied*, 481 U.S. 1017, 107 S.Ct. 1896, 95 L.Ed.2d 503 (1987) (acknowledging a "complex administrative and judicial system for regulating and liquidating domestic insurance companies," the expertise of the Superintendent, the necessity of marshalling the claims and assets in one place, and the 'express federal policy of noninterference in insurance matters' embodied in the McCarran-Ferguson Act.") *see also Levy v. Lewis*, 635 F.2d 960 (2d Cir.1980).

ULICO relies upon *Sevigny v. Emp'rs Ins. of Wausau*, 411 F.3d 24, 27 (1st Cir.2005) in arguing that any case that has a conceivable financial impact on the rehabilitation/liquidation of an insurer cannot by itself provide a sufficient basis for abstention. Opposition at p. 13. ULICO argues that the claims asserted in the Amended Complaint do not interfere with the Michigan regulatory scheme, but in making this argument ignores the fact that in adjudicating the claim

asserted against Aspida in this action, as ULICO asserts elsewhere in its Opposition (p. 12), this Court is being asked to determine the effect of the Michigan state court order. As set forth above, and as this Court will recognize, few things could be more central to the functioning of an insurer rehabilitation proceeding than a state court's ability to dispose of the assets owned by the insurer being rehabilitated with finality. ULICO invokes its right to "ignore" the Michigan court order and ask this Court to join it in doing so. In cases where courts have declined to abstain from exercising jurisdiction in matters involving the adjudication of claims relating to the receivership of insurance companies in state court, those decisions have been based on the fact that the court would not be called upon to review decisions made by the receiver or the receivership court. *See, U.S. Financial Corp. v. Warfield*, 839 F.Supp. 684, 695 (D.Ariz.1993). In this case, ULICO does not argue that this Court would be able to decide to the claims asserted against Aspida in this proceeding without interfering with the orders of the Michigan court, but instead argues that this Court should review the actions of the Michigan court and determine them to be without import or impact. This argument ignores the well-established precedent that:

> …[O]nce a court has jurisdiction over a particular res, no other court can proceed in rem with respect to the same res. The principle is often stated as a matter of jurisdiction: that a second court cannot have jurisdiction to proceed in rem if jurisdiction over the res is maintained by another court. Nevertheless, as the Court appeared to recognize, the principle involved is more accurately described as a prudential doctrine in which a second court with concurrent jurisdiction will exercise its discretion to defer to another court for the sake of comprehensive disposition of rights in a particular piece of property or in a fund.

*Levy v. Lewis*, 635 F.2d at 965-966. (2d Cir.1980).

The Michigan court approval order disposed of the assets of Global Bankers Insurance Group, LLC (the "res") without ambiguity. ULICO seeks to contest the effect of that order. The appropriate forum for the adjudication of that dispute is the Michigan court. This Court, adhering to the principle articulated by the Second Circuit in *Levy v. Lewis,* should decline to substitute its

own judgment for that of the Michigan court and should abstain from the exercise of jurisdiction against Aspida.

### C. ULICO HAS FAILED TO ESTABLISH SUBJECT MATTER JURISDICTION AND THE "SETTLEMENT AGREEMENT" DOES NOT CREATE JURISDICTION.

In its Omnibus Opposition, ULICO disclaims any intent to assert jurisdiction based on any alleged derivative standing as a representative of the foreign debtor, PBLA.[1]  Instead, ULICO asserts that it is pursuing a direct claim under an unidentified state fraudulent conveyance statute ("ULICO is pursuing its claims under one of the uniform voidable transfer statutes, be it the UVTA, the UFTA or the UFTC…" Omnibus Opposition, p. 15.)  It does not seem too much to require a Plaintiff, 6 months after having filed the Amended Complaint, to be able to identify the source of the statutory claim which it now states it is pursuing. ULICO's failure to do so merits dismissal.

Having shed the pretense of some form of derivative standing, ULICO must rely upon "related to" jurisdiction to establish this Court's jurisdiction.  In service of this goal, ULICO attaches to the Omnibus Opposition a "Settlement Agreement" [Declaration of Clinton Cameron, Exhibit A,  Docket No. 111-2, pp.2-8] (the "Settlement Agreement"). The undated Settlement Agreement, which Mr. Cameron avers was entered into on November 4, 2021,  provides that the estate representatives, the "JPLs", agree that any monies that ULICO recovers in this action will serve to reduce its claim against PBLA and then, in language which seemingly serves no independent purpose other than to suddenly appear as an Exhibit to the Opposition, the JPL's confirm their "view" that this action "relates to" the underlying foreign proceeding in this Court. [Settlement Agreement, ¶ 2, p. 3].

---

[1] "[D]espite Defendants' faulty premise, ULICO's standing is not derivative of PBLA's standing." Omnibus Opposition, p. 15.

1.  *The Fact That A Recovery Will Reduce ULICO's Claim Is Insufficient To Establish Subject Matter Jurisdiction.*

Related to jurisdiction exists where the proceeding would have an effect on the bankrupt estate. *See Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.*, 639 F.3d 572, 579 (2d Cir.2011). While courts have invoked the notion of "any conceivable effect" in formulating this standard (*See, Publicker Indus., Inc. v. United States (In re Cuyahoga Equip. Corp.)*, 980 F.2d 110, 114 (2d Cir.1992)), it is not a test without limits.  "A proceeding involving non-debtors will not be found to be related solely on the ground that it will affect a distribution to creditors unless the proceeding involves property in which the debtor has a legally cognizable interest." *In re Holland Indus., Inc.,* 103 B.R. 461, 469 (Bankr.S.D.N.Y.1989); *see also, In re General Media, Inc.,* 335 B.R. 66, 75 (Bankr.S.D.N.Y.2005).") ("Bankruptcy courts cannot hear a post-confirmation dispute simply because it might conceivably increase the recovery to creditors, as such a rationale would "endlessly stretch the bankruptcy court's jurisdiction.")

ULICO has disclaimed any intent to pursue property or recovery on behalf of PBLA. Indeed, while agreeing that its recoveries, if any, will reduce its $500 million claim against PBLA, beyond the reduction of its own claim, ULICO makes no effort to explicate exactly how any such reduction will affect the "bankruptcy estate" or other creditors.  As the PBLA case is an ancillary foreign proceeding, there is no plan implicated by the commencement of the proceeding and no domestic "bankruptcy estate."  *See In re Berau Capital Res. Pte Ltd,* 540 B.R. 80, 83 n.4 (Bankr. S.D.N.Y. 2015) ("In a chapter 15 case, there is no 'estate'").  The nature of this proceeding hues more closely to a traditional "post confirmation" estate, s*ee  Binder v. Price Waterhouse & Co. LLP (In re Resorts Int'l, Inc.)*, 372 F.3d 154 (3d Cir.2004), in which the Court's "related to" analysis is narrowed. The Second Circuit has adopted the notion that "related to" jurisdiction post confirmation is appropriately narrowed and cannot be established absent a close "nexus" with the

9

bankruptcy estate. *See Ace Am. Ins. Co. & Pac. Employers Ins. Co. v. DPH Holdings Corp. (In re DPH Holdings Corp.),* 448 Fed. Appx. 134, 136 (2d Cir.2011), *cert. denied*, 133 S.Ct. 51, 183 L.Ed.2d 677 (2012). The simple reduction of the ULICO claim does not establish that nexus and the Court lacks subject matter jurisdiction.

2. *The "View" Of The Estate Administrators That The Adversary Proceeding Is "Related To" The Estate Is Without Consequence.*

The agreement of the JPLs that the causes of action set forth in the Amended Complaint "relate to" the administration of the foreign estate, coming some 4 months after the Amended Complaint was filed, has no place in the Court's analysis of the Motion to Dismiss. If it is axiomatic that a Bankruptcy Court cannot write its own jurisdictional ticket by simply purporting to retain jurisdiction in its own orders (*see, e.g. In Zerand–Bernal Group, Inc. v. Cox*, 23 F.3d 159, 164 (7th Cir.1994)), it would seem to be beyond argument that ULICO cannot create jurisdiction by soliciting the agreement of the JPLs that such jurisdiction exists. The Second Circuit has confirmed that, "[j]urisdiction cannot be created by the consent of the parties." *New York v. Shinnecock Indian Nation*, 686 F.3d 133, 138 (2d Cir. 2012). The "view" of the JPL administrators is without consequence to the Court's analysis. The absence of subject matter jurisdiction can not be cured by the Plaintiff's post-filing solicitation of this language in the Settlement Agreement.

**D.    ULICO'S OMNIBUS OPPOSITION DOES NOT ADDRESS ITS FAILURE TO MEET BASIC PLEADING STANDARDS**

The Amended Complaint does not identify with any particularity the alleged transfers that ULICO seeks to recover. ULICO relies upon the notion that having provided a narrative theme for recovery, it has no obligation to identity particular transfers, but ULICO cannot rely upon a group pleading asserting that collectively defendants received the benefit of an unknown number of transfers in unknown amounts on unspecified dates. "[G]roup pleading is generally forbidden

because each defendant is entitled to know what he is accused of doing." *O'Connell v. Arthur Andersen LLP (In re AlphaStar Ins. Grp. Ltd.),* 383 B.R. 231, 257–58 (Bankr.S.D.N.Y.2008); *see also Di Vittorio v. Equidyne Extractive Indus. Inc.*, 822 F.2d 1242, 1247 (2d Cir.1987) ("Where multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of his alleged participation in the fraud.").

The requirements of specificity in pleading are meant to provide a defendant notice as to the basics of the plaintiff's complaint. A plaintiff is required to "set forth the facts with sufficient particularity to apprise the defendant fairly of the charges made against him so that [he] can prepare an adequate answer." *AstroPower Liquidating Trust v. Xantrex Technology, Inc., (In re AstroPower Liquidating Trust)*, 335 B.R. 309, 333 (Bankr.D.Del.2005) (internal quotation, citation omitted); s*ee also Official Comm. of Unsecured Creditors v. DVI Bus. Credit, Inc. (In re DVI, Inc.)*, 326 B.R. 301, 305–06 (Bankr.D.Del.2005) (applying Rule 8(a)(2) notice pleading standard in considering motion to dismiss fraudulent transfer claim).  The Amended Complaint fails to meet this standard and the Omnibus Opposition does not address this deficiency.

In the Omnibus Opposition, ULICO instead seeks relief from the requirements of particularity under a "relaxed standard" afforded in part to certain trustee claims.  That standard, however, even when applicable, does not relieve a plaintiff from the obligation to "give adequate notice to the Defendants of the payments sought to be avoided."  *In re Nine W. LBO Sec. Litig.*, 505 F. Supp. 3d 292, 321 (S.D.N.Y. 2020).  ULICO has failed to meet that standard.  In arguing that its obligations in the Amended Complaint are limited to establishing "badges of fraud" ULICO relies upon *Cook v. Roberts (In re Yahweh Center, Inc.),* 2019 WL 1325032, (Bankr. E.D.N.C. March 22, 2019) in support of that contention.  In *Yahweh*, the plaintiff Trustee identified alleged transfers to the penny ("$315,280.46"), yet the Trustee's complaint was dismissed for failure to

state a claim because the complaint "provides no factual allegations to explain why Yahweh did not receive reasonably equivalent value." *Id.* at * 5.

Similarly, ULICO's reliance on *In re Bernard L. Madoff Inv. Securities LLC*, 458 B.R. 87 (Bankr. S.D.N.Y. 2011) ignores the Court's recognition that "relaxing the particularity requirement of Rule 9(b) does not eliminate it." *Id.* at 106 *quoting Devaney v. Chester*, 813 F.2d 566, 569 (2d Cir.1987). ULICO conflates the relaxation of the standard for establishing proof of intent with the absence of any obligation to provide any factual detail for the transfers it seeks to recover. *See Shields v. Citytrust Bancorp., Inc.*, 25 F.3d 1124, 1128 (2d Cir.1994) ("the relaxation of Rule 9(b)'s specificity requirement for scienter must not be mistaken for license to base claims of fraud on speculation and conclusory allegations."). The Amended Complaint does not afford Aspida the fair "detailed notice" it is entitled to, *Tronox Inc. v. Anadarko Petroleum Corp. (In re Tronox Inc.),* 429 B.R. 73, 92 (Bankr.S.D.N.Y.2010) (*citing In re Everfresh Beverages, Inc.*, 238 B.R. 558, 581 (Bankr.S.D.N.Y.1999), and should be dismissed.

## CONCLUSION

Wherefore, the Defendant Aspida Financial Services, LLC, formerly known as Global Bankers Insurance Group, LLC, prays that the Court enter an order dismissing the Amended Complaint against it, or alternatively, abstaining from exercising jurisdiction in this matter and that the Court grant such other and further relief as is just and proper.

ASPIDA FINANCIAL SERVICES, LLC, FORMERLY
KNOWN AS GLOBAL BANKERS INSURANCE
GROUP, LLC

by its attorneys,

_____*/s/ Peter J. Haley*_____
Peter J. Haley (pro hac vice)
NELSON MULLINS RILEY & SCARBOROUGH LLP
One Financial Center
Boston, MA  02111
Tel: (617) 217-4714
Fax: (617) 217-4750
peter.haley@nelsonmullins.com

Alan F. Kaufman
NELSON MULLINS RILEY & SCARBOROUGH LLP
280 Park Avenue, 15th Floor West
New York, NY  10017
Tel: (646) 428-2600
Fax: (646) 428-2610
alan.kaufman@nelsonmullins.com

Christopher J. Blake (pro hac vice pending)
NELSON MULLINS RILEY & SCARBOROUGH LLP
4140 Parklake Avenue, Suite 200
Raleigh, North Carolina 27612
Telephone: (919) 329-3800
Fax: (919) 329-3799
chris.blake@nelsonmullins.com

Dated: January 19, 2022

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: January 19, 2022          _____*/s/ Peter J. Haley*_____

13