

Peter Friedman (admitted *pro hac vice*)
Nicholas Hendrix (admitted *pro hac vice*)
Lauren M. Wagner
O'MELVENY & MYERS LLP
Seven Times Square
New York, NY 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
Email: pfriedman@omm.com
　　　　nhendrix@omm.com
　　　　lwagner@omm.com

*Attorneys for Defendant Morgan Stanley Senior Funding, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>PB Life and Annuity Co. Ltd., *et al.*,<br><br>　　　　Debtors in Foreign Proceedings. | Chapter 15<br><br>Case No. 20-12791 (LGB)<br>(Jointly Administered) |
| Universal Life Insurance Co.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Global Growth Holdings, Inc., *et al.*,<br><br>　　　　Defendants. | Adv. Proc. No. 21-01169<br><br>**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MORGAN STANLEY SENIOR FUNDING, INC.'S MOTION TO DISMISS** |


## TABLE OF CONTENTS

                                                                                  Page

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT .................................................................................................................................. 2

    I.    EITHER ULICO LACKS STANDING TO BRING ITS CLAIMS OR THE COURT LACKS JURISDICTION TO ADJUDICATE THEM. ................. 2

        A.    ULICO's Claims Are Derivative and ULICO Lacks Standing To Bring Them. ........................................................................................................ 2

        B.    This Court Lacks Subject Matter Jurisdiction, Irrespective of the Settlement Agreement. ............................................................................... 4

    II.    EACH CLAIM AGAINST MORGAN STANLEY FAILS AS A MATTER OF LAW. ............................................................................................... 6

        A.    The Voidable Transfer Claim Fails (Count I). ........................................... 6

            1.    The Amended Complaint Does Not Meet Applicable Pleading Standards to State a Claim for Voidable Transfer. ......... 6

            2.    Morgan Stanley Is Not a Transferee From Whom ULICO Can Recover. ..................................................................................... 9

        B.    The Unjust Enrichment Claim Fails (Count II). ...................................... 11

        C.    The Constructive Trust Claim Fails (Count IV). ..................................... 13

    III.    THE COURT SHOULD DENY ULICO'S REQUEST FOR LEAVE TO REPLEAD BECAUSE ANY EFFORT TO REPLEAD WOULD BE FUTILE. .................................................................................................................... 13

CONCLUSION ............................................................................................................................. 14

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Buchwald Capital Advisors, LLC. v. JPMorgan Chase Bank, N.A. (In re M. Fabrikant & Sons, Inc.)*,
   480 B.R. 480 (S.D.N.Y. 2012), *aff'd*, 541 F. App'x 55 (2d Cir. 2013) ...................................... 7

*Enron Corp. v. Granite Construction Co. (In re Enron Corp.)*,
   2006 WL 2400369 (Bankr. S.D.N.Y. May 11, 2006) ................................................................ 6

*Georgia Malone & Co. v. Rieder*,
   973 N.E.2d 743 (N.Y. App. 2012) ............................................................................................. 4

*Graham v. Take-Two Interactive Software, Inc.*,
   2020 WL 408408 (S.D.N.Y. Jan. 24, 2020)............................................................................ 15

*Hayden v. Cty. of Nassau*,
   180 F.3d 42 (2d Cir. 1999).................................................................................................... 14

*In re Actrade Fin. Tech., Ltd.*,
   337 B.R. 791 (Bankr. S.D.N.Y. 2005) ...................................................................................... 9

*In re AOG Enter., Inc.*,
   569 B.R. 563 (Bankr. S.D.N.Y. 2017) ...................................................................................... 5

*In re Bernard L. Madoff Inv. Secs. LLC*,
   561 B.R. 334 (Bankr. S.D.N.Y. 2016) ...................................................................................... 6

*In re Bos. Generating LLC*,
   617 B.R. 442 (Bankr. S.D.N.Y. 2020), *aff'd sub nom. Holliday v. Credit Suisse Sec. (USA) LLC*, 2021 WL 4150523 (S.D.N.Y. Sept. 13, 2021) ....................................................... 13

*In re Cinque Terre Fin. Group Ltd.*,
   2017 WL 4843738 (Bankr. S.D.N.Y. Oct. 24, 2017)................................................................. 5

*In re Hellas Telecomms. (Luxembourg) II SCA*,
   524 B.R. 488 (Bankr. S.D.N.Y 2015) ..................................................................................... 12

*In re Hellas Telecomms. (Luxembourg) II SCA*,
   535 B.R. 543 Bankr. S.D.N.Y. 2015)...................................................................................... 12

*In re Lyondell Chem. Co.*,
   503 B.R. 348 (Bankr. S.D.N.Y. 2014), *abrogated on other grounds by In re Trib. Co. Fraudulent Conv. Litig.*, 818 F.3d 98 (2d Cir. 2016) ............................................................. 11

*In re Park S. Sec., LLC*,
   326 B.R. 505 (Bankr. S.D.N.Y. 2005) ...................................................................................... 9

## TABLE OF AUTHORITIES
(continued)

Page(s)

*In re PB Life and Annuity Co., Ltd.*,
  Case No. 20-12791-lgb (Bankr. S.D.N.Y. 2020) ........................................................... 4

*In re Petrobras Sec. Litig.*,
  2016 WL 11671141 (S.D.N.Y. Mar. 25, 2016) .............................................................. 7

*In re Schick*,
  246 B.R. 41 (Bankr. S.D.N.Y. 2000) ............................................................................. 4

*Kirschner v. Large Shareholders (In re Trib. Fraudulent Conv. Litig.)*,
  10 F.4th 147 (2d Cir. 2021) ........................................................................................... 8

*Kiryas Joel All. v. Vill. of Kiryas Joel*,
  2011 WL 5995075 (S.D.N.Y. Nov. 29, 2011) ............................................................... 7

*McCormack Fam. Charitable Found. v. Fid. Brokerage Servs., LLC*,
  195 A.D.3d 420 (N.Y. App. Div. June 1, 2021) .......................................................... 10

*Nordberg v. Societe Generale* (*In re Chase & Sanborn Corp.*),
  848 F.2d 1196 (11th Cir. 1988) ................................................................................... 11

*O'Connor v. DL-DW Holdings, LLC (In re Extended Stay, Inc.)*,
  2020 WL 10762310 (Bankr. S.D.N.Y. Aug. 8, 2020) ............................................. 7, 8

*Off. Comm. of Unsec. Cred. of Hydrogen LLC v. Blomen (In re Hydrogen, LLC)*,
  431 B.R. 337 (Bankr. S.D.N.Y. 2010) ......................................................................... 12

*Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp.
  v. Chinery*,
  330 F.3d 548 (3d Cir. 2003) .......................................................................................... 3

*Perlman v. Wells Fargo Bank, N.A.*,
  559 Fed. Appx. 988 (11th Cir. 2014) .......................................................................... 11

*Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inc. Sec. LLC (In re Bernard Madoff, LLC)*,
  610 B.R. 197 (Bankr. S.D.N.Y. 2019) ......................................................................... 10

*Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Bernard L. Madoff, LLC)*,
  631 B.R. 1 (Bankr. S.D.N.Y. 2021) ............................................................................... 9

*Separzadeh v. Iconix Brand Grp., Inc.*,
  2017 WL 1330331 (S.D.N.Y. Apr. 10, 2017) ............................................................. 14

*SIPC v. Bernard L. Madoff Inv. Secs. LLC*,
  597 B.R. 466 (Bankr. S.D.N.Y. 2019) ........................................................................... 5

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Tese-Milner v. Kim* (*In re Level 8 Apparel, LLC*),
  2021 WL 279620 (Bankr. S.D.N.Y. Jan. 26, 2021) ................................................................... 9

**Statutes**

11 U.S.C. § 1520(a) ....................................................................................................................... 4

11 U.S.C. § 362(a)(3) .................................................................................................................... 4

N.C. Gen. Stat. Ann. § 39-23.1 ................................................................................................... 11

N.C. Gen. Stat. Ann. § 39-23.4 ..................................................................................................... 9

## PRELIMINARY STATEMENT[1]

ULICO's Opposition only confirms that ULICO's claims cannot survive dismissal. The Opposition is remarkable for what it fails to address, including:

- How certain of the claims in the Amended Complaint are not derivative claims that the JPLs have the exclusive right to bring, or what property ULICO could possibly be seeking to recover other than the Debtors';

- How ULICO can evade the provisions of the Bankruptcy Code and the Court's Recognition Order, both of which prevent ULICO from pursuing these claims;

- A proper basis for subject matter jurisdiction if ULICO is pursuing its own direct claims (a notion that is belied by both ULICO's argument for jurisdiction and the Amended Complaint itself); and

- How ULICO's claims can survive dismissal when the Amended Complaint contains only a single factual allegation about Morgan Stanley that, if true, undermines all of the claims against Morgan Stanley.

In the face of squarely applicable case law barring ULICO's claims, ULICO grasps at facts outside of the record, which could not salvage its claims in any event. Nothing in ULICO's Opposition changes that the claims should be dismissed with prejudice for multiple independent reasons:

- ***ULICO Lacks Standing and the Court Lacks Jurisdiction.*** ULICO fails to explain how the claims contained in the Amended Complaint are not derivative claims that ULICO has no standing to pursue. At best, taking ULICO's confusing position in the Opposition as true, ULICO might have a non-derivative claim arising under the fraudulent transfer regime of some undefined state or country. But that claim would still be barred by the automatic stay and this Court's Recognition Order because it seeks to exercise control over assets transferred by the Debtors.

- ***The Claims Fail As a Matter of Law.*** The Amended Complaint's single factual allegation about Morgan Stanley does not support any of ULICO's three claims, for voidable transfer (Count I), unjust enrichment (Count II), and constructive trust

---

[1] Morgan Stanley uses the same defined terms as in its opening brief (ECF Doc. No. 124), cited as "Br." ULICO's opposition brief (ECF Doc. No. 120) is cited as "Opp." or "Opposition," and its omnibus opposition brief (ECF Doc. No. 111) is cited as "Omnib. Opp." Unless otherwise noted, all emphasis is added and all internal citations and quotations are omitted.

-1-

(Count IV). Nothing in the Opposition shows otherwise. **First**, the voidable transfer claim fails because ULICO does not plead even the minimum facts required to sustain the claim (i.e., when the claim occurred, who the transferee was, facts showing insolvency, or that there was a lack of reasonably equivalent value received by the Debtors), and Morgan Stanley—as a mere conduit or financial intermediary according the ULICO's own allegations—is not alleged to be a transferee from which ULICO can recover. **Second**, the unjust enrichment claim is unsupported by sustainable allegations, since Morgan Stanley is not alleged to have received any benefit from any Transfer, let alone an unjust benefit. The claim is also duplicative of the voidable transfer claim. **Third**, the constructive trust claim should be dismissed because constructive trust is a remedy, not a cause of action, and the remedy either does not exist under applicable law, or is not supported by any facts to justify the imposition of the remedy against Morgan Stanley.

For all these reasons, the Court should dismiss the Amended Complaint with prejudice.

## ARGUMENT

**I.    EITHER ULICO LACKS STANDING TO BRING ITS CLAIMS OR THE COURT LACKS JURISDICTION TO ADJUDICATE THEM.**

**A.    ULICO's Claims Are Derivative and ULICO Lacks Standing To Bring Them.**

ULICO's positions regarding standing and jurisdiction remain muddled. While ULICO contends that its "clearly stated position . . . [is that] it is not seeking derivative standing," the Amended Complaint tells a different story. (Opp. at 3.) There, ULICO predicates its right to bring each of its claims on (i) its status as "PBLA's largest creditor," (ii) its "request[] that the [JPLs] of PBLA institute litigation to avoid the transfers at issue," and (iii) the JPLs' refusal to pursue those claims. (Am. Compl. ¶¶ 9–10.) Those are the hallmarks of an attempt to obtain derivative standing.

In any event, the Opposition misses the mark as a matter of law. ULICO appears to argue that because state statutes exist that permit creditors to unwind fraudulent transfers, ULICO need not address the derivative standing issue. But that is wrong, as ULICO's allegations in the Amended Complaint—while far from a model of clarity—attempt to state claims suffered by the PBLA's creditors generally, not ULICO specifically. The Amended

-2-

Complaint alleges that "PBLA . . . siphoned off more than $500 million of funds from the Trust . . . [to] defraud and delay recovery to creditors, including ULICO," and "PBLA engaged in those transactions with the specific intent of defrauding, hindering, and delaying its creditors, which consisted principally, or entirely, of ULICO." (*Id.* ¶¶ 124, 126.)  These allegations do not articulate a particularized harm suffered by ULICO, but instead reflect a pattern found in many bankruptcies in which a debtor transferred money pre-petition to the detriment of the debtor's creditors.  Those claims belong solely to the debtor, may only be brought by the JPLs, and the recovery on those claims would inure to the benefit all creditors, ULICO included.[2]  *See Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery*, 330 F.3d 548, 565 (3d Cir. 2003) ("[The court] cannot conceive of a situation in which a creditor has independent standing which would allow it to pursue the recovery of property transferred or concealed by the debtor.").  ULICO's only mechanism for pursuing these claims would be following the procedural requisites to obtain derivative standing, but for the reasons stated in Morgan Stanley's opening brief, ULICO has not and cannot satisfy those requirements.

ULICO lacks any cogent response to the argument the Amended Complaint does not violate the automatic stay and the Recognition Order.  Morgan Stanley's motion to dismiss argued that the filing of the chapter 15 case and the Court's Recognition Order barred any party other than the JPLs from pursuing any action to recover PBLA's property.  (*See* Opp. at 11–12.) ULICO contends that the automatic stay and Recognition Order are not applicable because ULICO is not seeking to recover PBLA's property, but that argument is belied by the Amended Complaint, which seeks to recover monies transferred by PBLA (or, more accurately, the Trust).

---

[2] As Morgan Stanley argued in the opening brief, the JPLs would similarly lack standing to bring the avoidance actions in this Court unless and until they commence a case under another chapter of the Bankruptcy Code. (*See* Br. at 9–11).

-3-

(Am. Compl. ¶¶ 136, 144–45.) At most, these funds would be property of the PBLA Debtors' estate, not ULICO's.³ Both the Bankruptcy Code and Recognition Order are clear: no one but the JPLs may take any action with respect to PBLA's property within the United States. *See* 11 U.S.C. §§ 1520(a), 362(a)(3) (preventing any party from "taking any act to obtain possession of property of the estate or . . . to exercise control over property of the estate"); *In re PB Life and Annuity Co., Ltd.*, Case No. 20-12791-lgb, Dkt. No. 33 (Bankr. S.D.N.Y. 2020), ¶ 7(e). ULICO's claims against Morgan Stanley seek to do just that, and therefore must be dismissed.

Finally, ULICO ignores, and thus concedes, that the unjust enrichment and constructive trust claims could only be brought by the JPLs because ULICO is a stranger to any transaction between PBLA or the Trust, on the one hand, and Morgan Stanley on the other. (*See* Br. at 15.) While there are no actual factual allegations to support these claims in the Amended Complaint, they clearly involve debtor property and debtor conduct; there is no basis to contend these claims are anything other than derivative of the Debtors' rights. And ULICO cannot bring these claims without court permission, which it has not sought, much less obtained.⁴

### B. This Court Lacks Subject Matter Jurisdiction, Irrespective of the Settlement Agreement.

ULICO does not address Morgan Stanley's central argument with respect to subject matter jurisdiction: ULICO cannot simultaneously pursue "direct" claims against Morgan

---

³ Unless they are the Trust's property, in which case the Amended Complaint should be dismissed for the reasons articulated in AAPC's Motion to Dismiss or Alternatively to Sever and Change Venue (ECF Doc. No. 99) and Reply in Support (ECF Doc. No. 133).

⁴ If ULICO could parse out a theory that the claims for unjust enrichment and constructive trust do not belong to ULICO, those claims must still be dismissed. *See Georgia Malone & Co. v. Rieder*, 973 N.E.2d 743, 747 (N.Y. App. 2012) (dismissing unjust enrichment claim because the plaintiff had no relationship with the defendant, and one cannot seek unjust enrichment from another when the parties "simply had no dealings with each other"); *In re Schick*, 246 B.R. 41, 46 (Bankr. S.D.N.Y. 2000) ("[A] stranger cannot sue to impose a constructive trust for the benefit of a defrauded party.").

-4-

Stanley *and* state a basis for "related to" jurisdiction. As Morgan Stanley explained at length in its opening brief, if ULICO is correct that it is not seeking PBLA's assets, then this case involves claims by one non-debtor against a number of other non-debtors, without a conceivable effect on the bankruptcy estate. If ULICO's claims do seek to recover PBLA's property—which is what ULICO appears to allege in the Amended Complaint—this Court would have subject matter jurisdiction but for the fact that ULICO lacks standing to pursue its claims. (*See* Br. at 5–11.)

Rather than attempt to reconcile those two mutually exclusive propositions, ULICO instead focuses its jurisdictional arguments on the propriety of the post-hac Settlement Agreement entered into between ULICO and PBLA. (*See* Opp. at 5–6.) The Settlement Agreement cannot form the basis of jurisdiction. The Settlement Agreement purports to resolve claims against a debtor, yet it was never approved by the Court. As such, it is invalid because Federal Rule of Bankruptcy Procedure 9019 applies in chapter 15 cases. *In re Cinque Terre Fin. Group Ltd.*, 2017 WL 4843738, at *10 (Bankr. S.D.N.Y. Oct. 24, 2017). And while the Opposition correctly recognizes that there is a "lack of clarity" as to what ULICO is seeking to recover in this case (and on whose behalf), ULICO should not be rewarded for this failing in its own adversary proceeding. In any event, the existence or nonexistence of jurisdiction over third parties is not determined by an agreement between the JPLs and ULICO. *In re AOG Enter., Inc.*, 569 B.R. 563, 578 (Bankr. S.D.N.Y. 2017) (holding that litigants cannot create jurisdiction through an agreement). And it also cannot be determined by an agreement that post-dated filing of the Amended Complaint. *See SIPC v. Bernard L. Madoff Inv. Secs. LLC*, 597 B.R. 466, 481 (Bankr. S.D.N.Y. 2019) ("It has long been the case that the jurisdiction of the court depends upon the state of things at the time of the action brought"); *In re Bernard L. Madoff Inv. Secs.*

*LLC*, 561 B.R. 334, 346 (Bankr. S.D.N.Y. 2016) (holding a "post-filing assignment did not cure the jurisdictional defect").

## II.  EACH CLAIM AGAINST MORGAN STANLEY FAILS AS A MATTER OF LAW.

Even if ULICO could overcome the dispositive threshold jurisdictional and standing principles barring its claims, each of the claims against Morgan Stanley independently fails as a matter of law.

### A.  The Voidable Transfer Claim Fails (Count I).

#### 1.  The Amended Complaint Does Not Meet Applicable Pleading Standards to State a Claim for Voidable Transfer.

The Opposition does not overcome the voidable transfer claim's most significant flaw—the failure to allege a transfer of debtor property to Morgan Stanley for which a debtor did not receive reasonably equivalent value. ULICO cannot duck its pleading burden by arguing merely that "ULICO has placed Morgan Stanley on notice that it received funds transferred from the Trust," and "Morgan Stanley has more than sufficient notice of the nature and basis of ULICO's claims asserted against it[.]" (Opp. at 7.) These statements are legal conclusions, not facts, and they ignore that a plaintiff's failure to identify a transfer in its complaint dooms a fraudulent transfer claim. *See Enron Corp. v. Granite Construction Co. (In re Enron Corp.)*, 2006 WL 2400369, at *6 (Bankr. S.D.N.Y. May 11, 2006) (holding that to adequately plead a fraudulent transfer claim, a plaintiff must allege that the transfer "actually involved property . . . being transferred to the Defendant").

ULICO ignores controlling cases cited in Morgan Stanley's opening brief that make clear the Amended Complaint's ***single*** allegation about Morgan Stanley, that "[a]t various times [Morgan Stanley] acted as a conduit and received funds transferred from the Trust, before such funds were transferred to various Lindberg Affiliates and other entities or individuals," does not

-6-

meet the standard for pleading a voidable transfer claim under Rule 8(a), much less under the particularity requirement of Rule 9(b). (Am. Compl. ¶ 111.) While ULICO relies on generic statements regarding liberal pleading standards, each of the cases cited by Morgan Stanley exists within the liberal pleading framework of Rules 8(a) and 9(b). (*See* Br. at 17–19.) And, each case nevertheless requires a plaintiff bringing a fraudulent transfer claim to allege specific dates and amounts of the alleged transfers, and the identity of the alleged transferor, none of which ULICO alleges here. *See, e.g.*, *O'Connor v. DL-DW Holdings, LLC (In re Extended Stay, Inc.)*, 2020 WL 10762310, at *63 (Bankr. S.D.N.Y. Aug. 8, 2020) ("[A]t a minimum, the Trust must provide notice to the Defendants of which Debtor made each transfer, the date and amount of the transfer, the Defendant who received the transfer and the other necessary elements of the cause of action."); *Buchwald Capital Advisors, LLC. v. JPMorgan Chase Bank, N.A. (In re M. Fabrikant & Sons, Inc.)*, 480 B.R. 480, 491 (S.D.N.Y. 2012) (affirming bankruptcy court's dismissal of fraudulent transfer claims and holding that a "failure to identify . . . the dates and amounts of particular transfers alleged to be fraudulent is fatal to any claim for intentional fraudulent conveyance"), *aff'd*, 541 F. App'x 55 (2d Cir. 2013).

      ULICO attempts to plug this hole by stating that "after filing its Amended Complaint, ULICO provided Morgan Stanley with evidence of the *exact* transfers Morgan Stanley received from the Trust[.]" (Opp. at 7.) Of course, a pleading failure cannot be remedied in an opposition brief. *See, e.g.*, *In re Petrobras Sec. Litig.*, 2016 WL 11671141, at *3 (S.D.N.Y. Mar. 25, 2016) (stating that "it is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss"); *Kiryas Joel All. v. Vill. of Kiryas Joel*, 2011 WL 5995075, at *5 (S.D.N.Y. Nov. 29, 2011) ("[T]he Court cannot consider allegations that the plaintiffs raise for the first time in their brief opposing the motion to dismiss."). Leaving aside the facts that (i) the Amended

Complaint's failure to identify any transfers to Morgan Stanley is a fatal pleading defect, and (ii) ULICO's purported "evidence" is not part of the record, ULICO's Opposition fails to state how the "transfers" ULICO disclosed in documents produced to Morgan Stanley could salvage ULICO's claim. ULICO only states that the documents it produced to Morgan Stanley identify alleged transfers made to Morgan Stanley from the Trust, and not that the documents show on their face that PBLA (the debtor) made any transfer of debtor property to Morgan Stanley.[5] Moreover, even if the Court were to grant leave to ULICO to amend its complaint, such amendment would be futile, as ULICO's Opposition states no facts to support the transactions listed in the records were made to Morgan Stanley for less than reasonably equivalent value, which is a *sine qua non* of fraudulent transfers. *See Kirschner v. Large Shareholders (In re Trib. Fraudulent Conv. Litig.)*, 10 F.4th 147, 173, 176 (2d Cir. 2021) (explaining that "courts have dismissed constructive fraudulent transfer claims where the complaint does not plausibly allege that the debtor received less than reasonably equivalent value," and affirming lower court's denial of request for leave to amend fraudulent transfer claims where the plaintiff "gave no clue as to how the complaint's defects would be cured"). The Opposition also states no factual basis that could enable ULICO to plead a single badge of fraud required to establish Morgan Stanley's fraudulent intent for an intentional fraudulent transfer claim, which depends on whether "there is a *knowing intent* . . . to damage creditors." *In re Actrade Fin. Tech., Ltd.*, 337 B.R. 791, 809 (Bankr. S.D.N.Y. 2005); *see also* N.C. Gen. Stat. Ann. § 39-23.4 (defining an intentional fraudulent conveyance under North Carolina law as one made "with intent to hinder, delay, or

---

[5] ULICO's Opposition also does not provide any clarity about whether the transferor of the alleged Transfers is PBLA or the Trust, and provides no legal basis for which to collapse the two entities for the purpose of a fraudulent transfer analysis. *See In re Extended Stay*, 2020 WL 10762310, at *63 (holding that to plead a plausible fraudulent transfer claim, a plaintiff must identify "which [d]ebtor made each transfer").

defraud" creditors, and listing badges of fraud that can be pleaded to establish intent); *Tese-Milner v. Kim* (*In re Level 8 Apparel, LLC*), 2021 WL 279620, at *10 (Bankr. S.D.N.Y. Jan. 26, 2021) (holding "New York law requires fraudulent intent of both the transferor and the transferee"); *In re Park S. Sec., LLC*, 326 B.R. 505, 517 (Bankr. S.D.N.Y. 2005) (holding the "Trustee must establish both the debtors' and the transferee's actual fraudulent intent"). Indeed, ULICO does not address, and therefore concedes, Morgan Stanley's point that ULICO does not allege adequate facts to support Morgan Stanley's fraudulent intent. (*See* Br. at 19–20.) For these reasons, and as established in Morgan Stanley's opening brief, the voidable transfer claim should be dismissed with prejudice.

### 2. Morgan Stanley Is Not a Transferee From Whom ULICO Can Recover.

Morgan Stanley also demonstrated (Br. at 21–22) that the voidable transfer claim fails because ULICO's allegations that Morgan Stanley "acted as a conduit and received funds . . . before such funds were transferred to various Lindberg Affiliates" and "PBLA [and not Morgan Stanley] . . . retained possession or control of the Trust Proceeds that were transferred from the Trust," absolve Morgan Stanley of any liability even assuming Morgan Stanley ever received funds from a debtor. (Am. Compl. ¶¶ 111, 147.) Put differently, the Amended Complaint alleges that the debtor retained control of the property allegedly fraudulently transferred, and that it ended up in the hands of PBLA's affiliates, not Morgan Stanley's. Such a transaction does not meet the definition of a fraudulent transfer. *See, e.g.*, *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Bernard L. Madoff, LLC)*, 631 B.R. 1, 13 (Bankr. S.D.N.Y. 2021) ("[O]ne who merely facilitates the transfer of funds from the debtor to a third party does not exercise sufficient dominion and control and is not an initial transferee [that can be held liable for

fraudulent transfer].");[6] *see also McCormack Fam. Charitable Found. v. Fid. Brokerage Servs., LLC*, 195 A.D.3d 421 (N.Y. App. Div. June 1, 2021) (affirming dismissal of fraudulent conveyance claim under N.Y. D.C.L. § 276, and explaining that a "defendant must have dominion and control over transferred assets to be liable as a transferee for a fraudulent conveyance").

Nor can ULICO save its claim by "conced[ing] [that] whether Morgan Stanley acquired dominion and control over such funds will need to be proven in this litigation to hold Morgan Stanley liable." (Opp. at 8.) ULICO does not cite to a single case to support that a fraudulent transfer claim can survive dismissal where, as here, a plaintiff ***affirmatively pleads*** that that never exercised control over funds allegedly transferred to it and ultimately transferred those funds at the transferor's direction to a third party. (Opp. at 7–8.) And ULICO ignores that courts dismiss fraudulent transfer claims where the face of the complaint shows that a bank acted as a mere conduit, as is the case here. *See, e.g.*, *In re Lyondell Chem. Co.*, 503 B.R. 348, 382 (Bankr. S.D.N.Y. 2014) (dismissing fraudulent transfer claim and explaining that "under federal and state law alike, an allegedly fraudulent transfer may not be recovered from a defendant who was a mere conduit in the transfer"), *abrogated on other grounds by In re Trib. Co. Fraudulent Conv. Litig.*, 818 F.3d 98 (2d Cir. 2016); *Perlman v. Wells Fargo Bank, N.A.*, 559 Fed. Appx. 988, 994 (11th Cir. 2014) (explaining that a court can consider an affirmative defense on a

---

[6] It is unclear why ULICO cites to *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inc. Sec. LLC (In re Bernard Madoff, LLC)*, 610 B.R. 197, 238 (Bankr. S.D.N.Y. 2019), to argue that "Courts have consistently held that an 'initial transferee' can still be held liable in a fraudulent conveyance action." (Opp. at 8.) Morgan Stanley does not dispute that an initial transferee can be held liable for a fraudulent transfer; of course an initial transferee that obtains an interest in the debtor's property, obtains a benefit from that property and does not provide reasonably equivalent value to a debtor can be held liable. But as explained in *Madoff*, "the initial transferee is the one who first acquires dominion and control over the transferred asset," 610 B.R. at 238, and here, Morgan Stanley is alleged to have acted only as a conduit through which funds passed from PBLA to Lindberg's affiliates. (*See* Am. Compl. ¶ 111.)

-10-

motion to dismiss where a complaint "affirmatively and clearly shows the conclusive applicability of the defense," and affirming trial court's finding that a bank was a mere conduit); *Nordberg v. Societe Generale* (*In re Chase & Sanborn Corp.*), 848 F.2d 1196, 1200 (11th Cir. 1988) (affirming bankruptcy court's dismissal of fraudulent transfer claim where bank was not alleged to have actual control over the allegedly transferred funds).[7]  The same result should follow here.

### B. The Unjust Enrichment Claim Fails (Count II).

ULICO's Opposition confirms that ULICO's unjust enrichment claim fails because (i) ULICO does not allege any of the elements of the claim, and (ii) the claim is duplicative of the fraudulent transfer claim.

As to the first basis, ULICO's only response is to reiterate the Amended Complaint's conclusory allegations that "Defendants have received a benefit from the transfer of the Trust Proceeds at the Plaintiff's expense," and they have been "unjustly enriched as a result." (Omnib. Opp. at 24, citing Am. Compl. ¶¶ 151, 154.)  These statements are patently insufficient as a matter of law because they lack a single specific fact to support that Morgan Stanley received a benefit from the transfers, let alone to support that Morgan Stanley received an "unjust" benefit. *See Off. Comm. of Unsec. Cred. of Hydrogen LLC v. Blomen (In re Hydrogen, LLC)*, 431 B.R. 337, 359–60 (Bankr. S.D.N.Y. 2010) (dismissing unjust enrichment claim where complaint only contained "conclusory and general allegations," and lacked facts to support element of claim).

---

[7] ULICO's statement that its voidable transfer claim arises under the UVTA codified in North Carolina General Statutes only further undermines ULICO's claim.  That statute defines a "transfer" as "[e]very mode, direct or indirect . . . of disposing of or parting with an asset or an interest in an asset" (N.C. Gen. Stat. Ann. § 39-23.1), and by ULICO's own allegations, PBLA "retained possession or control," of the Transfers, and "[e]ach of the transfers that occurred were between PBLA . . . and a Lindberg affiliated entity."  (Am. Compl. ¶¶ 145, 147.)  Thus, under North Carolina law ULICO does not allege a transfer to Morgan Stanley.

-11-

Moreover, ULICO provides no explanation for how the theory Morgan Stanley was unjustly enriched squares with the Amended Complaint's theory that Morgan Stanley was only a conduit for Transfers between PBLA and Lindberg's affiliates, and the Transfers were really orchestrated by Lindberg to enrich himself. (Am. Compl. ¶¶ 111, 126.) And while ULICO's claim might not be barred under the equitable doctrine of *in pari delicto* and the *Wagoner* rule if, as ULICO now suggests, ULICO is not suing on behalf of the JPLs, ULICO's claim for unjust enrichment becomes even less plausible in that case. For an unjust enrichment claim to survive dismissal, "there must exist a relationship or connection between the parties that is not too attenuated." *Graham v. Take-Two Interactive Software, Inc.*, 2020 WL 408408, at *2 (S.D.N.Y. Jan. 24, 2020). But the Amended Complaint does not establish ULICO had any relationship, communications, or dealings with Morgan Stanley such that could have caused reliance or inducement. *See In re Hellas Telecomms. (Luxembourg) II SCA*, 524 B.R. 488, 536 (Bankr. S.D.N.Y 2015).

As to the second basis, ULICO's citation to *In re Hellas Telecomms. (Luxembourg) II SCA*, 535 B.R. 543, 575 Bankr. S.D.N.Y. 2015), to argue that it can bring its causes of action for unjust enrichment and voidable transfer in the alternative is of no moment. (Omnib. Opp. at 23–24.) *In re Hellas* makes clear that "[a]n unjust enrichment claim is not available where," as here, "it simply duplicates, or replaces . . . a tort claim." 535 B.R. at 585. More recent controlling decisions have also confirmed that while a plaintiff may plead unjust enrichment in the alternative to other claims, "an unjust enrichment claim will not survive a motion to dismiss where the plaintiff fails to explain how it is not merely duplicative of his other causes of action." *In re Bos. Generating LLC*, 617 B.R. 442, 476 (Bankr. S.D.N.Y. 2020), *aff'd sub nom. Holliday v. Credit Suisse Sec. (USA) LLC*, 2021 WL 4150523 (S.D.N.Y. Sept. 13, 2021).

That is precisely the case here, where ULICO's sole basis for the unjust enrichment claim is that Morgan Stanley was enriched "as a result of the fraudulent transfers," and the Court can dismiss the claim on this ground alone. (Am. Compl. ¶ 154.)

### C. The Constructive Trust Claim Fails (Count IV).

ULICO's Opposition similarly does nothing to remedy ULICO's failure to plead a constructive trust claim. Morgan Stanley's opening brief showed that the Amended Complaint falls drastically short of alleging any of the elements of a constructive trust, i.e., a transfer of a trust *res* by ULICO based on a promise by Morgan Stanley, that ULICO can trace the *res* to ULICO's funds, and that Morgan Stanley had a fiduciary relationship—or any relationship—with ULICO. **(**Br. at 26.**)** In response, ULICO misguidedly argues that it has "established a fiduciary relationship between PBLA . . . and ULICO" and "a promise to ULICO concerning certain returns on various loan agreements." (Omnib. Opp. at 25.) These allegations fail to support a claim because they are not only conclusory, they are irrelevant to Morgan Stanley. ULICO's second argument, that it has satisfied the pleading requirements for a constructive trust claim because it has pleaded an unjust enrichment claim, rings hollow because the unjust enrichment claim fails for numerous independent reasons, as described above. (Ominb. Opp. at 25.) In addition, ULICO simply has no response to the fact that constructive trust is remedy, not a cause of action, and the remedy does not appear to exist under Puerto Rico or Bermuda law. (*See* Br. at 27.)

### III. THE COURT SHOULD DENY ULICO'S REQUEST FOR LEAVE TO REPLEAD BECAUSE ANY EFFORT TO REPLEAD WOULD BE FUTILE.

The Court should deny ULICO's request for leave to amend the complaint a second time because ULICO does not offer any new or different allegations it would add that could save its claims. *See Separzadeh v. Iconix Brand Grp., Inc.*, 2017 WL 1330331, at *2 (S.D.N.Y. Apr. 10,

-13-

2017) (dismissing request for leave to amend where plaintiff failed to propose amended complaint and explaining that "to meet the requirements of particularity in a motion to amend, a complete copy of the proposed amended complaint must accompany the motion so that both the Court and opposing parties can understand the exact changes sought"). ULICO already amended its complaint once before, and for the reasons stated above, ULICO would be unable to state any viable claim against Morgan Stanley if given the opportunity to amend. There is no reason to burden the Court with yet another pleading, and the claims against Morgan Stanley should therefore be dismissed with prejudice. *See Hayden v. Cty. of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999) ("There is nothing to suggest that appellants could replead in a fashion which would [state a viable claim].").

## CONCLUSION

For the above reasons, Morgan Stanley respectfully requests that the Court dismiss the Amended Complaint with prejudice.

Respectfully submitted,

*/s/ Peter Friedman*
Peter Friedman (admitted *pro hac vice*)
Nicholas Hendrix (admitted *pro hac vice*)
Lauren M. Wagner
O'MELVENY & MYERS LLP
Seven Times Square
New York, NY 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
Email: pfriedman@omm.com
         nhendrix@omm.com
         lwagner@omm.com

*Attorneys for Defendant Morgan Stanley Senior Funding, Inc.*

Dated: January 19, 2022

-15-