# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| PB LIFE AND ANNUITY CO., LTD., *et al.*,[1] | Case No. 20-12791 (LGB) (Jointly Administered) |
| Debtors in Foreign Proceedings. | |
| UNIVERSAL LIFE INSURANCE COMPANY, | |
| Plaintiff, | |
| v. | Adv. Proc. No. 21-01169 |
| GREG E. LINDBERG, individually, CHRIS HERWIG, individually, CHRISTA MILLER, individually, AAPC HOLDINGS, LLC, ACADEMY FINANCIAL ASSETS, LLC, AGH PARENT, LLC, ALPINE CAPITAL, LLC, ASIM HOLDINGS, LLC, ASL HOLDINGS, LLC, ATKINSON, LLC, ATLAS FINANCIAL INVESTMENTS, LLC, AUGUSTA ASSET MANAGEMENT, INC., BANKERS LIFE INSURANCE COMPANY, BEGONIA EIGHT, LLC, BLH CAPITAL, LLC, BLUE DAFFODIL, LLC, BLUE VIOLET, LLC, CAPITAL ASSETS FUND I, LLC, CAPITAL ASSETS FUND II, LLC, CAPITAL ASSET MANAGEMENT I, LLC, CAPITAL ASSETS MANAGEMENT II, LLC, CAPITAL ASSETS MANAGEMENT III, LLC, CARNATION THREE, LLC,  CHATSWORTH ASSET MANAGEMENT, LLC, CHRYSANTHEMUM TWO, LLC, CSI INTERCO, LLC, DAHLIA TEN, LLC, DAISY SEVEN, LLC, DRUMMOND GROUP, LLC, DUNHILL HOLDINGS, LLC, ELI GLOBAL, LLC, ENGLERT HOLDINGS, LLC, EPPING, LLC, FLAGSHIP HOLDINGS, LLC, FLEET ASSIST INTERCO LIMITED, FLOWERY BRANCH, LLC, FORSYTH, LLC, FORTREX, LLC, GBIG CAPITAL, LLC, GBIG HOLDINGS, INC., | **SECOND AMENDED COMPLAINT** |

---

[1] PB Life and Annuity Co., Ltd., Northstar Financial Services (Bermuda) Ltd., Omnia Ltd. and PB Investment Holdings Ltd., foreign Debtors, are Bermuda limited companies which each have a registered address in Bermuda c/o Deloitte Ltd., Corner House, 20 Parliament Street, Hamilton HM 12, Bermuda, and are Jointly Administered for procedural purposes, by Order of this Court entered on April 2, 2021, ECF No. 42.

GERANIUM TWO, LLC, GILFORD ASSET
MANAGEMENT, LLC, GLOBAL BANKERS
INSURANCE GROUP, LLC, GLOBAL GROWTH
HOLDINGS, INC., GLOBAL INSURANCE
CAPITAL, LLC, GREENFIELD CAPITAL, LLC,
HAMPTON ASSET MANAGEMENT, INC.,
HEALTHLINK HOLDINGS, LLC, HOOKSETT,
LLC, HUTCHISON LAW GROUP, PLLC, IMW
EMR, LLC, IRON CITY ASSET MANAGEMENT,
INC., ITECH FUNDING, LLC, JACKSON ASSET
MANAGEMENT, INC., KITE ASSET
MANAGEMENT, INC., LILAC SIX, LLC, MACON,
LLC, MORNING MOUNTAIN HOLDINGS, LLC,
NETHERLANDS INSURANCE HOLDINGS, INC.,
NEW ENGLAND CAPITAL, LLC, NIH CAPITAL,
LLC, NOM GB 2018 I, LLC, PARADISE ASSET
MANAGEMENT, LLC, LLC, PARALLEL
CAPITAL ASSETS, LLC, PERSHING, LLC, RED
BEGONIA, LLC, REVOLVERCAP PARTNERS
FUND, LP, SATORI WATERS, LLC, SEDWICK,
LLC, STANDARD ADVISORY SERVICES, LTD,
STANDARD FINANCIAL LIMITED, STANDARD
INVESTMENT CAPITAL, LTD, TREATMENT
RESOURCES OF MARGATE, INC., TRITON
FINANCIAL LIMITED, TUX HOLDINGS, LLC,
TYBEE ISLAND ASSET MANAGEMENT, LLC,
UKAT INVESTMENT LIMITED, VERDESIAN
LIFE SCIENCES, LLC, WEARE, LLC, YELLOW
LOTUS, LLC, YELLOW SUNFLOWER, LLC, UBS
FINANCIAL SERVICES, INC., GOLDMAN SACHS
LENDING PARTNERS, LLC, CREDIT SUISSE AG
CAYMAN ISLANDS BRANCH, GOLDMAN
SACHS BANK USA, MORGAN STANLEY
SENIOR FUNDING, INC., THE BRYN MAWR
TRUST COMPANY,  and DOES 1 through 10,
inclusive

       Defendants.

## ADVERSARY PROCEEDING SECOND AMENDED COMPLAINT

    Plaintiff, Universal Life Insurance Company ("ULICO"), respectfully alleges as follows

to the best of its knowledge, information, and belief, formed after an inquiry reasonable under

the circumstances:

## **Nature of the Action**

1.      This case arises out of a massive fraudulent scheme devised by Defendant Greg E. Lindberg and co-conspirators.  Lindberg, his associates, and a large number of affiliated corporate entities conspired to transfer hundreds of millions of dollars of the assets from a trust ("the Trust") created to reinsure claims made by people who purchased annuities and life insurance policies from a Puerto Rican insurer named Universal Life Insurance Company ("ULICO"), the plaintiff in this case.

2.      Lindberg, the ultimate owner of Private Bankers Life & Annuity Co., Ltd. ("PBLA"), caused PBLA to enter into reinsurance and trust agreements with ULICO on June 30, 2017.

3.      Under those agreements, PBLA was to reinsure certain life insurance and annuities ULICO had issued to its policyholders.  The trust agreements specifically provided that the Trust was endowed by ULICO with sufficient assets to meet 105% of the relevant statutory reserves for the reinsured policies.  Pursuant to the reinsurance agreement entered into between PBLA and ULICO, PBLA was the agent to the trust and therefore was given the right to manage the investment of those trust assets, subject to strict investment guidelines.  PBLA was allowed to keep amounts in excess of certain thresholds above the reserve requirements, if it was successful in the investment of the trust assets.  However, PBLA was also required to inject assets into the trust in the event that it was unsuccessful in maintaining the requisite premium over the reserve requirements.

4.      So confident in his scheme, Lindberg entered into a personal guaranty of PBLA's obligations to maintain the trust values required in the reinsurance and trust agreements.  As the

ultimate owner of PBLA, Lindberg also stood to benefit from the receipt of funds obtained by

PBLA in the event that its investment strategy generated returns sufficient to exceed the reserve

requirements set forth in the reinsurance and trust agreements.

5.      The centerpiece of the conspiracy set forth in this complaint was the monetization

of valuable assets held in the trust, then the transfer of cash from the trust first to the Debtor,

PBLA, and then to other entities controlled by Lindberg.  Those transfers were principally

disguised as debt instruments between PBLA and Lindberg-controlled limited liability

companies and corporations that lacked economic substance.  Those transactions were really for

the purpose of enriching Lindberg and his co-conspirators.  The point was to create the illusion

that Lindberg was a successful self-made billionaire, to strip the trust of its assets, and to

defraud, hinder, and delay the Plaintiff, ULICO, as PBLA's principal creditor.

6.      In addition to the transfers described above, Lindberg also set in motion various

indirect transfers whereby funds were transferred from the trust to a seemingly inconspicuous

entity at the direction of Lindberg or entities controlled by Lindberg and for the purpose of

enriching those entities and Lindberg's co-conspirators.

7.      Lindberg sought to hide this conspiracy from regulators by conspiring to bribe the

North Carolina Insurance Commissioner with $2 million in payments.  A jury in the United

States District Court for the Western District of North Carolina found Lindberg guilty of those

charges.  The district court there sentenced Lindberg to a term of imprisonment of more than

seven years.  Lindberg is currently in the custody of the United States Bureau of Prisons serving

out his sentence in a federal prison in Alabama.

8.      The Lindberg scheme was implemented through a dizzying array of front

corporations and limited liability companies contrived to create maximum confusion and a lack

of transparency.  Those entities were all alter egos of Lindberg and each other.  The point was to hide the shell game that was on-going where money was transferred from one bogus Lindberg entity to the next, then to another, and then to another.  At each step, the Lindberg entities would agree to pay each other lucrative interest rates to inflate the apparent economic success of the Lindberg empire.  In reality, it was all a confidence game where all of these entities acted as alter egos of Lindberg behind a veil of smoke and mirrors.  This case seeks to lift that veil and to obtain justice for the people and organizations Lindberg and his co-conspirators have defrauded.

9.      ULICO, as beneficial and equitable owner of the proceeds within the Trust, was a creditor of PBLA from the time of the initial voidable transfer.  As of the time of this complaint ULICO has a final, and unsatisfied, judgment in its favor against ULICO in the amount of $524,009,051.26 plus interest.

10.     ULICO, as the beneficial owner of the proceeds within the Trust, and PBLA's sole creditor with respect to the trust, has standing to pursue the voidable transfer claims, among others, at issue in this case.

11.     While this matter includes a substantial number of defendants, bringing this adversary proceeding against all defendants in one action is imperative to allow ULICO to fully recover all funds that have been depleted from the Trust. Lindberg's intention in enacting such a complex scheme was to make it difficult for ULICO to trace and find Trust assets within the dizzying array of transactions and entities. ULICO has since expended considerable resources to trace these transactions in order to plead them with as much detail as possible here. A United States Bankruptcy Court is particularly suited for handling such a complex matter.

**Procedural History**

12.     On September 18, 2020, the Bermuda Monetary Authority presented a petition to the Supreme Court of Bermuda (the "Bermuda Court") to, *inter alia,* wind up PBLA and to appoint Rachelle Frisby and John Johnston of Deloitte as Joint Provisional Liquidators of the Debtor. By order dated September 25, 2020 (the "Bermuda Order"), the Bermuda Court appointed the JPLs as duly authorized foreign representatives of the Debtor.

13.     On December 3, 2020 (the "Petition Date"), the JPLs commenced the "Chapter 15 Case" by filing the Verified Petition for relief under chapter 15 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.*, as amended (the "Bankruptcy Code").

14.     On January 5, 2021, this Court entered an order granting recognition of the Bermuda Proceeding as a foreign main proceeding under section 1517 of the Bankruptcy Code (the "Recognition Order").

15.     The Recognition Order specifically provides, "[a]ll provisions of section 1520 of the Bankruptcy Code apply in these Chapter 15 Cases, including, without limitation, the stay under section 362 of the Bankruptcy Code throughout the duration of these Chapter 15 Cases or until otherwise ordered by this Court." *See* Recognition Order at ¶3.

16.     On July 6, 2021, ULICO initiated this adversary proceeding against various defendants, the summons and complaint was served on each of the defendants on July 9, 2021.

17.     At the time of filing, ULICO was facing potentially time-barred claims and therefore was forced to file its complaint with limited information with regards to specific fraudulent transfers.

18.     Since the filing of the initial complaint, ULICO obtained subsequent financial records and information that suggests several additional entities received fraudulent transfers out

of the Trust.  Consequently, on July 30, 2021, ULICO filed its first amended complaint to reflect the additional defendants that participated or received certain voidable transfers that are the subject of this adversary proceeding.

19.     Since filing the first amended complaint, the Court permitted ULICO to issue third-party subpoenas to certain financial institutions, including ULICO's former trustees Wilmington Trust and BNY Mellon, in order to obtain the documentation related to the transactions involving the Trust.  As a result, ULICO has obtained significantly more information as it relates to the fraudulent conveyances involving certain named defendants that are the subject of this adversary proceeding.

20.     In light of this new information, ULICO seeks to file this second amended complaint, which provides a more detailed synopsis of each fraudulent transfer as it relates to each named defendant.

### Jurisdiction and Venue

21.     This Court has jurisdiction over this matter under 28 U.S.C. § 1334 as this adversary proceeding is "related to" to the main case, *In re PB Life and Annuity Co., Ltd.*, Case No. 20-12791, subject to the Recognition Order under Chapter 15 of the Bankruptcy Court.  This matter was properly referred to this Court pursuant to 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, dated as of January 31, 2012, Reference M-431, *In re Standing Order of Reference Re: Title 11*, 12 Misc. 00032 (S.D.N.Y. Feb. 2, 2012) (Preska, C.J.)*.

22.     This Court also has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between ULICO and all of the defendants.

23.     This Court has expressly retained jurisdiction over the subject matter of this adversary proceeding pursuant to the Recognition Order.

24.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1410.

25.     The statutory predicate for the Adversary Proceeding is 11 U.S.C. §§ 1520, 362, and 541.

## Parties

26.     Plaintiff ULICO is an insurance company created by the law of the United States unincorporated territory of Puerto Rico with its principal place of business in Puerto Rico.

### A.     Individual Defendants

27.     Defendant Greg E. Lindberg is a resident of Nevada. He is the ultimate beneficial owner of PBLA. PBLA is owned 100% by PBX Bermuda Holdings, Ltd. PBX Bermuda Holdings, Ltd. is in turn owned 100% by PBX Holdings, LLC. Mr. Lindberg holds a 100% ownership interest in PBX Holdings, LLC. Lindberg is an alter ego of Global Growth and Eli Global. As set forth in great detail herein, Lindberg, through PLBA, put in motion hundreds of fraudulent transfers through the use of shell corporations with the intention of defrauding ULICO, the ultimate beneficiary of the Trust.

28.     Defendant Chris Herwig is a resident of North Carolina. He was the Treasurer, Chief Investment Officer and Portfolio Manager for Eli Global, LLC. Chris Herwig at various times assisted Lindberg with his conspiracy to defraud ULICO. Specifically, Chris Herwig was Lindberg's right-hand man in implementing his fraudulent scheme. Defendant Herwig was often made an officer of the shell companies, many named as Defendants herein, that Lindberg formed to facilitate fraudulent transfers. In fact, Herwig signed on behalf of those entities, including PBLA, on many of the loan and assignment agreements evidencing such fraudulent transfers, as

described in more detail below. Like Lindberg, Herwig stood to benefit from the receipt of funds obtained by PBLA by virtue of his partnership with Lindberg.

29.     Defendant Christa Miller is a resident of North Carolina. She is listed as the Chief Financial Officer and secretary for several defendants that are affiliated with Lindberg. Defendant Miller executed several loan and security agreements on behalf of various defendants (identified below), and at various times assisted Lindberg with his conspiracy to defraud ULICO. Like Lindberg and Herwig, Miller stood to benefit from the receipt of funds obtained by PBLA by virtue of her partnership with both individuals.

### B.    Hutchison Law Group

30.     Defendant Hutchison Law Group, PLLC is a North Carolina professional limited liability company located at 3110 Edwards Mill Road, Suite 300, Raleigh, NC 27612. It has no members who are citizens of Puerto Rico.

### C.    The Financial Institution Defendants

31.     Defendant UBS Financial Services, Inc., is a broker-dealer regulated by the U.S. Security and Exchange Commission and incorporated in the state of Delaware, with its principal place of business in New York. At various times, UBS Financial Services, Inc. acted as a conduit and received funds transferred from the Trust, before such funds were transferred to various Lindberg Affiliates and other entities or individuals.

32.     Defendant Credit Suisse AG Cayman Island Branch ("CS") is a Swiss corporate entity with its principal place of business in the British Overseas Territory of the Cayman Islands. It specializes in the business of security brokers, dealers & flotation companies. At various times, CS acted as a conduit and received funds transferred from the Trust before such funds were transferred to various Lindberg Affiliates and other entities or individuals.

33.     Defendant Morgan Stanley Senior Funding, Inc. is a Delaware corporation with its principal place of business located in New York.  At various times, Morgan Stanley Senior Funding, Inc. acted as a conduit and received funds transferred from the Trust before such funds were transferred to various Lindberg Affiliates and other entities or individuals.

34.     The Bryn Mawr Trust Company is a Pennsylvania bank. At various times, Bryn Mawr Trust Company acted as a conduit and received funds transferred from the Trust before such funds were transferred to various Lindberg Affiliates and other entities or individuals.

35.     At one point, each of the above listed bank Defendants ("Financial Institution Defendants") acted to assist PBLA in facilitating, directing, or benefitting from the transfers of Trust proceeds.

**D.      The "Lindberg Affiliate Defendants"**

36.     The following defendants each received funds from the Trust through various loan and assignment agreements, as outlined below.  Each of the defendants listed below is affiliated with Lindberg and therefore, they are referred to in this complaint as "Lindberg Affiliate Defendants."

37.     Defendant Eli Global, LLC ("Eli Global") is a limited liability company in which Lindberg is the sole member.  Eli Global controls a portfolio of companies ultimately owned and controlled by Greg E. Lindberg. Prior to the filing of the Chapter 15 Case, this portfolio included PBLA.  Eli Global is an alter ego of Lindberg and Global Growth.  It has no members who are citizens of Puerto Rico.

38.     Defendant Eli Global often communicated directly with the Trustee overseeing the assets placed in the Trust and facilitated several transfers of securities and loan agreements with various Lindberg-affiliated entities, including several of the Defendants listed below.

39.    Defendant Academy Financial Assets, LLC is a North Carolina limited liability company with a principal place of business located at 2222 Sedwick Road, Durham, NC 27713-4446. The 2021 annual report that is filed with the state of North Carolina lists Border Credit Advisors, LLC as a manger and Christa Miller as Chief Financial Officer. The prior 2019 annual report lists Tom Norton as manager and Greg Lindberg as managing member.  It has no members who are citizens of Puerto Rico.

40.    Defendant Atlas Financial Investments, LLC is a North Carolina limited liability company, with a principal place of business located at 2222 Sedwick Road, Durham, NC 27713-4446. Greg Lindberg is listed as a member. It has no members who are citizens of Puerto Rico.

41.    Defendant BLH Capital, LLC ("BLH") is a North Carolina limited liability company with a principal place of business located at 2222 Sedwick Road, Durham, NC 27713-4446. It has no members who are citizens of Puerto Rico.  At all times it is believed that Greg Lindberg was the member of the company.

42.    Defendant Capital Asset Management I, LLC is a North Carolina limited liability company with its principal office located in Durham County, North Carolina.  It has no members who are citizens of Puerto Rico.

43.    Defendant Capital Assets Management II, LLC is a North Carolina limited liability company with a principal place of business located at 2222 Sedwick Rd. Durham, NC 27713-2655.  The 2021 annual report filed with the state of North Carolina lists Christa Miller as the Chief Financial Officer. The prior 2019 annual report filed with the state of North Carolina listed Greg Lindberg as the managing member.  It has no members who are citizens of Puerto Rico.

-10-

44.    Defendant Capital Assets Management III, LLC is a North Carolina limited liability company with a principal place of business located at 2222 Sedwick Road, Durham, NC 27713-2655.  Prior to 2019, Greg Lindberg was listed as the managing member.  It has no members who are citizens of Puerto Rico.

45.    Defendant Carnation Three, LLC is a North Carolina limited liability company with its principal place of business located at 2222 Sedwick Road, Durham, NC 27713.  The 2021 annual report filed with the state of North Carolina lists Greg Lindberg as a member.  It has no members who are citizens of Puerto Rico.

46.    Defendant Flowery Branch, LLC is a North Carolina limited liability company with its principal place of business located at 2222 Sedwick Road, Durham, NC 27713.  The 2021 annual report filed with the state of North Carolina lists Greg Lindberg as a member.  It has no members who are citizens of Puerto Rico.

47.    Defendant Forsyth LLC is a North Carolina limited liability company with its principal place of business located at 2222 Sedwick Road, Durham, NC 27713.  The 2021 annual report filed with the state of North Carolina lists Greg Lindberg as a member.  It has no members who are citizens of Puerto Rico.

48.    Defendant Global Bankers Insurance Group, LLC ("Global Bankers Insurance Group") is a North Carolina limited liability company, which was previously registered as Colorado Benefits Administrators, LLC.  Global Bankers Insurance Group has a principal place of business located at 2327 Englert Dr., Durham, NC 27713.  The 2019 annual report filed with the state of North Carolina listed Greg Lindberg and CBX, LLC as members, and Tamre Edwards as the Executive Officer.  It has no members who are citizens of Puerto Rico.

49.     Defendant Global Insurance Capital, LLC is listed as a merged company that was formed on February 20, 2017 with a principal place of business located at 2222 Sedwick Road, Durham, NC 27713-4446.  Greg Lindberg is listed as a member. It has no members who are citizens of Puerto Rico.

50.     Defendant Itech Funding, LLC is an Arizona limited liability company with its principal place of business in Durham County, North Carolina.  It has no members who are citizens of Puerto Rico.  At all times it is believed that Greg Lindberg was the manager of the company.

51.     Defendant Kite Asset Management Inc. is a Delaware limited liability company with its principal office in Durham County, North Carolina.  It has no members who are citizens of Puerto Rico.

52.     Defendant Netherlands Insurance Holdings, Inc. is a dissolved North Carolina company with a principal place of business located at 2222 Sedwick Road, Durham, NC 27713-2655.

53.     Defendant AAPC Holdings, LLC ("AAPC") is a North Carolina limited liability company with a principal place of business located at 2222 Sedwick Road, Durham, NC 27713-4446.  It has no members who are citizens of Puerto Rico.  The 2021 annual report that is filed with the state of North Carolina lists Lindberg as Chairman and secretary.

54.     Defendant AGH Parent, LLC is a Delaware limited liability company, and Greg Lindberg is a member.  It has no members who are citizens of Puerto Rico.

55.     Defendant ASIM Holdings, LLC is a North Carolina limited liability company with a principal place of business located at 2222 Sedwick Road, Durham, NC 27713-4446.  It

has no members who are citizens of Puerto Rico. The 2021 annual report that is filed with the state of North Carolina lists Greg Lindberg as a manager.

56.     Defendant ASL Holdings, LLC is a North Carolina limited liability company with a principle place of business located at 2222 Sedwick Road Durham, NC 27713-4446. It has no members who are citizens of Puerto Rico. Lindberg is listed as the managing agent.

57.     Defendant Atkinson, LLC ("Atkinson") is a Delaware limited liability company. It has no members who are citizens of Puerto Rico.

58.     Defendant Augusta Asset Management, Inc. is a Delaware limited liability company. It has no members who are citizens of Puerto Rico.

59.     Defendant Bankers Life Insurance Company is a North Carolina company with its principal place of business located at 2327 Englert Drive, Durham, NC 27713. Tamre Edwards is listed as the Secretary. It has no members who are citizens of Puerto Rico.

60.     Defendant Begonia Eight, LLC is a North Carolina limited liability company with its principal place of business located at 2222 Sedwick Road Durham, NC 27713-4446. Greg Lindberg is listed as a Member. It has no members who are citizens of Puerto Rico.

61.     Defendant Blue Daffodil, LLC is a North Carolina limited liability company with a principal place of business located at 2222 Sedwick Road, Durham, NC 27713-4446. It has no members who are citizens of Puerto Rico. The 2021 annual report that is filed with the state of North Carolina lists Greg Lindberg as a member.

62.     Defendant Blue Violet, LLC is a North Carolina limited liability company with a principal place of business located at 2222 Sedwick Road, Durham, NC 27713-4446. It has no members who are citizens of Puerto Rico. At all times it is believed that Greg Lindberg was a member of the company.

-13-

63.     Defendant BRC Holdings, Inc. is a Delaware company whose registered agent is Corporation Service Company whose address is 251 Little Falls Drive, Wilmington, Delaware 19808.  It has no members who are citizens of Puerto Rico.

64.     Defendant Capital Assets Fund I, LLC ("CAF I") is a North Carolina asset management limited liability company with a principal place of business located at 2222 Sedwick Road, Durham, NC 27713-4446.  It has no members who are citizens of Puerto Rico.  The 2021 annual report lists Greg Lindberg as a member of the company.

65.     Defendant Capital Assets Fund II, LLC ("CAF II") is a North Carolina asset management limited liability company with a principal place of business located at 2222 Sedwick Road, Durham, NC 27713-4446.  It has no members who are citizens of Puerto Rico.  The 2021 annual report lists Greg Lindberg as a manager of the company.

66.     Defendant Capital Assets Fund III, LLC ("CAF III") is a North Carolina asset management limited liability company with a principal place of business located at 2222 Sedwick Road, Durham, NC 27713-4446.  It has no members who are citizens of Puerto Rico.  The 2021 annual report lists Greg Lindberg as a manager of the company.

67.     Defendant Chatsworth Asset Management, LLC is a Delaware limited liability company.  It has no members who are citizens of Puerto Rico.

68.     Defendant Chrysanthemum Two, LLC is a North Carolina limited liability company with its principal place of business located at 2222 Sedwick Road, Durham, NC 27713-4446.  It has no members who are citizens of Puerto Rico.  The 2021 annual report that is filed with the state of North Carolina lists Greg Lindberg as a member.

69.     Defendant Dahlia Ten, LLC is a North Carolina limited liability company with its principal place of business located at 2222 Sedwick Road, Durham, NC 27713-2655.  The 2021

annual report lists Greg Lindberg as a member.  It has no members who are citizens of Puerto Rico.

70.    Defendant Daisy Seven, LLC is a North Carolina limited liability company with its principal place of business located at 2222 Sedwick Road, Durham, NC 27713-2655.  The 2021 annual report lists Greg Lindberg as a member.  It has no members who are citizens of Puerto Rico.

71.    Defendant Drummond Group, LLC ("Drummond") is a North Carolina limited liability company with its principal place of business located at 2222 Sedwick Road, Durham, NC 27713-4446.  It has no members who are citizens of Puerto Rico.  The 2021 annual report that is filed with the state of North Carolina lists Greg Lindberg as a member.

72.    Defendant Dunhill Holdings, LLC is a North Carolina limited liability company with its principal place of business located at 2222 Sedwick Road, Durham, NC 27713-4446.  It has no members who are citizens of Puerto Rico.  The 2021 annual report that is filed with the state of North Carolina lists Greg Lindberg as a member.

73.    Defendant Englert Holdings, LLC is a North Carolina limited liability company with its principal place of business located at 2222 Sedwick Road, Durham, NC 27713-4446.  It has no members who are citizens of Puerto Rico.  The 2021 annual report that is filed with the state of North Carolina lists Greg Lindberg as the manager.

74.    Defendant Epping, LLC ("Epping") was a North Carolina limited liability company that was administratively dissolved.  It has no members who are citizens of Puerto Rico.

75.    Defendant Flagship Holdings, LLC ("Flagship") is a North Carolina limited liability company with its principal place of business located at 2222 Sedwick Road, Durham,

NC 27713-4446. It has no members who are citizens of Puerto Rico. The 2021 annual report that is filed with the state of North Carolina lists Greg Lindberg as the manager.

76.     Defendant Fleet Assist Interco Limited ("Fleet Assist") is an English private limited company with a registered address of Aurora House, Deltic Avenue, Rooksley, Milton Keynes MK138LW, United Kingdom. It has no members who are citizens of Puerto Rico.

77.     Defendant Fortrex, LLC ("Fortrex") is a North Carolina limited liability company with its principal place of business located at 2222 Sedwick Road, Durham, NC 27713-4446. It has no members who are citizens of Puerto Rico. The 2021 annual report that is filed with the state of North Carolina lists Chris Herwig as the manager.

78.     Defendant GBIG Capital LLC is a North Carolina holding company with its principal place of business located at 2222 Sedwick Road, Durham, NC 27713-4446. GBIG Capital, LLC was previously named SNA Capital, LLC. Greg Lindberg is the manager. It has no members who are citizens of Puerto Rico.

79.     Defendant Geranium Two, LLC is a North Carolina limited liability company with its principal place of business located at 2222 Sedwick Road, Durham, NC 27713-4446. It has no members who are citizens of Puerto Rico. The 2021 annual report that is filed with the state of North Carolina lists Greg Lindberg as a member.

80.     Defendant Gilford Asset Management, LLC ("Gilford Asset") is a Delaware limited liability company. It has no members who are citizens of Puerto Rico.

81.     Defendant Global Growth Holdings, Inc. ("Global Growth") is a Delaware corporation with its principal place of business in North Carolina. It controls a portfolio of companies ultimately owned and controlled by Greg E. Lindberg. Prior to the filing of the

Chapter 15 Case, this portfolio included PBLA.  Global Growth is an alter ego of Lindberg and Eli Global.

82.    Defendant Greenfield Capital, LLC is a North Carolina limited liability company with its principal place of business located at 2222 Sedwick Road, Durham, NC 27713-4446.  It has no members who are citizens of Puerto Rico.  The 2020 annual report that is filed with the state of North Carolina lists Greg Lindberg as a member.

83.    Defendant Hampton Asset Management, Inc. is a Delaware Limited Liability Company, with its principal place of business in North Carolina.  It has no members who are citizens of Puerto Rico.

84.    Defendant Healthlink Holdings, LLC is a North Carolina limited liability company with its principal place of business located at 2222 Sedwick Road, Durham, NC 27713-4446.  It has no members who are citizens of Puerto Rico.  The 2021 annual report that is filed with the state of North Carolina lists Greg Lindberg as the manager.

85.    Defendant Hooksett, LLC is a Delaware limited liability company. It has no members who are citizens of Puerto Rico.

86.    Defendant Iron City Asset Management, Inc. is a Delaware limited liability company with its principal place of business in North Carolina.  It has no members who are citizens of Puerto Rico.

87.    Defendant Jackson Asset Management, Inc. is a Delaware Limited Liability Company with its principal office in North Carolina.

88.    Defendant Lilac Six, LLC is a North Carolina limited liability company with its principal place of business located at 2222 Sedwick Road, Durham, NC 27713-4446.  It has no

members who are citizens of Puerto Rico.  The 2021 annual report that is filed with the state of North Carolina lists Greg Lindberg as a member.

89.    Defendant Macon, LLC is a North Carolina limited liability company with its principal place of business located at 2222 Sedwick Road, Durham, NC 27713-2655.  The 2021 annual report lists Greg Lindberg as a member.  It has no members who are citizens of Puerto Rico.

90.    Defendant Morning Mountain Holdings, LLC is a North Carolina limited liability company with its principal place of business located at 2222 Sedwick Road, Durham, NC 27713-4446.  It has no members who are citizens of Puerto Rico.  The 2021 annual report that is filed with the state of North Carolina lists Christa Miller as Manager.  However, the 2020 annual report that is filed with the state of North Carolina lists Greg Lindberg as a member.

91.    Defendant New England Capital, LLC is a North Carolina limited liability company with its principal place of business located at 2222 Sedwick Road, Durham, NC 27713-4446.  It has no members who are citizens of Puerto Rico.  The 2021 annual report that is filed with the state of North Carolina lists Greg Lindberg as Manager.

92.    Defendant NIH Capital, LLC is a North Carolina limited liability company with its principal place of business located at 2222 Sedwick Road, Durham, NC 27713-4446.  It has no members who are citizens of Puerto Rico.  The 2021 annual report that is filed with the state of North Carolina lists Greg Lindberg as Manager.

93.    Paradise Asset Management, LLC is a Delaware limited liability company with its principal place of business located at 251 Little Falls Drive, Wilmington, Delaware.  It has no members who are citizens of Puerto Rico.

94.     Defendant Parallel Capital Assets, LLC is a North Carolina limited liability company with its principal place of business located at 2222 Sedwick Road, Durham, NC 27713-2655.  The 2021 annual report filed with the state of North Carolina lists Christa Miller as the Chief Financial Officer and Border Credit Advisors, LLC as the manager. The prior 2019 annual report filed with the state of North Carolina listed Greg Lindberg as the managing member.  It has no members who are citizens of Puerto Rico.

95.     Red Begonia, LLC is a North Carolina limited liability company with its principal place of business located at 2222 Sedwick Road, Durham, NC 27713-4446.  It has no members who are citizens of Puerto Rico.  The 2021 annual report that is filed with the state of North Carolina lists Greg Lindberg as a member.

96.     Defendant Satori Waters, LLC is a Florida limited liability company with its principal place of business at 6831 NW 20th Avenue, Fort Lauderdale, FL 33309-1505. It has no members who are citizens of Puerto Rico.

97.     Defendant Sedwick, LLC ("Sedwick") is a North Carolina limited liability company with its principal place of business located at 2222 Sedwick Road, Durham, NC 27713-4446.  It has no members who are citizens of Puerto Rico.  The 2021 annual report that is filed with the state of North Carolina lists Border Credit Advisors LLC as Manager. However, the 2020 annual report that is filed with the state of North Carolina lists Greg Lindberg as a Member.

98.     Defendant Standard Advisory Services, Ltd is a Malta-based limited company with a registered address at Orange Point, Dun Karm Street, Birkirkara, Malta.

99.     Defendant Standard Financial Limited ("Standard Financial") is a Malta based limited company located at 171 Old Bakery Street, Valletta, Malta.  Lindberg is listed as a director of the company and Standard Financial is an affiliate of PBLA and the other Lindberg-

-19-

controlled entities. At various times Standard Financial received certain sums ultimately transferred from the trust, through PBLA.

100.    Defendant Standard Investment Capital, Ltd is a Malta-based limited company with a registered address at Orange Point, Dun Karm Street, Birkirkara, Malta.

101.    Defendant Summerville Asset Management, LLC is a Delaware limited liability company with a registered agent listed as Corporation Service Company located at 251 Little Falls Drive, Wilmington, Delaware, 19808.  It has no members who are citizens of Puerto Rico.

102.    Defendant Treatment Resources of Margate, Inc. was a Florida corporation that is listed as inactive.  It either has no principal place of business, or it is located in Florida.  Its registered agent is listed as Douglas O'Keefe, Esq. at 6831 NW 21st Avenue, Suite 100, Fort Lauderdale, FL 33309.

103.    Defendant Tybee Island Asset Management, Inc. is a Delaware liability company. It has no members who are citizens of Puerto Rico.

104.    Defendant UKAT Investments Limited ("UKAT Investments") is an English limited liability company with a listed registered agent of UK Addiction Treatment Group Unit 1 and a registered address Imperial Place, Maxwell Road, Borehamwood, England, WD6 1JN. It has no members who are citizens of Puerto Rico.

105.    Defendant Weare, LLC ("Weare") is a Delaware limited liability.  It has no members who are citizens of Puerto Rico.

106.    Defendant Yellow Lotus, LLC ("Yellow Lotus") is a North Carolina limited liability company with its principal place of business located at 2222 Sedwick Road, Durham, NC 27713-4446.  It has no members who are citizens of Puerto Rico.  The 2021 annual report that is filed with the state of North Carolina lists Greg Lindberg as the manager.

107.    Defendant Yellow Sunflower, LLC ("Yellow Sunflower") is a North Carolina limited liability company with its principal place of business located at 2222 Sedwick Road, Durham, NC 27713-4446.  It has no members who are citizens of Puerto Rico.  The 2021 annual report that is filed with the state of North Carolina lists Greg Lindberg as a member.

**Relevant Background**

**A.    Creation of the Trust Agreements and Trust Accounts**

114.    On or about June 30, 2017, PBLA and ULICO entered into a coinsurance/reinsurance agreement (the "Reinsurance Agreement") whereby PBLA agreed to reinsure certain policies issued by ULICO.

115.    The Reinsurance Agreement required PBLA to fund certain trust accounts (collectively referred to as "Trust") as security for the insurance liabilities covered under the Reinsurance Agreement.

116.    The Reinsurance Agreement assigned Wilmington Trust as the Trustee to the Trust.

117.    Broadly, PBLA was to reinsure certain policy responsibilities of ULICO.  Those reinsurance obligations were collateralized through the Trust.  An investment manager was appointed to manage the Trust assets consistent with the investment guidelines.  The Trust was to have, at all times, at least 105% of ULICO's necessary statutory reserves.  In the event that the assets in the Trust accounts exceeded the amount of required reserves, under certain circumstances, PBLA was entitled to withdraw those amounts in excess of the reserves required under the agreements.  In essence, PBLA was responsible to make sure that adequate funds were always available in the Trust in return for the ability to earn the upside of investing the trust assets in a manner that exceeded the amounts that were required to be in the Trust Accounts.

-21-

118.    On February 16, 2018, the Trustee, PBLA, and ULICO, executed a comfort trust agreement and reinsurance trust agreement establishing the Trust at Bank of New York Mellon.

**B. Fraudulent Transfer History**

119.    Subsequent to the time the funds were transferred to the Trust by ULICO, on or around July 6, 2017, monies were transferred out of the Trust by PBLA to affiliates owned by Lindberg and his various other corporate entities (the "Lindberg Affiliate Defendants"). Those entities operate together as alter-egos as one another such that there is no legal distinction between the Lindberg Affiliate Defendants and Lindberg.

120.    Prior to the Bermuda Court's Order as to PBLA, PBLA under the direction of Lindberg, siphoned off more than $500 million of funds from the Trust (referred to as the "Trust Proceeds") to Lindberg and his affiliated entities in an effort to hinder, defraud and delay recovery to creditors, including ULICO.

121.    At one time, and as described more thoroughly below, each of the named Defendants were either recipients of such transfers from the Trust or directed transfers out of the Trust to other entities for their own eventual enrichment.

122.    At times, the Lindberg Affiliate Defendants, Financial Institution Defendants, and Hutchison Law Group received cash transfers from a bank account held at either Wilmington Trust or BNY Mellon, over which PBLA had control, that held the assets of the Trust. Those Accounts are listed below:

a.    PBLA-ULICO 2017 - Wilmington Trust Account;

b.    Private Bankers L&A Co LTD (Bermuda) Wilmington Trust Account;

c.    PBLA-ULICO 2017 Comfort Trust -Wilmington Trust Account;

d.    PBLA – ULICO 2017 Reinsurance Trust BNY Mellon Account; and

    e.   PBLA-ULICO 2017 Comfort Trust BNY Mellon Account

123.    Where a Defendant would receive a cash transfer from one of the accounts listed above, PBLA acted as a lender to loan money to certain entities and the funds for certain loans that were consequently withdrawn from the Trust.

## Known Fraudulent Transfers To Date

### A.    Defendant Financial Institutions Transfers

124.    The following is a summary of the transfers known to ULICO at this time for each Financial Institution Defendant. ULICO believes there are several other transfers that will be recovered through discovery.

125.    On four separate occasions, as outlined below, Morgan Stanley Senior Funding, Inc. received cash disbursements that were initiated by PBLA from the PBLA ULICO 2017 bank account at Wilmington Trust  totaling at least $825,000.00.

    b.    July 21, 2017 – cash distribution for $325,000.000;
    c.    July 26, 2017 – cash distribution for $175,000.00;
    d.    September 5, 2017 – cash distribution for $75,000; and
    e.    October 20, 2018 – cash distribution for $250,000.00.

126.    On three separate occasions, as outlined below, UBS Financial Services received cash disbursements that were initiated by PBLA from the PBLA ULICO 2017 bank account at Wilmington Trust totaling at least $30,763,543.83.

    a.    July 11, 2017 – cash distribution for $30,010,000.00;
    b.    July 11, 2017 – cash distribution for $616,104.70; and
    c.    December 19, 2018 – cash distribution for $137,439.13

127.    On at least one occasion, on July 7, 2017, Bryn Mawr Trust company received a cash distribution transfer that was initiated by PBLA from PBLA ULICO 2017 bank account at account at Wilmington Trust for $17,895,923.23.

-23-

128.    On at least four separate occasions, as outlined below, Credit Suisse AG received

a cash distribution transfer that was initiated by PBLA from PBLA ULICO 2017 bank account at

account at Wilmington Trust  totaling at least $16,732,100.00.

   a.  November 7, 2017 cash distribution for $3,264,800.00;
   b.  December 1, 2017 – cash distribution for $2,856,700.00;
   c.  April 4, 2018 – cash distribution for $8,162,000.00; and
   d.  April 4, 2018 – cash distribution for $2,448,600.00

**B.    Lindberg Affiliate Defendant Transfers**

108.    The following is a summary of each of the transfers known to ULICO at this time.

ULICO believes there are several other transfers that will be recovered through discovery.  As

clearly shown by the following allegations addressed below, these transfers were complicated,

often exchanging several hands amongst each of the Lindberg Affiliate Defendants.  For ease of

reference, the transfers affiliated with each Defendant are separately pled below by Defendant.

**a.    Academy Financial Assets, LLC**

109.    On December 27, 2017, PBLA purchased from Defendant Academy Financial

Assets, LLC ("Academy Financial") its interest in a promissory note with SNA Capital, LLC for

$2,700,000.00.  The agreement was executed by Defendant Greg Lindberg on behalf of both

Defendant Academy Financial Asset, LLC and PBLA.

110.    On the same day, December 27, 2017, an outbound cash disbursement via wire

transfer was made from the Private Bankers L&A Co. Ltd. (Bermuda) Wilmington Trust bank

account to Academy Financial for $2,700,000.00, on behalf of PBLA.

111.    Then, on December 29, 2017, PBLA purchased from Academy Financial its

interest in another promissory note with SNA Capital, LLC for $6,000,000.00.  The agreement

was executed by Defendant Greg Lindberg on behalf of both Academy Financial and PBLA.

112.    On the same day, December 29, 2017, an outbound cash disbursement via wire transfer was made from the Private Bankers L&A Co. Ltd. (Bermuda) Wilmington Trust bank account to Academy Financial for $6,500,000.00, on behalf of PBLA.

113.    Then, on February 1, 2018, PBLA loaned Academy Financial $34,000,000.00. Defendant Greg Lindberg signed the loan agreement on behalf of PBLA and Academy Financial.

114.    On the same day, February 1, 2018, an outbound cash disbursement via wire transfer was made from the Private Bankers L&A Co. Ltd. (Bermuda) Wilmington Trust bank account to Academy Financial for $14,000,000.00, on behalf of PBLA.

115.    On March 20, 2019, PBLA assigned its rights and interests in the $6,000,000.00 Academy Financial and ERX Holdings, LLC loan.  This agreement was executed by Defendant Chris Herwig on behalf of PBLA and the Bank of New York Mellon on behalf of the Trust.

116.    On March 29, 2019, PBLA assigned its rights and interests in the $24,000,000.00 Capital Assets Fund, I LLC loan for $2,163,151.50, paid by Academy Financial.

117.    On June 28, 2019, PBLA assigned its rights and interests in the $20,000,000.00 February 1, 2018 Academy Financial and Colorado Bankers Life Insurance Company loan to the Trust. The agreement is executed by Defendant Chris Herwig on behalf of PBLA.  The agreement is unsigned as to the Bank of New York Mellon, as Trustee.

### b.    Atlas Financial Investments, LLC

118.    On December 27, 2017, PBLA purchased from Atlas Financial Investments, LLC ("Atlas Financial") 50 Class B units of Certrek Group for $2,329,760.00.  Defendant Greg Lindberg signed the sale agreement on behalf of both Atlas Financial Investments, LLC and PBLA.

119.    On the same day, December 27, 2017, an outbound cash disbursement via wire transfer was made from the Private Bankers L&A Co. Ltd. (Bermuda) Wilmington Trust bank account to Atlas Financial for $2,329,760.00, on behalf of PBLA.

120.    On December 28, 2017, PBLA purchased from Atlas Financial additional securities for $4,340,801.00.  Defendant Greg Lindberg signed the sale agreement on behalf of both Atlas Financial Investments, LLC and PBLA.

121.    On the same day, on December 28, 2017, an outbound cash disbursement via wire transfer was made from the Private Bankers L&A Co. Ltd. (Bermuda) Wilmington Trust bank account to Atlas Financial for $4,340,801.00, on behalf of PBLA.

122.    Then, on December 29, 2017, PBLA purchased from Atlas Financial its interests and obligations in an underlying promissory note initially executed by CMC Holding Company, LLC on June 24, 2017, for $5,170,027.00.  Defendant Greg Lindberg signed the sale agreement on behalf of both Atlas Financial and PBLA.

123.    On the same day, December 29, 2017, an outbound cash disbursement via wire transfer was made from the Private Bankers L&A Co. Ltd. (Bermuda) Wilmington Trust bank account to Atlas Financial for $5,170,027.00, on behalf of PBLA.

124.    On January 22, 2018, PBLA purchased from Atlas Financial 6,000,000 preferred units of ERX Holdings, LLC for $6,000,000.00. Defendant Greg Lindberg signed the sale agreement on behalf of both PBLA and Atlas Financial.

125.    On January 29, 2018, an outbound cash disbursement via wire transfer was made from the PBLA-ULICO 2017 Wilmington Trust bank account to Atlas Financial for $6,000,000.00, on behalf of PBLA.

126.    On March 20, 2019, PBLA assigned its rights and interests in the $6,000,000.00 Atlas Financial and SNA Capital, LLC loan to the Trust.  This agreement was executed by Defendant Chris Herwig on behalf of PBLA and the Bank of New York Mellon on behalf of the Trust.

### c.    BLH Capital, LLC

127.    On January 22, 2018, PBLA purchased a promissory note from BLH Capital, LLC ("BLH") previously entered into with Global Insurance Capital for $10,000,000.00, Defendant Greg Lindberg signed the sale and repurchase agreement on behalf of PBLA and BLH Capital, LLC.

128.    On January 23, 2018, an outbound cash disbursement via wire transfer was made from the PBLA-ULICO 2017 Wilmington Trust bank account to BLH Capital, LLC for $10,000,000.00, on behalf of PBLA.

129.    On March 20, 2019, PBLA assigned its rights and interests in the $10,000,000.00 BLH and Global Insurance Capital loan, to the Trust. This agreement was signed by Defendant Chris Herwig on behalf of PBLA and the Bank of New York Mellon on behalf of the Trust.

### d.    Capital Asset Management I, LLC

130.    Capital Assets Management I, LLC ("CAM I") received at least three separate cash transfers from PBLA totaling approximately $28,591,000.00 beginning on or about December 27, 2017 and continuing through December 29, 2017.  Each transfer was initiated by PBLA, at the direction of Lindberg.

-27-

### e.    Capital Assets Management II, LLC

131.    On January 22, 2018, PBLA purchased from Capital Assets Management II, LLC ("CAM II") its rights and interests in an underlying loan to Eli Research, LLC for $6,000,000.00. Defendant Greg Lindberg signed the sale agreement on behalf of PBLA and CAM II.

132.    On January 23, 2018, an outbound cash disbursement via wire transfer was made from the PBLA-ULICO 2017 Wilmington Trust bank account to CAM II for $6,000,000.00, on behalf of PBLA

133.    On March 20, 2019, PBLA assigned its rights and interests in the $6,000,000.00 CAM II and Eli Research, LLC, loan to the Trust. This agreement was executed by Defendant Chris Herwig on behalf of PBLA and the Bank of New York Mellon on behalf of the Trust.

### f.    Capital Assets Management III, LLC

134.    On January 23, 2018, an outbound cash disbursement via wire transfer was made from the PBLA-ULICO 2017 Wilmington Trust bank account to Capital Assets Management, III, LLC ("CAM III") for $25,000,000.00, on behalf of PBLA.

135.    On March 20, 2019, PBLA assigned its rights and interests in the $25,000,000.00 loan between CAM III and Defendant Academy Association.  This agreement was executed by Defendant Chris Herwig on behalf of PBLA and the Bank of New York Mellon on behalf of the Trust.

### g.    Carnation Three, LLC

136.    On July 7, 2017, PBLA loaned Carnation Three, LLC ("Carnation Three") $18,000,000.00.  Defendant Greg Lindberg signed the loan agreement on behalf of PBLA and Defendant Chris Herwig signed on behalf of Carnation Three.

137.    On July 7, 2017, an outbound cash disbursement via wire transfer was made from the PBLA-ULICO 2017 Wilmington Trust bank account to Carnation Three for $18,000,000.00, on behalf of PBLA.

### h.  Flowery Branch, LLC

138.    On July 7, 2017, PBLA loaned Flowery Branch, LLC ("Flowery Branch") $10,129,912.33.

139.    On July 7, 2017, an outbound cash disbursement via wire transfer was made from the PBLA-ULICO 2017 Wilmington Trust bank account to Flowery Branch $10,129,912.33, on behalf of PBLA.

### i.  Forsyth, LLC

140.    On July 7, 2017, PBLA loaned Forsyth, LLC ("Forsyth") $16,394,024.00. Defendant Greg Lindberg signed on behalf of PBLA and Defendant Chris Herwig signed on behalf of Forsyth.

141.    On July 7, 2017, an outbound cash disbursement via wire transfer was made from the PBLA-ULICO 2017 Wilmington Trust bank account to Forsyth for $16,394,024.00, on behalf of PBLA.

### j.  Global Bankers Insurance Group, LLC

142.    Global Bankers Insurance Group, LLC received at least three separate cash transfers from PBLA totaling approximately $8,107,762.10 beginning on March 20, 2018 and continuing through November of 2018.  Each transfer was initiated by PBLA, at the direction of Lindberg.

-29-

### k.  Global Insurance Capital, LLC

143.    On December 27, 2017, PBLA purchased from Global Insurance Capital, LLC ("Global Insurance Capital") a promissory note to New Hill Asset Management, LLC for $2,700,000.00.  Defendant Greg Lindberg signed the agreement on behalf of PBLA and Global Insurance Capital.

144.    On December 27, 2017, an outbound cash disbursement via wire transfer was made from the Private Bankers L&A Co. Ltd. (Bermuda) Wilmington Trust bank account to Global Insurance Capital for $2,700,000.00, on behalf of PBLA.

145.    Then, on the next day, on December 28, 2017, PBLA purchased from Global Insurance Capital another promissory note also originally entered with New Hill Asset Management, LLC for $4,000,000.00.  Defendant Greg Lindberg signed the sale agreement on behalf of PBLA and Global Insurance Capital.

146.    On December 28, 2017, an outbound cash disbursement via wire transfer was made from the Private Bankers L&A Co. Ltd. (Bermuda) Wilmington Trust bank account to Global Insurance Capital for $4,000,000.00, on behalf of PBLA.

147.    On December 29, 2017, PBLA purchased from Global Insurance Capital its interest and rights in promissory notes entered into with New Hill Asset Management, LLC, Eli Research, LLC, and NIH Capital, LLC for $5,000,000.00.  Defendant Greg Lindberg signed the sale agreement on behalf of PBLA and Global Insurance Capital.

148.    On December 29, 2017, an outbound cash disbursement via wire transfer was made from the Private Bankers L&A Co. Ltd. (Bermuda) Wilmington Trust bank account to Global Insurance Capital for $5,500,000.00, on behalf of PBLA.

149.    On January 22, 2018, PBLA purchased from Global Insurance Capital its rights and interests in the loans made to Academy Association for $6,243,836.00.  Defendant Greg Lindberg signed the sale agreement on behalf of PBLA and Global Insurance Capital.

150.    On January 23, 2018, an outbound cash disbursement via wire transfer was made from the PBLA-ULICO 2017 Wilmington Trust bank account to Global Insurance Capital for $6,000,000.00, on behalf of PBLA.

151.    On March 20, 2019, PBLA assigned its rights and interests in the $5,720,603.00 Global Insurance Capital and Academy Association June 1, 2017 promissory note to the Trust. This agreement was -signed by Defendant Chris Herwig on behalf of PBLA and the Bank of New York Mellon on behalf of the Trust.

152.    On March 20, 2019, PBLA assigned its rights and interests in the $523,233.00 Global Insurance Capital and Academy Association Mary 3, 2017 promissory note to the Trust. This agreement was signed by Defendant Chris Herwig on behalf of PBLA and the Bank of New York Mellon on behalf of the Trust.

### l.    Hutchison Law Group, PLLC

153.    Beginning on n December 27, 2017 and continuing through January of 2018 Hutchison Law Group, PLLC received at least two separate cash transfers from PBLA totaling approximately $16,868,371.00.  These transfers originated from the PBLA-ULICO Wilmington Trust bank account.  Each transfer was initiated by PBLA, at the direction of Lindberg.

### m.    Itech Funding, LLC

154.    On November 7, 2017, Global Bankers Insurance Group sent a letter to Wilmington Trust notifying Wilmington Trust that Chris Herwig, on behalf of PBLA, authorized the transfer of $8,000,000.00 to Defendant Itech Funding, LLC ("ITech")

155.    On the same day, November 7, 2017, PBLA assigned its rights and interests in the $8,000,000 iTech loan to the Trust.

156.    On December 27, 2017, an outbound cash disbursement via wire transfer was made from the Private Bankers L&A Co. Ltd. (Bermuda) Wilmington Trust bank account to iTech for $8,069,041.00.

### n.    Kite Asset Management, Inc.

157.    On January 4, 2019, Defendant Kite Asset Management, LLC ("Kite Asset Management") assigned Deed of Trust to 2222 Sedwick Road in Durham, North Carolina 24713 to the Trust.

158.     Kite Asset Management, LLC received at least one cash transfer from PBLA totaling approximately $91,356.92 on or about February 28, 2019.  This transfer originated from the Wilmington Trust bank accounts. The transfer was initiated by PBLA, at the direction of Lindberg.

### o.    Netherlands Insurance Holding, Inc.

159.    Netherlands Insurance Holdings, Inc. received at least one cash transfer from PBLA totaling approximately $8,000,000.00 on or about January 23, 2018.  This transfers originated from the Wilmington Trust bank accounts. The transfer was initiated by PBLA, at the direction of Lindberg.

### p.    AAPC Holdings, LLC

160.    On June 14, 2019, BNY Mellon, as trustee of the PBLA ULICO Trust, purchased 1,190,074 Class B preferred units of AAPC Holdings, LLC ("AAPC") for $1,900,074.31.  The transfer was initiated by PBLA, at the direction of Lindberg.

-32-

161.    On April 1, 2019, an outbound cash disbursement wire transfer was made from PBLA-ULICO 2017 Comfort Trust BNY Mellon bank account to AAPC for $212,713.43, on behalf of PBLA.  The transfer was initiated by PBLA, at the direction of Lindberg.

### q.    AGH Parent, LLC

162.    On December 26, 2018, PBLA purchased from PB Holdings, Ltd., a Bermuda company 6,600 Preferred Units in AGH Parent, LLC for $806,688.00.  Defendant Greg Lindberg executed this agreement on behalf of PB Holdings, Ltd., PBLA, and AGH Parent, LLC.

163.    On or around December 26, 2018, PBLA presumably directed a transfer from the Trust to PB Holdings Ltd., in consideration for the purchase of Preferred Units in AGH Parent.

164.    On February 1, 2019 PBLA assigned its rights and interests in its Class B-1 and Class C Preferred Units in AGH Parent, LLC to the Trust.  This agreement is signed and executed by Defendant Greg Lindberg on behalf of PBLA and AGH Parent, LLC.

### r.    ASIM Holdings, LLC

165.    On September 29, 2017, Flemington, LLC loaned ASIM Holdings, LLC ("ASIM") $12,000,000.00.

166.    On November 3, 2017, Northstar Financial Services Ltd.'s assigned its rights and interests in the ASIM loan to PBLA, in exchange for its rights and interests in a Dahlia Ten loan.

### s.    ASL Holdings, LLC

167.    On March 29, 2019, the Trust purchased preferred units from ASL Holdings, LLC ("ASL") for $3,000,000.00.

168.    On the same day, March 29, 2019, BNY Mellon, as the Trustee, authorized the transfer of ASL preferred equity to the Trust in exchange for the $3,000,000.00, on behalf of PBLA.

### t.      Atkinson, LLC

169.    On May 19, 2017, Cygnet 002 Master Trust Series 216-B, a Delaware statutory trust ("Cygnet 002"), loaned Defendant Atkinson, LLC ("Atkinson") $4,173,142.32.

170.    On July 7, 2017, Cygnet 002 assigned its rights and interests in the Atkinson loan to PBLA for $4,173,142.32, which was transferred from the Trust on behalf of PBLA. Defendant Greg Lindberg executed the agreement on behalf of all parties, including PBLA.

### u.      Augusta Asset Management, Inc.

171.    On December 6, 2017, PBLA loaned Defendant Augusta Asset Management, Inc. ("Augusta") $24,000,000.00.

172.    On December 6, 2017, an outbound cash disbursement via wire transfer was made from the PBLA-ULICO 2017 Wilmington Trust bank account to "SEI Private Non Qual Wells Fargo Bank account" for $24,000,000.00, on behalf of PBLA.

173.    Simultaneously, on December 6, 2017, PBLA assigned its rights and interest in the Augusta loan to the Trust.

174.    Then, on June 21, 2018, at the direction of PBLA, the Bank of New York Mellon, as Trustee for the Trust, assigned a portion of its rights and interests under the Augusta loan to Colorado Bankers Life Insurance Company for $6,000,000.00.

175.    Again, on August 27, 2018, at the direction of PBLA,the Trust assigned a portion of its rights and interests under the Augusta loan to Colorado Bankers Life Insurance Company for $5,000,000.00.  The agreement is signed by Defendant Greg Lindberg on behalf of Colorado Bankers Life Insurance Company, and there is no signature for PBLA ULICO Reinsurance Trust.

### v.      Begonia Eight, LLC

-34-

176.    On December 28, 2017, PBLA loaned Defendant Begonia Eight, LLC ("Begonia Eight") $8,981,250.00. Defendant Greg Lindberg signed on behalf PBLA as the lender and Defendant Chris Herwig signed on behalf of Defendant Begonia Eight.

177.    On the same day, December 28, 2017, Global Bankers Insurance Group sent a letter to Wilmington Trust notifying Wilmington Trust that Chris Herwig, on behalf of PBLA, authorized the transfer of $8,981,250.00 to Begonia Eight.

178.    On December 28, 2017 an outbound cash disbursement wire transfer was made from PBLA-ULICO 2017 Wilmington Trust bank account to "SEI Private Non Qual, Wells Fargo bank account" for $8,981,250.00, on behalf of PBLA.

179.    On December 28, 2017, PBLA assigned its rights and interests in the Begonia Eight loan to the Trust.  The assignment agreement is executed by Defendant Greg Lindberg on behalf of PBLA.

### w.    Blue Daffodil, LLC

180.    On January 8, 2018, Colorado Bankers Life Insurance Company loaned Defendant Blue Daffodil, LLC ("Blue Daffodil") $21,450,000.00 for a discounted purchase price of $15,444,000.00.

181.    On January 8, 2018, Blue Daffodil loaned to Prairie E&L Management, LLC $21,450,000.00 for a discounted purchase price of $15,444,000.00.  Defendant Greg Lindberg signed the agreement on behalf of Prairie E&L Management, LLC and Defendant Chris Herwig signed on behalf of Blue Daffodil.

182.    On June 22, 2018, Colorado Bankers Life Insurance assigned its rights and interests in the Blue Daffodil loan to the Trust for $15,245,809.47.  A representative from BNY

Mellon, as Trustee, signed on behalf of the Trust.  Defendant Greg Lindberg signed on behalf of Colorado Bankers Life Insurance Company.

183.    On or around June 22, 2018, PBLA presumably directed a transfer from the Trust to Colorado Bankers Life Insurance Company in consideration for the assignment of the Blue Daffodil loan.

## x.    Blue Violet, LLC

184.    On June 11, 2018, Colorado Bankers Life Insurance Company loaned Blue Violet, LLC ("Blue Violet") $63,344,990.00.

185.    Subsequently, on June 29, 2018, Colorado Bankers Life Insurance Company assigned a portion of its rights and interests in the Blue Violet loan to the Trust for $41,666,667.00.  The agreement was executed by Defendant Greg Lindberg on behalf of Colorado Bankers Life Insurance Company.

186.    On or around June 29, 2018, PBLA presumably directed a transfer from the Trust to Colorado Bankers Life Insurance Company for $41,666,667.00 in consideration of the assignment of the Blue Violet loan.

187.    On December 31, 2018, PBLA ULICO assigned a portion of its right and interests to Academy Financial in the Blue Violet loan for $12,476,550.97.  The Bank of New York Mellon, as Trustee executed the agreement on behalf of the Trust and Christa Miller signed on behalf of Academy Financial Assets, LLC

## y.    Capital Assets Fund I, LLC

188.    Defendant Capital Assets Fund I, LLC ("CAF I") received at least three cash transfers from PBLA totaling approximately $28,591,000.00 on or around December 27-29,

2017.  These transfers originated from the Wilmington Trust bank accounts. These transfers were purportedly for loans from PBLA and were initiated by PBLA, at the direction of Lindberg.

189.    On June 1, 2018, Colorado Bankers Life Insurance Company loaned CAF I $24,000,000.00, which constituted a portion of the larger principal loan.  Thomas Norton signed the agreement for CAF I and Defendant Greg Lindberg signed on behalf of Colorado Bankers Life Insurance Company.

190.    On November 13, 2018, Colorado Bankers Life Insurance Company assigned PBLA its rights and interests in the CAF I loan agreement for a purchase price of $2,211,129.09 from PBLA.

191.    On or around November 13, 2018, PBLA presumably directed a transfer from the Trust to Colorado Bankers Life Insurance Company for $2,211,129.09 in consideration of the assignment of the CAF I loan.

### z.    Capital Assets Fund II, LLC

192.    On March 29, 2019, Capital Assets Fund II, LLC ("CAF II") assigned its rights and interests in a term loan with CMC Holding Company, LLC to the Trust for the purchase price of $2,200,000.00.  Defendant Greg Lindberg executed the agreement on behalf of CAF II.

193.    On April 3, 2019, an outbound cash disbursement wire transfer was made from PBLA-ULICO 2017 BNY Mellon bank account to CAF II for $2,200,000.00, on behalf of PBLA.  This transfer was initiated by PBLA at the direction of Lindberg.

### aa.    Chatsworth Asset Management, LLC

194.    On November 10, 2017, Colorado Bankers Life Insurance Company and Southland National Insurance Company loaned Defendant Chatsworth Asset Management, Inc.

("Chatsworth") $35,000,000.00, whereby Southland National Insurance Company's share was $9,045,500.00.

195.    On May 31, 2018, Southland National Insurance Company assigned its rights and interests in the Chatsworth loan to the Trust for the purchase price of $9,054,500.00.

196.    On or around May 31, 2018, PBLA presumably initiated a transfer from the Trust for approximately $9,054,500.00 for consideration of the assignment of the Chatsworth loan.

### bb.    Chrysanthemum Two, LLC

197.    On June 28, 2017, Colorado Bankers Life Insurance Company and Vista Life & Casualty Reinsurance Company loaned Defendant Chrysanthemum Two, LLC ("Chrysanthemum Two") $15,000,000.00, where Vista Life & Casualty Reinsurance Company's portion of the loan was approximately $10,000,000.00.

198.    On August 15, 2018, Vista Life & Casualty Reinsurance Company assigned its rights and interests in the Chrysanthemum Two loan to PBLA for a purchase price of $9,945,005.60 from PBLA.

199.    On August 15, 2018, Chris Herwig, acting on behalf of PBLA, authorized a transfer from the Trust for $9,945,005.60, on behalf of PBLA.

### cc.    Dahlia Ten, LLC

200.    On November 3, 2017, PBLA loaned Dahlia Ten, LLC ("Dahlia Ten") approximately $13,734,332.90 in exchange for certain securities issued by Dahlia Ten.

201.    On November 3, 2017, Global Bankers Insurance Group sent a letter to Wilmington Trust notifying Wilmington Trust that Chris Herwig, on behalf of PBLA authorized two wire transfers from the Trust totaling $13,734,332.90 to purchase certain securities issued by

Dahlia Ten.  On the same day, November 3, 2017, PBLA assigned its rights and interests in the Dahlia loan to the Trust.

202.    On March 8, 2019, the Trust agreed to exchange its rights and interests in the Dahlia Ten loan to Northstar Financial Services Ltd., in exchange for Northstar's rights and interests in the following loans: Fortrex loan; IMW EMR loan; and ASIM loan. Defendant Chris Herwig signed the agreement on behalf of Northstar Financial Services Ltd.

### dd.    Daisy Seven, LLC

203.    On November 3, 2017, PBLA loaned Defendant Daisy Seven, LLC ("Daisy Seven") $15,779,788.30..

204.    On the same day, November 3, 2017, an outbound cash disbursement was made from the PBLA-ULICO 2017 Wilmington Trust bank account to "SEI Private Non Qual Wells Fargo Bank, NA " for $15,779,788.30, on behalf of PBLA.

205.    On November 3, 2017, Global Bankers Insurance Group sent a letter to Wilmington Trust notifying Wilmington Trust that Chris Herwig, on behalf of PBLA, authorized two transfers: one for the amount of $15,779,788.30 (listed above), and the other for $1,753,309.81, totaling $17,533,098.11 to Daisy Seven.

206.    On the same day, November 3, 2017, PBLA assigned its rights and interests under the loan and security agreement with Daisy Seven to the Trust

207.    Again, On November 3, 2017, PBLA assigned its rights and interest in the preferred units of Daisy Seven to the Trust.

### ee.    Drummond Group, LLC

208.    On July 29, 2016, Defendant Drummond Group, LLC, ("Drummond"), borrowed

$2,750,000.00 from various entities, including Defendant Academy Financial.  Defendant Chris

Herwig executed the loan and security agreement on behalf of Louisburg, LLC.

209.    Then, on March 29, 2019, Defendant Academy Financial sold its rights and

interests in the Drummond Group loan to the Trust for $2,163,151.50.  Christa Miller executed

the agreement on behalf of Defendant Academy Financial Assets, LLC.

210.    On or around March 29, 2019, PBLA presumably initiated a transfer from the

Trust to Academy Financial for $2,163,151.50 for consideration in the assignment of the

Drummond Group loan.

### ff.    Dunhill Holdings, LLC

211.    On December 29, 2017, Southland National Insurance Company sold its interest

in a loan issued to Dunhill on March 30, 2015 to PBLA.  Defendant Greg Lindberg signed the

participation agreement on behalf of both PBLA and Southland National Insurance Company.

212.    On December 29, 2017, Global Bankers Insurance Group sent a letter to

Wilmington Trust notifying Wilmington Trust that Defendant Chris Herwig, on behalf of PBLA,

authorized the transfer of $711,071.29 from the from the PBLA-ULICO 2017 Wilmington Trust

bank account in exchange for security interest in Dunhill.

213.    On December 29, 2017, an outbound cash disbursement via wire transfer was

made from PBLA-ULICO 2017 Wilmington Trust bank account to "SEI Private Non Qual Wells

Fargo Bank, NA" for $711,071.29, on behalf of PBLA.

-40-

### gg.    Englert Holdings, LLC

214.    On December 29, 2017, Southland National Insurance Company assigned 100% of its participation interest in its September 22, 2016 loan to Englert Holdings, LLC, to PBLA. Defendant Greg Lindberg signed the participation agreement on behalf of both PBLA and Southland National Insurance Company.

215.    On December 29, 2017, Global Bankers Insurance Group sent a letter to Wilmington Trust notifying Wilmington Trust that Chris Herwig, on behalf of PBLA, authorized the transfer of $2,584,500.00 to Defendant Englert Holdings ("Englert") from Wilmington Trust bank account (Account No. 122841) to purchase certain securities issued by Defendant Englert.

216.    On December 29, 2017, an outbound cash disbursement via wire transfer was made from PBLA-ULICO 2017 Wilmington Trust bank account to "SEI Private Non Qual Wells Fargo Bank, NA" for $2,584,500.00, on behalf of PBLA.

### hh.    Epping, LLC

217.    On May 19, 2017, Defendant Epping, LLC ("Epping") borrowed $4,173,142.32 from Cygnet 002" in the form of a term loan.

218.    On February 1, 2018, Cygnet 002 assigned to PBLA its rights and interest in the Epping loan for the purchase price of $4,210,805.47.

219.    On February 1, 2018, a transfer was made from the Trust for $4,173,142,32, on behalf of PBLA.

### ii.    Flagship Holdings, LLC

220.    On December 31, 2018, PBLA directed the Trust to make a capital contribution of $11,000,000.00 for membership interest in Defendant Flagship Holdings, LLC ("Flagship").

221.    On December 31, 2018, PBLA also made a separate capital contribution to Flagship for $14,000,000.00.

### jj.    Fleet Assist Interco Limited

222.    On July 19, 2017, Rose Four, LLC loaned Defendant Fleet Assist Investments Limited ("Fleet Assist") $9,512,142.00.  Defendant Chris Herwig executed this agreement on behalf of Rose Four, LLC.

223.    On May 14, 2018, PBLA assigned its rights to 399,118.139 non-voting preference shares of Fleet Assist to the Trust.

224.    On August 15, 2018, there was an outbound wire transfer from PBLA-ULICO 2017 Comfort BNY Mellon bank account for $20,500,598.00 to Fleet Assist, on behalf of PBLA.

### kk.    Fortrex, LLC

225.    Defendant Fortrex, LLC ("Fortrex") borrowed $2,400,000.00 from Defendant Jackson Asset Management, Inc. in the form of a term loan.  Defendant Greg Lindberg executed the loan agreement on behalf of Fortrex and Jackson Asset Management, Inc.

226.    On March 8, 2018, the Trust, at the direction of PBLA, purchased from Northstar Financial Services (Bermuda) Ltd. its rights and interests under the Fortrex loan for $1,000,233.64.  The agreement was executed by the Bank of New York Mellon, as Trustee to the Trust and Defendant Chris Herwig on behalf of Northstar Financial Services (Bermuda) Ltd.

### ll.    GBIG Capital, LLC

227.    On January 25, 2018, Defendant GBIG Capital, LLC ("GBIG Capital") received a transfer from the Trust totaling approximately $99,000,000.00.  The Transfer was made from the Private Bankers L&A Co. Ltd. (Bermuda) Wilmington Trust bank account. The transfer was initiated by PBLA, at the direction of Lindberg.

### mm. Geranium Two, LLC

228.    On September 5, 2017, PBLA loaned Defendant Geranium Two, LLC

("Geranium") $18,000,000.00, accounting a 50% share of a $36,000,000.00 term loan.

Defendant Greg Lindberg executed this agreement on behalf of both lenders, including PBLA,

and Defendant Chris Herwig executed the agreement on behalf of Defendant Geranium Two,

LLC.

229.    On the same day, September 5, 2017, PBLA assigned all of its rights and interests

under the Geranium two loan to the Trust.  Defendant Greg Lindberg executed the assignment

agreement on behalf of PBLA.

230.    On September 6, 2017, an outbound cash wire transfer was made from PBLA-

ULICO 2017 Wilmington Trust bank account to "Wealth Management Operations" at Region

Bank for $18,000,000.00, on behalf of PBLA.

### nn. Gilford Asset Management, LLC

231.    On August 2, 2017, Defendant Gilford Asset Management, LLC ("Gilford")

borrowed $33,000,000.00from (1) Southland National Insurance Corporation (33.33% share); (2)

Colorado Bankers Life Insurance Company (33.33% share); and (3) Vista Life & Casualty

Reinsurance Company (33.33%).

232.    On March 29, 2018, Colorado Bankers Life Insurance Company assigned its

rights and interests in the Gilford loan to the Trust for the purchase price $20,000,000.00.  PBLA

then directed the transfer of $20,000,000.00 from the Trust in consideration of the assignment of

the Gilford loan.

#### oo.    Greenfield, Capital, LLC

233.    On November 3, 2017, Colorado Bankers Life Insurance Company loaned Defendant Greenfield Capital, LLC ("Greenfield Capital") $24,423,507.00. Defendant Greg Lindberg executed the loan agreement on behalf of both Greenfield Capital and Colorado Bankers Life Insurance Company.

234.    On August 28, 2018, Colorado Bankers Life Insurance sold its rights and interests in the Greenfield Capital loan to the Trust for $13,000,000.00 (approximately 53% of the original loan). Defendant Greg Lindberg executed the agreement on behalf of Colorado Bankers Life Insurance Company and a representative from the Bank of New York Mellon executed the agreement as Trustee on behalf of PBLA ULICO Reinsurance Trust.

235.    On August 28, 2018, a transfer was initiated by PBLA from the Trust to Colorado Bankers Life Insurance Company for $13,000,000.00, on behalf of PBLA.

236.    On March 11, 2019, the Trust assigned its rights and interest in the Greenfield Capital loan to the Trust. A representative of the Bank of New York Mellon, as Trustee, executed the agreement on behalf of PBLA ULICO and the Comfort Trust, as Trustee for both.

#### pp.    Hampton Asset Management, Inc.

237.    On January 24, 2018, Defendant Hampton Asset Management, Inc. ("Hampton") sold 17,000,000 preferred shares of Triton Financial Limited to PBLA for $17,000,000. Defendant Greg Lindberg signed the agreement on behalf of PBLA and Hampton Asset Management, Inc.

238.    On the same day, January 24, 2018, PBLA assigned the Triton Financial Limited shares to the Trust. Defendant Gregory Lindberg signed the agreement on behalf of PBLA.

-44-

239.    On January 25, 2018, an outbound cash disbursement wire transfer was made from PBLA-ULICO 2017 Wilmington Trust bank account to Hampton for $17,000,000.00, on behalf of PBLA.

### qq.    Healthlink Holdings, LLC

240.    On September 6, 2017, Global Bankers Insurance Group sent a letter to Wilmington Trust Company, notifying Wilmington Trust Company that Chris Herwig, on behalf of PBLA, authorized the transfer of $13,400,000.00 from the Trust account to Healthlink Holdings, LLC ("Healthlink").

### rr.    Hooksett, LLC

241.    On May 19, 2017, Cygnet 002 loaned Defendant Hooksett, LLC ("Hookset") $4,173,142.33.

242.    On July 7, 2017, Cygnet 002 assigned its rights and interests in the Hookset loan to PBLA for $4,210,805.47.

243.    On July 7, 2017, an outbound cash disbursement wire transfer was made from the PBLA-ULICO Wilmington Trust bank account to Cygnet 002 Bryn Mawr Trust Company, for $17,895,923.23, on behalf of PBLA.

### ss.    Capital Assets Fund III

244.    On March 29, 2019 Capital Assets Fund III, LLC assigned its rights and interests in the IMW EMR, LLC ("IMW EMR") $21,000,000.00 loan to the Trust for the purchase price of $10,898,907.79.

245.    On March 29, 2019 a transfer was initiated by PBLA at the direction of Lindberg for $10,842,138.77 for the interest in the IMW EMR loan from the PBLA-ULICO 2017 BNY Mellon bank account.

-45-

      **tt.**      **Iron City Asset Management, Inc.**

246.    On January 25, 2018, PBLA purchased from Defendant Iron City Asset Management, Inc. ("Iron City") preferred stock in BRC Holdings, Inc. for $17,000,000.00.

247.    On March 29, 2019, Iron City assigned its rights and interests in a $49,000,000 loan made to PI Software Holdings, LLC to the Trust for $4,138,318.16.

248.    On or around March 29, 2019, PBLA directed a transfer to be made from the Trust account for $4,138,318.16 in consideration of the Iron City assignment.

      **uu.**      **Jackson Asset Management, Inc.**

249.    On January 24, 2018 Jackson Asset Management, Inc. ("Jackson Asset") sold 100 redeemable preference shares of Standard Malta Holdings, Ltd. to PBLA for €17,000,000. Defendant Greg Lindberg is the signatory for PBLA and Jackson Asset. on the sale and repurchase agreement.

250.    On January 25, 2018, an outbound cash disbursement wire transfer was made from PBLA-ULICO 2017 Wilmington Trust bank account to "SEI Private Non Qual" at Wells Fargo Bank, NA account for $20,944,000.00, on behalf of PBLA. The transfer was initiated by PBLA, at the direction of Lindberg.

251.    On April 12, 2018, Jackson Asset loaned Fortrex, LLC $2,400,000.

252.    On March 8, 2019, the Trust purchased from Northstar Financial Services (Bermuda) Ltd. the rights and interests in the Fortrex loan for a purchase price of $1,000,233.64.

253.    On or around March 8, 2019, PBLA directed a transfer from the Trust for $1,000,233.64 in consideration of the assignment of interests for the Fortrex loan.

### vv.   Lilac Six, LLC

254.    On August 23, 2017, Colorado Bankers Life Insurance Company, Southland National Insurance Company, and Vista Life & Casualty Reinsurance Company collectively provided a term loan to Defendant Lilac Six, LLC ("Lilac Six") for $49,000,000.00 with a discounted price of $40,180,000.00.

255.    On the same day, August 23, 2017, Lilac Six, loaned PI Software Holdings, LLC $49,000,000.00 with a discounted purchase price of $40,180,000.00.  Defendant Chris Herwig signed on behalf of Defendant Lilac Six.

256.    On August 15, 2018, Vista Life & Casualty Reinsurance Company assigned its rights and interest in the Lilac Six loan to the Trust for a purchase price of $13,175,793.29.

257.    On or around August 15, 2018, PBLA initiated a transfer from the Trust for $13,175,793.29 in consideration for the assignment of the Lilac Six loan.

### ww.   Macon, LLC

258.    On December 21, 2017, PBLA loaned Defendant Macon, LLC ("Macon") $22,026,641.00.  Defendant Chris Herwig executed the loan agreement on behalf of Macon and Defendant Greg Lindberg executed the agreement on behalf of PBLA.

259.    On December 21, 2017, Global Bankers Insurance Group sent a letter to Wilmington Trust Company notifying Wilmington Trust that Chris Herwig, on behalf of PBLA ULICO 2017, authorized the transfer of $15,859,181.52 to Macon .

260.    On December 21, 2017, an outbound cash disbursement via wire transfer was made from the PBLA-ULICO 2017 Wilmington Trust bank account to "SEI Private Non Qual at Wells Fargo Bank, NA" for $15,859,181.52, on behalf of PBLA.

### xx.    Morning Mountain Holdings, LLC

261.    On March 13, 2019, Academy Association, Inc., sold 100% of its membership interest in Morning Mountain Holdings, LLC ("Morning Mountain"), to the Trust for $1,200,000.00.  Defendant Greg Lindberg signed the membership interest contribution agreement on behalf of PBLA and Morning Mountain Holdings, LLC.

262.    On or around March 23, 2019, PBLA presumably initiated a transfer from the Trust for $1,200,000.00 to Academy Financial for the interest in Morning Mountain.

### yy.    New England Capital, LLC

263.    On November 7, 2017, PBLA loaned Defendant New England Capital, LLC ("New England") $12,000,000.00.

264.    On November 9, 2017, an outbound cash disbursement wire transfer was made from PBLA-ULICO 2017 Comfort Trust Wilmington Trust bank account to New England Capital for $12,000,000.00, on behalf of PBLA.

### zz.    NIH Capital, LLC

265.    On January 22, 2018, NIH Capital, LLC ("NIH Capital") sold to PBLA its rights and interests in an $8,000,000 loan to Academy Financial. Defendant Greg Lindberg signed the sale and repurchase agreement on behalf of PBLA and NIH Capital, LLC.

266.    On January 23, 2018, an outbound cash disbursement wire transfer was made from PBLA-ULICO 2017 Wilmington Trust bank account to Netherlands Insurance Holdings, Inc. for $8,000,000.00, on behalf of PBLA.

267.    On March 20, 2019, PBLA assigned its rights and interests in the $8,000,000.00 Academy Financial loan.  This agreement was signed by Defendant Chris Herwig on behalf of PBLA and the Bank of New York Mellon on behalf of the Trust.

### aaa.    Paradise Asset Management, LLC

268.    On February 14, 2019, Paradise Asset Management, LLC ("Paradise") transferred 50% of its shares of preferred units in Paradigm Park Holdings, LLC ("Paradigm Park") to the Trust for $3,036,906.76.

269.    On February 14, 2019, an outbound cash disbursement wire transfer was made by BNY Mellon to Paradise Asset Management, LLC for $3,036,906.76, on behalf of PBLA.

### bbb.    Parallel Capital Assets, LLC

270.    On January 23, 2018, an outbound cash disbursement wire transfer was made from the PBLA-ULICO 2017 Wilmington Trust bank account to Parallel Capital Assets, LLC ("Parallel Capital") for $14,000,000.00.  The transfer was initiated by PBLA, at the direction of Lindberg.

271.    On March 20, 2019, PBLA assigned its rights and interests in the $14,000,000.00 Parallel Capital loan to the Trust.

### ccc.    Red Begonia, LLC

272.    On March 27, 2018, PBLA loaned Red Begonia, LLC ("Red Begonia") $17,346,938.78.  Defendant Chris Herwig executed the agreement on behalf of Red Begonia, LLC and Defendant Greg Lindberg executed the agreement on behalf of PBLA.

273.    On March 27, 2018, PBLA assigned to the Trust its rights and interests in the Red Begonia loan.

274.    On March 27, 2018, PBLA initiated a transfer from the Trust for $17,346,938.78 in consideration of Red Begonia loan.

ddd.    **BRC Holdings, Inc.**

275.    On March 27, 2018, Red Begonia loaned BRC Holdings, Inc. ("BRC Holdings")

the $17,346,938.78 it received from PBLA in the Red Begonia loan.    Defendant Chris Herwig

executed the agreement on behalf of Red Begonia, LLC and Defendant Greg Lindberg executed

the agreement on behalf BRC Holdings, Inc.

eee.    **Satori Waters, LLC**

276.    On December 14, 2017, Global Bankers Insurance Group sent a letter to

Wilmington Trust notifying Wilmington Trust that Chris Herwig, on behalf of the Trust,

authorized the transfer of $3,723,293.33 to Defendant Satori Waters, LLC.

277.    On December 15, 2017, an outbound cash disbursement wire transfer was made

from Private Bankers L&A Co. Ltd. (Bermuda) Wilmington Trust bank account  to "SEI Private

Non Qual Wells Fargo Bank account" for $3,723,293.33, on behalf of PBLA.

278.    This transfer to SEI Private Non Qual bank account is presumably for the same

transfer authorized by Chris Herwig to Satori Waters.

fff.    **Sedwick, LLC**

279.    On March 31, 2017, Southland National Insurance Company loaned Sedwick,

LLC approximately $3,705,000.00.

280.    On December 29, 2017, PBLA purchased from Southland National Insurance

Company its rights and interest in a loan to Sedwick, LLC ("Sedwick") for $3,705,045.12.

281.    On December 29, 2017, Global Bankers Insurance Group sent a letter to

Wilmington Trust Company notifying Wilmington Trust that Defendant Chris Herwig, on behalf

of the Trust, authorized the transfer of $3,705,045.12 to Sedwick, LLC ("Sedwick").

282.    On December 29, 2017 an outbound cash disbursement wire transfer was made from PBLA-ULICO 2017 Wilmington Trust bank account to "SEI Private Non Qual, Wells Fargo bank account," for $3,705,045.12, on behalf of PBLA.

### ggg.    Bankers Life Insurance Company

283.    On August 29, 2017, Bankers Life Insurance Company assigned its rights and interests in the Sentinel Securities loan to the Trust for $15,000,000.00.  Lou Hensley signed the agreement on behalf of Bankers Life Insurance Company and a representative of Wilmington Trust signed on behalf of the Trust.

284.    On August 29, 2017, an outbound cash disbursement wire transfer was made from PBLA-ULICO 2017 Wilmington Trust bank account to Fifth Third Bank for $15,000,000.00, on behalf of PBLA.

285.    This transfer was presumably consideration for the assignment of the Sentinel Securities loan.

### hhh.    Standard Advisory Services, Ltd.

286.    On May 31, 2019, an outbound cash disbursement wire transfer was made from PBLA-ULICO 2017 BNY Mellon bank account to Standard Advisory Services, Ltd. for $2,462,000.00, on behalf of PBLA.

### iii.    Standard Financial Limited

287.    On August 17, 2017, an outbound cash disbursement was made from PBLA-ULICO 2017 Wilmington Trust bank account to Defendant Standard Financial Limited ("Standard Financial") for $5,290,225.24.  The transfer was initiated by PBLA, at the direction of Lindberg.

### jjj.    Standard Investment Capital, Ltd.

288.    On January 25, 2018, an outbound cash disbursement wire transfer was made from PBLA-ULICO 2017 Wilmington Trust bank account to Standard Investment Capital, LLC ("Standard Investment Capital") for $25,000,000.00.  The transfer was initiated by PBLA, at the direction of Lindberg.

289.    On March 20, 2019, PBLA assigned its rights and interests in the $25,000,000.00 promissory note entered into between Defendant Standard Investment, LLC and Standard Investment Holdings, Ltd.    This agreement was executed by Defendant Chris Herwig on behalf of PBLA and the Bank of New York Mellon on behalf of the Trust.

### kkk.    Treatment Resources of Margate, Inc.

290.    Beginning on December 15, 2017 and continuing through July 5, 2018, Defendant Treatment Resources of Margate, Inc. ("Treatment Resources") received several transfers from the Private Bankers L&A Co. Ltd. (Bermuda) Wilmington Trust bank account for a total of $2,164,821.92.  Each of these transfers were initiated by PBLA, at the direction of Lindberg.

### lll.    Summerville Asset Management, LLC

291.    On March 6, 2019, Summerville Asset Management, LLC assigned its rights and interests in a loan to TUX Holdings, LLC to PBLA ULICO for $3,111,202.98.

292.    On March 6, 2019, an outbound cash disbursement wire transfer was made from PBLA-ULICO 2017 BNY Mellon bank account to Summerville Asset Management, LLC for $3,111,202.98.

### mmm. Tux Holdings, LLC

293.    On March 13, 2019, a transfer was made from PBLA ULICO for $2,390,000.00 for the purchase of shares in Tux Holdings, LLC ("Tux").  This transfer was initiated by PBLA, at the direction of Lindberg.

294.    On March 13, 2019, Tux Holdings LLC executed its first amended and restated operating agreement, acknowledging PBLA ULICO as its sole member. Defendant Greg Lindberg signed the operating agreement as manager of Tux Holdings, LLC.

### nnn.    Tybee Island Asset Management, Inc.

295.    On December 1, 2017, an outbound cash disbursement wire transfer was made from PBLA-ULICO 2017 Wilmington Trust bank account to Defendant Tybee Island Asset Management, Inc. ("Tybee Island") for $24,000,000.00.  The transfer was initiated by PBLA, at the direction of Lindberg.

296.    On January 30, 2018, PBLA and the Trust loaned Tybee Island $26,000,000.00. PBLA's share of the loan was $2,000,000.00 and the Trust's share of the loan was $24,000,000.00.  The loan agreement was signed by Defendant Greg Lindberg on behalf of Defendant Tybee Island and on behalf of PBLA.

297.    On January 30, 2018, Global Bankers Insurance Group sent a letter to Wilmington Trust company notifying Wilmington Trust that Chris Herwig, on behalf of PBLA ULICO 2017, authorized the transfer of $2,000,000 to Tybee Island

298.    On January 30, 2018, an outbound cash disbursement wire transfer was made from PBLA-ULICO 2017 Wilmington Trust bank account to "SEI Private Non Qual, a Wells Fargo bank account", for $2,000,000.00, on behalf of PBLA.

299.    Simultaneously, PBLA assigned its rights and interests in $2,000,000.00 Tybee Island loan agreement to PBLA ULICO 2017.  The agreement is signed by Defendant Greg Lindberg on behalf of PBLA.

### ooo.    UKAT Investments Limited

300.    On August 3, 2018, PBLA loaned UKAT Investments Limited ("UKAT Investments") $20,263,150.00.

301.    On or around August 3, 2018, PBLA presumably initiated a transfer from the Trust to UKAT Investments for consideration of the loan.

302.    On June 6, 2019, PBLA assigned its rights and interests in the UKAT Investments loan to Forest Park Asset Management, LLC for $1,700,000.00, only a portion of the initial loan.

### ppp.    Weare, LLC

303.    On May 19, 2017, Cygnet 002 loaned Defendant Weare, LLC ("Weare") $2,086,571.16

304.    On July 7, 2017, Cygnet 002 assigned its rights and interests in the Weare loan to PBLA for approximately $2,086,571.16.

305.    On July 7, 2017, an outbound cash disbursement wire transfer was made from PBLA-ULICO 2017 Wilmington Trust bank account to Cygnet 002 for $17,895,923.23, on behalf of PBLA.  This transfer was initiated by PBLA, at the direction of Lindberg.

### qqq.    Yellow Lotus, LLC

306.    On December 28, 2017, PBLA loaned Yellow Lotus, LLC ("Yellow Lotus") $19,872,635.25.  Defendant Chris Herwig signed the agreement on behalf of Yellow Lotus and Defendant Greg Lindberg signed on behalf of PBLA.

307.    On the same day, December 28, 2017, PBLA assigned its rights and obligations in the Yellow Lotus loan to the Trust.  Defendant Greg Lindberg signed the assignment agreement on behalf of PBLA.

308.    On December 29, 2017, an outbound cash transfer was made via wire payment from the PBLA-ULICO 2017 Wilmington Trust bank account to "SEI Private Non Qual" with a Wells Fargo Bank Account, for the sum of $19, 872,635.25, on behalf of PBLA. This transfer was initiated by PBLA, at the direction of Lindberg.

### rrr.    Yellow Sunflower, LLC

309.    On May 29, 2018, PBLA loaned Yellow Sunflower, LLC ("Yellow Sunflower") an undisclosed amount.

310.    On the same day, May 29, 2018, PBLA assigned its rights and obligations of the Yellow Sunflower loan to PBLA ULICO 2017.  Defendant Greg Lindberg executed the assignment agreement on behalf of PBLA.

311.    On December 4, 2018, an outbound cash disbursement wire transfer from PBLA-ULICO 2017 BNY Mellon bank account to "SEI Private Trust Company" in reference to Yellow Sunflower for $533,082.95.  This transfer was initiated by PBLA, at the direction of Lindberg.

312.    The Lindberg Affiliate Defendants, the Financial Institution Defendants, and Hutchison Law Group are referred to collectively as (the "Voidable Transfer Defendants").

### Count I
### Voidable Transfer With Intent to Hinder, Delay or Defraud
*As to the Voidable Transfer Defendants*
(Under North Carolina General Statutes §39-23.4)

313.    Paragraphs 1 through 312 are incorporated and realleged here as if set forth in full.

314.    PBLA, through the direction of Lindberg and Herwig, entered into and executed hundreds of transactions withdrawing assets from the Trust and loaning the Trust's assets to various affiliates of Lindberg with knowledge of the effect such transactions would have on future creditors, mainly, ULICO.

315.    As reflected above, each of the Voidable Transfer Defendants received transfers, at the direction of PBLA, from the Trust.

316.    At the time of each transfer ULICO was either (1) a creditor of PBLA at the time the transfer was made or (2) became a creditor of PBLA subsequent to the transfer.

317.    Each transfer was made with the intent to hinder, delay, or defraud ULICO as a creditor of PBLA.

318.    Each transfer was conducted and made at a time where the Trust did not have sufficient funds to meet the minimum reserve requirement as required by the Reinsurance Agreement and PBLA did not have the financial capability of doing so.  Therefore, PBLA was insolvent.

319.    Defendant Greg Lindberg, an insider to PBLA, directed and facilitated each of the transfers to other Lindberg Affiliate Defendants, all of which also clearly operated as alter-egos of Lindberg.

320.    Additionally, at the time each transfer was made to a Voidable Transfer Defendant, Lindberg had the requisite knowledge that PBLA was insolvent at the time and did not have the funds available to cover its financial obligations under the Reinsurance Agreement.

321.    For each transfer that occurred between PBLA (as instructed by Defendants Greg Lindberg, Chris Herwig, and Christa Miller) and a Lindberg Affiliate Defendant, each of the Lindberg Affiliate Defendants acted as alter-egos of Defendant Lindberg himself.

-56-

322.    For each of the transfers that were between PBLA (as instructed by Defendants Greg Lindberg, Chris Herwig, and Christa Miller) and a Lindberg Affiliate Defendant the Lindberg Affiliate Defendant acted as alter-ego of Lindberg himself.

323.    At all relevant times, PBLA, Lindberg, or one of the Lindberg Affiliate Defendants, retained possession or control of the Trust Proceeds that were transferred from the Trust.

324.    For each of the transfers from the Trust to a Lindberg Affiliate Defendant, Lindberg, Herwig, and Miller acted to conceal that the Trust Proceeds for the sole benefit of Lindberg and his affiliated entities partners, including Chris Herwig and Christa Miller.

325.    For each of the transfers received by the Voidable Transfer Defendants, certain "badges of fraud" were present, including (1) the lack of adequate consideration for the transfers; (2) the close relationship between the entities involved in the transfers given Lindberg's dominion and control over the Lindberg Affiliate Defendants; (3) the retention of funds rightfully belonging to ULICO by Lindberg and his affiliated companies; (4) the cumulative effect of the serious and course of conduct involving the transfers given the large amount of money transferred to parties affiliated with Lindberg in a short time frame and therefore (5) the general chronology of the events and transactions under inquiry.

## Count II
### Voidable Transfer Without Receipt Of Reasonably Equivalent Value
*As to the Voidable Transfer Defendants*
(Under North Carolina General Statutes §39-23.4)

326.    Paragraphs 1 through 312 are incorporated and realleged here as if set forth in full.

327.    At the time of each transfer ULICO was either (1) a creditor of PBLA at the time the transfer was made or (2) became a creditor of PBLA subsequent to the transfer.

-57-

328.    Each transfer was made without receipt of reasonably equivalent value in exchange for the transfer or obligation.

329.    For each transfer, the Voidable Transfer Defendants engaged in a transfer or transaction for which the remaining assets of PBLA were unreasonably small in relation to the transfer or transaction.

330.    For each transfer, the Voidable Transfer Defendant intended for PBLA to incur, or believed PBLA would incur, debts beyond its ability to pay as they became due.

331.    For each transfer, the transfers were conducted by PBLA and made at a time where the Trust did not have sufficient funds to meet the minimum reserve requirement as required by the Reinsurance Agreement and PBLA did not have the financial capability of doing so.  Therefore, PBLA was insolvent.

332.    For each transfer, Defendant Greg Lindberg, an insider to PBLA, directed and facilitated each of the transfers to other Lindberg Affiliate Defendants, all of which also clearly operated as alter-egos of Lindberg.

333.    Additionally, at the time each transfer was made to a Voidable Transfer Defendant, Lindberg had the requisite knowledge that PBLA was insolvent at the time and did not have the funds available to cover its financial obligations under the Reinsurance Agreement.

334.    For each of the transfers that were between PBLA (as instructed by Defendants Greg Lindberg, Chris Herwig, and Christa Miller) and a Lindberg Affiliate Defendant the Lindberg Affiliate Defendant acted as alter-ego of Lindberg himself.

335.    At all relevant times, PBLA, Lindberg, or one of the Lindberg Affiliate Defendants, retained possession or control of the Trust Proceeds that were transferred from the Trust.

-58-

336.    The nature of each of the transactions was such that PBLA, through the direction of Lindberg and Herwig, attempted to conceal the Trust Proceeds for the sole benefit of Lindberg and his affiliated entities and partners, including Chris Herwig and Christa Miller.

### COUNT III
### Voidable Transfer With Intent to Hinder, Delay or Defraud
*As to the Voidable Transfer Defendants Group*
(Under N.Y. Debt. & Cred. Law § 276)

337.    Paragraphs 1 through 312 are incorporated and realleged here as if set forth in full.

338.     Numerous transfers were carried out with loan and security agreements or assignment and repurchase agreements between PBLA and the Voidable Transfer Defendants. These agreements resulted in the Trust receiving certain securities from the Lindberg Affiliate Defendants.  The Trust's interest in each of these securities was of dubious value, as the securities had limited marketability.

339.    At the time of each transfer ULICO was either (1) a creditor of PBLA at the time the transfer was made or (2) became a creditor of PBLA subsequent to the transfer.

340.    Each transfer was conducted with the actual and specific intent to hinder, delay, or defraud ULICO, as the only creditor to PBLA as it relates to the Trust.

341.    For each of the transfers received by the Lindberg Affiliate Defendants, the transfer was made to an "insider" of PBLA, as many of the Lindberg Affiliate Defendants are shell corporations created by Lindberg, the sole owner of PBLA, to implement his fraudulent scheme.

342.    For each of the transfers received by the Voidable Transfer Defendants, PBLA, through Lindberg, retained possession or control of the assets transferred after the transfer due to Lindberg's dominion and control over the Lindberg Affiliate Defendants.

-59-

343.    The total transfers initiated at Lindberg's direction depleted a substantial portion of assets rightfully belonging to ULICO from the Trust.

344.    Each transfer was conducted and made at a time where the Trust did not have sufficient funds to meet the minimum reserve requirement as required by the Reinsurance Agreement and PBLA did not have the financial capability of doing so.  Therefore, PBLA was insolvent.

345.    For each of the transfers received by the Voidable Transfer Defendants, certain "badges of fraud" were present, including (1) the lack of adequate consideration for the transfers; (2) the close relationship between the entities involved in the transfers given Lindberg's dominion and control over the Lindberg Affiliate Defendants; (3) the retention of funds rightfully belonging to ULICO by Lindberg and his affiliated companies; (4) the cumulative effect of the serious and course of conduct involving the transfers given the large amount of money transferred to parties affiliated with Lindberg in a short time frame and therefore (5) the general chronology of the events and transactions under inquiry.

**COUNT IV**
**Voidable Transfer Without Receipt Of Reasonably Equivalent Value**
*As to the Voidable Transfer Defendants*
(Under N.Y. Debt. & Cred. Law §§ 273 and 274)

346.    Paragraphs 1 through 312 are incorporated and realleged here as if set forth in full.

347.    At the time of each transfer ULICO was either (1) a creditor of PBLA at the time the transfer was made or (2) became a creditor of PBLA subsequent to the transfer.

348.    Numerous transfers were carried out with loan and security agreements or assignment and repurchase agreements between PBLA and the Lindberg Affiliate Defendants. These agreements resulted in the Trust receiving certain securities from the Lindberg Affiliate

Defendants. The Trust's interest in each of these securities was of dubious value, as the securities had limited marketability.

349.    Each transfer was made without receipt of reasonably equivalent value in exchange for the transfer or obligation.

350.    For each transfer PBLA was engaged in a transaction for which the remaining assets of the Trust were unreasonably small in relation to the transaction.

351.    For each transfer PBLA should have reasonably believed at the time of each transaction that such transactions were beyond PBLA's ability to pay as such obligations became due under the Reinsurance Agreement, and PBLA did not have the financial capability of doing so. Therefore, PBLA was insolvent.

352.    For each of the transfers received by the Lindberg Affiliate Defendants, certain "badges of fraud" were present, including (1) the lack of adequate consideration for the transfers; (2) the close relationship between the entities involved in the transfers given Lindberg's dominion and control over the Lindberg Affiliate Defendants; (3) the retention of funds rightfully belonging to ULICO by Lindberg and his affiliated companies; (4) the cumulative effect of the serious and course of conduct involving the transfers given the large amount of money transferred to parties affiliated with Lindberg in a short time frame and therefore (5) the general chronology of the events and transactions under inquiry.

## COUNT V
### Unjust Enrichment
*As to All Defendants*

353.    Paragraphs 1 through 312 are incorporated and realleged here as if set forth in full.

354.    Defendants have received a benefit from the transfer of the Trust Proceeds at the Plaintiff's expense.

355.    The Trust Proceeds rightfully belong to the equitable owners of the Trust, ULICO.

356.    It is against equity and good conscience to permit Defendants to retain the Trust Proceeds.

357.    The Defendants have been unjustly enriched at the Plaintiff's expense as a result of fraudulent transfers of the Trust Proceeds.

358.    By reason of the foregoing, the Plaintiff is entitled to an order from this Court instructing the Defendants to immediately turnover the Trust Proceeds.

**Count VI**
**Conversion**
*As to the Lindberg Affiliate Defendants and Lindberg*

359.    Paragraphs 1 through 312 are incorporated and realleged here as if set forth in full.

360.    ULICO is the equitable owner of the Trust Proceeds.

361.    The Lindberg Affiliate Defendants are alter-egos of Lindberg, have unlawfully and without authorization assumed and exercised dominion and control over the Trust Proceeds to the exclusion of the Trust and inconsistent with its right as the rightful owner.

362.    The Lindberg Affiliate Defendants' and Lindberg's exercise of dominion and control over the Trust Proceeds has unjustifiably denied the Trust the right to use, consume, exploit, and profit from same.

363.    ULICO has demanded return of the assets taken from the Trust by PBLA.

364.    The Lindberg Affiliate Defendants and Lindberg have refused to return said assets to the Trust.

365.    By reason of the foregoing, ULICO, as the equitable owner of the Trust, is entitled to an order from this Court instructing Lindberg Affiliate Defendants and Lindberg to turn over the assets taken from the Trust by PBLA and transferred to the Lindberg Affiliate Defendants immediately.

**Count VII**
**Constructive Trust**
*As to All Defendants*

366.    Paragraphs 1 through 312 are incorporated and realleged here as if set forth in full.

367.    The Reinsurance Agreement provided the construction of a Trust, where at all times, a minimum reserve was to be maintained within the Trust, for the benefit of ULICO. ULICO, therefore, is the equitable owner and beneficiary of the Trust Proceeds pursuant to the Reinsurance Agreement.

368.    PBLA, through the guidance and direction of Lindberg, entered into and executed hundreds of transactions whereby withdrawing the Trust Proceeds from the Trust and then entered into various loans with the Defendants with knowledge of the effect such transactions would have on the future creditors, and mainly, ULICO, with the actual and specific intent to hinder, delay, or defraud ULICO and related creditors.

369.    As a result of the hundreds of transactions, over $500 million of Trust Proceeds was wrongfully transferred from the Trust, at the detriment of ULICO, and any related creditors.

370.    Defendants had no equitable title or rights to the Trust Proceeds.

## Count VIII
## Fraud
### *As to the Lindberg Affiliate Defendants Eli Global, and Lindberg*

371.    Paragraphs 1 through 312are incorporated and realleged here as if set forth in full.

372.    Lindberg, in concert with each of the Lindberg Affiliate Defendants, Eli Global, and Lindberg represented to ULICO that PBLA would undertake its commitments under the Reinsurance Agreement and Trust Agreement.  In fact, Lindberg and the Lindberg Affiliates made those misrepresentations knowing that their true intent was to induce ULICO to place the trust assets under the control of the Lindberg Affiliates, so the Lindberg Affiliates could convert them to their own use.

373.    Each of the transfers advanced Lindberg's fraudulent scheme, transferring liquid assets out of the Trust and into Lindberg Affiliates.

374.    ULICO acted in reliance on those false representations in placing the trust assets under the control of PBLA, Lindberg, and the Lindberg Affiliate Defendants.

375.    ULICO has been damaged by the false representations because the Lindberg Affiliates have stripped the assets of the trust in which ULICO held equitable title.

## Count IX
## Breach of Fiduciary Duty
### *As to the Defendants Lindberg, Herwig, and Miller*

376.    Paragraphs 1 through 312 are incorporated and realleged here as if set forth in full.

377.    PBLA, acting as the alter-ego of Lindberg (the owner of PBLA) entered into the Reinsurance Agreement, which required PBLA to act as a fiduciary for the Trust, and to maintain the Trust for the benefit of ULICO.

378.    Defendants Lindberg, Herwig, and Miller routinely executed purchase agreements, assignments, and various other agreements on behalf of PBLA, Lindberg Affiliate Defendants, and the Trust.

379.    As directors of various Lindberg Affiliate Defendants, Defendants Herwig, Lindberg, and Miller have a fiduciary obligation arising from PBLA's entry into the Reinsurance Agreement.

380.    PBLA, as the alter-ego of Lindberg, breached its fiduciary duty by engaging in self-dealing transactions with Lindberg and the Lindberg Affiliate Defendants by failing to protect the Trust and ULICO's interest.

381.    As a result, ULICO has suffered substantial damages.

**WHEREFORE**, ULICO respectfully requests this Court enter an Order that:

a.  All transactions occurred on or around July 7, 2017 and continuing thereafter are deemed voidable, and Defendants must repay ULICO for each voidable transaction, plus applicable interest;

b.  ULICO to recover from Defendants damages in excess of $524,009,051.26, plus applicable interest;

c.  ULICO to recover post-judgment interest;

d.  ULICO to recover punitive damages; and

**e.**  Any such further relief as this Court deems just and proper.

## **Jury Demand**

Plaintiff, ULICO, demands trial by jury for all matters triable to a jury.


Dated: _____
New York, New York

                                        Respectfully submitted,

                                        /s/ *Clinton E. Cameron*

                                        **CLYDE & CO US LLP**

                                        Clinton E. Cameron (*pro hac vice*)
                                        Meghan C. Dalton (*pro hac vice*)
                                        Clyde & Co US LLP
                                        55 W. Monroe
                                        Suite 3000
                                        Chicago, IL 60603
                                        Tel: 312-635-7000
                                        Clinton.Cameron@clydeco.us
                                        Meghan.Dalton@clydeco.us