Peter J. Haley (*pro hac vice*)
NELSON MULLINS RILEY & SCARBOROUGH LLP
One Financial Center, Suite 3500
Boston, MA  02111
Tel: (617) 217-4714
Fax: (617) 217-4750
peter.haley@nelsonmullins.com

Alan F. Kaufman
NELSON MULLINS RILEY & SCARBOROUGH LLP
280 Park Avenue, 15th Floor West
New York, NY  10017
Tel: (646) 428-2600
Fax: (646) 428-2610
alan.kaufman@nelsonmullins.com

*Counsel to the Defendant Global Bankers Insurance Group, LLC,
now known as Aspida Financial Services, LLC*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>PB LIFE AND ANNUITY CO., LTD., *et. al.,*<br><br>    Debtors in Foreign Proceedings. | Chapter 15<br><br>Case No. 20-12791 (LGB)<br>(Jointly Administered) |
| UNIVERSAL LIFE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>GREG E. LINDBERG, individually, CHRIS HERWIG, individually, AAPC HOLDINGS, LLC, ACADEMY FINANCIAL ASSETS, LLC, AGH PARENT, LLC, ALPINE CAPITAL, LLC, ASIM HOLDINGS, LLC, ASL HOLDINGS, LLC, ATKINSON, LLC, , ATLAS FINANCIAL INVESTMENTS, LLC, AUGUSTA ASSET MANAGEMENT, INC., BEGONIA EIGHT, LLC, BLH CAPITAL, LLC, BLUE DAFFODIL, LLC,  BLUE VIOLET, LLC, | Adversary Proceeding<br>Case No.  21-01169 |

CAPITAL ASSETS FUND I, LLC, CAPITAL
ASSETS FUND II, LLC, CAPITAL ASSET
MANAGEMENT I, LLC, CAPITAL  ASSETS
MANAGEMENT II, LLC, CAPITAL ASSETS
MANAGEMENT III, LLC, CARNATION
THREE, LLC, CHATSWORTH ASSET
MANAGEMENT, LLC, CHRYSANTHEMUM
TWO, LLC, CSI INTERCO, LLC, DAHLIA TEN,
LLC, DAISY SEVEN, LLC, DRUMMOND
GROUP, LLC, DUNHILL HOLDINGS, LLC, ELI
GLOBAL,
LLC, ENGLERT HOLDINGS, LLC, EPPING,
LLC,  FLAGSHIP HOLDINGS, LLC, FLEET
ASSIST INTERCO LIMITED, FLOWERY
BRANCH, LLC, FORSYTH, LLC,  FORTREX,
LLC, GBIG CAPITAL, LLC, GBIG HOLDINGS,
INC., , GERANIUM TWO, LLC, GILFORD
ASSET MANAGEMENT,
LLC, GLOBAL BANKERS INSURANCE
GROUP,  LLC, GLOBAL GROWTH
HOLDINGS, INC., GLOBAL INSURANCE
CAPITAL, LLC,  GREENFIELD CAPITAL, LLC,
HAMPTON ASSET  MANAGEMENT, INC.,
HEALTHLINK HOLDINGS, LLC,  HOOKSETT,
LLC, HUTCHISON LAW GROUP, PLLC, IRON
CITY ASSET  MANAGEMENT, INC., ITECH
FUNDING, LLC, JACKSON ASSET
MANAGEMENT, INC., KITE
ASSET MANAGEMENT, INC., LILAC SIX,
LLC, MACON, LLC, MORNING MOUNTAIN
HOLDINGS, LLC, NETHERLANDS
INSURANCE HOLDINGS, INC., NEW
ENGLAND CAPITAL, LLC, NIH CAPITAL,
LLC, NOM GB 2018 I, LLC,
PARALLEL  CAPITAL ASSETS, LLC,
PERSHING, LLC, RED BEGONIA, LLC,
REVOLVERCAP PARTNERS FUND, LP,
SATORI WATERS, LLC, SEDWICK,
LLC,  STANDARD ADVISORY SERVICES,
LTD, STANDARD FINANCIAL LIMITED,
STANDARD INVESTMENT CAPITAL, LTD,
TREATMENT RESOURCES OF MARGATE,
INC., TRITON FINANCIAL LIMITED, TUX
HOLDINGS, LLC, TYBEE ISLAND ASSET
MANAGEMENT, LLC, UKAT HOLDINGS,
LLC, VERDESIAN LIFE SCIENCES, LLC,

WEARE, LLC, YELLOW LOTUS, LLC,
YELLOW SUNFLOWER, LLC, UBS
FINANCIAL SERVICES, INC., GOLDMAN
SACHS LENDING PARTNERS, LLC, CREDIT
SUISSE AG CAYMAN ISLANDS BRANCH,
GOLDMAN SACHS BANK USA, MORGAN
STANLEY SENIOR FUNDING, INC., THE
BRYN MAWR TRUST COMPANY, and DOES 1
through 10, inclusive,

Defendants.

**MEMORANDUM OF LAW OF ASPIDA FINANCIAL SERVICES, LLC (F/K/A
GLOBAL BANKERS INSURANCE GROUP, LLC) IN OPPOSITION TO PLAINTIFF'S
<u>MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT</u>**

## TABLE OF CONTENTS

**Page**

Table of Authorities ................................................................................................................. ii

Introduction .......................................................................................................................... 1

Procedural History ............................................................................................................... 2

      A.      Related Proceedings .............................................................................................. 2

              i.      The Bankruptcy Case ...................................................................... 2

              ii.      The Adversary Proceeding ............................................................. 2

              iii.      The Michigan Proceeding ............................................................... 3

      B.      Allegations of the Amended Complaint .............................................................. 4

Argument ............................................................................................................................. 5

      I.      Applicable Standard .............................................................................................. 5

      II.      The Court Lacks Subject Matter Jurisdiction ....................................................... 6

      III.      The Amended Complaint Fails to State a Claim Under Rule 12(b)(6) ................... 8

      A.      The Michigan Rehabilitation Orders Bar the Continued Prosecution of this Action Against Aspida ........................................................................................ 8

Conclusion .......................................................................................................................... 16

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Anita G. Fox as Director of the Michigan Department of Insurance and Financial Services v. Pavonia Life Insurance Company of Michigan, Case No. 19-504-CR* (the "Michigan Proceeding") ............................................................1

*Brass v. Am. Film Techs., Inc.*, 987 F.2d 142 (2d Cir.1993) ..........................................3

*Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943)................14

*Chambers v. Time Warner, Inc.*, 282 F.3d 147 (2d Cir.2002) ..........................................3

*Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) .......................................................................14

*Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42 (2d Cir.1991) ............................6

*In re Cuyahoga Equip. Corp.*, 980 F.2d 110 (2d Cir.1992).............................................6

*Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) .............................6

*In re Holland Indus., Inc.*, 103 B.R. 461 (Bankr.S.D.N.Y.1989) ....................................7

*Jones v. New York State Div. of Military & Naval Affairs*, 166 F.3d 45 (2d Cir.1999) ....................................................................................................6

*Law Enforcement Insur. Co. v. Corcoran*, 807 F.2d 38 (2d Cir.1986), *cert. denied*, 481 U.S. 1017, 107 S.Ct. 1896, 95 L.Ed.2d 503 (1987).....................................9

*Levy v. Lewis*, 635 F.2d 960 (2d Cir.1980).....................................................................9

*Medina v. Tremor Video, Inc.,* 640 Fed. Appx. 45 (2d Cir. 2016) ..................................6

*Mondrus v. Mutual Benefit Life Insurance Co.,* 775 F.Supp. 1155 (N.D.Ill.1991) ..................9, 10

*Nettis v. Levitt*, 241 F.3d 186 (2d Cir.2001) ..................................................................6

*New Orleans Public Serv., Inc. v. Council of the City of New Orleans, 491 U.S. 350, 109 S.Ct. 2506, 105 L.Ed.2d 298 (1989)* .......................................................14

*New York v. Shinnecock Indian Nation*, 686 F.3d 133 (2d Cir. 2012)............................8

*Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d Cir.1984) ......................................................6

*Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.*, 639 F.3d 572 (2d Cir.2011) ............................7

*In re Philips Offset Co., Inc.*, 152 B.R. 836 (Bankr. S.D.N.Y. 1992) ............................................10

*Ricciuti v. New York City Transit Authority*, 941 F.2d 119 (2d Cir.1991) .....................................6

*In re Turner*, 724 F.2d 338 (2d Cir.1983) (*internal quotation omitted*) ..........................................7

*Yashiro Co. v. Falchi (In re Falchi)*, 1998 Bankr. LEXIS 622 (Bankr. S.D.N.Y. May 26, 1998) ...............................................................................................................................8

## Rules

FRCP Rule 12(b)(6) ....................................................................................................................6, 8

FRCP Rule 15(a)(2) .........................................................................................................................6

## Statutes

15 U.S.C. §§ 1011-1015 ................................................................................................................10

28 U.S.C. § 1334(b) .........................................................................................................................6

MCL 500.100 ....................................................................................................................................3

MCL §§ 8121(1)(f), (l), (m), (r), and (u) ......................................................................................11

MCLA § 500.8101 ..........................................................................................................................10

MCLA § 500.8105 ..........................................................................................................................12

MCLA § 500.8113(1) .....................................................................................................................11

MCLA § 500.8114(2) .....................................................................................................................11

N.C. Gen. Stat. § 39-23.4 ................................................................................................................4

New York Debt. & Cred. Law § 273 ...............................................................................................5

New York Debt. & Cred. Law § 274 ...............................................................................................5

New York Debt. & Cred. Law § 276 ...............................................................................................4

## Other Authorities

Michigan Insurance Code Chapter 81 ............................................................................................10

iii

### Introduction

Aspida Financial Services, LLC, formerly known as Global Bankers Insurance Group, LLC, ("Aspida Financial") submits this Memorandum of Law in support of its Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint [Docket No. 159] (the "Motion to Amend").  The Motion to Amend is the 159th pleading docketed in this case and arrives some 9 months into this proceeding.  The proposed Second Amended Complaint attached to the Motion to Amend contains more detail as to the alleged transfers that the Plaintiff seeks to unwind and makes it evident that the Plaintiff is reliant upon state law causes of action in seeking that relief.  What the Second Amended Complaint does not do, however, is address the patent unsustainability of these claims against Aspida Financial in the face of the state court[1] orders entered in connection with the Michigan rehabilitation of an insurance affiliate, Pavonia Life Insurance Company of Michigan ("Pavonia"), in which the Michigan court authorized the transfer of Pavonia's interests in the defendant Global Bankers Insurance Group, LLC to Aspida Holdco, LLC ("Aspida Holdco") free and clear of all claims, including the claims asserted in the Second Amended Complaint arising out of alleged transfers that took place in 2018.  The Second Amended Complaint also fails to demonstrate that the Plaintiff can meet its burden of establishing the subject matter jurisdiction of this Court.  This is an action in which a non-debtor has aggregated disparate claims against disparate non-debtors for purposes of convenience.  The outcome of these actions will have no conceivable effect on the bankruptcy estate of this foreign debtor.  The Motion to Amend fails by reason of futility and the Court should deny the Motion to Amend and dismiss the claims against Aspida Financial.

---

[1] The Michigan rehabilitation court was the Circuit Court for the 30th Judicial Circuit, Ingham County, Michigan (the "Michigan Court"), *Anita G. Fox as Director of the Michigan Department of Insurance and Financial Services v. Pavonia Life Insurance Company of Michigan, Case No. 19-504-CR* (the "Michigan Proceeding"). Copies of the relevant court orders are attached hereto and discussed below.

## Procedural History[2]

### A. Related Proceedings

#### i. *The Bankruptcy Case*

The debtors in the jointly administered foreign proceedings ("Foreign Debtors") are companies incorporated in Bermuda. One of the Foreign Debtors is PB Life and Annuity Co., Ltd., fka Private Bankers and Annuity Co., Ltd., ("PBLA"). Am. Compl. ¶ 18. On September 25, 2020, the Supreme Court of Bermuda entered orders appointing Rachelle Frisby and John Johnston of Deloitte Ltd. ("Deloitte") as the joint provisional liquidators of the Foreign Debtors (the "JPLs"). *See* Case No. 20-12791 (Dkt. No. 2) ¶ 1. On December 3, 2020, at the direction of the JPLs, the Foreign Debtors filed Chapter 15 petitions for foreign recognition in this Court. The Court granted recognition of the Foreign Debtor's Bermuda Proceedings as jointly administered foreign main proceedings on January 5, 2021 and recognized the JPLs as their foreign representatives in the Chapter 15 proceeding. Case No. 20-12791 (Dkt No. 33).

#### ii. *The Adversary Proceeding*

The Plaintiff ULICO, a creditor of the Foreign Debtors, is an insurance company incorporated in Puerto Rico with its principal place of business in Puerto Rico. On July 6, 2021, ULICO commenced this action. ULICO filed its Amended Complaint on July 30, 2021. Dkt. No. 14. ULICO, in the face of multiple motions to dismiss, filed the Motion to Amend attaching a proposed Second Amended Complaint on February 25, 2022.

---

[2] Aspida Financial restates in part the procedural history as set forth in its prior motion to dismiss the Amended Complaint [Docket No. 117] for purposes of convenience.

*iii.*    <u>*The Michigan Proceeding*</u>

Pavonia is a Michigan domiciled life, accident, and health insurance company authorized to conduct insurance business in Michigan under the Insurance Code of 1956, MCL 500.100 *et seq.* ("Michigan Insurance Code"). Pavonia received its Michigan certificate of authority on January 1, 1996. *See generally, Stipulated Order Placing Pavonia Life Insurance Company of Michigan Into Rehabilitation, Approving Compensation of Special Deputy Rehabilitators, and Providing Injunctive Relief* (Michigan Proceeding, July 9, 2019) (Attached hereto as Exhibit A.)[3]

Pavonia was acquired by GBIG Holdings, Inc. in 2017 and became part of an insurance holding company system within the meaning of the Michigan Insurance Code. Exhibit A, page 2. The Defendant Global Bankers Insurance Group, LLC was a wholly owned subsidiary of Pavonia. Exhibit A, page 2. On July 9, 2019, Pavonia was placed into a rehabilitation proceeding by the Michigan Court in accordance with the terms of the Rehabilitation Order and pursuant to the Michigan Insurance Code. Exhibit A. As part of the Michigan Proceeding to rehabilitate Pavonia, by Order dated June 24, 2021, attached hereto as Exhibit B (the "Sale Order"), the Michigan Court approved the sale of Global Bankers Insurance Group, LLC to Aspida Holdco[4]. [The terms of the Sale Order define Global Bankers Insurance Group, LLC as "ServiceCo" and Aspida Holdco, LLC as "Aspida"].

Paragraph 8 of the Sale Order provides that:

---

[3] The Court may on a motion to dismiss consider pleadings and other material submitted if subject to judicial notice. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir.2002); *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir.1993).

[4] Following the sale, Global Bankers Insurance Group, LLC changed its name to Aspida Financial Services, LLC.

"… the Rehabilitator shall cause Pavonia Life to sell convey, assign, transfer, and deliver to Aspida, and Aspida shall purchase, acquire, and accept from the Rehabilitator, all of Pavonia's right, title and interest in ServiceCo consisting of all of the outstanding membership units of ServiceCo (the "Units"), **free and clear of all liens or other encumbrances**, and ServiceCo shall resume its operations subject to the applicable 'Scheduled Liabilities' as defined in the Plan and previously determined during these rehabilitation proceedings."

[Exhibit B, page 4] (emphasis added).  The Sale Order at Paragraph G states that:

Upon Closing, ServiceCo shall be vested with good, valid, and marketable title in and to all ServiceCo Assets, **free of any and all liens, security interests, or encumbrances of whatever kind or nature, adverse claims**, defenses (including, without limitation, rights of setoff and recoupment), and interests of third parties of any kind or nature, other than the Scheduled ServiceCo Liabilities and ServiceCo Permitted Claims, if any.

[Exhibit B, page 11] (emphasis added).

The Sale Order further directly enjoins any third party from pursuing any claims against Global Bankers Insurance Group, LLC or Aspida other than Scheduled Liabilities. [Exhibit B, pages 12-13]. The Plan of Rehabilitation, attached hereto as Exhibit C, defines Scheduled Liabilities. [*See* Exhibit C, pages 4-5]. The claims asserted by ULICO in this action *do not* fall within the definition of Scheduled Liabilities

The Orders entered in the Michigan Proceeding enjoin ULICO from asserting the claims in the Second Amended Complaint against Aspida Financial and its predecessor Global Bankers Insurance Group, LLC.

## B.  Allegations of the Second Amended Complaint

The Second Amended Complaint asserts nine causes of action: Count I, Voidable Transfers with Intent (North Carolina General Statutes § 39-23.4); Count II, Voidable Transfers Lack of Reasonably Equivalent Value (North Carolina General Statutes § 39-23.4); Count III (New York Debt. & Cred. Law § 276); Count IV, Voidable Transfers Lack of Reasonably Equivalent Value (New York Debt. & Cred. Law §§ 273 and 274); Count V,

4

Unjust Enrichment; Count VI, Conversion; Count VII, Constructive Trust; Count VIII, Fraud; and Count IX, Breach of Fiduciary Duty.

The Second Amended Complaint arises out of a "final, and unsatisfied, judgment" in the amount of $524,009,051.26 that ULICO holds against PBLA.[5] Sec. Am. Complaint, ¶ 9. The judgment arose out of a written reinsurance agreement that required PBLA to maintain 105% of the relevant statutory reserves in a separate trust for the benefit of ULICO. Sec. Am. Complaint, ¶ 3, and Docket No, 135-2 pp. 2-8 (the "Arbitration Award"). ULICO was successful in obtaining the Arbitration Award based on PBLA's failure to abide by the terms of the reinsurance agreement. ULICO in the Second Amended Complaint seeks to recover transfers it alleges were wrongfully made from the assets of the Trust or PBLA to the defendants. Paragraph 36 of the Second Amended Complaint defines Lindberg Affiliates as the "defendants listed below." Global Bankers Insurance Group, LLC is identified as a party in Paragraph 48 of the Second Amended Complaint, with the notation that Greg Lindberg was listed as a member of the LLC in a 2019 public filing.[6] Paragraph 142 of the Second Amended Complaint alleges that Global Bankers Insurance Group, LLC received transfers from PBLA of $8,107,762.10 during the period March 2018 through November 2018.

## ARGUMENT

### I. Applicable Standard

Although courts "should freely give leave [to amend pleadings] when justice so requires," Fed.R.Civ.P. 15(a)(2), a court need not grant such leave if the proposed amendment

---

[5] Paragraph 9 of the Second Amended Complaint contains typographical error alleging that ULICO holds the judgment against "ULICO." A copy of the arbitration award is attached as Exhibit 2 at Docket No. 135. [Docket No, 135-2 pp. 2-8]. The arbitration award was later reduced to a judgment in an action in District Court, Civil Action No. 20-02284-LJL (S.D.N.Y.), see Docket No. 52 in that action.

[6] The Second Amended Complaint elides the Michigan Proceeding and the plain fact that Mr. Lindberg no longer has any interest in or affiliation with the successor Aspida.

would still not state a claim, so that the amendment would be futile. *Medina v. Tremor Video, Inc.,* 640 Fed. Appx. 45, 47 (2d Cir. 2016) *citing Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 50 (2d Cir.1991).  A court may properly deny leave when amendment would be futile. *Jones v. New York State Div. of Military & Naval Affairs*, 166 F.3d 45, 50 (2d Cir.1999) *citing Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

Determinations of futility are made under the same standards that govern Rule 12(b)(6) motions to dismiss*. Nettis v. Levitt*, 241 F.3d 186, 194 n. 4 (2d Cir.2001) *citing Ricciuti v. New York City Transit Authority*, 941 F.2d 119, 123 (2d Cir.1991). Accordingly, the operative question is whether the claims as set forth in the proposed Second Amended Complaint would survive a motion to dismiss. *Id*.

## II.    The Court Lacks Subject Matter Jurisdiction

The Motion to Amend and the Second Amended Complaint make formal the Plaintiff's abandonment of the concept of derivative standing and confirm that Plaintiff relies upon the concept of "related to" jurisdiction in this action as incorporated within 28 U.S.C. § 1334(b).  In doing so, Plaintiff seeks refuge within the "any conceivable effect" formulation of related to jurisdiction.  *See*, *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 114 (2d Cir.1992) *quoting Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir.1984). The "conceivable effect" phraseology formulated by the Third Circuit in *Pacor* suggests a jurisdictional boundary limited only by the imagination of counsel in construing the necessary hypothetical.  Here, Plaintiff, with the winking assent of the Joint Provisional Liquidators, avers that since any amounts it recovers in this action will reduce its claim against the foreign bankruptcy estate, that analysis satisfies the conceivable effect standard.  *See*, Motion to Amend at p. 9.

The Second Circuit, however, recognizing the potentially unlimited elasticity of the related to analysis has been more limited in its application acknowledging that "the bankruptcy court may decide that the exiguous nature of the relationship between the proceeding and the bankruptcy case is such as to fall without the court's jurisdiction." *In re Turner*, 724 F.2d 338, 341 (2d Cir.1983) (*internal quotation omitted*). It is hard to imagine anything more exiguous, smaller, than the potential partial reduction of a $500 million claim against an insolvent foreign estate. A proceeding involving non-debtors will not be found to be related solely on the ground that it will affect a distribution to creditors unless the proceeding involves property in which the debtor has a legally cognizable interest. *In re Holland Indus., Inc.*, 103 B.R. 461, 469 (Bankr.S.D.N.Y.1989). ULICO is the beneficiary of the reinsurance trust which the debtor PBLA failed to maintain at the necessary financial thresholds. The reinsurance agreement is a bilateral agreement in which no other parties hold a claim. ULICO does not allege that the amounts it recovers from Aspida Financial and the other defendants will be paid back into the foreign bankruptcy estate or that it will hold any such recovery in trust for others. ULICO is a judgment creditor pursuing the reduction of its claim through state law recoveries that are not dependent on the existence of any bankruptcy estate and will have no effect on the administration of that estate.

In *Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.*, 639 F.3d 572 (2d Cir.2011) and the other reported Chapter 15 cases involving the exercise of "related to" jurisdiction, it is the foreign representatives acting as the plaintiffs and not creditors of the foreign estates. In those instances, the "estate" has identified a legally cognizable interest, yet here no such interest has been identified or claimed. *See Yashiro Co. v. Falchi (In re Falchi)*, 1998 Bankr. LEXIS 622, at

*19 (Bankr. S.D.N.Y. May 26, 1998) (holding that plaintiff's breach of contract and fraud claims will not affect the debtor's estate because it will be payable to plaintiff only).

Plaintiff has offered up the agreement between the JPLs and the Plaintiff as evidence of the effect this adversary proceeding will have on the foreign estate. *See*, Docket No. 111-2 (Exhibit A). That agreement, however, simply says that to the extent Plaintiff realizes any recoveries, the recoveries will reduce its judgment against PBLA. *Id*. at ¶ 1, p. 3. There is no suggestion that any such reduction will ultimately inure in any way to the material benefit of the estate or other creditors. The gratuitous statement of the JPLs that this action "relates to" the Chapter 15 proceeding is without consequence. ULICO cannot create jurisdiction by soliciting the agreement of the JPLs that such jurisdiction exists. The Second Circuit has confirmed that, "[j]urisdiction cannot be created by the consent of the parties." *New York v. Shinnecock Indian Nation*, 686 F.3d 133, 138 (2d Cir. 2012). The absence of subject matter jurisdiction cannot be cured by Plaintiff's solicitation of this language in the agreement with the JPLs.

### III.    The Second Amended Complaint Fails to State a Claim Under Rule 12(b)(6)

### A. The Michigan Rehabilitation Orders Bar the Continued Prosecution of this Action Against Aspida Financial[7].

Aspida Financial stands on different footing than the other alleged "Lindberg Affiliates" in this proceeding. Aspida Financial is no longer a "Lindberg Affiliate," as it was acquired by Aspida Holdco, a third-party purchaser, through a proceeding initiated by the Insurance Commissioner for the State of Michigan. The purpose of the Michigan Proceeding was to salvage the assets of Pavonia, including Global Bankers Insurance Group, LLC, in a manner designed to protect and promote the public interest and in doing so eliminate the taint and overhang caused by the alleged wrongful actions of Mr. Lindberg.

---

[7] Aspida Financial incorporates by reference the arguments made in in support of its Motion to Dismiss the Amended Complaint. [Docket Nos.117 and 140]

The actions of the Michigan Court in administering the assets of the Defendant Global Bankers Insurance Group, LLC (now known as Aspida Financial), are without ambiguity. The Michigan Court as part of the rehabilitation of Pavonia under the Michigan Insurance Code authorized and approved the transfer of Global Bankers Insurance Group, LLC and its assets to Aspida Holdco free and clear of all claims, including the 2018 claims asserted by ULICO in the Second Amended Complaint. ULICO contests the efficacy of the final orders entered by the Michigan Court and asks this Court to in effect reverse them by ignoring their import and permitting ULICO to continue to prosecute this action against Aspida Financial. Nothing in the Second Amended Complaint changes this analysis.

The Second Circuit has recognized the importance of deference to state regulatory schemes governing insurers being rehabilitated or liquidated under state insurance laws. *See Law Enforcement Insur. Co. v. Corcoran*, 807 F.2d 38,44 (2d Cir.1986), *cert. denied*, 481 U.S. 1017, 107 S.Ct. 1896, 95 L.Ed.2d 503 (1987) (acknowledging a "complex administrative and judicial system for regulating and liquidating domestic insurance companies," the expertise of the Superintendent, the necessity of marshalling the claims and assets in one place, and the 'express federal policy of noninterference in insurance matters' embodied in the McCarran-Ferguson Act.") *see also Levy v. Lewis*, 635 F.2d 960 (2d Cir.1980).

The Michigan Proceeding is a proceeding in which the plaintiff is the state insurance commissioner acting under the Michigan Insurance Code to administer the assets of an financially troubled insurer under Michigan state law. In *Mondrus v. Mutual Benefit Life Insurance Co.,* 775 F.Supp. 1155 (N.D.Ill.1991), the United States District Court for the Northern District of Illinois addressed a similar insurance rehabilitation statute in place in New Jersey finding that:

> The McCarran–Ferguson Act, 15 U.S.C. §§ 1011–1015, specifically authorizes the states to continue serving their traditional role as the preeminent regulators of the insurance industry. Under this regulatory authority, most states, including New Jersey, have adopted complex and comprehensive schemes to govern the rehabilitation and liquidation of insolvent insurers. The New Jersey regulation entails the very type of "partnership" between the New Jersey state courts and the Commissioner of Insurance as discussed in Burford. The New Jersey courts issue the orders of rehabilitation, enjoin suits against the rehabilitator (*i.e.* the Commissioner of Insurance) to protect the proceedings, and oversee the assessment of claims against the insurer's estate.

*Id.* at 1158; *accord In re Philips Offset Co., Inc.*, 152 B.R. 836 (Bankr. S.D.N.Y. 1992). These are the very things that took place in the Michigan Proceeding, including the final sale of the assets of Global Bankers Insurance Group, LLC free and clear of the claims ULICO seeks to assert through its proposed Second Amended Complaint. The Court should reject ULICO's attempt to obtain this Court's interference in Michigan's regulatory scheme for rehabilitation of insurers.

Chapter 81 of the Michigan Insurance Code, entitled "Supervision, Rehabilitation and Liquidation," sets forth the statutory provisions for delinquency proceedings against an insurer under Michigan *state law*. MCLA § 500.8101, *et seq*. Of significance, the McCarran–Ferguson Act, 15 U.S.C. §§ 1011-1015, exempts the business of insurance from most federal regulation and keeps insurance regulation in the hands of the states. Included within the ambit of a state's regulation of insurance are the rehabilitation and liquidation of insolvent or financially troubled insurers who do not have the option of pursuing proceedings under the federal bankruptcy laws. While ULICO acknowledges the applicable Michigan statutory scheme, ULICO improperly focuses on whether ULICO was subject to the regulation by the Michigan Director of the Department of Insurance and Financial Services, and completely ignores the powers granted to the Michigan Director of the Department of Insurance and Financial Services when a rehabilitation proceeding is commenced.

10

Upon appointment, the rehabilitator of a Michigan insurer is directed "***to take immediate possession of the assets of the insurer***, and to administer them under the court's general supervision" and the "order to rehabilitate the insurer shall by operation of law ***vest title to all assets of the insurer in the rehabilitator***." MCLA § 500.8113(1) (emphasis added).  Pursuant to the applicable Michigan statutes, the rehabilitator of a Michigan insurer:

> may take such action as he or she considers necessary or appropriate to reform and revitalize the insurer including, but not limited to, the powers in section 8121(1)(f), (l), (m), (r), and (u). The rehabilitator has all the powers of the directors, officers, and managers, whose authority shall be suspended, except as they are redelegated by the rehabilitator. The rehabilitator has full power to direct and manage, to hire and discharge employees subject to any contract rights they may have, and ***to deal with the property and business of the insurer***.

MCLA § 500.8114(2) (emphasis added).

Global Bankers Insurance Group, LLC was a wholly owned subsidiary of Pavonia, a Michigan domiciled life insurer that unquestionably was subject to regulation in Michigan. Accordingly, the membership interests in Global Bankers Insurance Group, LLC were property and assets owned by Pavonia, the title to which became vested in the Michigan rehabilitator when Pavonia was placed into rehabilitation.  No argument is being made that Global Bankers Insurance Group, LLC was an "insurer" subject to regulation in Michigan.  Nonetheless, the Michigan rehabilitator acquired title to Pavonia's ownership of the membership interests in Global Bankers Insurance Group, LLC just as any other property of that insurer (*e.g.*, cash, real estate, accounts receivable, etc.).  Moreover, the Michigan rehabilitator was granted the specific statutory power to "deal with the property and business" of Pavonia subject to the general supervision of the Michigan state court.

The Michigan rehabilitator's sale of membership interests of Global Bankers Insurance Group, LLC to Aspida Holdco was part of an overall plan for the rehabilitation of Pavonia.  That

11

plan of rehabilitation could not be undertaken unilaterally by the Michigan rehabilitator, but only after petitioning and receiving approval by the Michigan state court overseeing the rehabilitation. The sale of the membership interests to Aspida Holdco was approved by the Michigan state court as part of a plan to rehabilitate Pavonia on the following terms:

- Aspida Holdco paid the Pavonia rehabilitator $5.5 million for the membership interests in Global Bankers Insurance Group, LLC;

- As part of the transaction, Aspida Holdco acquired title to the membership interests only subject only to certain "Scheduled Liabilities," which ***do not*** include the claims on which ULICO seeks recovery in this proceeding;

- Aspida Holdco took ownership of the membership interests free and clear of any liens, security interests or encumbrances, as well as adverse claims of third parties of any kind or nature other than the "Scheduled Liabilities";

- Subject to injunctions entered by the Michigan state court under MCLA § 500.8105 which enjoined the pursuit of claims against Aspida Financial or the membership interests acquired by Aspida Holdco; and

- The Michigan state court retained continuing, exclusive jurisdiction to hear and determine all claims controversies disputes and demands arising out of the Order approving of the sale of the membership interests to Pavonia.

On these terms, the Michigan rehabilitation court approved of the sale of the membership interests to Aspida Holdco. As set forth in the Sale Order approving the sale, Aspida Holdco would not have entered into the agreement or paid $5.5 million for the membership interests without the Michigan state court's approval of the terms and conditions of the sale. As a final decision of the Michigan Court with jurisdiction over the Pavonia rehabilitation

proceeding, the Sale Order has preclusive effect under principles of collateral estoppel and *res judicata*, and is entitled to full, faith and credit in this Court. *See Underwriters Nat Assur Co v N Carolina Life & Acc & Health Ins Guar Ass'n*, 455 US 691, 715 (1982) (where receivership court decided it had subject matter, *in personam*, and *in rem* jurisdiction, trial court approving rehabilitation plan was *res judicata* and entitled to full faith and credit).

In pursuing its claims against Aspida Financial in the Second Amended Complaint, ULICO is asking this Court to ignore Michigan's overall statutory scheme for the rehabilitation of a Michigan insurer under Michigan state law, and to second-guess the Michigan rehabilitator and Michigan Court on how to best deal with the assets of an insurer being rehabilitated under state law, and in the best interests of the insurer, its policyholders and creditors, and the public. In this case, the Michigan rehabilitator took title to the membership interests in Global Bankers Insurance Group, LLC as part of the Pavonia rehabilitation proceeding long after the alleged wrongful transfers to Global Bankers Insurance Group, LLC in 2018, and made the decision that it was in Pavonia's best interests to sell those membership interests to Aspida for $5.5 million subject to the terms and conditions approved by the Michigan state court. The final order of the Michigan Court provides that Aspida Holdco acquired the membership interests free and clear of the very claims ULICO seeks to pursue in the Second Amended Complaint, this Court should not revisit matters previously and finally determined by the Michigan Court under its exclusive jurisdiction and the power and authority of the Michigan Director of the Department of Insurance and Financial Services to oversee the rehabilitation of a Michigan domiciled insurer. Allowing ULICO's claims to proceed would: (a) allow ULICO to circumvent the jurisdiction of the Michigan Court to oversee insurer rehabilitation proceedings; (b) re-open issues that were fully

13

and finally litigated by the Michigan Court; and (c) improperly interject this Court into matters of insurance regulation specifically delegated to the states under federal law.

Finally, ULICO has no argument that it did not have sufficient notice of the Pavonia rehabilitation proceeding.  First, under the Michigan Insurance Code, ULICO had constructive notice of the Pavonia rehabilitation because the filing or recording of the rehabilitation order "with the clerk of the circuit court or register of deeds for the county in which the principal business of the company is conducted, or the county in which its principal office or place of business is located, *shall impart the same notice as a deed, bill of sale, or other evidence of title duly filed or recorded with that register of deeds would have imparted*." MCLA § 500.8113(1) (emphasis added).  Second, ULICO had constructive notice of the sale of the membership interests in Global Bankers Insurance Group, LLC because the order approving the sale of the membership interests to Aspida Holdco authorized the service of the approval order on all other potential interested persons or entities by posting the order on the Michigan rehabilitator's website, and found that such service was "reasonably calculated to give the listed individuals and entities, together with any other potentially interested individuals and entities, actual notice of the Order and is otherwise reasonable under the circumstances."  Thus, even without actual notice, ULICO had constructive notice of the Pavonia rehabilitation proceeding and the sale of the membership interests in Global Bankers Insurance Group, LLC.  If such constructive notice was somehow not sufficient, ULICO now has actual notice and should be directed to pursue any claims in the Michigan Court which has exclusive jurisdiction over all property and assets of Pavonia.

Based upon all of the foregoing, and honoring the precepts articulated in the *Burford* abstention doctrine (*Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943)[8], the Court should: (a) refuse ULICO's attempt to have this Court circumvent the exclusive jurisdiction of the Michigan Court to oversee insurer rehabilitation proceedings under Michigan state insurance law; (b) decline to re-open issues that were fully and finally litigated by the Michigan Court; and (c) not interject itself into matters of insurance regulation specifically delegated to the states under the McCarran-Ferguson Act.

---

[8] Where timely and adequate state-court review is available, a federal court sitting in equity must decline to interfere with the proceedings or orders of state administrative agencies: (1) when there are "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar"; or (2) where the "exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." *New Orleans Public Serv., Inc. v. Council of the City of New Orleans, 491 U.S. 350, 361, 109 S.Ct. 2506, 2514, 105 L.Ed.2d 298 (1989) (quoting Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 814, 96 S.Ct. 1236, 1244-45, 47 L.Ed.2d 483 (1976)).

## CONCLUSION

Wherefore, the Defendant Aspida Financial Services, LLC, formerly known as Global Bankers Insurance Group, LLC, prays that the Court enter an order denying the Motion to Amend and dismissing the Amended Complaint against it, or alternatively, abstaining from exercising jurisdiction in this matter, and that the Court grant such other and further relief as is just and proper.

ASPIDA FINANCIAL SERVICES, LLC, FORMERLY KNOWN AS GLOBAL BANKERS INSURANCE GROUP, LLC

by its attorneys,

_____/s/ Peter J. Haley_____
Peter J. Haley (pro hac vice)
NELSON MULLINS RILEY & SCARBOROUGH LLP
One Financial Center, Suite 3500
Boston, MA  02111
Tel: (617) 217-4714
Fax: (617) 217-4750
peter.haley@nelsonmullins.com

Alan F. Kaufman
NELSON MULLINS RILEY & SCARBOROUGH LLP
280 Park Avenue, 15th Floor West
New York, NY  10017
Tel: (646) 428-2600
Fax: (646) 428-2610
alan.kaufman@nelsonmullins.com

Dated: March 18, 2022

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: March 18, 2022                    */s/ Peter J. Haley*