*Hearing Date: April 14, 2022*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 15 |
| PB LIFE AND ANNUITY CO. LTD, et al., | Case No. 20-12791-lgb (Jointly Administered) |
| Debtors in Foreign Bankruptcy Proceeding. | |
| UNIVERSAL LIFE INSURANCE COMPANY, | |
| Plaintiff, | Adv. Proc. No. 21-01169-lgb |
| v. | |
| GLOBAL GROWTH HOLDINGS, INC, et al., | |
| Defendants. | |

---

**DEFENDANT HUTCHISON PLLC'S MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFF'S MOTION FOR
LEAVE TO FILE SECOND AMENDED COMPLAINT**

---

McCORMICK & O'BRIEN, LLP
9 East 40th Street, Fourth Floor
New York, New York 10016
(212) 320-8972 x700
*lobrien@mcoblaw.com*
*Attorneys for Defendant Hutchison PLLC
i/s/h/a Hutchison Law Group, PLLC*

On the Brief:
Liam O'Brien, Esq.

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... iii

PRELIMINARY STATEMENT ............................................................................................... 1

PLEADING HISTORY .............................................................................................................. 1

LEGAL ARGUMENT ................................................................................................................ 4

    POINT I ...................................................................................................................................... 4

    LEAVE TO FILE A SECOND AMENDED COMPLAINT MUST BE DENIED ON THE
    BASIS OF FUTILITY .............................................................................................................. 4

        A.    The Claims Asserted Against Hutchison In The Proposed Second Amended
        Complaint Will Be Subject To Dismissal Pursuant To FRCP 8(a)(2), FRCP 9(b) and FRCP
        12(b)(6) ..................................................................................................................................... 6

        B.    The Claims Asserted Against Hutchison In The Proposed Second Amended
        Complaint Will Be Subject To Dismissal Pursuant To Applicable Statutes Of Limitations.. 9

        C.    The Claims Asserted Against Hutchison In The Proposed Second Amended
        Complaint Will Be Subject To Dismissal Via Summary Judgment Pursuant To FRCP 56. 13

        D.    The Court Lacks Subject Matter Jurisdiction Over The Claims Asserted Against
        Hutchison In The Proposed Second Amended Complaint ................................................... 14

    POINT II .................................................................................................................................. 15

    LEAVE TO FILE A SECOND AMENDED COMPLAINT MUST BE DENIED ON THE
    BASIS OF PLAINTIFF'S DELAY IN SEEKING A SECOND AMENDMENT OF ITS
    COMPLAINT ........................................................................................................................... 15

    POINT III................................................................................................................................. 16

    LEAVE TO FILE A SECOND AMENDED COMPLAINT MUST BE DENIED ON THE
    GROUND THAT THE PROPOSED AMENDED CLAIMS AGAINST HUTCHISON ARE
    FRIVOLOUS ........................................................................................................................... 16

CONCLUSION.......................................................................................................................... 16

# **TABLE OF AUTHORITIES**

## **Cases**

*2138747 Ontario, Inc. v. Samsung C & T Corp.*, 31 N.Y.3d 372, 377 (2018) ............................. 12

*Amron v. Morgan Stanley Inv. Advisors Inc.,* 464 F.3d 338, 344 (2d Cir.2006) ........................... 9

*Ashcroft v. Iqbal*, 556 U.S. 662, 682 (2009) ................................................................................. 7

*City of Almaty v. Sater*, 503 F. Supp. 3d 51, 65–66 (S.D.N.Y. 2020) .......................................... 14

*Clarke v. Max Advisors, LLC*, 235 F. Supp. 2d 130, 151 (N.D.N.Y. 2002) .................................. 5

*Decker v. Massey–Ferguson, Ltd.,* 681 F.2d 111, 116 (2d Cir. 1982) ........................................... 8

*Elma R.T. v. Landesmann Int'l Mktg. Corp.,* No. 98–CIV.3662, 2000 WL 297197 (S.D.N.Y.
    Mar. 22, 2000) ......................................................................................................................... 5

*Ferro v. Volvo Penta of the Americas, LLC*, No. 5:17-CV-194-BO, 2017 WL 3710071 (E.D.N.C.
    Aug. 28, 2017) ........................................................................................................................ 14

*Fiske v. Church of St. Mary of the Angels*, 802 F.Supp. 872 (W.D.N.Y. 1992) ........................... 5

*Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962) ....................... 4, 5

*Glob. Fin. Corp. v. Triarc Corp.*, 93 N.Y.2d 525, 526 (1999) .................................................... 12

*Gross v. Diversified Mortgage Investors,* 431 F.Supp. 1080, 1087 (S.D.N.Y.1977), *aff'd,* 636
    F.2d 1201 (2d Cir. 1980) ......................................................................................................... 8

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) ............................................................................ 9

*Hinds Cty., Miss. v. Wachovia Bank N.A.*, 620 F. Supp. 2d 499, 511 (S.D.N.Y. 2009) .............. 10

*In re Bankr. Est. of Norske Skogindustrier ASA*, 629 B.R. 717, 738 (Bankr. S.D.N.Y. 2021) .... 12

*In re Gaston & Snow*, 243 F.3d 599, 608 (2d Cir. 2001) ............................................................ 12

*In re Tribune Company Fraudulent Conveyance Litigation*, 10 F.4th 147 (C.A.2 (N.Y.) 2021). 18

*J. Lee Peeler & Co. v. Makepeace*, 96 N.C. App. 118 (1989) ..................................................... 15

*Joyner v. Abbott Lab'ys*, 674 F. Supp. 185, 190 (E.D.N.C. 1987) ............................................... 19

*KB Aircraft Acquisition, LLC v. Berry*, 249 N.C. App. 74, 80 (2016) ........................................ 13

*Lau v. Constable*, No. 16 CVS 4393, 2019 WL 6051554 (N.C. Super. Sept. 24, 2019) .............. 15

*Lockerman v. S. River Elec. Membership Corp.*, 250 N.C. App. 631, 641 (2016) ...................... 14

*Madonna v. United States*, 878 F.2d 62, 66 (2d Cir. 1989) ............................................... 8

*Marks Const. Co., Inc. v. Huntington Nat. Bank*, 614 F.Supp.2d 700 (N.D.W.Va. 2009) .......... 16

*Matana v. Merkin*, 957 F. Supp. 2d 473, 494 (S.D.N.Y. 2013) ...................................... 14

*Molina v. State of N.Y.*, 956 F. Supp. 257, 261 (E.D.N.Y. 1995) .................................. 19

*Northbrook Nat. Ins. Co. v. J & R Vending Corp.*, 167 F.R.D. 643 (E.D.N.Y.1996) .................. 5

*Pallickal v. Technology International, Ltd.,* No. 94 Civ. 5738, 1996 WL 153699 (S.D.N.Y. Apr. 3, 1996) ............................................................................................ 8

*Reale v. Reale*, 485 F. Supp. 2d 247, 252 (W.D.N.Y. 2007) ...................................... 15

*S.S. Silberblatt, Inc. v. East Harlem Pilot Block-Building 1 Housing Development Fund Co., Inc.*, 608 F.2d 28 (C.A.2 (N.Y.) 1979) ............................................................. 10

*Shields v. Citytrust Bancorp, Inc.,* 25 F.3d 1124, 1128 (2d Cir. 1994) ........................... 8

*Smith v. Chrysler Corp.*, 938 F.Supp. 1406 (S.D.Ind. 1996) ...................................... 17

*Sound of Music Co. v. Minnesota Min. & Mfg. Co.*, 477 F.3d 910 (C.A.7 (Ill.) 2007) .............. 17

*Sterling v. Deutsche Bank Nat'l Tr. Co.*, 2019 WL 5722320 (S.D.N.Y. Aug. 16, 2019) ............. 11

*Vine v. Beneficial Finance Co.*, 374 F.2d 627 (C.A.2 (N.Y.) 1967) ................................ 19

*Wagner v. Simpson Performance Prod., Inc.*, No. 518CV00123, 2021 WL 411144 (W.D.N.C. Feb. 5, 2021) ...................................................................................... 14, 15

*Wall St. Assocs. v. Brodsky*, 684 N.Y.S.2d 244, 248 (1st Dept. 1999) ............................ 13

*Wilson v. American Trans Air, Inc.*, 874 F.2d 386 (C.A.7 (Ind.) 1989) ........................... 16

## Rules

Fed. R. Civ. P. 12(b)(6) ............................................................................. 8

Fed. R. Civ. P. 8(a)(2) .............................................................................. 7

Fed. R. Civ. P. 9(b) ................................................................................. 7

Fed.R.Civ.P. 15(a) .................................................................................. 4

New York CPLR § 202 ................................................................................. 10

*Hearing Date: April 14, 2022*

## PRELIMINARY STATEMENT

Defendant Hutchison PLLC ("Hutchison") submits this Memorandum of Law, together with the Declaration of Liam O'Brien, in opposition to the motion by plaintiff Universal Life Insurance Company ("Plaintiff") for leave to file a second amended complaint.

As detailed in Point I below, Hutchison respectfully submits that denial of leave to amend is required because the amendment will be futile as to Hutchison because: (a) the claims asserted against Hutchison in the Proposed Second Amended Complaint will be subject to dismissal pursuant to FRCP 8(a)(2), FRCP 9(b) and FRCP 12(b)(6) for failure to state a claim upon which relief can be granted; (b) the claims asserted against Hutchison in the Proposed Second Amended Complaint will be subject to dismissal pursuant to applicable statutes of limitations; and (c) the claims asserted against Hutchison in the Proposed Second Amended Complaint will be subject to dismissal via summary judgment pursuant to FRCP 56.

Additionally, as detailed in Points II and III below, leave to amend should be denied based on Plaintiff's delay in seeking amendment and in attempting to set forth any substantive factual allegations against Hutchison which support the claims asserted, and because the claims asserted against Hutchison are frivolous.

Indeed, while the original complaint and first amended complaint both failed to assert any substantive allegations against Hutchison whatsoever (clearly warranting dismissal with respect to Hutchison), the Proposed Second Amended Complaint only adds one factual allegation. As it stands, the Proposed Second Amended Complaint does not specifically allege any actual wrongdoing by Hutchison which would support the legal claims asserted against it.

## PLEADING HISTORY

This adversary proceeding arises out of a Chapter 15 bankruptcy matter involving debtor Private Bankers Life & Annuity Co., Ltd. ("PBLA"). See Declaration of Liam O'Brien ("O'Brien

1

Decl."), Exhibit A at ¶¶ 2, 11-13.  Plaintiff initiated this adversary proceeding on or about July 6,

2021, and filed a First Amended Complaint on July 30, 2021 (the "amended complaint").  O'Brien

Decl., ¶¶ 4-5.

       Plaintiff alleged in the complaint that it is a creditor of debtor PBLA, and that it has an

unsatisfied judgment against PBLA in the amount of $524,009,051.26.  O'Brien Decl., ¶ 6.

Plaintiff further alleged that: PBLA oversaw a trust on behalf of Plaintiff; that PBLA was

ultimately owned by Greg E. Lindberg ("Lindberg"); and that Lindberg orchestrated a scheme to

transfer hundreds of millions of dollars of trust assets to Lindberg-controlled limited liability

companies and corporations which were alter egos of Lindberg.  O'Brien Decl., Ex. A at ¶¶ 1-5.

Plaintiff asserted six causes of action in the complaint, namely: voidable transfer[1]; unjust

enrichment; conversion; constructive trust; fraud; and breach of fiduciary duty.  O'Brien Decl., ¶

8.

       Hutchison is a regional law firm with two offices in North Carolina and one in Georgia.

O'Brien Decl., ¶ 2.  The amended complaint contained a single reference to Hutchison, stating:

> Defendant Hutchison Law Group, PLLC is a North Carolina
> professional limited liability company located at 3110 Edwards Mill
> Road, Suite 300, Raleigh, NC 27612.  It has no members who are
> citizens of Puerto Rico.
>
> [O'Brien Decl., Ex. A at ¶ 69].

The amended complaint contained no substantive allegations with respect to Hutchison.  Instead,

Hutchison was grouped together with the dozens of corporate or commercial defendant entities

which were alleged alter egos of Lindberg.  O'Brien Decl., ¶ 10.  The amended complaint did not

identify or allege any tortious acts or omissions by Hutchison.

---

[1]  The voidable transfer claim asserted in the amended complaint did not specify any statutory or
other legal basis for the relief sought.

On October 1, 2021, Hutchison filed a motion to dismiss the amended complaint pursuant to FRCP 8(a)(2), FRCP 9(b) and FRCP 12(b)(6). O'Brien Decl., ¶ 13. Plaintiff filed an omnibus opposition to the defendants' motions to dismiss on December 6, 2021. O'Brien Decl., ¶ 14. Hutchison filed a reply to Plaintiff's omnibus opposition on January 13, 2022. O'Brien Decl., ¶ 15.

On January 21, 2022, the Court issued an Amended Scheduling Order, adjourning the defendants' motions to dismiss *sine die* and setting a briefing schedule to allow Plaintiff to submit a motion for leave to file a second amended complaint. O'Brien Decl., ¶ 16. On February 25, 2022, Plaintiff filed a motion for leave to file a second amended complaint. A copy of the Proposed Second Amended Complaint was attached to Plaintiff's motion. [ECF No. 159-1]. O'Brien Decl., Ex. B.

The Proposed Second Amended Complaint asserts the following causes of action against Hutchison: voidable transfer under North Carolina statutory law (proposed Counts I and II); voidable transfer under New York statutory law (proposed Counts III and IV); unjust enrichment (proposed Count V); and constructive trust (proposed Count VII). O'Brien Decl., Ex. B.

Like the amended complaint, the Proposed Second Amended Complaint does not specifically allege any actual wrongdoing by Hutchison which supports the legal claims asserted against it. The proposed Second Amended Complaint adds one substantive allegation against Hutchison as compared to the amended complaint, stating:

> Beginning on December 27, 2017 and continuing through January of 2018 Hutchison Law Group, PLLC received at least two separate cash transfers from PBLA totaling approximately $16,868,371.00. These transfers originated from the PBLA-ULICO Wilmington Trust bank account. Each transfer was initiated by PBLA, at the direction of Lindberg.

> [O'Brien Decl., Ex. B at ¶ 153].

3

On January 26, 2022, prior to the filing of Plaintiff's motion for leave, Plaintiff's counsel sent an email requesting information regarding two disbursements to Hutchison which took place on August 23, 2017 and September 6, 2017, and which totaled $16,868,371.00.  O'Brien Decl., Ex. C.  On February 16, 2022, Plaintiff counsel was provided a detailed explanation regarding the two disbursements and the parties involved.  Plaintiff's counsel was advised that the transfers occurred in the context of Hutchison's involvement as legal counsel in an Eli Global entity's purchase of an unaffiliated software business.  More specifically, the funds were utilized to finance the acquisition of the unaffiliated business, and were temporarily remitted to the Hutchison trust account and then disbursed in the manner that the parties to the transaction had agreed.  O'Brien Decl., ¶ 20.

## LEGAL ARGUMENT

### POINT I

### LEAVE TO FILE A SECOND AMENDED COMPLAINT MUST BE DENIED ON THE BASIS OF FUTILITY

It is respectfully submitted that leave to file the Proposed Second Amended Complaint must be denied because the proposed complaint continues to fail to state a claim against Hutchison, thereby rendering a further amendment futile as against Hutchison.

Motions for leave to amend are governed by Rule 15(a) of the Federal Rules of Civil Procedure, which provides, in pertinent part, that "leave shall be freely given when justice so requires."  Fed.R.Civ.P. 15(a).  Under Rule 15(a), leave to amend ordinarily should be freely granted absent undue delay, bad faith, dilatory tactics, undue prejudice in being served with the proposed amended pleading, or futility.  *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Elma R.T. v. Landesmann Int'l Mktg. Corp.,* No. 98–CIV.3662, 2000 WL 297197 (S.D.N.Y. Mar. 22, 2000).

4

In considering whether to grant a motion for leave to amend, the court may properly take into account the futility associated with the newly-added claims or defenses. *Foman,* 371 U.S. at 182, 83 S.Ct. at 230. "Quite sensibly, a court may properly deny leave to amend when the claim or defense sought to be added would not withstand a likely motion to dismiss for failure to state a legally cognizable claim or defense." *Clarke v. Max Advisors, LLC*, 235 F. Supp. 2d 130, 151 (N.D.N.Y. 2002)(internal citation omitted). See *Fiske v. Church of St. Mary of the Angels*, 802 F.Supp. 872 (W.D.N.Y. 1992)(leave to amend pleading should be denied when claim sought to be added is without merit or futile, even when there is no delay, bad faith, or prejudice); *Northbrook Nat. Ins. Co. v. J & R Vending Corp.*, 167 F.R.D. 643 (E.D.N.Y.1996)(leave to amend may be denied as futile where the claim proposed to be added has no colorable merit; where it appears that granting leave to amend is unlikely to be productive, it is not an abuse of discretion to deny leave to amend).

Much like the prior two iterations of the complaint, the Proposed Second Amended Complaint fails to sufficiently allege any actual wrongdoing by Hutchison which supports the legal claims asserted against it. Indeed, while the first amended complaint failed to assert <u>any</u> substantive allegation against Hutchison whatsoever (clearly warranting dismissal with respect to Hutchison), the proposed Second Amended Complaint adds only <u>one</u> substantive allegation. Specifically, Plaintiff seeks leave to add the allegation that:

> 153. Beginning on December 27, 2017 and continuing through January of 2018 Hutchison Law Group, PLLC received at least two separate cash transfers from PBLA totaling approximately $16,868,371.00. These transfers originated from the PBLA-ULICO Wilmington Trust bank account. Each transfer was initiated by PBLA, at the direction of Lindberg.
>
> [O'Brien Decl., Ex. B, ¶ 153].

5

Based on that allegation, Plaintiff seeks leave to assert causes of action against Hutchison for voidable transfer under North Carolina statutory law (proposed Counts I and II), voidable transfer under New York statutory law (proposed Counts III and IV), unjust enrichment (proposed Count V) and constructive trust (proposed Count VII). Critically, however, the fatal pleading defects highlighted in Hutchison's prior motion to dismiss still remain.

It is respectfully submitted that denial of leave to amend is required because amendment would be futile as to Hutchison based on each of the following grounds: (a) the claims asserted against Hutchison in the Proposed Second Amended Complaint will be subject to dismissal pursuant to FRCP 8(a)(2), FRCP 9(b) and FRCP 12(b)(6) for failure to state a claim upon which relief can be granted; (b) the claims asserted against Hutchison in the Proposed Second Amended Complaint will be subject to dismissal pursuant to applicable statutes of limitations; (c) the claims asserted against Hutchison in the Proposed Second Amended Complaint will be subject to dismissal via summary judgment pursuant to FRCP 56 for reasons already conveyed to Plaintiff's counsel; and (d) the Court lacks subject matter jurisdiction over the claims asserted by Plaintiff.

## A. The Claims Asserted Against Hutchison In The Proposed Second Amended Complaint Will Be Subject To Dismissal Pursuant To FRCP 8(a)(2), FRCP 9(b) and FRCP 12(b)(6)

As was detailed in Hutchison's prior motion to dismiss, it was and is undeniable that the first amended complaint and the claims asserted therein are woefully defective and inadequate as regards Hutchison, and that dismissal of the claims was warranted pursuant to FRCP 8(a)(2), FRCP 9(b) and FRCP 12(b)(6).

Given a generous opportunity by this Court to seek a further amendment of its pleading, Plaintiff has done nothing more than add a single paragraph identifying two fund transfers in which Hutchison was involved. However, as explained elsewhere herein, those two transfers occurred

in the context of Hutchison's involvement as legal counsel in an Eli Global entity's purchase of an unaffiliated software business.

It remains that the causes of action asserted against Hutchison in the Proposed Second Amended Complaint are deficient and will warrant dismissal pursuant to FRCP 8(a)(2), FRCP 9(b) and FRCP 12(b)(6) in the event that leave to amend is granted.

Pursuant to Fed. R. Civ. P. 8(a)(2), a pleader is required to allege facts which demonstrate that it is entitled to relief. To avoid dismissal, the complaint must set forth facts that raise a "plausible inference" that the defendant – Hutchison – inflicted a legally cognizable harm upon the Plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 682 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678 (FRCP 8 requires that a pleading contain facts that constitute "more than an unadorned, the-defendant-unlawfully-harmed me accusations").

Pursuant to Fed. R. Civ. P. 9(b), fraud-related causes of action must be supported by particularized factual allegations or they are subject to dismissal. *Shields v. Citytrust Bancorp, Inc.,* 25 F.3d 1124, 1128 (2d Cir. 1994). A salient purpose of Rule 9(b) is to discourage the filing of complaints "as a pretext for discovery of unknown wrongs." *Gross v. Diversified Mortgage Investors,* 431 F.Supp. 1080, 1087 (S.D.N.Y.1977), *aff'd,* 636 F.2d 1201 (2d Cir. 1980). See *Madonna v. United States*, 878 F.2d 62, 66 (2d Cir. 1989)("[plaintiff's] contention, that discovery will unearth information tending to prove his contention of fraud, is precisely what Rule 9(b) attempts to discourage"); *Decker v. Massey–Ferguson, Ltd.,* 681 F.2d 111, 116 (2d Cir. 1982)("Rule 9(b) [fails] in its purpose if conclusory generalizations such as these will permit a plaintiff to set off on a long and expensive discovery process in the hope of uncovering some sort of wrongdoing"). See also *Pallickal v. Technology International, Ltd.,* No. 94 Civ. 5738, 1996

WL 153699 (S.D.N.Y. Apr. 3, 1996)("[w]here there are multiple defendants, a complaint must identify which defendant is responsible for which act").

Pursuant to Fed. R. Civ. P. 12(b)(6), asserted claims must be supported by factual allegations which establish each of the elements of those claims. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). See also *Amron v. Morgan Stanley Inv. Advisors Inc.*, 464 F.3d 338, 344 (2d Cir.2006)("bald assertions and conclusions of law will not suffice").

Here, the Proposed Second Amended Complaint fails to include sufficient factual allegations demonstrating that Hutchison inflicted a legally cognizable harm upon the Plaintiff, and fails to allege factual allegations against Hutchison establishing the elements of the stated causes of action. Instead, the proposed complaint only makes single reference to Hutchison's involvement with two fund transfers which occurred in the context of a corporate acquisition, and then proceeds to generally lump Hutchison together with the other defendants, even though Hutchison is not alleged to share any functions, affiliations or control with or by the other defendant entities.

Ultimately, Plaintiff has progressed from alleging nothing whatsoever against Hutchison in the complaint and first amended complaint, to asserting a single substantive allegation which does not actually allege any specific wrongdoing. A single allegation coupled with a whisper of innuendo does not equal well-pleaded claims that will withstand a motion to dismiss pursuant to FRCP 8(a)(2), FRCP 9(b) and FRCP 12(b)(6). There is no specific wrongdoing alleged against Hutchison.

Indeed, it is critically telling that the actual allegations contained in the proposed complaint's counts only make specific references or allegations to other classes of defendants, and

only generally include Hutchison as part of the dozens of "Voidable Transfer Defendants". [O'Brien Decl., Ex. B, ¶ 312]. For example, where specific references are made to any defendant parties in the fraudulent conveyance counts, such references are only to Lindberg, Herwig, Miller, and the Lindberg Affiliate Defendants. [O'Brien Decl., Ex. B, Counts I-IV]. While the proposed complaint groups Hutchison together with dozens of commercial entities which were alleged alter egos of Lindberg and also with financial institution defendants, that wholesale grouping is irreconcilable with the fact that Hutchison is the only law firm defendant identified in this litigation, and there are no specific allegations of wrongdoing made against it.

Given that the Proposed Second Amended Complaint fails to include any allegations of wrongdoing with respect to Hutchison, it will be subject to a motion to dismiss if leave to amend is granted. See generally *S.S. Silberblatt, Inc. v. East Harlem Pilot Block-Building 1 Housing Development Fund Co., Inc*., 608 F.2d 28 (C.A.2 (N.Y.) 1979)(trial court does not abuse its discretion in denying leave to amend a complaint which, even as amended, would fail to state a cause of action); *Hinds Cty., Miss. v. Wachovia Bank N.A.*, 620 F. Supp. 2d 499, 511 (S.D.N.Y. 2009)(dismissing complaint with respect to joint defendants against whom no specific allegations were made); *Sterling v. Deutsche Bank Nat'l Tr. Co.*, 2019 WL 5722320 (S.D.N.Y. Aug. 16, 2019). Leave to amend should therefore be denied as futile.

### B. The Claims Asserted Against Hutchison In The Proposed Second Amended Complaint Will Be Subject To Dismissal Pursuant To Applicable Statutes Of Limitations

In setting forth the first, albeit only, substantive allegation against Hutchison, the Proposed Second Amended Complaint for the first time provides information which allows a preliminary statute of limitations analysis with respect to its claims. Specifically, it is alleged in the proposed complaint that Hutchison received two specific transfers of funds "[b]eginning on December 27, 2017 and continuing through January of 2018". [O'Brien Decl., Ex. B, ¶ 153]. Notably, Plaintiff's

reference to "December 27, 2017 … through January of 2018" appears to be erroneous in that the actual transfer dates that Plaintiff's counsel discussed with Hutchison's counsel were August 23, 2017 and September 6, 2017, with the same transfer totals. [O'Brien Decl., Ex. C].

Plaintiff has also for the first time specified the proposed statutory grounds for its fraudulent conveyance claims, asserting voidable transfer claims under North Carolina law (proposed Counts I and II) and New York law (proposed Counts III and IV). As before, Plaintiff also asserts unjust enrichment (proposed Count V) and constructive trust (proposed Count VII) against Hutchison.

Given the transfer dates at issue, amendment of the complaint will be futile on the ground that the Proposed Second Amended Complaint will be subject to dismissal on statute of limitations grounds. While no party has yet substantively addressed or analyzed choice of law issues pertaining to Plaintiff's claims – due primarily to the paucity of factual allegations in Plaintiff's pleadings to date[2] – it is clear that for purposes of assessing statute of limitations issues, New York CPLR § 202 has critical application to this matter.

Where an out-of-state party files an action in New York, "CPLR 202 requires application of the shorter of the statute of limitations of New York and the statute of limitations of the state in which the cause of action accrued." *In re Gaston & Snow*, 243 F.3d 599, 608 (2d Cir. 2001)(applying CPLR 202 in bankruptcy proceeding).

---

[2] Plaintiff's submissions to date in this action have intermittently referenced the elements of its common law claims under New York and North Carolina law. For purposes of this opposition, Hutchison will reference the statutes of limitations of those two states. However, Hutchison does not concede that New York or North Carolina substantive law applies to any or all of Plaintiff's asserted claims and does not waive the choice of law issue. See generally *In re Bankr. Est. of Norske Skogindustrier ASA*, 629 B.R. 717, 738 (Bankr. S.D.N.Y. 2021)(noting, in context of motion to dismiss and limited allegations in complaint, that it "may be necessary for the Court to later revisit its choice of law analysis" when it becomes clearer where the alleged conduct actually occurred).

In essence, CPLR § 202 guards against forum shopping by out-of-state plaintiffs by mandating the use of the shortest statute of limitations available. See *Glob. Fin. Corp. v. Triarc Corp.*, 93 N.Y.2d 525, 526 (1999)("CPLR 202 requires our courts to "borrow" the Statute of Limitations of a foreign jurisdiction where a nonresident's cause of action accrued, if that limitations period is shorter than New York's"); *2138747 Ontario, Inc. v. Samsung C & T Corp.*, 31 N.Y.3d 372, 377 (2018)("In other words, when a nonresident sues on a cause of action accruing outside New York, CPLR 202 requires the cause of action to be timely under the limitation periods of both New York and the jurisdiction where the cause of action accrued")(internal quotation marks omitted). Thus, here, the shortest applicable statute of limitation will apply to Plaintiff's claims against Hutchison.

    **i.   Voidable Transfer Claims Under New York and North Carolina Law (Proposed Counts I-IV)**

With respect to the proposed complaint's voidable transfer claims (Counts I-IV), North Carolina employs a four-year statute of limitations while New York has a six-year[3] limit. See *KB Aircraft Acquisition, LLC v. Berry*, 249 N.C. App. 74, 80 (2016); *Wall St. Assocs. v. Brodsky*, 684 N.Y.S.2d 244, 248 (1st Dept. 1999). Thus, North Carolina's four-year limitations period will apply to Plaintiff's proposed voidable transfer claims.

Given the transfer dates cited by Plaintiff which involved Hutchison – August 23, 2017 and September 6, 2017 – Plaintiff's statutory voidable transfer claims under North Carolina and/or New York law were required to have been filed by August 23, 2021 and September 6, 2021. However, Plaintiff's proposed voidable transfer claims under North Carolina and New York law

---

[3] New York enacted the Uniform Voidable Transactions Act effective April 4, 2020, reducing its statute of limitations to four years. However, it does not apply retroactively and would not apply to the two transfers cited by Plaintiff in the proposed complaint.

were not filed within that period, and so, if leave to amend is granted, the claims will be subject to a motion to dismiss on statute of limitations grounds.

### ii.   Unjust Enrichment Claim (Proposed Count V)

With respect to the proposed complaint's unjust enrichment claim (Count V), North Carolina and New York both employ a three-year statute of limitations.  See *Ferro v. Volvo Penta of the Americas, LLC*, No. 5:17-CV-194-BO, 2017 WL 3710071 (E.D.N.C. Aug. 28, 2017)("The statute of limitations for an unjust enrichment claim is three years"), aff'd sub nom. 731 F. App'x 208 (4th Cir. 2018); *Wagner v. Simpson Performance Prod., Inc*., No. 518CV00123, 2021 WL 411144 (W.D.N.C. Feb. 5, 2021), aff'd sub nom. No. 2021-1715, 2021 WL 5353889 (Fed. Cir. Nov. 17, 2021); *Lockerman v. S. River Elec. Membership Corp*., 250 N.C. App. 631, 641 (2016)("claim for unjust enrichment must be brought within three years of accrual"); *City of Almaty v. Sater*, 503 F. Supp. 3d 51, 65–66 (S.D.N.Y. 2020)(the "Court therefore concludes that a three-year limitations period applies to their claim for unjust enrichment"); *Matana v. Merkin*, 957 F. Supp. 2d 473, 494 (S.D.N.Y. 2013).   Thus, a three-year limitations period will apply to Plaintiff's proposed unjust enrichment claim.

Given the transfer dates cited by Plaintiff which involved Hutchison – August 23, 2017 and September 6, 2017 – Plaintiff's unjust enrichment claim was required to have been filed by August 23, 2020 and September 6, 2020.  However, Plaintiff's proposed unjust enrichment claim was not filed within that period, and so, if leave to amend is granted, the claim will be subject to a motion to dismiss on statute of limitations grounds.

### iii.   Constructive Trust Claim (Proposed Count VII)

With respect to the proposed complaint's constructive trust claim (Counts VII), North Carolina employs a three-year statute of limitations while New York has a six-year limit.  See *Lau*

*v. Constable*, No. 16 CVS 4393, 2019 WL 6051554 (N.C. Super. Sept. 24, 2019)("When the basis for imposing a constructive trust is fraud … the statute of limitations is three years"); *Wagner v. Simpson Performance Prod., Inc.*, *supra* ("Claims for unjust enrichment, fraud and constructive trust / fraud based on the alleged breach of a confidential relationship are subject to a three-year statute of limitations"); *J. Lee Peeler & Co. v. Makepeace*, 96 N.C. App. 118 (1989); *Reale v. Reale*, 485 F. Supp. 2d 247, 252 (W.D.N.Y. 2007)("A cause of action for a constructive trust is governed by New York's six-year statute of limitations").  Thus, North Carolina's three-year limitations period will apply to Plaintiff's proposed constructive trust claim.

Given the transfer dates cited by Plaintiff which involved Hutchison – August 23, 2017 and September 6, 2017 – Plaintiff's constructive trust claim was required to have been filed by August 23, 2020 and September 6, 2020.  However, Plaintiff's proposed constructive trust claim was not filed within that period, and so, if leave to amend is granted, the claim will be subject to a motion to dismiss on statute of limitations grounds.

## C. The Claims Asserted Against Hutchison In The Proposed Second Amended Complaint Will Be Subject To Dismissal Via Summary Judgment Pursuant To FRCP 56

Citing two specific transfers involving Hutchison which totaled $16,868,371.00, Plaintiff has asserted claims against Hutchison for voidable transfer, unjust enrichment and constructive trust.  However, as has been explained in good faith and in detail to Plaintiff's counsel, the two transfers occurred in the context of Hutchison's involvement as legal counsel in an Eli Global entity's purchase of an unaffiliated software business.  More specifically, the funds were utilized to finance the acquisition of the unaffiliated business, and were temporarily remitted to the Hutchison trust account and then disbursed in the manner that the parties to the transaction had agreed.

13

Given the actual circumstances of the two cited transfers, Hutchison will seek and will be entitled to summary judgment with respect to Plaintiff's proposed claims. Accordingly, amendment of the complaint will be futile and Plaintiff's motion should be denied. See generally *Wilson v. American Trans Air, Inc*., 874 F.2d 386 (C.A.7 (Ind.) 1989)(court does not abuse its discretion in denying motion to amend when amending pleading would be a futile act; amendment is a "futile gesture" if the amended pleading would not survive a motion for summary judgment); *Marks Const. Co., Inc. v. Huntington Nat. Bank*, 614 F.Supp.2d 700 (N.D.W.Va. 2009)(an amendment is futile where the opposing party would be entitled to summary judgment on the amended claim); *Smith v. Chrysler Corp*., 938 F.Supp. 1406 (S.D.Ind. 1996)(amendment is futile if amended pleading could not survive motion for summary judgment); *Sound of Music Co. v. Minnesota Min. & Mfg. Co*., 477 F.3d 910 (C.A.7 (Ill.) 2007)(court did not abuse its discretion in refusing to allow dealer to amend complaint against supplier to state new claim under Illinois Consumer Fraud Act where claim would have not have survived motion for summary judgment).

### D. The Court Lacks Subject Matter Jurisdiction Over The Claims Asserted Against Hutchison In The Proposed Second Amended Complaint

Hutchison respectfully references and incorporates the argument contained within Point II of the opposition Memorandum of Law filed by defendant Aspida Financial Services, LLC. [ECF No. 163, pg.6].

As set forth therein, the Proposed Second Amended Complaint fails to demonstrate that the Plaintiff can meet its burden of establishing the subject matter jurisdiction of this Court. This is an action in which a non-debtor has aggregated disparate claims against disparate non-debtors for purposes of convenience. The outcome of these actions will have no conceivable effect on the bankruptcy estate of the foreign debtor. Accordingly, Plaintiff's motion to amend fails by reason of futility and the claims against Hutchison must be dismissed.

## POINT II

**LEAVE TO FILE A SECOND AMENDED COMPLAINT MUST BE DENIED ON THE BASIS OF PLAINTIFF'S DELAY IN SEEKING A SECOND AMENDMENT OF ITS COMPLAINT**

Plaintiff has now had multiple opportunities to substantially cure the undeniable pleading deficiencies that have plagued its claims against Hutchison.  In point of fact, prior to submitting the Proposed Second Amended Complaint with its single factual allegation pertaining to Hutchison, Plaintiff's previous complaints did not even contain a single allegation against it.  If there was ever a time to omit a potential defendant from a case until some good faith claim could actually be made against it, this was certainly that circumstance.

Instead, Hutchison has been forced to engage in multiple motion practice to seek relief with respect to drastically under-pled claims for relief.  Given multiple opportunities to set forth more particularized allegations against Hutchison – including the instant motion to amend – Plaintiff has maintained its wholesale failure to set forth any substantive allegations.

This being so, and for the reasons stated above, it is respectfully submitted that Plaintiff should not be granted leave to file a further amended complaint against Hutchison.  See generally *In re Tribune Company Fraudulent Conveyance Litigation*, 10 F.4th 147 (C.A.2 (N.Y.) 2021)(court did not abuse its discretion in denying litigation trustee leave to amend fraudulent transfer claims in connection with debtor company's leveraged buyout prior to debtor's bankruptcy filing, since trustee had ample opportunity to plead a viable claim, and indeed, the operative pleading was a further amended complaint, but trustee failed to propose any amendments that would cure the pleading defects); *Vine v. Beneficial Finance Co.*, 374 F.2d 627 (C.A.2 (N.Y.) 1967)(where it appeared that stockholder had waited to see how he would fare on prior motion to dismiss before moving for leave to file second amended complaint extending beginning of alleged

fraudulent scheme back several years, denial of leave to amend because of undue delay, bad faith or dilatory motive was not an abuse of discretion).

### POINT III

### LEAVE TO FILE A SECOND AMENDED COMPLAINT MUST BE DENIED ON THE GROUND THAT THE PROPOSED AMENDED CLAIMS AGAINST HUTCHISON ARE FRIVOLOUS

In light of the continuing pleading deficiencies in the Proposed Second Amended Complaint, and including the fact that Hutchison has provided explanatory information to Plaintiff with respect to the two fund transfers that are cited in the proposed complaint, the Plaintiff's proposed claims against Hutchison are frivolous and warrant denial of the motion for leave to amend.

"[I]f a claim is frivolous on its face, the court need not permit the amendment." *Molina v. State of N.Y.*, 956 F. Supp. 257, 261 (E.D.N.Y. 1995)(holding that movant had alleged "nothing new in his motion to amend, and the Court finds that his proposed amendment is meritless and futile").  See also *Joyner v. Abbott Lab'ys*, 674 F. Supp. 185, 190 (E.D.N.C. 1987)("When a proposed amendment is frivolous or advances a claim or defense that is legally insufficient on its face, the motion to amend should be denied", holding that plaintiffs' allegations were conclusory and gave "no hint" as to how the alleged actions of the defendant constituted violations).

### <u>CONCLUSION</u>

For all of the foregoing reasons, it is respectfully submitted that plaintiff Universal Life Insurance Company's motion for leave to file a second amended complaint must be denied.

McCORMICK & O'BRIEN, LLP

BY: _____

16

Liam O'Brien, Esq.
9 East 40th Street, Fourth Floor
New York, New York 10016
(212) 320-8972 x700
*lobrien@mcoblaw.com*
*Attorneys for Defendant Hutchison*
*PLLC i/s/h/a Hutchison Law Group,*
*PLLC*

Dated:  March 18, 2022