**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
............................................................X

|  |  |  |
|---|---|---|
| In re: | : | |
| | : | |
| PB LIFE AND ANNUITY CO. LTD, *et al.,* | : | Chapter 15 |
| | : | |
| Debtor in Foreign Proceeding. | : | Case No. 20-12791-LGB |
| | : | (Jointly Administered) |

............................................................

|  |  |  |
|---|---|---|
| UNIVERSAL LIFE INSURANCE COMPANY, | : | |
| | : | |
| *Plaintiff,* | : | Adv. Proc. No. 21-01169-lgb |
| | : | |
| v. | : | |
| | : | |
| GREG E. LINDBERG, individually, *et al.*, | : | |
| | : | |
| *Defendants*. | : | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

27658141v3 92132.127.05

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT ............................................................................................................................. 2

    A.    Standard ........................................................................................................... 2

    B.    ULICO Lacks Standing Because its Claims Belong to the Trustee of the
          Reinsurance Trust. .......................................................................................... 3

    C.    ULICO Lacks Standing Because it is Not a Creditor of the Reinsurance Trust......... 6

    D.    ULICO's Claims are Time-Barred............................................................................ 7

    E.    The Court Lacks Subject Matter Jurisdiction. ........................................................ 11

    F.    ULICO's Proposed Second Amended Complaint Fails to State a Claim for
          Fraudulent Transfer, Fraud, Breach of Fiduciary Duty, Conversion,
          Constructive Trust, Unjust Enrichment, and Alter Ego. ........................................... 12

PRAYER.................................................................................................................................. 12

27658141v3 92132.127.05

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*135 East 57th St., LLC v 57th St. Day SPA, LLC*, 2014 NY Slip Op 31802[U] *9
[Sup Ct, NY County 2014] ........................................................................................ 6

*Airball Cap. LLC v. Rosenthal & Rosenthal Inc*., 73 Misc. 3d 1218(A), 155 N.Y.S.3d 61
(N.Y. Sup. Ct. 2021) ................................................................................................. 6

*Berkshire Bank v. Lloyds Banking Grp. plc*, No. 20-1987-CV, 2022 WL 569819, at *4
(2d Cir. Feb. 25, 2022) ........................................................................................... 11

*BNP Paribas Mortg. Corp. v. Bank of Am., N.A.*, No. 10 CIV. 8299 RWS,

2011 WL 3847376, at *8 (S.D.N.Y. Aug. 30, 2011) ................................................ 5

*Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) ................................... 3

*CFIP Master Fund, Ltd.* v. *Citibank, N.A.*, 738 F.Supp.2d 450, 477 (S.D.N.Y. 2010) ................. 3

*Chem. Bank v. Shearson Lehman Bros.*, No. 91 CIV. 4915 (LMM), 1992 WL 183760,
at *1 (S.D.N.Y. July 21, 1992) .............................................................................. 3, 5

*D'Mel & Associates v. Athco, Inc.,* 105 A.D.3d 451, 451 (1st Dep't 2013) ................................... 7

*Eberhard v. Marcu*, 530 F.3d 122, 129 (2d Cir. 2008) .................................................................. 6

*Fernandez v. UBS AG*, 222 F. Supp. 3d 358, 378 (S.D.N.Y. 2016) ............................................. 11

*Hildene Capital Mgmt., LLC* v. *Friedman, Billings, Ramsey Grp., Inc.*,
No. 11 Civ. 5832 (AJN), 2012 WL 3542196, at *2 (S.D.N.Y. Aug. 15, 2012) ........ 4

*Howe v. Bank of New York Mellon*, 783 F. Supp. 2d 466, 474 (S.D.N.Y. 2011) ........................... 5

*In re 360networks (USA) Inc.*, 367 B.R. 428, 433 (Bankr. S.D.N.Y. 2007) ................................. 8

*In re Enron Corp.*, 298 B.R. 513, 522 (Bankr.S.D.N.Y.2003) ...................................................... 8

*In re M. Fabrikant & Sons, Inc.*, 447 B.R. 170, 182 (Bankr. S.D.N.Y. 2011),
aff'd, 480 B.R. 480 (S.D.N.Y. 2012), aff'd, 541 F. App'x 55 (2d Cir. 2013) ............. 9

*In re Methyl Tertiary Butyl Ether (MTBE) Prod. Liab. Litig.*, 959 F. Supp. 2d 476,
490–91 (S.D.N.Y. 2013) ......................................................................................... 11

*In re Metzeler*, 66 B.R. 977, 981 (Bankr. S.D.N.Y. 1986) ....................................................... 8, 9

27658141v3 92132.127.05

*Lippe v. Bairnco Corp.,* 225 B.R. 846, 857 (S.D.N.Y. 1998).............................................................. 6

*MacEntee v. IBM (Int'l Bus. Machs.)*, 783 F.Supp.2d 434, 446 (S.D.N.Y. 2011)........................... 3

*Maitland v. City of New York*, No. 13-CV-2256 NGG CLP, 2014 WL 1427857,
    at *5 (E.D.N.Y. Apr. 14, 2014)................................................................................................ 2, 3

*Marathon Ashland Petroleum LLC v. Equili Co., L.P.*, No. 00CIV.2935(JSM)(KNF),
    2002 WL 662900, at *5 (S.D.N.Y. Apr. 23, 2002)....................................................................... 3

*Martes v. USLIFE Corp.*, 927 F. Supp. 146, 148 (S.D.N.Y. 1996)................................................. 6, 7

*McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007) ...................................... 3

*N. Atl. Instruments, Inc. v. Haber,* 188 F.3d 38, 43 (2d Cir.1999) ................................................. 10

*Pereira v. Hong Kong & Shanghai Banking Corp. (In re Kam Kuo Seafood Corp.),*
    67 B.R. 304 (Bankr. S.D.N.Y. 1986)............................................................................................ 9

*R & G Eng'g, Inc. v. Transcontainer Transp., Inc.*, 213 F. Supp. 2d 72, 78 (D.P.R. 2002)......... 11

*Riviera Cong. Assocs. v. Yassky,* 18 N.Y.2d 540, 547 (1966) ......................................................... 4

*Roman Y Gordillo, S.C. v. Bank of New York Mellon Corp.*, No. 12 CIV. 0212 DF,
    2014 WL 1224361, at *12 (S.D.N.Y. Mar. 20, 2014) ............................................................... 10

*Stuart v. American Cynamid Co.,* 158 F.3d 622, 627 (2d Cir.1998) ........................................ 10, 11

*Tomczak v. Trepel*, 283 A.D.2d 229 (1st Dep't 2001)..................................................................... 5

*Turkish v. Kasenetz*, 964 F. Supp. 689, 696–97 (E.D.N.Y. 1997)................................................... 4

*Velez* v. *Feinstein*, 87 A.D.2d 309, 314 (1st Dep't 1982)............................................................ 3, 4, 5

*Walnut Place LLC v. Countrywide Home Loans, Inc.*, 35 Misc.3d 1207(A)
    (Sup. Ct. N.Y. Cty. 2012) ............................................................................................................ 5

*Wirth v. Sunpath, LLC*, No. 17 CVS 517, 2017 WL 4126923, at *6
    (N.C. Super. Sept. 14, 2017)....................................................................................................... 6

*Woori Bank v. Merrill Lynch*, 923 F. Supp. 2d 491, 494 (S.D.N.Y.), *aff'd,*
    542 F. App'x 81 (2d Cir. 2013) ................................................................................................. 11

iv

**Statutes**

31 L.P.R.A. § 5298 ................................................................................................. 11

N.C. GEN. STAT. § 39-23.1 ...................................................................................... 6

N.Y. DEBT. & CRED. L. § 270.................................................................................. 6

**Other Authorities**

*Scott and Ascher on Trusts* § 28.2 [5th ed. 2011 & 2018 Supp.] .................................................. 4

**Rules**

1 C.P.L.R. § 202........................................................................................................ 10

Rule 12(b)(6)............................................................................................................... 3

27658141v3 92132.127.05

Pursuant to Federal Rules of Civil Procedure 15(a), and 12(b)(6), made applicable by Federal Rules of Bankruptcy Procedure 7015 and 7012, Defendants Greg Lindberg, Academy Financial Assets, LLC, Alpine Capital, LLC, Atlas Financial Investments, LLC, Augusta Asset Management, LLC, Capital Assets Management I, LLC, Capital Assets Management II, LLC, Capital Assets Management III, LLC, CSI Interco, LLC, Eli Global, LLC, GBI Group, LLC, GBIG Capital, LLC, GBIG Holdings, LLC, Global Insurance Capital, LLC, Hampton Asset Management, LLC, Iron City Asset Management, LLC, Jackson Assets Management, LLC, Kite Asset Management, LLC, New England Capital, LLC, Parallel Capital Assets, LLC, Tybee Island Asset Management, LLC, AGH Parent, LLC, ASiM Holdings, LLC, ASL Holdings, LLC, BLH Capital, LLC, Capital Assets Fund I, LLC, Capital Assets Fund II, LLC, Chatsworth Asset Management, LLC, Drummond Group, LLC, Dunhill Holdings, LLC, Englert Holdings, LLC, Flagship Holdings, LLC, Fortrex, LLC, Gilford Asset Management, LLC, Global Growth Holdings, Inc., Greenfield Capital, LLC, Healthlink Holdings, LLC, Integrity EMR Holdings, LLC, Integrity EMR, LLC, iTech Funding, LLC, Netherlands Insurance Holdings, Inc., NIH Capital, LLC, Sedwick, LLC, and UKAT Holdings, LLC, ("Responding Defendants") file this Memorandum of Law in Response to Plaintiff's Motion for Leave to File a Second Amended Complaint at ECF 159, as follows:

## I.
## PRELIMINARY STATEMENT

After two complaints and a bevy of motions to dismiss, Plaintiff Universal Life Insurance Company ("ULICO") was unable to offer a compelling reason why this case should survive. Now, nine months after it initiated the case, ULICO seeks leave to file a second amended complaint. Even with the benefit of ample time, ULICO's proposed complaint is futile. Consequently, leave

1

should be denied.

ULICO's proposed amended complaint reveals that ULICO lacks standing. The claims asserted by ULICO belong to the Trustee of the Reinsurance Trust from which ULICO claims funds were wrongfully transferred. Moreover, the allegedly fraudulent transfers were made by the Reinsurance Trust, not the Responding Defendants. ULICO is not a creditor of the Reinsurance Trust, and lacks standing for that reason also.

ULICO's claims also fail under the various statutes of limitations. That is especially true since ULICO's claims do not relate back to its original complaint where ULICO admits that it filed that complaint as a placeholder to avoid limitations. Moreover, even if the proposed complaint did relate back to the original filing, ULICO's claims for fraud, conversion, and breach of fiduciary duty are barred by New York's borrowing statute.

Further, despite nine months to correct the deficiencies in its original complaint, ULICO still fails to adequately allege claims for actual and constructive fraudulent transfer, fraud, breach of fiduciary duty, conversion, unjust enrichment, constructive trust, and alter ego. ULICO also fails to establish this Court's jurisdiction. For all these reasons, ULICO's proposed amended complaint is futile and leave to amend should be denied.

## II.
## ARGUMENT

### A.    Standard

Although leave to amend is generally freely granted under Federal Rule of Civil Procedure 15(a), leave to amend a complaint should be denied where the amendment is futile or "unlikely to be productive." *See Maitland v. City of New York*, No. 13-CV-2256 NGG CLP, 2014 WL 1427857, at \*5 (E.D.N.Y. Apr. 14, 2014). Specifically, a motion for leave to amend "should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated

2

failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008).

"An amendment is futile when it cannot withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Maitland,* 2014 WL 1427857, at *15 (citing *MacEntee v. IBM (Int'l Bus. Machs.)*, 783 F.Supp.2d 434, 446 (S.D.N.Y. 2011) (citations omitted)). As such, a determination that a proposed claim is futile is made under the same standards that govern a motion to dismiss under Rule 12(b)(6). *Marathon Ashland Petroleum LLC v. Equili Co., L.P.*, No. 00CIV.2935(JSM)(KNF), 2002 WL 662900, at *5 (S.D.N.Y. Apr. 23, 2002).

In ruling on a motion under Rule 12(b)(6), and, thus, in considering the plausibility of a proposed amended pleading, the court may consider only "the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated into the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007).

Here, ULICO's proposed complaint is futile because ULICO has no standing to bring the claims it asserts, ULICO's claims are barred by limitations, the Court lacks jurisdiction, and ULICO otherwise fails to meet the Rules' pleading standards.

**B.     ULICO Lacks Standing Because its Claims Belong to the Trustee of the Reinsurance Trust.**

Under New York law, claims in favor of a trust must be asserted by the trustee, and beneficiaries may assert such claims only if they first make a demand on the trustee and that demand is improperly refused. *CFIP Master Fund, Ltd.* v. *Citibank, N.A.*, 738 F.Supp.2d 450, 477 (S.D.N.Y. 2010) (Rakoff, J.) (quoting *Velez* v. *Feinstein*, 87 A.D.2d 309, 314 (1st Dep't 1982)); *see also Chem. Bank v. Shearson Lehman Bros.*, No. 91 CIV. 4915 (LMM), 1992 WL 183760, at *1 (S.D.N.Y. July 21, 1992) ("A Trustee of a trust is the legal owner of the Trust's assets and has

3

standing to bring an action to recover losses sustained by the trust as a result of the wrongful and fraudulent actions of a defendant."). Indeed, "a plethora of cases at both the federal and state level have applied a demand requirement to trust beneficiaries seeking to bring derivative suits by stepping into the shoes of the trustee." *Hildene Capital Mgmt., LLC* v. *Friedman, Billings, Ramsey Grp., Inc.*, No. 11 Civ. 5832 (AJN), 2012 WL 3542196, at *2 (S.D.N.Y. Aug. 15, 2012); *see also Turkish v. Kasenetz*, 964 F. Supp. 689, 696–97 (E.D.N.Y. 1997) (noting that beneficiary had standing to sue only "because she allege[d] the trustees are guilty of wrongdoing and therefore it would be futile to demand they bring an action on the trust's behalf.").

A trust beneficiary may sue derivatively on behalf of a trust "for the benefit of the trust on a cause of action which belongs to the trust if the trustees refuse to perform their duty in that respect." *Riviera Cong. Assocs. v. Yassky,* 18 N.Y.2d 540, 547 (1966). Under those circumstances, a trust beneficiary must plead with particularity (1) a demand of the trustee and an unjustifiable refusal by the trustee to sue, or (2) that due to the trustee's "conflict of interest, or some other reason, it is futile to make such a demand." *Velez*, 87 A.D.2d at 315. Without alleging such facts, trust beneficiaries cannot maintain an action at law against a third party with respect to trust property. *Id.*, see also *Scott and Ascher on Trusts* § 28.2 [5th ed. 2011 & 2018 Supp.]

So it is here. ULICO is the beneficiary of the Reinsurance Trust, and yet would bring claims in its proposed complaint to recover "Trust Proceeds." *See* ECF 159-1 ¶ 120.[1] Indeed, according to ULICO, "[t]his case arises out of . . . Lindberg, his associates, and a large number of affiliated corporate entities . . . transfer of hundreds millions of dollars of the *assets from a trust*." *Id.*, at ¶ 1 (emphasis supplied). Each of the allegedly voidable transfers were made from the trust. *Id.* at ¶¶

---

[1] The paragraphs in ULICO's Second Amended Complaint are misnumbered. So, for clarity, the paragraph 120 is quoted here: "Prior to the Bermuda Court's Order as to PBLA, PBLA under the direction of Lindberg, siphoned off more than $500 million of funds from the Trust (referred to as "Trust Proceeds")).

4

124-312. Put another way, "each of the Voidable Transfer Defendants received transfers, at the direction of PBLA, *from the Trust*." *Id*. at 315 (emphasis supplied). Thus, there is no dispute that ULICO seeks to recover trust property through this action.

Yet, the only party with standing to recover assets of the Reinsurance Trust is the Trustee. *See Shearson Lehman Bros.*, 1992 WL 183760, at *1. ULICO is not the Trustee. Likewise, ULICO does not allege that it seeks to recover trust funds derivatively on behalf of the Reinsurance Trust. To the contrary, "ULICO [requests] to recover from Defendants damages in excess of $524,009,051.26." ECF 159, ¶ 381(b). ULICO's lack of standing to assert claims belonging to the Trustee warrants dismissal. *See e.g. Howe v. Bank of New York Mellon*, 783 F. Supp. 2d 466, 474 (S.D.N.Y. 2011) (dismissing beneficiary plaintiff as without standing when "Plaintiff has made no showing that BNYM acted in bad faith" or "unreasonably refused to bring suit");*BNP Paribas Mortg. Corp. v. Bank of Am., N.A.*, No. 10 CIV. 8299 RWS, 2011 WL 3847376, at *8 (S.D.N.Y. Aug. 30, 2011) (dismissing claim when it was clear that Plaintiffs were "not in fact suing for the benefit of any other entity, but instead for their own losses.").

Moreover, even if ULICO attempted to frame its proposed complaint as a derivative claim, it has failed to "plead with particularity (1) a demand of the trustee and an unjustifiable refusal by the trustee to sue, or (2) that due to the trustee's "conflict of interest, or some other reason, it is futile to make such a demand." *Velez*, 87 A.D.2d at 315. ULICO's failure to plead either demand or futility of demand upon the Trustee is fatal to its claims. *Id*.; *See also*, *Tomczak v. Trepel*, 283 A.D.2d 229 (1st Dep't 2001) (affirming dismissal of complaint that provided no particulars as to alleged demands on the board to sue a third-party); *Walnut Place LLC v. Countrywide Home Loans, Inc.*, 35 Misc.3d 1207(A) (Sup. Ct. N.Y. Cty. 2012) (following *Velez v. Feinstein* and dismissing complaint).

**C.      ULICO Lacks Standing Because it is Not a Creditor of the Reinsurance Trust.**

 "It is well settled that in order to set aside a fraudulent conveyance, one must be a creditor of the transferor." *Eberhard v. Marcu*, 530 F.3d 122, 129 (2d Cir. 2008); *see also Lippe v. Bairnco Corp.,* 225 B.R. 846, 857 (S.D.N.Y. 1998) (holding that "only creditors of the transferor are entitled to assert claims under [New York law] for fraudulent conveyances" in deciding that plaintiffs' fraudulent conveyance claim would have to be dismissed if their underlying claim, on which their "creditor" status rested, failed for any reason), *aff'd,* 99 Fed. Appx. 274 (2d Cir. 2004). Under New York law, a creditor is defined as a person having a claim, "whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured." N.Y. DEBT. & CRED. L. § 270. North Carolina's definition of a "creditor" is identical to New York. *See* N.C. GEN. STAT. § 39-23.1.

A "[p]laintiff, as creditor, can attack only conveyances made by its debtor." *Airball Cap. LLC v. Rosenthal & Rosenthal Inc.*, 73 Misc. 3d 1218(A), 155 N.Y.S.3d 61 (N.Y. Sup. Ct. 2021); (quoting 135 East 57th St., LLC v 57th St. Day SPA, LLC, 2014 NY Slip Op 31802[U] *9 [Sup Ct, NY County 2014]) (emphasis added); *see also Martes v. USLIFE Corp.*, 927 F. Supp. 146, 148 (S.D.N.Y. 1996) (dismissing fraudulent conveyance claim because "even if a transfer is made with actual intent to defraud, one must be a creditor in order to complain"); *Wirth v. Sunpath, LLC*, No. 17 CVS 517, 2017 WL 4126923, at *6 (N.C. Super. Sept. 14, 2017) ("Because Plaintiff is not a 'creditor' under [North Carolina's version of] the UVTA, he lacks standing to bring a direct claim for fraudulent transfer.").

The Southern District of New York addressed a situation similar to this one in *Martes*. 927 F. Supp. 146. There, the plaintiff purchased a title insurance policy from Title Dallas, a subsidiary of USLIFE. *Id*. at 147. USLIFE sold all stock of Title Dallas to Title-USA, an unrelated purchaser,

6

against whom plaintiff obtained a judgment. *Id*. Title-USA entered liquidation and plaintiff was

unable to collect. *Id*. Plaintiff commenced suit against USLIFE, arguing that the sale of Title

Dallas's stock to Title-USA was a fraudulent conveyance that "prevented plaintiff from collecting

his judgment against Title-USA." *Id*. at 148. The court rejected plaintiff's claim, explaining:

> [T]he sale of the stock [did not] constitute a fraudulent conveyance of which
> plaintiff may complain. To begin with, even if a transfer is made with actual intent
> to defraud creditors, one must be a creditor in order to complain. . . . The only entity
> that transferred anything here was USLIFE. But plaintiff was not a creditor of
> USLIFE; he was a creditor only of Title-Dallas. Hence, he lacks standing to
> complain of any fraud in the sale of USLIFE of its shares in Title-Dallas.

*Id*. at 148; *see also D'Mel & Associates v. Athco, Inc.,* 105 A.D.3d 451, 451 (1st Dep't

2013) (dismissing fraudulent conveyance claim against sole shareholder who had sold his shares,

for no consideration, to another entity; the sale of shares "did not constitute a fraudulent

conveyance vis-a-vis plaintiff," who was "not a creditor" of that defendant).

In this case, ULICO alleges that it is "PBLA's principal creditor." ECF 159-1, ¶ 5.

According to the proposed complaint, "[a]t the time of each transfer ULICO was either (1) a

creditor of PBLA at the time the transfer was made or (2) became a creditor of PBLA subsequent

to the transfer." *Id*., at ¶ 347. ULICO does not, however, allege that it is a creditor of the

Reinsurance Trust – the only entity that made allegedly improper transfers. *See e.g. Id*., at ¶¶ 1, 5-

6, 11, 19, 33-35, 120-122.

Just like in *Martes*, ULICO lacks standing to pursue its fraudulent transfer claims against

an entity of which it was not a creditor. 927 F. Supp. at 148. As such ULICO's fraudulent transfer

claim is futile and should not be allowed to proceed.

### D.    ULICO's Claims are Time-Barred.

ULICO alleges that most of the allegedly fraudulent transfers occurred between July 6,

2017, and February 25, 2018. At the time of its original filing on July 6, 2021, ULICO admits that

7

it was "facing potentially time-barred claims," yet sued dozens of defendants despite having "limited information with regards to specific fraudulent transfers." ECF 159-1, ¶ 17. ULICO's haphazard original filing should not save its otherwise time-barred claims, and ULICO's proposed complaint, even if allowed, would not relate back to its original filing.

Under Rule 15, "[a]n amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." *In re 360networks (USA) Inc.*, 367 B.R. 428, 433 (Bankr. S.D.N.Y. 2007). "'[T]he purpose of Rule 15 is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities,' however, a court must not 'undermine the purpose of repose for which statutes of limitations were designed.'" *Id*. (internal citations omitted). "The moving party who asserts the relation back bears the burden of proof." *Id.* citing *In re Enron Corp.*, 298 B.R. 513, 522 (Bankr.S.D.N.Y.2003).

Despite two attempts, ULICO was unable to timely assert claims against most of the defendants, and therefore has not met the burden for relation back. "On a motion for leave to serve an amended pleading, the movant has the burden of persuasion.  Leave to amend is to be freely granted as Rule 15(a) provides… But it is to be denied where the additional claims sought to be asserted by the amendment would be barred by the statute of limitations unless the amendment relates back under Rule 15(c)." *In re Metzeler*, 66 B.R. 977, 981 (Bankr. S.D.N.Y. 1986) (denying motion to file an amended complaint setting forth additional transactions).  Thus, amendments should be dismissed as futile when it is clear from the Complaint that the claim would be time barred. *Id.*

8

The *Metzeler* opinion is particularly instructive. In dismissing proposed amended claims as time-barred, the *Metzeler* Court relied on a previous holding *in Pereira v. Hong Kong & Shanghai Banking Corp. (In re Kam Kuo Seafood Corp.),* 67 B.R. 304 (Bankr. S.D.N.Y. 1986). *Metzeler*, 66 B.R. at 982. In that case, "the trustee sought permission of this Court to add several additional preference claims to the one originally alleged." *Id.* The Court determined that the newly pleading transfers did not relate back to the already pleaded claim. Indeed, "the mere allegation that all of the transactions are fraudulent transfers does not make them part of the same conduct…. the mere pleading of a statute offers nothing to relate back to and that relation back under Rule 15(c) is not permitted." *Id.* at 983. *See also In re M. Fabrikant & Sons, Inc*., 447 B.R. 170, 182 (Bankr. S.D.N.Y. 2011), aff'd, 480 B.R. 480 (S.D.N.Y. 2012), aff'd, 541 F. App'x 55 (2d Cir. 2013).

Here, there are no allegations to relate back to. In either of its first two complaints, ULICO failed to identify *any* transfer to any one of the following Responding Defendants: Greg Lindberg; Academy Financial Assets, LLC; Alpine Capital, LLC; Atlas Financial Investments, LLC; Capital Assets Management I LLC; Capital Assets Management II, LLC; Capital Assets Management III, LLC; CSI Interco, LLC; Eli Global, LLC; GBI Group, LLC; GBIG Capital, LLC; GBIG Holdings, LLC; Global Insurance Capital, LLC; Hampton Asset Management, LLC; Iron City Asset Management, LLC; Jackson Assets Management, LLC; Kite Asset Management, LLC; Parallel Capital Assets, LLC; Tybee Island Asset Management, LLC; AGH Parent, LLC; UKAT Holdings, LLC; ASiM Holdings, LLC; ASL Holdings, LLC; BLH Capital, LLC; Capital Assets Fund I, LLC; Capital Assets Fund II, LLC; Chatsworth Asset Management, LLC; Drummond Group, LLC; Dunhill Holdings, LLC; Englert Holdings, LLC; Flagship Holdings, LLC; Fortrex, LLC; Gilford Asset Management, LLC; Global Growth Holdings, Inc.; Greenfield Capital, LLC; Healthlink

9

Holdings, LLC; Integrity EMR Holdings, LLC; Integrity EMR, LLC; iTech Funding, LLC; Netherlands Insurance Holdings, Inc.; NIH Capital, LLC; and Sedwick, LLC. In essence, each of these Defendants were included in the first two complaints in name only. No transfer was alleged, except that ULICO made a vague reference to each of these Defendants being "recipients of such transfers from the Trust." ECF 14, ¶ 125. Other than being named, there were no allegations against each of the above Defendants.

It was not until ULICO filed its proposed second amended complaint that those entities were apprised, for the first time, of the alleged transactions that ULICO seeks to avoid. But because there was not one transaction identified in the first two complaints with respect to those entities, there is simply nothing to "relate back" to. As such, ULICO's claims that have already expired are not salvaged by ULICO's proposed second amended complaint.

Even so, some of ULICO's claims were barred long before its original complaint. A federal court considering state law claims under supplemental jurisdiction applies the choice of law principles of the forum state. *N. Atl. Instruments, Inc. v. Haber,* 188 F.3d 38, 43 (2d Cir.1999). Under New York law, if the plaintiff is a resident of New York or the cause of action accrued in New York, the New York statute of limitations applies. 1 C.P.L.R. § 202; *Stuart v. American Cynamid Co.,* 158 F.3d 622, 627 (2d Cir.1998). However, where a nonresident brings a cause of action which accrued outside of New York, the New York borrowing statute applies, and the reviewing Court "must apply the shorter limitation period, including all relevant tolling provisions, of either: (1) New York; or (2) the state where the cause of action accrued." *Id.;* C.P.L.R. § 202.

For the purposes of the borrowing statute, a cause of action accrues at the place of injury, "which usually is where the plaintiff resides and sustains the economic impact of the loss." *Roman Y Gordillo, S.C. v. Bank of New York Mellon Corp.*, No. 12 CIV. 0212 DF, 2014 WL 1224361, at

10

*12 (S.D.N.Y. Mar. 20, 2014). "Courts within the Second Circuit have consistently held that a business entity's residence is determined by its principal place of business." *Woori Bank v. Merrill Lynch*, 923 F. Supp. 2d 491, 494 (S.D.N.Y.), *aff'd*, 542 F. App'x 81 (2d Cir. 2013).

Here, Plaintiff, ULICO is resident of Puerto Rico, with its principal place of business in Puerto Rico. ECF 159-1, ¶ 26. Thus, under New York's borrowing statute, the Court must apply either the limitations period of New York or Puerto Rico, whichever is shorter. *American Cynamid Co.*, 158 F.3d at 627.

In addition to claims for fraudulent transfer, ULICO pleads tort claims for fraud, breach of fiduciary duty, and conversion. ECF 159-1, ¶¶ 359-381. Under New York choice of law rules, these tort claims are governed by a one-year limitations period. In Puerto Rico, the statute of limitations for tort claims is governed by 31 L.P.R.A. § 5298; *In re Methyl Tertiary Butyl Ether (MTBE) Prod. Liab. Litig.*, 959 F. Supp. 2d 476, 490–91 (S.D.N.Y. 2013). That statute provides a one-year limitations period to claims for fraud, breach of fiduciary duty, and conversion. *See Berkshire Bank v. Lloyds Banking Grp. plc*, No. 20-1987-CV, 2022 WL 569819, at *4 (2d Cir. Feb. 25, 2022) (fraud); *Fernandez v. UBS AG*, 222 F. Supp. 3d 358, 378 (S.D.N.Y. 2016) (breach of fiduciary duty); and *R & G Eng'g, Inc. v. Transcontainer Transp., Inc.*, 213 F. Supp. 2d 72, 78 (D.P.R. 2002) (conversion). Because ULICO's tort claims were filed well after a year from when the claims accrued, they should be dismissed.

### E.    The Court Lacks Subject Matter Jurisdiction.

ULICO's proposed complaint fails to the address the fact that the Court lacks subject matter jurisdiction, because this claim is not "related to" the bankruptcy. Responding Defendants adopt, and incorporate herein by reference, their arguments regarding subject matter jurisdiction set forth in their Memorandum in Support of their Motion to Dismiss (ECF 75) and Reply In Support to

11

Their Motion to Dismiss (ECF 138).

  **F.**  **ULICO's Proposed Second Amended Complaint Fails to State a Claim for Fraudulent Transfer, Fraud, Breach of Fiduciary Duty, Conversion, Constructive Trust, Unjust Enrichment, and Alter Ego.**

  Responding Defendants further adopt, and incorporate herein by reference, their arguments in support of dismissal for failure to state a claim regarding ULICO's claims for actual or constructive fraudulent transfer, fraud, breach of fiduciary duty, conversion, constructive trust, unjust enrichment, and alter ego put forth in their Memorandum in Support of their Motion to Dismiss (ECF 75) and Reply In Support to Their Motion to Dismiss (ECF 138). Despite ample opportunity to cure the defects present in their first two complaints, ULICO has failed to state a claim for each of these causes of action.

**III.**
**PRAYER**

  For all of these reasons, the Responding Defendants respectfully request that the Court deny Plaintiff's Motion for Leave to File a Second Amended Complaint and dismiss this action. The Responding Defendants further request all other relief to which they may be entitled.

12

Dated this 18th day of March 2022.

Respectfully submitted,

**CONDON TOBIN SLADEK THORNTON NERENBERG, PLLC**

*/s/ Jared. T.S. Pace*
Aaron Z. Tobin (*pro hac vice in the main case*)
atobin@condontobin.com
Jared T.S. Pace (*pro hac vice in the main case*)
jpace@condontobin.com
J. Seth Moore *(pro hac vice in the main case)*
smoore@condontobin.com
Forrest Colby Roberts (pro hac vice in the main case)
croberts@condontobin.com
8080 Park Lane, Suite 700
Dallas, Texas 75231
Telephone:  (214)265-3800
Facsimile:  (214)691-6311

and

Charles A. Gruen (CG5456)
cgruen@gruenlaw.com
**LAW OFFICES OF CHARLES A. GRUEN**
381 Broadway, Suite 300
Westwood, New Jersey 07675
Telephone:  201-342-1212

*Counsel for Responding Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the clerk of Court using the CM/ECF system which will send electronic notification of such filing to all other parties who have filed a notice of appearance.

Signed this the 18th day of March 2022.

*/s/ Jared T.S. Pace*
Jared T.S. Pace

13

27658141v3 92132.127.05