**WESTERMAN BALL EDERER MILLER
ZUCKER & SHARFSTEIN, LLP**
1201 RXR Plaza
Uniondale, New York 11556
Telephone: (516) 622-9200
Jay S. Hellman, Esq.
*Counsel to Atkinson, LLC, Begonia Eight, LLC,
Blue Daffodil, LLC, Blue Violet, LLC, Carnation
Three, LLC, Chrysanthemum Two, LLC, Dahlia
Ten, LLC, Daisy Seven, LLC, Epping, LLC,
Flowery Branch, LLC, Forsyth, LLC, Geranium
Two, LLC, Hookset, LLC, Lilac Six, LLC, Macon
LLC, Red Begonia, LLC, Somersworth, LLC
Weare, LLC, Yellow Lotus, LLC, and Yellow
Sunflower, LLC*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 15 |
| PB LIFE AND ANNUITY CO., LTD., et al., | Case No. 20-12791 (LGB) (Jointly Administered) |
| Debtors in Foreign Proceedings. | |

-------------------------------------------------------------------X

| | |
|---|---|
| UNIVERSAL LIFE INSURANCE COMPANY, | |
| Plaintiff, | |
| -v- | Adv. Proc. No. 21-01169 |
| GREG E. LINDBERG, individually, CHRIS HERWIG, individually, AAPC HOLDINGS, LLC, ACADEMY FINANCIAL ASSETS, LLC, AGH PARENT, LLC, ALPINE CAPITAL, LLC, ASIM HOLDINGS, LLC, ASL HOLDINGS, LLC, ATKINSON, LLC, ATLANTIC COAST LIFE INSURANCE COMPANY, ATLAS FINANCIAL INVESTMENTS, LLC, AUGUSTA ASSET MANAGEMENT, INC., BEGONIA EIGHT, LLC, BLH CAPITAL, LLC, BLUE DAFFODIL, LLC, BLUE VIOLET, LLC, CAPITAL ASSETS FUND I, LLC, CAPITAL ASSETS FUND II, LLC, CAPITAL ASSET MANAGEMENT I, LLC, CAPITAL ASSETS MANAGEMENT II, LLC, CAPITAL ASSETS MANAGEMENT III, LLC, CARNATION | |

THREE, LLC, CHATSWORTH ASSET MANAGEMENT, LLC, CHRYSANTHEMUM TWO, LLC, CSI INTERCO, LLC, DAHLIA TEN, LLC, DAISY SEVEN, LLC, DRUMMOND GROUP, LLC, DUNHILL HOLDINGS, LLC, ELI GLOBAL, LLC, ENGLERT HOLDINGS, LLC, EPPING, LLC, ERIE PROPERTIES, LLC, FLAGSHIP HOLDINGS, LLC, FLEET ASSIST INTERCO LIMITED, FLOWERY BRANCH, LLC, FORSYTH, LLC, FORTREX, LLC, GBIG CAPITAL, LLC, GBIG HOLDINGS, INC., GBI GROUP, LLC, GERANIUM TWO, LLC, GILFORD ASSET MANAGEMENT, LLC, GLOBAL BANKERS INSURANCE GROUP, LLC, GLOBAL GROWTH HOLDINGS, INC., GLOBAL INSURANCE CAPITAL, LLC, GREENFIELD CAPITAL, LLC, HAMPTON ASSET MANAGEMENT, INC., HANSEN AEROSPACE, LLC, HEALTHLINK HOLDINGS, LLC, HOOKSETT, LLC, HUTCHISON LAW GROUP, PLLC, INTEGRITY EMR HOLDINGS, LLC, INTEGRITY EMR, LLC, IRON CITY ASSET MANAGEMENT, INC., ITECH FUNDING, LLC, JACKSON ASSET MANAGEMENT, INC., KITE ASSET MANAGEMENT, INC., LILAC SIX, LLC, MACON, LLC, MORNING MOUNTAIN HOLDINGS, LLC, NETHERLANDS INSURANCE HOLDINGS, INC., NEW ENGLAND CAPITAL, LLC, NIH CAPITAL, LLC, NOM GB 2018 I, LLC, PARADIGM PARK HOLDINGS, LLC, PARALLEL CAPITAL ASSETS, LLC, PERSHING, LLC, RED BEGONIA, LLC, REVOLVERCAP PARTNERS FUND, LP, SATORI WATERS, LLC, SEDWICK, LLC, SENTINEL SECURITY LIFE INSURANCE COMPANY, SOMERSWORTH, LLC, STANDARD ADVISORY SERVICES, LTD, STANDARD FINANCIAL LIMITED, STANDARD INVESTMENT CAPITAL, LTD, TREATMENT RESOURCES OF MARGATE, INC., TRITON FINANCIAL LIMITED, TUX HOLDINGS, LLC, TYBEE ISLAND ASSET MANAGEMENT, LLC, UKAT HOLDINGS, LLC, UKAT INVESTMENT LIMITED, VERDESIAN LIFE SCIENCES, LLC, WEARE, LLC, YELLOW LOTUS, LLC, YELLOW SUNFLOWER, LLC, UBS FINANCIAL SERVICES, INC., GOLDMAN SACHS LENDING PARTNERS, LLC, CREDIT SUISSE AG CAYMAN ISLANDS

BRANCH, GOLDMAN SACHS BANK USA,
MORGAN STANLEY SENIOR FUNDING, INC.,
THE BRYN MAWR TRUST COMPANY, and
DOES 1 through 10, inclusive,

                    Defendants.

------------------------------------------------------------------X

## DECLARATION OF JAY S. HELLMAN IN OPPOSITION TO THE RECONSIDERATION MOTION FILED BY UNIVERSAL LIFE INSURANCE COMPANY PURSUANT TO FED. R. CIV. P. 59(e) AND FED R. BANKR. P. 9023

**Jay S. Hellman**, pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am a partner at Westerman Ball Ederer Miller Zucker & Sharfstein, LLP, counsel for Defendants Atkinson, LLC ("Atkinson"), Begonia Eight, LLC ("Begonia"), Blue Daffodil, LLC ("Daffodil"), Blue Violet, LLC ("Violet"), Carnation Three, LLC ("Carnation"), Chrysanthemum Two, LLC ("Chrysanthemum"), Dahlia Ten, LLC ("Dahlia"), Daisy Seven, LLC ("Daisy"), Epping, LLC ("Epping"), Flowery Branch, LLC ("Branch"), Forsyth, LLC ("Forsyth"), Geranium Two, LLC ("Geranium"), Hookset, LLC ("Hookset"), Lilac Six, LLC ("Lilac"), Macon, LLC ("Macon"), Red Begonia, LLC ("Red Begonia"), Somersworth, LLC ("Somersworth"), Weare, LLC ("Weare"), Yellow Lotus, LLC ("Lotus"), and Yellow Sunflower, LLC ("Sunflower" and together with Atkinson, Begonia, Daffodil, Violet, Carnation, Chrysanthemum, Dahlia, Daisy, Epping, Branch, Forsyth, Geranium, Hookset, Lilac, Macon, Red Begonia, Somersworth, Weare, and Lotus, collectively the "Defendants"). As such, I am familiar with the matters set forth herein.

2. I respectfully submit this declaration in opposition to the motion for reconsideration filed by Universal Life Insurance Company ("ULICO") under Fed. R. Civ. P. 59(e), as incorporated by Fed. R. Bankr. P. 9023 (the "Reconsideration Motion"), by which ULICO requests that this Court (i) vacate the Order dismissing ULICO's Amended Complaint, and/or (ii) revisit ULICO's

3

ill-fated and previously raised argument that the claims in its Amended Complaint are "related to" the bankruptcy case of PB Life And Annuity Co., Ltd. ("PBLA" or the "Debtor").

I. **Reconsideration of ULICO's "Related To" Argument is Improper**

3. ULICO's "related to" argument should not be reconsidered.

4. "Reconsideration should not be granted 'unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *In re Enron Creditors Recovery Corp.*, 378 B.R. 54, 57 (Bankr. S.D.N.Y. 2007) (internal citations omitted).

5. "The Second Circuit has held that '[t]he major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Id.* (internal citations omitted).

6. "FRCP 59 'is strictly construed to avoid repetitive arguments on issues that the court has already fully considered … [and] [w]hether to grant or deny a motion to alter or amend a judgment is within the court's discretion.'" *Id.* (internal citations omitted).

7. However, "this vehicle may not be used by the losing party to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier." *In re Cousins Int'l Food Corp.* (Bankr. D.P.R. 2016), *aff'd in part, appeal dismissed in part sub nom. Cousins Int'l Food, Corp.* (B.A.P. 1st Cir. 2017). In that regard, "Rule 59(e) motions should be granted sparingly because parties should not be free to relitigate issues a court has already decided." *Id.*

8. But that is precisely what ULICO seeks to do on its Reconsideration Motion – reargue or relitigate the "related to" issues that have already been considered and soundly rejected by this Court.

4

9. Under these circumstances, the Reconsideration Motion should be denied.

## II. The Court Properly Entered a Final Order Dismissing the Amended Complaint

10. ULICO incorrectly contends that this Court lacked the power to enter a final order in this case and, instead, should have issued a "report and recommendation" to the district court.[1]

11. As ULICO correctly points out, state fraudulent transfer claims are not ones that Article III of the United States Constitution allows bankruptcy judges, as Article I Courts, to adjudicate, absent consent of the parties. But contrary to ULICO's contention, the instant adversary proceeding was *not* "automatically referred to this Court" but, instead, was purposefully selected by ULICO as the forum in which to have its claims adjudicated.

12. ULICO actively chose to bring its claims against a multitude of third-parties, unrelated to the Debtor, in an adversary proceeding before this Court when, admittedly, it could have filed this litigation in the district court pursuant to diversity jurisdiction provisions of 28 U.S.C. § 1332.[2]

13. As a result ULICO consented to the adjudication of its claims, and to the entry of final orders, by this Court.

14. "The Supreme Court has recently reaffirmed that parties can consent to final adjudication by a bankruptcy court, even when the claims at issue are so-called '*Stern* claims,' over which the bankruptcy court would otherwise lack constitutional authority to finally adjudicate." *In re ICP Strategic Credit Income Fund Ltd.*, 568 B.R. 596, 605 (S.D.N.Y. 2017), *aff'd sub nom. In re ICP Strategic Income Fund, Ltd.*, 730 F. App'x 78 (2d Cir. 2018) (internal citations omitted) (case

---

[1] Technically, bankruptcy courts issue "findings of fact and conclusions of law" to district courts, not "reports and recommendations." *See* 28 U.S.C. §157(c)(1) (in non-core matters, "the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court….").

[2] Defendants do not concede here that jurisdiction exists in the district court but, rather, only point out that ULICO affirmatively contends that it has complete diversity and satisfies the amount in controversy under § 1332. Accordingly, and based upon ULICO's *own* statements, it could have proceeded with its claims against Defendants in district court, from inception, but did not.

5

removed by defendant from state court, on the basis that it was related to an ongoing bankruptcy case, resulted in a finding that defendant consented to the bankruptcy court as the forum in which to adjudicate its case and treatment of bankruptcy court's decision as a final order rather than proposed findings).

15. "Consent to bankruptcy adjudication need not be express; 'the key inquiry is whether 'the litigant or counsel was made aware of the need for consent and the right to refuse it, and still voluntarily appeared to try the case' before the non–Article III adjudicator.'" *Id.* (internal citations omitted).

16. Here, because ULICO affirmatively chose to file its claims against Defendants in this Court, it consented to this Court's jurisdiction to enter final orders in the adversary proceeding. Indeed, rather than object to this Court's power to enter final orders in the adversary proceeding, ULICO consistently argued that this Court, in fact, had such jurisdiction. Accordingly, ULICO cannot now claim that this Court lacked power to enter the final order dismissing ULICO's Amended Complaint. *See e.g. Rainey v. Int'l Harvester Credit Corp.*, 59 B.R. 987, 990 (N.D. Ill. 1986) ("Rainey's 'non-core' argument is without merit because, by bringing his complaint, he consented to the bankruptcy court's jurisdiction over this matter … Thus, by bringing his claim seeking affirmative relief, as well as by failing to timely object, plaintiff impliedly consented to the bankruptcy court's jurisdiction over the proceedings.").[3]

17. The Reconsideration Motion should be denied.

**[SIGNATURE PAGE FOLLOWS]**

---

[3] *See also Stern v. Marshall*, 564 U.S. 462, 481, 131 S. Ct. 2594, 180 L.Ed.2d 475 (2011) ("If Pierce believed that the Bankruptcy Court lacked the authority to decide his claim for defamation, then he should have said so—and said so promptly. Instead, Pierce repeatedly stated to the Bankruptcy Court that he was happy to litigate there. We will not consider his claim to the contrary, now that he is sad."). (internal citation omitted).

18.    I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 23, 2022.

                                                                                   *[signature]*
                                                               JAY S. HELLMAN

2578458