Peter J. Haley (*pro hac vice*)
NELSON MULLINS RILEY & SCARBOROUGH LLP
One Financial Center
Boston, MA  02111
Tel: (617) 217-4714
Fax: (617) 217-4750
peter.haley@nelsonmullins.com

Alan F. Kaufman
NELSON MULLINS RILEY & SCARBOROUGH LLP
280 Park Avenue, 15th Floor West
New York, NY  10017
Tel: (646) 428-2600
Fax: (646) 428-2610
alan.kaufman@nelsonmullins.com

*Counsel to the Defendant Global Bankers Insurance Group, LLC, now known as Aspida Financial Services, LLC*

Hearing Date: June 1, 2022 at **10:00 am**.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>PB LIFE AND ANNUITY CO., LTD., *et. al.*,<br><br>    Debtors in Foreign Proceedings. | Chapter 15<br><br>Case No. 20-12791 (LGB)<br>(Jointly Administered) |
| UNIVERSAL LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>GREG E. LINDBERG, individually, et al.,<br><br>Defendants. | Adversary Proceeding<br>Case No.  21-01169 |

# MEMORANDUM OF LAW OF ASPIDA FINANCIAL SERVICES, LLC (F/K/A GLOBAL BANKERS INSURANCE GROUP, LLC) IN OPPOSITION TO PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT OF DISMISSAL

## Introduction

Aspida Financial Services, LLC, formerly known as Global Bankers Insurance Group, LLC, ("Aspida Financial") submits this Memorandum of Law in support of its Opposition to Plaintiff's Motion for Leave to Alter or Amend the Judgment of Dismissal [Docket No. 173] (the "Motion to Reconsider").  A motion for re-argument under Rule 9023 of the Federal Rules of Bankruptcy Procedure must comport with Local Rule 9023-1.  Local Rule 9023-1 provides that any such motion must "set forth concisely the matters or controlling decisions which counsel believes the Court has not considered." S.D.N.Y. LBR 9023-1.  The Motion to Reconsider fails this test because the three arguments made; 1) withdrawal of the reference; 2) the existence of related to jurisdiction; and 3) diversity jurisdiction, were all previously argued to the Court, considered by the Court and adjudicated by the Court's Order dismissing this adversary proceeding.[Docket No. 172] ("Dismissal Order").

## Procedural History

Aspida Financial restates and incorporates by reference as if fully set forth herein the procedural history as previously stated in its Memorandum of Law in Opposition to Motion for Leave to File Second Amended Complaint [Docket No. 163].  Following a lengthy hearing on the Plaintiff's Motion for Leave to File a Second Amended Complaint [Docket No. 159] (the "Motion to Amend"), the Court entered the Dismissal Order.  In the context of the hearing on the Motion to Amend, the Plaintiff seemingly conceded at oral argument both the absence of diversity jurisdiction as a basis for jurisdiction before the Court and the procedural impossibility of withdrawing the reference.  Both issues, together with the issue

2

of related to jurisdiction, were thoroughly argued and considered by the Court at the hearing on the Motion to Amend.

## ARGUMENT

### I. Applicable Standard

"The standard for granting ... a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir .1995). "A motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Id.

A motion for reconsideration "is generally not favored and is properly granted only upon a showing of exceptional circumstances." In re Residential Capital, LLC, 528 B.R. 570, 573 (Bankr. S.D.N.Y. 2014) citing Marrero Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir.2004); United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir.2001). "A motion for reconsideration should be granted only when the [moving party] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.' Id. citing Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir.2013). A motion to reconsider should not be used as means to "advance new facts, issues or arguments not previously presented to the court." Bank Leumi Trust Co. of New York v. Istim, Inc., 902 F.Supp. 46, 48 (S.D.N.Y.1995).

### II. The Court Previously Addressed the Three Issues Raised by the Motion to Reconsider

The Plaintiff's Motion to Amend and its Reply Memorandum [Docket No. 171] addressed thoroughly the arguments made in the Motion to Reconsider. Indeed, within the Reply

3

Memorandum the Plaintiff set forth the heading "*There is Federal Court Jurisdiction Over this Case Both under 'Related To' and Diversity Jurisdiction.*" [Reply Memorandum at p. 6]. The Motion to Reconsider sets forth no new arguments, changes in controlling case law or previously undiscoverable facts that would allow the Court to revisit these issues  As part of a status conference in this matter conducted on January 18, 2022 to address the multiple motions to dismiss the First Amended Complaint, the Defendants raised the issue of the futility of any further amendment given the lack of subject matter jurisdiction. The Court stated clearly that although it would permit the Plaintiff to seek leave to file its third try at a complaint in this action, it would not permit further amendment if it found an absence of subject matter jurisdiction. There was nothing new or surprising about the jurisdictional arguments that were made in response to the Motion to Amend as they were first raised by the Defendants as part of the briefing on the initial motions to dismiss. The Plaintiff cannot claim surprise or the absence of a meaningful opportunity to raise the arguments now being made in the Motion to Reconsider.

    A. <u>The Plaintiff has Waived its *Stern v. Marshall* Argument by Choosing the Bankruptcy Court Forum</u>

The Plaintiff chose to commence its case in this Court and has, for ten months, argued that this Court has jurisdiction. Now, unhappy with the Dismissal Order, the Plaintiff makes a convoluted argument that this Court lacks the ability to decide whether or not it has jurisdiction. The <u>Stern v. Marshall</u>, 546 U.S. 462 (2011), argument and the rights asserted are rights that can be waived by the voluntary actions of the parties. <u>Commodity Futures Trading Comm'n v. Schor</u>, 478 U.S. 833, 848, 106 S.Ct. 3245, 92 L.Ed.2d 675 (1986). The Plaintiff waived those rights by choosing the bankruptcy court forum. Having chosen the bankruptcy court as its forum, in its Motion to Reconsider the Plaintiff makes the argument that  the Court exceeded its

4

authority in determining the scope of its own jurisdiction and entering the Dismissal Order. This argument is nonsensical. "It is a basic principle of the American judicial system that though all federal courts are courts of limited jurisdiction they have the authority, when parties are brought before them, to determine whether or not they have jurisdiction to entertain the case." In re Lionel Corp., 29 B.R. 296, 298-99 (Bankr. S.D.N.Y. 1983) citing Stoll v. Gottlieb, 305 U.S. 165 (1938) at 171, 59 S.Ct. 134, at 137, 83 L.Ed. 104. The Court had jurisdiction to determine the scope if its own jurisdiction and enter the Dismissal Order.

    B. <u>The Court Does Not Have Related To Jurisdiction</u>.

The parties have exhaustively briefed and argued the concept of related to jurisdiction. The Court has decided the issue in the Dismissal Order. Aspida Financial restates and incorporates by reference as if fully set forth herein the arguments made in its Memorandum of Law in Opposition to Motion for Leave to File Second Amended Complaint [Docket No. 163]. The gravamen of the Plaintiff's related to jurisdiction argument relies upon its post-filing agreement with the Joint Provisional Liquidators. The Second Circuit has confirmed that, "[j]urisdiction cannot be created by the consent of the parties." New York v. Shinnecock Indian Nation, 686 F.3d 133, 138 (2d Cir. 2012). The absence of subject matter jurisdiction cannot be cured by Plaintiff's solicitation of this language in the agreement with the JPLs. In Parmalat Capital Fin. Ltd. v. Bank of Am. Corp., 639 F.3d 572 (2d Cir.2011) and the other reported Chapter 15 cases involving the exercise of "related to" jurisdiction, it is the foreign representatives acting as the plaintiffs and not creditors of the foreign estates. In those instances, the "estate" has identified a legally cognizable interest, yet here no such interest has been identified or claimed. See Yashiro Co. v. Falchi (In re Falchi), 1998 Bankr. LEXIS 622, at *19

5

(Bankr. S.D.N.Y. May 26, 1998) (holding that plaintiff's breach of contract and fraud claims will not affect the debtor's estate because it will be payable to plaintiff only).

The issue of related to jurisdiction has been decided by the Court and the Plaintiff has presented no cognizable basis for the Court to reconsider its ruling on that issue in the Dismissal Order.

C. There is No Diversity Jurisdiction.

The Plaintiff first raised the issue of diversity jurisdiction in its Reply Memorandum. The Court addressed the issue at oral argument and the Plaintiff's counsel conceded the point. Diversity jurisdiction is a function of 28 USC § 1332, which affords such jurisdiction to the district courts, not the bankruptcy court. 28 USC § 1332. No grounds for the exercise of diversity jurisdiction exists in bankruptcy court. In re Fort Worth Osteopathic Hosp., Inc. 406 B.R. 741, 748 (Bankr.N.D.Tex.2009)

## CONCLUSION

Wherefore, the Defendant Aspida Financial Services, LLC, formerly known as Global Bankers Insurance Group, LLC, prays that the Court enter an order denying the Motion to Reconsider and that the Court grant such other and further relief as is just and proper.

ASPIDA FINANCIAL SERVICES, LLC, FORMERLY KNOWN AS GLOBAL BANKERS INSURANCE GROUP, LLC

by its attorneys,

*/s/ Peter J. Haley*
Peter J. Haley (pro hac vice)
NELSON MULLINS RILEY & SCARBOROUGH LLP
One Financial Center
Boston, MA  02111
Tel: (617) 217-4714
Fax: (617) 217-4750
peter.haley@nelsonmullins.com

Alan F. Kaufman
NELSON MULLINS RILEY & SCARBOROUGH LLP
280 Park Avenue, 15th Floor West
New York, NY  10017
Tel: (646) 428-2600
Fax: (646) 428-2610
alan.kaufman@nelsonmullins.com

Dated: May 25, 2022

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: May 25, 2022          */s/ Peter J. Haley*