UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
:
In re                                                         :
:                             Chapter 15
PB LIFE AND ANNUITY CO. LTD, et al,                           :
:                             Case No. 20-12791-LGB
Debtor in Foreign Proceeding.          :                      (Jointly Administered)
:
------------------------------------------------------------- :
UNIVERSAL LIFE INSURANCE COMPANY,     :
:
*Plaintiff*,                                                  :
:                             Adv. Proc. No. 21-01169-lgb
v.                                                            :
:
GREG E. LINDBERG, individually, et al.,                       :
:
*Defendants*.                                                 :
:
------------------------------------------------------------- :

### DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT OF DISMISSAL UNDER RULE 9023

Aaron Z. Tobin (*pro hac vice in the main case*)
atobin@condontobin.com
Jared T.S. Pace (*pro hac vice in the main case*)
jpace@condontobin.com
J. Seth Moore *(pro hac vice in the main case)*
smoore@condontobin.com
Forrest Colby Roberts *(pro hac vice in the main case)*
croberts@condontobin.com
**CONDON TOBIN SLADEK THORNTON NERENBERG, PLLC**
8080 Park Lane, Suite 700
Dallas, Texas 75231
Telephone: (214)265-3800
--and--
Charles A. Gruen (CG5456)
cgruen@gruenlaw.com
**LAW OFFICES OF CHARLES A. GRUEN**
381 Broadway, Suite 300
Westwood, New Jersey 07675
Telephone: 201-342-1212

*Counsel for Responding Defendants*

27523259v3 92132.127.05

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 4

ARGUMENT .................................................................................................................................. 5

    (a)    The Court should not vacate its order. ..................................................................... 5

    (b)    The Court should not convert its order to a report and recommendation. ................. 6

    (c)    There is nothing for the Court to decide about diversity jurisdiction. ........................ 8

PRAYER ........................................................................................................................................ 8

# TABLE OF AUTHORITIES

**Cases**

*Analytical Survs., Inc. v. Tonga Partners, L.P.,* 684 F.3d 36, 52 (2d Cir. 2012),
  as amended (July 13, 2012) .................................................................................................. 5

*Colodney v. Continuum Health Partners, Inc.*, 2004 WL 1857568, at *1 (S.D.N.Y.
  Aug. 18, 2004) ...................................................................................................................... 4

*Drew v. WorldCom, Inc.,* No. 06 CIV. 3407(JGK), 2006 WL 2129309, at *3
  (S.D.N.Y. July 26, 2006) ...................................................................................................... 6

*In re ICP Strategic Credit Income Fund Ltd.*, 568 B.R. 596, 605 (S.D.N.Y. 2017) ...................... 6

*In re ICP Strategic Income Fund, Ltd.,* 730 F. App'x 78 (2d Cir. 2018) ................................... 6, 7

*In re Kirwan Offs. S.a.R.L.*, 792 F. App'x 99, 103 (2d Cir. 2019) ................................................. 6

*In re: FKF 3, LLC*, No. 13-CV-3601 (KMK), 2016 WL 4540842, at *10
  (S.D.N.Y. Aug. 30, 2016) ..................................................................................................... 5

*Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104
  (2d Cir. 2013)........................................................................................................................ 4

*Picard, Tr. for Liquidation of Bernard L. Madoff Inv. Sec. LLC v. Greiff*, 617 B.R. 198,
  206 (S.D.N.Y. 2020) ............................................................................................................. 6

*Rankins v. United States*, 366 F. Supp.3d 634, 636 (S.D.N.Y. 2019) ........................................... 5

*Roell v. Withrow*, 538 U.S. 580, 582 (2003) ................................................................................. 6

*Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).................. 4

*Wellness Int'l Network Ltd. v. Sharif*, 135 S. Ct. 1932, 1947 (2015).......................................... 5, 6

**Statutes**

28 U.S.C. § 1332(a) ....................................................................................................................... 7

Pursuant to Federal Rule of Civil Procedure 59, made applicable by Federal Rule of Bankruptcy Procedure 9023, Defendants Greg Lindberg, Academy Financial Assets, LLC, Alpine Capital, LLC, Atlas Financial Investments, LLC, Augusta Asset Management, LLC, Capital Assets Management I, LLC, Capital Assets Management II, LLC, Capital Assets Management III, LLC, CSI Interco, LLC, Eli Global, LLC, GBI Group, LLC, GBIG Capital, LLC, GBIG Holdings, LLC, Global Insurance Capital, LLC, Hampton Asset Management, LLC, Iron City Asset Management, LLC, Jackson Assets Management, LLC, Kite Asset Management, LLC, New England Capital, LLC, Parallel Capital Assets, LLC, Tybee Island Asset Management, LLC, AGH Parent, LLC, ASiM Holdings, LLC, ASL Holdings, LLC, BLH Capital, LLC, Capital Assets Fund I, LLC, Capital Assets Fund II, LLC, Chatsworth Asset Management, LLC, Drummond Group, LLC, Dunhill Holdings, LLC, Englert Holdings, LLC, Flagship Holdings, LLC, Fortrex, LLC, Gilford Asset Management, LLC, Global Growth Holdings, Inc., Greenfield Capital, LLC, Healthlink Holdings, LLC, Integrity EMR Holdings, LLC, Integrity EMR, LLC, iTech Funding, LLC, Netherlands Insurance Holdings, Inc., NIH Capital, LLC, Sedwick, LLC, and UKAT Holdings, LLC, ("Responding Defendants") file this Response to ULICO's Motion to Alter or Amend the Judgment of Dismissal Under Rule 9023 ("Motion for Reconsideration"), as follows:

## I.
## PRELIMINARY STATEMENT

The Court should not vacate its order dismissing this case, convert it to a recommendation, or make any ruling with respect to diversity jurisdiction.

The lack of the Court's "related-to" jurisdiction cannot be relitigated on a motion for reconsideration. Yet, that's exactly what ULICO's motion invites the Court to do. All of the arguments ULICO makes for the Court's "related-to" jurisdiction were made or could have been made at the motion-to-dismiss stage. ULICO offers nothing new – no intervening change of

4

controlling law, no availability of new evidence – that might support reconsideration. ULICO's motion should be denied for that reason alone.

Likewise, this Court had the authority to dismiss ULICO's lawsuit. ULICO chose to file its lawsuit in this Court and in doing so consented to this Court's ability to adjudicate it. The law does not allow a plaintiff to avail itself of the bankruptcy court only to decide after an unfavorable ruling that the bankruptcy court "lacks the power" to enter that unfavorable ruling. ULICO consented to this Court's ability to decide its case and is now estopped from asserting otherwise.

Finally, ULICO acknowledges "this Court explicitly did not opine on whether diversity jurisdiction existed." And so it should not. ULICO provides no rationale, let alone any legal basis, for the Court to make any ruling with respect to a district court's diversity jurisdiction.

For all these reasons, ULICO's motion should be denied.

## II.
## ARGUMENT

**(a)     The Court should not vacate its order.**

A motion for reconsideration "should be granted only when the [moving party] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). "Courts narrowly construe this standard and apply it strictly against the moving party so as to avoid repetitive arguments on issues that have already been considered fully by the court." *Colodney v. Continuum Health Partners, Inc.*, 2004 WL 1857568, at *1 (S.D.N.Y. Aug. 18, 2004). "Reconsideration is not a substitute for appeal." *Rankins v. United States*, 366 F. Supp.3d 634, 636 (S.D.N.Y. 2019). Nor is reconsideration, "a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on

5

the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.,* 684 F.3d 36, 52 (2d Cir. 2012), as amended (July 13, 2012).

ULICO's motion is now its *third* attempt to convince the Court that it has related-do jurisdiction over this dispute. *See* Doc. Nos. 111 and 159. ULICO has not advanced an intervening change in law, nor new evidence in support of its argument for subject matter jurisdiction. Instead, ULICO requests that the Court simply change its mind and determine that related-to jurisdiction exists, despite the extensive briefing and analysis which the Court has already considered. ULICO is not entitled to a third bite at the apple and its motion should be denied.

**(b)    The Court should not convert its order to a report and recommendation.**

The Court had the authority to enter a final order because ULICO consented to that. "[P]arties can consent to final adjudication by a bankruptcy court, even when the claims at issue are so-called 'Stern claims,' over which the bankruptcy court would otherwise lack constitutional authority to finally adjudicate." *In re: FKF 3, LLC*, No. 13-CV-3601 (KMK), 2016 WL 4540842, at *10 (S.D.N.Y. Aug. 30, 2016). ULICO admits as much, asserting that its claims "are not ones that Article III allows a bankruptcy judge . . . to adjudicate, *absent the parties' consent*." *See* Doc. 173, pg. 5 (emphasis added); *see also* Doc. 173, pg. 6 ("[A] bankruptcy judge may not enter a final judgment *without the consent of the parties* . . . .") (emphasis added).

Such consent may be implied by a party's conduct. *See Wellness Int'l Network Ltd. v. Sharif*, 135 S. Ct. 1932, 1947 (2015) ("Nothing in the Constitution requires that consent to adjudication by a bankruptcy court be express"). The question is whether consent "can be inferred from a party's conduct during litigation" and the Supreme Court has unequivocally held "that it can be." *Roell v. Withrow*, 538 U.S. 580, 582 (2003) (analyzing consent to final decision by U.S.

6

Magistrate Judge); *see also Sharif*, 135 S. Ct. at 1948 ("The implied consent standard articulated in *Roell* supplies the appropriate rule for adjudications by bankruptcy courts").

The Supreme Court adopted such consent-based adjudication, in order to "increase judicial efficiency" and "check[] gamesmanship." *Sharif*, 135 S. Ct. at 1948; s*ee also Drew v. WorldCom, Inc.,* No. 06 CIV. 3407(JGK), 2006 WL 2129309, at *3 (S.D.N.Y. July 26, 2006) (motion to withdraw reference denied where the movant asserted conflicting representations in its withdrawal motion with prior statements that the "Bankruptcy Court had jurisdiction over the" matter and that the claim was a "core proceeding."). Moreover, courts have found implied consent when parties have invoked a bankruptcy court's authority in less obvious ways than ULICO has here. *See e.g., Picard, Tr. for Liquidation of Bernard L. Madoff Inv. Sec. LLC v. Greiff*, 617 B.R. 198, 206 (S.D.N.Y. 2020) ("When Defendant filed his Customer Claim, he impliedly consented to the bankruptcy court's inherent authority to decide, as a threshold matter pursuant to § 502(d), any antecedent claims."); *In re Kirwan Offs. S.a.R.L.*, 792 F. App'x 99, 103 (2d Cir. 2019) ("Chapter 11 debtor's shareholder implicitly consented to the bankruptcy court's jurisdiction to confirm reorganization plan whose exculpation clauses affected his rights under the shareholder agreement where shareholder voluntarily presented at least some of his claims related to the agreement to the bankruptcy court when he moved to dismiss the bankruptcy petition and to compel arbitration."); *In re ICP Strategic Credit Income Fund Ltd.*, 568 B.R. 596, 605 (S.D.N.Y. 2017), *aff'd sub nom. In re ICP Strategic Income Fund, Ltd.,* 730 F. App'x 78 (2d Cir. 2018) (law firm consented to final adjudication by the bankruptcy court when it "removed the case from state court on the basis that it was related to the ongoing bankruptcy, and then moved to dismiss the case once the adversary proceeding had commenced before the Bankruptcy Court").

ULICO's consent to this Court's authority to enter final orders is not in doubt. ULICO filed this case in bankruptcy court alleging proper jurisdiction. Doc. No. 1, ¶¶ 70-72. Like the law firm in *ICP Strategic Income Fund*, ULICO "chose Bankruptcy Court as the forum in which [it] wished to litigate the case." 568 B.R. at 605. There can be no genuine dispute that ULICO knowingly, voluntarily, and unequivocally consented to adjudication by this Court. *See e.g.* Doc. No. 111, p. 21 ("It is precisely these sorts of creditor/multi-defendant litigations that Bankruptcy Courts are particularly well-suited to preside over *and resolve* in adversary proceedings") (emphasis added). ULICO's consent gave this Court the authority to enter a final order dismissing its claims.

**(c)    There is nothing for the Court to decide about diversity jurisdiction.**

Whether "the District Court unquestionably has subject matter jurisdiction over ULICO's adversary proceeding under 28 U.S.C. § 1332(a)" is an issue for another court. Doc. 173, pg. 12. ULICO makes no argument to the contrary. This Court "did not opine on whether diversity jurisdiction existed" and ULICO offers no reason why the Court should so opine now. There is simply nothing for the Court to determine as it relates to diversity jurisdiction. Moreover, even if the District Court did have diversity jurisdiction in this case, it would not have personal jurisdiction over most, if not all, of the Responding Defendants. *See* Doc. 75, ¶¶ 7-9.

### III.
### PRAYER

For all of these reasons, the Responding Defendants respectfully request that the Court deny ULICO's Motion for Reconsideration, and grant Responding Defendants all relief to which they may be entitled.

Dated this 25th day of May 2022.

        Respectfully submitted,

**CONDON TOBIN SLADEK THORNTON NERENBERG, PLLC**

*/s/ Jared T.S. Pace*
Aaron Z. Tobin (*pro hac vice in the main case*)
atobin@condontobin.com
Jared T.S. Pace (*pro hac vice in the main case*)
jpace@condontobin.com
J. Seth Moore *(pro hac vice in the main case)*
smoore@condontobin.com
Forrest Colby Roberts (pro hac vice in the main case)
croberts@condontobin.com
8080 Park Lane, Suite 700
Dallas, Texas 75231
Telephone: (214)265-3800
Facsimile: (214)691-6311

and

Charles A. Gruen (CG5456)
cgruen@gruenlaw.com
**LAW OFFICES OF CHARLES A. GRUEN**
381 Broadway, Suite 300
Westwood, New Jersey 07675
Telephone: 201-342-1212

*Counsel for Responding Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the clerk of Court using the CM/ECF system which will send electronic notification of such filing to all other parties who have filed a notice of appearance.

Signed this the 25th day of May 2022.

        */s/ Jared T.S. Pace*
        Jared T.S. Pace