UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 15 |
| PB LIFE AND ANNUITY CO. LTD, et al., | Case No. 20-12791-lgb |
| Debtors in Foreign Bankruptcy Proceeding. | (Jointly Administered) |
| **UNIVERSAL LIFE INSURANCE COMPANY,** | |
| **Plaintiff,** | **Adv. Proc. No. 21-01169-lgb** |
| **v.** | |
| **GLOBAL GROWTH HOLDINGS, INC, et al.,** | |
| **Defendants.** | |

## DECLARATION OF LIAM O'BRIEN IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATIONS

I, LIAM O'BRIEN, under penalty of perjury, hereby declare as follows:

1.      I am the attorney for defendant Hutchison PLLC ("Hutchison") in the above-captioned matter, incorrectly named in the lawsuit as Hutchison Law Group, PLLC, and as such, I am fully familiar with this action and the facts surrounding the instant motion.

2.      I respectfully submit this declaration in opposition to the motion for reconsideration [ECF No. 173] filed by adversary proceeding plaintiff Universal Life Insurance Company under Fed. R. Civ. P. 59(e), as incorporated by Fed. R. Bankr. P. 9023 (the "Reconsideration Motion").

3.      By way of its Reconsideration Motion, Plaintiff requests that the Court vacate the April 15, 2022 Order dismissing Plaintiff's Amended Complaint [ECF No. 172] and revisit

Plaintiff's contention that the claims asserted in its Amended Complaint are "related to" the bankruptcy proceeding filed by debtor PB Life and Annuity Co., Ltd. ("PBLA" or the "Debtor").

4.    Hutchison respectfully references and incorporates the opposition arguments contained within the opposition submissions of Hutchison's codefendants [ECF No. 176, 177, 178, 179].

5.    "Reconsideration of a previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.' " *Mallet v. Miller*, 438 F. Supp. 2d 276, 277 (S.D.N.Y. 2006), quoting *In re Health Mgmt. Sys. Inc. Sec. Litig*., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000).  "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc*., 70 F.3d 255, 257 (2d Cir. 1995).

6.    It is respectfully submitted that here, Plaintiff has failed to meet the strict standard for relief on a motion for reconsideration, and that its motion must therefore be denied.

Pursuant to 28 U.S.C. § 1746, I declare, under the penalty of perjury, that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: May 25, 2022
New York, New York

McCORMICK & O'BRIEN, LLP


BY:_____
        Liam O'Brien, Esq.
        125 Park Avenue, 25th Floor
        New York, New York 10017
        (212) 320-8972 x700
        *lobrien@mcoblaw.com*

*Attorneys for Defendant Hutchison PLLC i/s/h/a Hutchison Law Group, PLLC*