**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>PB LIFE AND ANNUITY CO., LTD., *et al.*,[1]<br><br>    Debtors in Foreign Proceedings. | Chapter 15<br><br>Case No. 20-12791 (LGB)<br>(Jointly Administered) |
| UNIVERSAL LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br>v.<br><br>GREG E. LINDBERG, individually, CHRIS HERWIG, individually, AAPC HOLDINGS, LLC, ACADEMY FINANCIAL ASSETS, LLC, AGH PARENT, LLC, ALPINE CAPITAL, LLC, ASIM HOLDINGS, LLC, ASL HOLDINGS, LLC, ATKINSON, LLC, ATLANTIC COAST LIFE INSURANCE COMPANY, ATLAS FINANCIAL INVESTMENTS, LLC, AUGUSTA ASSET MANAGEMENT, INC., BEGONIA EIGHT, LLC, BLH CAPITAL, LLC, BLUE DAFFODIL, LLC, BLUE VIOLET, LLC, CAPITAL ASSETS FUND I, LLC, CAPITAL ASSETS FUND II, LLC, CAPITAL ASSET MANAGEMENT I, LLC, CAPITAL ASSETS MANAGEMENT II, LLC, CAPITAL ASSETS MANAGEMENT III, LLC, CARNATION THREE, LLC,  CHATSWORTH ASSET MANAGEMENT, LLC, CHRYSANTHEMUM TWO, LLC, CSI INTERCO, LLC, DAHLIA TEN, LLC, DAISY SEVEN, LLC, DRUMMOND GROUP, LLC, DUNHILL HOLDINGS, LLC, ELI GLOBAL, LLC, ENGLERT HOLDINGS, LLC, EPPING, LLC, ERIE PROPERTIES, LLC, FLAGSHIP HOLDINGS, LLC, FLEET ASSIST INTERCO LIMITED, FLOWERY BRANCH, LLC, FORSYTH, LLC, | Adv. Proc. No. 21-01169<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO ALTER OR AMEND THE JUDGMENT OF DISMISSAL UNDER RULE 9023** |

---

[1] PB Life and Annuity Co., Ltd., Northstar Financial Services (Bermuda) Ltd., Omnia Ltd. and PB Investment Holdings Ltd., foreign Debtors, are Bermuda limited companies which each have a registered address in Bermuda c/o Deloitte Ltd., Corner House, 20 Parliament Street, Hamilton HM 12, Bermuda, and are Jointly Administered for procedural purposes, by Order of this Court entered on April 2, 2021, [ECF # 42].

FORTREX, LLC, GBIG CAPITAL, LLC, GBIG HOLDINGS, INC., GBI GROUP, LLC, GERANIUM TWO, LLC, GILFORD ASSET MANAGEMENT, LLC, GLOBAL BANKERS INSURANCE GROUP, LLC, GLOBAL GROWTH HOLDINGS, INC., GLOBAL INSURANCE CAPITAL, LLC, GREENFIELD CAPITAL, LLC, HAMPTON ASSET MANAGEMENT, INC., HANSEN AEROSPACE, LLC, HEALTHLINK HOLDINGS, LLC, HOOKSETT, LLC, HUTCHISON LAW GROUP, PLLC, INTEGRITY EMR HOLDINGS, LLC, INTEGRITY EMR, LLC, IRON CITY ASSET MANAGEMENT, INC., ITECH FUNDING, LLC, JACKSON ASSET MANAGEMENT, INC., KITE ASSET MANAGEMENT, INC., LILAC SIX, LLC, MACON, LLC, MORNING MOUNTAIN HOLDINGS, LLC, NETHERLANDS INSURANCE HOLDINGS, INC., NEW ENGLAND CAPITAL, LLC, NIH CAPITAL, LLC, NOM GB 2018 I, LLC, PARADIGM PARK HOLDINGS, LLC, PARALLEL CAPITAL ASSETS, LLC, PERSHING, LLC, RED BEGONIA, LLC, REVOLVERCAP PARTNERS FUND, LP, SATORI WATERS, LLC, SEDWICK, LLC, SENTINEL SECURITY LIFE INSURANCE COMPANY, SOMERSWORTH, LLC, STANDARD ADVISORY SERVICES, LTD, STANDARD FINANCIAL LIMITED, STANDARD INVESTMENT CAPITAL, LTD, TREATMENT RESOURCES OF MARGATE, INC., TRITON FINANCIAL LIMITED, TUX HOLDINGS, LLC, TYBEE ISLAND ASSET MANAGEMENT, LLC, UKAT HOLDINGS, LLC, UKAT INVESTMENT LIMITED, VERDESIAN LIFE SCIENCES, LLC, WEARE, LLC, YELLOW LOTUS, LLC, YELLOW SUNFLOWER, LLC, UBS FINANCIAL SERVICES, INC., GOLDMAN SACHS LENDING PARTNERS, LLC, CREDIT SUISSE AG CAYMAN ISLANDS BRANCH, GOLDMAN SACHS BANK USA, MORGAN STANLEY SENIOR FUNDING, INC., THE BRYN MAWR TRUST COMPANY,  and DOES 1 through 10, inclusive

   Defendants.

## **TABLE OF CONTENTS**

                                                                                                                              **Page**

TABLE OF AUTHORITIES ................................................................................................... iii

PRELIMINARY STATEMENT .................................................................................................1

ARGUMENT .................................................................................................................................2

I.       Defendants Concede That This Court Does Not Have the Authority to Enter a Final Order in this Case ...........................................................................................................2

II.     ULICO Did Not Consent to Entry of a Final Order by the Bankruptcy Court .................2

III.    ULICO Never Asked The Bankruptcy Court to Determine Whether There Was Diversity Jurisdiction .......................................................................................................4

CONCLUSION ..............................................................................................................................5

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Granfinanciera, S.A. v. Nordberg*,
    492 U.S. 33 (1989) ..................................................................................................2

*Roell v. Withrow*,
    538 U.S. 580 (2015) ...............................................................................................2, 3

*Stern v. Marshall*,
    564 U.S. 462 (2011) ...............................................................................................2, 4

*Wellness Int'l Network Ltd. v. Sharif*,
    575 U.S. 665 (2015) ...............................................................................................2, 3

**Statutes**

28 U.S.C. § 636(c) ...........................................................................................................2

28 U.S.C. § 1332(a) ................................................................................................1, 3, 4

28 U.S.C. § 1334 ..................................................................................................1, 2, 3, 4

**Other Authorities**

Fed. R. Civ. Pro. 73 ........................................................................................................2

**PRELIMINARY STATEMENT**

Plaintiff Universal Life Insurance Company ("ULICO"), submits this reply brief in support of its motion to alter or amend the order dismissing this case entered on April 15, 2022 [ECF 172] (the "Order"). Several Defendants in this action have now filed objections to ULICO's motion raising various issues that not only misinterpret what ULICO is asking of this Court in its motion, but also misinterpret the governing law.

As a preliminary matter, ULICO asserts jurisdiction is conferred in this *district* on two independent bases: (1) "related-to" jurisdiction; and (2) diversity jurisdiction under 28 U.S.C. § 1332(a). ULICO first filed this case with a Bankruptcy Court caption because that is what is required under this District's Order of Reference for cases filed invoking subject matter jurisdiction under 28 U.S.C. § 1334. ULICO's complaint sought relief for the fraudulent conveyance scheme purported by Defendants on the basis that such relief was sufficiently "related to" the bankruptcy main proceeding. It also pleaded diversity jurisdiction and made a demand for a jury trial. The fact that ULICO complied with the Order of Reference was not some sort of concession that a Bankruptcy Judge could enter a final order upon consideration of a motion for leave to file an amended complaint.

ULICO has never asked this court to enter a ruling on whether diversity jurisdiction exists. Defendants' assertions to the contrary are simply false. In fact, it is ULICO's position that only an Article III judge must finally adjudicate on the basis of diversity under 28 U.S.C. § 1332(a). Respectfully, this Court acted beyond its Constitutional powers in entering a final order in this case.

## ARGUMENT

**I.    Defendants Concede That This Court Does Not Have the Authority To Enter a Final Order in this Case.**

No party contends that that this court has the authority to enter a final order absent consent by all of the parties, regardless of the fact that jurisdiction was predicated under 28 U.S.C. § 1334.  *See Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989); *Stern v. Marshall*, 564 U.S. 462 (2011).  Therefore, the only remaining question here is whether there was adequate "consent" provided by ULICO.  There was not.

**II.    ULICO Did Not Consent to Entry of a Final Order by the Bankruptcy Court.**

The only argument that Defendants raise in opposition to the relief sought by ULICO on this fundamental Constitutional issue is to assert that ULICO waived its right to an Article III judge to enter a final order in this case.  That did not happen, and could not happen, under the unusual circumstances of this case.

It is true that the Supreme Court left open the chance for a party to waive the right to have an Article III court to enter a final order in a case, when the case is properly referred to a bankruptcy judge.  *See Wellness Int'l Network Ltd. v. Sharif,* 575 U.S. 665 (2015).  That is analogous to the situation where litigants may by unanimous consent agree to a trial and the entry of a final judgment by a United States Magistrate Judge where subject matter jurisdiction is not conferred under 28 U.S.C. § 1334.  *See* 28 U.S.C. § 636(c).  Rule 73 of the Federal Rules of Civil Procedure provides for a very specific and clear method for the parties to be apprised of that potential for consent and a method for it to be expressed.

In *Wellness* the Supreme Court found that the same standard that is used to determine whether such consent has been conferred by "actions rather than words" applies to Bankruptcy Judges as it does to Magistrate Judges.  It adopted the reasoning in its earlier decision in *Roell v.*

*Withrow*, 538 U.S. 580 (2015), which concluded that a party's actions could demonstrate consent, but still required that those actions show that that the consent was "knowing and voluntary." *Wellness*, 575 U.S. at 685. The key is whether "the litigant or counsel was made aware of the need for consent and the right to refuse it, and still voluntarily appeared to try the case . . . ." *Roell*, 538 U.S. at 590; *Wellness*, 575 U.S. at 685. Nothing like that happened here.

Circumstantial evidence may be used to determine whether such an explicit waiver occurred. That circumstantial evidence must evince a clear decision to waive the Constitutional right that is both knowing and voluntary and that shows a party has decided to try a case before a non-Article III judge where it is aware it had another option. For instance, a party that has decided to go to trial before a bankruptcy judge, without a jury, and then only raised a right to an Article III judge after losing, is likely to be found to have waived its rights.

Nothing like that occurred here at all. In the first place, ULICO only filed claims under state law and has demanded a trial by jury from the inception of this matter. That is fundamentally at odds with the notion that it consented to the entry of a final order by a Bankruptcy Judge. It also predicated jurisdiction not only on "related to" jurisdiction under Section 1334, but also on diversity jurisdiction under 28 U.S.C. § 1332. Neither Congress, nor the Constitution, has conferred power on this Court at all to enter a final judgment on state law claims based on diversity jurisdiction. Therefore, it is, and was, literally impossible for ULICO and all of the other parties to consent to a final order from a bankruptcy court. Title 28 and the Constitution require that judgment on such claims be entered by an Article III judge — or a Magistrate Judge where unanimous consent is given under Section 636 — not a Bankruptcy Judge. That is particularly true where, as in this case, the parties have timely demanded their right to a trial by jury as guaranteed by the Seventh Amendment.

The Defendants' position here seeks to nullify the practical effect of clear case law from no less an authority than the Supreme Court of the United States. According to them, there mere fact that ULICO abided by the Order of Reference in this district by putting "Bankruptcy Court" in the caption is sufficient to waive its Constitutional rights to an Article III judge and trial by jury. If that were the case, the only way a party could preserve those rights would be to convince the clerk to accept a filing with "District Court" in the caption notwithstanding the Order of Reference where jurisdiction is based, in part, on Section 1334. That would effectively read *Granfinancera* and *Stern* out of existence for adversary proceedings. That is simply not the law.

The Defendants also suggest that ULICO's participation in the initial procedural motions is also somehow indicative of waiver. Again, that is not the case. ULICO had no reason to believe that the Court would enter a final order at the hearing of April 14, 2022. The motion before the Court was for leave to amend. It came as a great surprise that the Court decided to dismiss the entire case, despite ULICO's invocation and pleading of diversity jurisdiction. This is not a circumstance where a party invited the entry of a final order by a bankruptcy court after completing discovery, and only complained when it lost.

### III.  ULICO Never Asked The Bankruptcy Court to Determine Whether There Was Diversity Jurisdiction.

Finally, Defendants misunderstand ULICO's contention that diversity jurisdiction under 28 U.S.C. § 1332(a) exists in this matter. ULICO is not claiming that diversity jurisdiction can be the basis for subject matter jurisdiction in the Bankruptcy Court. ULICO is claiming that, because there is a basis for jurisdiction in the District Court, the appropriate remedy was not to dismiss the case but to issue a recommendation to a District Judge for further proceedings. Further, ULICO is not contending that the Bankruptcy Court should have made any finding with regard to diversity jurisdiction – to the contrary, ULICO's contention is that it lacked the

authority to do so.  Since ULICO has alleged in its First Amended Complaint that diversity jurisdiction is established, the appropriate course is for the matter to be referred back to a District Judge for further proceedings.

## CONCLUSION

For the reasons discussed above, ULICO's Motion should be granted, and the Court should vacate its Order, overrule the objections to the Plaintiff's motion for leave to amend, and proceed with the case.

Dated: New York, New York
       May 27, 2022

Respectfully submitted,

**CLYDE & CO US LLP**

/s/ Clinton E. Cameron
Clinton E. Cameron (*pro hac vice*)
Meghan C. Dalton (*pro hac vice*)
Clyde & Co US LLP
55 W. Monroe
Suite 3000
Chicago, IL 60603
Tel: 312-635-7000
Clinton.Cameron@clydeco.us
Meghan.Dalton@clydeco.us