UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

1

2  In re:                                          Lead case: 20-12791-lgb

   PB LIFE AND ANNUITY CO., LTD. AND               AP: 21-01169-lgb
3  RACHELLE FRISBY AND JOHN JOHNSTON,              New York, New York
   AS JOINT PROVISIONAL LIQUIDATORS,               June 1, 2022
4                                                  10:09 a.m. - 10:57 a.m.
                                      Debtor.

5

6                    AP: 21-01169-LGB
          UNIVERSAL LIFE INSURANCE COMPANY
7          VS. GLOBAL GROWTH HOLDINGS, INC.

        MOTION TO RECONSIDER DISMISSAL OF CASE
8

9                - A P P E A R A N C E S -

10 For Universal Life Ins.:        CLINTON E. CAMERON, ESQ.
                                    MEGHAN DALTON, ESQ.
11                                  Clyde & Co LLP
                                    55 West Monroe Street
12                                  Chicago, Illinois 60603
                                    (312) 635-7000; 312-635-6950 fax
13

14 For Morgan Stanley Senior       PETER FRIEDMAN, ESQ.
   Funding, Inc.:                   LAUREN WAGNER, ESQ.
15                                  O'Melveny & Myers LLP
                                    1625 Eye Street, NW
16                                  Washington, DC 20006
                                    (202) 383-5300; (202) 383-5414 fax

17
   For Lindberg & Global Growth:   JARED T.S. PACE, ESQ.
18                                  Condon Tobin Sladek Thornton
                                      Nerenberg PLLC
19                                  8080 Park Lane, Suite 700
                                    Dallas, Texas 75231
20                                  (214) 265-3800; (214) 691-6311 fax
                                    jpace@ctstlaw.com

21
   For Colorado Bankers Life Ins.  NORMAN KINEL, ESQ.
22 Co., Bankers Life Ins. Co.,     Squire Patton Boggs
   Southland National Ins. Corp.,  1211 Avenue of the Americas, 26th Fl
23 and Southland National          New York, New York 10036
   Reinsurance Corp.:              (212) 407-0130; (212) 872-9815 fax
24                                  norman.kinel@squirepb.com

25

```
                        - A P P E A R A N C E S -                          2

 1   For Hutchison Law Group:       LIAM O'BRIEN, ESQ.
                                     McCormick & O'Brien, LLP
 2                                   9 East 40th Street
                                     New York, New York 10016
 3                                   (212) 320-8972 x700
                                     lobrien@mcoblaw.com
 4

 5   For Aspida Fin. Servs. f/k/a   PETER HALEY, ESQ.
     Global Bankers Ins. Grp.:      Nelson Mullins Riley & Scarborough LLP
 6                                   One Financial Center
                                     Boston, Massachusetts 02111
 7                                   (617) 217-4714; (617) 217-4710 fax
                                     peterhaley@nelsonmullins.com
 8
     For Rachelle Frisby and John   CONSTANTINE DEAN POURAKIS, ESQ.
 9   Johnston, as JPLs:             ANDREAS D. MILLIARESSIS, ESQ.
                                     Stevens & Lee
10                                   485 Madison Avenue, 20th Floor
                                     New York, New York 10022
11                                   (212) 319-8500; (212) 319-8505 fax

12   Transcriber:                    AA EXPRESS TRANSCRIPTS
13                                   195 Willoughby Avenue
                                     Brooklyn, New York 11205
14                                   (888) 456-9716
                                     contact@aaexpresstranscripts.com
15
                 (Proceedings recorded by electronic sound recording)
16

17

18

19

20

21

22

23

24

25
```

ULICO v. Global Growth Holdings, Inc. - 6/1/22          3

1      THE COURT:  Next case is case number 21-01169,

2    Universal Life Insurance Company vs. Global Growth Holdings,

3    Inc.  May I have appearances of counsel, please?

4      MR. CAMERON:  Good morning, Your Honor, this is

5    Clinton Cameron on behalf of Universal Life Insurance Company.

6    And I'm here with my colleague, Meghan Dalton.

7      MS. WAGNER:  Good morning, Your Honor, Lauren Wagner

8    of O'Melveny & Myers on behalf of Morgan Stanley Senior Funding.

9    And I'm here with Peter Friedman

10      THE COURT:  Thank you.

11      MR. PACE:  Good morning, Your Honor, this is Jared

12    Pace at Condon Tobin on behalf of Greg Lindberg, and other

13    defendants identified at ECF 178.

14      THE COURT:  Thank you, Mr. Pace.

15      MR. KINEL:  Good morning, Your Honor, this is Norman

16    Kinel, of Squire Patton Boggs, on behalf of Colorado Bankers

17    Life Insurance Company, Bankers Life Insurance Company,

18    Southland National Insurance Corporation, and Southland National

19    Reinsurance Corporation.

20      THE COURT:  Thank you, Mr. Kinel

21      MR. HALEY:  Good morning, Your Honor, Peter Haley for

22    the defendant, Aspida Financial Services.

23      THE COURT:  Thank you.

24      MR. O'BRIEN:  Good morning, Your Honor, this is Liam

25    O'Brien, McCormick & O'Brien, LLC, on behalf of defendant

ULICO v. Global Growth Holdings, Inc. - 6/1/22          4

1   Hutchison PLLC.

2          THE COURT:  Thank you.  Any additional appearances of

3   counsel?

4          (No response.)

5          THE COURT:  Okay.  Mr. Cameron, I believe this is your

6   motion, so I turn the virtual podium over to you or Ms. Dalton.

7          MR. CAMERON:  I'll be proceeding, Your Honor.  Thank

8   you very much.  And this is Clinton Cameron for Universal Life

9   Insurance Company, for the record.

10          As the Court knows, the motion before it today is

11   under Rule 9023.  There are essentially two issues presented;

12   first, whether there is in fact subject matter jurisdiction over

13   this case, and second, whether the Court properly entered a

14   final order when it dismissed the case.  I'm not going to

15   belabor the point about subject matter jurisdiction, although I

16   will note that the somewhat unusual way that this issue was

17   presented to the Court in the context of a motion to amend, I

18   think makes the standard that counsel for defendants raised

19   somewhat inapplicable or at least different here than in a

20   typical case.  This isn't a matter where the Court granted one

21   of the motions and dismissed the case, it properly made its own

22   determination of whether it felt it had subject matter

23   jurisdiction, and that's why we're here today.

24          So, as the Court knows, the standard for related-to

25   jurisdiction is whether there's a conceivable effect on the

ULICO v. Global Growth Holdings, Inc. - 6/1/22          5

1   debtor in this case.  And in our papers, we explain how this

2   case relates to the prior judgment entered by Judge Liman, which

3   was confirming an arbitration award.  It is a somewhat unusual

4   kind of judgment in the sense that it's not simply a money

5   judgment, but what it required, because it was confirming an

6   arbitral award, was that $524 million and change be put into a

7   segregated account in order to pay claims under the reinsurance

8   agreement between the parties.  So, it's not simply a matter

9   that our client was entitled to receive a money judgment of $524

10  million, and then do with it what it wanted, the money was to be

11  used in lieu of the assets that should have been placed in trust

12  with the trustee to act as collateral to pay the reinsurance

13  claims.

14       So, the key point here is, what the panel was trying

15  to do and what Judge Liman tried to do in  his judgment

16  confirming the award, was to provide the requisite collateral.

17  Likewise, in this circumstance where our claims for fraudulent

18  transfer are involved, what we are again trying to do is provide

19  for the requisite collateral to support the payment of the

20  reinsurance claims.  No one, and certainly not my client, is

21  arguing that we could double recover, or that there will be no

22  effect on Judge Liman's ruling if we were to succeed and claw

23  back the requisite amount of money that would be necessary to

24  pay the reinsurance claims under the reinsurance agreement.

25  They act together in a way that is intended simply to provide

ULICO v. Global Growth Holdings, Inc. - 6/1/22                6

1   what my client bargained for.  That is, the amount of collateral

2   that's needed to pay the claims.

3          If we were to succeed in our fraudulent transfer

4   claims here, the effect would be that our claim against the

5   debtor, PBLA, would be reduced.  There is little doubt, I would

6   submit, that that reduction in our claim would have a

7   "conceivable" effect on the debtor in the sense that if our

8   claim of $524 million is reduced, there will be funds that would

9   be available to pay other creditors.  Under **Parmalat**, **Cuyahoga**,

10   and other cases in this circuit, that suffices to provide for

11   subject matter jurisdiction here as related to the bankruptcy

12   case.  So, that's the bottom line with respect to the merits on

13   the subject matter jurisdiction issue.

14          With respect to the question of whether or not the

15   Court has the power to enter a final order, I admit that we end

16   up in a somewhat labyrinthine discussion about various statutes,

17   which is unfortunate but forced upon us by Congress.  In the

18   first instance, this case was based on two grounds of

19   jurisdiction in the district court.  First, that there was

20   related-to jurisdiction under § 1334 and diversity jurisdiction

21   under § 1332.

22          As the Court is aware, there is an order of reference

23   in this district that provides that cases where jurisdiction is

24   predicated in part or in whole on § 1334 are referred

25   automatically to a bankruptcy judge in the bankruptcy court as a

ULICO v. Global Growth Holdings, Inc. - 6/1/22        7

1   division of the district court.  In this case, we could either

2   have ignored that order of reference or done what we did, which

3   is to put a bankruptcy court caption on the case, and then the

4   clerk properly assigned this case to Your Honor.

5          The assertion that what we should have done is simply

6   file in the district court under 1332 and thereby avoid

7   assignment to the bankruptcy court is both unnecessary and

8   unfair.  Parties always plead alternative grounds for

9   jurisdiction when they're in a federal court because lawyers are

10  well aware that federal courts are courts of limited

11  jurisdiction, and so, you plead everything that you have.  Now,

12  this case, that's what we did.  The result was that this case

13  was assigned to Your Honor.  And Your Honor then, quite

14  properly, tried to determine whether or not there was subject

15  matter jurisdiction under § 1334.  We just talked about what we

16  think the answer to that question was, but Your Honor came to a

17  different conclusion.

18         Now, in the event that there isn't subject matter

19  jurisdiction under 1334, the order of reference is not invoked.

20  Neither can it be under § 157.  Therefore, the case is

21  improperly referred at this time, to the bankruptcy court and to

22  Your Honor and should simply be returned to the other part of

23  the district court and assigned to an Article III judge.

24  Moreover, the Court doesn't have the authority as a bankruptcy

25  court under 157 or under the rules applicable by the order of

ULICO v. Global Growth Holdings, Inc. - 6/1/22          8

1   reference to dismiss a case for where jurisdiction is invoked

2   under diversity.  That is something that should be referred to

3   an Article III judge to determine whether or not there is proper

4   diversity present.  And that's what we would respectfully ask

5   the Court to do should it, for whatever reason, decide that

6   subject matter jurisdiction does not reside under § 1334.

7          Lastly, I don't believe it's in contention by any

8   other defendant, but they can speak for themselves, the Court

9   would have the ability to enter a final order in this case, but

10   for consent.  We briefed for the Court the **Wellness** case

11   (**Wellness Int'l Network, Ltd. v. Sharif**, 575 US), which set

12   forth the applicable standard for consent when it's not

13   explicit.  And what it says in sum and substance is, the key

14   standard is whether the litigant or counsel was made aware of

15   the need for consent and the right to refuse it and still

16   voluntarily appeared to try that case.  There has been no trial

17   in this case.  The standard in **Wellness** was simply not met.

18   There was no consent to a final order being entered by this

19   Court.  And respectfully, in the event that there isn't subject

20   matter jurisdiction under § 1334, consent would be impossible

21   because we would have been in the wrong place from the

22   inception.

23          I don't feel the need to go on and on here, Your

24   Honor.  I certainly would like to make sure that I have

25   addressed any questions that you may have, but I think the

ULICO v. Global Growth Holdings, Inc. - 6/1/22                    9

1   argument here is relatively simple and straightforward.  And

2   certainly, if there's anything I could answer, I'd be delighted

3   to do so.

4            THE COURT:  Okay.  So, Mr. Cameron, I assume what

5   you're asking for in this motion -- as you know, the standard is

6   extremely high for a motion for reconsideration.  And the

7   standard that I'm supposed to apply is basically if there's an

8   intervening change of controlling law, which that hasn't

9   happened to my knowledge.  Availability of new evidence; there's

10  no evidence that was involved in this.  Or the need to correct a

11  clear error of manifest injustice.  So, you must be arguing that

12  the reason that I have the ability to alter, amend, and grant

13  your motion is under a clear error of manifest injustice.  Is

14  that correct?

15           MR. CAMERON:  I certainly agree that that standard

16  would be applicable here.  Whether or not we are bound by that

17  in the context of a Rule 9023 motion under the circumstances

18  here, I'm not entirely sure I think is correct.  But obviously

19  what you think is correct is what matters, not what I think,

20  Your Honor.

21           THE COURT:  Well, it really matters what the Second

22  Circuit says I'm supposed to do with this, not what I think

23  either.  And the caselaw is pretty clear in the Second Circuit

24  what the standard is that's applied in these circumstances.  I

25  guess I'm having trouble understanding how it satisfies that.

ULICO v. Global Growth Holdings, Inc. - 6/1/22          10

 1   The other thing I'm having trouble with, which was raised by

 2   some of the other parties is that this argument you're making

 3   now, could have been raised back in January and February or

 4   whenever the appropriate dates were when we had discussions

 5   about the motions to dismiss.  And this argument about the 1332

 6   issue, I know this sounds odd, but there are limited things we

 7   can do about situations involving the reference.  Basically, our

 8   court doesn't really have the ability to do that.  What happens

 9   is, either a party has to file a motion for withdraw of the

10   reference at an appropriate time; and if you are trying to

11   predicate your jurisdiction under 1332, once you commenced it in

12   the bankruptcy court, although this would be odd for a plaintiff

13   to do, in my experience, one could move for withdrawal of the

14   reference at that point.  A plaintiff has done that where a case

15   was transferred to me from another jurisdiction.  I've seen

16   that.  So, that might have been a way for it to go back to the

17   district court if that's what you wanted under diversity

18   jurisdiction, but that wasn't raised.

19          This issue about my not having ability to enter a

20   final order wasn't raised.  Although, it certainly could have

21   been raised in January or February of subsequently.  So, I'm

22   having a hard time under the reconsideration standard

23   understanding how I could grant this motion, because either

24   there are issues where I don't think it meets the standard I'm

25   supposed to apply, or it would have required you to have raised

ULICO v. Global Growth Holdings, Inc. - 6/1/22          11

1   these issues before me because they could have been raised.  And

2   filing to raise them previous to this when you could have raised

3   them under the caselaw in the Second Circuit, means that I can't

4   consider that.   Again, that's not my decision, that's the

5   Second Circuit's decision, that's the standard.  So, I'm not

6   supposed to allow people to, pardon me for saying this, plug

7   holes in their arguments or add a new argument.   That's not

8   what a reconsideration motion is for, so I don't see how I can

9   consider that either.  But I'd be interested in you telling me

10  how jurisdictionally, I could consider those things in the

11  context of what you're moving under.

12          MR. CAMERON:  Sure.  So, with respect to the question

13  of withdrawing the reference at the outset of the case, we did

14  not object to the idea that Your Honor had the ability to

15  administer the case up until trial, which is a common practice.

16  The question is whether or not a final order could be entered.

17  Similar to a circumstance where a United States magistrate judge

18  is assigned to handle pretrial matters, this Court had the

19  ability to handle all the pretrial matters.  And we don't deny

20  that the Court had every power and authority to enter what I

21  will call a report and recommendation, what I think another

22  counsel suggested should have been in the form of findings of

23  fact and conclusions of law.  But regardless of the

24  nomenclature, we did not object to the idea that the Court could

25  handle all the pretrial matters, and thought it was appropriate

ULICO v. Global Growth Holdings, Inc. - 6/1/22          12

1   for it to do so given its familiarity with this case.  That

2   doesn't require a party to file a motion to withdraw the

3   reference at the outset of the case.  It simply requires that

4   party to file, or to make clear, a timely demand that there be a

5   trial before an Article III judge.  In this case, we're nowhere

6   trial, and in our complaint, we requested a jury trial.  So, it

7   was I think plain that our intent was ultimately for this case

8   to be tried before an Article III judge.

9          With respect to the procedure issue --

10         THE COURT:  Mr. Cameron, I'm sorry, can I stop you for

11  second?  I'm sorry.

12         MR. CAMERON:  Of course.

13         THE COURT:  Just so you know, the bankruptcy court

14  ironically does have the ability to try jury cases.  I wouldn't

15  personally say it's a great use of our talents.  Except for my

16  fabulous colleague, Judge Jones and some of my other fabulous

17  colleagues who have litigation background and did jury trials,

18  and who's actually having a jury trial in the bankruptcy court

19  in a week, so it does happen.  Again, it's not common, but that

20  doesn't always means someone's going to -- I would generally

21  recommend that they do that, I'm not disagreeing with you, but

22  it's not a requirement that they withdraw the reference just

23  because they ask for a jury trial believe it or not.  Not in the

24  context of the bankruptcy court if people are prepared to do it.

25         And there's nothing in your papers that indicated "no

ULICO v. Global Growth Holdings, Inc. - 6/1/22          13

1   consent" as we went along this process.  This is the first time

2   you're raising this.  And I hear you about the fact that I could

3   do what you're saying, which is what I could have done if I had

4   jurisdiction, which is administer a case all the way up to

5   trial, but usually the way that happens is someone moves to

6   withdraw the reference and the district court judge decides to

7   tell us that we should continue in this all the way up to trial

8   and then they'll consider it.  Especially when it's the

9   plaintiff.  But again, it doesn't matter from my perspective

10  because you didn't raise this before me previously.

11          MR. CAMERON:  I don't believe that there was an

12  opportune time to do so, Your Honor.  So, what was before Your

13  Honor at the time that we were last before you on this case was

14  a motion to amend the compliant.  Now, I totally understand and

15  think that you acted completely properly as a judge in

16  bankruptcy court in making sure that you had subject matter

17  jurisdiction.  We were all told over and over again that judges

18  have a responsibility to raise the question sua sponte, which is

19  kind of what you did.  I'm not going to say that that's the only

20  thing that happened, obviously there were parties that raised

21  questions about it, but that was not the motion that was before

22  Your Honor at the time.

23          As I said, I don't object to that in any way.  I think

24  it was entirely proper.  But that's the first time that we were

25  aware that the Court was going to enter a final order.

ULICO v. Global Growth Holdings, Inc. - 6/1/22          14

1    Obviously, the motion to amend did not require that.  The

2    motions to dismiss, we had resisted and thought they should be

3    denied.  In the event that the Court had entered a final order

4    in response to those motions, I would have said what I'm saying

5    now.  That is that a final order would not be appropriate.

6    Whether you call it findings of fact, conclusions of law or

7    report and recommendation or again, whatever nomenclature one

8    prefers, that would be fine.  That would be understandable, and

9    we would go to an Article III judge, and he or she would decide

10   whether or not to follow the report and recommendation, which is

11   a very common practice that's handled with the United States

12   magistrate judges all the time.

13          That's what I would have envisioned would have

14   happened here.  I think the proper time for us to raise this

15   issue was when we did, when Your Honor indicated that you were

16   entering a final order, and I don't believe that there's been

17   anything that results in consent.  I'd like to briefly address,

18   if I may, the questions about internal operating procedures and

19   rules within the district.

20          I appreciate that there is not an easy obvious place

21   in the rules to find a way now to invoke an Article III judge

22   here and have the case assigned to him or her.  But that is not

23   a reason to deprive my client of its fundamental constitutional

24   to an Article III judge as guaranteed in the constitution.  I

25   would submit that the Court should ask the clerk to assign this

ULICO v. Global Growth Holdings, Inc. - 6/1/22          15

1   matter to a district judge and then have he or she sort this out

2   and decide whether or not to follow the Court's view on subject

3   matter jurisdiction.  And any case, then that judge may make a

4   determination of whether or not there is or is not diversity,

5   which we are entitled to.

6        We filed this case in the district court.  It was

7   referred properly at the time, in our view, under 157 to a

8   bankruptcy judge.  Now, Your Honor has decided that there isn't

9   subject matter jurisdiction.  Obviously, I hope you reconsider

10  that.  But if that ruling holds true, then the case is still in

11  the district court, it's just that it isn't under Judge Preska's

12  order referring it to Your Honor, which means I should be back

13  in the other part of the district court where I will get an

14  assignment in the first instance to an Article III judge, who's

15  a district judge.  I assume that the clerk can figure out how to

16  do that.  I realize that there is not a clear administrative

17  remedy here for how we would get that done, but I have some

18  confidence that the clerk would be able to understand what

19  needed to be done and give us a random assignment.  In any case,

20  if we have to appeal, we'll get an assignment to a district

21  judge regardless.  I'm trying to make sure that I've answered

22  all of your questions.

23       THE COURT:  You have, Mr. Cameron.  Okay.  Thank you,

24  Mr. Cameron.

25       MR. CAMERON:  Thank you, Your Honor.

ULICO v. Global Growth Holdings, Inc. - 6/1/22          16

1          THE COURT:  All right.

2          MR. CAMERON:  Thanks for your time.

3          THE COURT:  All right.  Who would like to be heard

4    next?

5          MR. PACE:  Your Honor, Jared Pace here.  May I go?

6          THE COURT:  Yes, you may.

7          MR. PACE:  I'm sorry.  This is Jared Pace.  May I go,

8    Your Honor?

9          THE COURT:  Yes.  I said yes.  Sorry if I was unclear,

10   Mr. Pace.  Can you hear me?

11         MR. PACE:  Oh, sorry.  Yes, I can.  I might have

12   missed it.  I apologize.

13         THE COURT:  No worries.

14         MR. PACE:  Very briefly, Your Honor, the Court hit on

15   a lot of, quite frankly, my outline for today.  the standard for

16   reconsideration, I think, Mr. Cameron initially said is

17   inapplicable.  Because of these circumstances, it isn't, it's an

18   exacting one.  it's a difficult one to meet, and it hasn't been

19   met here.  Not even close.  So, virtually everything that Mr.

20   Cameron said on the first prong, the first piece of his argument

21   about subject matter jurisdiction and related-to jurisdiction

22   has already been said or could have been said before the court

23   entered its order.  And in particular, with respect to the

24   orders out of judge Liman's court, those are from before this

25   case even began.  They're from 2020.  All those issues could

ULICO v. Global Growth Holdings, Inc. - 6/1/22        17

1  have been raised; there's nothing new here.  No new evidence; no

2  new law; no intervening change; nothing that would satisfy that

3  standard.

4        And as the Court look at ULICO's reply filed just the

5  other day, they kind of all but abandoned that argument that the

6  reconsideration standard has actually been met.  It hasn't.  And

7  that's reason enough to deny it.  The real issue I think is

8  whether the Court had the authority to enter a final order.

9  That's really the only dispute here.  And on that, I don't think

10  there's much dispute about the standard either.  That authority

11  comes from consent, consent of ULICO.  And that consent doesn't

12  have to be expressed, it can be implied.  I don't think ULICO

13  disagrees with that.  I think, they acknowledge that if they

14  impliedly consented, then the Court had the ability to do what

15  it did.  And that implied consent, obviously, you've got to look

16  at the circumstances, but if you line that up with other cases,

17  it had to consider whether consent was implied, and there can be

18  no doubt that ULICO certainly consented to this Court entering

19  the order it entered.

20        For starters, ULICO is the plaintiff.  They chose this

21  forum.  No one made them file in bankruptcy court.  And

22  according to -- I'm sorry?

23        THE COURT:  Someone needs to mute their line because

24  they're making noise.  I'm not sure who that is.  But everybody

25  else who's not speaking, would you please mute your line?

1    Sorry, Mr. Pace.  Please continue.

2         MR. PACE:  Not at all.  So, the issue is consent here,

3    and whether or not there was implied consent.  ULICO chose the

4    bankruptcy court.  It didn't have to choose the bankruptcy

5    court, and I think ULICO is admitting that.  It's saying that it

6    had a diversity theory to get in the district court.  To put the

7    district court style on its action instead of the bankruptcy

8    court style.  It could have done that according to ULICO.  But

9    it didn't do that.  And we know why they didn't do that.  They

10   told us why.

11        So, in their omnibus response to all the motions to

12   dismiss, ECF 111, ULICO says, that unled a case arising in the

13   state or federal courts, the rule in adversary proceedings

14   allows for nationwide service of process.  That was the only way

15   to get all these defendants into a single case was through the

16   bankruptcy court.  They chose bankruptcy court to avail

17   themselves of bankruptcy rules.  You don't get to choose

18   bankruptcy court to take advantage of its rules, and then get of

19   bankruptcy court when you don't like the rulings.  That's just

20   not equitable, and at the end of the day, this is a court of

21   equity.

22        But I would argue here that there's even more then

23   complied consent.  Where ULICO in that same response, that same

24   omnibus response to the motion to dismiss said that this Court

25   "has subject matter jurisdiction to hear and resolve all of the

ULICO v. Global Growth Holdings, Inc. - 6/1/22          19

1    claims in this case."  That's been ULICO's position, expressed

2    and implied throughout this litigation.  There can be no doubt

3    that there's been consent.  We cite in our brief on page 7 a

4    string of cases where courts have found consent under far less

5    obvious circumstances than what we have here.  One of them, the

6    **ICP Strategic Income Fund**, 730 F. App'x (2d Cir. 2018).  One

7    major factor in finding consent was that the defendant who was

8    arguing it hadn't consented removed the case to bankruptcy

9    court.  The case didn't start in bankruptcy court, defendant

10   moved it, and the court said you chose this forum by removing

11   it.  That's even more true here where ULICO didn't start as a

12   defendant and remove it, ULICO is the plaintiff.  They picked

13   this forum.  That's got to be sufficient for consent under all

14   the caselaw.

15        So, under these circumstances, Your Honor, the Court's

16   authority and ability to do what it did can't be doubt because

17   of ULICO's consent that I don't think ULICO really disagrees

18   with.  So, for all those reasons, Your Honor, we would ask the

19   Court simply to deny their motion for reconsideration, and also

20   deny converting it to anything else.  Don't convert it to a

21   recommendation or findings and conclusions, but deny the motion

22   entirely.  And I'll stop there and answer any questions you

23   might have.

24        THE COURT:  I don't have any questions, Mr. Pace.

25   Thank you.

ULICO v. Global Growth Holdings, Inc. - 6/1/22          20

1        MS. WAGNER:  Good morning, Your Honor, Lori Wagner on

2   behalf of Morgan Stanley Senior Funding.  I just want to make

3   few points briefly since I think Mr. Pace summed it up pretty

4   well, as well as Your Honor.  But for the reasons we've set

5   forth in our brief, opposing the reconsideration motion, it

6   should be denied, they're essentially repeating arguments about

7   subject matter jurisdiction.  As Your Honor knows, they've made

8   these arguments at least twice.  Once in their opposition for a

9   motion to dismiss and also in support of their motion to amend.

10  And they're simply trying to argue that the Court got it wrong,

11  but this isn't an opportunity to rehash arguments that they

12  already made on a related-to jurisdiction.

13        And just turning to the point of manifest injustice

14  here for a moment, there can be no argument that there's

15  manifest injustice here because let's say for example the Court

16  ended up entering a recommendation instead of a judgment here,

17  the district court's review of that would be a de nova.  And

18  that's the same if they want to appeal the order here, so

19  there's really no argument that there's manifest injustice here.

20        And just turning quickly to the argument that they

21  never consented to a judgment, Your Honor's is 100 percent

22  right, the argument is not timely, so it's really irrelevant

23  here on a motion for reconsideration.  It's also just wrong as a

24  matter of law based on the record in this case, and ULICO's own

25  conduct.  Very tellingly, they had no response in their reply

ULICO v. Global Growth Holdings, Inc. - 6/1/22          21

1   brief to the **In re Ditech** case in which Judge Garrity ruled that

2   consent to an entry of a final judgment can be implied through

3   the conduct of the parties.  And here, they consented

4   repeatedly.  They never once expressed that they didn't consent

5   to a final judgment.  And they had clear notice.  They briefed

6   in opposition to our motion to dismiss, they filed the motion to

7   amend, they knew exactly what they were up against in terms of

8   the Court ruling at any time on the motion to dismiss.  And in

9   case there were any doubt, the Court gave them explicit notice

10  at the hearing back in January when they requested leave to file

11  a motion to amend.  The Court said, you know, I'm going to have

12  to address the subject matter jurisdiction issue.  So, they have

13  full notice of that.

14          And lastly, just taking a step back here, we wanted to

15  note that this whole motion is really mystifying to us.  As

16  other parties have already emphasized, they fought very hard

17  throughout the lifetime of this case to argue that the case was

18  properly in this Court.  They went as far as to enter into an

19  agreement with the joint provisional liquidators to establish

20  jurisdiction.  They argued that the case was intimately tied

21  with the chapter 15 case before Your Honor.  So, it seemed

22  peculiar to us that they're now making these arguments after

23  receiving the negative disposition that they did.  And again,

24  it's not fully clear to us how the relief would be different in

25  any event since the district court's review would be de novo.

ULICO v. Global Growth Holdings, Inc. - 6/1/22          22

1   So, we respectfully request that the Court deny the motion.

2   Thank you.

3          THE COURT:  Thank you, Ms. Wagner.

4          MR. HALEY:  Your Honor, Peter Haley for the defendant,

5   Aspida Financial.  Aspida Financial will rely on the papers

6   submitted to the Court and the arguments and papers of its co-

7   defendants in this matter.  I would just note that Mr. Cameron's

8   argument that in part the dismissal for lack of jurisdiction

9   was, in his words, sua sponte, seems particularly unfair to the

10  partiers and the Court in this matter.  This case filed last

11  July.  There were numerous motions to dismiss in everyone.

12  Subject matter jurisdiction was raised, as Ms. Wagner noted

13  correctly, at the January status conference.  It was raised by

14  the parties, and the Court explicitly informed the plaintiff

15  that it would address that issue in the context of the motion

16  for leave to amend, which it was allowing the third try at a

17  complaint in this matter.  It was then briefed under the

18  argument of futility of the amendment given the jurisdiction.

19  So, it seems hardly a case of surprise, as is evident by the

20  argument this morning.  It's certainly not a case that meets the

21  standards under Rule 9023.  And so Aspida would join with the

22  other defendants in asking that the Court deny the motion for

23  reconsideration.

24         THE COURT:  Okay.  Thank you, Mr. Haley.  Would anyone

25  else like to be heard in opposition to the motion?

ULICO v. Global Growth Holdings, Inc. - 6/1/22          23

1      (No response.)

2      THE COURT:  Okay.  All right.  Mr. Cameron, unless you

3  have anything else you want to add, I'll go ahead and rule on

4  the motion.

5      MR. CAMERON:  That's fine, Your Honor.  I'd be happy

6  to address some of the point, but of course, I will do what you

7  would like.

8      THE COURT:  If you'd like to respond, please feel

9  free.

10      MR. CAMERON:  Okay.  I'll be very brief.  With respect

11  to the question of whether we consented by filing "in this

12  Court," this Court is part of the district court.  Section 1334

13  confers jurisdiction on the district court.  There is no

14  independent jurisdiction for a bankruptcy court.  So, it simply

15  can't be the case that by invoking § 1334, a party has consented

16  to a final order by a bankruptcy judge, because there would be

17  no way to preserve your right to an Article III judge if that

18  were true.

19      What we did when we filed in the district court is we

20  abided by Judge Preska's order that said when we invoke § 1334,

21  we should put a bankruptcy court caption on the case.  It's just

22  not so that we consented by simply filing our case.  Likewise,

23  we invoked § 1332 and it would not be possible for us to consent

24  to have this Court enter a final order in a case where there's

25  only jurisdiction under 1332 because this Court couldn't do it.

ULICO v. Global Growth Holdings, Inc. - 6/1/22          24

1   So, consent is literally impossible.  In any case, Your Honor, I

2   promised to be brief, and I hope I kept that promise.  And I

3   thank you for your time.

4          THE COURT:  Okay.  Thank you very much, Mr. Cameron.

5   All right.  I'm going to deny the motion.  I think the reasons

6   that I'm denying this motion are fairly clear, but I'll make it

7   clear for the record.  The standard again that this Court has to

8   consider is basically whether or not it meets the standard that

9   is set forth in many Second Circuit cases, including, for

10  example, **Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL**

11  **Irrevocable Trust**, 729 F. 3d 99, 104, which says, a motion for

12  reconsideration should only be granted when the moving party

13  identifies an intervening change of controlling law, the

14  availability of new evidence or the need to correct a clear

15  error or prevent manifest injustice.  Courts generally construe

16  this standard very narrowly and apply it strictly against the

17  moving party, so as to avoid repetitive arguments on issues that

18  have been fully considered by the Court.  In addition, a

19  reconsideration motion is not an opportunity for a party to plug

20  the gaps of a lost motion with additional arguments or to

21  attempt a second bite at the apple.  I note there, I'm citing to

22  the **In re Centric Brands, Inc.**, 2022 WL 1132046 at *2.

23          These are the standards that I'm required to apply

24  when I'm looking at a 9023 motion.  I will say that I don't find

25  that the standards are met because, as I noted on the record,

ULICO v. Global Growth Holdings, Inc. - 6/1/22          25

1   there's no intervening change of controlling law; there's no

2   availability of new evidence; and there's no need to correct a

3   clear error of manifest injustice.  Obviously, I don't find that

4   my original decision was in error and therefore I don't feel

5   that there's a clear error of manifest injustice here.

6          I note that other parties have mentioned this already

7   procedurally, but I'm going to make clear for the appellate

8   court, who's probably going to be getting this, and for the

9   record that the process here, as was noted by Mr. Haley in his

10  argument, is that this case was filed in July.  We had a motion

11  to dismiss.  Every party, just about, who filed motions to

12  dismiss raised the jurisdictional issue with me.  As noted in

13  Mr. Haley's argument and in the papers, in January, we had a

14  status conference on this subject, where there was a request to

15  file another motion for leave to amend and there were arguments

16  held where issues were raised about the subject matter

17  jurisdiction issue before me.  I agreed to allow a hearing on a

18  motion for leave to amend and allow the plaintiff to file

19  another motion for leave to amend, and that I would consider

20  that.  But I also did make very clear on the record, as many of

21  the parties in opposition to the motion have noted, that I was

22  going to consider the issue that had come up in all the briefing

23  in the motions to dismiss in both the initial pleadings and then

24  the replies that were filed by parties on the subject matter

25  jurisdiction.  And in the context of the motion for leave to

1   amend, I would consider that issue, and in fact, people did

2   brief that matter in connection with the motion for leave to

3   amend in the context of both futility of an amendment, but also,

4   just the Court's general jurisdiction.  It was not and could not

5   have possibly been a surprise to any parties that I was going to

6   actually consider that.  And as noted even by Mr. Cameron,

7   himself, counsel for ULICO, the appropriate thing for me to do

8   is to consider my jurisdiction when it's raised to me.  And it

9   was raised to me, quite clearly, in not only one set of multiple

10  pleadings and responses, but in another set.  And the fact that

11  I was going to hear and consider that at the hearing when I did

12  was not a surprise to anybody.

13          I did consider it.  I heard all the argument.  I spent

14  a great deal of time looking at all the cases on related-to

15  jurisdiction, especially in this context, the chapter 15,

16  including all the cases that were cited in connection with

17  counsel for ULICO's papers, and I determined that I did not

18  believe that I have related-to jurisdiction here.  And that was

19  my ruling.  And my ruling is standing; I'm not granting

20  reconsideration.  I note, additionally, that the arguments that

21  have been made here with respect to a stern and my not having

22  the ability to enter final decisions in connection with this

23  matter was not raised before me by the plaintiff either in the

24  context of the motion to dismiss or the motions to leave, or the

25  futility of the amendment, nor in the context of filing a motion

ULICO v. Global Growth Holdings, Inc. - 6/1/22          27

1   for withdrawal of the reference, which could have been done at

2   any time, and when there was a risk that I would possibility

3   determine the jurisdictional issue, it certainly, could have

4   been raised at that point and it wasn't.  So, I'm just not going

5   to consider it because I'm not allowed to consider things that

6   could have been raised before me and this definitely could have

7   been raised before me in numerous contexts if it was intended to

8   be raised.

9          And I'm not going to spend any time discussing implied

10  consent or otherwise, except to note that, of course, there is

11  the concept of implied consent.  But because this is an argument

12  that could have been raised before me previously in the context

13  of several motions or in a motion to withdraw the reference,

14  previously, and it wasn't, I'm not going to rule on that today.

15  I'm not going to consider it because I'm not allowed to consider

16  it under the standards for a motion for reconsideration.

17         So, I will enter an order for the records that I've

18  stated on the record, denying the motion.  And Mr. Cameron, you

19  obviously are free to appeal this to the district court.

20         MR. CAMERON:  Thank you, Your Honor, we appreciate

21  your time.

22         THE COURT:  Okay.  I did have one other thing I wanted

23  to mention because I believe Mr. Pourakis is still on this case.

24  I'm sorry, I'm checking.  Yes, he is and other parties.  And Mr.

25  Pace.  In connection with discovery issues and motions that I

ULICO v. Global Growth Holdings, Inc. - 6/1/22          28

1   received for 2004 exams and the hearing that we had for five

2   hours a couple of weeks ago, I have been waiting for a few

3   orders with respect to those motions, and I haven't received

4   them because it doesn't seem that the parties have been able to

5   reach an agreement on it.  So, I'm just instructing Mr. Pourakis

6   that I expect him to submit orders to me.  If they're resolved,

7   great; and if they're not resolved, fine.  By no later than the

8   6th of June which is next Monday.  And if anybody has

9   counterorders or other things, they can submit them

10  simultaneously.  And then I'm going to consider the orders and

11  I'm going to enter something by the end of next week.

12         MR. POURAKIS:  Your Honor, Mr. Pourakis for the JPLs.

13  We had had correspondence this morning with Mr. Pace.  We're

14  going to be submitting those proposed orders to your chambers

15  tomorrow, and we gave him an opportunity to respond, and we

16  expect responses.  If no responses are received by noon

17  tomorrow, we'll be submitting the orders tomorrow.  And he'll be

18  free to, as you said, submit counterproposals.

19         THE COURT:  Okay.  And any counterproposals have to be

20  submitted by Monday.

21         MR. PACE:  Thank you, Your Honor.  Jared Pace here.

22  Just to be clear, we've actually exchanged drafts, so it's not a

23  nonresponse from our side.

24         THE COURT:  No, I understand, Mr. Pace.  I didn't mean

25  to imply that.  I know the parties have been exchanging drafts

ULICO v. Global Growth Holdings, Inc. - 6/1/22          29

1  and trying to reach an agreement.  But as you know, with most

2  things in this case, you all don't ever seem to be able to reach

3  an agreement.  And I don't mean that critically, I just mean

4  that practically.  So, enough time has gone by since the hearing

5  that we had, which I believe was the 12th of May.  I could be

6  wrong about that, but I think that's right.  So, I feel that in

7  terms of orders three weeks of going back and forth is enough

8  and therefore, I feel that I should get drafts of them and then

9  I'll wait to get counterproposals if you all haven't reached an

10  agreement on something.  And then, I'm going to just deal with

11  that and rule.  You all know that I've done that before.  It

12  rarely ends up that I give you either one of your orders, as you

13  probably know, both of you, from looking at them.  Because

14  sometimes I find that one party is more compelling on one point

15  than others, and then sometimes I find, frankly, you've missed

16  things, then I put things in that I think are appropriate.  So,

17  I'm happy to do that and review the orders.  My clerks and I are

18  happy to do that to move this along because there are reasons

19  that these 2004 orders were necessary.  The reasons that cause

20  me to rule in favor of these motions when we had the hearings

21  after we had  considerable amount of paring back on some of

22  these motions is because ultimately, this discovery is

23  necessary, and there are deadlines coming up, and there is a

24  valid reason for the foreign debtors to have this discovery.

25  And so, the longer that we spend time not having these orders

ULICO v. Global Growth Holdings, Inc. - 6/1/22          30

1   entered, the time is ticking by for the foreign debtors to be

2   able to take the discovery.  And that's not fair, given that I

3   granted the motion, again, with much paring back in parts, on

4   May 12th.  So, we just need to all move along here.  And the only

5   way that we can move forward and move along is if I get orders.

6   And I don't mean that critically of you or Mr. Pourakis.  I'm

7   sure you have been, as well as other people, possibly,

8   exchanging drafts, but we now have to move along.  So, Mr.

9   Pourakis will submit his orders to us and then you, or anybody

10  else, can submit any counterorders to me on Monday.  And then,

11  after that, we're going to take a look at them and we're going

12  to get orders entered because we need to move this along.

13          MR. PACE:  Understood, Your Honor.  Thank you.

14          MR. POURAKIS:  Yes, Your Honor.  Thank you.

15          THE COURT:  Okay.  Great.  Is there anything else that

16  we need to discuss, Mr. Pourakis, with respect to this case or

17  the chapter 15 case?

18          MR. POURAKIS:  The only other item, Your Honor, is

19  that we should be reaching consensus on an order memorializing

20  what you found concerning the Hutchinson turnover.  We've been

21  in contact with Mr. Carter, representative of Hutchinson.  So,

22  we should be submitting that as well to you by the end of this

23  week.

24          THE COURT:  Okay.  That's fine, Mr. Pourakis.

25          MR. POURAKIS:  Okay.

ULICO v. Global Growth Holdings, Inc. - 6/1/22          31

1          THE COURT:  No problem.

2          MR. POURAKIS:  Thank you.

3          THE COURT:  All right.  If there's nothing else for

4    today, then I'll wish you all a good day.  We are adjourned.

5    You all are excused.  Thank you.  Have a nice day.

6                              - o0o -

7                           CERTIFICATION

8    I, Rochelle V. Grant, approved transcriber, certify that the

9    foregoing is a correct transcript from the official electronic

10   sound recording of the proceedings in the matters of 21-01169,

11   held on 6/1/22.

12   *Rochelle V. Grant*

13   June 2, 2022

14

15

16

17

18

19

20

21

22

23

24

25