UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

PB LIFE AND ANNUITY CO., LTD., *et al.*,

    Debtors in Foreign Proceedings

UNIVERSAL LIFE INSURANCE COMPANY,

    Plaintiff-Appellant,

-against-

GREG E. LINDBERG, individually, CHRIS HERWIG, individually, AAPC HOLDINGS, LLC, ACADEMY FINANCIAL ASSETS, LLC, AGH PARENT, LLC, ALPINE CAPITAL, LLC, ASIM HOLDINGS, LLC, ASL HOLDINGS, LLC, ATKINSON, LLC, ATLANTIC COAST LIFE INSURANCE COMPANY, ATLAS FINANCIAL INVESTMENTS, LLC, AUGUSTA ASSET MANAGEMENT, INC., BEGONIA EIGHT, LLC, BLH CAPITAL, LLC, BLUE DAFFODIL, LLC, BLUE VIOLET, LLC, CAPITAL ASSETS FUND I, LLC, CAPITAL ASSETS FUND II, LLC, CAPITAL ASSET MANAGEMENT I, LLC, CAPITAL ASSETS MANAGEMENT II, LLC, CAPITAL ASSETS MANAGEMENT III, LLC, CARNATION THREE, LLC, CHATSWORTH ASSET MANAGEMENT, LLC, CHRYSANTHEMUM TWO, LLC, CSI INTERCO, LLC, DAHLIA TEN, LLC, DAISY SEVEN, LLC, DRUMMOND GROUP, LLC, DUNHILL HOLDINGS, LLC, ELI GLOBAL, LLC, ENGLERT HOLDINGS, LLC, EPPING, LLC, ERIE PROPERTIES, LLC, FLAGSHIP HOLDINGS, LLC, FLEET ASSIST INTERCO LIMITED, FLOWERY BRANCH, LLC, FORSYTH, LLC, FORTREX, LLC, GBIG CAPITAL, LLC, GBIG HOLDINGS, INC., GBI GROUP, LLC, GERANIUM TWO, LLC, GILFORD ASSET MANAGEMENT, LLC, GLOBAL BANKERS INSURANCE GROUP, LLC, GLOBAL GROWTH HOLDINGS, INC., GLOBAL INSURANCE CAPITAL, LLC, GREENFIELD CAPITAL, LLC, HAMPTON ASSET MANAGEMENT, INC., HANSEN AEROSPACE, LLC, HEALTHLINK HOLDINGS, LLC, HOOKSETT, LLC, HUTCHISON LAW GROUP, PLLC, INTEGRITY EMR HOLDINGS, LLC,

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __7/31/2022__

22 Civ. 5122 (AT)

**ORDER**

| |
|---|
| INTEGRITY EMR, LLC, IRON CITY ASSET MANAGEMENT, INC., ITECH FUNDING, LLC, JACKSON ASSET MANAGEMENT, INC., KITE ASSET MANAGEMENT, INC., LILAC SIX, LLC, MACON, LLC, MORNING MOUNTAIN HOLDINGS, LLC, NETHERLANDS INSURANCE HOLDINGS, INC., NEW ENGLAND CAPITAL, LLC, NIH CAPITAL, LLC, NOM GB 2018 I, LLC, PARADIGM PARK HOLDINGS, LLC, PARALLEL CAPITAL ASSETS, LLC, PERSHING, LLC, RED BEGONIA, LLC, REVOLVERCAP PARTNERS FUND, LP, SATORI WATERS, LLC, SEDWICK, LLC, SENTINEL SECURITY LIFE INSURANCE COMPANY, SOMERSWORTH, LLC, STANDARD ADVISORY SERVICES, LTD, STANDARD FINANCIAL LIMITED, STANDARD INVESTMENT CAPITAL, LTD, TREATMENT RESOURCES OF MARGATE, INC., TRITON FINANCIAL LIMITED, TUX HOLDINGS, LLC, TYBEE ISLAND ASSET MANAGEMENT, LLC, UKAT HOLDINGS, LLC, UKAT INVESTMENT LIMITED, VERDESIAN LIFE SCIENCES, LLC, WEARE, LLC, YELLOW LOTUS, LLC, YELLOW SUNFLOWER, LLC, UBS FINANCIAL SERVICES, INC., GOLDMAN SACHS LENDING PARTNERS, LLC, CREDIT SUISSE AG CAYMAN ISLANDS BRANCH, GOLDMAN SACHS BANK USA, MORGAN STANLEY SENIOR FUNDING, INC., THE BRYN MAWR TRUST COMPANY, and DOES 1 through 10, inclusive, Defendants-Appellees. |

ANALISA TORRES, District Judge:

Plaintiff-Appellant, Universal Life Insurance Company ("ULICO"), appeals a final judgment of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). *See* ECF No. 1. The Bankruptcy Court dismissed ULICO's action against the Defendants-Appellees ("Defendants") for lack of subject matter jurisdiction on April 15, 2022, and denied ULICO's request to alter or amend the judgment of dismissal on June 1, 2022. *Id.* at 8–15. For the reasons stated below, the Bankruptcy Court's orders are REVERSED, and the case is REMANDED to the Bankruptcy Court for further proceedings.

2

# BACKGROUND[1]

I.  Factual Background

ULICO, a Puerto Rican insurance company, sells annuities and life insurance policies to individuals. App. at A-3, A-6 ¶¶ 1, 17, ECF No. 31-1. In June 2017, ULICO and Private Bankers Life & Annuity Co., Ltd. ("PBLA"), a Bermudan insurance company, entered into a reinsurance agreement, which provided that PBLA would reinsure certain policies issued by ULICO. *Id.* at A-3, A-23 ¶¶ 2, 119; *see PB Life & Annuity Co. Ltd. v. Universal Life Ins. Co.*, No. 20 Civ. 2284, ECF No. 1 ¶¶ 1, 8–9 (S.D.N.Y.) (LJL). The reinsurance agreement required PBLA to fund a trust account as security for the insurance liabilities covered by the agreement. App. at A-3, A-23 ¶¶ 3, 120. Under the agreement, PBLA was permitted to invest the assets held in the trust consistent with certain investment guidelines, provided that the trust had, at all times, at least 105% of ULICO's necessary statutory reserves. *Id.* at A-3, A-23 ¶¶ 3, 122. If PBLA made investment decisions that resulted in a higher value in the trust than required, PBLA was permitted to withdraw the surplus under certain circumstances. *Id.*

In June 2017, when ULICO and PBLA entered into the agreement, PBLA was ultimately owned and controlled by Defendant Greg E. Lindberg. App. at A-3 ¶ 2. At that time, Lindberg was also the ultimate owner of many other corporations and limited liability companies, including many of the Defendant companies. *Id.* at A-4 ¶ 7. Under Lindberg's direction, PBLA transferred funds out of the trust to Lindberg's various affiliates and corporate entities. *Id.* at A-4–A-5, A-24 ¶¶ 5, 7, 123. Those companies, in turn, loaned the funds to other entities affiliated with Lindberg. *Id.* In total, PBLA siphoned more than $500 million from the trust to Lindberg's corporate entities. *Id.* at A-24 ¶ 124.

---

[1] The following facts are taken from the amended complaint. *See* App. at A-1, ECF No. 31-1. "When jurisdictional facts are in dispute, the district court may consider materials outside the pleadings, including affidavits and other written materials." *Pickett v. Migos Touring, Inc.*, 420 F. Supp. 3d 197, 202 (S.D.N.Y. 2019).

3

II.    Procedural History

A.  Related Proceedings

On February 24, 2020, pursuant to the terms of the reinsurance agreement, ULICO initiated arbitration against PBLA, claiming that PBLA had breached the agreement by making unauthorized investments. *See PB Life & Annuity Co.*, No. 20 Civ. 2284, ECF No. 36-1 at 2. On June 2, 2020, the arbitration panel found in ULICO's favor and entered an award of over $524 million. *See id.* at 6–7. Thereafter, pursuant to the Federal Arbitration Act, 9 U.S.C. § 207, ULICO moved to confirm the arbitration award in district court. *PB Life & Annuity Co.*, No. 20 Civ. 2284, ECF No. 34. The Honorable Lewis J. Liman granted the petition on July 30, 2020, and entered judgment on August 11, 2020. *PB Life & Annuity Co.*, No. 20 Civ. 2284, ECF Nos. 47, 52.

On September 18, 2020, the Bermuda Monetary Authority petitioned the Bermuda Supreme Court to, *inter alia*, wind up PBLA and appoint joint provisional liquidators ("JPLs") to take control of PBLA from Lindberg.[2] *See* App. at A-5 ¶ 11. A week later, the Bermuda court appointed the JPLs as PBLA's authorized foreign representatives. *Id.* On December 3, 2020, the JPLs filed a Chapter 15 bankruptcy case in the Bankruptcy Court seeking recognition of the PBLA Bermuda case as a foreign main proceeding under Chapter 15 of the Bankruptcy Code.[3] *In re: PB Life & Annuity Co.*, No. 20-12791, ECF No. 1 (Bankr. S.D.N.Y.); *see* App. at A-5 ¶ 12. The next month, the Bankruptcy Court granted the request and entered a recognition order, which enjoined litigation against PBLA and directed the turnover of PBLA's assets. *In re: PB Life & Annuity Co.*, No. 20-12791, ECF No. 33; *see* App. at A-6 ¶¶ 13–14. To date, ULICO is PBLA's largest creditor and has a

---

[2] In March 2019, Lindberg was criminally charged with attempted honest services fraud and federal funds bribery in the United States District Court for the Western District of North Carolina in relation to a conspiracy to bribe the North Carolina Insurance Commissioner. *See United States v. Lindberg*, 39 F.4th 151, 157 (4th Cir. 2022); App. at A-4 ¶ 6. A jury convicted Lindberg on both counts. *Lindberg*, 39 F.4th at 157. The Fourth Circuit subsequently reversed that conviction based on an erroneous jury instruction, and Lindberg awaits retrial on those charges. *See id.* at 175–76.
[3] The purpose of Chapter 15 is "to provide effective mechanisms for dealing with cases of cross-border insolvency" by, among other things, fostering cooperation between United States courts and foreign courts. 11 U.S.C. § 1501.

final, unsatisfied judgment in the amount of over $524 million, plus interest. *See* App. at A-5 ¶¶ 8–9; *see also* Appellant Reply at 6, ECF No. 44.

      B.  Adversary Proceeding

On July 6, 2021, ULICO commenced an action (the "Adversary Proceeding") against Defendants, alleging that Defendants were recipients of fraudulent conveyances from PBLA. *See Universal Life Ins. Co. v. Global Growth Holdings, Inc.*, No. 20-12791, ECF No. 1 (Bankr. S.D.N.Y.); App. at A-25–A-27 ¶¶ 135–49.[4] ULICO also asserted causes of action for, *inter alia*, unjust enrichment, breach of fiduciary duty, and fraud. *See* App. at A-28–A-31 ¶¶ 150–75. In the complaint, ULICO pleaded that federal jurisdiction was provided by (1) "related to" jurisdiction under 28 U.S.C. § 1334, and (2) diversity jurisdiction under 28 U.S.C. § 1332. *See id.* at A-22 ¶¶ 114–15. As to § 1334, ULICO alleged that the Adversary Proceeding was "related to" the PBLA Bermuda case recognized as a foreign main proceeding under Chapter 15. *See id.* at A-22 ¶ 114. Because § 1334 was one of the jurisdictional statutes invoked, the Adversary Proceeding was referred to the Bankruptcy Court under this District's standing order of reference. *See* Am. Standing Order of Reference ("Order of Reference"), No. 12 Misc. 32 (S.D.N.Y. Feb. 1, 2012).

After Defendants filed several, separate motions to dismiss, ULICO moved to file a second amended complaint. *See* App. at A-397–A-413. At a hearing on the motion to amend, the Bankruptcy Court denied the motion on the ground that it lacked subject matter jurisdiction over the Adversary Proceeding. App. at A-675–A-676, 66:19–67:6. The Bankruptcy Court found that ULICO's claims were not sufficiently "related to" PBLA's insolvency case as "[r]esolution of ULICO's claims . . . would have no direct effect on PBLA foreign assets because PBLA is not a party to [the Adversary Proceeding] [and] PBLA's property is not the subject of th[e] [A]dversary

---

[4] On July 30, 2021, ULICO filed an amended complaint, which added additional Defendants. *See* App. at A-1; *see also id.* at A-6 ¶ 16.

5

[P]roceeding." *Id.* at A-670, 61:13-16. The Bankruptcy Court did not address whether diversity jurisdiction was present because it concluded that it could not exercise diversity jurisdiction under the Order of Reference. *Id.* at A-676–A-677, 67:13–68:16. On April 28, 2022, ULICO moved to alter or amend the Bankruptcy Court's dismissal, and on June 1, 2022, the Bankruptcy Court denied that motion. *See id.* at A-591–A-609; A-688–A-689. ULICO timely appealed the Bankruptcy Court's final judgment. *See* ECF No. 1.

## DISCUSSION

I. <u>Legal Standard</u>

A. Standard of Review

District courts exercise appellate jurisdiction over final bankruptcy court orders. *See* 28 U.S.C. §§ 158(a)(1), 1334. In its review of bankruptcy court decisions, the district court "sits as an appellate court." *In re Fairfield Sentry Ltd. Litig.*, 458 B.R. 665, 674 (S.D.N.Y. 2011). A district court reviews a bankruptcy court's factual findings for clear error and its conclusions of law *de novo*. *See In re Overbaugh*, 559 F.3d 125, 129 (2d Cir. 2009). "Questions about [a] [b]ankruptcy [c]ourt's subject matter jurisdiction and questions of statutory interpretation are legal questions that are reviewed *de novo*." *In re Fairfield*, 458 B.R. at 674. Appellate courts review the denial of a motion for leave to amend for abuse of discretion. *See Jones v. N.Y. State Div. of Mil. & Naval Affs.*, 166 F.3d 45, 49 (2d Cir. 1999). But, "[i]f that denial was based on an interpretation of law, [the court] review[s] that legal conclusion *de novo*." *Id.*

B. "Related to" Jurisdiction

Under 28 U.S.C. § 1334(b), "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or *related to* cases under title 11" (emphasis added). "Related to" jurisdiction exists when the outcome of the cause of action "might have any conceivable effect on the bankrupt estate." *SPV Osus Ltd. v. UBS AG*, 882 F.3d

6

333, 339–40 (2d Cir. 2018) (*quoting Parmalat Cap. Fin. Ltd. v. Bank of Am. Corp.*, 639 F.3d 572, 579 (2d Cir. 2011)). "While related to jurisdiction is not limitless, it is fairly capacious, and includes suits between third parties which have an effect on the bankruptcy estate." *Id.* (cleaned up); *see Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995) ("Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate.").

II.     Analysis

The Bankruptcy Court erroneously concluded that it did not have subject matter jurisdiction over ULICO's claims. App. at A-670, 61:13-14. The Bankruptcy Court reasoned that "no outcome of [the Adversary Proceeding] will likely have a direct [e]ffect on PBLA's foreign estate" because "PBLA is not a party to [the Adversary Proceeding], and the property sought is that of the trust" "[a]nd therefore, the [e]ffect of a judgment would alter the liabilities of and relationship between ULICO and [D]efendants rather than between ULICO and PBLA." *Id.* at A-671, 62:4-10.

As an initial matter, the legal test is whether resolution of ULICO's claims "might have any conceivable effect" on the bankruptcy case. *SPV Osus*, 882 F.3d at 339–40. "Related to" jurisdiction does not depend on whether the debtor is a party to the action or whether the property sought is identical to that sought in the bankruptcy case. *See, e.g., id.* ("'[R]elated to' jurisdiction . . . includes 'suits between third parties which have an effect on the bankruptcy estate.'" (quoting *Celotex*, 514 U.S. at 307 n.5)). Applying the "conceivable effects" test, courts in this Circuit have found that "related to" jurisdiction exists where "the cause of action will directly impact the amount of any distribution payable to creditors, as for example when the bankruptcy trustee or representative sues to recover damages on behalf of the bankruptcy estate." *Worldview Ent. Holdings Inc. v. Woodrow*, 611 B.R. 10, 16 (S.D.N.Y. 2019); *see Parmalat*, 639 F.3d at 579.

Here, resolution of ULICO's claims might have a "conceivable effect" on the PBLA Bermuda case because if ULICO succeeds on its claims, that "will directly impact the amount of any distribution payable to [PBLA's] creditors." *Worldview Ent. Holdings Inc.*, 611 B.R. at 16. ULICO secured an unpaid judgment in this District against PBLA for over $524 million and remains PBLA's largest creditor. Any sums that ULICO recovers against Defendants in the Adversary Proceeding will necessarily reduce its claim as a creditor of PBLA because ULICO may not receive double recovery for the same damages, *see Conway v. Icahn & Co.*, 16 F.3d 504, 511 (2d Cir. 1994), thus allowing greater distributions to PBLA's other creditors.[5]

For example, on July 7, 2017, PBLA loaned Defendant Flowery Branch, LLC an amount of over $10 million from the trust. App. at A-26 ¶ 137(c). If ULICO succeeds in voiding that loan as a fraudulent transfer in the Adversary Proceeding, the $10 million would pass through PBLA and return to the trust. There would also be a corresponding decrease of $10 million to ULICO's claim against PBLA in the Bermuda insolvency proceeding. Therefore, the outcome of the Adversary Proceeding could "liquidate significant claims of the debtor[, PBLA,]" and "could augment the recoveries of creditors of the debtor." *In re Brit. Am. Ins. Co.*, 488 B.R. 205, 223–24 (S.D. Fla. 2013).[6]

---

[5] The Bankruptcy Court rejected ULICO's argument that "if it were to recover funds from [D]efendants in [the Adversary Proceeding], then PBLA will not have to pay ULICO as much on its claims and will have more money to distribute to the other creditors." App. at A-671, 62:11-14; *see generally id.* at A-671–A-673, 62:11–64:7. In doing so, the Bankruptcy Court relied on *In re Lehman Brothers, Inc.*, 458 B.R. 134 (Bankr. S.D.N.Y. 2011), and found that "there are no grounds for ULICO to setoff amounts recovered from [D]efendants against its claim against PBLA in Bermuda's insolvency proceeding." *Id.* at A-673, 64:5-7. But, *In re Lehman* is inapposite. There are no setoffs at issue in the Adversary Proceeding, and ULICO does not advance any argument that it has a setoff against a claim brought by PBLA against ULICO. *See* Appellant Reply at 12.

[6] The settlement agreement between ULICO and PBLA, which was executed after the Adversary Proceeding was filed, further confirms that "any recovery ULICO receives [from Defendants in the Adversary Proceeding] will reduce the $524 million judgment ULICO has against PBLA dollar-for-dollar." Appellant Reply at 8. The settlement agreement does not create any new rights but merely memorializes basic legal principles of double recovery. *See Conway*, 16 F.3d at 511.

8

## CONCLUSION

Accordingly, for the reasons stated above, the Bankruptcy Court's orders dismissing the Adversary Proceeding and denying ULICO's request to alter or amend the judgment of dismissal are REVERSED,[7] and this action is REMANDED to the Bankruptcy Court for further proceedings.[8]

The Court does not address Defendants' remaining arguments, such as Defendants' arguments that ULICO fails to state a claim under Federal Rule of Civil Procedure 12(b)(6), Defendant Aspida Financial Services, LLC (f/k/a Global Bankers Insurance Group, LLC)'s argument as to *Burford* abstention, *see* ECF No. 38 at 14–24, and Defendant Morgan Stanley Senior Funding, Inc.'s argument as to the automatic stay, *see* ECF No. 41 at 18–19, because the Bankruptcy Court did not address those arguments in its underlying decisions. On remand, the Bankruptcy Court shall consider those arguments in the first instance.

The Clerk of Court is directed to remand the matter to the Bankruptcy Court and close the case.

SO ORDERED.

Dated: July 31, 2023
New York, New York

_____
ANALISA TORRES
United States District Judge

---

[7] The stipulated order of dismissal between ULICO and Defendant AAPC Holdings, LLC, ECF No. 35-1, is a final order that is not affected by the Court's reversal of the Bankruptcy Court's orders. *See* ECF No. 35; Appellant Reply at 27.

[8] Because the Court concludes that the Bankruptcy Court has "related to" jurisdiction over the Adversary Proceeding, the Court does not address ULICO's arguments as to diversity jurisdiction.

9