23-1219(L)
*Universal Life Ins. Co. v. Flowery Defendants*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

1    At a stated term of the United States Court of Appeals for the Second Circuit, held at
2    the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York,
3    on the 13th day of June, two thousand twenty-four.
4
5    PRESENT:
6         RICHARD C. WESLEY,
7         MICHAEL H. PARK,
8         BETH ROBINSON,
9              *Circuit Judges.*
10   ─────────────────────────────────────
11
12   **In re: PB Life & Annuity Co., Ltd.**
13
14             *Debtor*.
15
16   ─────────────────────────────────────
17   **Universal Life Insurance Company,**
18
19             *Plaintiff-Appellee*,
20
21        v.                                                  23-1219(L), 23-1229(con)
22
23   **Flowery Defendants, Lindberg Defendants,**
24
25             *Defendants-Appellants*.[*]
26   ─────────────────────────────────────
27
28
29
30

─────────────────────

[*] The Clerk of Court is respectfully directed to update the caption accordingly.

| | |
|---|---|
| **FOR LINDBERG DEFENDANTS-APPELLANTS:** | WILLIAM G. WHITEHILL, (Aaron Z. Tobin, Jared T.S. Pace, *on the brief*), Condon Tobin Sladek Thornton Nerenberg PLLC, Dallas, TX. |
| **FOR FLOWERY DEFENDANTS-APPELLANTS:** | Jay S. Hellman, Westerman Ball Ederer Miller Zucker & Sharfstein, LLP, Uniondale, NY. |
| **FOR PLAINTIFF-APPELLEE:** | CLINTON E. CAMERON, Clyde & Co. US LLP, Chicago, IL. |

Appeals from an order of the United States District Court for the Southern District of New York (Torres, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that these appeals are **DISMISSED** for lack of appellate jurisdiction.

PB Life & Annuity Company, Ltd. ("PB"), is an insolvent Bermuda entity presently being wound-up by joint provisional liquidators appointed by the Supreme Court of Bermuda. PB's insolvency was triggered, at least in part, by a $524 million arbitration award and accompanying judgment entered against it and for Plaintiff-Appellee Universal Life Insurance Company ("Universal"). PB's Bermudan joint provisional liquidators petitioned the United States Bankruptcy Court for the Southern District of New York under Chapter 15 of the Bankruptcy Code to recognize the ongoing Bermuda liquidation as a "foreign main proceeding," *see* 11 U.S.C. §§ 1502(4), 1515–1517. The joint provisional liquidators sought the bankruptcy court's aid in mustering claims and assets held by and against PB in the United States, *see* 11 U.S.C. §§ 1521–1523. The bankruptcy court granted the liquidators' petition and opened a new Chapter 15 case. *See* Case No. 1:20-bk-12791 (Bankr. S.D.N.Y.).

Universal then brought this adversary proceeding in the Chapter 15 case against Defendants-Appellants the Lindberg Defendants and Flowery Defendants—two groups of special-

purpose vehicles that, according to Universal, received fraudulent transfers from PB at the direction of Greg Lindberg, who controlled PB and Defendants. *See* Case No. 1:21-ap-1169 (Bankr. S.D.N.Y.). Defendants moved to dismiss the adversary proceeding as outside the bankruptcy court's jurisdiction. The bankruptcy court (Beckerman, *B.J.*) agreed. Universal appealed to the district court (Torres, *J.*). The district court reversed, concluding that there was 28 U.S.C. § 1334(b) "related to" jurisdiction, and remanded to the bankruptcy court for further proceedings. Defendants now seek our review of the district court's jurisdictional ruling. We assume the parties' familiarity with the facts, the procedural history of this case, and the issues on appeal.

We lack appellate jurisdiction; we cannot and do not now express a view on the district court's § 1334(b) jurisdictional ruling. In every appeal, "[w]e turn first, as we must, to the issue of our own appellate jurisdiction." *RSS WFCM2018-C-44-NY LOD, LLC v. 1442 Lexington Operating DE LLC*, 59 F.4th 586, 590 (2d Cir. 2023) (alteration marks and citation omitted). If this Court lacks appellate jurisdiction, we must dismiss the appeal. *See Marquez v. Silver*, 96 F.4th 579, 582 (2d Cir. 2024).

"Bankruptcy appeals are governed for the most part by [28 U.S.C.] § 158." *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 252 (1992). But, in some instances, our broader authority under 28 U.S.C. § 1291, which provides courts of appeals with jurisdiction to review final decisions of district courts, or 28 U.S.C. § 1292, which provides courts of appeals with jurisdiction to review certain interlocutory orders of district courts, may still apply. *See id.* at 253; *see also Bullard v. Blue Hills Bank*, 575 U.S. 496, 508 (2015).

Here, Defendants argue that this Court has appellate jurisdiction under §§ 158(d)(1) and 1291. But Defendants appeal from a district court order that (1) concluded the bankruptcy court

3

had "related to" § 1334(b) jurisdiction over Universal's claims, thereby reversing the bankruptcy court's jurisdictional dismissal, and (2) remanded for further proceedings in the bankruptcy court. This is not a final decision.[2]

Generally, a final decision "is one that conclusively determines all pending claims of all the parties to the litigation, leaving nothing for the court to do but execute its decision." *Petrello v. White*, 533 F.3d 110, 113 (2d Cir. 2008). It is well-established that the denial of a motion to dismiss for lack of subject matter jurisdiction, which does not determine the claims of the parties but merely permits an action to proceed, is not a final decision. *See, e.g.*, *Catlin v. United States*, 324 U.S. 229, 236 (1945); *Ashmore v. CGI Group*, 860 F.3d 80, 85 (2d Cir. 2017). Defendants argue that the district court's order is final because, in their view, it *erroneously* decided there was federal subject matter jurisdiction. This argument is without merit. "[I]mmediate appeal is not automatically authorized whenever a party alleges that a district court order has permitted a suit to move forward in the absence of proper subject matter jurisdiction." *Ashmore*, 860 F.3d at 85.

To be sure, in the bankruptcy context, "[a] more flexible concept of 'finality' is applied." *In re Penn Traffic Co.*, 466 F.3d 75, 77 (2d Cir. 2006) (per curiam). But even so, a district court's order is not final if it "remand[s] for significant further proceedings in bankruptcy courts." *In re Décor Holdings, Inc.*, 86 F.4th 1021, 1024 (2d Cir. 2023) (per curiam); *see also Penn Traffic*, 466 F.3d at 77–78. Therefore, even under the flexible approach to finality, a district court's order reversing and remanding a bankruptcy court's dismissal of an adversary proceeding for lack of subject matter jurisdiction is not a final decision. Other circuits agree. *See In re Cascade Energy & Metals Corp.*, 956 F.2d 935, 937 (10th Cir. 1992) ("[A] district court order reversing

---

[2] Nor can this appeal proceed under any of the statutory provisions that permit appeal of an interlocutory decision. The district court's order did not grant or deny an injunction and has not been certified for immediate appeal. *See* 28 U.S.C. §§ 158(d)(2), 1292.

and remanding a bankruptcy court's order dismissing an adversary proceeding for lack of subject matter jurisdiction is not a final order for purposes of § 158(d)."); *Matter of Greene Cnty. Hosp.*, 835 F.2d 589, 595-96 (5th Cir. 1988) (same).

Nor is the district court's order immediately appealable under the collateral order doctrine. "The collateral order doctrine is a judicially created exception to the final decision principle; it allows immediate appeal from orders that are collateral to the merits of the litigation and cannot be adequately reviewed after final judgment." *Décor Holdings*, 86 F.4th at 1026 (alteration marks and citation omitted). When immunity is not at issue, a district court's ruling that it has subject matter jurisdiction can be effectively reviewed on appeal from final judgment, and thus cannot be immediately appealed under the collateral order doctrine. *Fischer v. N.Y.S. Dep't of Law*, 812 F.3d 268, 280 (2d Cir. 2016); *see also Parmalat Cap. Fin. Ltd. v. Bank of Am. Corp.*, 639 F.3d 572, 578–79 (2d Cir. 2011) (reviewing § 1334(b) "related to" jurisdiction on appeal from final judgment in adversary proceeding); *Beightol v. UBS Painewebber, Inc.*, 354 F.3d 187, 189 (2d Cir. 2004) (holding that a district court's refusal to abstain, under § 1334(c)(2), from exercising § 1334(b) jurisdiction would be reviewable on appeal from final judgment).

Finally, Defendants argue that because courts have jurisdiction to determine their own jurisdiction, we *always* have appellate jurisdiction—no matter the order appealed from—to correct a district court's erroneous exercise of subject-matter jurisdiction. Grey Br. at 2–6 (citing, among others, *Solomon v. St. Joseph Hosp.*, 62 F.4th 54 (2d Cir. 2023)). This argument is simply wrong. The Defendants' reliance on *Solomon* is misplaced. There, the appellants appealed from a district court order denying immunity from suit, and thus properly invoked the collateral order doctrine. *See Solomon*, 62 F.4th at 59 ("[The appellants] argue that an immediate appeal is proper under the collateral-order doctrine because the district court denied them immunity from suit."); *see also*

5

*Will v. Hallock*, 546 U.S. 345, 350 (2006) (observing that district court orders rejecting absolute or qualified immunity are immediately appealable under the collateral order doctrine).

Defendants maintain "that a federal court always has jurisdiction to determine its own jurisdiction." *LeChase Constr. Servs., LLC v. Argonaut Ins. Co.*, 63 F.4th 160, 171 (2d Cir. 2023) (citation omitted). This is true, but the rule has no traction here. This principle merely refers to *our* ability to determine—as we do here—whether we have appellate jurisdiction to review an order we may ultimately lack jurisdiction to review. *See id*. at 171. Only if this Court has appellate jurisdiction may we then proceed to review a district court's jurisdiction.[3] *See Marquez*, 96 F.4th at 582 ("In every appeal… 'the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes.'" (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998))).

Defendants also maintain that we have an "independent obligation" to ensure that the district court had subject matter jurisdiction over the underlying claims. *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). This is true, even if the issue was never addressed below or raised by the parties on appeal. *See id*. But again, we do not have the authority to honor this obligation unless and until this Court has appellate jurisdiction to review the district court's decision. *See RSS*, 59 F.4th at 590. This Court, like the district court, is one of limited jurisdiction that "lack[s] the power to disregard such limits as have been imposed by the

---

[3] Absent appellate jurisdiction, this Court may alternatively review a district court's decision and its exercise of jurisdiction pursuant to this Court's original jurisdiction, *i.e.* in an original proceeding for a writ of mandamus. *See* 28 U.S.C. § 1651. Although we may, in certain circumstances, treat an "improvident appeal" as a mandamus petition, it is not our "normal practice" to do so. *Bridge C.A.T. Scan Assocs. v. Technicare Corp.*, 710 F.2d 940, 944 (2d Cir. 1983). We see no reason here to depart from our normal practice. Mandamus is not appropriate because, as described above, Defendants can challenge the district court's jurisdictional ruling on appeal from final judgment. *See Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004) (reasoning mandamus petitioner must show he has no other adequate remedy because the writ should not "be used as a substitute for the regular appeals process").

Constitution or Congress." *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009). Our ultimate obligation to review a district court's federal subject matter jurisdiction does not overcome the finality rule and Congress's limits on which district court decisions we may review and when.

                    *        *        *

For these reasons, the appeals are **DISMISSED** for lack of appellate jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court